IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MARANDA LYNN ODONNELL, | ) | |
| *On behalf of herself and all others* | ) | |
| *similarly situated,* | ) | |
| | ) | |
| Plaintiffs, | ) | Case No. 4:16-cv-01414 |
| | ) | (Class Action) |
| v. | ) | The Honorable Lee H. Rosenthal |
| | ) | U.S. District Judge |
| HARRIS COUNTY, TEXAS, | ) | |
| SHERIFF RON HICKMAN, | ) | |
| ERIC STEWART HAGSTETTE, | ) | |
| JOSEPH LICATA III, | ) | |
| RONALD NICHOLAS, | ) | |
| BLANCA ESTELA VILLAGOMEZ, | ) | |
| JILL WALLACE, | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

---

**DEFENDANTS HARRIS COUNTY AND SHERIFF RON HICKMAN'S MOTION TO
DISMISS FOR FAILURE TO STATE A CLAIM**

Maranda ODonnell ("ODonnell") challenges Harris County's bail policies.[1]  As set forth
in ODonnell's Class Action Complaint (Dkt. Entry No. 3), ODonnell has asserted claims against
(i) Harris County, (ii) Harris County Sheriff Ron Hickman ("Sheriff Hickman") in his official
capacity, and (iii) five Harris County Criminal Law Hearing Officers ("Hearing Officers") in
their individual and official capacities.  Harris County and Sheriff Hickman move to dismiss
ODonnell's complaint under Federal Rule of Civil Procedure 12(b)(6).

---

[1] A related case, *Loetha Shanta McGruder and Robert Ryan Ford v. Harris County, Texas, et al.*, No. 4:16-cv-1436
(S.D. Tex.), is also pending before the Court.  Plaintiffs moved to consolidate that case with ODonnell's case.  (Dkt.
Entry No. 14.).  The complaint in *McGruder* suffers from the same defects as ODonnell's.

ODonnell challenges Harris County's use of "secured money bail," alleging that "it is the policy and practice of Harris County officials to detain arrestees in jail pursuant to the schedule amount without considering the person's ability to pay."  (Dkt. Entry No. 3, p. 2.)

To state a claim against Harris County through Sheriff Hickman in his official capacity, ODonnell must identify a final "policymaker" with "the responsibility for making law or setting [the] policy" at issue.  The only "policymaker" ODonnell identified in her complaint is Sheriff Hickman, who she alleges is the "final policymaker for all law enforcement decisions." The implication of this characterization is that Sheriff Hickman is the policymaker for the contested bail policy.  This characterization is wholly inaccurate, however, as ODonnell's complaint and the applicable law make clear that the role of the Harris County Sheriff in the bail scheme is limited to **enforcement** of the courts' orders.  Sheriff Hickman does not set bail and cannot change bail, nor does he have the authority to release those who fail to make the judicially set bail.  Because Sheriff Hickman has no discretion to act and is not responsible for any bail-related policies, Sheriff Hickman is not a final policymaker of Harris County's bail policies. Accordingly, by failing to identify the final policymaker, ODonnell has failed to state a claim against Sheriff Hickman and Harris County.

## Issues to be ruled on by the Court

- ODonnell has pled no facts demonstrating that Sheriff Hickman formulates or promulgates Harris County's bail policies.  After arrest, Sheriff Hickman's role is limited to detaining people in accordance with the orders of Hearing Officers or judges.  Sheriff Hickman has no authority or discretion to deviate from these orders.  Given these facts, has ODonnell stated a "plausible" claim that Sheriff Hickman is the final policymaker as to Harris County's bail policies?

- To state a claim against Harris County, ODonnell must identify, among other things, a "final policymaker."  The only policymaker ODonnell identified is Sheriff Hickman.  If the Court finds that Sheriff Hickman is the not the final policymaker for Harris County's bail policies, do ODonnell's claims against Harris County fail?

**<u>Applicable Authority</u>**

The Texas Code of Criminal Procedure and Harris County Criminal Courts at Law Rules of Court ("Rules of Court")[2] govern the setting of bail and the determination of when and whether a person accused of a misdemeanor can be released.  As set forth below, the only role the county sheriff (e.g., Sheriff Hickman) plays in the setting of bail and release is the execution of the court's instructions.

      1.     <u>Applicable authority from the Texas Code of Criminal Procedure</u>

The Texas Code of Criminal Procedure sets forth various actors' roles in the criminal process.  Section 15.17 of the Texas Code of Criminal Procedure sets forth the "duties of [the] arresting officer and magistrate" when an arrest is made pursuant to a warrant.  This section requires "the person making the arrest" to "take the person arrested or have him taken before some magistrate of the county where the accused was arrested."  TEX. CODE. CRIM. PROC. ANN. § 15.17(a).  The magistrate then, *inter alia*, "after determining whether the person is currently on bail for a separate criminal offense, admit[s] the person arrested to bail if allowed by law."  *Id.*  This section confers no authority on the county sheriff to set bail.

Section 14.06 governs arrests made without a warrant.  This section requires the officer to present the arrestee to a magistrate.  *See* TEX. CODE CRIM. PROC. § 14.06.  Like § 15.17, this statute does not confer authority on the county sheriff to set bail when an arrest is made without a warrant.  ODonnell's complaint confirms that Sheriff Hickman does not set bail in these instances.  ODonnell states that when an arrest is made without a warrant, the arresting officer "calls a hotline that is staffed 24 hours a day, 7 days a week by assistant district attorneys," and that "[i]f the district attorney decides to pursue the charges, money bail is imposed pursuant to

---

[2] Attached at Exhibit A.

the a bail schedule." (Dkt. Entry No. 3, ¶ 13.) The district attorney, not the arresting officer, makes the bail "application." *See* Rules of Court, at Rule 2.3.

Section 14.06(b)–(d) does allow an arresting officer to issue a citation and release the accused in certain instances; this section is unrelated to ODonnell's claims. ODonnell is challenging the imposition of bail; ODonnell is not challenging the application of § 14.06.

Section 17.15 of the Texas Code of Criminal Procedure specifically governs how bail is set. Setting bail is exclusively within the province of the court and court's officers: "the amount of bail to be required in any case is to be regulated by the court, judge, magistrate or officer taking the bail[.]" Tex. Code. Crim. Proc. Ann. § 17.15. In her complaint, ODonnell acknowledges that the "process of setting bail" is presided over by the Hearing Officers. (Dkt. Entry No. 3 at 18-34.)

Together, Articles 17.25-17.29 set forth the requirements for release of an accused. Article 17.25 explains that if the magistrate determines the case is one in which bail is warranted, that the "**magistrate** shall . . . proceed to make an order that the accused execute a bail bond with sufficient security, conditioned for his appearance before the proper court." Tex. Code. Crim. Proc. Ann. § 17.25 (emphasis added). If the accused is not able to make bail after the allowance of a reasonable time, then Article 17.27 requires that the "**magistrate** shall make an order committing the accessed to jail to be kept safely until legally discharged; and he shall issue a commitment accordingly." *Id*. at § 17.27 (emphasis added). If the accused is able to make bail, Article 17.28 provides that the "**magistrate** shall cause to be prepared a bond, which shall be signed by the accused and his surety or sureties, if any." *Id*. at § 17.28 (emphasis added). Finally, Article 17.29 explains that "when the accused has given the required bond, either to the magistrate or the officer having him in custody, he shall at once be set at liberty." *Id*. at § 17.29.

These Articles make it abundantly clear that the sheriff's role in Harris County's bail policies is limited to detaining an accused, unless and until they receive an instruction to release, or unless and until the accused pays the requisite bond.

2.    Applicable authority from the Harris County Criminal Courts at Law Rules of Court

The Rules of Court also govern specific court processes and practices in Harris County. Like the Texas Code of Criminal Procedure, they also make clear that a sheriff's involvement is limited to enforcing the bail and release orders determined by the Hearing Officers and judges. The Rules of Court provide that the district attorney is responsible for applying for the initial bail amount.   *See* Rules of Court, Rule 2.3; (*see also* Dkt. Entry No. 3, ¶ 13).  Next, the accused is brought before a Hearing Officer, who first determines whether probable cause exists for the further detention of the accused on the charges filed.   *Id*. at Rule 4.2.2.1.7.  If a finding that no probable case for further detention exists, "the criminal law hearing officer shall issue a signed order to the sheriff to immediately release the accused from custody in that case."   *Id*. at Rule 4.2.2.1.10.  Upon a finding that probable cause for further detention exists, "the criminal law hearing officer shall…set the amount of bail required of the accused for release and shall determine the eligibility of the accused for release on personal bond, cash bond, surety bond, or other alternative to scheduled bail amounts, and shall issue a signed order remanding the defendant to the custody of the sheriff."   *Id*. at Rule 4.2.2.1.11; s*ee also* TEX. GOV'T CODE ANN. § 54.851–61 (detailing the duties of hearing officers).  Just as with the Texas Code of Criminal Procedure, the Rules of Court make clear that the county sheriff is not among those with authority to determine whether probable cause exists, to set or change bail, or to determine whether and when the accused can be released.

**Argument**

A. Rule 12(b)(6) standard

"Rule 12(b)(6) allows dismissal if a plaintiff fails 'to state a claim upon which relief can be granted.'" *Maryland Manor Assocs. v. City of Houston*, 816 F. Supp. 2d 394, 401 (S.D. Tex. 2011) (quoting FED. R. CIV. P. 12(b)(6)). "To withstand a Rule 12(b)(6) motion, a complaint must contain 'enough facts to state a claim to relief that is plausible on its face.'" *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "'[A] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

B. Elements of a § 1983 claim against Harris County and Sheriff Hickman in his official capacity

1. *A suit against Sheriff Hickman is a suit against Harris County.*

ODonnell sued Sheriff Hickman in his official capacity. "A lawsuit 'against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office.'" *Culbertson v. Lykos*, 790 F.3d 608, 623 (5th Cir. 2015) (quoting *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989)); *see also Bennett v. Pippin*, 74 F.3d 578, 584 (5th Cir. 1996) ("A suit against the Sheriff in his official capacity is a suit against the County."). Thus, ODonnell's claims are against Harris County. *See Kentucky v. Graham*, 473 U.S. 159, 165 (1985) ("Official-capacity suits, in contrast, 'generally represent only another way of pleading an action against an entity of which an officer is an agent.'") (quoting *Monell v. New York City Dep't of Social Servs.*, 436 U.S. 658, 690 n. 55 (1978)).

> 2. *Identification of a final policy maker of the policy at issue is an essential element of ODonnell's claims.*[3]

"Municipal liability under section 1983 requires proof of three elements: a policymaker, an official policy; and a violation of constitutional rights whose 'moving force' is the policy or custom." *Piotrowski v. City of Houston*, 237 F.3d 567, 578 (5th Cir. 2001) (citing *Monell v. Dep't of Social Servs.*, 436 U.S. 658, 694 (1978)). Counties may only be held liable under the same principles. *See Osborne v. Harris Cnty.*, 91 F. Supp. 3d 911, 939 (S.D. Tex. 2015). "The first requirement for imposing municipal liability is proof that an official policymaker with actual or constructive knowledge of the constitutional violation acted on behalf of the municipality." *Zarnow v. City of Wichita Falls, Tex.*, 614 F.3d 161, 167 (5th Cir. 2010); *see also Culberston v. Lykos*, 790 F.3d 608, 624 (5th Cir. 2015) ("The County can be responsible for action of a final policymaker who has the responsibility for making law or setting policy in any given area of a local government's business."). The policymaker must be "the one responsible for setting controlling policy." *Culberston*, 790 F.3d at 624. "'[M]unicipal liability under § 1983 attaches where—and only where—a deliberate choice to follow a course of action is made from among various alternatives by the official or officials responsible for establishing final policy with respect to the subject matter in question.'" *Id.* (quoting *Pembaur v. City of Cincinnati*, 475 U.S. 469, 481–86 (1986)). Stated differently, "[t]he challenged action must have been taken pursuant to a policy adopted by the official or officials responsible under 1983 for making policy *in that area* of the [county's] business." *City of St. Louis v. Praprotnik*, 485 U.S. 112, 123 (1988) (emphasis added).

---

[3] Because ODonnell's complaint is lacking proof of the first element of a § 1983 claim—a policymaker—the complaint is plainly deficient, and thus Harris County and Sheriff Hickman only address this element. Should ODonnell amend to address the deficiencies with the other elements, Harris County and Sheriff Hickman reserve the right to amend their 12(b)(6) arguments.

"State law determines whether a particular individual is a county or municipality final decision maker with respect to a certain sphere of activity." *Bennett v. Pippin*, 74 F.3d 578, 586 (5th Cir. 1996). "The sources of state law which should be used to discern which municipal officials possess final policymaking authority are 'state and local positive law, as well as 'custom or usage' having the force of law." *Gros v. City of Grand Prairie, Tex.*, 181 F.3d 613, 616 (5th Cir. 1999) (quoting *Jett v. Dallas Indep. Sch.. Dist.*, 491 U.S. 701, 737 (1989)).

C. <u>Sheriff Hickman is not a final policymaker as to Harris County's bail policy.</u>

While courts have recognized that the county sheriff is a final policymaker for law enforcement decisions, ODonnell's complaint fails to state how or in what manner Sheriff Hickman is a final policymaker as to the bail policies at issue—an inherently judicial decision. *See Bennett v. Pippin*, 74 F.3d 578, 586 (5th Cir. 1996) (noting that "in Texas, the county sheriff is the county's final policymaker in the area of law enforcement . . . ."). State and local law— here, the Texas Code of Criminal Procedure and Rules of Court—confer no authority on Sheriff Hickman to set bail or make bail-related policies. Moreover, ODonnell does not plead that Sheriff Hickman either sets bail in any individual case or dictates any bail related policies. As ODonnell's complaint illustrates, Sheriff Hickman merely follows directives from the Hearing Officers and judges as to who remains in custody and who is released. For example, ODonnell claims:

> As a matter of policy and practice, when a new arrestee is brought to the Harris County Jail, county employees inform the arrestee that she will be released from jail immediately if she pays her money bail amount. The arrestee is told that she will remain in jail if she is not able to make that payment.

(Dkt. Entry No. 3, ¶ 76.) Sheriff Hickman must either: (i) release those who pay bail or (ii) detain those who do not. These are Sheriff Hickman's only two options. ODonnell's other

allegations aimed specifically at Sheriff Hickman likewise highlight Sheriff Hickman's lack of discretion:

> The Harris County Sheriff's Department collects arrestees' money bail payments. It is the policy of and practice of the Harris County Sheriff's Department to release only those arrestees who pay their money bail amount.
>
> It is the policy and practice of the Sheriff's Department to detain individuals who do not pay their money bail amount. Before an individual's probable cause hearing, it is the policy and practice of the Sheriff's Department to detain the individual based on a money bail amount set pursuant to a bail schedule. After a probable cause hearing, it is the policy and practice of the Sheriff's Department to detain the individual based on a money bail amount ***approved by a hearing officer*** pursuant to the County's bail schedule.
>
> In a typical week, the Sheriff's Department releases hundreds of individuals who pay their money bail amount.
>
> ***If a person cannot pay her money bail after her first court appearance before a County Court Judge***, it is the policy and practice of the Sheriff's Department to continue to detain the individual unless and until she makes a monetary payment.

(*Id.* at ¶¶ 77–80, emphasis added.) ODonnell does not allege that Sheriff Hickman is free to disregard the judges' orders, deny release of a person who has paid bail, or exercise any discretion as to which persons to detain. With respect to bail, Sheriff Hickman's role is limited to the ministerial duty of following the courts' orders. In fact, Sheriff Hickman is legally required to follow the courts and Hearing Officers' directives. *See, e.g.*, TEX. LOCAL GOV'T CODE ANN. § 85.021–22 (stating that the county sheriff "shall execute all process and precepts directed to the sheriff by legal authority").

A recent case from the Eastern District of Louisiana rejected a nearly identical claim seeking to hold a sheriff liable in his official capacity for an allegedly infirm bail policy. *See Alana Cain v. City of New Orleans*, No. 15-4479, 2016 WL 2849498, at *7 (E.D. La. May 13, 2016).[4] In *Cain*, the plaintiffs challenged New Orleans's policy of allegedly "jailing indigent

---

[4] The same lead counsel representing ODonnell brought this suit.

criminal defendants and imposing excessive bail." *Id.* at *1. The plaintiffs sued a number of people, including the sheriff in his official capacity. The court dismissed the claims against the sheriff for failure to state a claim. In doing so, the court found that "plaintiffs have not identified any policy or custom attributable to the Orleans Parish Sheriff's Office that caused the alleged Fourth and Fourteenth Amended violations." *Id.* at *7. The court reasoned that the issuance of warrants and setting of bail were judicial functions, and that plaintiffs did not state "a plausible allegation that the Sheriff's Office exercised policy making authority in these domains." *Id.* at *7–8.

The *Cain* court also found unavailing "plaintiffs' allegation that 'defendants' standard policy is to let arrestee debtors languish in prison indefinitely'" because "plaintiffs do not contend that the Sheriff's Office detains indigent debtors on its own initiative." *Id.* at *8. The court reasoned that the sheriff detained accused debtors pursuant to warrants issued by judges, and that plaintiffs failed to make "any plausible allegation[s] that the Sheriff's Office is authorized to schedule court appearances or otherwise impact the judicial process affecting detainees." (*Id.*) ODonnell's allegations against Sheriff Hickman are likewise deficient.

"When a plaintiff's complaint fails to state a claim, the court should generally give the plaintiff at least one chance to amend under Rule 15(a) before dismissing the action with prejudice." *Lawal v. Lynch*, No. H-15-1444, 2016 WL 126419, at *2 (S.D. Tex. Jan. 12, 2016). However, if amendment would be futile, leave to amend should be denied. "An amendment is futile if it would not survive a motion to dismiss for failure to state a claim under Rule 12(b)(6)." *Id.* Per the Code of Criminal Procedure and Rules of Court Sheriff Hickman has no authority to set bail or to decide release. ODonnell cannot state a § 1983 claim against Sheriff Hickman as a matter of law. Allowing ODonnell leave to amend would be futile.

D. ODonnell has failed to state a claim against Harris County.

A necessary element of a § 1983 claim against a county is identification of a final policymaker.  *See Piotrowski*, 237 F.3d at 579 (commenting that the requirement to identify a final policymaker was not a "opaque requirement").  Harris County cannot be held liable under a theory of *respondeat superior*—hence the need to identify a policymaker.  *See Pembaur v. City of Cincinnati*, 475 U.S. 469, 481–83 (1986) ("[N]ot every decision by municipal officers automatically subjects the municipality to § 1983 liability.  Municipal liability attaches only where the decisionmaker possess final authority to establish municipal policy with respect to the action ordered.").

ODonnell's failure to identify the relevant final policymaker renders her claims against Harris County defective.  *See Balle v. City of Corpus Christi*, No. 2:14-cv-00066, 2015 WL 851907, at *1 (S.D. Tex. Feb. 26, 2015) (dismissing a § 1983 claim for failing to plead the identity of the policymaker); *Duda v. Bd. of Educ. of Franklin Park Pub. Sch. Dis. No. 84*, 133 F.3d 1054, 1061 (7th Cir. 1998) (holding that plaintiff had failed to state a claim because he "provides no basis for concluding that any of these defendant school officials . . . is a final policymaker"); *Mathews v. City of San Antonio*, No. SA:14-cv-566, 2014 WL 7019984, at *2 (W.D. Tex. Dec. 11, 2014) ("Because [plaintiff] has not identified any specific policymaker . . . Plaintiff has not plead sufficient facts to survive a motion to dismiss on his municipal liability claim.").

## Conclusion

To state a claim under § 1983 against Harris County and Sheriff Hickman in his official capacity, ODonnell must identify and assert claims against the final policymaker for Harris County's bail scheme.   The only final policymaker identified by ODonnell is Sheriff Hickman.

As a matter of law, Sheriff Hickman is not a final policymaker for Harris County's contested bail policies. ODonnell has failed to plead an essential element of her claim. Accordingly, Harris County and Sheriff Hickman respectfully request the Court dismiss ODonnell's claims for failure to state a claim upon which relief can be granted.

Respectfully Submitted,

GARDERE WYNNE SEWELL LLP

_/s/ Katharine D. David_____
Mike Stafford
Federal I.D. No. 20898
Texas Bar No. 18996970
mstafford@gardere.com
Katharine D. David
Federal I.D. No. 577391
Texas Bar No. 24045749
kdavid@gardere.com
Philip J. Morgan
Federal I.D. No. 1708541
Texas Bar No. 24069008
pmorgan@gardere.com
2000 Wells Fargo Plaza
1000 Louisiana Street
Houston, TX  77002-5011
713-276-5500 (phone)
713-276-5555 (fax)

OFFICE OF THE HARRIS
COUNTY ATTORNEY

/s/ Melissa Spinks_____
Melissa Spinks
Sr. Assistant County Attorney
Federal I.D. No. 1312334
Texas Bar No. 24029431
melissa.spinks@cao.hctx.net
John Odam
Assistant County Attorney
Texas Bar No. 15192000
Federal I.D. No. 6944
john.odam@cao.hctx.net
1019 Congress, 15th Floor
Houston, Texas 77002
713-274-5101 (phone)
713-755-8924 (fax)

**Counsel for Harris County, Texas,
Sheriff Ron Hickman, Eric Stewart
Hagstette, Joseph Licata III,
Ronald Nicholas, Blanca Estela
Villagomez, and Jill Wallace**

## CERTIFICATE OF SERVICE

I certify that on the 16th of June, 2016, I electronically filed the foregoing document with

the clerk of court for the U.S. District Court, Southern District of Texas, using the electronic case

filing system of the court.

/s/ Katharine D. David_____
Katharine D. David