IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MARANDA LYNN ODONNELL, | ) | |
|     On behalf of herself and all others | ) | |
|     similarly situated, | ) | |
| | ) | |
|        Plaintiffs, | ) | Case No. 4:16-cv-01414 |
| | ) | (Class Action) |
| v. | ) | The Honorable Lee H. Rosenthal |
| | ) | U.S. District Judge |
| HARRIS COUNTY, TEXAS, | ) | |
| SHERIFF RON HICKMAN, | ) | |
| ERIC STEWART HAGSTETTE, | ) | |
| JOSEPH LICATA III, | ) | |
| RONALD NICHOLAS, | ) | |
| BLANCA ESTELA VILLAGOMEZ, | ) | |
| JILL WALLACE, | ) | |
| | ) | |
|        Defendants. | ) | |

**<u>MOTION TO DISMISS ALL CLAIMS</u>**

## Table of Contents

Table of Contents ..................................................................................................... ii

Table of Authorities .................................................................................................. ii

Summary of the Argument ......................................................................................... 1

Nature and Stage of Proceeding ................................................................................ 2

Issues to be ruled on by the Court ............................................................................ 2

Background .............................................................................................................. 3

Argument and Authorities .......................................................................................... 4

    A.    ODonnell's complaint fails to state a claim upon which relief can be
granted against Harris County and other the Defendants in their official
capacities ......................................................................................................... 4

        1.    ODonnell's claims against Harris County fail because the policies
at issue are not attributable to Harris County ................................... 5

            i.    Harris County is not liable for the Hearing Officers'
judicial conduct ..................................................................... 6

            ii.    Harris County does not promulgate the bail schedule. ............ 9

            iii.    Because ODonnell fails to state a claim against Harris
County, the official capacity claims against Sheriff
Hickman and the Hearing Officers also fail. ....................... 11

        2.    ODonnell fails to state a claim against Sheriff Hickman because
Sheriff Hickman does not make the policy at issue. ....................... 12

        3.    ODonnell fails to state a claim against the Hearing Officers in their
official capacity because the Hearing Officers do not make the
policy at issue .............................................................................. 15

    B.    This Court lacks jurisdiction over ODonnell's claim for declaratory relief
against the Hearing Officers in their individual capacity. ..................... 16

    C.    ODonnell's deficiencies cannot be cured; therefore, amendment would be
futile. ..................................................................................................... 19

Conclusion ............................................................................................................. 20

Certificate of Service ............................................................................................. 22

## Table of Authorities

**Page(s)**

CASES

*Ashcroft v. Iqbal,*
    556 U.S. 662 (2009)....................................................................................................4

*Barrera-Montenegro v. United States,*
    74 F.3d 657 (5th Cir. 1996) .....................................................................................17

*Bauer v. Texas,*
    341 F.3d 352 (5th Cir. 2003) ..............................................................................17, 19

*Bell Atl. Corp. v. Twombly,*
    550 U.S. 544 (2007)....................................................................................................4

*Bennett v. Pippin,*
    74 F.3d 578 (5th Cir. 1996) .........................................................................12, 13, 14

*Bigford v. Taylor,*
    834 F.2d 1213 (5th Cir. 1988) .......................................................................7, 9, 16

*Briscoe v. Familias Unidas,*
    619 F.2d 391 (5th Cir. 1980) .....................................................................................7

*Cain v. City of New Orleans,*
    No. 15-4479, 2016 WL 1598606 (E.D. La. Apr. 21, 2016)..............................18, 19

*Cain v. City of New Orleans,*
    No. 15-4479, 2016 WL 2849478 (E.D. La. May 13, 2016)......................................10

*Cain v. City of New Orleans,*
    No. 15-4479, 2016 WL 2849498 (E.D. La. May 13, 2016)........................12, 14, 15

*Carbalan v. Vaughn,*
    760 F.2d 662 (5th Cir. 1985) ...................................................................................16

*City of Los Angeles v. Lyons,*
    461 U.S. 95 (1983)...................................................................................................17

*Cooper v. City of Plano,*
    No. 4:10-CV-689, 2011 WL 4344403 (E.D. Tex. Aug. 19, 2011).........................16

*Culbertson v. Lykos,*
    790 F.3d 608 (5th Cir. 2015) ...................................................................................11

*Cunningham ex rel. Cunningham v. City of West Point, Miss.,*
    380 F. App'x 419 (5th Cir. 2010) ..............................................................................7

*De Luna v. Hidalgo Cnty.*,
853 F. Supp. 2d 623 (S.D. Tex. 2012) ...................................................................19

*Eggar v. City of Livingston*,
40 F.3d 312 (9th Cir. 1994) .............................................................5, 6, 8, 9, 11

*Galveston Open Gov't Project v. United States Dep't of Housing and Urban Dev.*,
17 F. Supp. 3d 599, 603 (S.D. Tex. 2014) .............................................................18

*Gros v. City of Grand Prairie, Tex.*,
181 F.3d 613 (5th Cir. 1999) ...................................................................12

*Hall v. Dixon*,
No. CIV A. H 09-2611, 2010 WL 3909515 (S.D. Tex. Sept. 30, 2010) ................................17

*Harris v. City of Austin*,
No. A-15-CA-956-SS, 2016 WL 1070863 (W.D. Tex. March 16, 2016) ...............8, 9, 10, 11

*Jett v. Dallas Indep. Sch.. Dist.*,
491 U.S. 701 (1989)...................................................................12

*Johnson v. Moore*,
958 F.2d 92 (5th Cir. 1992) .............................................................5, 6, 7, 15

*Lawal v. Lynch*,
No. H-15-1444, 2016 WL 126419 (S.D. Tex. Jan. 12, 2016).................................19

*Leatherman v. Tarrant Cnty. Narcotics Intelligence & Coordination Unit*,
507 U.S. 163 (1993)...................................................................3

*Loetha Shanta McGruder and Robert Ryan Ford v. Harris County, Texas, et al.*,
No. 4:16-cv-1436 (S.D. Tex.) .............................................................2

*Maryland Manor Assocs. v. City of Houston*,
816 F. Supp. 2d 394 (S.D. Tex. 2011) ...................................................................4

*Mathis v. Brazoria Cnty. Sheriff's Office*,
No. H-08-3703, 2011 WL 3648101 (S.D. Tex. Aug. 17, 2011) ...............................12

*MCG, Inc. v. Great W. Energy Corp.*,
896 F.2d 170 (5th Cir. 1990) ...................................................................17

*Mireles v. Waco*,
502 U.S. 9 (1991)...................................................................7

*Monell v. Dep't of Social Servs.*,
436 U.S. 658 (1978)...................................................................5, 15

*Monzon v. Parmer Cnty.*,
   No. 2:06-CV-39-J, 2007 WL 1732384 (N.D. Tex. Jun. 15, 2007) .........................................16

*O'Shea v. Littleton*,
   414 U.S. 488 (1974) ...............................................................................................18, 19

*Papasan v. Allain*,
   478 U.S. 265 (1986) ...........................................................................................................3

*Pembaur v. City of Cincinatti*,
   475 U.S. 469 (1986) (White, J., concurring) ............................................................9

*Piotrowski v. City of Houston*,
   237 F.3d 567 (5th Cir. 2001) .........................................................................................5, 12

*Price v. Harris Cnty.*,
   CIV.A H-09-1966, 2009 WL 3233423 (S.D. Tex. Oct. 7, 2009) ...........................................16

*Ray v. Judicial Corr. Servs.*,
   No. 12-CV-02819-RDP, 2013 WL 5428360 (N.D. Ala. Sept 26, 2013) ................................18

*Will v. Mich. Dep't of State Police*,
   491 U.S. 58 (1989) ...........................................................................................................11

**STATUTES**

TEX. CODE CRIM. PROC. ANN. § 15.17 ...............................................................................3, 6, 10

TEX. CODE CRIM. PROC. ANN. § 17.15 ...............................................................................3, 6, 10

TEX. GOV'T CODE ANN. § 54.851 *et seq.* .................................................................................3, 16

TEX. GOV'T CODE ANN. § 54.856(a) ...........................................................................................6

TEX. GOV'T CODE ANN. § 75.403(f) .........................................................................................10, 11

TEX. GOV'T CODE ANN. § 85.021–22 .........................................................................................14

**OTHER AUTHORITIES**

FED. R. CIV. P. 12(b)(1) ...............................................................................................16, 17

FED. R. CIV. P. 12(b)(6) ...........................................................................................4, 11, 20

FED. R. CIV. P. 15(a) ...............................................................................................................19

Harris County Criminal Courts at Law Rules of Court, Rule 1.2 .................................................10

Harris County Criminal Courts at Law Rules of Court Rules of Court, Rule 2.3 .........................3

Harris County Criminal Courts at Law Rules of Court Rules of Court, Rule 4.2 ........................10

## Summary of the Argument

Maranda ODonnell ("ODonnell") challenges how bail is imposed in misdemeanor cases in Harris County. ODonnell has brought a claim pursuant to 42 U.S.C. § 1983 alleging that her constitutional rights were violated by "the policy and practice of Harris County officials [of] detain[ing] arrestees in jail pursuant to [a] scheduled amount without considering the person's ability to pay." ODonnell has sued (i) Harris County, (ii) Harris County Sheriff Ron Hickman in his official capacity, and (iii) five Harris County criminal law hearing officers—Eric Stewart Hagstette, Joseph Licata III, Ronald Nicholas, Blanca Estela Villagomez, and Jill Wallace (collectively, the "Hearing Officers")—in both their individual and official capacities.

ODonnell's complaint is defective on a number of levels. First, the policy ODonnell attacks—detaining arrestees without inquiry into their ability to pay—is not a Harris County policy. Judges, acting in a judicial capacity and pursuant to state law, make all decisions and policies related to bail. These actions are not attributable to Harris County, and accordingly are not Harris County policy. Therefore, ODonnell fails to state a claim against Harris County. Second, ODonnell's official capacity claims against Sheriff Hickman and the Hearing Officers (which are merely a different way of pleading the same claims against Harris County) fail for the same reason. Third, even assuming ODonnell states a claim against Harris County, ODonnell's claims against Sheriff Hickman and the Hearing Officers fail because ODonnell pleads no facts showing that Sheriff Hickman or the Hearing Officers are responsible for the policies at issue—a key element of an official capacity claim. Finally, ODonnell's claim against the Hearing Officers in their individual capacities is defective because ODonnell lacks standing to make this claim. ODonnell is no longer in custody—no live case or controversy between ODonnell and the Hearing Officers individually currently exists.

## Nature and Stage of Proceeding

ODonnell filed this Class Action Complaint on May 19, 2016. (Docket Entry No. 3.) ODonnell also filed a motion for temporary injunction and motion for class certification. (Docket Entry Nos. 1 and 2.) Harris County and Sheriff Ron Hickman moved to dismiss ODonnell's complaint. (Docket Entry No. 20.) This motion constitutes an amended motion to dismiss as to Harris County and Sheriff Hickman, superseding the previous motion. This motion is the first motion to dismiss as to the Hearing Officers. Finally, a related case, *Loetha Shanta McGruder and Robert Ryan Ford v. Harris County, Texas, et al*., No. 4:16-cv-1436 (S.D. Tex.), is also pending before the Court. Plaintiffs moved to consolidate that case with ODonnell's case. (Docket Entry No. 14.). The complaint in *McGruder* suffers from the same defects as ODonnell's.

## Issues to be ruled on by the Court

- Harris County can only be liable under § 1983 for a policy or practice that is attributable to Harris County. Judges, when acting in their judicial capacity pursuant to state law, do not make county policy. Courts recognize that setting bail, promulgating court procedures related to bail, and maintaining related policies are all judicial functions governed by state law. Because ODonnell challenges only acts and policies made by judges in their judicial capacity, has ODonnell stated a claim against Harris County?

- Even assuming that ODonnell has stated a claim against Harris County, ODonnell has pled no facts demonstrating that Sheriff Hickman formulates or promulgates Harris County's bail policies. Has ODonnell stated a plausible § 1983 claim against Sheriff Hickman?

- Again, assuming that ODonnell has stated a claim against Harris County, ODonnell has pled no facts to show that the Hearing Officers make bail policy. Has ODonnell stated a plausible § 1983 claim against the Hearing Officers?

- ODonnell has been released from custody; there is no live controversy between her and the Hearing Officers. Moreover, ODonnell has pled no facts to show that she is likely to suffer harm in the future. Does this Court have subject matter jurisdiction over ODonnell's claims against the Hearing Officers in their individual capacity?

**Background**

This case centers on how bail is set in misdemeanor cases in Harris County. ODonnell's complaint details the "bail setting process."[1] Per ODonnell: If an arrest is made without a warrant, "the arresting officer calls a hotline that is staffed 24 hours a day, 7 days a week by assistant district attorneys." (Docket Entry No. 3, ¶ 13.) Then, a district attorney decides whether to pursue charges and fixes bail "pursuant to a bail schedule." *Id.* ODonnell's allegation that a district attorney (and not the sheriff or arresting officer) initially fixes bail is consistent with the local procedures described in the Harris County Criminal Courts at Law Rules of Court ("Rules of Court").[2] *See* Rules of Court, Rule 2.3 ("In all cases, the District Attorney shall . . . follow the bail schedule."). ODonnell also alleges that a district attorney fixes bail per the bail schedule for arrests made pursuant to a warrant. (Docket Entry No. 3, ¶ 15.)

After arrest, arrestees are taken before a Hearing Officer for a probable cause hearing. (*Id.* at ¶ 19.)  A Hearing Officer is a statutorily created judicial official with limited powers. *See* TEX. GOV'T CODE ANN. § 54.851 *et seq.* The Hearing Officer performs a series of tasks, including conducting the probable cause hearing as provided in the Texas Code of Criminal Procedure, and assessing bail as authorized by state law. *See* TEX. CODE CRIM. PROC. ANN. §§ 15.17, 17.15. ODonnell complains that the Hearing Officers merely apply the bail schedule without any inquiry into a person's ability to pay bail. (*See* Docket Entry No. 3, ¶ 7.) (Under state law, the Hearing Officers may set bail and change the initial bail amount subject to a number of criteria, including "the ability to make bail" and the other requirements prescribed in the Texas Code of Criminal Procedure. *See* TEX. CODE CRIM. PROC. ANN. § 17.15.) Next, "if,

---

[1] For the purposes of this motion, the facts as alleged by ODonnell will be taken as true. *Leatherman v. Tarrant Cnty. Narcotics Intelligence & Coordination Unit*, 507 U.S. 163, 164 (1993). Legal conclusions and other conclusory statements are not entitled to a presumption of truth, however. *Papasan v. Allain*, 478 U.S. 265, 286 (1986).
[2] Attached hereto as Exhibit A.

after the probable cause hearing, an arrestee is still unable to purchase her release from jail, she will be taken to the County Court, usually within 24 to 48 hour of the probable cause hearing." (Docket Entry No. 3, ¶ 48.)

ODonnell was arrested on May 18, 2016, and appeared for a probable cause hearing on May 19, 2016. (*See* Docket Entry No. 3, ¶ 9.) On May 19, 2016, ODonnell filed her Motion for Temporary Restraining Order, Motion to Certify Class, and Class Action Complaint. (Docket Entry Nos. 1, 2, and 3.) ODonnell was released from Harris County custody shortly after filing these motions. (*See* Docket Entry No. 9, Notice of Withdrawal of Motion for Temporary Restraining Order.)

## <u>Argument and Authorities</u>

A.   <u>ODonnell's complaint fails to state a claim upon which relief can be granted against Harris County and other the Defendants in their official capacities.</u>

"Rule 12(b)(6) allows dismissal if a plaintiff fails 'to state a claim upon which relief can be granted.'" *Maryland Manor Assocs. v. City of Houston*, 816 F. Supp. 2d 394, 401 (S.D. Tex. 2011) (quoting FED. R. CIV. P. 12(b)(6)). "To withstand a Rule 12(b)(6) motion, a complaint must contain 'enough facts to state a claim to relief that is plausible on its face.'" *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "[A] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

ODonnell fails to state a claim upon which relief can be granted against any Defendant. ODonnell has not shown that the alleged unconstitutional policy is attributable to Harris County. Nor can she, as bail policy is not under the control of Harris County or any of its final policymakers. Therefore, ODonnell's claims against Harris County are defective. ODonnell's official capacity claims against Sheriff Hickman and the Hearing Officers fail for two reasons.

4

First, because her claims against Harris County fail, her official capacity claims also fail. Second, even if the alleged policies were attributable to Harris County, neither Sheriff Hickman nor the Hearing Officers make the policies at issue.

1.   ODonnell's claims against Harris County fail because the policies at issue are not attributable to Harris County.

For Harris County to be liable under § 1983, ODonnell must plead the existence of an "official policy or custom" attributable to Harris County. *Piotrowski v. City of Houston*, 237 F.3d 567, 578 (5th Cir. 2001) ("The unconstitutional conduct must be directly attributable to the municipality through some sort of official action or imprimatur."); *see also Monell v. Dep't of Social Servs.*, 436 U.S. 658, 691 (1978) ("[A] municipality cannot be held liable under § 1983 on a *respondeat superior* theory."). There are two types of policies: (i) "a policy statement, ordinance, regulation, or decision that is officially adopted and promulgated by the municipality's lawmaking officers," or (ii) "a persistent, widespread practice of city officials or employees, which, although not authorized by officially adopted and promulgated policy, is so common and well settled as to constitute a custom that fairly represents municipal policy." *Johnson v. Moore*, 958 F.2d 92, 94 (5th Cir. 1992).

ODonnell alleges that "[h]earing officers determining the question of probable cause refuse to consider deviation from the bail schedule." (Docket Entry No. 3, ¶¶ 1, 33.) It is fundamental that "[a] municipality cannot be liable for judicial conduct it lacks the power to require, control, or remedy, even if that conduct parallels or appears entangled with the desires of the municipality." *Eggar v. City of Livingston*, 40 F.3d 312, 316 (9th Cir. 1994). Regardless of whether ODonnell contends that the Hearing Officers failure to deviate from the bail schedule is a "policy statement . . . or decision that is officially adopted and promulgated by the municipality's lawmaking officers," or a "persistent, widespread practice," ODonnell has not

5

pled facts sufficient to show that this alleged policy is attributable to Harris County, or that Harris County can "require, control, or remedy" the judicial conduct at issue. *See Johnson*, 958 F.2d at 94; *Eggar*, 40 F.3d at 316.

   i. <u>Harris County is not liable for the Hearing Officers' judicial conduct.</u>

  ODonnell seems to allege the existence of a de facto or "customary" Harris County policy, contending that "it is the policy and practice of Harris County officials to detain arrestees in jail pursuant to the scheduled bail amount without considering the person's ability to pay." (Docket Entry No. 3, ¶ 1.) This alleged policy and practice is not attributable to Harris County because bail is set by the Hearing Officers as a judicial function.

  In assessing bail according to the Code of Criminal Procedure, the Hearing Officers derive their authority from state law, not Harris County policy. Texas state law grants Hearing Officers limited powers: (1) "determining probable cause"; (2) "committing the defendant to jail, discharging the defendant from custody, or admitting the defendant to bail"; (3) "issuing search warrants and arrest warrants"; and (4) "enforcing judgments and orders of the county criminal courts at law in criminal cases." TEX. GOV'T CODE ANN. § 54.856(a); *see also* Rules of Court, Rule 4.2.3 (requiring Hearing Officers to apply the Texas Code of Criminal Procedure § 17.15 factors when setting bail); *Id.*, Rule 4.2.2 (requiring Hearing Officers to conduct a probable cause hearing as provided in § 15.17 of the Texas Code of Criminal Procedure).

  ODonnell complains of only one of these functions—admitting the defendant to bail. (Docket Entry No. 3, ¶ 7.) Setting bail is a judicial function, and, accordingly, the Hearing Officers' acts and omissions in the function of setting bail cannot be Harris County policy. *See* TEX. CODE CRIM. PROC. ANN. §§ 15.17, 17.15 (containing the statutory requirements for conducting probable cause hearings and setting bail); *see also Cunningham ex rel. Cunningham v. City of West Point, Miss.*, 380 F. App'x 419, 421 (5th Cir. 2010) ("[T]here is no doubt that [the

judge's] denial of bail was a judicial action."); *Mireles v. Waco*, 502 U.S. 9, 12 (1991) ("[W]hether an act by a judge is a 'judicial' one relate[s] to the nature of the act itself, *i.e.*, whether it is a function normally performed by a judge, and to the expectations of the parties, *i.e.*, whether they dealt with the judge in his judicial capacity.").

The Fifth Circuit has repeatedly held that a judge's judicial decisions are not attributable to a municipality. For example, in *Johnson v. Moore,* the plaintiff sued a municipality and a municipal court judge under § 1983, alleging that the municipal judge violated his constitutional rights by sentencing him to jail without appointing him counsel or obtaining a waiver of his right to counsel. *Johnson*, 958 F.2d at 93. The plaintiff claimed that the judge's actions constituted official municipal policy because the judge was the "final authority" on his incarceration. *Id.* The Fifth Circuit affirmed dismissal of the plaintiff's § 1983 claims, stating that "[w]e have repeatedly held . . . that a municipal judge acting in his or her judicial capacity to enforce state law does not act as a municipal official or lawmaker." *Id.* at 94 (citations omitted).

Similarly, in *Bigford v. Taylor*, a plaintiff argued that a county was liable under § 1983 for the allegedly illegal conduct of a justice of the peace. *Bigford v. Taylor*, 834 F.2d 1213, 1221 (5th Cir. 1988). Citing *Briscoe v. Familias Unidas*, 619 F.2d 391 (5th Cir. 1980), the Fifth Circuit noted that the justice of the peace had been delegated no policymaking authority by the legislature—instead, his job involved only adjudicating specific small claims. *Id.* The justice of the peace's discretion was circumscribed by state law, and in applying the statute at issue he carried out the policy of the state of Texas, not the county. *Id.*

In *Eggar v. City of Livingston*, the Ninth Circuit likewise affirmed dismissal of a § 1983 claim against a city for a judge's judicial conduct. 40 F.3d at 316. The plaintiffs' § 1983 claim alleged that a city judge and the City of Livingston were liable for the judge's failure to advise

indigent defendants of their right to counsel. *Id.* at 313. The Ninth Circuit noted that the city judge's "treatment of indigent defendants was an exercise of judicial discretion drawn from the authority of the state" because the judge derived his power from state statutes. *Id.* at 316 n.2. "Because [the judge] was functioning as a state judicial officer, his acts and omissions were not part of a city policy or custom." *Id.* at 316.

The Western District of Texas also recently addressed the issue of municipal liability for a judicial function, and decided that the City of Austin could not be held liable for allegations that municipal judges failed to inquire into an arrestee's ability to pay bail.[3] *Harris v. City of Austin*, No. A-15-CA-956-SS, 2016 WL 1070863 (W.D. Tex. March 16, 2016). Judge Sparks explained: "[t]he key question, to be clear, is whether the judge was acting in a *judicial role* or a *non-judicial* role at the time he or she took the challenged action." *Id.* at *6 (emphasis in original). The plaintiffs argued that the Austin Municipal Court judges could not have been acting in their judicial capacity to enforce state law because their conduct violated state law. *Id.* The court rejected that argument, holding that "determining whether an individual should be jailed for failure to pay is no less a judicial function, arising from the power vested in municipal judges by the state of Texas, if those judges are flouting the law in discharging it." *Id.* at *7.

Furthermore, even assuming ODonnell is correct and the Hearing Officers err in applying the Code of Criminal Procedure and Rules of Court by not inquiring into the ability of the arrestee to pay bail, their judicial conduct is not transformed into Harris County policymaking by virtue of that error. Rather, courts have repeatedly found that a judge that misapplies the law— even if the misapplication is deliberate—is still performing a judicial function for which the county or municipality is not responsible. *See Bigford,* 834 F.2d at 1222 ("[A judge's] 'deliberate

---

[3] Counsel representing ODonnell brought this case, as well as *Cain v. City of New Orleans*, No. 15-4479 (E.D. La.), cited herein.

or mistaken departure from the controlling law' cannot be said to represent county policy.")
(*citing Pembaur v. City of Cincinatti*, 475 U.S. 469, 486 (1986) (White, J., concurring)); *Eggar*,
40 F.3d at 315-16 ("It is lamentable, but irrelevant, that [the defendant judge] failed miserably to
meet [his] obligation[s] under both state and federal standards: he is simply not a municipal
decision maker in this context. . . [B]ecause [the judge] was functioning as a state judicial
officer, his acts and omissions were not part of a city policy or custom."); *Harris*, 2016 WL
1070863, at *6 (judge's judicial decision of assessing bail is not rendered non-judicial simply
because the judge is "flouting the law.").

Because the Hearing Officers' acts and omissions taken in their judicial capacity to
enforce state law do not constitute Harris County policy, ODonnell has not identified a policy
attributable to Harris County. Accordingly, ODonnell has failed to state a claim under § 1983.

> ii.   Harris County does not promulgate the bail schedule.

ODonnell may also be alleging that the bail schedule represents a written Harris County
policy, requiring the imposition of a specific amount of bail in misdemeanor cases. But the bail
schedule is not attributable to Harris County at all, and does not represent Harris County policy.

Per state law, the bail schedule is implemented by the Harris County Criminal Courts at
Law for misdemeanor offenses within their jurisdiction. *See Roberson v. Richardson*, Civ. No.
H-84-2974 (S.D. Tex. Nov. 19, 1987) (agreed final judgment providing, *inter alia*, that "the
Statutory County Criminal Courts at Law of Harris County, Texas, shall implement and maintain
a bond schedule for all misdemeanor offenses within their jurisdiction.");[4] Tex. Gov't Code
Ann. § 75.403(f) (authorizing the County Criminal Court at Law presiding judge to "adopt rules
consistent with the Code of Criminal Procedure . . . for practice and procedure in the courts").
The bail schedule is part of the Rules of Court, and is consistent with state statutory law. *See*

---

[4] Attached hereto as Exhibit B.

Rules of Court, Rule 1.2. In fact, the criteria for setting bail set forth in the Rules of Court are identical to the statutory requirements of the Code of Criminal Procedure. *See* Rules of Court, Rule 4.2; TEX. CODE CRIM. PROC. ANN. §§ 15.17, 17.15.

A recently decided case dismissed similar § 1983 claims against the City of New Orleans because "plaintiffs ha[d] not identified any policy or custom attributable to the City of New Orleans that was the moving force behind the alleged Fourth and Fourteenth Amendment violations." *Cain v. City of New Orleans*, No. 15-4479, 2016 WL 2849478, *7 (E.D. La. May 13, 2016). Judge Vance held that the alleged policies—detaining indigent defendants pursuant to allegedly unconstitutional warrants, imposing excessive money bond, and failing to inquire into a debtor's ability to pay bail—were not attributable to the city, citing Louisiana statutes authorizing judges to issue warrants and fix bail. *Id.* "Absent a plausible allegation that the City exercises policymaking authority in these areas, these allegations fail to state a section 1983 claim against the City." *Id.*

Another recent, factually similar case dismissed the plaintiffs' § 1983 claim against the City of Austin for the bail policies of Austin municipal court judges, who allegedly imposed bail without inquiring into the ability of the arrestee to pay. *City of Austin*, 2016 WL 1070863, at *7. The plaintiffs in that case argued that the judges were "executing municipal policy" because the Austin City Code gave the presiding judge of the municipal court authority to adopt rules governing municipal court procedure, and those rules led to the alleged unconstitutional practices. *Id.* Judge Sparks rejected this argument, finding that the act of promulgating court rules is "more judicial than non-judicial in nature," and that the rules allowed for the exercise of judicial discretion and "did not mandate any particular course of action." *Id.* Because the judge still made "the ultimate decisions about what will or will not happen in a particular case," the

10

court found that the City of Austin had no authority over the judicial decisions of its municipal judges, and dismissed the case against the City under Rule 12(b)(6) for failure to state a claim. *Id.* at *4.[5]

Like the City of Austin and the City of New Orleans, Harris County plays no part in enacting, authorizing, or maintaining the complained of policy. The power to set post-arrest policies and procedures is derived directly from state law and is judicial in nature. *See* TEX. GOV'T CODE ANN. § 75.403(f). ODonnell has alleged no facts showing Harris County's involvement in creating or otherwise enforcing the bail schedule. To the contrary, ODonnell concedes that the bail schedule is implemented by the courts. (*See* Docket Entry No. 3, ¶ 12.). Harris County cannot "require, control, or remedy" the judicial conduct underlying the bail schedule or the judicial decision of whether to consider ability to pay. *See Eggars*, 40 F.3d at 316. ODonnell's allegation that the bail schedule constitutes Harris County policy is misplaced.

iii.   Because ODonnell fails to state a claim against Harris County, the official capacity claims against Sheriff Hickman and the Hearing Officers also fail.

"A lawsuit 'against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office.'" *Culbertson v. Lykos*, 790 F.3d 608, 623 (5th Cir. 2015) (quoting *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989)). ODonnell has not identified any policy or custom attributable to Harris County, and has failed to state a § 1983 claim against Harris County. Therefore, ODonnell's claims against Sheriff Hickman and the Hearing Officers in their official capacity are claims against Harris County. *See Mathis v. Brazoria Cnty. Sheriff's Office*, No. H-08-3703, 2011 WL 3648101, at *21 (S.D. Tex. Aug. 17, 2011). Because ODonnell has failed to state a § 1983 claim against Harris County, her official-capacity claims against Sheriff Hickman and the Hearing Officers fail as well. *Id.* (noting that the

---

[5] This order was not appealed.

plaintiff "has not shown a basis to hold [the] Sheriff [] liable in his official capacity because he has not shown a basis to hold [the] County liable under 1983.").

2.   <u>ODonnell fails to state a claim against Sheriff Hickman because Sheriff Hickman does not make the policy at issue.</u>

Even if this Court were to find ODonnell's suit against Harris County was not defective, ODonnell's claims against Sheriff Hickman would still fail because he plays no role in setting the policy at issue. A suit against a county official in his official capacity cannot be maintained unless that official is the final policymaker for the challenged policy. *See Cain v. City of New Orleans*, No. 15-4479, 2016 WL 2849498, at *7 (E.D. La. May 13, 2016) (dismissing the New Orleans Sheriff because plaintiff failed to show that the Sheriff was the City of New Orleans's final policymaker for the policy at issue). "State law determines whether a particular individual is a county or municipality final decision maker with respect to a certain sphere of activity." *Bennett v. Pippin*, 74 F.3d 578, 586 (5th Cir. 1996). "The sources of state law which should be used to discern which municipal officials possess final policymaking authority are 'state and local positive law, as well as 'custom or usage' having the force of law." *Gros v. City of Grand Prairie, Tex.*, 181 F.3d 613, 616 (5th Cir. 1999) (quoting *Jett v. Dallas Indep. Sch.. Dist.*, 491 U.S. 701, 737 (1989)).

While courts have recognized that the county sheriff is a final policymaker for law enforcement decisions, ODonnell's complaint fails to state how or in what manner Sheriff Hickman has any role in setting the bail policies at issue—an inherently judicial decision.[6] *See Bennett,* 74 F.3d at 586 (noting that "in Texas, the county sheriff is the county's final policymaker in the area of law enforcement . . .")

---

[6] ODonnell references § 14.06 in a footnote.  (Docket Entry No. 3, ¶ 12 n. 2.)  This section does allow an arresting officer to issue a citation and release the accused in certain instances; this section is unrelated to ODonnell's claims. ODonnell is challenging the imposition of bail; ODonnell is not challenging the application of § 14.06.

ODonnell's complaint illustrates that Sheriff Hickman merely follows directives from the Hearing Officers and other judges as to who remains in custody and who is released, and, as such, plays no role in setting bail:

> As a matter of policy and practice, when a new arrestee is brought to the Harris County Jail, county employees inform the arrestee that she will be released from jail immediately if she pays her money bail amount.  The arrestee is told that she will remain in jail if she is not able to make that payment.

(Docket Entry No. 3, ¶ 76.) Sheriff Hickman must either: (i) release those who pay bail or (ii) detain those who do not. These are Sheriff Hickman's only two options. ODonnell's other allegations aimed specifically at Sheriff Hickman likewise highlight Sheriff Hickman's lack of discretion:

> The Harris County Sheriff's Department collects arrestees' money bail payments. It is the policy of and practice of the Harris County Sheriff's Department to release only those arrestees who pay their money bail amount.
>
> It is the policy and practice of the Sheriff's Department to detain individuals who do not pay their money bail amount.  Before an individual's probable cause hearing, it is the policy and practice of the Sheriff's Department to detain the individual based on a money bail amount set pursuant to a bail schedule.  After a probable cause hearing, it is the policy and practice of the Sheriff's Department to detain the individual based on a money bail amount approved by a hearing officer pursuant to the County's bail schedule.
>
> In a typical week, the Sheriff's Department releases hundreds of individuals who pay their money bail amount.
>
> If a person cannot pay her money bail after her first court appearance before a County Court Judge, it is the policy and practice of the Sheriff's Department to continue to detain the individual unless and until she makes a monetary payment.

(*Id.* at ¶¶ 77–80.) ODonnell does not allege that Sheriff Hickman is free to disregard the judges' orders, deny release of a person who has paid bail, or exercise any discretion as to which persons to detain. With respect to bail, Sheriff Hickman's role is limited to the ministerial duty of following the courts' orders, which include "releasing only those arrestees who pay their money

13

bail amount." (Docket Entry No. 3, ¶ 77.) In fact, Sheriff Hickman is legally required to follow the courts and Hearing Officers' directives. *See, e.g.*, TEX. LOCAL GOV'T CODE ANN. § 85.021–22 (stating that the county sheriff "shall execute all process and precepts directed to the sheriff by legal authority.").

In *Cain*, the Eastern District of Louisiana rejected a nearly identical claim seeking to hold a sheriff liable in his official capacity for an allegedly infirm bail policy. *See Cain v. City of New Orleans*, 2016 WL 2849498, at *7. The plaintiffs challenged New Orleans's policy of allegedly "jailing indigent criminal defendants and imposing excessive bail." *Id.* at *1. The plaintiffs sued a number of people, including the sheriff in his official capacity. The court dismissed the claims against the sheriff for failure to state a claim. In doing so, the court found that "plaintiffs have not identified any policy or custom attributable to the Orleans Parish Sheriff's Office that caused the alleged Fourth and Fourteenth Amended violations." *Id.* at *7. The court reasoned that the issuance of warrants and setting of bail were judicial functions, and that the plaintiffs did not state "a plausible allegation that the Sheriff's Office exercised policy making authority in these domains." *Id.* at *7–8.

The *Cain* court also found unavailing "plaintiffs' allegation that 'defendants' standard policy is to let arrestee debtors languish in prison indefinitely'" because "plaintiffs do not contend that the Sheriff's Office detains indigent debtors on its own initiative." *Id.* at *8.  The court reasoned that the sheriff detained accused debtors pursuant to warrants issued by judges, and that the plaintiffs failed to make "any plausible allegation[s] that the Sheriff's Office is authorized to schedule court appearances or otherwise impact the judicial process affecting detainees." *Id.* ODonnell's allegations against Sheriff Hickman are likewise deficient.

3.     ODonnell fails to state a claim against the Hearing Officers in their official capacity because the Hearing Officers do not make the policy at issue.

Again, even assuming that ODonnell has stated a claim against Harris County, ODonnell has pled no facts showing that the Hearing Officers have any authority or ability to set final policy for Harris County. Accordingly, the Hearing Officers in their official capacity are not proper defendants to ODonnell's suit. *See Monell*, 436 U.S. at 694; *Johnson*, 958 F.2d at 94 (affirming order granting judge's motion to dismiss § 1983 claim because the judge was not the municipal policymaker for the policy at issue).

ODonnell does not allege that the Hearing Officers are final policymakers for Harris County. Instead, the allegations as to the Hearing Officers focus exclusively on the judicial function of assessing bail. ODonnell alleges that the Hearing Officers are Harris County employees, "charged with making probable cause determinations and setting bail for arrestees pursuant to Harris County's money bail schedule." (Docket Entry No. 3, ¶ 7); *see Monell*, 436 U.S. at 691 ("[A] municipality cannot be held liable under § 1983 on a *respondeat superior* theory."). This allegation simply restates the Hearing Officers' judicial role in assessing bail. Her other allegations likewise focus on the bail process, further alleging that the Hearing Officers: "do not conduct any inquiry into or make any findings concerning a person's ability to pay money bail." (Docket Entry No. 3, ¶ 7); "make no attempt to determine an arrestee's financial situation, and they make no inquiry into or findings concerning an arrestee's ability to pay the money bail amount," (*Id*. at ¶ 29); "affirmatively refuse to hear any argument that an arrestee raises about her ability to pay," (*Id*. at ¶ 30); and "refuse to consider deviation from the bail schedule based on indigence and refuse to hear evidence concerning ability to pay." (*Id*. at ¶ 33.)

Even if ODonnell had alleged that the Hearing Officers were final policymakers for Harris County, her allegations would still fail. Hearing Officers have no authority to dictate

15

written policy (or any kind of policy) for Harris County because they have no administrative role. The Hearing Officers' duties and powers are limited to a specific set of responsibilities delineated in the Texas Government Code. *See* TEX. GOV'T CODE ANN. § 54.851 *et seq.* Those duties and powers are exclusively judicial functions, and can never constitute policymaking for Harris County. *See, e.g., Bigford*, 834 F.2d at 1221 (justice of the peace had no policymaking functions); *Carbalan v. Vaughn*, 760 F.2d 662, 665 (5th Cir. 1985) (municipal judge had no policymaking functions); *Price v. Harris Cnty.*, CIV.A H-09-1966, 2009 WL 3233423, at *2 (S.D. Tex. Oct. 7, 2009) (dismissing a § 1983 claim against Harris County and a County Criminal Court at Law Judge because the judge "[was] not a policymaker, [a]nd her actions cannot constitute official policy."); *Monzon v. Parmer Cnty.*, No. 2:06-CV-39-J, 2007 WL 1732384 (N.D. Tex. Jun. 15, 2007) (Parmer County Court judge was not a final policymaker for the County); *Cooper v. City of Plano*, No. 4:10-CV-689, 2011 WL 4344403 (E.D. Tex. Aug. 19, 2011) (municipal judge was not a final policymaker for the City of Plano).

B.     This Court lacks jurisdiction over ODonnell's claim for declaratory relief against the Hearing Officers in their individual capacity.

Under Rule 12(b)(1), ODonnell's claims against the Hearing Officers in their individual capacities should be dismissed. *See* FED. R. CIV. P. 12(b)(1). "Motions filed under Rule 12(b)(1) allow a party to challenge the subject matter jurisdiction of the district court, based on the allegations on the face of the complaint." *Barrera-Montenegro v. United States*, 74 F.3d 657, 659 (5th Cir. 1996). "In ruling on a motion to dismiss under Rule 12(b)(1), the court may rely on (1) the complaint alone, presuming the allegations to be true, (2) the complaint supplemented by undisputed facts, or (3) the complaint supplemented by undisputed facts and by the court's resolution of disputed facts." *MCG, Inc. v. Great W. Energy Corp.*, 896 F.2d 170, 176 (5th Cir. 1990).

16

ODonnell asserts a claim for declaratory relief against the Hearing Officers in their individual capacities. (Docket Entry No. 3, ¶ 3.)  ODonnell complains that she was "[kept] in jail solely because [she] cannot make a monetary payment." (*Id.* at Request for Relief.)  But since ODonnell was released from jail, she lacks standing because no current controversy between her and the Hearing Officers exists.

Article III standing requires ODonnell to satisfy the "threshold requirement" of alleging an actual case or controversy. *See City of Los Angeles v. Lyons*, 461 U.S. 95, 101 (1983). That actual case or controversy must continue at all times throughout the lawsuit, not only at the time when the action was commenced. *Bauer v. Texas*, 341 F.3d 352, 357-58 (5th Cir. 2003). An exception exists, however, for plaintiffs unable to establish a continuing harm.  Such plaintiffs may establish standing and achieve equitable relief by alleging that she is "likely to suffer future injury," and that the threat of that injury is "real and immediate, not conjectural or hypothetical." *Lyons*, 461 U.S. at 104-05. "Similar reasoning has been applied to suits for declaratory judgments." *Bauer*, 341 F.3d at 358; *see also Hall v. Dixon*, No. CIV A. H 09-2611, 2010 WL 3909515, at *10-11 (S.D. Tex. Sept. 30, 2010), *aff'd sub nom.*, *Hall v. Smith*, 497 F. App'x 366 (5th Cir. 2012) (stating that "[t]he applicable legal standard for standing to seek both [declaratory and injunctive] relief is the same."). "Moreover, if none of the named plaintiffs purporting to represent a class establishes the requisite of a case or controversy with the defendants, none may seek relief on behalf of himself or any other member of the class." *O'Shea v. Littleton*, 414 U.S. 488, 494 (1974); *Galveston Open Gov't Project v. United States Dep't of Housing and Urban Dev.*, 17 F. Supp. 3d 599, 603 (S.D. Tex. 2014) ("Plaintiffs seek to bring this case as a class action, but that does not change the requirement that named plaintiffs must have standing in their own right.").

In *Cain*, the court dismissed two of six named plaintiffs from a § 1983 class action complaint because those two plaintiffs had not alleged an ongoing case or controversy between them and the named judicial defendants. *Cain v. City of New Orleans*, No. 15-4479, 2016 WL 1598606, at *6-7 (E.D. La. Apr. 21, 2016). The plaintiffs complained of two injuries: incarceration and outstanding court costs. *Id.* at *6. But during the pendency of the litigation, two of the plaintiffs paid their outstanding court costs and were released from incarceration. *Id.* Accordingly, "they [were] not suffering any 'real or immediate' injury or threat of the alleged injury—the unconstitutional arrest and imprisonment as a result of their indigence," and were dismissed for lack of standing. *Id.* (citing *Ray v. Judicial Corr. Servs.*, No. 12-CV-02819-RDP, 2013 WL 5428360, at *13 (N.D. Ala. Sept 26, 2013) (stating that "Plaintiffs are experiencing continuing, present adverse effects [because] all of the Plaintiffs are still on probation and still owe various fines and fees.")).

Like the two dismissed plaintiffs in *Cain*, ODonnell has failed to show the existence of either a continuing harm or a real and immediate threat of repeated injury in the future. By ODonnell's own admission, she was "released from Harris County custody" shortly after filing the complaint. (*See* Docket Entry No. 9, Notice of Withdrawal of Motion for Temporary Restraining Order.) ODonnell's detention is over. Thus, she is not suffering the harm of which she complains—an allegedly unconstitutional detention as a result of her inability to pay bail.

Nor has ODonnell pled sufficient facts to show a real or immediate threat that the Hearing Officers will inflict the same injury upon her in the future. ODonnell has not alleged that she is likely to be re-arrested and subject to another allegedly unconstitutional bail proceeding before the Hearing Officers. Even if she so alleged, such an allegation would be insufficient to show an ongoing case or controversy between ODonnell and the Hearing Officers. Courts have

18

repeatedly rejected the argument that a plaintiff can establish a threat of recurring harm through allegations that the plaintiff is likely to be subject to future court proceedings. *See O'Shea v. Littleton*, 414 U.S. at 497 ("[W]e are nonetheless unable to conclude that the case-or-controversy requirement is satisfied by general assertions or inferences that in the course of their activities [plaintiffs] will be prosecuted for violating valid criminal laws."); *Bauer*, 341 F.3d at 358 ("This court has often held that plaintiffs lack standing to seek prospective relief against judges where the likelihood of future encounters is speculative."); *De Luna v. Hidalgo Cnty.*, 853 F. Supp. 2d 623, 637 (S.D. Tex. 2012) (plaintiffs' allegations that there was a real and immediate threat that they would be charged again in the future because they had faced multiple charges in the past was insufficient for purposes of showing a case or controversy); *Cain*, 2016 WL 1598606, at *7 (assuming that plaintiffs would be re-arrested and subject to allegedly unconstitutional bail-setting procedures is mere "'speculation and conjecture'—too abstract to satisfy Article III's requirement of a 'case or controversy.'").

C.      ODonnell's deficiencies cannot be cured; therefore, amendment would be futile.

"When a plaintiff's complaint fails to state a claim, the court should generally give the plaintiff at least one chance to amend under Rule 15(a) before dismissing the action with prejudice." *Lawal v. Lynch*, No. H-15-1444, 2016 WL 126419, at *2 (S.D. Tex. Jan. 12, 2016). However, if amendment would be futile, leave to amend should be denied. "An amendment is futile if it would not survive a motion to dismiss for failure to state a claim under Rule 12(b)(6)." *Id.* Per the Code of Criminal Procedure and Rules of Court, Sheriff Hickman and the Hearing Officers have no authority to make bail policy for Harris County. And under state law, Harris County cannot require, control, or remedy the bail policy at issue. ODonnell cannot state a § 1983 claim against Harris County, Sheriff Hickman or the Hearing Officers as a matter of law.

Likewise, ODonnell's standing deficiencies cannot be remedied. Accordingly, allowing ODonnell leave to amend would be futile.

## Conclusion

Harris County is not responsible for the bail policy assailed by ODonnell. Because ODonnell has not stated a claim against Harris County, the official-capacity claims against Sheriff Hickman and the Hearing Officers fail as well. Because ODonnell lacks standing to obtain relief from the Hearing Officers in their individual capacity, that claim also fails. Accordingly, Harris County, Sheriff Hickman, and the Hearing Officers respectfully request the Court dismiss all of ODonnell's claims for failure to state a claim upon which relief can be granted and failure to invoke the subject matter jurisdiction of the Court.

Respectfully Submitted,

GARDERE WYNNE SEWELL LLP

*/s/ Katharine D. David*
Mike Stafford
Federal I.D. No. 20898
Texas Bar No. 18996970
mstafford@gardere.com
Katharine D. David
Federal I.D. No. 577391
Texas Bar No. 24045749
kdavid@gardere.com
Philip J. Morgan
Federal I.D. No. 1708541
Texas Bar No. 24069008
pmorgan@gardere.com
Ben Stephens
Federal I.D. No. 2898153
Texas Bar No. 24098472
bstephens@gardere.com
2000 Wells Fargo Plaza
1000 Louisiana Street
Houston, TX  77002-5011
Ph: 713-276-5500 – Fax: 713-276-5555

**OFFICE OF THE HARRIS COUNTY ATTORNEY**

*/s/ Melissa Spinks*
Melissa Spinks
Sr. Assistant County Attorney
Federal I.D. No. 1312334
Texas Bar No. 24029431
melissa.spinks@cao.hctx.net
John Odam
Assistant County Attorney
Texas Bar No. 15192000
Federal I.D. No. 6944
john.odam@cao.hctx.net
1019 Congress, 15th Floor
Houston, Texas 77002
Ph: 713-274-5101 – Fax: 713-755-8924
***Counsel for Harris County, Texas, Sheriff
Ron Hickman, Eric Stewart Hagstette,
Joseph Licata III, Ronald Nicholas, Blanca
Estela Villagomez, and Jill Wallace***

21

## Certificate of Service

I certify that on the 27th of June, 2016, I electronically filed the foregoing document with the clerk of court for the U.S. District Court, Southern District of Texas, using the electronic case filing system of the court.

/s/ Katharine D. David
Katharine D. David

22