IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MARANDA LYNN ODONNELL, | ) | |
|     On behalf of herself and all others | ) | |
|     similarly situated, | ) | |
| | ) | |
|         Plaintiffs, | ) | Case No. 4:16-cv-01414 |
| | ) | (Class Action) |
| v. | ) | The Honorable Lee H. Rosenthal |
| | ) | U.S. District Judge |
| HARRIS COUNTY, TEXAS, | ) | |
| SHERIFF RON HICKMAN, | ) | |
| ERIC STEWART HAGSTETTE, | ) | |
| JOSEPH LICATA III, | ) | |
| RONALD NICHOLAS, | ) | |
| BLANCA ESTELA VILLAGOMEZ, | ) | |
| JILL WALLACE, | ) | |
| | ) | |
|         Defendants. | ) | |

## <u>RESPONSE TO MOTION TO CERTIFY CLASS</u>

## Table of Contents

Table of Contents ................................................................................................................ i

TABLE OF AUTHORITIES ............................................................................................... ii

Summary of the Argument................................................................................................... 1

Background .......................................................................................................................... 1

    **A.**    Maranda ODonnell's arrest and release. ................................................................ 1

    **B.**    The proposed Class claims............................................................................... 2

    ODonnell's Burden of Proof ................................................................................ 3

Argument ............................................................................................................................. 3

    **A.**    The motion to certify the class is premature. ....................................................... 3

    **B.**    Rule 23(b)(2): Injunctive relief is inappropriate for the class as a whole. ............... 6

        1.    An injunction against Harris County and Sheriff Hickman will provide no class-wide relief. ............................................................... 6

        2.    ODonnell has not defined the requested injunctive relief with specificity. ................................................................................... 7

    **C.**    ODonnell's motion should be denied because it does not satisfy Rule 23(a) ........... 9

        1.    Commonality: The class does not have commonality because it is overbroad. ................................................................................... 9

        2.    Typicality: ODonnell's claims are not typical of the proposed class..................................................................................... 12

    **D.**    In the alternative, this Court should modify the proposed class definition. .......... 13

Conclusion ......................................................................................................................... 14

Certificate of Service ......................................................................................................... 16

## **TABLE OF AUTHORITIES**

**Page(s)**

CASES

*Abrams v. Kelsey-Seybold Medical Group, Inc.*,
    178 F.R.D. 116 (S.D. Tex. 1997)................................................................3

*Alaska Elec. Pension Fund v. Flowserve Corp.*,
    572 F.3d 221 (5th Cir. 2009) (per curiam)................................................3

*Armendariz v. Dir. U.S. Bureau of Prisons*,
    No. A-09-CA-191-SS, 2009 WL 3762315 (W.D. Tex. Nov. 6, 2009)...................5

*Cooper v. City of Dothan*,
    1:15-cv-00425, 2015 WL 10013003 (M.D. Ala. 2015)............................4

*DeBremaecker v. Short*,
    433 F.2d 733 (5th Cir. 1970) ................................................................9

*In re Deepwater Horizon*,
    739 F.3d ...............................................................................7, 9, 10

*In re Heartland Payment Systems, Inc. Customer Data Sec. Breach Litig.*,
    851 F. Supp. 2d 1040 (S.D. Tex. 2012) ................................................3

*James v. City of Dallas*,
    254 F.3d 551 (5th Cir. 2001) ..............................................................12

*Jones v. Diamond*,
    519 F.2d 1090 (5th Cir. 1975) ............................................................3

*Kohen v. Pacific Inv. Mgmt. Co., L.L.C.*,
    571 F.3d 672 (7th Cir. 2009) ..............................................................9

*Madison v. Chalmette Ref., L.L.C.*,
    637 F.3d 551 (5th Cir. 2011) ..............................................................3

*Miller v. Mackey Intern., Inc.*,
    452 F.2d 424 (5th Cir. 1971) ..............................................................4

*In re Monumental Life Ins. Co.*,
    365 F.3d 408 (5th Cir. 2004) ..............................................................13

*Varden v. City of Clanton*,
    2:15-cv-00425, 2015 WL 5387219 (M.D. Ala. 2015)............................4

*Pierce et al. v. City of Velda City*,
    4:15-cv-00570, 2015 WL 10013006 (E.D. Mo. 2015) ..........................4

*Rodriguez v. Providence Community Corrections, Inc.*,
  3:15-cv-01048, --- F. Supp. 3d ---, 2015 WL 9239821 (M.D. Tenn. 2015) .............................4

*Shook v. Board of Cnty. Comm'rs of Cnty. of El Paso*,
  543 F.3d 597 (10th Cir. 2008) ........................................................................6, 8, 9

*Snow v. Lambert*,
  3:15-cv-00567, 2015 WL 5071981 (M.D. La. 2015) ..............................................4

*Thompson v. City of Moss Point*,
  1:15-cv-00182, 2015 WL 10322003 (S.D. Miss. 2015) ...........................................4

*Tuchman v. DSC Commc'ns Corp.*,
  818 F. Supp. 971 (N.D. Tex. 1993) ....................................................................5

*Wal-Mart Stores, Inc. v. Dukes*,
  131 S.Ct. 2541 (2011) ...................................................................................3

*Walker v. City of Calhoun*,
  No. 4:15-CV-170-HLM, 2016 WL 361580 (N.D. Ga. Jan. 28, 2016) (appeal filed
  Feb. 5, 2016) .............................................................................................14

## STATUTES

42 U.S.C. § 1988 ............................................................................................2, 5

TEX. CODE CRIM. PROC. ANN. art. 4.11 ..............................................................11

TEX. CODE CRIM. PROC. ANN. arts. 17.01 *et seq.* .................................................11

TEX. CODE CRIM. PROC. ANN. art. 17.15 ..............................................................9

TEX. CODE CRIM. PROC. ANN. art. 17.152 ...........................................................11

## OTHER AUTHORITIES

C. Wright, A. Miller, and M. Cane, 7 Federal Practice & Procedure at 128 ...................4

Rules of the Judicial District Courts of Harris County, Rule 6.12 ...............................11

FED. R. CIV. P. 12(b)(6) .....................................................................................6

FED. R. CIV. P. 12(b)(1) .....................................................................................3

FED. R. CIV. P.  23(a) ......................................................................................1, 9

FED. R. CIV. P. 23(b)(1) and 23(b)(2) ...................................................................6

FED. R. CIV. P. 23(b)(2) ...........................................................................1, 5, 6, 7

FED. R. CIV. P. 23(c)(1) ...........................................................................................................4

FED. R. CIV. P. 56 .................................................................................................................4, 5

Harris County Criminal Courts at Law Rules of Court, 4.2.2.1.11 ...............................................13

Harris County Criminal Courts at Law Rules of Court, Rule 9.1................................................10

## Summary of the Argument

Plaintiff Maranda ODonnell's Motion to Certify Class (Docket Entry No. 2) should be deferred or denied. ODonnell proposes certification of a class defined as "All individuals who are or will be detained by Harris County for any amount of time after arrest because they are unable to pay money bail." (*See* Docket Entry No. 2, p. 2.) ODonnell seeks to represent this class despite the fact that she is not part of it—she paid her bail less than 48 hours after filing her Complaint. In addition, ODonnell fails to meet the requirements for certifying a class under Rule 23. First, ODonnell fails to meet the requirements of Rule 23(b)(2) because she cannot obtain the requested class-wide relief from the only defendants she seeks to enjoin. Second, ODonnell fails to meet the requirements of Rule 23(a) because the overbroad class lacks commonality, and ODonnell is not a typical or adequate representative of the proposed class. In the alternative, the Court should exercise its discretion to modify the overbroad class definition and certify an appropriate class that complies with Rule 23.

## Background

### A.  Maranda ODonnell's arrest and release.

ODonnell was arrested on May 18, 2016 for the Class B misdemeanor offense of driving while license invalid. (Docket Entry No. 3, ¶ 9; Ex. A, Charging Instrument.) She appeared for a probable cause hearing before a Hearing Officer the following day, May 19, 2016.[1] (Docket Entry No. 3, ¶ 9; Ex. B, Bail Setting.) At the hearing, the Hearing Officer imposed a bail amount of $2,500. (*See* Docket Entry No. 3, ¶ 9.) The Rules of Court bail schedule suggests a bail of $500 for a Class B misdemeanor first offense. (Ex. C, Bail Schedule.) Harris County District Clerk records show that ODonnell had three prior misdemeanor convictions in Harris County.

---

[1] ODonnell sues five Hearing Officers, but does not identify which Hearing Officer conducted her probable cause hearing.

1

(Ex. D.) Presumably, the Hearing Officer took those prior convictions into consideration in setting the bail at an amount higher than recommended by the Rules of Court.

ODonnell claims that "Defendants violate[d] [her] fundamental right to pretrial liberty by keeping her in jail solely because she cannot afford to pay money bail without providing any inquiry into or findings concerning her ability to pay." (Docket Entry No. 3, ¶ 121.) She also states in her Complaint that "she cannot pay a $2,500 money bail," (*Id.*, p.1.) but in fact, ODonnell bailed out two days later. (*See* Ex. E, Bail Bond.) ODonnell has since forfeited that bond by failing to appear at two subsequent court settings on May 26 and June 29. (Ex. F, Case Resets; Ex. G, Judgment of Forfeiture.)

**B.    The proposed Class claims.**

ODonnell contends that because she was arrested for a Class B misdemeanor and was assessed bail she "cannot pay" by a Hearing Officer who did not inquire into her ability to pay, she is an adequate representative of a Declaratory and Injunctive Class defined as follows: "All individuals who are or will be detained for any amount of time after arrest because they are unable to pay bail." (*See* Docket Entry No. 2, p. 2).

ODonnell requests the following class-wide relief:

a.    A declaratory judgment that the Defendants violated the named Plaintiff's and Class Members' constitutional rights by keeping them in jail solely because they cannot make a monetary payment without an inquiry into and findings concerning their ability to pay;

b.    An order and judgment preliminarily and permanently enjoining the Defendants—including all officers, employees, and agents of Harris County—from using money bail to detain any person without an inquiry into and findings concerning their ability to pay;

c.    An order and judgment granting reasonable attorneys' fees and costs pursuant to 42 U.S.C. § 1988, and any other relief this Court deems just and proper.

(Docket Entry No. 3, p. 29).

The crux of ODonnell's class-wide claims is that it is unconstitutional to detain arrestees (for any length of time at all) without someone (it is unclear who) conducting an inquiry into and findings concerning the arrestee's ability to pay.

### ODonnell's Burden of Proof

ODonnell bears the burden of establishing the propriety of class certification. *Madison v. Chalmette Ref., L.L.C.*, 637 F.3d 551, 554-55 (5th Cir. 2011); *Jones v. Diamond*, 519 F.2d 1090, 1099 (5th Cir. 1975); *Abrams v. Kelsey-Seybold Medical Group, Inc.*, 178 F.R.D. 116, 128 (S.D. Tex. 1997). "Class certification requires a rigorous analysis of Rule 23 prerequisites." *In re Heartland Payment Systems, Inc. Customer Data Sec. Breach Litig.*, 851 F. Supp. 2d 1040, 1051 (S.D. Tex. 2012) (citations omitted).

"The Fifth Circuit has indicated that the preponderance standard applies to the Rule 23 determination." *In re Heartland Payment*, 851 F. Supp. 2d at 1051 (citing *Alaska Elec. Pension Fund v. Flowserve Corp.*, 572 F.3d 221, 228-29 (5th Cir. 2009) (per curiam)). In determining whether that standard has been met, the analysis may require consideration of the suit's underlying merits. *In re Heartland Payment*, 851 F. Supp. 2d at 1051 (S.D. Tex. 2012) (citing *Wal-Mart Stores, Inc. v. Dukes*, 131 S.Ct. 2541, 2551-52 (2011)).

### Argument

**A.    The motion to certify the class is premature.**

Defendants have filed a motion to dismiss all of ODonnell's claims under Rules 12(b)(6) and 12(b)(1). (Docket Entry No. 25.) This motion to dismiss would render certification moot entirely, or significantly alter the nature of ODonnell's claims or relief. Until the court is satisfied that ODonnell has stated a claim upon which relief can be granted against the proper defendants, certifying a class is premature.

Rule 23(c)(1) requires the district court to decide the issue of class certification "as soon as practicable," but does not require the court to consider this issue at the outset. FED. R. CIV. P. 23(c)(1). "The court always is empowered to make a determination on the merits irrespective of the denomination of the suit as a class action . . . the propriety of that inquiry is limited only by concerns of whether the class determination should be postponed until after the merits determination." C. Wright, A. Miller, and M. Cane, 7 Federal Practice & Procedure, 1785 at 128 (footnote omitted) (1986); *see also Miller v. Mackey Intern., Inc.,* 452 F.2d 424, 428-29 (5th Cir. 1971) ("Purely vexatious [class action] litigation could be halted by a Rule 12 motion to dismiss or a Rule 56 motion for summary judgment.").

That class certification can and should often be postponed pending a more detailed examination of the merits is illustrated by two recent cases, both involving lead counsel for ODonnell. In the first, *Buffin v. City and County of San Francisco,* two plaintiffs filed a class action complaint, motion for preliminary injunction, and motion to certify class against the City and County of San Francisco and the State of California for claims arising from their post-arrest detention.[2] 2016 WL 374230 at *1. The governmental defendants filed motions to dismiss and for a more definite statement. *Id.* at *5. The court dismissed one of the two defendants and identified deficiencies in the complaint, noting that the complaint was "unintelligible" because it did not articulate how the City of San Francisco could be liable for pretrial release procedures

---

[2] Counsel for ODonnell highlights his involvement in "several recent constitutional civil rights class action lawsuits raising similar issues." (Docket Entry No. 2, Ex. 1, ¶ 7). A class was certified in only one of the seven cited cases. No class was certified in any of the following cases: *Jones on behalf of Varden v. City of Clanton*, 2:15-cv-00425, 2015 WL 5387219 (M.D. Ala. 2015) (motion to certify class undecided before settlement agreement adopted as order of the court); *Pierce et al. v. City of Velda City*, 4:15-cv-00570, 2015 WL 10013006 (E.D. Mo. 2015) (consent judgment approved, class never certified); *Rodriguez v. Providence Community Corrections, Inc.*, 3:15-cv-01048, --- F. Supp. 3d ---, 2015 WL 9239821 (M.D. Tenn. 2015) (motion to certify class was never filed); *Cooper v. City of Dothan*, 1:15-cv-00425, 2015 WL 10013003 (M.D. Ala. 2015) (motion to certify class denied as moot in light of joint stipulation of dismissal); *Snow v. Lambert*, 3:15-cv-00567, 2015 WL 5071981 (M.D. La. 2015) (joint stipulation of dismissal agreed to, motion to certify class never decided); *Thompson v. City of Moss Point*, 1:15-cv-00182, 2015 WL 10322003 (S.D. Miss. 2015) (motion to certify class found to be moot in light of settlement agreement). The single case where a class was certified is currently pending before the Eleventh Circuit Court of Appeals. *Walker v. City of Calhoun*, --- F. Supp. 3d ---, 2016 WL 361612 (N.D. Ga. Jan. 28, 2016).

determined by superior courts deriving their power from the State. *Id.* at *6. The court then dismissed without prejudice the plaintiffs' motion for preliminary injunction and motion for class certification, noting that it was unclear whether "'injunctive relief or corresponding declaratory relief [was] appropriate respecting the class as a whole' without understanding the relief sought by plaintiffs." *Id.* at *6-7 (citing Fed. R. Civ. P. 23(b)(2)).

In the second, *Cain v. City of New Orleans*, plaintiffs filed a class action complaint alleging extensive bail-related violations against the City of New Orleans, the Sheriff, and New Orleans criminal judges, among others. Judge Vance deferred consideration of class certification until "[a]fter the Court resolves defendants' other motions to dismiss." 2:15-cv-04479-SSV-JCW, Docket Entry No. 120 (May 3, 2016) (attached as Ex. H.)

Similarly to *Buffin* and *Cain*, if the Court grants the Motion to Dismiss in whole or in part, it would significantly reshape the relief sought by ODonnell. For example, if Harris County and Sheriff Hickman are dismissed, ODonnell's injunctive relief claim disappears, leaving only a claim for declaratory relief against the Hearing Officers. (*See* Docket Entry No. 3, p. 29.) In that situation, where only judicial officers are left as defendants, ODonnell would lose another component of her request for relief because she would be unable to recover her attorneys' fees. *See* 42 U.S.C. § 1988 (fees are not recoverable against a judicial officer for any act or omission taken in such officer's judicial capacity.) And of course, if the Court dismisses all defendants, the class certification issue will be mooted entirely. *See, e.g. Armendariz v. Dir. U.S. Bureau of Prisons*, No. A-09-CA-191-SS, 2009 WL 3762315 (W.D. Tex. Nov. 6, 2009) (granting motion to dismiss plaintiff's section 1983 claims and dismissing outstanding motion to certify class as moot); *Tuchman v. DSC Commc'ns Corp.*, 818 F. Supp. 971, 978 (N.D. Tex. 1993) (granting

defendant's motion to dismiss under Rule 12(b)(6) and dismissing outstanding motion to certify class as moot).

**B.     Rule 23(b)(2): Injunctive relief is inappropriate for the class as a whole.**

ODonnell acknowledges that to obtain certification, she must meet the requirements of Rule 23(b)(1), 23(b)(2), or 23(b)(3). (Docket Entry No. 2, p. 17.) ODonnell claims certification is proper under Rule 23(b)(2), which provides for class certification when "the party opposing the class has acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole." FED. R. CIV. P. 23(b)(2).

ODonnell's proposed class does not meet the requirements of Rule 23(b)(2). First, ODonnell seeks injunctive relief only from defendants who cannot provide it—Harris County and Sheriff Hickman. (*See* Docket Entry No. 3, ¶¶ 5-6; Docket Entry No. 25.) Second, ODonnell has not requested injunctive relief in such a way that this Court could define or enforce a meaningful injunction. *See Shook v. Board of Cnty. Comm'rs of Cnty. of El Paso*, 543 F.3d 597, 602 (10th Cir. 2008).

1.      An injunction against Harris County and Sheriff Hickman will provide no class-wide relief.

Certification under Rule 23(b)(2) requires that "the party opposing the class has acted or refused to act on grounds that apply generally to the class." FED. R. CIV. P. 23(b)(2). ODonnell has only moved for injunctive relief against two parties—Harris County and Sheriff Hickman— neither of whom have any role in determining or setting bail, and neither of which makes bail policy. ODonnell does not seek to enjoin the Hearing Officers—the only named defendants who are statutorily required to ensure an inquiry into and findings concerning an arrestee's ability to pay. (*Id.*, ¶¶ 5-7) (stating that the Hearing Officers are sued "in their individual and official

6

capacities for declaratory relief only."). As the only parties ODonnell seeks to enjoin cannot and have not "acted or refused to act" with respect to the bail policy at issue, ODonnell has not met the requirements of Rule 23(b)(2).

ODonnell also has not shown that there are "grounds that apply generally to the class," as not all proposed class members were subject to at least "an instance" of injurious conduct inflicted by any named defendant.[3] *See In re Deepwater Horizon*, 739 F.3d at 810-11. Because ODonnell has failed to properly identify the correct defendants or common grounds as required for class certification, it is properly denied.

      2.   <u>ODonnell has not defined the requested injunctive relief with specificity.</u>

Assuming that ODonnnell has properly stated a claim for injunctive relief against a defendant who can provide it, the injunctive relief she requests is incapable of meaningful enforcement. ODonnell requests an injunction essentially requiring that defendants enact new, unspecified procedures that ensure an "inquiry into and findings concerning [an arrestee's] ability to pay any monetary amount set." (Docket Entry No. 3, p. 29.)

The Fifth Circuit has affirmed denial of class certification under Rule 23(b)(2) when plaintiffs seeking class certification were "unable to explain how a court could define or enforce meaningful injunctive relief." *Maldonado*, 493 F.3d, 521, 524-25 (5th Cir. 2007). In that case, a class consisting of uninsured patients challenged a health care provider's billing practices, seeking a declaration and an injunction requiring the defendant to provide "mutually affordable healthcare" to both insured and uninsured patients. *Id.* at 524. The district court determined that the plaintiffs had failed to identify, at a class-wide level, what constituted a "reasonable charge" for a given service. *Id.*

---

[3] *See* infra, Section C.1.

7

The Tenth Circuit has similarly affirmed denial of certification for a section 1983 class seeking declaratory and injunctive relief, alleging cruel and unusual punishment in the El Paso County jail. *Shook*, 543 F.3d at 602. The *Shook* plaintiffs proposed a class comprised of "[a]ll persons with serious mental health needs who are now, or in the future will be, confined in the El Paso County Jail," and alternatively a class consisting of "all persons who are now, or in the future will be, confined in the El Paso County Jail." *Id.* at 602. The proposed injunction required the jail to provide additional mental health staff, mental health screenings, "adequate training" for jail staff on mental health, and implementation of an "adequate system" to provide medication to prisoners with mental health issues. *Id.* The district court denied class certification, recognizing that it would be "extraordinarily difficult to craft an injunction" satisfying Rule 23 requirements because the court was not equipped to determine what "adequate training" and similar requested injunctive relief actually meant. *Id.* at 603.

The Tenth Circuit agreed, explaining that "in order to craft an enforceable injunction," the district court would have been required to determine what "adequate staffing and training" meant at any given time, which would in turn have required particularized information about the class, such as how many inmates suffered from mental illness at any given time. *Id.* at 606. Moreover, because the plaintiffs had proposed a class that included future inmates, crafting an enforceable injunction would of necessity "require monitoring changes" to characteristics of the class over time. *Id.* By seeking certification of a "single broad class (all Jail inmates with mental health needs)," the plaintiffs "effectively invited the district court's concerns about the appropriateness of class-wide relief." *Id*.

ODonnell's case presents the same problems addressed by *Maldonado* and *Shook*. ODonnell's complaint requests the implementation and enforcement of class-wide "procedures"

that ensure an "inquiry into and findings concerning" the ability to pay. Like the plaintiffs in *Maldonado* and *Shook*, ODonnell's requested injunctive relief is ambiguous. State law and the Rules of Court already require an inquiry into an arrestee's ability to pay bail. TEX. CODE CRIM. PRO. ANN. art. 17.15. ODonnell does not explain how these policies are deficient, nor does she suggest what "procedures" would be sufficient. Nor does she identify who should implement those procedures, what "findings" would be sufficient, or when those findings should be made. Further, like *Shook*, in order to craft an enforceable injunction the Court would have to obtain and account for particularized information about each member of the class, as there is no class-wide means by which to determine a particular class member's "ability to pay."[4]

**C.     ODonnell's motion should be denied because it does not satisfy Rule 23(a).**

To certify the class, ODonnell bears the burden of showing that the class satisfies the Rule 23 requirements: numerosity, commonality, typicality, and adequacy. FED. R. CIV. P. 23(a).

1.     <u>Commonality: The class does not have commonality because it is overbroad.</u>

"In order to maintain a class action, the class sought to be represented must be adequately defined and clearly ascertainable." *In re Deepwater Horizon*, 739 F.3d 790, 821 (5th Cir. 2014); *DeBremaecker v. Short*, 433 F.2d 733, 734 (5th Cir. 1970). A class should not be certified "if it is apparent that it contains a great many persons who have suffered no injury at the hands of the defendant." *See Kohen v. Pacific Inv. Mgmt. Co., L.L.C.*, 571 F.3d 672, 678 (7th Cir. 2009); *see also In re Deepwater Horizon*, 739 F.3d at 810-11 (class certification requires that all class members be subject to an instance of the defendant's injurious conduct).

---

[4] ODonnell presumably would like the Hearing Officers to make some kind of explicit findings as to a person's financial status at the probable cause hearing. (*See* Docket Entry No. 3, ¶¶ 18-37.) But ODonnell has not sought to enjoin the Hearing Officers. If ODonnell seeks an injunction requiring an inquiry into the ability to pay at some other point in the pre-trial process, no defendant who can conduct that inquiry is properly before the Court.

ODonnell proposes certification of an injunctive and declaratory relief class as follows: "All individuals who are or will be detained by Harris County for any amount of time after arrest because they are unable to pay bail." (Docket Entry No. 2, p. 2.) This class is overbroad because it is not limited to misdemeanor arrestees, and it includes individuals that are "able," but choose not to, pay bail.

ODonnnell's Complaint "challenges . . . the use of secured money bail to detain only the most impoverished of *misdemeanor arrestees*." (Docket Entry No. 3, p. 2.) (emphasis added). She alleges that "[i]t is the policy and practice of Harris County to refuse to release misdemeanor arrestees from custody unless they pay a monetary sum," (*Id.*, ¶ 1) and that these policies have resulted in the jailing of "impoverished people accused of misdemeanor offenses." (*Id.*, ¶ 17.) ODonnell further acknowledges that the complained of bail schedule applies by its terms only to misdemeanor arrestees. (*Id.*, ¶ 12.) ODonnell's statistical evidence relates exclusively to misdemeanor arrestees. (*Id.*, ¶¶ 38-94.) ODonnell's class allegations focus exclusively on "pretrial misdemeanor detainees." (*Id.*, ¶ 100.) And ODonnell's alleged questions of fact common to the proposed class ask, in part, "[what] standard post-arrest procedures Harris County performs on misdemeanor arrestees." (*Id.*, ¶ 106.) In short, ODonnell's factual allegations concern only misdemeanor arrestees who are assessed bail pursuant to the bail schedule at issue—Class A and Class B misdemeanor arrestees. (*See* Rules of Court, Rule 9.1.)

Despite ODonnell's repeated recognition that her complaints are only applicable to those arrested for certain misdemeanor offenses, ODonnell's proposed class encompasses *any* person arrested in Harris County for *any* crime and subject to *any* amount of bail. The only common limiting factor keeping the proposed class from including every current or future criminal

defendant in the entire county is the condition that the arrestee is "unable to pay bail." (Docket Entry No. 2, p. 2.)

Under ODonnell's definition, the class would include Class C misdemeanor and felony arrestees. But those arrestees are not subject to the bail schedule at issue. *See* Tex. Code Crim. Proc. Ann. art. 4.11 (justices of the peace have original jurisdiction in certain criminal cases, including class C misdemeanors); art. 4.13 (justice of the peace "shall have the power to take forfeitures of all bonds given for the appearance of any party at his court, regardless of the amount"); Tex. Code Crim. Proc. Ann. arts. 17.01 *et seq.* (statutory provisions covering the setting of bail, including as to felony defendants); Rules of the Judicial District Courts of Harris County, Rule 6.12 (magistrate sitting in the District Court shall set bail and determine if a felony defendant is eligible for release). The proposed class would also include individuals arrested and detained pursuant to a warrant, which imposes a bail amount decided by a judicial officer. (Docket Entry No. 3, ¶ 15.)

ODonnell also ignores the reality that there are arrestees who are assessed bail that they are *able* to pay, but that, for various reasons, they *choose* not to pay. For instance, a detainee assessed a surety or cash bond might choose not to pay up-front because he knows his arraignment will take place within 24-48 hours and it may not be worth the cash payment to be released for that short time. Another unfortunate example is a homeless detainee who prefers to spend the night in jail where he will be fed and sheltered from the elements. Other defendants are not subject to an inquiry into their ability to pay bail—but will nonetheless be detained—because they are not eligible for bail at all. For example, a detained defendant might not be eligible for bail at all because he has previously failed to appear at a prior hearing, or if he is accused of an especially dangerous crime, or there are other outstanding warrants against him. *See, e.g.* Tex.

CODE CRIM. PROC. ANN. art. 17.152 (stating that bail may be denied to a Class A misdemeanor family violence offender).

Because ODonnell's proposed class includes diverse and non-common members, and because some of the proposed members do not meet the sole limiting factor of "inability to pay," the proposed class lacks commonality.

    2.    <u>Typicality: ODonnell's claims are not typical of the proposed class.</u>

To determine whether the Rule 23's typicality requirement has been met, "the critical inquiry is whether the class representative's claims have the same essential characteristics of those of the putative class." *James v. City of Dallas*, 254 F.3d 551, 571 (5th Cir. 2001). The alleged common claim here is that class members are unconstitutionally detained subsequent to a failure to post bond, caused by the Defendants' alleged failure to inquire into the ability of arrestees to pay bail.

ODonnell alleges that her claims are typical of the claims of the other class members: "She is being injured in the same way as the other Class members: they are all currently jailed, or are facing imminent jailing" because they "cannot pay up front the amount set by a predetermined schedule and required by the Defendants for their release." (Docket Entry No. 2, p. 11.) ODonnell cites *James v. City of Dallas* for the proposition that "[i]f the claims arise from a similar course of conduct and share the same legal theory, factual differences will not defeat typicality." 254 F.3d 551, 571 (5th Cir. 2001). ODonnell has failed to show that all class members' claims arise from a similar course of conduct.

First, as discussed above, not all class members' claims arose in the same way as did ODonnell's claims. Specifically, ODonnell complains of the "predetermined schedule," but Class C misdemeanor defendants and felony defendants are not assessed bail under the Rules of Court bail schedule.

Second, the factual representation that all people jailed in Harris County must "pay up front" the amount set in the bail schedule to be released is incorrect. Many misdemeanor arrestees take advantage of the bail schedule and obtain release before their arraignment, but only some of these arrestees are required to pay the full amount of their bond up-front before release. Bond can be posted in one of three ways under the County Courts at Law bail schedule: personal bond, surety bond, or cash bond. Rules of Court, 4.2.2.1.11. If a personal bond is assessed, the arrestee goes free with no up-front cash payment requirement. 8.5 percent of all misdemeanor defendants are granted personal bonds, and 46.1 percent are assessed surety bonds. (*See* Harris County Pretrial Services 2015 Annual Report, p. 9.) Only 5.1 percent are assessed cash bonds, requiring the full amount of the bond to be paid up-front before release. The standards for which type of bond is assessed vary from case to case. ODonnell, for example, was arrested and subject to a cash bond of $2,500.00.[5] An individual with no prior convictions could have been assessed only $500 for the same misdemeanor as ODonnell. (*See* Ex. C.)

Third, ODonnell is not, as she alleges, "being injured in the same way as the other Class members." (Docket Entry No. 2, p. 11.) ODonnell was released from custody after she paid a surety bond, and no longer has an interest in challenging her detention. It may be true that ODonnell "has a strong interest in not being held in a jail cell." (*Id.*, p. 12.) But she is not being held in a jail cell, and she is not a detainee who was unable to pay money bail. This alleged common interest with a current class of detainees no longer exists, and ODonnell's claim on that ground is not a claim typical of current proposed class members.

**D.     In the alternative, this Court should modify the proposed class definition.**

"District courts are permitted to limit or modify class definitions to provide the necessary precision." *In re Monumental Life Ins. Co.*, 365 F.3d 408, 414 (5th Cir. 2004). If the Court

---

[5] ODonnell has since forfeited that bond by failing to appear. *See* Ex. G.

determines that class certification is appropriate and that ODonnell is a proper representative, the Court should exercise its discretion to certify a class that meets the requirements of Rule 23.

Counsel for ODonnell has brought numerous similar cases in various courts around the country. Only one of those courts certified a class. *See Walker v. City of Calhoun*, No. 4:15-CV-170-HLM, 2016 WL 361580 (N.D. Ga. Jan. 28, 2016) (appeal filed Feb. 5, 2016). The *Walker* class was defined as "[a]ll arrestees unable to pay for their release who are or will be in the custody of the City of Calhoun as a result of an arrest involving a misdemeanor, traffic offense, or ordinance violation." *Id.* at *10. The court agreed with the plaintiff that "[i]t is difficult to imagine a class more similar than a group of people arrested in the same city by the same police agency, placed in the same jail, held for the same reason pursuant to the same procedures, and prosecuted in the same court." *Id.* at *9.

ODonnell's proposed class, in contrast, extends to *all* persons arrested in Harris County by any arresting entity, held for a variety of reasons under a variety of procedures, and prosecuted in different courts for different categories of offenses. A more narrowly defined class (like the class definition in *City of Calhoun*) that, for example, extended only to Class A and B misdemeanor arrestees subject to the County Criminal Courts at Law bail schedule, would be more appropriate than the current overbroad class definition.

<u>**Conclusion**</u>

ODonnell's proposed class is overbroad. She has failed to show that she is an adequate representative of this class, that a class proceeding will generate class-wide relief, or that her claims are typical of the entire proposed class. ODonnell has accordingly failed to carry her burden of showing that class certification is proper. If the Court considers the motion on the merits, the motion should be denied.

14

Respectfully Submitted,

GARDERE WYNNE SEWELL LLP

/s/ Katharine D. David
Mike Stafford
Federal I.D. No. 20898
Texas Bar No. 18996970
mstafford@gardere.com
Katharine D. David
Federal I.D. No. 577391
Texas Bar No. 24045749
kdavid@gardere.com
Philip J. Morgan
Federal I.D. No. 1708541
Texas Bar No. 24069008
pmorgan@gardere.com
Ben Stephens
Federal I.D. No. 2898153
Texas Bar No. 24098472
bstephens@gardere.com
2000 Wells Fargo Plaza
1000 Louisiana Street
Houston, TX  77002-5011
Ph: 713-276-5500 – Fax: 713-276-5555

**OFFICE OF THE HARRIS COUNTY ATTORNEY**

/s/ Melissa Spinks
Melissa Spinks
Sr. Assistant County Attorney
Federal I.D. No. 1312334
Texas Bar No. 24029431
melissa.spinks@cao.hctx.net
John Odam
Assistant County Attorney
Texas Bar No. 15192000
Federal I.D. No. 6944
john.odam@cao.hctx.net
1019 Congress, 15th Floor
Houston, Texas 77002
Ph: 713-274-5101 – Fax: 713-755-8924
***Counsel for Harris County, Texas, Sheriff Ron Hickman, Eric Stewart Hagstette, Joseph Licata III, Ronald Nicholas, Blanca Estela Villagomez, and Jill Wallace***

15

**<u>Certificate of Service</u>**

I certify that on the 18th of July, 2016, I electronically filed the foregoing document with the clerk of court for the U.S. District Court, Southern District of Texas, using the electronic case filing system of the court.


<u>   /s/ Katharine D. David                </u>
Katharine D. David