United States District Court
Southern District of Texas
**ENTERED**
August 29, 2016
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MARANDA LYNN ODONNELL, | § | |
| On behalf of herself and all | § | |
| others similarly situated, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-16-1414 |
| | § | |
| HARRIS COUNTY, TEXAS, *et al.*, | § | |
| | § | |
| Defendants. | § | |

## ORDER

TO ALL COUNSEL OF RECORD:

As the parties know well, the claims and issues before the court in this case are not unique to Harris County. Since 2013, similar cases have been filed in federal courts around the country. While these cases are at different stages, a significant number have settled through consent decrees that present common elements. *See, e.g., Jones v. City of Clanton*, 2015 WL 5387219 (M.D. Ala. 2015); *Cooper v. City of Dothan*, No. 14-425 (M.D. Ala. 2015); *Cleveland v. City of Montgomery*, No. 13-732 (M.D. Ala. 2013); *Pierce v. The City of Velda City*, No. 15-570 (E.D. Mo. 2015).

These cases raise a question for this case. Is mediation in advance of the preliminary injunction hearing likely to be beneficial? The first opportunity would appear to be shortly after the deadlines for amending, notifying the court whether present or new counsel will represent any newly added parties, and probably the answer date have all passed. If the parties believe that mediation, particularly in that time frame, may be helpful, each side must propose the names of three mediators, stating whether they are agreed to or not, and proposing a deadline for the mediation in advance of the preliminary injunction hearing.

The court would like a response to these questions from each side no later than Friday, September 2, by 5:00 p.m., filed with CM/ECF and in an email to Lisa Eddins.

In response to the question counsel for the defendants raised by earlier email: September 2, 2016, is the deadline for newly added parties to state in writing whether they will retain Gardere to defend them or whether they will retain separate counsel. This filing must be made by 5:00 p.m. The newly added parties need not state who will represent them, but only whether it will be the present counsel for the defendants or new counsel. If new counsel will be added, their appearance can be made when the answer is filed.

SIGNED on August 29, 2016, at Houston, Texas.

_____
Lee H. Rosenthal
United States District Judge