United States District Court
Southern District of Texas
**ENTERED**
January 11, 2017
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MARANDA LYNN ODONNELL, *et al.*, | § | |
| On behalf of herself and all others | § | |
| similarly situated, | § | |
| | § | |
| Plaintiffs, | § | CIVIL ACTION NO. H-16-1414 |
| | § | |
| v. | § | |
| | § | |
| HARRIS COUNTY, TEXAS, *et al.*, | § | |
| | § | |
| Defendants. | § | |

**ORDER**

The court has reviewed *in camera* the plaintiffs' unredacted copy of their investigator's report. The parties do not dispute that the investigator was guided by the plaintiffs' counsel in his investigation or that his report was prepared in anticipation of litigation. The court finds that the report is privileged attorney work product. To the extent the plaintiffs rely on the report to support their factual allegations, the relevant facts and nature of the investigation in the report must be disclosed, either by producing the report itself or by responding to interrogatories and depositions. *See Stern v. O'Quinn*, 253 F.R.D. 663, 676–80, 687 (S.D. Fla. 2008). But a partial waiver of the work-product privilege does not entitle the defendants to the entire unredacted investigator's record. *See id.* at 677 (ordering production of investigative materials created before a certain date but not after); *United States v. Nobles*, 422 U.S. 225, 239–40 (1975) (affirming only partial disclosure of investigator's work). The court finds that the plaintiffs have appropriately produced the relevant factual material in their report. Their redaction of irrelevant or strategic information was also appropriate.

The defendants also seek production of a list of Harris County employees who provided information to the plaintiffs, and the Harris County documents that have been provided. "Although the identity and location of witnesses that may have knowledge of any discoverable matter is not protected, the identity of witnesses interviewed by opposing counsel is protected." *Ferruza v. MTI Tech.*, Civil No. 00-745, 2002 WL 32344347, at *3 (C.D. Cal. June 13, 2002) (internal footnote omitted) (citing *Mass. v. First Nat'l Supermarkets, Inc.*, 112 F.R.D. 149, 154 (D. Mass. 1986); *Laxalt v. McClatchy*, 116 F.R.D. 438, 443 (D. Nev. 1987); *McIntyre v. Main St. & Main Inc.*, 2000 WL 33117274, at *2 (N.D. Cal. Sep. 29, 2000); *see also Plumbers & Pipefitters Local 572 Pension Fund v. Cisco Sys., Inc.*, 2005 WL 14595555 (N.D. Cal. June 21, 2005). The parties must generally disclose the employees and documents that may provide discoverable matter in their initial disclosures. Fed. R. Civ. P. 26(a)(1). But the defendants are not entitled to specific disclosure of the plaintiffs' interviewees or collection of Harris County documents.

SIGNED on January 11, 2017, at Houston, Texas.

Lee H. Rosenthal
Chief United States District Judge