IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

|  |  |  |
|---|---|---|
| MARANDA LYNN ODONNELL, et al. | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Case No: 16-cv-01414 |
| | ) | (Consolidated Class Action) |
| HARRIS COUNTY, TEXAS, et al. | ) | The Honorable Lee H. Rosenthal |
| | ) | U.S. District Judge |
| | ) | |
| Defendants. | ) | |

## COUNTY CRIMINAL COURT AT LAW JUDGES' ANSWER AND AFFIRMATIVE DEFENSES TO FIRST AMENDED CLASS ACTION COMPLAINT

The Defendant County Criminal Court at Law Judges file this Answer and Affirmative Defenses in response to Plaintiffs Maranda Lynn ODonnell, Robert Ryan Ford, and Loetha McGruder' s ("Plaintiffs'") First Amended Class Action Complaint.[1]

### Introduction

The four paragraphs of conclusory allegations in Plaintiffs' Introduction do not require a response from the County Criminal Court at Law Judges. Although no response is required, the County Criminal Court at Law Judges deny the allegations contained in the Introduction.

### Nature of the Action

1.      The Harris County Criminal Court at Law Judges admit that Plaintiffs seek declaratory and injunctive relief. The Harris County Criminal Court at Law Judges admit that they have promulgated, pursuant to the *Roberson* order's mandate, an initial bail schedule that takes

---

[1] The parties have agreed to substitute Darrell Jordan in place of Linda Garcia as the Judge of the County Criminal Court at Law No. 16 for Harris County, Texas. This answer is filed on behalf of the other Judge Defendants.

into consideration the offense charged and the arrestee's criminal history. The County Criminal Court at Law Judges deny the remaining allegations of paragraph 1.

2.      The County Criminal Court at Law Judges admit that Plaintiffs' purport to bring a civil rights action under 42 U.S.C. § 1983 and 28 U.S.C. § 2201. The County Criminal Court at Law Judges deny the remaining allegations of paragraph 2.

3.      The County Criminal Court at Law Judges admit that venue is proper.

**Parties**

4.      The County Criminal Court at Law Judges admit that court documents suggest that Plaintiff ODonnell was 22-years-old when she filed this suit, and that she has a child.  The County Criminal Court at Law Judges deny that Plaintiff ODonnell represents a class of similarly situated people and that they are subjected to a "wealth-based post-arrest detention scheme."

5.      The County Criminal Court at Law Judges admit that court documents suggest that Plaintiff McGruder is a 22-year-old woman with children.  The County Criminal Court at Law Judges deny that Plaintiff McGruder represents a class of similarly situated people and that they are subjected to a "wealth-based post-arrest detention scheme." The County Criminal Court at Law Judges lack a sufficient basis to admit or deny that Plaintiff McGruder is pregnant.

6.      The County Criminal Court at Law Judges admit that court documents suggest that Plaintiff Ford was 26-years-old when he filed this lawsuit.  The County Criminal Court at Law Judges deny that Plaintiff Ford represents a class of similarly situated people and that they are subjected to a "wealth-based post-arrest detention scheme."

7.      The County Criminal Court at Law Judges admit that Harris County is a body corporate and politic under the laws of the State of Texas, and that the Harris County Sheriff's Department is a department within Harris County that operates the Harris County Jail and some

other detention facilities. The County Criminal Court at Law Judges lack a sufficient basis to admit or deny the other allegations of paragraph 7.

8.    The Harris County Criminal Court at Law Judges admit that they have promulgated, pursuant to the *Roberson* Order's mandate, an initial bail schedule that takes into consideration the offense charged and the arrestee's criminal history. The County Criminal Court at Law Judges admit that the Sheriff's Department is responsible for a percentage of arrests within Harris County, that it transports arrestees from field stations under its control to the Harris County Jail, that the Harris County Jail houses inmates that (apart from the timeline surrounding their immediate arrest and until they are received by the jail) are detained pending prosecution in Harris County's Criminal Courts at Law, that the Sheriff's Department detains arrestees at the Harris County Jail and some other facilities, and that some Sheriff's Department officers and employees are authorized to accept bail and release an arrestee with instructions to appear in court at a time certain. The County Criminal Court at Law Judges deny, or lack a sufficient basis to admit, the remaining allegations of paragraph 8.

9.    The County Criminal Court at Law Judges admit that Sheriff's Department employees bring arrestees to a room inside the jail for probable cause proceedings and Article 15.17 proceedings, and supervise and monitor the arrestees during the proceedings.  The County Criminal Court at Law Judges deny the remaining allegations of paragraph 9.

10.    The Harris County Criminal Court at Law Judges admit that they have promulgated, pursuant to the *Roberson* Order's mandate, an initial bail schedule that takes into consideration the offense charged and the arrestee's criminal history. The County Criminal Court at Law Judges admit that the Sheriff runs the jail and has access to some information concerning each inmate. The County Criminal Court at Law Judges deny the remaining allegations of paragraph 10.

3

11.     The County Criminal Court at Law Judges deny the allegations of paragraph 11.

12.     The County Criminal Court at Law Judges admit that the Sheriff's Department is run by the Harris County Sheriff, and that Ron Hickman was the Harris County Sheriff at the time this suit was filed.[2]  The County Criminal Court at Law Judges deny the remaining allegations of paragraph 12.

13.     The Harris County Criminal Court at Law Judges admit that they have promulgated, pursuant to the *Roberson* Order's mandate, an initial bail schedule that takes into consideration the offense charged and the arrestee's criminal history. The County Criminal Court at Law Judges admit that Eric Stewart Hagstette, Joseph Licata III, Ronald Nicholas, Blanca Estela Villagomez, and Jill Wallace are all Harris County Criminal Law Hearing Officers and that they are appointed and can be terminated by a two-thirds vote of a Harris County board composed of three judges of the District Courts of Harris County, three judges of the County Criminal Courts at Law, and three justices of the peace. The County Criminal Court at Law Judges admit that the Hearing Officers make probable cause determinations and set bail for arrestees pursuant to the *Roberson* Order, the Texas Code of Criminal Procedure, and the Local Rules of Court.  The County Criminal Court at Law Judges deny the remaining allegations of paragraph 13.

14.     The County Criminal Court at Law Judges admit the allegations of paragraph 14 are true at the time this lawsuit was filed.[3]

15.     The County Criminal Court at Law Judges admit that, sitting *en banc*, they promulgate the Local Rules of Court for the County Criminal Courts at Law. The Harris County

---

[2] Ron Hickman was the Harris County Sheriff when Plaintiffs' filed their Amended Complaint.  On January 1, 2017, however, Ed Gonzalez replaced Hickman as the Harris County Sheriff.

[3] At the time Plaintiffs' Amended Complaint was filed these were the 16 Harris County Criminal Court at Law Judges. On January 1, 2017, however, Darrell Jordan replaced Linda Garcia as the judge of County Criminal Court at Law No. 16 for Harris County, Texas.  Current Counsel for the Harris County Criminal Court at Law Judges have not been retained at this time to represent Judge Jordan.

Criminal Court at Law Judges admit that they have promulgated, pursuant to the *Roberson* Order's mandate, an initial bail schedule that takes into consideration the offense charged and the arrestee's criminal history. The County Criminal Court at Law Judges deny the remaining allegations of paragraph 15.

16.     The Harris County Criminal Court at Law Judges admit that they have promulgated, pursuant to the *Roberson* Order's mandate, an initial bail schedule that takes into consideration the offense charged and the arrestee's criminal history. The County Criminal Court at Law Judges admit that the Sheriff's Department arrests individuals and accepts arrestees into custody.  The County Criminal Court at Law Judges deny the allegations of paragraph 16.

17.     The Harris County Criminal Court at Law Judges admit that they have promulgated, pursuant to the *Roberson* Order's mandate, an initial bail schedule that takes into consideration the offense charged and the arrestee's criminal history. The County Criminal Court at Law Judges deny the remaining allegations of paragraph 17.

18.     The Harris County Criminal Court at Law Judges admit that they have promulgated, pursuant to the *Roberson* Order's mandate, an initial bail schedule that takes into consideration the offense charged and the arrestee's criminal history. The County Criminal Court at Law Judges admit that the probable cause proceedings are recorded and kept as directed by the Texas Code of Criminal Procedure. The County Criminal Court at Law Judges deny the remaining allegations of paragraph 18.

19.     The County Criminal Court at Law Judges deny the allegations of paragraph 19.

20.     The County Criminal Court at Law Judges admit that Plaintiffs purport to sue them in their individual and official capacities for injunctive and declaratory relief, although the Court

dismissed all actions against them in their individual capacities. The County Criminal Court at Law Judges deny that Plaintiffs are entitled to any relief.

### Factual Background

21.     The County Criminal Court at Law Judges admit that court documents suggest that the allegation of paragraph 21 was true at the time this lawsuit was filed.

22.     The Harris County Criminal Court at Law Judges admit that they have promulgated, pursuant to the *Roberson* Order's mandate, an initial bail schedule that takes into consideration the offense charged and the arrestee's criminal history. The County Criminal Court at Law Judges admit that court information suggests that Plaintiff ODonnell was arrested on May 18, 2016 for driving while her license was invalid/suspended. The County Criminal Court at Law Judges deny the remaining allegations of paragraph 22.

23.     The Harris County Criminal Court at Law Judges admit that they have promulgated, pursuant to the *Roberson* Order's mandate, an initial bail schedule that takes into consideration the offense charged and the arrestee's criminal history. The County Criminal Court at Law Judges admit that Plaintiff ODonnell appeared by video from the jail for her probable cause and Article 15.17 proceeding, and that a Hearing Officer found probable cause for her arrest. The County Criminal Court at Law Judges admit that Plaintiff ODonnell's probable cause and Article 15.17 proceeding lasted approximately one minute and that her bail was set at $2,500. The County Criminal Court at Law Judges deny the remaining allegations of paragraph 23.

24.     The County Criminal Court at Law Judges admit that Plaintiff ODonnell has a child and works at a sports bar according to the information gathered by Harris County Pretrial Services. The County Criminal Court at Law Judges do not have a sufficient basis to admit or deny the remaining allegations of paragraph 24.

25.     The County Criminal Court at Law Judges admit that court documents suggest that the allegation of paragraph 25 was correct when this lawsuit was filed.

26.     The County Criminal Court at Law Judges admit that court documents suggest that Plaintiff McGruder was arrested on May 19, 2016 for giving false/fictitious information to a police officer. The County Criminal Court at Law Judges deny the remaining allegations of paragraph 26.

27.     The Harris County Criminal Court at Law Judges admit that they have promulgated, pursuant to the *Roberson* Order's mandate, an initial bail schedule that takes into consideration the offense charged and the arrestee's criminal history. The County Criminal Court at Law Judges admit that Plaintiff McGruder appeared by video from the jail for her probable cause and Article 15.17 proceeding, and that a Hearing Officer found probable cause for her arrest.  The County Criminal Court at Law Judges admit that Plaintiff McGruder' s probable cause and Article 15.17 proceeding lasted approximately one minute and 20 seconds, and that her bail was set at $5,000. The County Criminal Court at Law Judges deny the remaining allegations of paragraph 27.

28.     The County Criminal Court at Law Judges admit that Plaintiff McGruder lives with her boyfriend and has at least one child according to the information collected by Harris County Pretrial Services.  The County Criminal Court at Law Judges lack a sufficient basis to admit or deny the remaining allegations of paragraph 28.

29.     The County Criminal Court at Law Judges admit that court documents suggest that the allegation of paragraph 29 was true at the time this suit was filed.

30.     The County Criminal Court at Law Judges admit that court documents suggest that Plaintiff Ford was arrested for theft of property valued  at over $100, but less than $750, on May 18, 2016.

31.     The Harris County Criminal Court at Law Judges admit that they have promulgated, pursuant to the *Roberson* Order's mandate, an initial bail schedule that takes into consideration the offense charged and the arrestee's criminal history. The County Criminal Court at Law Judges admit that Plaintiff Ford appeared by video from the jail for his probable cause and Article 15.17 proceeding, and that a Hearing Officer found probable cause for his arrest. The County Criminal Court at Law Judges admit that Plaintiff Ford's probable cause and Article 15.17 proceeding lasted approximately one minute, and that his bail was set at $5,000. The County Criminal Court at Law Judges deny the remaining allegations of paragraph 31.

32.     The County Criminal Court at Law Judges lack a sufficient basis to admit or deny the allegations of paragraph 32.

33.     The County Criminal Court at Law Judges admit that, sitting *en banc*, they promulgate the Harris County Local Rules of Court. The Harris County Criminal Court at Law Judges admit that they have promulgated, pursuant to the *Roberson* Order's mandate, an initial bail schedule that takes into consideration the offense charged and the arrestee's criminal history. The County Criminal Court at Law Judges deny the remaining allegations of paragraph 33.

34.     The County Criminal Court at Law Judges admit that the allegations of paragraph 34 match the statistics reported in Harris County's Pretrial Services Annual Report 2015.

35.     The County Criminal Court at Law Judges admit the allegations of paragraph 35, but note that what the Plaintiffs term "field stations" are referred to as substations in practice and that it is possible for an arrestee to be taken directly to the Harris County Jail.

36.     The County Criminal Court at Law Judges admit the allegations of paragraph 36, but note that what Plaintiffs term "hotline" is referred to as DA Intake in practice.

37.     The County Criminal Court at Law Judges admit that an assistant district attorney can decline charges. The County Criminal Court at Law Judges lack a sufficient basis to admit or deny the remaining allegations of paragraph 39.

38.     The Harris County Criminal Court at Law Judges admit that they have promulgated, pursuant to the *Roberson* Order's mandate, an initial bail schedule that takes into consideration the offense charged and the arrestee's criminal history. The County Criminal Court at Law Judges admit that the District Attorney's Office uses the initial bail schedule to apply an initial bail amount on the Complaint filed with the District Clerk. The County Criminal Court at Law Judges deny the remaining allegations of paragraph 38.

39.     The Harris County Criminal Court at Law Judges admit that they have promulgated, pursuant to the *Roberson* Order's mandate, an initial bail schedule that takes into consideration the offense charged and the arrestee's criminal history. The County Criminal Court at Law Judges admit that defendants who are not subject to holds will be released from custody if they post a cash, surety, or personal bond for the bail amount set in their case. The County Criminal Court at Law Judges deny the remaining allegations of paragraph 39.

40.     The County Criminal Court at Law Judges deny that the ADA sets bail. The County Criminal Court at Law Judges admit that the District Attorney's Office, agencies processing individuals for release from field stations, and the Sheriff's Department have access to information about whether a given arrestee is subject to a non-monetary hold. The County Criminal Court at Law Judges deny the remaining allegations of paragraph 40.

41.     The County Criminal Court at Law Judges admit the allegations of paragraph 41.

42.     The County Criminal Court at Law Judges deny that there is any "differential treatment" of arrestees in Harris County, as all arrestees go through the same post-arrest procedure. The County Criminal Court at Law Judges deny the remaining allegations of paragraph 42.

43.     The Harris County Criminal Court at Law Judges admit that they have promulgated, pursuant to the *Roberson* Order's mandate, an initial bail schedule that takes into consideration the offense charged and the arrestee's criminal history. The County Criminal Court at Law Judges admit that the District Attorney's Office uses the initial bail schedule mandated by *Roberson* and promulgated in the Local Rules to apply an initial bail amount on the Complaint filed with the District Clerk. The County Criminal Court at Law Judges admit that Hearing Officers make a finding of probable cause and signs the warrant if appropriate. The County Criminal Court at Law Judges deny the remaining allegations of paragraph 43.

44.     The Harris County Criminal Court at Law Judges admit that they have promulgated, pursuant to the *Roberson* Order's mandate, an initial bail schedule that takes into consideration the offense charged and the arrestee's criminal history. The County Criminal Court at Law Judges admit that in most cases arrestees can pay the initial bail demand and be released without being booked into the jail, absent other bases to detain them. However in a number of cases this is not allowed and the arrestee is taken to jail, booked and brought before a Hearing Officer, regardless of whether he agrees to pay bail.  The County Criminal Court at Law Judges admit that many individuals with active warrants can avoid being arrested by appearing at the jail and posting a bond. The County Criminal Court at Law Judges deny the remaining allegations of paragraph 44.

45.     The County Criminal Court at Law Judges admit the allegations of paragraph 45.

46.     The County Criminal Court at Law Judges generally admit the allegations in paragraph 46, although they are unaware if the City of Lakeview maintains its own detention facility or uses another agency's detention facility.

47.     The Harris County Criminal Court at Law Judges admit that they have promulgated, pursuant to the *Roberson* Order's mandate, an initial bail schedule that takes into consideration the offense charged and the arrestee's criminal history. The County Criminal Court at Law Judges deny the remaining allegations of paragraph 47.

48.     The County Criminal Court at Law Judges admit that a defendant's case documents are publically available on the District Clerk's website sometime after arrest and that the website indicates whether an arrestee is in jail or on bond for that case. The County Criminal Court at Law Judges lack sufficient information to admit or deny the remaining allegations of paragraph 48.

49.     The County Criminal Court at Law Judges lack a sufficient basis to admit or deny the remaining allegations in paragraph 49.

50.     The Harris County Criminal Court at Law Judges admit that they have promulgated, pursuant to the *Roberson* Order's mandate, an initial bail schedule that takes into consideration the offense charged and the arrestee's criminal history. The County Criminal Court at Law Judges lack a sufficient basis to admit or deny allegations about what unnamed "jail officials" allegedly stated. The County Criminal Court at Law Judges admit that defendants who post bond are released at some point afterward, absent other bases to detain them. The County Criminal Court at Law Judges believe that arrestees may be held in different areas of the jail based on jail need and the arrestee's particular circumstances. The County Criminal Court at Law Judges deny the remaining allegations of paragraph 50.

51.     The County Criminal Court at Law Judges admit that criminal defendants are brought before a Hearing Officer via videolink for a probable cause and Article 15.17 proceeding, generally within 24 hours of arrest. The County Criminal Court at Law Judges deny the remaining allegations of paragraph 51.

52.     The County Criminal Court at Law Judges admit that some arrestees post bond from a facility other than the downtown Harris County Jail and are released without submitting to the jail's booking process. The County Criminal Court at Law Judges deny the allegations of paragraph 52.

53.     The County Criminal Court at Law Judges deny the allegations of paragraph 53 because Plaintiffs mischaracterize the cited statistics.

54.     The County Criminal Court at Law Judges admit that the Harris County Sheriff's Department jail personnel assemble groups of people, of various sizes, throughout the day to be brought before Hearing Officers in both misdemeanor and felony cases.

55.     The County Criminal Court at Law Judges lack sufficient information to admit or deny what Sheriff's Department employees and agents tell arrestees.

56.     The Harris County Criminal Court at Law Judges admit that they have promulgated, pursuant to the *Roberson* Order's mandate, an initial bail schedule that takes into consideration the offense charged and the arrestee's criminal history. The County Criminal Court at Law Judges admit that criminal defendants are brought before a magistrate Hearing Officer[4] within 24 hours of arrest for a probable cause and Article 15.17 proceeding, which is conducted via videolink. The County Criminal Court at Law Judges admit that criminal defendants are dressed in orange jail scrubs or street clothes during this proceeding, and that they are supervised by Sheriff's

---

[4] At the time this lawsuit was filed there were five Hearing Officers and each is a named Defendant. There are now seven Hearing Officers.

Department employees while the Hearing Officer and prosecutor are in a courtroom in the Harris County Courthouse. The County Criminal Court at Law Judges deny the remaining allegations of paragraph 56.

57.     The County Criminal Court at Law Judges admit the allegations in paragraph 57.

58.     The County Criminal Court at Law Judges admit that Harris County strives to conduct the probable cause and Article 15.17 proceedings within 24 hours of a defendants arrest, and generally does so. The County Criminal Court at Law Judges admit that this does not always occur due to special circumstances, such as defendants that are not in Harris County's custody or who need medical or psychiatric attention. Nearly all defendants have probable cause determined within 24 hours, even if done based on documents outside the arrestee's presence, and, if it is not determined within 24 hours, then the arrestee is released from jail absent other bases to detain him. The County Criminal Court at Law Judges admit that defendants will be released from custody, absent other bases to detain them, if they post bond at this stage either through a surety bond, cash bond, or a personal bond. The County Criminal Court at Law Judges deny the remaining allegations of paragraph 58.

59.     The County Criminal Court at Law Judges admit that when a defendant posts bond and is released from custody, probable cause will usually be considered at their initial appearance before a County Criminal Court at Law Judge, typically set within 7 days, if it has not been considered prior to that time. Some arrestees post a cash or surety bond after a probable cause determination has been made by a magistrate.

60.     The Harris County Criminal Court at Law Judges admit that they have promulgated, pursuant to the *Roberson* Order's mandate, an initial bail schedule that takes into consideration the offense charged and the arrestee's criminal history. The County Criminal Court at Law Judges

admit that Assistant District Attorneys participate in the probable cause hearing and are present for the Article 15.17 proceeding. The County Criminal Court at Law Judges admit that Assistant District Attorneys articulate allegations to provide a basis for the Hearing Officer to consider probable cause and sometimes request a bail amount higher than the initial bail schedule suggests. The County Criminal Court at Law Judges deny the remaining allegations of paragraph 60.

61.     The County Criminal Court at Law Judges admit that defendants do not have counsel at their probable cause and Article 15.17 proceeding because it is non-adversarial and not required.

62.     The County Criminal Court at Law Judges believe Plaintiffs are quoting a Harris County Pretrial Services 2014 Annual Report and deny Plaintiffs' mischaracterization of the statistics from that report.  The cited statistics represent only the defendants interviewed by Pretrial Services, which excludes all defendants who bonded out beforehand.  The County Criminal Court at Law Judges admit that, according to the 2014 Report, 31.5% of defendants interviewed by Pretrial Services in 2014 did not have a high school education and 18.4% of defendants interviewed in 2014 by Pretrial Services had "Mental Health Indicators." The Harris County Criminal Court at Law Judges believe that the educational information is based upon self-reported data provided by arrestees when interviewed by Pretrial Services agents. The Harris County Criminal Court at Law Judges also believe that some defendants are high school students at the time they are arrested.

63.     The County Criminal Court at Law Judges admit that the Hearing Officers may ask questions of the assistant district attorneys before, and do ask questions of the assistant district attorneys during, the probable cause proceeding.  The County Criminal Court at Law Judges lack sufficient information to admit or deny the remaining allegations in paragraph 63.

64.     The County Criminal Court at Law Judges deny the allegations of paragraph 64. The ability to pay bail is required to be considered according to the Texas Code of Criminal Procedure, the *Roberson* Order, and the Local Rules of Court. Pretrial Services collects financial data and makes it available to the Hearing Officers and Judges.

65.     The County Criminal Court at Law Judges admit the allegations of paragraph 65.

66.     The Harris County Criminal Court at Law Judges admit that they have promulgated, pursuant to the *Roberson* Order's mandate, an initial bail schedule that takes into consideration the offense charged and the arrestee's criminal history. The County Criminal Court at Law Judges admit that Hearing Officers make probable cause determinations, set bail, and consider whether to grant a personal bond during the probable cause and Article 15.17 proceeding. The County Criminal Court at Law Judges admit that a Hearing Officer calls an arrestee's name, they stand in a red square on the floor, and the Hearing Officer reads their charge and allows an Assistant District Attorney to provide information related to probable cause. The County Criminal Court at Law Judges deny the remaining allegations of paragraph 66.

67.     The County Criminal Court at Law Judges deny the allegations of paragraph 67.

68.     The County Criminal Court at Law Judges deny the allegations of paragraph 68. The ability to pay bail is required to be considered according to the Texas Code of Criminal Procedure, the *Roberson* Order, and the Local Rules of Court. Pretrial Services collects financial data and makes it available to the Hearing Officers and Judges.

69.     The County Criminal Court at Law Judges admit that defendants are discouraged from incriminating themselves during the probable cause, bail, and personal bond proceeding. The County Criminal Court at Law Judges deny the remaining allegations of paragraph 69.

70.     The County Criminal Court at Law Judges deny that the allegations of paragraph 70 are "typical of standard policy.".

71.     The County Criminal Court at Law Judges lack a sufficient basis to admit or deny the allegations in paragraph 71 because Plaintiffs have not provided specific information about or a written record of the alleged conversation.   The County Criminal Court at Law Judges specifically deny that the bail schedule somehow changes the requirement of the Local Rules of Court, *Roberson* Order, and the Texas Code of Criminal Procedure which require that the ability to pay bail be considered as one factor..

72.     The Harris County Criminal Court at Law Judges admit that they have promulgated, pursuant to the *Roberson* Order's mandate, an initial bail schedule that takes into consideration the offense charged and the arrestee's criminal history, which must be considered along with the ability to pay and other factors listed in the Local Rules of Court, the *Roberson* Order and the Texas Code of Criminal Procedure. The County Criminal Court at Law Judges admit that a Criminal Law Hearing Officer lacks authority to preside over a constitutional challenge to a bail amount. However the County Criminal Court at  Law Judges could consider such a constitutional challenge if raised.  The County Criminal Court at Law Judges deny the remaining allegations of paragraph 72.

73.     The Harris County Criminal Court at Law Judges admit that they have promulgated, pursuant to the *Roberson* Order's mandate, an initial bail schedule that takes into consideration the offense charged and the arrestee's criminal history. The County Criminal Court at Law Judges deny the remaining allegations of paragraph 73.

74.     The Harris County Criminal Court at Law Judges admit that they have promulgated, pursuant to the *Roberson* Order's mandate, an initial bail schedule that takes into consideration the

offense charged and the arrestee's criminal history. The County Criminal Court at Law Judges admit that an Assistant District Attorney sometimes requests a bail amount for defendants that is higher than what the initial bail schedule suggests. The County Criminal Court at Law Judges deny the remaining allegations of paragraph 74.

75.     The County Criminal Court at Law Judges deny the allegations of paragraph 75.

76.     The Harris County Criminal Court at Law Judges admit that they have promulgated, pursuant to the *Roberson* Order's mandate, an initial bail schedule that takes into consideration the offense charged and the arrestee's criminal history. The County Criminal Court at Law Judges admit that Hearing Officers sometimes need to consider probable cause, bail, and personal bond in a defendant's absence due to medical issues. The County Criminal Court at Law Judges deny the remaining allegations of paragraph 76.

77.     The County Criminal Court at Law Judges deny the allegations of paragraph 77.

78.     The County Criminal Court at Law Judges admit that the Hearing Officers approve unsecured personal bonds for defendants if they determine one is appropriate under the circumstances.

79.     The County Criminal Court at Law Judges deny the allegations of paragraph 79.

80.     The County Criminal Court at Law Judges admit that roughly 8% of <u>all</u> arrestees were released on personal bond in 2014 and 2015. However, this number ignores that many arrestees who would receive a personal bond post bail before the probable cause, bail, and personal bond proceeding.

81.     The County Criminal Court at Law Judges deny the allegations of paragraph 81.

82.     The Harris County Criminal Court at Law Judges admit that they have promulgated, pursuant to the *Roberson* Order's mandate, an initial bail schedule that takes into consideration the

offense charged and the arrestee's criminal history. The County Criminal Court at Law Judges admit that Hearing Officers sometimes approve personal bonds subject to verification of information by Pretrial Services, that verification can take time, that sometimes verification is not accomplished, and that booked defendants receiving personal bonds must be processed out of the jail before they are released. The County Criminal Court at Law Judges deny the remaining allegations of paragraph 82.

83.     The Harris County Criminal Court at Law Judges admit that they have promulgated, pursuant to the *Roberson* Order's mandate, an initial bail schedule that takes into consideration the offense charged and the arrestee's criminal history. The County Criminal Court at Law Judges admit that if a defendant posts a cash or surety bond while awaiting verification for an otherwise approved personal bond, the defendant will be released from custody. The County Criminal Court at Law Judges deny the remaining allegations of paragraph 83.

84.     The County Criminal Court at Law Judges deny the allegations of paragraph 84.

85.     The County Criminal Court at Law Judges admit that a Hearing Officer may consider whether a defendant has failed to appear on previous personal bonds, is a student, is new to Houston, or is unable to pay bail, among other things, when determining whether to grant a personal bond, but no one factor is dispositive. The County Criminal Court at Law  Judges deny the remaining allegations of paragraph 85.

86.     The County Criminal Court at Law Judges deny the allegations of paragraph 86.

87.     The County Criminal Court at Law Judges deny the allegations in paragraph 87.

88.     The County Criminal Court at Law Judges deny the allegations of paragraph 88. The County Criminal Court at Law Judges specifically deny that a Hearing Officer refused to

consider ability to pay and/or refused to consider permitting release on non-financial conditions of release.

89.     The County Criminal Court at Law Judges admit that defendants are discouraged from incriminating themselves during the probable cause, bail, and personal bond proceeding. The County Criminal Court at Law Judges deny the remaining allegations of paragraph 89.

90.     The County Criminal Court at Law Judges deny the allegations in paragraph 90.

91.     The County Criminal Court at Law Judges deny the allegations in paragraph 91.

92.     The County Criminal Court at Law Judges deny the allegations in paragraph 92.

93.     The County Criminal Court at Law Judges deny the allegations in paragraph 93.

94.     The County Criminal Court at Law Judges deny the allegations in paragraph 94.

95.     The County Criminal Court at Law Judges admit that defendants who post bail will be released from custody, absent another basis to detain them. The County Criminal Court at Law Judges deny the remaining allegations of paragraph 95.

96.     The County Criminal Court at Law Judges admit that defendants who are still in jail after their probable cause, bail, and personal bond proceeding will be brought before a County Criminal Court at Law Judge for their initial appearance the next business day. The County Criminal Court at Law Judges deny the remaining allegations of paragraph 96.

97.     The County Criminal Court at Law Judges admit that defendants are given court-appointed attorneys because they are indigent, or because the interests of justice demand it, at their initial appearance. The County Criminal Court at Law Judges deny that bail amounts are not reviewed. As of November 2016, there is a standing practice of mandatory review of bail at the initial appearance, absent knowing waiver by a defendant. The County Criminal Court at Law Judges deny the remaining allegations of paragraph 97.

98.     The County Criminal Court at Law Judges admit that the Harris County Sheriff maintains a holding facility attached to each courtroom where in-custody defendants are held during court dockets. The County Criminal Court at Law Judges deny the remaining allegations of paragraph 98.

99.     The County Criminal Court at Law Judges deny the allegations of paragraph 99.

100.     The Harris County Criminal Court at Law Judges admit that they have promulgated, pursuant to the *Roberson* Order's mandate, an initial bail schedule that takes into consideration the offense charged and the arrestee's criminal history. The County Criminal Court at Law Judges admit that they accept knowing and voluntary guilty pleas from criminal defendants who are represented by counsel. The County Criminal Court at Law Judges deny the remaining allegations of paragraph 100.

101.     The Harris County Criminal Court at Law Judges admit that they have promulgated, pursuant to the *Roberson* Order's mandate, an initial bail schedule that takes into consideration the offense charged and the arrestee's criminal history. The County Criminal Court at Law Judges admit that Pretrial Services collects self-reported financial data given to them by an arrestee during their interview, and that the financial data is available to the Hearing Officers and Judges. The County Criminal Court at Law Judges deny the allegations of paragraph 101.

102.     The County Criminal Court at Law Judges admit that Sherriff's Department employees observe the probable cause, bail, and personal bond proceedings. The County Criminal Court at Law Judges deny the remaining allegations of paragraph 102.

103.     The County Criminal Court at Law Judges admit that many arrestees receive appointed counsel on the basis of indigence or in the interests of justice, and that the recordings of

Article 15.17 proceedings are maintained as directed by the Texas Code of Criminal Procedure. The County Criminal Court at Law Judges deny the allegations of paragraph 103.

104.    The Harris County Criminal Court at Law Judges admit that they have promulgated, pursuant to the *Roberson* Order's mandate, an initial bail schedule that takes into consideration the offense charged and the arrestee's criminal history. The County Criminal Court at Law Judges admit that defense attorneys can move for a reduction of bail or a personal bond at a defendant's initial appearance, conducted within one business day of the probable cause, bail, and personal bond hearing. Indeed, as of November 2016, defense counsel are required to raise the issue of bail at the initial appearance absent a knowing and voluntary waiver, or request to postpone, made by the defendant. The County Criminal Court at Law Judges deny the remaining allegations of paragraph 104.

105.    The Harris County Criminal Court at Law Judges admit that they have promulgated, pursuant to the *Roberson* Order's mandate, an initial bail schedule that takes into consideration the offense charged and the arrestee's criminal history. The County Criminal Court at Law Judges admit that a defendant who posts bond in a case will be released from jail absent another basis to detain him. The County Criminal Court at Law Judges deny the allegations of paragraph 105.

106.    The Harris County Criminal Court at Law Judges admit that they have promulgated, pursuant to the *Roberson* Order's mandate, an initial bail schedule that takes into consideration the offense charged and the arrestee's criminal history. The County Criminal Court at Law Judges admit that Plaintiffs purport to cite statistics from a study of defendants charged between January 1, 2012, and April 30, 2012.  The County Criminal Court at Law Judges were not involved in the study or its source data and, thus, lack sufficient information to admit or deny its accuracy.

107.    The County Criminal Court at Law Judges admit that, according to the Harris County Pretrial Services 2015 Annual Report, 83.3% of misdemeanor defendants with a bond of $500 in 2015 posted it, and that 76.5% of misdemeanor defendants with a bond of $501-$1,999 posted it.  The County Criminal Court at Law Judges admit that for a variety of reasons, the remainder do not post bond.

108.    The County Criminal Court at Law Judges admit that, according to statistics reported in Harris County Pretrial Services 2014 and 2015 Annual Reports, 59.7% of misdemeanor arrestees with a secured bail amount posted bond in 2014 and 2015.  The County Criminal Court at Law Judges deny the remaining allegations of paragraph 108.

109.    The County Criminal Court at Law Judges admit that Harris County Jail is the largest in Texas, third largest in the United States, and has approximately 120,000 bookings each year, according to the Texas Criminal Justice Coalition Report cited by Plaintiffs.  The County Criminal Court at Law Judges admit that all arrestees will be transported to the Harris County Jail at some point following their arrest, absent posting some form of bond. The County Criminal Court at Law Judges do not have sufficient basis to admit or deny that "most individuals" arrested in Harris County are taken to "field stations" first.

110.    The County Criminal Court at Law Judges deny the allegations of paragraph 110.

111.    The County Criminal Court at Law Judges admit that in March 2016, 8,579 individuals, 6,841 of which were pretrial detainees, were in the Harris County Jail according to the March 2016 Harris County Jail Population Report.  The County Criminal Court at Law Judges admit that 545 of these detainees were charged with misdemeanors according to the Jail Population Report.  The County Criminal Court at Law Judges deny that March was a "typical month," as both the number of inmates in February 2016, and the number of inmates in March 2015, were

lower according to the Jail Population Report.  The County Criminal Court at Law Judges admit that the population of pretrial detainees in April 2016 was 546 and in May was 527 according to the Jail Population Reports.  The County Criminal Court at Law Judges believe that, at any given time, the vast majority of misdemeanor defendants are not in custody, having posted some sort of bond (cash, surety, or personal). The County Criminal Court at Law Judges deny the remaining allegations of paragraph 111.

112.    The County Criminal Court at Law Judges admit that the Texas Criminal Justice Coalition Report cited by Plaintiffs states the alleged statistics. The County Criminal Court at Law Judges were not involved in the report or its source data and, thus, lack sufficient information to admit or deny its accuracy.

113.    The County Criminal Court at Law Judges admit that pretrial detainees increased by 29% between March 2015 and March 2016 according to the March 2016 Jail Population Report.

114.    The County Criminal Court at Law Judges deny the allegations of paragraph 114.

115.    The County Criminal Court at Law Judges admit that the Texas Criminal Justice Coalition Report cited by Plaintiffs states that the United States Department of Justice conducted an investigation of the Harris County Jail eight years ago, and that Harris County formed the Harris County Criminal Justice Coordinating Council.  The County Criminal Court at Law Judges deny that the Texas Criminal Justice Coalition Report states that Harris County has struggled to stay within its operating capacity since then, as it states there has been "a reduction in Harris County's jail population, which has been below its operating capacity since October 2011.  The County Criminal Court at Law Judges admit that the Texas Criminal Justice Coalition Report states taxpayers spent nearly a half-million dollars per day to operate the jail. The County Criminal Court

at Law Judges deny the allegation that there were "serious and systemic violations of constitutional rights."

116.    The County Criminal Court at Law Judges admit that Plaintiffs' cited report states the alleged conclusions.  The County Criminal Court at Law Judges were not involved in the report or its source data and, thus, lack sufficient information to admit or deny its accuracy.

117.    The County Criminal Court at Law Judges lack a sufficient basis to admit or deny the allegations of paragraph 117, since they do not run the jail.

118.    The County Criminal Court at Law Judges admit that Patrick Brown was charged with theft, had his bail set at $3,000, and died in the Harris County Jail on April 5, 2016.  The County Criminal Court at Law Judges deny the remaining allegations of paragraph 118.

119.    The County Criminal Court at Law Judges admit that 26% of the average daily jail population in March 2016 had a mental health history according to the Daily Jail Population Report for March 2016.

120.    The County Criminal Court at Law Judges deny the allegations of paragraph 120.

121.    The County Criminal Court at Law Judges admit that Harris County processes hundreds of arrestees every day, that these arrestees are presumed innocent, and that 59.7% of inmates, not all arrestees as mischaracterized by Plaintiffs, posted bond in 2015 according to Harris County Pretrial Services 2015 Annual Report. The County Criminal Court at Law Judges deny the remaining allegations of paragraph 121.

122.    The County Criminal Court at Law Judges admit that the Plaintiffs would have been released from custody if they could give adequate assurance that they would appear for future hearings (and to refrain from committing criminal acts or endangering safety while on bond), given

their repeated failure to do so in the past.  The County Criminal Court at Law Judges deny the remaining allegations of paragraph 122.

123.    The County Criminal Court at Law Judges admit that individuals with outstanding warrants can turn themselves in and post a bond to avoid being arrested on their warrant. The County Criminal Court at Law Judges do not have a sufficient basis to admit or deny that individuals with outstanding warrants are "frequently" contacted by for-profit bonding agencies.

124.    The County Criminal Court at Law Judges admit that individuals with outstanding warrants can turn themselves in and post a bond to avoid being arrested on their warrant. The County Criminal Court at Law Judges do not have a sufficient basis to admit or deny the remaining allegations of paragraph 124.

125.    The County Criminal Court at Law Judges admit that arrestees are released from custody before trial, absent other bases to detain them, if they provide adequate assurance they will appear for future hearings.  The County Criminal Court at Law Judges deny the allegations of paragraph 125.

126.    The County Criminal Court at Law Judges deny the allegations of paragraph 126.

127.    The Harris County Sheriff's Department is authorized to, and does, take bail and post bonds given by an arrestee. The County Criminal Court at Law Judges deny the remaining allegations of paragraph 127 because there are a variety of forms of release.

128.    The County Criminal Court at Law Judges admit that the Sherriff' s Department releases hundreds of defendants who provide adequate assurance they will appear for future hearings, either by posting a cash or security bond, or signing a personal bond.  The County Criminal Court at Law Judges deny the remaining allegations of paragraph 128.

129.     The Harris County Criminal Court at Law Judges admit that they have promulgated, pursuant to the *Roberson* Order's mandate, an initial bail schedule that takes into consideration the offense charged and the arrestee's criminal history. The County Criminal Court at Law Judges admit that the Sheriff's Department holds arrestees in custody if they have not posted some sort of bond (either satisfying the existing bail amount or upon the defendant's acceptance of an approved personal bond) or if other bases exist to detain them despite having posted some sort of bond.  The County Criminal Court at Law Judges deny the remaining allegations of paragraph 129.

130.     The County Criminal Court at Law Judges admit that the Sheriff's Department keeps defendants in custody after their hearing before a County Criminal Court at Law Judge if the person has not posted some sort of bond (cash, surety, or personal) or if other bases exist to hold them. The County Criminal Court at Law Judges deny the remaining allegations of paragraph 130.

131.     The County Criminal Court at Law Judges admit that an arrestee will be released from custody upon posting some sort of bond, absent other bases to detain them. The County Criminal Court at Law Judges deny the remaining allegations of paragraph 131.

132.     The County Criminal Court at Law Judges deny the allegations of paragraph 132.

133.     The County Criminal Court at Law Judges admit that other jurisdictions may use different pretrial procedures than Harris County. The County Criminal Court at Law Judges deny the remaining allegations of paragraph 133.

134.     The County Criminal Court at Law Judges admit that other jurisdictions may use some or all of the listed methods. The County Criminal Court at Law Judges deny the remaining allegations of paragraph 134.

135.    The County Criminal Court at Law Judges admit that other jurisdictions may use some or all of the listed methods. The County Criminal Court at Law Judges deny the remaining allegations of paragraph 135.

136.    The County Criminal Court at Law Judges deny the allegations of paragraph 136.

137.    The County Criminal Court at Law Judges admit that other jurisdictions may have a more robust pretrial services department than Harris County and may use more, or different, release conditions. The County Criminal Court at Law Judges deny the remaining allegations of paragraph 137.

138.    The County Criminal Court at Law Judges deny the allegations of paragraph 138.

139.    The County Criminal Court at Law Judges deny the allegations of paragraph 139.

140.    The County Criminal Court at Law Judges deny the allegations of paragraph 140.

141.    The County Criminal Court at Law Judges deny that bail is set without an inquiry into ability to pay as it is required factor under the Texas Code of Criminal Procedure, the *Roberson* order, and the Local Rules of Court. The County Criminal Court at Law Judges deny the remaining allegations of paragraph 141.

142.    The County Criminal Court at Law Judges deny the allegations of paragraph 142.

143.    The County Criminal Court at Law Judges admit that Plaintiffs purport to have studies showing their various allegations.  The County Criminal Court at Law Judges deny the remaining allegations of paragraph 143.

144.    The County Criminal Court at Law Judges deny the allegations of paragraph 144.

**Class Action Allegations**

145.     The County Criminal Court at Law Judges admit that Plaintiffs purport to bring a class action lawsuit. The County Criminal Court at Law Judges deny that Plaintiffs represent a class of similarly situated individuals and deny that Plaintiffs are entitled to any relief. The County Criminal Court at Law Judges deny the remaining allegations of paragraph 145.

146.     The County Criminal Court at Law Judges deny the allegations of paragraph 146.

147.     The County Criminal Court at Law Judges deny the allegations of paragraph 147.

148.     The County Criminal Court at Law Judges deny the allegations of paragraph 148.

149.     The County Criminal Court at Law Judges admit that Plaintiffs purport to bring a class action lawsuit seeking declaratory and injunctive relief. The County Criminal Court at Law Judges deny that Plaintiffs represent a class of similarly situated individuals and deny that Plaintiffs are entitled to any relief. The County Criminal Court at Law Judges deny the remaining allegations of paragraph 149.

150.     The County Criminal Court at Law Judges deny the allegations of paragraph 150.

151.     The County Criminal Court at Law Judges admit that there are many outstanding misdemeanor arrest warrants issued in Harris County, and that typically more are filed each day.

152.     The County Criminal Court at Law Judges admit that the length of time it takes an arrestee to make a cash payment when posting a cash bond would affect the timing of that arrestee's release on that cash bond. The County Criminal Court at Law Judges deny the remaining allegations of paragraph 152.

153.     The County Criminal Court at Law Judges admit that arrestees are regularly released on cash, surety, and personal bonds. The County Criminal Court at Law Judges deny the remaining allegations of paragraph 153.

154.    The County Criminal Court at Law Judges admit that there are thousands of arrestees in Harris County each year. The County Criminal Court at Law Judges deny that Plaintiffs represent this class of individuals and deny the remaining allegations of paragraph 154.

155.    The County Criminal Court at Law Judges deny the allegations of paragraph 155.

156.    The County Criminal Court at Law Judges deny the allegations of paragraph 156.

157.    The County Criminal Court at Law Judges deny the allegations of paragraph 157.

158.    The County Criminal Court at Law Judges deny the allegations of paragraph 158.

159.    The County Criminal Court at Law Judges admit that, if the Plaintiffs succeed in establishing a class, then any ruling by this Court could affect every member of that class. The County Criminal Court at Law Judges deny that that Plaintiffs represent the purported class and deny the remaining allegations of paragraph 159.

160.    The County Criminal Court at Law Judges deny the allegations of paragraph 160.

161.    The County Criminal Court at Law Judges deny the allegations of paragraph 161.

162.    The County Criminal Court at Law Judges admit that Plaintiffs are represented by Texas Fair Defense Project, and Susman Godfrey. The County Criminal Courts at Law are unsure whether Plaintiffs are represented by Equal Justice Under Law, Civil Rights Corp., or both. The County Criminal Court at Law Judges do not have a sufficient basis to admit or deny the remaining allegations of paragraph 162.

163.    The County Criminal Court at Law Judges do not have a sufficient basis to admit or deny the allegations of paragraph 163.

164.    The County Criminal Court at Law Judges do not have a sufficient basis to admit or deny the allegations of paragraph 164.

165.    The County Criminal Court at Law Judges do not have a sufficient basis to admit or deny the allegations of paragraph 165.

166.    The County Criminal Court at Law Judges deny the allegations of paragraph 166.

167.    The County Criminal Court at Law Judges admit that the Plaintiffs seek declaratory and injunctive relief but deny that the Plaintiffs are entitled to any such relief. The County Criminal Court at Law Judges deny the remaining allegations of paragraph 167.

168.    The County Criminal Court at Law Judges deny the allegations of paragraph 168.

169.    The County Criminal Court at Law Judges admit that the Plaintiffs seek declaratory and injunctive relief but deny that the Plaintiffs are entitled to any such relief.

170.    The County Criminal Court at Law Judges admit that Plaintiffs purport to incorporate by reference the allegations in paragraphs 1-169.

171.    The County Criminal Court at Law Judges deny the allegations of paragraph 171.

**Request for Relief**

The allegations in this paragraph requesting relief are in the nature of prayer. Although no answer is required, the County Criminal Court at Law Judges respond to the individual requests for relief as follows:

a.    The County Criminal Court at Law Judges deny that Plaintiffs are entitled to the requested declaration.

b.    The County Criminal Court at Law Judges deny that Plaintiffs are entitled to the requested declaration.

c.    The County Criminal Court at Law Judges deny that Plaintiffs are entitled to the requested preliminary injunction.

d.    The County Criminal Court at Law Judges deny that Plaintiffs are entitled to the requested judgment and orders.

e.    The County Criminal Court at Law Judges deny that Plaintiffs are entitled to the requested judgment and orders.

f.  The County Criminal Court at Law Judges deny that Plaintiffs are entitled to the requested judgment and orders.

g.  The County Criminal Court at Law Judges deny that Plaintiffs are entitled to the requested declaration.

h.  The County Criminal Court at Law Judges deny that Plaintiffs are entitled to the requested judgment and order.

i.  The County Criminal Court at Law Judges deny that Plaintiffs are entitled to the requested judgment and order.

## AFFIRMATIVE DEFENSES

### Legislative Immunity

1.      The County Criminal Court at Law Judges are legislatively immune from Plaintiffs' claims.

### Judicial Immunity

2.      The County Criminal Court at Law Judges are judicially immune from Plaintiffs' claims.

### Qualified Immunity

3.      The County Criminal Court at Law Judges have qualified immunity from Plaintiffs' claims.  The County Criminal Court at Law Judges affirmatively plead that, with respect to the allegations in Plaintiffs' complaint, the County Criminal Court at Law Judges at all times acted in good faith and within the scope of their authority under applicable law and their employment duties, and thus are entitled to good faith and qualified immunity from suit under both state and federal law.

**Attorney's Fees**

4.      Pursuant to 42 U.S.C. § 1988, plaintiffs are not entitled to attorney's fees even if they were to prevail.

5.      Pursuant to 42 U.S.C. § 1988, the County Criminal Court at Law Judges are entitled to attorney's fees if they prevail.

**Improper Defendants**

6.      Plaintiffs' First Amended Class Action Complaint should be dismissed because the County Criminal Court at Law Judges are not proper parties to a declaratory judgment action challenging the constitutionality of statutes.

**Lack of Supervisory Authority**

The County Criminal Court at Law Judges, as a body, do not supervise the Hearing Officers or the Sheriff's Department.  Rather, the Hearing Officers are supervised by a party apparently not added to this suit.

***Younger* Doctrine**

7.      At the time this suit was filed, there were pending state actions against the named Plaintiffs.  This suit is therefore barred by the *Younger* Doctrine.

**Fugitive Disentitlement Doctrine**

8.      At the time this suit was filed and at the time of this Answer, named Plaintiff Maranda ODonnell was a fugitive from justice.   Under the fugitive disentitlement doctrine, Plaintiffs' First Amended Class Action Complaint should be dismissed.

**Exhaustion of State Remedies**

9.      Each of the claims raised by Plaintiffs could have and should have been raised in a County Criminal Court at Law.   Instead, none of the claims were ever raised in any state

32

proceeding.  Rather, Plaintiffs successfully contested or posted their bond, or plead guilty and were released without ever raising any constitutional challenge before or after the filing of this case.

DATED: January 13, 2017                    Respectfully Submitted,

*/s/ John E. O' Neill*
John. E. O' Neill
Attorney-in-Charge
Texas State Bar No. 15297500
S.D. Tex. Bar No. 2813
joneill@winston.com
John R. Keville
Texas State Bar No. 00794085
S.D. Tex. Bar No. 20922
jkeville@winston.com
Sheryl A. Falk
Texas State Bar No. 06795350
S.D. Tex. Bar No. 17499
sfalk@winston.com
Robert L. Green
Texas State Bar No. 24087625
S.D. Tex. Bar No. 2535614
rgreen@winston.com

WINSTON & STRAWN, LLP
1111 Louisiana, 25th Floor
Houston, Texas 77002
Telephone: (713) 651-2600
Facsimile: (713) 651-2700

**ATTORNEYS FOR THE HARRIS COUNTY CRIMINAL COURTS AT LAW 1-15 JUDGES**

## <u>CERTIFICATE OF SERVICE</u>

I certify that a true and correct copy of the foregoing document has been served on counsel of record who are deemed to have consented to electronic service on this January 13, 2017, via electronic filing using the Court's CM/ECF system.

*/s/ John E. O'Neill*