## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| MARANDA LYNN ODONNELL, et al. | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | |
| | ) | Case No. 16-cv-01414 |
| HARRIS COUNTY, TEXAS, et al. | ) | (Consolidated Class Action) |
| | ) | The Honorable Lee H. Rosenthal |
| | ) | U.S. District Judge |
| Defendants. | ) | |
| | ) | |
| | ) | |

### Harris County's Answer to Plaintiffs' First Amended Class Action Complaint

Harris County files this answer to Plaintiffs' First Amended Class Action Complaint ("Amended Complaint").

The Plaintiffs' introduction does not require a response. To the extent that a response is required, Harris County denies the factual allegations in Plaintiffs' Introduction.

1.      Harris County denies Plaintiffs' allegations that (i) it is Harris County's policy and practice to refuse to release misdemeanor arrestees from custody unless they pay a monetary sum, (ii) it is Harris County's policy and practice not to consider an arrestee's ability to pay bail; and (iii) that a system of wealth-based detention exists. Harris County admits that an "offense-based bail schedule" exists, but denies that Harris County is in any way responsible for such bail schedule.

2.      Paragraph 2 contains conclusions of law to which no response is required. To the extent a response is necessary, Harris County admits that the Court has jurisdiction and denies the remaining allegation set forth in Paragraph 2 of Plaintiffs' Amended Complaint.

3.      Harris County admits that venue is proper.

1

4.      Harris County lacks sufficient information to admit or deny the allegations regarding Maranda ODonnell in Paragraph 4 of Plaintiffs' Amended Complaint.  Harris County denies Plaintiffs' allegation that a "wealth-based post-arrest detention" scheme exists.

5.      Harris County lacks sufficient information to admit or deny the allegations regarding Loetha Shanta McGruder in Paragraph 5 of Plaintiffs' Amended Complaint.  Harris County denies Plaintiffs' allegation that a "wealth-based post-arrest detention" scheme exists.

6.      Harris County lacks sufficient information to admit or deny the allegations regarding Robert Ryan Ford in Paragraph 6 of Plaintiffs' Amended Complaint.  Harris County denies Plaintiffs' allegation that a "wealth-based post-arrest detention" scheme exists.

7.      The facts alleged in Paragraph 7 are legal conclusions to which no response is necessary.  To the extent that a response is necessary, Harris County denies that it is a municipal corporation, as Harris County is a county, and Harris County admits that the Sheriff's Office[1] is a county agency that is responsible for operating the Harris County jail.

8.      Harris County lacks sufficient information to admit or deny the allegation regarding the percentage of people arrested by the Harris County Sheriff's Office.  Harris County lacks sufficient information to admit or deny Plaintiffs' allegation that the Sheriff's Office detains people at facilities other than the Harris County jail, as Plaintiffs do not specify the other facilities to which Plaintiffs are referring.  Harris County admits that the Sheriff's Office will release an arrestee who pays money bail, but Harris County denies that this is a Harris County policy, as this is required by state law and court directives. Harris County denies Plaintiffs' insinuation that bail is only set per the bail schedule.

---

[1] Plaintiffs use the incorrect nomenclature throughout their Amended Complaint.  The correct title is the Sheriff's Office, not Sheriff's Department.

9.      Harris County admits that Sheriff's Office employees will cause arrestees to appear at a probable cause hearing, but denies the allegation to the extent that it insinuates that the only people who appear at a probable cause hearing are those who are held on money bail. Harris County admits that Sheriff's Office employees supervise and monitor arrestees, but lacks sufficient knowledge that Sheriff's Office employees give instructions during the actual hearings. Harris County lacks sufficient information to admit or deny whether the Sheriff has knowledge, as alleged.

10.      Harris County lacks sufficient information to admit or deny whether the Sheriff has knowledge of the events and facts alleged in Paragraph 10.

11.      Harris County denies the allegations in Paragraph 11.

12.      Harris County denies the allegations in Paragraph 12, as Ron Hickman is no longer the Sheriff and Plaintiffs have yet to amend their complaint.  Whether the Sheriff is a final policymaker for Harris County is a legal conclusion to which no response is needed.  Harris County also does not need to respond to the allegation of the capacities in which the Sheriff was sued, though notes that the Court dismissed the claims against Ron Hickman in his individual capacity and Plaintiffs have not yet amended their complaint.

13.      Harris County admits that Plaintiffs correctly identified the Criminal Law Hearing Officers.  Whether the Hearing Officers are county employees is a question of law for which no response is needed.  To the extent that a response is required, Harris County admits that it pays the Hearing Officers' salaries, but denies that Harris County is responsible for the judicial decisions made by the Hearing Officers.  Harris County admits that Plaintiffs have cited the correct statute regarding appointment of the Hearing Officers.  Harris County also admits that the

Hearing Officers, in some cases, but not all, make probable cause determinations.  Harris County denies the remaining allegations.

14.    Harris County denies the allegations in Paragraph 14, as some of the judges have changed since Plaintiffs filed their Amended Complaint and Plaintiffs have yet to amend.

15.    Harris County admits that the County Criminal Court at Law Judges promulgate the Rules of Court, which govern aspects of the post-arrest procedures, but denies the allegation in Paragraph 15 of Plaintiffs' Amended Complaint that the Rules of Court reflect Harris County policy.

16.    Harris County lacks sufficient information to admit or deny the allegations in Paragraph 16, as Harris County cannot admit or deny what sixteen individual judges know.

17.    Harris County lacks sufficient information to admit or deny the allegations in Paragraph 17, as Harris County cannot admit or deny what sixteen individual judges are aware of.

18.    Harris County lacks sufficient information to admit or deny the allegations in Paragraph 18, as Harris County cannot admit or deny what sixteen individual judges know or is aware of.

19.    Harris County denies the allegations in Paragraph 19.

20.    The allegations in Paragraph 20 relate to the capacity in which Plaintiffs sued the judges and does not require a response, though Harris County notes that the Court dismissed Plaintiffs' claims against the judges in their individual capacity.

21.    Harris County lacks sufficient information to admit or deny the allegations in Paragraph 21.

22.     Harris County admits that Plaintiffs correctly state the crime of which Maranda ODonnell was charged.   Harris County lacks sufficient information to admit or deny the remaining allegations.

23.     Harris County admits that Maranda ODonnell appeared before a Hearing Officer by video link for a probable cause hearing.  Harris County lacks sufficient information to admit or deny the remaining allegations.

24.     Harris County lacks sufficient information to admit or deny the allegations in Paragraph 24.

25.     Harris County lacks sufficient information to admit or deny the allegations in Paragraph 25.

26.     Harris County admits that Plaintiffs correctly state the crime of which Loetha Shanta McGruder was charged. Harris County lacks sufficient information to admit or deny the remaining allegations.

27.     Harris County admits that Ms. McGruder appeared for a probable cause determination and that probable cause was found.  Harris County lacks sufficient information to admit or deny the remaining allegations.

28.     Harris County lacks sufficient information to admit or deny the allegations in Paragraph 28.

29.     Harris County lack sufficient information to admit or deny the allegations in Paragraph 29.

30.     Harris County admits the facts in Paragraph 30.  Harris County is not admitting the facts stated in Mr. Ford's declaration that is referenced in this paragraph, however.

31.     Harris County admits that Mr. Ford appeared for a probable cause determination and that a Hearing Officer found probable cause for his arrest.  Harris County lacks sufficient information to admit or deny the remaining allegations.

32.     Harris County lacks sufficient information to admit or deny the allegations in Paragraph 32.

33.     Harris County denies the allegations set forth in Paragraph 33, and would refer the Court to the full text of the Rules of Court as well as Texas law.

34.     Harris County admits that Plaintiffs correctly cited the 2015 Annual Pretrial Services report in Paragraph 34.

35.     Harris County admits the allegations in Paragraph 35 that field stations exist, some arrestees are taken to such stations, and that such facilities vary in size.  Harris County lacks sufficient information to admit or deny that at some field stations arrestees are "shackled to a bench" during any point of the process.

36.     Harris County admits the allegations in Paragraph 36, except to the extent that a call to an assistant district attorney is placed only at a field station.  This call occurs at various times throughout the process, but Plaintiffs generally correctly state the process.

37.     Harris County admits the allegations in Paragraph 37.

38.     Harris County denies the allegations in Paragraph 38.

39.     Harris County denies the allegations in Paragraph 39.

40.     Harris County admits that certain agencies have access to information regarding holds.  Harris County cannot, however, admit the level of access or use of such information by all the law enforcement agencies in Harris County. Likewise, Harris County lacks sufficient information about whether other agencies "know" whether a hold exists.  Harris County lacks

sufficient information to admit or deny that law enforcement agencies therefore know whether a financial condition of release is the only reason a person is being detained, as a number of reasons, other than a financial condition or a hold, may cause a person to be detained.

41.    Harris County admits that those free from other holds and choosing to do so have a number of means of securing the money to post bail.  Harris County denies the last sentence because it is not an accurate statement of facts in that some arrestees are initially brought to the Harris County Jail, not a field station.

42.    Both sentences of Paragraph 42 are legal conclusions for which no response is required.  To the extent a response is required, Harris County denies Paragraph 42.

43.    Harris County admits the allegations in the first, second, and third sentences of Paragraph 43. Harris County denies the allegation in the last sentence of Paragraph 43.

44.    Harris County denies the first sentence of Paragraph 44.  Harris County admits in part the second sentence of Paragraph 44 to the extent that arrestees can pay the initial bail amount and be released without being booked into the jail, barring any other bases for detention. Harris County denies the last sentence of Paragraph 44 because it is unclear what Plaintiffs are alleging.

45.    Harris County admits the allegations in Paragraph 45.

46.    Harris County admits the allegations in Paragraph 46.

47.    Harris County lacks sufficient information to admit or deny the allegations in Paragraph 47 and footnote 10.

48.    Harris County admits that certain records are available through the district clerk's website.  Harris County lacks sufficient information admit or deny when this occurs or what these records indicate for each arrestee.

49.     Harris County denies the allegation in the first sentence of Paragraph 49.  Harris County lacks sufficient information to admit or deny the remaining allegations in Paragraph 49 regarding what jail officials allegedly stated at some unidentified time.

50.     Harris County lacks sufficient information to admit or deny the allegation in the first sentence of Paragraph 50 because Plaintiffs fail to identify the "jail officials" to which Plaintiffs are referring.  Harris County denies the last sentence of Paragraph 50.

51.     Harris County admits the allegations in Paragraph 51 that arrestees are taken before a Hearing Officer for determination of probable cause and that this hearing occurs via video link.  Harris County denies the allegation that, as matter of practice, people must wait many days to have probable cause determined.

52.     The first sentence of Paragraph 52 is not a fact that requires Harris County either admit or deny.  To the extent a response is required, Harris County denies the first sentence of Paragraph 52.  Harris County lacks sufficient information to admit or deny the second sentence of Paragraph 52, as Harris County did not compile the cited statistics.  Harris County denies the last sentence of Paragraph 52.

53.     Harris County denies the allegations of Paragraph 53, as this Paragraph mischaracterizes the cited statistics.

54.     Harris County admits that the Sheriff's Office presents arrestees for a probable cause hearing each day throughout the day.  Harris County lacks sufficient information to admit or deny the remainder of Plaintiffs' allegations in Paragraph 54.

55.     Harris County admits the allegations in Paragraph 55.

56.     Harris County admits that arrestees are brought before a Hearing Officer for determination of probable cause and appear via video link.  Harris County also admits that an

assistant district attorney, Hearing Officer, and Sheriff's Office employees are present for these hearings.  Harris County denies Plaintiffs' allegation regarding what the Hearing Officers do during these hearings.

57.     Harris County admits the allegations in Paragraph 57.

58.     Harris County admits that it strives to hold probable cause hearings within 24 hours.  Harris County denies the remaining allegations in Paragraph 58.

59.     Harris County admits in part the allegation in Paragraph 59, in that if an arrestee posts bail early enough in the post-arrest process, he may not appear for a hearing before a Hearing Officer. Harris County denies that all who post bail by-pass the probable cause hearing because those who post bail after the probable cause hearing still appear for a  hearing before a Hearing Officer.

60.     Harris County denies Plaintiffs' characterization of the hearing set forth in the first sentence of Paragraph 60.  Harris County lacks sufficient information to admit or deny the last sentence of Paragraph 60, as the prosecutor who made the alleged statement is unidentified.

61.     Harris County admits the allegation in Paragraph 61.

62.     Harris County lacks sufficient information to admit or deny the allegation set forth in Paragraph 62 because the statistics cited do not track information on all people arrested in Harris County.

63.     Harris County admits that the Hearing Officers will ask questions of the assistant district attorneys before and during the probable cause hearings. Harris County lacks sufficient information to admit or deny the remaining allegations set forth in Paragraph 63, particularly because Plaintiffs reference a specific hearing yet fail to identify the time or date of the hearing.

64.     Harris County denies the allegations set forth in Paragraph 64.

65.     Harris County admits the allegations set forth in Paragraph 65.

66.     Harris County admits the allegations set forth in the first three sentences of Paragraph 66. Harris County admits that the Hearing Officers determine whether probable exists, but Harris County denies the remainder of the fourth sentence of Paragraph 66. Harris County admits the last sentence of Paragraph 66, but notes that it is incomplete in that the Hearing Officers also lower bond.

67.     Harris County denies the factual allegations set forth in Paragraph 67.

68.     Harris County denies the factual allegations set forth in Paragraph 68.

69.     Harris County denies the factual allegations set forth in Paragraph 69, and lacks sufficient information to admit or deny what a specific, unidentified Hearing Officer stated on an unidentified time.

70.     Harris County denies that the scenario described in Paragraph 70 is typical. Harris County lacks sufficient facts to admit or deny the remainder of the allegations in Paragraph 70 regarding the exchange between and arrestee and a Hearing Officer.

71.     Harris County lacks sufficient facts to admit or deny the allegations set forth in Paragraph 71, as Plaintiffs fail to identify when the hearing occurred or which Hearing Officer was present.

72.     Harris County denies the allegations set forth in Paragraph 72.

73.     Harris County denies the allegations set forth in Paragraph 73, and specifically denies Plaintiffs' allegation that the only time that the Hearing Officers deviate from the bail schedule is to correct an error in the bail fixed by an assistant district attorney.

74.     Harris County admits that assistant district attorneys may advocate for a higher bail. Harris County lacks sufficient information to admit or deny the remaining allegations in

Paragraph 74 because Plaintiffs reference a statement from an assistant district attorney, yet fail to provide information on who Plaintiffs spoke with or when.

75. Harris County denies the factual allegations set forth in Paragraph 75.

76. Harris County denies the factual allegations set forth in Paragraph 76.

77. Harris County denies the factual allegations set forth in Paragraph 77.

78. Harris County admits that the factual allegations set forth in Paragraph 78.

79. Harris County denies the factual allegations set forth in Paragraph 79.

80. Harris County denies the factual allegations set forth in Paragraph 80, as Plaintiffs mischaracterize and misinterpret the statistics cited.

81. Harris County denies the factual allegations set forth in Paragraph 81.

82. Harris County admits the factual allegation set forth in Paragraph 82, except that Harris County denies that a homeless person will never qualify for a personal bond because Harris County lacks sufficient information to admit or deny this allegation as the number of personal bonds given to homeless people is not tracked.

83 Harris County denies the factual allegations set forth in Paragraph 83.

84. Harris County lacks sufficient information to admit or deny the allegation set forth in Paragraph 84, as Harris County is not privy to discussions between the Hearing Officers and County Criminal Court at Law Judges, to the extent that such discussions occur.

85. Harris County admits in part the last sentence of Paragraph 85, in that in considering eligibility for a personal bond, one factor is a person's ties to the community. In cases of a transient individual or a person who recently moved to Harris County, this would be a factor that is considered in determining eligibility for a personal bond. Harris County denies that this is always a determinative factor, as Plaintiffs allege. Harris County lacks sufficient

information to admit or deny the remainder of the factual allegations in Paragraph 85, as Harris County is not privy to discussions between the Hearing Officers and County Criminal Court at Law Judges, to the extent such discussions occur.

86.    Harris County lacks sufficient information to admit or deny the allegation set forth in Paragraph 86, as to why a personal bond is given is within the discretion of the Hearing Officers and only the Hearing Officers actually know why such decisions were made.

87.    Harris County lacks sufficient information to admit or deny the allegations set forth in Paragraph 87, as Plaintiffs fail to identify when this alleged incident occurred.

88.    Harris County lacks sufficient information to admit or deny the allegations set forth in Paragraph 88, as Plaintiffs fail to identify when this alleged incident occurred.  Harris County also lacks sufficient information to admit or deny whether ability to make bail was regarded, as only the Hearing Officer who made the decision, who is not identified, truly knows what was considered in this case.

89.    Harris County denies the factual allegations set forth in Paragraph 89.

90.    Harris County denies the factual allegations set forth in Paragraph 90.

91.    Harris County denies the factual allegations set forth in Paragraph 91.

92.    Harris County lacks sufficient factual information to admit or deny the allegations set forth in Paragraph 92, as Plaintiffs fail to identify the Sheriff's Deputy at issue.

93     Harris County lacks sufficient factual information to admit or deny the allegations set forth in Paragraph 93, as Plaintiffs fail to identify the Sheriff's Deputy at issue.

94.    Harris County lacks sufficient factual information to admit or deny the allegations set forth in Paragraph 94, as Plaintiffs fail to identify the Sheriff's Deputy at issue.

95. Harris County denies the allegations set forth in Paragraph 95, except that Harris County admits that if a person posts bail, he will be released from custody, assuming that no other holds or other issues prevent release.

96. Harris County admits that arrestees generally will appear before a County Criminal Court at Law Judge the next business day (e.g., twenty-four to forty eight hours later). Harris County lacks sufficient information to admit or deny the remainder of Paragraph 96, as it is largely speculative based on several hypothetical conditions.

97. Harris County admits that in some cases an arrestee will be appointed counsel at their first appearance before a County Criminal Court at Law Judge. Harris County denies the remainder of the factual allegations set forth in Paragraph 97.

98. Harris County denies the factual allegations set forth in Paragraph 98.

99. The allegations in Paragraph are conclusory and consist of legal conclusions and do not require a response. To the extent a response is required, Harris County denies the allegations set forth in Paragraph 99.

100. Harris County lacks sufficient information to admit or deny the allegations set forth in Paragraph 100, as Plaintiffs fail to identify the morning in question. Harris County also denies that the scenario described is "typical."

101. Harris County lacks sufficient information to admit or deny what "the County Courts at Law Judges—and every other actor in the County's post-arrest system" know, which consists of the majority of the allegations in Paragraph 101. Harris County also lacks sufficient information to admit or deny whether arrestees lack the ability to pay. Harris County does admit that the Hearing Officers and County Criminal Court at Law Judges have access to financial information about the accused, when the accused decides to provide such information.

102.     Harris County admits that Sheriff's Office employees observe probable cause hearings.  Harris County denies the remaining factual allegations in Paragraph 102, including that the Hearing Officers fail to consider ability to pay.

103.     Harris County lacks sufficient information to admit or deny what each of the sixteen County Criminal Court at Law Judges "knows."  Harris County also lacks sufficient information to admit or deny Plaintiffs' allegations regarding supposed instructions given by the County Criminal Court at Law Judges to the Hearing Officers.  Harris County admits that recordings of the video hearings are maintained for 120 days.

104.     Harris County admits that defense counsel can file a motion for reduction of bail. Harris County lacks sufficient information to admit or deny how long it will take "in the typical case" to have such a motion decided.

105.     Harris County denies the factual allegations set forth in Paragraph 105.

106.     Harris County lacks sufficient information to admit or deny the factual allegations set forth in Paragraph 106, as Plaintiffs did not compile the cited statistics.

107.     Harris County denies the factual allegations in Paragraph 107.

108.     Harris County lacks sufficient information to admit or deny the factual allegations set forth in Paragraph 108, as Harris County did not compile the statistics cited.

109.     Harris Count lacks sufficient information to admit or deny the factual allegations set forth in Paragraph 109, as most of the allegations related to statistics that Harris County did not create and contain broad generalizations that cannot be admitted.

110.     Harris County lacks sufficient information to admit or deny the allegations set forth in Paragraph 110.

111.     Harris County admits the statistics cited in the first three sentences of Paragraph 111.  Harris County denies the factual allegations in the last sentence of Paragraph 111.

112.     Harris County lacks sufficient information to admit or deny the allegations set forth in Paragraph 112, as Harris County did not compile or create the statistics cited.

113.     Harris County admits that Plaintiffs correctly cited the statistics in Paragraph 113 of their Amended Complaint.

114.     Harris County lacks sufficient information to admit or deny the factual allegations set forth in Paragraph 114, as Harris County did not compile or create the statistics cited.

115.     Harris County admits that the justice department investigated the jail, but denies the allegations that there were "serious and systemic violations of constitutional rights." Harris County denies the allegation in the second sentence of Paragraph 115. Harris County lacks sufficient information to admit or deny the allegations in the last two sentences of Paragraph 115, as Harris County did not create the report cited.

116.     Harris County lacks sufficient information to admit or deny the factual allegations set forth in Paragraph 116.

117.     Harris County denies the allegations set forth in Paragraph 117.

118.     Harris County lacks sufficient information to admit or deny the factual allegations set forth in Paragraph 118, as Harris County does not know whether Mr. Brown could not afford bail.

119.     Harris County admits that in Paragraph 119 of their Amended Complaint Plaintiffs correctly cited statistics from the report identified in footnote 40.

120.     Harris County denies the allegations set forth in Paragraph 120.

121.     Harris County denies the allegations set forth in Paragraph 121.

122.     Harris County denies the allegations set forth in Paragraph 122.

123.     Harris County lacks sufficient information to admit or deny the allegations set forth in Paragraph 123.

124.     Harris County admits that walk-throughs exist.  Harris County denies that such walk-throughs are only available to those with counsel, as Plaintiffs state in the last sentence of Paragraph 124.

125.     Paragraph 125 consists of conclusory statements that do not require a response. To the extent a response is required, Harris County denies the allegations set forth in Paragraph 125.

126.     Harris County admits that arrestees are informed of their bail.  Harris County denies that those who are able to pay bail are "immediately" released.

127.     Harris County denies the allegations set forth in Paragraph 127, as the Sheriff does not have any policies relating to who is released and who is not. Rather, the Sheriff follows court directives.

128.     Harris County lacks sufficient information to admit or deny how many arrestees are released in a typical week.  Harris County, however, admits that those with no other holds, who post bail, will be released from custody.

129.     Harris County denies the first two sentences of Paragraph 129; the Sheriff's Office does not have a release policy; it follows court directives. Harris County also denies that it is the Sheriff's Office policy to release only those who post money bail after a probable cause hearing, as Plaintiffs' ignore that personal bonds are given, and that it is not the Sheriff's "policy" to detain those who fail to post bond and do not receive a personal bond, the Sheriff is legally obligated to follow court orders regarding detention and release.

130.     Harris County denies that it is the Sheriff's Office "policy" to detain those who do not post bail.  Rather, the Sheriff's Office is required to follow the Hearing Officer's and County Criminal Court at Law Judges' orders regarding detention and release, and, in fact, is legally required to do so.

131.     Harris County denies the factual allegations set forth in Paragraph 131, particularly Plaintiffs' assertion that a wealth base system of detention exists.

132.     Harris County lacks sufficient information to admit or deny the allegations set forth in Paragraph 132.

133.     Harris County lacks sufficient information to admit or deny the allegations set forth in Paragraph 133.

134.     Harris County denies Plaintiffs' allegation that it is the "norm" to tie pretrial freedom with wealth status.  Harris County lacks sufficient information to admit or deny the remaining allegations set forth in Paragraph 134.

135.     Harris County lacks sufficient information to admit or deny the allegations set forth in Paragraph 135.

136.     The first sentence of Paragraph 136 contains a legal conclusion to which no response is required.  To the extent a response is required, Harris County denies the factual allegations set forth in Paragraph 136.  Harris County denies the remaining factual allegations set forth in Paragraph 136.

137.     Harris County lacks sufficient information to admit or deny the factual allegations Paragraph 137.

138.     Harris County lacks sufficient information to admit or deny the factual allegation in Paragraph 138.

139.     Harris County lacks sufficient information to admit or deny the factual allegations set forth in Paragraph 139.

140.     Harris County lacks sufficient information to admit or deny the factual allegations set forth in Paragraph 140.

141.     Paragraph 141 consists of legal conclusions to which no response is required.  To the extent a response is required, Harris County denies the allegations set forth in Paragraph 141.

142.     Harris County lacks sufficient information to admit or deny the allegations set forth in Paragraph 142.

143.     Harris County lacks sufficient information to admit or deny the allegations set forth in Paragraph 143.

144.     Harris County lacks sufficient information to admit or deny the allegations set forth in Paragraph 144.

145.     The allegations set forth in Paragraph 145 do not require a response.  To the extent a response is required, Harris County denies the factual allegations set forth in Paragraph 145.

146.     The allegations set forth in Paragraph 146 do not require a response.  To the extent a response is required, Harris County denies the factual allegations set forth in Paragraph 146.

147.     The allegations set forth in Paragraph 147 do not require a response.  To the extent a response is required, Harris County denies the factual allegations set forth in Paragraph 147.

148.    The allegations set forth in Paragraph 148 do not require a response.  To the extent a response is required, Harris County denies the factual allegations set forth in Paragraph 148.

149.    The allegations set forth in Paragraph 149 do not require a response.  To the extent a response is required, Harris County denies the factual allegations set forth in Paragraph 149.

150.    Harris County lacks sufficient information to admit or deny the factual allegations set forth in Paragraph 150.

151.    Harris County lacks sufficient information to admit or deny the factual allegations set forth in Paragraph 151.

152.    Harris County denies the allegations set forth in Paragraph 152, as Plaintiffs' statement neglects to account for the issuance of personal bonds.

153.    Harris County admits in part the allegations set forth in Paragraph 153, and notes that Plaintiffs ignore release on personal bond. Harris County denies Plaintiffs' characterization that any arrestee's release from custody is "immediate."

154.    The allegations set forth in Paragraph 154 do not require a response.  To the extent a response is required, Harris County denies the factual allegations set forth in Paragraph 154.

155.    The allegations set forth in Paragraph 155 do not require a response.  To the extent a response is required, Harris County denies the factual allegations set forth in Paragraph 155.

156. Harris County denies that a wealth based detention scheme exists. The remaining allegations set forth in Paragraph 156 do not require a response. To the extent a response is required, Harris County denies the factual allegations set forth in Paragraph 156.

157. The allegations set forth in Paragraph 157 do not require a response. To the extent a response is required, Harris County denies the factual allegations set forth in Paragraph 157.

158. The allegations set forth in Paragraph 158 do not require a response. To the extent a response is required, Harris County denies the factual allegations set forth in Paragraph 158.

159. The allegations set forth in Paragraph 159 do not require a response. To the extent a response is required, Harris County denies the factual allegations set forth in Paragraph 159.

160. The allegations set forth in Paragraph 160 are legal conclusion for which no response is required. To the extent a response is required, the Harris County lacks sufficient information to admit or deny.

161. Harris County lacks sufficient information to either admit or deny the allegations set forth in Paragraph 161.

162. Harris County admits that the Plaintiffs are represented by the counsel listed in Paragraph 162. Harris County lacks sufficient information to admit or deny the factual assertions made about Plaintiffs' counsel.

163. Harris County lacks sufficient information to admit or deny the factual allegations in Paragraph 163.

164.    Harris County lacks sufficient information to admit or deny the factual allegations in Paragraph 164.

165.    Harris County lacks sufficient information to admit or deny the factual allegations in Paragraph 165.

166.    The first sentence of Paragraph 166 is a legal conclusion to which no response is required.   As for the remaining allegations, Harris County denies that it has engaged in any unconstitutional behavior.

167.    The allegations set forth in Paragraph 167 do not require a response.   To the extent a response is required, Harris County denies that it has engaged in any unconstitutional behavior.

168.    The allegations set forth in Paragraph 168 do not require a response.   To the extent a response is required, Harris County denies that it has engaged in any unconstitutional behavior.

169.    The allegation in Paragraph 169 does not require a response.

170.    The allegations in Paragraph 170 does not require a response.   However, to the extent that all factual allegations are incorporated by reference, Harris County's corresponding responses are also incorporated by reference.

171.    The statements in Paragraph 171 consist of legal conclusions that do not require a response.   To the extent that a response is required, Harris County denies that is has in any way violated the United States Constitution or that a wealth-based system of detention exists.

Plaintiffs' remaining allegations relate to their request for relief, to which no response is required.   To the extent a response is required, the Hearing Officers deny that Plaintiffs are entitled to the relief they seek.

Respectfully Submitted,

**GARDERE WYNNE SEWELL LLP**

*/s/ Katharine D. David*
Mike Stafford
Federal I.D. No. 20898
Texas Bar No. 18996970
mstafford@gardere.com
Katharine D. David
Federal I.D. No. 577391
Texas Bar No. 24045749
kdavid@gardere.com
Philip J. Morgan
Federal I.D. No. 1708541
Texas Bar No. 24069008
pmorgan@gardere.com
Ben Stephens
Federal I.D. No. 2898153
Texas Bar No. 24098472
bstephens@gardere.com
2000 Wells Fargo Plaza
1000 Louisiana Street
Houston, TX 77002-5011
Ph: 713-276-5500 – Fax: 713-276-5555

**OFFICE OF THE HARRIS COUNTY ATTORNEY**

*s/ John Odam*
John Odam
Assistant County Attorney
Texas Bar No. 15192000
Federal I.D. No. 6944
john.odam@cao.hctx.net
1019 Congress, 15th Floor
Houston, Texas 77002
Ph: 713-274-5101 – Fax: 713-755-8924

***Counsel for Harris County, Texas, Sheriff Ron Hickman, Eric Stewart Hagstette, Joseph Licata III, Ronald Nicholas, Blanca Estela Villagomez, and Jill Wallace***

## Certificate of Service

I certify that on the 13 of January, 2017, I electronically filed the foregoing document with the clerk of court for the U.S. District Court, Southern District of Texas, using the electronic case filing system of the court.

_/s/ Katharine D. David_
Katharine D. David