**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | |
|---|---|
| MARANDA LYNN ODONNELL, et al. ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | |
| ) | Case No. 16-cv-01414 |
| HARRIS COUNTY, TEXAS, et al. ) | (Consolidated Class Action) |
| ) | The Honorable Lee H. Rosenthal |
| ) | U.S. District Judge |
| Defendants. ) | |
| ) | |
| ) | |

### The Hearing Officers' Answer to Plaintiffs' First Amended Class Action Complaint

Eric Stewart Hagstette, Joseph Licata, Ronald Nicholas, Blanca Estela Villagomez, and Jill Wallace (collectively, the "Hearing Officers") file this answer to Plaintiffs' First Amended Class Action Complaint ("Amended Complaint"):

The Plaintiffs' introduction does not require a response. To the extent that a response is required, the Hearing Officers deny the factual allegations in Plaintiffs' Introduction.

1.     The Hearing Officers admit that an "offense-based bail schedule" exists, but deny that they are in any way responsible for such bail schedule. The Hearing Officers also deny the existence of a policy and practice of not considering a person's ability to pay bail and deny that a wealth based detention system exists.

2.     Paragraph 2 contains conclusions of law to which no response is required. To the extent a response is necessary, the Hearing Officers admit that the Court has jurisdiction and deny the remaining allegation set forth in Paragraph 2 of the Amended Complaint.

3.     The Hearing Officers admit that venue is proper.

1

4.      The Hearing Officers lack sufficient information to admit or deny the allegations regarding Maranda ODonnell in Paragraph 4 of Plaintiffs' Amended Complaint.  The Hearing Officers deny Plaintiffs' allegation that a "wealth-based post-arrest detention" scheme exists.

5.      The Hearing Officers lack sufficient information to admit or deny the allegations regarding Loetha Shanta McGruder in Paragraph 5 of Plaintiffs' Amended Complaint.  The Hearing Officers deny Plaintiffs' allegation that a "wealth-based post-arrest detention" scheme exists.

6.      The Hearing Officers lack sufficient information to admit or deny the allegations regarding Robert Ryan Ford in Paragraph 6 of Plaintiffs' Amended Complaint.  The Hearing Officers deny Plaintiffs' allegation that a "wealth-based post-arrest detention" scheme exists.

7.      Paragraph 7 contains allegations that Hearing Officers do not need to admit or deny.  To the extent a response is required, the Hearing Officers admit the allegations in Paragraph 7.

8.      The Hearing Officers lack sufficient information to admit or deny the allegation regarding the percentage of people arrested by the Harris County Sheriff's Office.  The Hearing Officers also lack sufficient information to admit or deny Plaintiffs' allegation that the Sheriff's Officer detains people at facilities other than the Harris County jail, as Plaintiffs do not specify the other facilities to which Plaintiffs are referring.  The Hearing Officers admit that the Sheriff's Office will release an arrestee who pays money bail.  Whether the Sheriff's policy represents Harris County policy is a legal conclusion to which no response is required. The Hearing Officers deny Plaintiffs' insinuation that bail is only set per the bail schedule.

9.      The Hearing Officers admit that Sheriff's Office employees will cause arrestees to appear at a probable cause hearing, but deny the allegation to the extent that it insinuates that the

2

only people who appear at a probable cause hearing are those who are held on money bail.  The Hearing Officers admit that Sheriff's Office employees supervise and monitor arrestees and that the Sheriff's Office employees give various instructions.  The Hearing Officers lack sufficient information to admit or deny whether the Sheriff has knowledge of certain things, as alleged.

10.      The Hearing Officers lack sufficient information to admit or deny whether the Sheriff has knowledge of the events and facts alleged in Paragraph 10.

11.      The Hearing Officers lack sufficient information to admit or deny whether the Sheriff's Office maintains certain policies, as alleged in Paragraph 11.

12.      The Hearing Officers deny the allegations in Paragraph 12, as Ron Hickman is no longer the Sheriff and Plaintiffs have yet to amend their Amended Complaint.  Whether the Sheriff is a final policymaker for Harris County is a legal conclusion to which no response is needed.  The Hearing Officers also do not need to respond to the allegation of the capacities in which the Sheriff was sued, though the claims against Sheriff Ron Hickman in his individual capacity were dismissed.

13.      The Hearing Officers admit that Plaintiffs correctly identified the Criminal Law Hearing Officers.  Whether the Hearing Officers are county employees is a question of law for which no response is needed. The Hearing Officers admit that Plaintiffs have cited the correct statute regarding appointment of the Hearing Officers.  The Hearing Officers also admit that they in some cases, but not all, make probable cause determinations.  The Hearing Officers deny the remaining allegations in Paragraph 13 of Plaintiffs' Amended Complaint.

14.      The Hearing Officers deny the allegations in Paragraph 14, as some of the judges have changed since Plaintiffs filed their Amended Complaint and Plaintiffs have yet to amend.

15.    The Hearing Officers admit that the County Criminal Court at Law Judges promulgate the bail schedule.  Whether the bail schedule represents Harris County policy is a legal question to which no response is required.  The Hearing Officers deny that the bail schedule is applied systemically to all misdemeanor arrestees, as during certain points in the post-arrest process (e.g., when an assistant district attorney fixes the amount of bail) this statement might be true, but at other times it is not true.

16.    The Hearing Officers lack sufficient information to admit or deny the allegations in Paragraph 16, as they cannot admit or deny what sixteen individual judges know.

17.    The Hearing Officers lack sufficient information to admit or deny the allegations in Paragraph 17, as they cannot admit or deny what sixteen individual judges are aware of.

18.    The Hearing Officers lack sufficient information to admit or deny the allegations in Paragraph 18, as they cannot admit or deny what sixteen individual judges know or are aware of.  The Hearing Officers deny the allegation that the they "refuse to consider ability to pay."

19.    The Hearing Officers deny the allegations in Paragraph 19.

20.    The allegations in Paragraph 20 relate to the capacity in which Plaintiffs sued the judges and does not require a response, though the claims against the judges in their individual capacity have been dismissed and Plaintiffs have not yet amended their complaint.

21.    The Hearing Officers lack sufficient information to admit or deny the allegations in Paragraph 21.

22.    The Hearing Officers admit that Plaintiffs correctly state the crime of which Maranda ODonnell was charged.  The Hearing Officers lack sufficient information to admit or deny the remaining allegations in Paragraph 22.

4

23.     The Hearing Officers admit that Maranda ODonnell appeared before a Hearing Officer by video link for a probable cause hearing. The Hearing Officers deny the allegation that no inquiry was made into Ms. ODonnell's ability to pay, as Plaintiffs use of the word "inquiry" is deliberately overbroad and vague such that the Hearing Officers cannot admit or deny this allegation.

24.     The Hearing Officers lack sufficient information to admit or deny the allegations in Paragraph 24.

25.     The Hearing Officers lack sufficient information to admit or deny the allegations in Paragraph 25.

26.     The Hearing Officers admit that Plaintiffs correctly state the crime of which Loetha Shanta McGruder was charged. The Hearing Officers lack sufficient information to admit or deny the remaining allegations.

27.     The Hearing Officers admit that Ms. McGruder appeared for a probable cause determination and that probable cause was found.  The Hearing Officers deny the allegation that no inquiry was made into Ms. McGruder's ability to pay, as Plaintiffs use of the word "inquiry" is deliberately overbroad and vague such that the Hearing Officers cannot admit or deny this allegation. The Hearing Officers lack sufficient information to admit or deny what Ms. McGruder was told by some unidentified person.

28.     The Hearing Officers lack sufficient information to admit or deny the allegations in Paragraph 28.

29.     The Hearing Officers lack sufficient information to admit or deny the allegations in Paragraph 29.

30.     The Hearing Officers admit the facts in Paragraph 30.  The Hearing Officers are not admitting the facts stated in Mr. Ford's declaration that is referenced in this paragraph, however.

31.     The Hearing Officers admit that Mr. Ford appeared for a probable cause determination and that a Hearing Officer found probable cause for his arrest.  The Hearing Officers deny the allegation that no inquiry was made into Mr. Ford's ability to pay, as Plaintiffs use of the word "inquiry" is deliberately overbroad and vague such that the Hearing Officers cannot admit or deny this allegation.

32.     The Hearing Officers lack sufficient information to admit or deny the allegations in Paragraph 32.

33.     The Hearing Officers deny the allegations set forth in Paragraph 33, and would refer the Court to the full text of the Rules of Court, as well as Texas statutes such as Article 17.15 of the Texas Code of Criminal Procedure.

34.     The Hearing Officers lack sufficient information to admit or deny the allegations in Paragraph 34.

35.     The Hearing Officers lack sufficient information to admit or deny the allegations in Paragraph 35, as this part of the post-arrest process does not involve the Hearing Officers.

36.     The Hearing Officers lack sufficient information to admit or deny the allegations in Paragraph 36, as this part of the post-arrest process does not involve the Hearing Officers.

37.     The Hearing Officers lack sufficient information to admit or deny the allegations in Paragraph 37, as this part of the post-arrest process does not involve the Hearing Officers.

38.     The Hearing Officers lack sufficient information to admit or deny the allegations in Paragraph 38, as this part of the post-arrest process does not involve the Hearing Officers.

Gardere01 - 9930286v.1

39.     The Hearing Officers deny the allegations in Paragraph 39.

40.     The Hearing Officers lack sufficient information to admit or deny the allegations in Paragraph 40, as this part of the post-arrest process does not involve the Hearing Officers.

41.     The Hearing Officers lack sufficient information to admit or deny the allegations in Paragraph 41, as this part of the post-arrest process does not involve the Hearing Officers.

42.     Both sentences of Paragraph 42 are legal conclusions for which no response is required.  To the extent a response is required, the Hearing Officers deny the allegations set forth Paragraph 42.

43.     The Hearing Officers lack sufficient information to admit or deny the allegations in Paragraph 43, as this part of the post-arrest process does not involve the Hearing Officers, except that the Hearing Officers admit that they sometimes sign warrants and that the bail sometimes written on the warrant follows the bail schedule.

44.     The Hearing Officers lack sufficient information to admit or deny the allegations in Paragraph 44, as this part of the post-arrest process does not involve the Hearing Officers.

45.     The Hearing Officers lack sufficient information to admit or deny the allegations in Paragraph 45, as this part of the post-arrest process does not involve the Hearing Officers.

46.     The Hearing Officers lack sufficient information to admit or deny the allegations in Paragraph 46, as this part of the post-arrest process does not involve the Hearing Officers.

47.     The Hearing Officers lack sufficient information to admit or deny the allegations in Paragraph 47 and footnote 10, as this part of the post-arrest process does not involve the Hearing Officers.

Gardere01 - 9930286v.1

48.    The Hearing Officers admit that certain records are available through the district clerk's website.  The Hearing Officers lack sufficient information to admit or deny when this occurs or what these records indicate for each arrestee.

49.    The Hearing Officers lack sufficient information to admit or deny the allegations in Paragraph 49, as this part of the post-arrest process does not involve the Hearing Officers.

50.    The Hearing Officers lack sufficient information to admit or deny the allegations in Paragraph 50, as this part of the post-arrest process does not involve the Hearing Officers.

51.    The Hearing Officers lack sufficient information to admit or deny the allegations in Paragraph 51, as this part of the post-arrest process does not involve the Hearing Officers.

52.    The Hearing Officers lack sufficient information to admit or deny the allegations in Paragraph 52, as this part of the post-arrest process does not involve the Hearing Officers.

53.    The Hearing Officers lack sufficient information to admit or deny the allegations in Paragraph 53, as they did not compile the cited statistics and, as a result, cannot admit that they are correct.

54.    The Hearing Officers admit that the Sheriff's Office presents arrestees for a probable cause hearing each day throughout the day.  The Hearing Officers lack sufficient information to admit or deny the remainder of Plaintiffs' allegations in Paragraph 54, including the footnote 13.

55.    The Hearing Officers lack sufficient information to admit or deny the factual allegations in Paragraph 55, as any instructions given by a Sheriff's Office employee occur before the video link is turned on.

56.    The Hearing Officers admit that arrestees are brought before a Hearing Officer for determination of probable cause and appear via video link.  The Hearing Officers also admit that

an assistant district attorney, Hearing Officer, and Sheriff's Office employees are present for these hearings.  The Hearing Officers deny the remainder of Plaintiffs' allegations in Paragraph 56 because they mischaracterize the process. In particular, Plaintiffs appear to allege that the bail schedule is mechanically applied in all instances.

57.     The Hearing Officers admit the allegations in Paragraph 57.

58.     The Hearing Officers admit that Harris County strives to hold the video link hearings within 24 hours.  The Hearing Officers deny the remainder of Plaintiffs' allegations, because for those who cannot appear before a Hearing Officer for determination of probable cause within 24 hours, a Hearing Officer, within 24 hours of arrest, will be presented with a paper file upon which to determine probable cause.  Thus, while an arrestee may appear for their probable cause hearing more than 24 hours after arrest, that does not necessarily mean that probable cause was not determined within 24 hours.

59.     The Hearing Officers admit in part the allegation in Paragraph 59, as those who post bail before early enough in the post-arrest process may by-pass a probable cause hearing before a Hearing Officer.  This paragraph, however, is vague and ambiguous as to the time to which Plaintiffs are referring.  Some arrestees may be in the process of paying bail but still appear before a Hearing Officer for determination of probable cause.  Therefore, the Hearing Officers cannot admit this Paragraph in its entirety.  Moreover, to the extent this Paragraph refers to probable cause determinations made by the County Criminal Court at Law Judges, the Hearing Officers are not present for those hearings and, therefore, lack sufficient information to either admit or deny.

60.     The Hearing Officers deny Plaintiffs' characterization of the hearing set forth in the first sentence of Paragraph 60, as the word "arguing" is not defined and not an accurate

reflection of the assistant district attorneys' role at the probable cause hearings. The Hearing Officers admit that there are instances in which an assistant district attorney requests a higher bail than what is on the schedule.  The Hearing Officers lack sufficient information to admit or deny the last sentence of Paragraph 60.

61.     The Hearing Officers admit the allegation in Paragraph 61.

62.     The Hearing Officers lack sufficient information to admit or deny the allegations set forth in Paragraph 62.

63.     The Hearing Officers admit that they engage in conversations with the assistant district attorney to discuss administrative matters.  The Hearing Officers lack sufficient information to admit or deny the allegation set forth in the remainder of Paragraph 63 because Plaintiffs reference a specific hearing yet fail to identify the time or date of the hearing.

64.     The Hearing Officers deny the allegations set forth in Paragraph 64.

65.     The Hearing Officers admit the allegations set forth in Paragraph 65.

66.     The Hearing Officers admit the allegations set forth in the first three sentences of Paragraph 66.  As for the fourth sentence, the Hearing Officers admit that they determine whether probable exists, but deny the remainder of fourth sentence of Paragraph 66.  The Hearing Officers admit the allegation set forth in the last sentence of Paragraph 66, but note that the last sentence is incomplete in that in some instances the Hearing Officers also lower bail or grant a personal bond.

67.     The Hearing Officers deny the factual allegations set forth in Paragraph 67.

68.     The Hearing Officers deny the factual allegations set forth in Paragraph 68.

Gardere01 - 9930286v.1

69.     The Hearing Officers deny the factual allegations set forth in Paragraph 69, and lack sufficient information to admit or deny what a specific, unidentified Hearing Officer stated on an unidentified time.

70.     The Hearing Officers lack sufficient facts to admit or deny the remaining allegations in Paragraph 70 regarding the exchange between and arrestee and a Hearing Office, and deny Plaintiffs' allegation that such an exchange is "typical."

71.     The Hearing Officers lack sufficient facts to admit or deny the allegations set forth in Paragraph 71, as Plaintiffs fail to identify when this alleged incident occurred or who was involved.

72.     The Hearing Officers deny the allegations set forth in Paragraph 72.

73.     The Hearing Officers deny the allegations set forth in Paragraph 73, and specifically denies Plaintiffs' allegation that the only time that they deviate from the bail schedule is to correct an error in the bail fixed by an assistant district attorney.

74.     The Hearing Officers admit the allegation in the first sentence of Paragraph 74. The Hearing Officers lack sufficient information to admit or deny the remaining factual allegations set forth in Paragraph 74.

75.     The Hearing Officers deny the factual allegations set forth in Paragraph 75.

76.     The Hearing Officers admit in part the factual allegations set forth in Paragraph 76, to the extent that probable cause may be determined based on information provided, which can include criminal history and the facts of the case, but may also include additional information.  The Hearing Officers deny in part because if there is a pretrial services report done, the Hearing Officers will review this and consider all the information in the report, including financial information.

77.     The Hearing Officers deny the factual allegations set forth in Paragraph 77.

78.     The Hearing Officers admit the factual allegations set forth in Paragraph 78.

79.     The Hearing Officers deny the factual allegations set forth in Paragraph 79.

80.     The Hearing Officers lack sufficient information to admit or deny the allegations set forth in Paragraph 80, as the Hearing Officers do not compile the cited statistics.

81.     The Hearing Officers deny the factual allegations set forth in Paragraph 81.

82.     The Hearing Officers admit that to be released on a personal bond, at least one contact of the arrestee must be verified.  The Hearing Officers lack sufficient information to admit or deny the remainder of the allegations set forth in Paragraph 82.

83.     The Hearing Officers deny the factual allegations set forth in Paragraph 83.

84.     The Hearing Officers deny the factual allegations set forth in Paragraph 84.

85.     The Hearing Officers admit in part the last sentence of Paragraph 85, in that in considering eligibility for a personal bond, one factor is generally a person's ties to the community.  In cases of a transient individual or a person who recently moved to Harris County, this would be a factor that is considered in determining eligibility for a personal bond.  The Hearing Officers deny that this is always a determinative factor, as Plaintiffs allege.  The Hearing Officers deny the remainder of the factual allegations set forth in Paragraph 85.

86.     The Hearing Officers deny the factual allegations set forth in Paragraph 86.

87.     The Hearing Officers lack sufficient information to admit or deny the allegations set forth in Paragraph 87, as Plaintiffs fail to identify when this alleged incident occurred.

88.     The Hearing Officers lack sufficient information to admit or deny the allegations set forth in Paragraph 88, as Plaintiffs fail to identify when this alleged incident occurred.

89.     The Hearing Officers deny the factual allegations set forth in Paragraph 89.

Gardere01 - 9930286v.1

90.     The Hearing Officers lack sufficient information to admit or deny the allegations in Paragraph 90, as this part of the post-arrest process does not involve the Hearing Officers.

91.     The Hearing Officers lack sufficient information to admit or deny the allegations in Paragraph 91, as this part of the post-arrest process does not involve the Hearing Officers.

92.     The Hearing Officers lack sufficient information to admit or deny the allegations in Paragraph 92, as this part of the post-arrest process does not involve the Hearing Officers.

93      The Hearing Officers lack sufficient information to admit or deny the allegations in Paragraph 93, as this part of the post-arrest process does not involve the Hearing Officers.

94.     The Hearing Officers lack sufficient information to admit or deny the allegations in Paragraph 94, as this part of the post-arrest process does not involve the Hearing Officers.

95.     The Hearing Officers lack sufficient information to admit or deny the allegations in Paragraph 95, as this part of the post-arrest process does not involve the Hearing Officers.

96.     The Hearing Officers lack sufficient information to admit or deny the allegations in Paragraph 96, as this part of the post-arrest process does not involve the Hearing Officers.

97.     The Hearing Officers lack sufficient information to admit or deny the allegations in Paragraph 97, as this part of the post-arrest process does not involve the Hearing Officers.

98.     The Hearing Officers lack sufficient information to admit or deny the allegations in Paragraph 98, as this part of the post-arrest process does not involve the Hearing Officers.

99.     The allegations in Paragraph are conclusory, consist of legal conclusions, and, therefore, do not require a response.  To the extent a response is required, the Hearing Officers lack sufficient information to either admit or deny the allegations set forth in Paragraph 99.

100.    The Hearing Officers lack sufficient information to admit or deny the allegations in Paragraph 100, as this part of the post-arrest process does not involve the Hearing Officers.

13

101.     The Hearing Officers lack sufficient information to admit or deny what "the County Courts at Law Judges—and every other actor in the County's post-arrest system" know, which consists of the majority of the allegations in Paragraph 101.  The Hearing Officers also lack sufficient information to admit or deny whether they "know" that "a large majority" of arrestees are "destitute" and lack the ability to pay. The Hearing Officers admit that they have access to financial information about the accused, when the accused decides to provide such information. The Hearing Officers, however, have no way of knowing that the financial information provided is accurate, complete, or truthful.

102.     The Hearing Officers admit that Sheriff's Office employees observe probable cause hearings.  The Hearing Officers deny the remaining factual allegations in Paragraph 102, including that the Hearing Officers fail to consider ability to pay.

103.     The Hearing Officers lacks sufficient information to admit or deny what each of the sixteen County Criminal Court at Law Judges "knows" or what the judges do in their courts. The Hearing Officers admit that recordings of the video hearings are maintained. The Hearing Officers deny all other allegations in Paragraph 103, in particular the allegation regarding instructions.

104.     The Hearing Officers lack sufficient information to admit or deny the allegations in Paragraph 104, as this part of the post-arrest process does not involve the Hearing Officers.

105.     The Hearing Officers lack sufficient information to admit or deny the allegations in Paragraph 105, as this part of the post-arrest process does not involve the Hearing Officers.

106.     The Hearing Officers lack sufficient information to admit or deny the factual allegations set forth in Paragraph 106.

Gardere01 - 9930286v.1

107.    The Hearing Officers lack sufficient information to admit or deny the factual allegations set forth in Paragraph 106.

108.    The Hearing Officers lack sufficient information to admit or deny the factual allegations set forth in Paragraph 108.

109.    The Hearing Officers lack sufficient information to admit or deny the factual allegations set forth in Paragraph 109.

110.    The Hearing Officers lack sufficient information to admit or deny the factual allegations set forth in Paragraph 110.

111.    The Hearing Officers lack sufficient information to admit or deny the factual allegations set forth in Paragraph 111.

112.    The Hearing Officers lack sufficient information to admit or deny the allegations set forth in Paragraph 112.

113.    The Hearing Officers lack sufficient information to admit or deny the allegations set forth in Paragraph 113.

114.    The Hearing Officers lack sufficient information to admit or deny the allegations set forth in Paragraph 114.

115.    The Hearing Officers lack sufficient information to admit or deny the allegations set forth in Paragraph 115.

116.    The Hearing Officers lack sufficient information to admit or deny the allegations set forth in Paragraph 116.

117.    The Hearing Officers lack sufficient information to admit or deny the allegations set forth in Paragraph 117.

Gardere01 - 9930286v.1

118.    The Hearing Officers lack sufficient information to admit or deny the allegations set forth in Paragraph 118, as the Hearing Officers are not involved with the jail's operations and goings on.

119.    The Hearing Officers lack sufficient information to admit or deny the allegations set forth in Paragraph 119.

120.    The Hearing Officers lack sufficient information to admit or deny the allegations set forth in Paragraph 120.

121.    The Hearing Officers lack sufficient information to admit or deny the allegations set forth in Paragraph 121.

122.    The Hearing Officers deny the allegations set forth in Paragraph 122.

123.    The Hearing Officers lack sufficient information to admit or deny the allegations set forth in Paragraph 123.

124.    The Hearing Officers lack sufficient information to admit or deny the allegations set forth in Paragraph 124.

125.    Paragraph 125 consists of conclusory statements that do not require a response. To the extent a response is required, the Hearing Officers deny the allegations set forth in Paragraph 125.

126.    The Hearing Officers lack sufficient information to admit or deny the allegations set forth in Paragraph 126.

127.    The Hearing Officers lack sufficient information to admit or deny the allegations set forth in Paragraph 127.

128.    The Hearing Officers lack sufficient information to admit or deny the allegations set forth in Paragraph 128.

Gardere01 - 9930286v.1

129.    The Hearing Officers deny the portion of this Paragraph that appears to allege that bail is set strictly per the bail schedule and that bail is the exclusive means of release from custody.   The Hearing Officers lack sufficient information to admit or deny the remaining allegations set forth in Paragraph 129.

130.    The Hearing Officers lack sufficient information to admit or deny the allegations set forth in Paragraph 130.

131.    The Hearing Officers deny the allegation a wealth-based system of detention exists.   The Hearing Officers lack sufficient information to admit or deny the remainder of Plaintiffs' allegations set forth in Paragraph 131.

132.    The Hearing Officers lack sufficient information to admit or deny the allegations set forth in Paragraph 132.

133.    The Hearing Officers lack sufficient information to admit or deny the allegations set forth in Paragraph 133.

134.    The Hearing Officers lack sufficient information to admit or deny the allegations set forth in Paragraph 134.

135.    The Hearing Officers lack sufficient information to admit or deny the allegations set forth in Paragraph 135.

136.    The first sentence of Paragraph 136 contains a legal conclusion to which no response is required.   To the extent a response is required, the Hearing Officers deny the allegation in the first sentence of Paragraph 136 because it appears that Plaintiffs are allegation that the Hearing Officers could order the various non-financial conditions listed in Paragraph 134, but the mechanism to use such methods is not currently available in Harris County.   The Hearing Officers deny the factual allegations in the last two sentences of Paragraph 136.

137.     The Hearing Officers lack sufficient information to admit or deny the allegations set forth in Paragraph 137.

138.     The Hearing Officers lack sufficient information to admit or deny the allegations set forth in Paragraph 138.

139.     The Hearing Officers lack sufficient information to admit or deny the allegations set forth in Paragraph 139.

140.     The Hearing Officers lack sufficient information to admit or deny the allegations set forth in Paragraph 140.

141.     Paragraph 141 consists of legal conclusions to which no response is required.  To the extent a response is required, the Hearing Officers deny the allegations set forth in Paragraph 141.

142.     The Hearing Officers lack sufficient information to admit or deny the allegations set forth in Paragraph 142.

143.     The Hearing Officers lack sufficient information to admit or deny the allegations set forth in Paragraph 143.

144.     The Hearing Officers lack sufficient information to admit or deny the allegations set forth in Paragraph 144.

145.     The allegations set forth in Paragraph 145 do not require a response.  To the extent a response is required, the Hearing Officers deny the factual allegations set forth in Paragraph 145.

146.     The allegations set forth in Paragraph 146 do not require a response.  To the extent a response is required, the Hearing Officers deny the factual allegations set forth in Paragraph 146.

Gardere01 - 9930286v.1

147.    The allegations set forth in Paragraph 147 do not require a response.  To the extent a response is required, the Hearing Officers deny the factual allegations set forth in Paragraph 147.

148.    The allegations set forth in Paragraph 148 do not require a response.  To the extent a response is required, the Hearing Officers deny the factual allegations set forth in Paragraph 148.

149.    The allegations set forth in Paragraph 149 do not require a response.  To the extent a response is required, the Hearing Officers deny the factual allegations set forth in Paragraph 149.

150.    The Hearing Officers lack sufficient information to admit or deny the factual allegations set forth in Paragraph 150.

151.    The Hearing Officers lack sufficient information to admit or deny the factual allegations set forth in Paragraph 151.

152.    The Hearing Officers lack sufficient information to admit or deny the factual allegations set forth in Paragraph 152.

153. The Hearing Officers lack sufficient information to admit or deny the factual allegations set forth in Paragraph 153.

154.    The Hearing Officers lack sufficient information to admit or deny the factual allegations set forth in Paragraph 154.

155.    The allegations set forth in Paragraph 155 do not require a response.  To the extent a response is required, the Hearing Officers deny the factual allegations set forth in Paragraph 155.

156.    The Hearing Officers deny that a wealth based detention scheme exists.   The remaining allegations set forth in Paragraph 156 do not require a response.   To the extent a response is required, the Hearing Officers deny the remaining factual allegations set forth in Paragraph 156.

157.    The allegations set forth in Paragraph 157 do not require a response.   To the extent a response is required, the Hearing Officers deny the factual allegations set forth in Paragraph 157.

158.    The allegations set forth in Paragraph 158 do not require a response.   To the extent a response is required, the Hearing Officers deny the factual allegations set forth in Paragraph 158.

159.    The allegations set forth in Paragraph 159 do not require a response.   To the extent a response is required, the Hearing Officers deny the factual allegations set forth in Paragraph 159.

160.    The allegations set forth in Paragraph 160 are legal conclusion for which no response is required.   To the extent a response is required, the Hearing Officers lack sufficient information to admit or deny.

161.    The Hearing Officers lack sufficient information to either admit or deny the allegations set forth in Paragraph 161.

162.    The Hearing Officers admit that the Plaintiffs are represented by the counsel listed in Paragraph 162.   The Hearing Officers lack sufficient information to admit or deny the factual assertions made about Plaintiffs' counsel.

163.    The Hearing Officers lack sufficient information to admit or deny the factual allegations in Paragraph 163.

Gardere01 - 9930286v.1

164.    The Hearing Officers lack sufficient information to admit or deny the factual allegations in Paragraph 164.

165.    The Hearing Officers lack sufficient information to admit or deny the factual allegations in Paragraph 165.

166.    The first sentence of Paragraph 166 is a legal conclusion to which no response is required.  As for the remaining allegations, the Hearing Officers deny that they have engaged in any unconstitutional behavior.

167.    The allegations set forth in Paragraph 167 do not require a response.  To the extent a response is required, the Hearing Officers deny that they have engaged in any unconstitutional behavior, and, therefore, any relied is unwarranted.

168.    The allegations set forth in Paragraph 168 do not require a response.  To the extent a response is required, the Hearing Officers deny that they have engaged in any unconstitutional behavior, and, therefore, any relied is unwarranted.

169.    The allegation in Paragraph 169 does not require a response.

170.    The allegations in Paragraph 170 does not require a response.  However, to the extent that all factual allegations are incorporated by reference, the Hearing Officers' corresponding responses are also incorporated by reference.

171.    The statements in Paragraph 171 consist of legal conclusions that do not require a response.  To the extent that a response is required, the Hearing Officers deny that they have in any way violated the United States Constitution or that a wealth based system of detention exists.

Plaintiffs' remaining allegations relate to their request for relief, to which no response is required.  To the extent a response is required, the Hearing Officers deny that Plaintiffs are entitled to the relief they seek.

## **Affirmative Defenses**

1.      Injunctive relief, even a preliminary injunction, is unavailable against the Hearing Officers under the plain language of 42 U.S.C. § 1983.

2.      The Hearing Officers are not liable in their individual capacities.

3.      The Hearing Officers are judicially immune from any damages claim or claim for attorneys' fees.

4.      The Hearing Officers have qualified immunity.   The Hearing Officers affirmatively plead that, with respect to the allegations in Plaintiffs' complaint, the Hearing Officers at all times acted in good faith and within the scope of their authority under applicable law and their employment duties, and thus, are entitled to good faith and qualified immunity from suit under both federal and state law.

Respectfully Submitted,

**GARDERE WYNNE SEWELL LLP**

*/s/ Katharine D. David*
Mike Stafford
Federal I.D. No. 20898
Texas Bar No. 18996970
mstafford@gardere.com
Katharine D. David
Federal I.D. No. 577391
Texas Bar No. 24045749
kdavid@gardere.com
Philip J. Morgan
Federal I.D. No. 1708541
Texas Bar No. 24069008
pmorgan@gardere.com
Ben Stephens
Federal I.D. No. 2898153
Texas Bar No. 24098472
bstephens@gardere.com
2000 Wells Fargo Plaza
1000 Louisiana Street
Houston, TX 77002-5011
Ph: 713-276-5500 – Fax: 713-276-5555

**OFFICE OF THE HARRIS COUNTY ATTORNEY**

*s/ John Odam*
John Odam
Assistant County Attorney
Texas Bar No. 15192000
Federal I.D. No. 6944
john.odam@cao.hctx.net
1019 Congress, 15th Floor
Houston, Texas 77002
Ph: 713-274-5101 – Fax: 713-755-8924

*Counsel for Harris County, Texas, Sheriff Ron Hickman, Eric Stewart Hagstette, Joseph Licata III, Ronald Nicholas, Blanca Estela Villagomez, and Jill Wallace*

Gardere01 - 9930286v.1

### <u>Certificate of Service</u>

I certify that on the 13th of January, 2017, I electronically filed the foregoing document with the clerk of court for the U.S. District Court, Southern District of Texas, using the electronic case filing system of the court.

*/s/ Katharine D. David*

Katharine D. David
