IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

MARANDA LYNN O'DONNELL, et al.,
Plaintiffs,

vs.

HARRIS COUNTY, TEXAS, et al.,
Defendants.

Case No. 4:16-cv-01414
(Consolidated Class Action)

The Honorable Lee H. Rosenthal
U.S. District Judge

## SECOND DECLARATION OF ALEXANDER BUNIN

1. My name is Alexander Bunin. I am over eighteen years of age, have personal knowledge of the facts set forth herein, and am competent to make this declaration.

2. I am the Chief Public Defender for Harris County, Texas. This supplements my previous declaration of February 20, 2017.

3. The Harris County Public Defender's Office (PDO) represents approximately 4% of misdemeanor arrestees (2,749 of 64,245 in 2016). PDO misdemeanor clients are those who are determined by an algorithm to be severely mentally ill or intellectually disabled.

4. I am a member of the Criminal Justice Coordinating Council and I was personally involved in applying for both the MacArthur Foundation Safety and Justice Grant and the Arnold Foundation Public Safety Assessment tool.

5. I have watched videos of Article 15.17 hearings, but I do not regularly attend these hearings in person. In my opinion, it is unwise for defendants to speak at those hearings because what they say will be used against them in later proceedings. I have been told by current and former prosecutors that this is true.

6. I believe that a "meaningful bail hearing" includes representation for the defendant and that both the prosecutor and defense attorney should have access to all available information (including, for example, the information gathered by Pretrial Services).

7. Except for the largest cities, and a few states, most jurisdictions in the United States do not provide representation at the initial bail hearing. The only county in Texas which does provide such representation for defendants is El Paso County. Bexar County has a pilot program to provide representation at bail hearings to a small segment of mentally ill defendants.

8. Harris County Commissioners Court recently approved a program to provide defense

representation at the bail setting portion of the Article 15.17 hearings. This program will put Harris County on the cutting edge of the movement towards providing defense attorneys at initial bail hearings. This program will be wholly funded by Harris County.

9. Hearing officers should consider the five factors outlined by U.S. District Judge James DeAnda in the 1987 settlement order in *Roberson v. Richardson*. Ability to pay should be considered if the court will require money bail as a condition of release. The Judges retain discretion in individual cases but the new bail schedule should tie release conditions to risk.

10. I do not believe there is a legal impediment to the use of money as a condition of release, as long as the criminal hearing officer considers the defendant's ability to pay. That an arrestee has not made bail is not complete proof that they did not have the ability to pay at the time of the initial bail hearing. I believe that it is the defense attorney's, and the court's, responsibilities to readdress bail issues in the court of jurisdiction if it appears the defendant remains detained for inability to pay money.

11. I believe that it is not realistic for an arrestee to hire a private attorney to represent them at the initial bail setting as it is extremely difficult for that attorney to get to the hearing in time for the initial bail consideration, and historically that has rarely occurred.

12. I support the work being done by the Criminal Justice Coordinating Council with the Arnold Foundation's consultant, Marie VanNostrand. I believe this tool will result in more releases on non-monetary conditions, which I prefer to monetary conditions.

13. Public Defenders routinely rely upon the information gathered by Pretrial Services It is helpful in the investigation of their cases and to assesses whether to seek reconsideration of their bail.

I certify under the penalty of perjury that the foregoing is true and correct.

_____
Alexander Bunin

2/28/2017
Date