United States District Court
Southern District of Texas

**ENTERED**

March 01, 2017

David J. Bradley, Clerk

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| MARANDA LYNN ODONNELL, *et al*., | § | |
| On behalf of themselves and all others | § | |
| similarly situated, | § | |
| | § | |
| Plaintiffs, | § | CIVIL ACTION NO. H-16-1414 |
| | § | |
| VS. | § | |
| | § | |
| HARRIS COUNTY, TEXAS, *et al.*, | § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM AND OPINION**

Under *McMillian v. Monroe County*, 520 U.S. 781 (1997), district courts must assess "the liability of local governments under § 1983" by "ask[ing] whether governmental officials are final policymakers for the local government in a particular area, or on a particular issue." *Id*. at 785. In its December 16, 2016 Memorandum and Opinion, the court denied Harris County's motion to dismiss and found that, applying the *McMillian* factors, Harris County could be liable for the legislative and administrative actions of the Harris County Sheriff and the 16 Harris County Criminal Courts at Law Judges. (Docket Entry No. 125). Harris County moved the court to reconsider its holding that the County Judges act as county, rather than as state, policymakers when they promulgate their written Rules of Court and when they administratively enforce unwritten policies that allegedly detain misdemeanor arrestees without timely consideration of their ability to pay bail or their eligibility for nonfinancial conditions of release. (Docket Entry No. 131). Harris County does not seek reconsideration of the court's holding that Harris County could be liable for the policymaking decisions of the Harris County Sheriff.

Harris County does not raise new arguments or evidence that the court did not already

carefully consider in its prior ruling. Based on the reasons set out in the prior ruling, as well as in this memorandum and opinion, the County's motion for reconsideration is denied.

## I.     The Legal Standard for a Motion for Reconsideration

The Federal Rules of Civil Procedure do not specifically provide for motions for reconsideration. *See St. Paul Mercury Ins. Co. v. Fair Grounds Corp.*, 123 F.3d 336, 339 (5th Cir. 1997) ("[T]he Federal Rules of Civil Procedure do not recognize a general motion for reconsideration."). A court retains the power to revise an interlocutory order before entering judgment adjudicating the parties' claims, rights, and liabilities. FED. R. CIV. P. 54(b). A Rule 59(e) motion "calls into question the correctness of a judgment." *Templet v. HydroChem Inc.*, 367 F.3d 473, 478–79 (5th Cir. 2004) (citing *In re Transtexas Gas Corp.*, 303 F.3d 571, 581 (5th Cir. 2002)). A motion that asks the court to change an order or judgment is generally considered a motion to alter or amend under Rule 59(e). *eTool Development, Inc. v. Nat'l Semiconductor Corp.*, 881 F.Supp.2d 745, 748–49 (E.D. Tex. 2012).

A Rule 59(e) motion "'must clearly establish either a manifest error of law or fact or must present newly discovered evidence' and 'cannot be used to raise arguments which could, and should, have been made before the judgment issued.'" *Rosenzweig v. Azurix Corp.*, 332 F.3d 854, 863–64 (5th Cir. 2003) (quoting *Simon v. United States*, 891 F.2d 1154, 1159 (5th Cir. 1990)). Changing an order or judgment under Rule 59(e) is an "extraordinary remedy" that courts use sparingly. *Templet*, 367 F.3d at 479; *see also* 11 WRIGHT & MILLER, FEDERAL PRACTICE & PROCEDURE § 2810.1 at 124 (2d ed. 1995). The Rule 59(e) standard "favors denial of motions to alter or amend a judgment." *S. Constructors Grp., Inc. v. Dynalectric Co.*, 2 F.3d 606, 611 (5th Cir. 1993). A motion to reconsider may not be used to relitigate matters, raise arguments, or submit evidence that could have been presented before the judgment or order was entered. 11 WRIGHT & MILLER

§ 2810.1 at 127–28 (footnotes omitted).

## II.  Analysis

Harris County argues that the County Judges are policymakers for the State of Texas, and not for Harris County, because under Texas law: (1) the County Judges are statutory judges who differ from constitutional county judges with local administrative responsibilities; (2) the County Judges are similar to district court judges who have been found to be state actors; and (3) Harris County does not adjudicate state crimes or approve the County Rules of Court.  (Docket Entry No. 131).  The County extensively briefed these arguments and urged them at the hearings held on August 18 and November 28, 2016.  (*See* Docket Entry No. 25 at 5–11; No. 44 at 48–69; No. 83 at 11–19; No. 102 at 2–7; No. 114 at 1–4; No. 122 at 72–94).  The court carefully evaluated each argument in its earlier Memorandum and Opinion.  (Docket Entry No. 125 at 42–55; *see also id.* at 41 ("The [*McMillian*] question is fact-intensive and requires careful judgment under applicable law.")).  The County raises no new arguments or case law in its motion that would merit the "extraordinary remedy" of a changed judgment.  *Templet*, 367 F.3d at 479.  Even if the County had presented new information, its arguments remain unpersuasive.

### A.  Constitutional County Judges Compared to Statutory County Judges

The County argues that the court misapplied case law concerning Texas constitutional county judges to the statutory Harris County Criminal Courts at Law Judges.  (Docket Entry No. 131 at 2–4).  As the court noted in its Memorandum and Opinion, some Texas county courts are established directly by the State Constitution ("constitutional county courts"), while others with specialized functions, such as criminal adjudication, may be established by the Legislature ("statutory county courts").  TEX. CONST. ART. V, §§ 1, 15.  The Harris County Criminal Courts at Law are statutory county courts. TEX. GOV'T CODE § 25.1033.  In *Familias Unidas v. Briscoe*, 619 F.2d 391 (5th Cir.

1980), the Fifth Circuit ruled that a constitutional county judge acted on behalf of the State, and not the county, when he enforced a statute requiring disclosure of the membership lists of certain organizations. *Id*. at 404. But the court noted that the "unique structure of county government in Texas" gives constitutional county judges "numerous executive, legislative and administrative chores in the day-to-day governance of the county," some of which might support county, rather than state, liability. *Id*.

The County argues that *Familias Unidas* is inapplicable to statutory county judges because they "have absolutely no role in county governance" and only adjudicate crimes under state law. (Docket Entry No. 131 at 2). But this court identified—and the County does not dispute—local administrative and legislative functions the statutory County Judges perform. The court's prior ruling described some of these functions:

> Three of the statutory County Judges in this case sit on a board responsible for appointing, supervising, and terminating Harris County Hearing Officers. TEX. GOV'T CODE § 54.852. One of the Harris County Criminal Courts at Law Judges acts as the presiding judge, tasked with serving "as chief administrator of the offices of county court manager and county court coordinators, and of pretrial release services and all other court-related ministerial services in misdemeanor cases as required by the judges having jurisdiction over those cases." *Id*. § 75.403(d)(3). . . . The Harris County Criminal Courts at Law Rules of Court . . . are promulgated by the County Judges sitting en banc as a board, voting by two-thirds majority. *See* TEX. GOV'T CODE § 75.403(f). The Rules of Court apply not to a single court but to all the courts across one of the largest and most populous counties in the United States. The Rules of Court do not merely regulate "the orderly trial of cases" . . . . The Rules of Court mandate the use of secured financial bail; prescribe presumptions in certain misdemeanor cases; provide for the appointment of counsel; promulgate a code of judicial conduct; and instruct sheriffs, district attorneys, and other county officers in how to administer their tasks of imposing and collecting secured financial bail.

(Docket Entry No. 125 at 48, 51–52).

The County notes that § 25.0003(b) of the Texas Government Code states that "[a] statutory county court does not have jurisdiction over causes and proceedings concerning roads, bridges, and public highways *and the general administration of county business* that is within the jurisdiction of

the commissioners court of each county." (Docket Entry No. 131 at 2) (quoting, with emphasis, TEX. GOV'T CODE § 25.0003(b)). But this case concerns County rules and policies regulating pretrial detention and release in misdemeanor cases. The question is not whether the County Judges have general regulatory authority over all local issues, including roads and public welfare, but whether the County Judges have specific regulatory authority over the local issues of setting bail and setting the conditions of the pretrial release of misdemeanor arrestees. Under Texas law, the County Judges do have this authority. Like constitutional county judges, "at least in those areas in which [a statutory County Judge], alone, is the final authority or ultimate repository of county power," a statutory County Judge may be "a policymaker whose official conduct and decisions could be attributed to the county under section 1983." *Bigford v. Taylor,* 834 F.2d 1213, 1222 (5th Cir. 1988).

For the reasons explained in the court's Memorandum and Opinion, the County Judges are "the final authority or ultimate repository of county power" when they choose among alternatives in their discretion to promulgate the written Rules of Court or administratively oversee unwritten customs or practices that apply countywide to the regulation of bail and pretrial detention of misdemeanor arrestees. (Docket Entry No. 125 at 42–55). The motion for reconsideration on this basis is denied.

### B.     County Judges Compared to District Judges

The County argues that statutory county judges are not significantly distinguishable from Texas district judges, and that "district judges are state actors." (Docket Entry No. 131 at 4). Although the *McMillian* Court considered certain generally applicable or categorical factors to analyze whether a sheriff was a local policymaker or a state actor, the Court made clear that "our understanding of the actual function of a government official, in a particular area, will necessarily

5

be dependant on the official's functions under relevant state law." 520 U.S. at 786.  The *McMillian* analysis is function-specific. *See, e.g.*, *Brewster v. Shasta County*, 275 F.3d 803, n.1 (9th Cir. 2001) ("*McMillian* clearly instructs that determination of whether a sheriff is a state or county actor depends on an analysis of the precise function at issue, in this case, the sheriff's crime investigation function.").

Applying this analysis, the Fifth Circuit has held that Texas district judges act as state officials when they perform the specific function of appointing counsel in particular cases. *See Hamill v. Wright*, 870 F.2d 1032, 1037 (5th Cir. 1989) (Texas district judges were not acting as county policymakers when they failed to appoint counsel in civil contempt proceedings); *Clanton v. Harris County*, 893 F.2d 757, 758 (5th Cir. 1990) (per curiam) (same). But the County cannot extrapolate from these holdings a general rule that Texas district judges are always state actors, much less extend that rule to the County Judges.[1]  Separate from analyzing whether county judges are substantially similar to district judges, this court must analyze the *McMillian* factors for the County Judges' specific function of regulating countywide pretrial processes, including the setting of bail.[2]

The comparison to Texas district judges does not provide a categorical basis to rule that County Judges are state actors in all of their functions.  The motion for reconsideration on this basis

---

[1] Indeed, the County's instructive comparison of Texas district judges and county judges may well support a finding that, in the particular function of regulating countywide pretrial processes and bail settings, the district judges act as local policymakers.  That question is not before the court.

[2] The County argues that the only identifiable difference between Texas district judges and statutory county judges is the process of appointment and removal.  (Docket Entry No. 131 at 4).  The County insists that this "difference cannot be dispositive." (*Id*. at 7).  The court does not consider these factors dispositive, but it does give them some weight within the totality of the analysis, as did other cases on which the County principally relies. *See Parsons v. Bourff*, 739 F.Supp. 1266, 1267 (S.D. Ind. 1989) (vacancy appointment by governor was an important factor for finding that the court clerk acts on the behalf of the state); *Pruitt v. Kimbrough*, 536 F.Supp. 764, 766 (N.D. Ind. 1982) (county judges "appointed initially through a non-partisan selection process by the governor" contributed to finding they were state actors).

is denied.

### C.    Harris County Functions

The County argues that: (1) because Harris County has no judicial branch, the County Judges serve no local County functions under *McMillian*; and (2) because the County does not approve the County Judges' Rules of Court, it cannot be liable for the policies enacted in those rules.  (Docket Entry No. 131 at 7–8).  The court addressed this argument when it held that " the existence of multiple and overlapping authorities cannot, on its own, shield officers or official bodies from liability." (Docket Entry No. 125 at 76); *see also McCollum v. Livingston*, Civil No. 14-3253, 2017 WL 608665 (S.D. Tex. Feb. 3, 2017) (same).  "[M]unicipalities often spread policymaking authority among various officers and official bodies. As a result, particular officers may have authority to establish binding county policy respecting particular matters and to adjust that policy for the county in changing circumstances." *Pembaur v. City of Cincinnati*, 475 U.S. 469, 483 (1986).  The fact that the Texas Constitution does not vest judicial power in Harris County does not absolve the County from liability for local policymakers' choices among alternatives to legislate and implement a pretrial-detention system for misdemeanor arrestees in Harris County.  *See McMillian*, 520 U.S. at 786 ("This is not to say that state law can answer the question for us by, for example, simply labeling as a state official an official who clearly makes county policy.").

"[M]unicipal liability under § 1983 attaches where—and only where—a deliberate choice to follow a course of action is made from among various alternatives by the official or officials responsible for establishing the final policy with respect to the subject matter in question." *Pembaur*, 475 U.S. at 483.  In its Memorandum and Opinion, the court examined the many factors supporting a finding that the Harris County Criminal Courts at Law Judges make policy on behalf of Harris County, including their electoral constituency; their jurisdiction; the processes of removal

and vacancy appointment; the sources of funding, equipment, and personnel; their local administrative, legislative, and judicial responsibilities; and their classification in federal and state case law. (Docket Entry No. 125 at 42–55). Other County employees, including arresting officers, pretrial services personnel, jailers, and administrative assistants implement policies that are not mandated by state law but are rather the decisions of local policymakers. In Harris County, those policymakers are the County Judges.

**D.     Conclusion**

Harris County's motion for reconsideration, Docket Entry No. 131, is denied.

SIGNED on March 1, 2017, at Houston, Texas.

Lee H. Rosenthal
Chief United States District Judge