# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

MARANDA LEE ODONNELL

v.                                                                                             4:16-CV-01414

HARRIS COUNTY, TEXAS. ET AL

## POSITION OF DISTRICT ATTORNEY KIM OGG ABOUT BAIL BOND LITIGATION PENDING IN THE UNITED STATES DISTRICT COURT

> "In our society liberty is the norm, and detention prior to trial or without trial is the carefully limited exception." -- *United States v. Salerno*, 481 U.S. 739, 755 (1987) (Rehnquist, C.J., for the Court).

Harris County currently defends litigation before United States District Judge Lee Rosenthal about its procedures for setting conditions for bail of defendants charged with Class A and Class B misdemeanors in the County Criminal Courts at Law. The District Attorney's Office is not a party to this litigation. This is proper as the setting of bail conditions is a judicial function. Prosecutors do, however, make bail recommendations during the charging process.

That said, it is our position that bail reform is necessary and long overdue. Holding un-adjudicated misdemeanor offenders in the Harris County Jail solely because they lack the money or other means of posting bail is counterproductive to

the goal of seeing that justice is done. We do not want to be complicit in a system that incentivizes presumptively innocent people to plead guilty merely to expedite their release from custody. We do not want to administer punishment before the defendant has been adjudicated guilty. It makes no sense to spend public funds to house misdemeanor offenders in a high-security penal facility when the crimes themselves may not merit jail time. These secure beds and expensive resources should be prioritized for the truly dangerous offenders and 'flight risks' who need to be separated from the community.

Confronted with a similar situation in March 1963, almost half a century ago, U.S. Attorney General Robert Kennedy instructed all United States Attorneys to recommend the release of defendants on their own recognizance "in every practicable case." I agree that this should be the default recommendation in most misdemeanor cases and intend to instruct my assistants accordingly.

Independent of the federal litigation, this District Attorney's Office will implement procedures in the intake and probable cause process to provide hearing officers and magistrates with facts relevant to the setting of reasonable bail or personal recognizance bonds. Our lawyers shall exercise their discretion to vary from the advisory bail bond schedule to make bail recommendations which are evidence-based. We reserve the right to recommend more restrictive conditions of bond, based on articulable facts derived from the case evidence, which are

necessary to protect crime victims and the community at large. We recognize that Texas law, except in the most limited circumstances associated with serious felony cases, lacks an explicit mechanism for preventative detention. We will be judicious, sparing and transparent in the use of high cash bond recommendations in the misdemeanor arena so as to avoid further skewing of the historical purpose of bail, which is to reasonably assure the appearance of the accused.

I have recently implemented measures within my discretionary authority to pre-charge divert approximately 10,000 people per year for possession of misdemeanor amounts of marijuana. Those who participate in this program will not go to jail and will not require bail or counsel; they will with the agreed-upon conditions or will face traditional consequences if they don't. For those whose misdemeanor offenses do lead to arrest and custody, we support the presence of defense counsel at the 24-hour probable cause hearing the law holds that this is a critical stage of litigation.

Some parties to this litigation have taken public positions declaring that the current bail bond system is unconstitutional. As the chief law enforcement officer for Harris County, I defer to this Court's judgment. That said, I do not turn a blind eye to the need for substantial and immediate reform to the bail system to ensure equal protection of all defendants without regard to their social status or financial inability to pay. I look forward to working with my partners in the criminal justice

system to ensure equal justice under the law for all individuals charged with criminal offenses in Harris County.

Respectfully submitted,

/S/ Kim Ogg_____
KIM OGG
State Bar No. 15230200
FED ID: 635102
District Attorney, Harris County, Texas
Criminal Justice Center
1201 Franklin, Suite 600
Houston, TX 77002-1901
(713) 274-5800

## CERTIFICATE OF SERVICE

I hereby certify that all interested parties have been served this date, March 3, 2017, by email notice via electronic case filing (ECF).

/S/ Kim Ogg_____
KIM OGG