UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF TEXAS, HOUSTON DIVISION

| | |
|---|---|
| MARANDA LYNN ODONNELL, et al. ) | |
| Plaintiffs, ) | |
| v. ) | Case No. 16-cv-01414 |
| ) | (Consolidated Class Action) |
| HARRIS COUNTY, TEXAS, et al. ) | The Honorable Lee H. Rosenthal |
| ) | U.S. District Judge |
| Defendants. ) | |

## PLAINTIFFS' RESPONSE IN OPPOSITION TO "CONTINGENT" MOTION TO STAY

Some but not all of the Defendants in this action have filed a "contingent" motion to stay any preliminary injunctive relief ordered by this Court. Docket Entry No. 252 at 2. In the alternative, they ask for a stay of 14 days after entry of preliminary injunctive relief. *Id*. at 8. The motion is both premature and unpersuasive.

1. A "contingent" motion is per se unripe. Not surprisingly, the motion is filled with generalities and abstractions, since the Court has not yet ordered anything. Some of the movants themselves suggested various forms of relief prior to, during, and after the hearing. Other Defendants have urged broader relief. All Defendants have conceded various legal issues that, when combined with the facts established at the hearing, compel certain relief. But the Court has not yet ruled, and it is impossible to know in advance the relief (if any) to which the movants will articulate specific objections, let alone what those objections will be. Plaintiffs reserve the right to brief the stay issue when it is ripe.

2. Movants still have not articulated any specific practical or public interest concerns with any aspect of the relief proposed by Plaintiffs, despite repeated requests by the Court that Defendants do so.

3. When and if a motion for a stay becomes ripe, Plaintiffs will oppose it. If the Court grants a preliminary injunction, it already will have weighed the same four factors that movants now raise, and the Court already will have concluded that Defendants are likely violating constitutional rights in a way that causes irreparable harm.

4. Movants argue that the "public interest" is particularly important when Government entities are "enjoined from enforcing the laws." Docket Entry No. 252 at 2. But the issuance of a preliminary injunction here would mean that the Court has found it likely that Defendants are violating, not "enforcing," the United States Constitution — a fundamental failure in their sworn duties.[1]

5. Defendant Gonzalez' testimony undermines the movants' rationale. He gave unrefuted testimony, as the County's leading law enforcement official, that an injunction prohibiting the de facto preventive detention of misdemeanor arrestees (by setting secured financial bail in amounts those arrestees cannot afford) would *not* impede in any way his operation of the jail and, indeed, would serve the interests of law enforcement. Hence his conclusion that the County's current practices are irrational. Likewise, the County's own consultant, Dr. VanNostrand, testified that the relief sought by the Plaintiffs would *not* interfere with her and the County's plans. The (premature) argument for a stay is also undermined by the testimony of Defendant Judge Jordan and the statement filed by District Attorney Ogg, each of whom called for "immediate" relief.

---

[1] Testimony at the hearing established that Defendants are also *circumventing* state law by issuing de facto orders of preventive detention in misdemeanor cases in which state law forbids preventive detention, and are doing so without any of the federal constitutional safeguards that would apply even if state law authorized detention. This is the opposite of "enforcing the laws."

2

6. In sum, the motion is premature and, perhaps because of that, consists only of vague generalities, without identifying any specific way in which the public interest, or the County, would be concretely harmed absent a stay of relief. In contrast, the class members who are in jail at the time of an order or at any time thereafter would have very real constitutional injury — and potentially life-altering consequences, as evidence at the hearing (including studies by and testimony from Dr. VanNostrand) made clear — from a stay to an injunction designed to prevent irreparable harm to them. As the Court already would have determined, the real constitutional harm to class members would outweigh the movants' still-unarticulated general interest in maintaining the current system, or permitting them to change it piecemeal and at their own pace.

Respectfully submitted,

*/s/ Neal S. Manne*_____

*/s/ Lexie G. White*_____

*/s/ Michael Gervais*_____

Neal S. Manne
Lexie G. White

Susman Godfrey
1000 Louisiana Street, Suite 5100
Houston, TX 77002
Phone: (713) 651-9366
nmanne@susmangodfrey.com
lwhite@susmangodfrey.com

Michael Gervais
1301 Avenue of the Americas, 32nd Floor
New York, NY 10019
Phone: (212) 336-8330
mgervais@susmangodfrey.com

*/s/ Rebecca Bernhardt*_____
*/s/ Susanne Pringle*_____

Rebecca Bernhardt (Texas Bar No. 24001729)
Susanne Pringle (Texas Bar No. 24083686)
Texas Fair Defense Project
314 E. Highland Mall Blvd, Suite 108
Austin, Texas 78752
(512) 637-5220
rbernhardt@fairdefense.org
springle@fairdefense.org

 /s/ Alec Karakatsanis_____
 /s/ Elizabeth Rossi_____

Alec Karakatsanis (D.C. Bar No. 999294)
(Appearing *Pro Hac Vice*)
Elizabeth Rossi
(Appearing *Pro Hac Vice*)

Civil Rights Corps
916 G Street NW, Suite 701
Washington, DC 20004
alec@civilrightscorps.org
elizabeth@civilrightscorps.org
*Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that on the 28th day of March 2017, I electronically filed the foregoing with the clerk of the court for the U.S. District Court, Southern District of Texas, using the electronic case filing system of the Court. The electronic case filing system sends a "Notice of Electronic Filing" to the attorneys of record who have consented in writing to accept this Notice as service of this document by electronic means.

*Elizabeth A. Rossi*

Elizabeth A. Rossi
Civil Rights Corps
910 17th Street NW 5th Floor
Washington, DC 20006
Elizabeth@civilrightscorps.org
202-681-2721