**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

|  |  |  |
|---|---|---|
| MARANDA LYNN ODONNELL, et al. | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) ) | Case No. 16-cv-01414 |
| HARRIS COUNTY, TEXAS, et al. | ) ) ) | (Consolidated Class Action) The Honorable Lee H. Rosenthal U.S. District Judge |
| Defendants. | ) ) ) | |

**JUDGES FOR HARRIS COUNTY'S CRIMINAL COURTS AT LAW 1-15**
**RESPONSE TO PLAINTIFFS' NOTICE REGARDING**
**NAMED PLAINTIFF MARANDA ODONNELL**

Plaintiffs' Notice Regarding Named Plaintiff Maranda ODonnell and corresponding exhibits paints a false picture of events that transpired, eventually culminating in the dismissal of Plaintiff ODonnell's driving while license invalid charge. Plaintiffs' Notice to the Court conveniently leaves out that after repeatedly failing to appear and absconding from her pending charge for almost eleven months, Ms. ODonnell was finally apprehended ***because she was arrested*** on a possession of controlled substance charge on April 1, 2017.[1] Ms. ODonnell's driving with a suspended license charge was only dismissed on April 4, 2017 because she pled guilty and was convicted of the possession of controlled substance charge.[2]

---

[1] *See* Ex. 1, *State of Texas v. Maranda Lynn O'Donnell*, Possession of Controlled Substance Complaint (Apr. 1, 2017).
[2] *See* Ex. 2, *State of Texas v. Maranda Lynn O'Donnell,* Motion to Dismiss Driving While License Invalid (Apr. 4, 2017); Ex. 3, *State of Texas v. Maranda Lynn O'Donnell*, Guilty Plea (Apr. 4, 2017); Ex. 4, *State of Texas v. Maranda Lynn O'Donnell*, Deferred Adjudication Judgment (Apr. 4, 2017).

The driving while license invalid charge was dismissed as part of the plea agreement Ms. ODonnell reached with the assistant district attorney on her drug charge.[3] Thus, while Plaintiff ODonnell is no longer be a fugitive from justice – not by choice, but because she was caught – she is still inadequate to serve as a class representative because she was a fugitive for nearly an entire year, and therefore could not have played any role in driving or managing this litigation. Additionally, Ms. ODonnell's new charge again confirms that she is not a member of the class she purports to represent. Similar to previous charge, Ms. ODonnell reported she had a net income of $2440 per month to Pretrial Services, and thus a judge or magistrate could conclude she could arrange to make her $5000 bond.[4]

Dated: April 10, 2017                                          Respectfully Submitted,

*/s/ John E. O' Neill*
John. E. O' Neill
Attorney-in-Charge
Texas State Bar No. 15297500
S.D. Tex. Bar No. 2813
joneill@winston.com
John R. Keville
Texas State Bar No. 00794085
S.D. Tex. Bar No. 20922
jkeville@winston.com
Sheryl A. Falk
Texas State Bar No. 06795350
S.D. Tex. Bar No. 17499
sfalk@winston.com
Robert L. Green
Texas State Bar No. 24087625
S.D. Tex. Bar No. 2535614
rgreen@winston.com
Corinne Stone
Texas State Bar No. 24102541
S.D. Tex. Bar No. 3019917
cstone@winston.com

---

[3] *See* Ex. 5, *State of Texas v. Maranda Lynn O'Donnell*, Special Hearing Tr. 8:13-24 (Apr. 4, 2017).
[4] *See* Ex. 6, ODonnell Pretrial Services Report (Apr. 1, 2017).

WINSTON & STRAWN, LLP
1111 Louisiana, 25th Floor
Houston, Texas 77002
Telephone: (713) 651-2600
Facsimile: (713) 651-2700

**ATTORNEYS FOR THE HARRIS
COUNTY CRIMINAL COURTS
AT LAW 1-15 JUDGES**

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing document has been served on counsel of record who are deemed to have consented to electronic service on this April 10, 2017, via electronic filing using the Court's CM/ECF system.

*/s/ John E. O'Neill*