IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| MARANDA LYNN ODONNELL, et al. ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Case No. 4:16-cv-01414 |
| ) | (Consolidated Class Action) |
| HARRIS COUNTY, TEXAS, et al., ) | The Honorable Lee H. Rosenthal |
| ) | U.S. District Judge |
| Defendants. ) | |
| ) | |

**Harris County's Response to Plaintiffs' Notice of New Authority (Docket Entry No. 298)**

Plaintiffs' Notice of New Authority (Docket Entry No. 289) (i) tries to distinguish *State v. Pratt*, a recent case rejecting a right to affordable bail, and (ii) cites *Simpson v. Miller*, 387 P.3d 1270 (Ariz. 2017), a case finding that strict scrutiny is not the level of scrutiny by which to judge pretrial practices and is completely consistent with Harris County's briefing on the level of scrutiny.

A. *State v. Pratt* is directly on point and rejects a constitutional right to affordable bail.

One month ago, the Vermont Supreme Court considered and rejected a claim that the United States Constitution contains a right to affordable bail:

> This case calls upon us to consider whether a court may, in order to secure a defendant's appearance in court, impose bail in an amount that the defendant is unable to pay. . . . Although a court must consider a defendant's financial resources in determining conditions of release, *we conclude that neither the U.S. nor Vermont Constitution nor the applicable Vermont statutes require trial courts to find that a defendant has the present ability to raise bail in the amount set by the court*.

*See State v. Pratt*, No. 2017-029, 2017 WL 894414, *2 (Vt. Mar. 10, 2017) (emphasis added). Plaintiffs attempt to distinguish *Pratt* by arguing that *Pratt* was an Eighth Amendment case, and,

1

therefore, the court "had no occasion to consider the arguments made in this case." (Docket Entry No. 289, p. 2). Not only did the *Pratt* court consider *identical* arguments to those made in this case, but it considered—and rejected—relief almost identical to the relief Plaintiffs seek here.

The *Pratt* complainant, unable to pay his bail amount, argued that "the State failed to provide evidence that he could meet the bail requirement and that the court must make particularized findings regarding defendant's risk of flight that would justify the bail amount." *Pratt*, 2017 WL 894414 at *2. This argument should sound familiar. In each item of requested relief in Plaintiffs' Amended Complaint, they request "an inquiry into the person's present ability to pay the sum and findings that the arrestee has the present ability to pay the sum." (Docket Entry No. 54, pp. 41–42.)[1] The Vermont Supreme Court flatly rejected these arguments, noting the only limit on bail is that it cannot be set at "a figure higher than an amount reasonably calculated to fulfill' the purpose of 'giving adequate assurance that [the defendant] will stand trial and submit to sentence if found guilty.'" *Id.* at *5 (*quoting Stack v. Boyle*, 342 U.S. 1, 4 (1951)) (alteration in original). The court further emphasized that Vermont law does not require a *finding* of ability to pay before a bail order could be issued and that financial resources are not the controlling factor, but instead are "one of several factors that guide the trial court's evaluation of the least restrictive means of ensuring a defendant's appearance"—just as in Texas. *Id.* at *5. Ultimately, a Vermont court—just like a Texas court—may set bail that a defendant cannot pay if the court, exercising its discretion, determines that the set amount of bail is the least restrictive way to assure the defendant's appearance in court. *Id.*

---

[1] Plaintiffs various proposed orders changes the language, but the central claim of a right to affordable bail and right to release on non-financial conditions are still present. (Docket Entry No. 260, pp. 6–8 ) (objecting to Plaintiffs' proposed orders in part on the grounds that no right to affordable bail exists).

In many ways *Pratt* is unremarkable: *Pratt* rejects a constitutional right to affordable bail—something cases have consistently done for years—and rejects the argument that a constitutional bail setting requires any inquiry or process beyond the procedures already provided for in Texas law and applied in Harris County.

Moreover, the Vermont Supreme Court acknowledged recent legislative changes regarding bail and criminal justice in other jurisdictions and commented that decisions regarding whether bail must be set in an affordable amount or used at all—the very issues that Plaintiffs ask this Court to answer—are state legislative policy decisions. The court stated,

> We express no opinion on the policy questions of whether a system in which monetary bail is a condition courts can use to secure a defendant's appearance is a good one, or whether the bail statute <u>ought</u> to require that bail be set at a level the defendant can pay. ***These are questions first and foremost for the Legislature***.

*Id.* at *5 n. 8 (emphasis added). In fact, the Texas legislature is currently considering comprehensive bail reform. (*See* Defs.' Exs. 124 and 125.) Notably, even with significant bail reform proposed, which includes repealing article 17.15 of the Code of Criminal Procedure,[2] the Texas legislature is not attempting to create a right to affordable bail nor requiring the release of all misdemeanant arrestees on non-financial conditions. In other words, the Texas legislature is not choosing the policies Plaintiffs are attempting to impose upon Harris County.

B. <u>*Simpson v. Miller* affirms Harris County's argument that strict scrutiny is inapplicable.</u>

Plaintiffs also cite to *Simpson v. Miller*, 387 P.3d 1270 (Ariz. 2017). *Simpson* is completely consistent with Harris County's argument that while some level of heightened scrutiny applies to certain aspects of pretrial detentions schemes, it is not strict scrutiny. (Docket Entry No. 256.) *Simpson* involved a challenge to a preventive detention statute. The court unequivocally found that neither *Salerno* nor its predecessor cases require strict scrutiny.

---

[2] Should the Legislature repeal article 17.15, Plaintiffs' claims would be moot. *See, e.g.*, *Rainwater v. Pugh*, 572 F.2d 1053, 1059 (5th Cir. 1978) (finding the as applied challenge to Florida's new rule of criminal procedure moot).

3

*Simpson*, 387 P.3d at 1277 ("*Salerno* did not require [the strict scrutiny] standard."). The court applied a lower standard to the constitutionality of Arizona's preventive detention laws—whether Arizona's "legitimate and compelling" government interest was "narrowly focus[ed] on a particularly acute problem." *Id.* (*citing Salerno*, 481 U.S. at 749–50).

Whether *Rainwater*'s "delicate balancing" or *Simpson*'s standard applies,[3] the standard is met here. The governmental interest in ensuring that defendants return to court is legitimate and compelling. The record shows that the procedures set up to facilitate that interest are narrowly focused. (*See* Docket Entry No. 286.) The pretrial process, as a whole, provides ample procedural safeguards so that a defendant is not unconstitutionally deprived of liberty, and provides alternatives to financial release for eligible defendants. Plaintiffs' argument would have the court find that the very act of setting bail as provided for by state law is not "narrowly focused" to the government's interest in securing the return of defendants to court. Such a finding would be unprecedented, and certainly unsupported by any new authority identified by either party.

---

[3] *Rainwater*'s "delicate balance" does not appear to be in conflict with *Simpson*'s "narrow focus."

Respectfully Submitted,

**GARDERE WYNNE SEWELL LLP**

*/s/ Katharine D. David*
Mike Stafford
Federal I.D. No. 20898
Texas Bar No. 18996970
mstafford@gardere.com
Katharine D. David
Federal I.D. No. 577391
Texas Bar No. 24045749
kdavid@gardere.com
Philip J. Morgan
Federal I.D. No. 1708541
Texas Bar No. 24069008
pmorgan@gardere.com
Ben Stephens
Federal I.D. No. 2898153
Texas Bar No. 24098472
bstephens@gardere.com
2000 Wells Fargo Plaza
1000 Louisiana Street
Houston, TX 77002-5011
Ph: 713-276-5500 – Fax: 713-276-5555

**OFFICE OF THE HARRIS COUNTY ATTORNEY**

*/s/ John Odam*
John Odam
Assistant County Attorney
Texas Bar No. 15192000
Federal I.D. No. 6944
john.odam@cao.hctx.net
1019 Congress, 15th Floor
Houston, Texas 77002
Ph: 713-274-5101 – Fax: 713-755-8924

***Counsel for Harris County, Texas, Eric Stewart Hagstette, Joseph Licata III, Ronald Nicholas, Blanca Estela Villagomez, and Jill Wallace***

5

**Certificate of Service**

      I certify that on the 12th of April, 2017, I electronically filed the foregoing document with the clerk of court for the U.S. District Court, Southern District of Texas, using the electronic case filing system of the court.

                                              */s/ Katharine D. David*
                                              Katharine D. David

Gardere01 - 10147873v.1