In The United States District Court
For The Southern District of Texas
Houston Division

United States District Court
Southern District of Texas
FILED
APR 18 2017
David J. Bradley, Clerk of Court

Maranda Lynn Odonnell, et al.,

On behalf of themselves
and all others similarly
situated,

Plaintiffs,

VS.

Harris County, Texas, et al.,

Defendants.

§
§
§
§
§
§
§
§
§
§
§
§

Civil Action No.

H-16-1414

Prospective Plaintiff Devin Paul Cole's
Motion for Leave of the Court to File an

p. 1

ES-085

Amended Complaint Adding Devin Paul Cole To The Group of Existing Plaintiffs and Formal Request or Motion for the Court's Permission To Participate in this Title 42 U.S.C. § 1983 Civil Rights Act Lawsuit.

— and —

If Determined to be In The Interest of Justice And Equal Rights for All Motion for Class Action Certification.

To The Honorable Lee H. Rosenthal, Presiding Chief United States District Judge:

Prospective Plaintiff or Class Plaintiff or Plaintiff as determined by the Court, Devin Paul Cole whom is too poor (homeless and chronically indigent) to hire an Attorney to represent him in this matter

p. 2

ES-085
A

pursuant to the 14th Amendment's Due Process Clause and Equal Protection of the Law Clause, Rules 15(a) and 19(a) of the Federal Rules of Civil Procedure as well as Fundamental Fairness Concepts, at their very core, the touchstone of Due Process of Law and the fact that Plaintiff is identically and similarly situated to Maranda Lynn Odonnell, and the other unknown plaintiffs, of this lawsuit hereby respectfully requests and moves the court for leave to file an amended complaint adding a party by name and Plaintiff's Motion for Class and Independent Certification.

1.) This original complaint was filed without my name as a Plaintiff with Ms. Maranda Lynn Odonnell.

2.) I hereby request that the name Devin Paul Cole be added as an additional similarly and identically situated Plaintiff. Citing Haines v. Kerner (liberal construing of pro se pleadings).

3.) I object to any failure to sue Defendants without suing all Defendants in their individual and official capacities for a substantial amount of

money or monetary damages, punitive damages, compensatory damages, including equitable, and tangible relief, including a Declaration of facts Defendants (ALL of them) knew, at all times material to these proceedings due to their Law School, College, Law Enforcement, State and American Bar Membership and other high levels of Education, some with Ph.D. Doctorates in Law, exactly, what clearly established federal law as determined by the Supreme Court of the United States is, how it applied to the facts of this case and from the begining of their employment until now, and continuing engaged in a practice, pattern, custom and policy of intentionally violating the rights of plaintiffs and societies poor with reckless and callous disregard for their rights and their liberty and equal protection of laws. They also engaged in a Failure to Train their employees properly which may have contributed largely to some percentage of 55 deaths occurring in the Harris County Jail (wrongful deaths) between 2009 and 2015. In other words put some "teeth" into or greatly fortify the poor man's constitutional rights for a change. We pay taxes too.

4.) This Court should grant leave freely to amend a complaint. Foman v. Davis, 371 U.S. 178, 182 (1962).

p.4

ES-085

*[See Plaintiff's Exhibit -A- attached / Chronicle Article]

5.) In all misdemeanor court cases, including trespassing and shoplifting, if you tell your court appointed attorney or as was the case with me in all of my criminal trespassing cases that you are not guilty because you really and truly are and you want to go to trial by jury to prove it and your like me, have no money you get at least a 120 day reset which means 4 more flat calendar day for day months of confinement. Myself and everyone I've seen all plead guilty to usually 30 to 90 days in jail with some good time credit so we can get out of jail sooner. Even after 120 days they still keep giving you resets 30-day continuances until you plead guilty. Subpoena the statistics of the numeber of misdemeanor trials that actually are given (really occur) and the total number of misdemeanor cases and guilty pleas with waiver of jury trial rights that are recorded.

Wherefore, Plaintiff prays that the Court grant him the relief he may be entitled to in these proceedings.

Executed and Sworn to on this 15th day of April, 2017.

Respectfully submitted,
Devin Paul Cole
Plaintiff / Movant
SPN# 02145549

p.5

"I, Devin Paul Cole, SPN#02145549 an inmate confined in the Harris County Jail declare under penalty of federal perjury that the above and foregoing motion and request is true and correct."

"Signed, April 15th, 2017."

*Devin Paul Cole*
Devin Paul Cole
Plaintiff

## ORDER

Granted _____ Denied _____ Other _____

Signed on: _____

Hearing Date: _____

The Honorable Lee H. Rosenthal
Chief United States District Judge

p. 6

ES-085

*Plaintiff's Exhibit - A attached*

# Program comes as county faces federal suit over bail system

**Program from page A3**

publicized cases was that of Sandra Bland, who committed suicide in the Waller County Jail three days after she was arrested in 2015 following a traffic stop and a heated argument with a state trooper.

In Harris County, 55 people died in pretrial detention from 2009 to 2015, including defendants arrested for misdemeanors such as trespassing and driving while intoxicated. Among them was a man detained after returning his children late to his ex-wife, in violation of a civil court order, the Houston Chronicle found.

Pretrial detainees who are not released are four times as likely to receive a prison sentence, and that prison sentence is likely to be twice as long as ones for those who are not held in jail before their trial, according to the county.

"In Harris County, a big thing is the outcomes a lot of times are people choosing to plead guilty just to get out of jail," said Jay Jenkins, project attorney for the Texas Criminal Justice Coalition.

*Proof of what I said! -A-*

### Bills target issue

Officials at both the state and local levels have targeted the system recently.

Legislation introduced last week by state Sen. John Whitmire, D—Houston, and Rep. Andrew Murr, R—Junction, would require judges statewide to determine within 48 hours whether a defendant accused of a nonviolent crime might be eligible for a so-called personal bond based on factors such as prior criminal offenses and past failures to appear in court. Personal bonds carry a financial penalty only if a person fails to appear in court.

Harris County officials also plan to release a new risk assessment tool this year to help hearing officers evaluate when they can release defendants on personal recognizance.

Several top Harris County officials — including County Judge Ed Emmett, Sheriff Ed Gonzalez and District Attorney Kim Ogg — have also said recently that the bail system should be restructured so that it doesn't differentiate between rich and poor defendants.

"This is a positive step forward on the long road to fixing a broken criminal justice system," said Precinct 1 Commissioner Rodney Ellis, a former state senator who has sharply criticized the county's bail bond system.

### 'In right direction'

Emmett, a Republican, also praised the pilot program's creation Tuesday.

"It's going in the right direction," he said. "This is one of those things we needed to do."

Despite the acknowledgement of county leaders that change is needed,

> *"This is a positive step forward on the long road to fixing a broken criminal justice system."*
> Precinct 1 Commissioner Rodney Ellis

Harris County continues to fight a federal civil rights lawsuit alleging that its bail system violates the rights of poor people by enforcing a rigid bail schedule that does not take into account that many facing misdemeanor charges cannot make even nominal bail payments.

### Ability to pay

The county maintains that it considers ability to pay when setting bail amounts.

"Today Commissioners Court approved a program that will provide legal representation at bail hearings," said First Assistant County Attorney Robert Soard. "This is consistent with Harris County's ongoing efforts to enhance the criminal justice system."

Rebecca Bernhardt, executive director of the Texas Fair Defense Project and an attorney for the plaintiffs in the bail bond case, said the pilot program is a "big improvement" but that "defendants can still certainly be unlawfully detained by Harris County, in violation of due process and equal protection, as we have alleged in our case."

Although public defenders will be present at bail hearings under the pilot program, hearing officers may not necessarily change their practices, Jenkins said.

### 'This is the future'

The pilot project will include a review of its impact after six months.

The program is expected to cost more than $1 million between now and the end of February 2018. Bunin said he expects to hire six new attorneys, which will require the approval of county commissioners.

Jenkins said the pilot program will also help defendants avoid implicating themselves during bail hearings.

"When I've observed those hearings, I've seen incriminating statements being made, I've seen questions being asked that shouldn't be asked without a lawyer present," Jenkins said. "Cleaning up those loose ends at the very least is going to benefit the county."

Bunin said the program is likely to evolve over the year, as judges, hearing officers and attorneys ease into it. The county is also building a new inmate processing center that could affect the program.

"We're hoping that pretty soon we can report on some of the benefits of it," Bunin said. "I really think this is the future and it will sustain."

*mihir.zaveri@chron.com*
*twitter.com/mihirzaveri*