Case 4:16-cv-01414   Document 303   Filed in TXSD on 04/28/17   Page 1 of 16

United States District Court
Southern District of Texas

**ENTERED**
April 28, 2017
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MARANDA LYNN ODONNELL, *et al.*, | § | |
| On behalf of themselves and all others similarly situated, | § § § | |
| | § | |
| Plaintiffs, | § | |
| | § | CIVIL ACTION NO. H-16-1414 |
| VS. | § | |
| | § | |
| HARRIS COUNTY, TEXAS, *et al.*, | § | |
| | § | |
| Defendants. | § § | |

**MEMORANDUM AND ORDER
CERTIFYING A RULE 23(b)(2) CLASS**

In accordance with this court's Memorandum and Opinion of today's date, the plaintiffs' motion for class certification is granted. The following class is certified under Rule 23(b)(2):

> All Class A and Class B misdemeanor arrestees who are detained by Harris County from the date of this order through the final resolution of this case, for whom a secured financial condition of release has been set and who cannot pay the amount necessary for release on the secured money bail because of indigence.

For the purpose of the preliminary injunction, the class period extends from the date of this order through the disposition of this case, or until further order from the court. "Indigence" is determined by the affidavit of financial condition Harris County Pretrial Services will make available to misdemeanor arrestees under this court's Order of Preliminary Injunction. (*See* Docket Entry No. 304).

**I.    Background**

The named plaintiffs, Maranda Lynn ODonnell, Robert Ryan Ford, and Loetha McGruder, sued Harris County, the Harris County Sheriff, five Harris County Hearing Officers, and sixteen

1

Harris County Criminal Courts at Law Judges, seeking injunctive and declarative relief under 42 U.S.C. § 1983. The plaintiffs allege that Harris County has a custom or practice having the force of policy of detaining before trial misdemeanor defendants who are too poor to pay a secured financial condition of release, in violation of the Equal Protection and Due Process Clauses. (Docket Entry No. 54). The parties vigorously dispute whether money bail set on a secured basis is the cause of pretrial detention in Harris County. The parties presented evidence and argument at an eight-day motion hearing in March 2017. The court has today issued a Memorandum and Opinion setting out findings of fact and conclusions of law. (Docket Entry No. 302). The Memorandum and Opinion extensively addresses the factual background of each plaintiff's arrest, the nature of the plaintiffs' claims, the legal standards governing this case, and the record evidence showing the plaintiffs' likelihood of success on the merits and the balance of harms if an injunction does not issue. (*Id*).

The plaintiffs move to certify the following class under Rule 23(b)(2): All Class A and B misdemeanor arrestees who are or will be detained by Harris County for any amount of time after arrest because they are unable to pay money bail. (Docket Entry No. 146). For the reasons set out in detain below, the court finds that the Rule 23 requirements are met and certifies a Rule 23(b)(2) class. But the class definition the plaintiffs proposed is modified, as follows: All Class A and Class B misdemeanor arrestees who are detained by Harris County from the date of this order through the final resolution of this case, for whom a secured financial condition of release has been set and who cannot pay the amount necessary for release on the secured money bail because of indigence.

The reasons for this ruling are set out below.

## II.     The Legal Standard for Class Certification

To certify a Rule 23 class, the plaintiffs must show that their proposed class meets the

2

requirements of Rule 23(a) and of at least one Rule 23(b) subsection. *See* FED. R. CIV. P. 23. The plaintiffs seek certification under Rule 23(b)(2). (Docket Entry No. 146).

Before granting certification, a court must conduct a rigorous analysis to determine whether the plaintiffs have met the Rule 23 requirements. *Benavides v. Chi. Title Ins. Co.*, 636 F.3d 699, 701 (5th Cir. 2011); *Castano v. Am. Tobacco Co.*, 84 F.3d 734, 740 (5th Cir. 1996). "Frequently that rigorous analysis will entail some overlap with the merits of the plaintiff's underlying claim. That cannot be helped. The class determination generally involves considerations that are enmeshed in the factual and legal issues comprising the plaintiff's cause of action." *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 351 (2011) (alterations, citations, and internal quotation marks omitted); *see also Castano*, 84 F.3d at 744 ("Going beyond the pleadings is necessary, as a court must understand the claims, defenses, relevant facts, and applicable substantive law in order to make a meaningful determination of the certification issues.").

Certification does not depend on showing that the plaintiffs will ultimately prevail on the merits of their claims. The certification ruling does not turn on the strengths and weaknesses of the claims or defenses. Rather, the court must be able to resolve issues and consider the evidence used to present them on a class-wide basis. FED. R. CIV. P. 23(c)(1) Committee n. (2003). The party seeking certification has the burden of showing that the Rule 23 requirements are satisfied. *Comcast Corp. v. Behrend*, 133 S. Ct. 1426, 1432 (2013); *Benavides*, 636 F.3d at 701; *Allison v. Citgo Petroleum Corp.*, 151 F.3d 402, 408 (5th Cir. 1998); *Castano*, 84 F.3d at 740.

### III. Analysis

#### A. Rule 23(a)

The threshold question is whether the proposed class meets the four Rule 23(a) requirements:

    (a)    Prerequisites. One or more members of a class may sue or be sued as representative parties on behalf of all members only if:
        (1)    the class is so numerous that joinder of all members is impracticable;
        (2)    there are questions of law or fact common to the class;
        (3)    the claims or defenses of the representative parties are typical of the claims or defenses of the class; and
        (4)    the representative parties will fairly and adequately protect the interests of the class.

FED. R. CIV. P. 23(a).

The defendants[1] argue that before analyzing whether the plaintiffs have satisfied Rule 23(a), the court must find that "the class sought to be represented [is] adequately defined and clearly ascertainable." (Docket Entry No. 164 at 4) (quoting *In re Deepwater Horizon*, 739 F.3d 790, 821 (5th Cir. 2014)). The defendants argue that ascertainability is not met here "because the bounds of the class are fluid and ever-changing." (*Id*. at 5).

The First, Third, Sixth, and Tenth Circuits have ruled—two recently—that ascertainability is not required to certify a Rule 23(b)(2) class. *Yaffe v. Powers*, 454 F.2d 1362 (1st Cir. 1972); *Shelton v. Bledsoe*, 775 F.3d 554 (3d Cir. 2015); *Cole v. City of Memphis*, 839 F.3d 530 (6th Cir. 2016); *Shook v. El Paso Cty.*, 386 F.3d 963 (10th Cir. 2004). The reasoning of these cases is persuasive. Because Rule 23(b)(2) classes seek only prospective relief, the notice requirements and preclusive effects of damages class actions are avoided. *See Wal-Mart*, 564 U.S. at 362 ("The Rule provides no opportunity for . . . (b)(2) class members to opt out, and does not even oblige the District Court to afford them notice of the action."). The Sixth Circuit notes that the Advisory Committee's 1966 comments "provide[] that 'illustrative' examples of a (b)(2) class are civil-rights actions where members of the class 'are incapable of specific enumeration.'" *Cole*, 839 F.3d at 542 (quoting FED.

---

[1] The defendant Harris County Sheriff and presiding judge of County Criminal Court at Law No. 16 did not join the opposition to the plaintiffs' motion to certify a class. (*See* Docket Entry No. 164 at 1).

R. CIV. P. 23 Advisory Committee's Note to 1966 amendments).

In *DeBremaecker v. Short*, 433 F.2d 733 (5th Cir. 1970), the Fifth Circuit denied Rule 23(b)(2) certification to a proposed class of Texas residents "active in the 'peace movement' who have been harassed and intimidated as well as those who fear harassment and intimidation" by the Houston Police Department. *Id*. at 734 n.1. The court found that "active in the 'peace movement'" was too vague, and the plaintiffs had not presented evidence "which would have assisted the district court in more accurately delineating membership in a workable class." *Id*. at 734. The proposed class was also overbroad; every Texas resident was not properly included in a class asserting claims only against the Houston police. *Id*.

Since *DeBremaecker*, the Supreme Court and the Fifth Circuit have made clear that courts should follow a "general rule encouraging liberal construction of civil rights class actions." *Jones v. Diamond*, 519 F.2d 1090, 1100 (5th Cir. 1975). In *Jones*, the court reversed a denial of class certification in a case brought under § 1983 by a prisoner seeking to enjoin unsanitary conditions in a jail. *Id*. at 1093. The court reasoned that "[s]ince it is not necessary that the members of the class be so clearly identified that any member can be presently ascertained, the 23(b)(2) class action is an effective weapon for an across-the-board attack against systematic abuse." *Id*. at 1100 (internal citation omitted); *see also Wal-Mart*, 564 U.S. at 361 ("'[c]ivil rights cases against parties charged with unlawful, class-based discrimination are prime examples' of what [Rule 23](b)(2) is meant to capture") (quoting *Amchem Products, Inc. v. Windsor*, 521 U.S. 591, 613 (1997) (alteration in original)); *Davis v. Weir*, 497 F.2d 139, 146 (5th Cir. 1974) (Rule 23(b)(2) "does not mandate that all members of the (b)(2) class be aggrieved by or desire to challenge the defendant's conduct" but does require "that the conduct or lack of it which is subject to challenge be premised on a ground that

5

is applicable to the entire class."); *J.D. v. Nagin*, 255 F.R.D. 406 (E.D. La. 2009); *Cooper v. Kliebert*, Civil No. 14-507, 2014 WL 7338846 (M.D. La. Dec. 22, 2014) ("The Fifth Circuit cautions the need to read Rule 23(a) liberally in the context of civil rights suits where plaintiffs seek injunctive relief on behalf of past, present, and future class members.").

The defendants object to the proposed class definition because it is framed around the causation issue—whether a defendant is detained *because* of an inability to pay a secured financial condition of release. Under Supreme Court and Fifth Circuit law, that is not a ground for denying certification. The question is whether there are disputed issues common across the class, susceptible to class-wide proof and class-wide relief. *See Wal-Mart*, 564 U.S. at 363–65. Those requirements are met here. The Fifth Circuit permits certification of a "fail-safe class," defined as "a class whose membership can only be ascertained by a determination on the merits of the case because the class is defined in terms of the ultimate question of liability." *In re Rodriguez*, 695 F.3d 360, 369–79 (5th Cir. 2012). The class members must be "similarly linked by a common complaint." If that is shown, "the fact that the class is defined with reference to an ultimate issue of causation does not prevent certification." *Id*. at 370 (quoting *Mullen v. Treasure Chest Casino, LLC*, 186 F.3d 620, 624 (5th Cir. 1999)).

Other than *DeBremaecker*, the defendants rely on cases denying certification to unascertainable classes seeking damages. *See, e.g.*, *Union Asset Mgmt. Holding A.G. v. Dell, Inc.*, 669 F.3d 632 (5th Cir. 2012); *John v. Nat'l Sec. Fire and Cas. Co.*, 501 F.3d 443 (5th Cir. 2007); *Brecher v. Republic of Argentina*, 806 F.3d 22 (2d Cir. 2015). But the strict ascertainability requirements for a proposed damages class action do not apply to a Rule 23(b)(2) class seeking prospective relief under the Fifth Circuit's standard for civil rights litigation. The plaintiffs meet that

ascertainability requirement. Unlike the proposed class in *DeBremaecker*, Class A and Class B misdemeanor arrestees detained by Harris County during the defined period is geographically and temporally limited. The fact that members will flow in and out of the class as they are arrested and released, or as they acquire or lose the means to pay a secured financial condition of release does not pose an obstacle to class certification. Indeed, the Rule 23(b)(2) class is the paradigm vehicle for addressing transient claims "capable of repetition yet evading review." *Gerstein v. Pugh*, 420 U.S. 103, 110–11 & n.11 (1975). It has been frequently used, and approved, in cases challenging relatively short periods of detention or detention of those with conditions yet to be ascertained, such as disability or indigence. *See, e.g.*, *Gerstein*, 420 U.S. at 110–11; *Pugh v. Rainwater*, 572 F.2d 1053 (1978); *Hernandez v. County of Monterey*, 305 F.R.D. 132, 149 (N.D. Cal. 2015); *Bumgarner v. NCDOC*, 276 F.R.D. 452, 454 (E.D.N.C. 2011); *Cole v. Livingston*, Civil No. 14-1698, 2016 WL 3258345 (S.D. Tex. June 14, 2016); *Walker v. City of Calhoun*, Civil No. 15-170, 2016 WL 361580 (N.D. Ga. Jan. 28, 2016).

Nevertheless, at the plaintiffs' invitation and on the basis of the credible and reliable record evidence at the motion hearing, the court amends the plaintiffs' proposed class. Instead of detention "for any amount of time after arrest," the court substitutes misdemeanor arrestees "for whom a secured financial condition of release has been set," who are readily ascertainable from Harris County's records. As explained in detail in the court's accompanying Memorandum and Opinion, misdemeanor arrestees for whom a secured money bail amount has been set are deemed by Texas law to be eligible for release before trial. Conditioning that state-created liberty interest on payment of a secured money bail triggers the protection of the Equal Protection and Due Process Clauses that the plaintiffs allege that Harris County is violating. Instead of detention "because they are unable

to pay money bail," the court substitutes those "who cannot pay the amount necessary for release on secured money bail because of indigence." That alteration excludes from the class those who can pay a bondsman's premium even if they cannot pay the full financial condition up front as a cash bond. As discussed in the accompanying Memorandum and Opinion, secured conditions of release do not violate Equal Protection when they truly result in release, even if they burden some classes more than others. But releasing those who can pay some type of secured money bail while detaining those who cannot pay any kind of secured money bail, and doing so without an opportunity present evidence and receive written findings on the reasonable necessity of the secured financial condition, violates both equal protection and due process requirements.

Those subject to secured money bail are readily ascertainable from the records Harris County maintains. Those who cannot pay because of indigence will be objectively and readily identifiable from the affidavits of financial ability to post bond, which the court's relief requires the County to collect and maintain. If a misdemeanor defendant is able to pay a secured financial condition of release, an affidavit of financial condition will reflect that fact and no relief is required. But misdemeanor defendants detained because they cannot pay a secured financial condition of release are protected by the Constitution and are members of this class. The defendants' threshold objections to the Rule 23(a) requirements are unpersuasive.

### 1. Numerosity

There must be enough members in the proposed class that "joinder of all members is impracticable." FED. R. CIV. P. 23(a)(1). "'[A] plaintiff must ordinarily demonstrate some evidence or reasonable estimate of the number of purported class members." *Pederson v. La. State Univ.*, 213 F.3d 858, 868 (5th Cir. 2000) (quoting *Zeidman v. J. Ray McDermott & Co.*, 651 F.2d 1030, 1038

(5th Cir. 1981)). "'[A] party seeking class certification must . . . be prepared to prove that there are *in fact* sufficiently numerous parties. . . .' Mere speculation as to the number of class members—even if such speculation is 'a bet worth making'—cannot support a finding of numerosity." *Hayes v. Wal-Mart Stores, Inc.*, 725 F.3d 349, 357 (3d Cir. 2013) (quoting *Wal-Mart*, 564 U.S. at 350; *Marcus v. BMW of N. Am., LLC*, 687 F.3d 583, 596 (3d Cir. 2012)).

Reliable evidence in the record presented at the motion hearing shows that Harris County detains at least 100 misdemeanor arrestees a day only because they cannot pay a secured financial condition of release. Over 40 percent of all misdemeanor arrestees—around 20,000 people each year—remain detained until case disposition, most of them because they are indigent and cannot pay the financial condition required for release before trial. Even the defendants' expert concluded, after inappropriately excluding thousands of indigent arrestees from his survey, that over the past two years Harris County has detained over 1,600 people because they could not pay the secured financial condition of release.

On any of these measures, the plaintiffs have shown that Rule 23(a)(1) is satisfied.[2]

## 2. Commonality and Typicality

Under Rule 23(a), the plaintiffs must demonstrate that "there are questions of law or fact common to the class" and "the claims or defenses of the representative parties are typical of the claims or defenses of the class." FED. R. CIV. P. 23(a)(2)–(3). Both typicality and commonality

---

[2] *See also* MOORE'S FEDERAL PRACTICE–CIVIL § 23.22(f) (Class-action plaintiffs seeking injunctive or declaratory relief frequently seek to define a class to include people who might be injured in the future. Courts in these cases often find that joinder of separate suits would be impracticable because those who have not yet been injured, or who do not know that they have been injured, are unlikely to join a lawsuit."); *Pederson*, 213 F.3d at 868 n.11 ("the fact that the class includes unknown, unnamed future members also weighs in favor of certification"); *Livingston*, 2016 WL 3258345 at *6 ("The proposed [class] contains over 1,400 members, and there is 'a constant flux of inmates into and out of [a jail housing unit],' so joinder of all the proposed class members would be impracticable if not impossible.").

"serve as guideposts for determining whether under the particular circumstances maintenance of a class action is economical and whether the named plaintiff's claim and the class claims are so interrelated that the interests of the class members will be fairly and adequately protected in their absence." *Gen. Tel. Co. of the Sw. v. Falcon*, 457 U.S. 147, 157 n.13 (1982). Commonality requires the plaintiffs "to demonstrate that the class members 'have suffered the same injury.'" *Wal-Mart*, 564 U.S. at 350 (quoting *Falcon*, 457 U.S. at 157). "That common contention . . . must be of such a nature that it is capable of class-wide resolution—which means that determination of its truth or falsity will resolve an issue that is central to the validity of each one of the claims in one stroke." *Id.*

Under the Supreme Court's decision in *Wal–Mart*, "Rule 23(a)(2)'s commonality requirement demands more than the presentation of questions that are common to the class because 'any competently crafted class complaint literally raises common questions.'" *M.D. ex rel. Stukenberg v. Perry*, 675 F.3d 832, 840 (5th Cir. 2012) (quoting *Wal-Mart*, 564 U.S. at 348). "[T]he members of a proposed class do not establish that 'their claims can productively be litigated at once,' merely by alleging a violation of the same legal provision by the same defendant . . . ." *Id.* (quoting *Wal-Mart*, 564 U.S. at 350). "Thus, the commonality test is no longer met when the proposed class merely establishes that there is at least one issue whose resolution will affect all or a significant number of the putative class members." *Id.* (emphasis, citation, and internal quotation marks omitted). "Rather, Rule 23(a)(2) requires that all of the class members' claims depend on a common issue of law or fact whose resolution will resolve an issue that is central to the validity of each one of the class member's claims in one stroke." *Id.* (alteration, emphasis, citation, and internal quotation marks omitted).

The defendants rely on their proximate-cause theory of detention to argue against the

commonality of the proposed class. (Docket Entry No. 164 at 7–11). They argue that each misdemeanor arrestee's bail is set by judicial discretion based on a variety of factors—such as criminal history, past failures to appear, or the seriousness of the charge—so that each arrestee is detained for a different reason. (*Id.*). For the reasons explained in detail in the court's accompanying Memorandum and Opinion, the defendants' theory does not hold up. The evidence clearly shows that Harris County judicial officers adhere to imposing secured money bail using the preset bail-schedule amounts without making individualized determinations of each misdemeanor defendant's case or circumstances. Even in those few cases in which the prescheduled bail amount is not used, every misdemeanor arrestee who is detained because he or she is unable to pay the bail on a secured basis is harmed in the same way and for the same reason. The plaintiffs challenge a municipal policy that, because it is a policy, applies to, and affects, indigent misdemeanor arrestees subjected to secured money bail the same way.[3]

The putative class claims depend on common issues of law and fact. Common fact issues include whether Harris County detains misdemeanor defendants solely because they cannot pay a secured financial condition of pretrial release, and whether secured money bail assures law-abiding conduct of defendants before trial as or more effectively than unsecured or nonfinancial conditions of release. Common legal issues include the due process protections required when secured money

---

[3] The defendants and their amicus argue that because the plaintiffs bring an as-applied challenge to Harris County's bail system, the plaintiffs inherently claim that every class member is harmed in a different way by a different judicial officer setting bail, and each member would be entitled to different relief. (*See* Docket Entry No. No. 182 at 21; No. 264 at 18–19). Although as-applied challenges are typically brought by individual plaintiffs, the plaintiffs in this case challenge a largely unwritten and customary policy to use bail as de facto detention orders and to convert a financial condition of release into an automatic detention order when a defendant cannot pay the financial condition up front. Because the policy is unwritten and customary, the plaintiffs are not bringing a facial challenge to the policy that *is* written. But because the policy is consistently applied to all misdemeanor defendants by the Harris County Sheriff and Hearing Officers, and consistently promulgated by the County Judges, an as-applied class challenge with a single injunctive order remedying the violation is appropriate.

bail functions as a de facto order of pretrial detention, and whether the imposition of secured money bail meets a compelling government interest. And, as the court shows in its accompanying Order of Preliminary Injunction, relief can be provided to the entire class in "one stroke." *Stukenberg*, 675 F.3d at 840.

The plaintiffs have shown that Rule 23(a)(2) and (a)(3) are satisfied.

### 3.     Adequacy

The plaintiffs must "fairly and adequately protect the interests of the class." FED. R. CIV. P. 23(a)(4). "Resolution of two questions determines legal adequacy: (1) do the named plaintiffs and their counsel have any conflicts of interest with other class members; and (2) will the named plaintiffs and their counsel prosecute the action vigorously on behalf of the class?" *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1020 (9th Cir. 1998).

The defendants argue, unconvincingly, that none of the named plaintiffs is adequate because none is a class member. (Docket Entry No. 164 at 12–15). The defendants argue that Ms. ODonnell could pay the secured money bail imposed in her case because she had posted a secured money bond in the past.[4] (*Id*. at 13). But the record shows that when she was arrested, Ms. ODonnell had been employed for only a week and could not have paid the secured financial condition of release. Pls. Ex. 7(a); 8(c)(i), ODonnell Pretrial Services Report. Reviving their arguments on typicality, the defendants argue that Mr. Ford was detained because of his criminal history. (Docket Entry No. 164

---

[4] The defendants also re-urge their argument from their motion to dismiss that Ms. ODonnell should be barred from asserting a claim under the fugitive-disentitlement doctrine. (Docket Entry No. 164 at 13). Ms. ODonnell has satisfied the warrant for her arrest for failure to appear, so the basis for the argument is moot. (*See* Docket Entry No. 291). Even if a warrant remained outstanding, the fugitive-disentitlement doctrine does not apply, for the reasons explained in the court's Memorandum and Opinion on the motion to dismiss. *ODonnell v. Harris Cty., Tex.*, — F.Supp.3d —, 2016 WL 7337549 at *12 (S.D. Tex. Dec. 16, 2016).

at 14). The defendants overlook that the sole mechanism for accomplishing that detention was by imposing a secured money bail Mr. Ford could not pay. Had he been able to pay, he would have been released, regardless of his criminal history. Finally, the defendants argue that Ms. McGruder is not a class member because she was detained because of the nature of her offense—failure to identify herself to a police officer—and because she was ultimately granted release on unsecured financial conditions. (*Id*. at 9–10, 14). Again, the defendants ignore the fact that Ms. McGruder's detention was accomplished only by imposing a secured money bail that she could not pay because she was indigent. Despite the nature of the her offense, she would have been released had she been able to pay. And had she been able to pay, she would have been released several days earlier than the first opportunity her lawyer had to seek an unsecured personal bond at Ms. McGruder's first appearance before a County Judge. Her claim and the claims of the other named plaintiffs are common to, and typical of, the claims of every other class member.

The plaintiffs have shown that Rule 23(a)(4) is satisfied. Ms. ODonnell was detained in the Harris County Jail for over three days after arrest because she could not pay the secured money bail imposed at the scheduled amount, despite a Pretrial Services recommendation that she be released on an unsecured personal bond. Mr. Ford was detained more than 24 hours before appearing before a Hearing Officer and was ultimately held in pretrial detention for over five days after arrest on his misdemeanor charge because he could not pay the amount needed for release under the secured money bail set at the prescheduled amount. Ms. McGruder was detained for 87 hours after her arrest before her lawyer could request release on an unsecured bond from a County Judge. Had any of the named plaintiffs been able to pay the secured financial condition of release, they would have been free days earlier. Each named plaintiff is a member of the class he or she seeks to represent, does

Case 4:16-cv-01414   Document 303   Filed in TXSD on 04/28/17   Page 14 of 16

not have claims in conflict with those of other class members, and adequately represents the class.[5]

**B.     Rule 23(b)(2)**

Certification under Rule 23(b)(2) requires that "the party opposing the class has acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole." FED. R. CIV. P. 23(b)(2). Rule 23(b)(2) applies when:

> a single injunction or declaratory judgment would provide relief to each member of the class. It does not authorize class certification when each individual class member would be entitled to a *different* injunction or declaratory judgment against the defendant. Similarly, it does not authorize class certification when each class member would be entitled to an individualized award of monetary damages.

*Wal-Mart*, 564 U.S. at 360. The plaintiffs' amended complaint seeks only injunctive and declaratory relief. (Docket Entry No. 54). Although the court provides detailed instructions in its Order of Preliminary Injunction to comport with Rule 65, the relief ordered is simple and appropriate to the whole class: Harris County may not detain misdemeanor defendants because they are too poor to pay a secured financial condition of release. Implementing that order may require different procedures in different cases. Misdemeanor defendants with formal holds, such as immigration detainers or other outstanding warrants, are not released from the Harris County Jail to the general population

---

[5] The defendants also argue that the named plaintiffs are not adequate representatives because there is insufficient proof that they are managing this litigation. (Docket Entry No. 164 at 12–13). They cite a securities class action case, *Unger v. Amedisys*, 401 F.3d 316 (5th Cir. 2005). But civil rights actions in general, and prisoner suits in particular, do not require the same degree of party management as shareholder actions seeking damages. *See Livingston*, 2016 WL 3258345 at *9 ("Although Plaintiffs' counsel selected the named Plaintiffs, and not the other way around, that is not uncommon in this kind of impact litigation nor does it negate the named Plaintiffs' demonstrated willingness and ability to represent the class."). Each named plaintiff submitted a sworn declaration and has been made available to the defendants for a deposition. (Docket Entry No. 190 at 8). "Like most [prisoner] class representatives, they cannot be expected to have a sophisticated understanding of the legal intricacies involved in class action lawsuits such as this one. However, they can be expected to show a willingness to take an active role in, and control, the litigation." *Livinsgton*, 2016 WL 3258345 at *9. The plaintiffs have made that showing.

if they receive unsecured bail, but are instead released to the custody of other agencies imposing the hold. But in each case, the relief is the same. Misdemeanor defendants, whether with holds or without, cannot be detained by Harris County solely because indigence makes them unable to pay a secured financial condition of release, whether that release is to the general population or to another agency.

"[I]f the plaintiffs [seek] only injunctive and declaratory relief, [the] case [can] readily be certified as a class action under Rule 23(b)(2)." *Allison*, 151 F.3d at 411. A Rule 23(b)(2) class is, by its nature, "assumed to be a homogenous and cohesive group with few conflicting interests among its members." *Id.* at 413. "When a class seeks an indivisible injunction benefitting all its members at once, there is no reason to undertake a case-specific inquiry into whether class issues predominate or whether class action is a superior method of adjudicating the dispute. Predominance and superiority are self-evident." *Wal-Mart*, 564 U.S. at 362–63.

The plaintiffs have satisfied Rule 23(b)(2). Their motion for class certification is granted.

### C.   Appointing Class Counsel

Before appointing class counsel, the court "must consider":

(i)   the work counsel has done in identifying or investigating potential claims in the action;
(ii)  counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action;
(iii) counsel's knowledge of the applicable law; and
(iv)  the resources that counsel will commit to representing the class[.]

FED. R. CIV. P. 23(g)(1)(A). The court "may consider any other matter pertinent to counsel's ability to fairly and adequately represent the interests of the class." FED. R. CIV. P. 23(g)(1)(B). Although the defendants do not challenge the experience or qualifications of plaintiffs' counsel, the court must satisfy itself that their appointment as class counsel would be in the best interests of the class. *See*

. R. CIV. P. 23(g)(2).

The plaintiffs are represented by Susman Godfrey LLP, Civil Rights Corps, and the Texas Fair Defense Project. All three have extensive experience litigating complex matters and class actions. All have experience litigating claims under § 1983. "[I]t is clear from [the] plaintiffs' filings that the[ir counsel] have expended more than a minimal amount of time and resources researching their client[s'] allegations." *Gross v. United States*, 106 Fed. Cl. 369, 383 (2012) (applying a rule analogous to 23(g)(1)(A)). That these firms and lawyers are plaintiffs' choice of counsel and that the defendants have asserted no opposition to the appointment of counsel from these firms weigh heavily in favor of appointment. *See, e.g.*, *Slipchenko v. Brunel Energy, Inc.*, Civil No. 11-1465, 2013 WL 4677918 (S.D. Tex. Aug. 30, 2013). The court is satisfied that all three firms and the lawyers who have appeared in this case fairly and adequately represent the class.

## IV. Conclusion

The plaintiffs' motion for class certification, (Docket Entry No. 146), is granted. This case may be maintained as a class action under Rule 23(b)(2) of the Federal Rules of Civil Procedure. The named plaintiffs are appointed as class representatives. The following class is certified: All Class A and Class B misdemeanor arrestees who are detained by Harris County from the date of this order through final resolution of this case, for whom a secured financial condition of release has been set and who cannot pay the amount necessary for release on the secured money bail because of indigence.

SIGNED on April 28, 2017, at Houston, Texas.

_____
Lee H. Rosenthal
Chief United States District Judge