**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| MARANDA LYNN ODONNELL, *et al.*, | § | |
| On behalf of themselves and all others | § | |
| similarly situated, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | CIVIL ACTION NO. H-16-1414 |
| VS. | § | |
| | § | |
| HARRIS COUNTY, TEXAS, *et al.*, | § | |
| | § | |
| Defendants. | § | |

**ORDER OF PRELIMINARY INJUNCTION**

In accordance with this court's Memorandum and Opinion of today's date, the following

relief is ordered against Harris County and its final policymakers for pretrial bail in misdemeanor

cases.

(1)   Harris County Pretrial Services, both at the City of Houston Jail and at the Harris
County Jail, must make available to interviewed misdemeanor arrestees an affidavit
of financial condition.

•       Pretrial Services may administer either the form of the affidavit currently
used to determine eligibility for appointed counsel or the adapted form that
is being prepared for Pretrial Services to be administered by July 1, 2017.[1]

•       The affidavit must permit the arrestee to declare under penalty of perjury the
maximum amount of financial security the arrestee would be able to post or
pay up front within 24 hours of arrest.[2]

---

[1]  *See* Hearing Tr. 6-1:136 (Testimony of Dr. Marie VanNostrand: "[O]ne of the things that we have
built in is the financial affidavit, the collection of information by Pretrial Services for people who aren't
released on a personal bond or who do not make a bond that was applied by the [District Attorney]. Pretrial
Services will then meet with them in advance of that hearing and complete the financial affidavit which will
then be presented and used for two purposes, one determination of indgency for appointment of counsel, as
well as consideration of ability to pay if they are going to set the security bond.")

[2]  The question is neither the arrestee's immediate ability to pay with cash on hand, nor what assets
the arrestee could eventually produce after a period of pretrial detention. The question is what amount the
arrestee could reasonably pay within 24 hours of his or her arrest, from any source, including the
contributions of family and friends.

1

- The arrestee must be informed by Pretrial Services that the affidavit of financial condition will be used to assess alternatives to imposing secured money bail.
- Pretrial Services must deliver completed affidavits to the Harris County Sheriff's Office before the declarant's probable cause hearing.

(2)    All misdemeanor defendants in the custody of Harris County,
- who have been deemed eligible for release at a live (videolink) probable cause and bail-setting hearing (that is, those who are not subject to formal holds, such as a federal immigration detainer or an outstanding warrant from another county or municipal authority; those who are not subject to a pending finding of mental competency; and those who are not subject to family violence detention procedures governed by Texas Code of Criminal Procedure Articles 17.152–153),
- who have executed an affidavit of financial condition in accordance with Section (1), and
- who have not been granted release by a Hearing Officer either: (1) on an unsecured personal bond with nonfinancial conditions of release; or (2) on a secured money bond for which the defendant could pay a commercial surety's premium, as indicated on the affidavit,[3]

must be promptly[4] released on unsecured money bail by the Harris County Sheriff no later than 24 hours after arrest. The bail amount determined by the Hearing Officer will remain the bail required of the misdemeanor defendant, but the Sheriff must require it on an unsecured, rather than a secured, basis. An indigent defendant's inability to pay secured money bail cannot be the basis for the Sheriff to continue to detain that defendant. The Sheriff may not alter nonfinancial conditions of release ordered by Harris County judicial officers, including but not limited to protective orders, GPS monitoring, drug testing, or alcohol intake ignition locks.

(3)    All misdemeanor defendants in the custody of Harris County:
- who are not subject to formal holds, such as a federal immigration detainer or an outstanding warrant from another county or municipal authority; those who are not subject to a pending finding of mental competency; and those who are not subject to family violence detention procedures governed by Texas Code of Criminal Procedure Articles 17.152–153, and
- who have not appeared at a live (videolink) probable cause and bail-setting hearing within 24 hours of arrest

---

[3] That is, if a commercial surety will put up the principal of the bond on behalf of an arrestee for a 10 percent premium, the secured condition of release may be no more than 10 times the amount declared on the affidavit of financial condition.

[4] By "promptly," the court means on the same time frame of release that a defendant who paid a secured money bail would receive. Verification of references must not delay release under this Order.

must be released by the Harris County Sheriff on an unsecured personal bond. If the City of Houston Police Department has detained a misdemeanor defendant more than 24 hours after arrest, the Sheriff must promptly release the defendant on unsecured or nonfinancial conditions when he takes custody of the defendant.[5] The bail amount set by Assistant District Attorneys according to the County Judges' bail schedule will remain the bail required of the misdemeanor defendant, but the Sheriff must require it on an unsecured, rather than a secured, basis. In absentia hearings "on the papers" will not satisfy this Section's 24-hour requirement.

(4)    All misdemeanor defendants in the custody of Harris County:
- who are subject to formal holds, and
- who have executed an affidavit of financial condition in accordance with Section (1),

must be deemed by the Harris County Sheriff to have satisfied their bond conditions for purposes of the hold the earlier of: (1) their live (videolink) probable cause and bail-setting hearing; or (2) 24 hours after arrest. The applicable limitations period on holds begins to run from the time the Sheriff deems the bond conditions satisfied.

(5)    Misdemeanor defendants in the custody of Harris County who, after being informed of the purpose of the affidavit of financial condition under Section (1), nevertheless refuse to execute the affidavit of financial condition are not subject to the relief ordered in Sections (2) or (4).

(6)    Misdemeanor defendants in the custody of Harris County who do not appear mentally competent to execute an affidavit in accordance with Section (1) may be evaluated under the procedures governed by Texas Code of Criminal Procedure Article 16.22. If competence is found, the misdemeanor defendant is covered by the relief ordered in Sections (1) through (5), with the exception that the 24-hour period in Section (3) runs from the finding of competence rather than from the time of arrest.

(7)    If a misdemeanor defendant appears before a County Judge at a Next Business Day Setting under County Rules of Court Rule 4.3.1 instead of a probable cause hearing before the Hearing Officers, the same procedures for release will apply as to probable cause hearings before a Hearing Officer under Sections (2) and (4) of this Order.

(8)    This Order applies to misdemeanor arrestees who are re-arrested on misdemeanor charges only or on warrants for failure to appear while released before trial on bond (either secured or unsecured).

(9)    The County Judges need not amend the County Rules of Court as written. If they choose to amend the County Rules of Court, they cannot create policies in direct

---

[5] That is, the Sheriff must release the arrestee on the same time frame as if the arrestee paid a secured bond amount when the Sheriff takes custody of the arrestee.

conflict with this Order. The County Judges must not promulgate a policy, written or unwritten, that permits the setting of secured financial conditions that operate to detain, rather than release, indigent misdemeanor arrestees before trial.

(10) This Order will take effect on May 15, 2017. Before that date, Harris County and the Harris County Sheriff must deliver a copy of this Order to all Harris County Pretrial Services personnel; all jail supervisors and booking personnel employed by the Harris County Sheriff; the Harris County District Attorney; and the Harris County Chief Public Defender.

(11) This Order expires on entry of final judgment in this case unless the court orders otherwise. Any party may seek modification of this Order, by written motion served on all parties and counsel and on a showing of good cause.

SIGNED on April 28, 2017, at Houston, Texas.

Lee H. Rosenthal
Chief United States District Judge