IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MARANDA LYNN ODONNELL, *et al.*, | § | |
| On behalf of themselves and all others | § | |
| similarly situated, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | CIVIL ACTION NO. H-16-1414 |
| VS. | § | |
| | § | |
| HARRIS COUNTY, TEXAS, *et al.*, | § | |
| | § | |
| Defendants. | § | |

**ORDER OF CLARIFICATION**

The Harris County Sheriff has moved for a modification and clarification of this court's Order of Preliminary Injunction issued April 28, 2017. (Docket Entry No. 316). The court denies the request for modification as unnecessary, clarifies the Order, and will, if the Sheriff believes that a hearing remains necessary, hold it on Friday, May 12, at 2:00 p.m. in Courtroom 11-B.

The Sheriff first requests authority to create and administer an affidavit of financial condition for misdemeanor defendants in cases in which Pretrial Services officers do not complete and deliver the affidavits to the Sheriff in a timely manner, as specified in the court's Order. (Docket Entry No. 316 at 2–3). As the administrator of the Harris County Jail, with all "powers, duties, and responsibilities" of administration, the Sheriff does not need authorization from this court to proceed as requested. TEX. LOC. GOV'T CODE §§ 351.035, 351.041. Under the court's Order, Pretrial Services must work with the misdemeanor arrestees to complete the affidavits of financial condition and timely deliver the completed affidavits to the Sheriff's Office. The Sheriff may, without further court order, administer affidavits to arrestees detained in the County Jail for whom the Sheriff believes Pretrial Services has not or will not timely complete these steps.

1

The Sheriff requests clarification that the Order authorizes him to use the Peace Officer's Unsecured Bail Bond to effectuate the Order. (Docket Entry No. 316, Ex. 2). The Sheriff is correct that the Order authorizes this step.

The Sheriff also asks for clarification on various timing issues. The first issue is whether probable cause hearings should be scheduled in the same way for those released on unsecured bond as for those released on secured money bail. (*Id*. at 5). The answer is yes. The Sheriff specifically asks about misdemeanor defendants who do not have a probable cause hearing until the 23rd hour, and about defendants for whom the administrative processes of release take significant time. (*Id*. at 5, 7). To clarify the timing issues, the court's Order is satisfied so long as either the probable cause hearing or the administrative processes for executing an unsecured bond is begun no later than the 24th hour after arrest. The court understands that some administrative processes will take longer than others, particularly for misdemeanor defendants who have their probable cause hearings right at the statutory limit of 24 hours.

The Sheriff also asks whether misdemeanor defendants who are granted unsecured bail under the court's Order are otherwise subject to the Central Records Division's processes of review and release. The answer is yes.

The Sheriff asks whether he has discretion to accept partial payments of secured money bail. (*Id*. at 5). The answer is no; the Order does not create or add this authority. Judicial officers set the amount of bail. Misdemeanor defendants may pay the full amount as a cash bond or pay the bondsman's premium in order to be released on secured money bail. Misdemeanor defendants who cannot pay either, as shown by the affidavit of financial condition, are subject to the money bail amount set, but the Sheriff must accept it on an unsecured basis. It is not the Sheriff's duty or within his discretion to assess or collect partial payments falling between these alternatives.

The Sheriff seeks a modification of the court's Order to permit the Houston Police Department or the Sheriff's Office to order direct release of misdemeanor defendants before they are taken to the Harris County Jail. The court cannot grant this request. The Houston Police Department may order direct release from the City Jail if otherwise authorized to do. But the City of Houston and its Police Department are not parties to this litigation or subject to this court's orders. If the County Sheriff otherwise has the authority to order direct release from the City Jail, he may do so, without further order from this court.[1] The court's Order takes effect when the Sheriff takes custody of misdemeanor defendants, whether he exercises that custody before transport to the County Jail or afterwards.

Finally, the Sheriff asks whether, in the rare circumstance that a DWI defendant does not have a probable cause hearing within 24 hours, it is the Sheriff's duty to impose alcohol abuse treatment conditions or other pretrial supervision conditions in place of a magistrate's order under Texas Code of Criminal Procedure article 17.441 and article 17.03(c). (Docket Entry No. 316 at 6). The answer is no. The Sheriff's authority under this Order is limited to accepting bail, either secured or unsecured. Bail amounts and nonfinancial conditions of pretrial release and supervision are at the discretion of Harris County judicial officers. Texas law requires that misdemeanor defendants who do not have a probable cause hearing within 24 hours be released on unsecured bail, and Texas law does not provide discretion to officers with custody of these defendants to impose additional conditions of pretrial release. *See* TEX. CODE CRIM. PRO. art. 17.033. The proper recourse in DWI cases is to take the steps necessary for the defendant to appear before a magistrate promptly, as Texas law already requires.

---

[1] The court acknowledges the Sheriff's recently filed supplement resolving this issue. (Docket Entry No. 322).

The court appreciates the Sheriff's thoughtful requests and his commitment to complying with the court's Order and to continue collaborative efforts to implement the County's planned reforms to the misdemeanor bail system. If further clarification is needed, the Sheriff must promptly notify the court and a conference will be held on May 12, 2017, at 2:00 p.m. in Courtroom 11-B.

SIGNED on May 10, 2017, at Houston, Texas.

Lee H. Rosenthal
Chief United States District Judge