In The United States District Court
For The Eastern District of Texas
Houston Division

Maranda Lynn Odonnell, et al.,
On behalf of themselves and
all others similarly situated,

   Plaintiffs,

VS.          Civil Action No.

Harris County, Texas, et al.,  H-16-1414

   Defendants.


Notice of Appeal

Of Order Denying Devin Cole's Motion's

With Rebuttal Answer and Written Objections

In Support

p.1

Now Comes, Devin Cole, Class Plaintiff, and respectfully files this Notice of Appeal With Rebuttal Answer and Written Objections In Support.

Judge Rosenthal's order denying my motions state "I am not a 'member of the class of misdemeanor arrestees, etc.'" I object and refer to a recent article, one of many, following this case from the Houston Chronicle authored by Gabrielle Banks attached as Plaintiff's Exhibit - A - Chronicle Article as noted below:

"The order notes that the judge reviewed 'many hours of footage' from 2,300 recordings of misdemeanor probable cause hearings that were placed into evidence. The ruling cites two videos as being 'illustrative' of the problems faced by misdemeanor defendants." Citing the article @ Ex. A. attached.

"The ruling also cites reports showing that of the 50,000 people arrested in Harris County on Class A or Class B misdemeanors in 2015, fewer than 10 percent were released on unsecured personal bonds." Citing the article @ Ex. A. attached.

My factual argument firmly grounded in the

p.2

ES-085

evidence follows now.

(4) It is my firm belief that I am at least (4) four and not more than (8) eight of the 2,300 misdemeanor defendants in the probable cause hearing evidence from or between the actual dates of April 20th, 2015 to February 1st, 2016. I know I'm in there. Everyone else does to and there ignoring me and downplaying my rights. [Because I'm no-one to them.]

Additionally the ruling cites reports relating to 50,000 people arrested for Class A and B misdemeanors in Harris County, Texas in the year 2015 stating fewer than 10 percent were released on unsecured personal bonds. I am 4 to 8 of the 50,000 in reported evidence.

- Argument -

All Class Plaintiff's in the consolidated class were arrested fewer (much less) times, in total amount of times than me. Their, Maranda Odonnell, Ms. McGruder and Mr. Ford, rights were violated fewer times. They, it is my belief, were all arrested and detained without a warrant only one time. I, on the other hand, was arrested and detained without a warrant (re-

ES-085
A

peatedly), 4 to 8 times. Therefore I suffered more constitutional violations than the other Plaintiff's and I have a greater right as to the "say-so" for lack of better words, or "input-directly" into the relief sough pursuant to §1983, federal law and the "Law as Determined" by the Supreme Court of the United States.

I was repeatedly, within a 9 month period in 2015 - January 2016 deprived of my liberty without "Federal Due Process of Law or Equal Protection of the Laws" in violation of the Fourteenth Amendment to the United States Constitution. Citing Odonnell v. Harris County, Texas 2016 WL 7337549 (Southern Dist.-Tex. Houston) this Court, and Evitts vs. Lucey, 105 S.Ct. 830 (1985).

I exercise my constitutional right to Appeal to the Fifth Circuit United States Court of Appeals in New Orleans, Louisiana.

"Liberty is precious to Americans and any deprivation must be scrutinized." Citing the 193 page ruling (that the court will not send me a copy of) where Texas Supreme Court Chief Justice

ES-085

Nathan Hecht is cited. See Exhibit A attached.

Furthermore, I reserve my right to Petition the Supreme Court of the United States via Pro Se Petition for Writ Certiori which I am prepared to do in the event the 5th Circuit denies my motion(s). All motion's Docket Entry's 294, 296, 298, 299, 300 and 306, are hereby Appealed.

IFP -PLRA issues are not relevant to me or my complaint or filings; the Civil Rights Corps, Texas Fair Defense Project, and Susman Godfrey Law Firm have already paid the filing fee and used "video re-cordings" of me and "reports" about me at the 5 week's or more of lengthy hearings in which they successfully presented the facts of this case to the court that resulted in the 193-pg. ruling in favor of the inmates.

Wherefore, premises considered, Plaintiff respectfully prays that the Court(s) grant him all relief to which he may be entitled pursuant to federal law and the United States Constitution and for such further relief to which he may be entitled that equality, fundamental fair-

p.5

ES-085

ness and justice may so require.

So moved and prayed plaintiff prays for all relief sought herein.

"Executed and Sworn
to on this 6th day
of June, 2017."

Respectfully submitted,

Devin Paul Cole
Devin Paul Cole
#02145549
Plaintiff-Pro Se

"I, Devin Paul Cole, SPN#02145549, an inmate continuously confined in the Harris County Jail since October 26th, 2016, in Harris County, Texas, declare under penalty of perjury that the above and foregoing 'Notice of Appeal' and the factual allegations contained in same are in all things true and correct, and that pursuant to the U.S. Mailbox Rule governing pro se prisoners that this Notice was placed in the inmate mail system at the jail on June 6th, 2017," " addressed to this Court's Clerk's Office."

(Signed on June 6th, 2017.)

Devin Paul Cole
Devin Paul Cole
Plaintiff/Appellant

p. 6

Plaintiff's Exhibit-A

{ Houston Chronicle Article by Reporter Gabrielle Banks May-2017 }

{ "This court and the clerk's office refuses to give me a copy of this 193-page ruling all I get is what I get out of the newspaper." —Devin P. Cole }

# Judge blasts bail system

**Federal ruling: Detaining poor for low-level crimes unconstitutional**

**By Gabrielle Banks**

A federal judge in Houston Friday issued a scathing denouncement of Harris County's cash bail system, saying it is fundamentally unfair to detain indigent people arrested for low-level offenses simply because they can't afford to pay bail.

In a 193-page ruling released Friday, Chief U.S. District Judge Lee H. Rosenthal ordered the county to begin releasing indigent inmates May 15 while they await trial on misdemeanor offenses.

Rosenthal concluded the county's bail policy violates the due process and equal protection clauses of the Constitution.

"Liberty is precious to Americans and any deprivation must be scrutinized," the order states, citing a comment from Texas Supreme Court Chief Justice Nathan Hecht.

The judge also granted "class-action" status to the case, meaning that her findings will apply to all misdemeanor defendants taken into custody.

The ruling — a temporary injunction that will remain in place until the

**Bail continues on A19**

-A-

# Bail ruling only applies to misdemeanors, not felonies

*Bail from page A1*

lawsuit is resolved pending appeal — will not apply to those charged with felonies, or those who are being detained on other charges or holds.

First Assistant County Attorney Robert Soard said late Friday officials are reviewing the orders.

"No decision has been made at this time concerning an appeal of the preliminary injunction," he said.

District Attorney Kim Ogg and County Commissioner Rodney Ellis — both of whom filed statements of support with the court for the lawsuit — praised the ruling.

"This is a watershed moment in Harris County criminal justice history," Ogg said in a statement late Friday. "From now on, people can't be held in jail awaiting trial on low-level offenses, just because they are too poor to make bail.... We welcome the ruling and will comply fully with it."

Ellis said he was pleased with the ruling.

"Harris County's bail system is unconstitution-

ally discriminatory and morally indefensible — and we now have a federal court ruling telling us so," Ellis said in an email. "It's time for us to fix a broken justice system that favors the privileged and punishes the poor for being poor."

### 'Difficult and complex'

The ruling came five weeks after a lengthy hearing in which more than a dozen witnesses took the stand, including several judges and Sheriff Ed Gonzalez.

The lawsuit was filed last year by two civil rights groups — Texas Fair Defense Project and Civil Rights Corps — and local law firm Susman Godfrey on behalf of Maranda Odonnell, a single mother who was held for two days on a charge of driving without a valid license because she couldn't afford the $2,500 bail.

The suit names top county officials and a string of judges and hearing officers.

Similar lawsuits filed on behalf of two other people were merged into the case in August.

The ruling notes that the case is "difficult and complex," and is among many similar cases filed across the country challenging bail practices.

The order notes that the judge reviewed "many hours of footage" from 2,300 recordings of misdemeanor probable cause hearings that were placed into evidence. The ruling cites two videos as being

"illustrative" of the probgent defendants.

In one case, a man whose criminal history was wrongly calculated by the hearing officer eventually pleaded guilty to gain release. In another, the hearing officer laughed and made a "wisecrack" that he felt better that the man was returning to jail.

The ruling also cites reports showing that of the 50,000 people arrested in Harris County on Class A or Class B misdemeanors in 2015, fewer than 10 percent were released on unsecured personal bonds. She concluded that even if hearing officers were not acting deliberately, the County had been using money bail as a form of preventative detention.

Even some of the officials named as defendants praised the ruling.

Gonzalez, through a spokesman, said his office would immediately begin looking into how to implement the order. The sheriff also filed court papers indicating he supports an end to costly bail for indi-

gent defendants.

"It's my hope this decision and decisions like it will eradicate the notion of wealth-based detention from our legal system," said Alec Karakatsanis, of the Civil Rights Corp.

### Looking ahead

Neal Manne, a managing partner at Susman Godfrey, which is donating its services, said the judge recognized the crushing impact that cash bail can have on poor people.

"We showed in effect the money bail system was being used to achieve something the Texas Constitution does not permit," Manne said.

Christina Swarns, head of litigation for the NAACP Legal Defense and Educational Fund in New York, likewise praised the ruling.

"One's punishment should fit their crime, not their bank account," Swarns said. "Harris County's bail practices unlawfully create a cycle of poverty for those who cannot afford the cost of their freedom."

Harris County had been

in the process of trying to reform its bail schedule with the help of a multimillion dollar grant at the time the lawsuit was filed, and reforms are set to take effect July 1.

Harris County has already spent more than $2 million fighting the lawsuit, and recently hired an additional attorney to help with appeals.

Soard said the county had retained veteran D.C. appellate lawyer Charles Cooper to represent the interests of 15 county criminal court of law judges who oppose the lawsuit.

Cooper will advise whether the judges should appeal the ruling. The remaining court of law judge testified at the injunction hearing that although he is a defendant in the lawsuit, he supports changing the way bail is issued.

The remaining defendants for the county have appellate counsel from the firms who will review the question of an appeal, he said.



*"This is a watershed moment in Harris County criminal justice history. From now on, people can't be held in jail awaiting trial on low-level offenses, just because they are too poor to make bail."*

Kim Ogg, district attorney

*gabrielle.banks@chron.com*
*twitter.com/GabMoBanks*