IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

|  |  |
|---|---|
| MARANDA LYNN ODONNELL, et al., ) | |
| Plaintiffs, ) | |
| ) | No. 4:16-CV-01414 |
| vs. ) | (Consolidated Class Action) |
| ) | Honorable Lee H. Rosenthal |
| HARRIS COUNTY, TEXAS, et al., ) | U.S. District Judge |
| Defendants. ) | |

## MOTION FOR CLARIFICATION OF THE PRELIMINARY INJUNCTION

Defendants Fourteen Harris County Judges respectfully request this Court's clarification to confirm that the attached proposed amendments to the Local Rules of the Harris County Criminal Courts at Law (attached as Exhibit 1) ("Proposed Rules") do not conflict with the preliminary injunction in this case.[1]

As this Court is aware, Defendants have long planned to introduce the Arnold Tool and other improvements to their bail system beginning in July 2017. The implementation of these improvements requires certain amendments to the Local Rules. This Court's preliminary injunction opinion emphasized that these "reforms are commendable," and the Court stated that, "as much as possible, the court avoids interfering with the salutary reforms the County is proposing to implement by July 2017." Memorandum and Opinion Setting Out Findings of Fact and Conclusions of Law at 176, 180 (Apr. 28, 2017), Doc. 302 ("PI Mem."). The Court emphasized that it was "fashioning relief that is consistent with, and can be implemented alongside, the proposed reforms." *Id.* at 180.

---

[1] A full copy of the current Local Rules is attached as Exhibit 2.

1

The Harris County Criminal Courts at Law have conditionally approved the Proposed Rules, subject to this Court's confirmation that they do not violate the preliminary injunction. These bail changes have been developed in conjunction with Dr. Marie VanNostrand, an expert in the pretrial stage of the criminal process retained by Harris County to aid with the County's adoption of the Arnold Tool and other significant changes to the County's bail system.

The County Judges seek to change the bail schedule to correspond to the risk assessment levels provided for by the Arnold Tool. Under the proposed amendments, low-risk defendants will be recommended for release on unsecured personal bonds, and high-risk defendants will not have bail set at all until the probable cause hearing. S*ee* Proposed Rules at 4. In order to ensure that bail is set uniformly in conformance with the revised bail schedule and the Arnold Tool, Pretrial Services will administer the Arnold Tool and apply the initial bail amount prescribed by the bail schedule based on the resulting scores (subject to revision by the Hearing Officer or the County Judge), except in cases in which the bail schedule does not set an amount. *See* Proposed Rules at 1-2. In those cases, bail will be initially set by the Hearing Officer or the County Judge at the initial appearance.[2]

The County Judges file this request for clarification out of an abundance of caution, to confirm that the Court did not intend to mandate that bail initially be set by the Assistant District Attorney. The injunction states that "[t]he bail amount set by Assistant District Attorneys according to the County Judges' bail schedule will remain the bail required of the misdemeanor defendant." Order of Preliminary Injunction at 3 (Apr. 28, 2017), Doc. 304. We read that statement

---

[2] To address cases in which the preliminary injunction requires the Sheriff to release the arrestee, the revised rules provide that "[i]f a bail amount has not otherwise been set, the Harris County Sheriff is instructed to use a bail amount of $4,999 in any case in which the Sheriff is required by law or court order to release a defendant on an unsecured bond." Proposed Rules at 5.

merely to reflect the practice prevailing at the time the Court entered the injunction under which the Assistant District Attorney set bail initially, rather than an order requiring that the Assistant District Attorney set the bail amount. To ensure that there is no ambiguity on the matter, however, we respectfully request that the Court confirm our understanding.[3]

## CONCLUSION

The Fourteen County Judges respectfully request that the Court confirm that the attached proposed amendments to the Local Rules do not conflict with the Court's preliminary injunction.

Date: June 28, 2017

John E. O'Neill
John Keville
Sheryl A. Falk
Winston & Strawn LLP
1111 Louisiana St., 25th Floor
Houston, TX 77002
(713) 561-2600
joneill@winston.com

Respectfully submitted,

/s/ Charles J. Cooper
Charles J. Cooper
Michael W. Kirk
William C. Marra
John D. Ohlendorf
Cooper & Kirk, PLLC
1523 New Hampshire Ave., NW
Washington, D.C. 20036
(202) 220-9600
ccooper@cooperkirk.com

*Counsel for Defendants Fourteen Judges*
*for Harris County Criminal Courts at Law*

---

[3] The County Judges have provided Plaintiffs with a copy of the proposed amendments and have conferred with Plaintiffs about whether they support or oppose the relief requested in this motion. Plaintiffs state as follows: "Plaintiffs have asked for and are awaiting clarification from Judges 1-14 concerning several questions relating to the amendments. Plaintiffs believe that the injunction is clear, and Plaintiffs take no position on the request to clarify that the injunction allows another entity, PTS, to communicate the initial secured bail amount instead of the DA. Plaintiffs reserve the right to file a response upon receipt of answers to clarification questions that they have posed to Judges 14 concerning the meaning and content of the amendments."

4

## **CERTIFICATE OF SERVICE**

    I hereby certify that by filing the foregoing pleading via the ECF for the United States District Court for the Southern District of Texas, a copy of the above and foregoing will be served upon counsel of record for the parties, pursuant to the E-Noticing System this 28th day of June, 2017.

                                       */s/ Charles J. Cooper*
                                       Charles J. Cooper