United States District Court
Southern District of Texas
**ENTERED**
June 30, 2017
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| MARANDA LYNN ODONNELL, *et al.*, § <br>    On behalf of themselves and all others § <br>    similarly situated, § <br> § <br>                Plaintiffs, § <br> § <br> VS. § <br> § <br> HARRIS COUNTY, TEXAS, *et al.*, § <br> § <br>                Defendants. § | CIVIL ACTION NO. H-16-1414 |

**SECOND ORDER OF CLARIFICATION**

Fourteen Harris County Criminal Court at Law Judges[1] have moved for clarification of this court's Order of Preliminary Injunction issued on April 28, 2017. (Docket Entry No. 347). The County Judges in their legislative and rulemaking capacity have approved changes to the County Rules of Court to adopt the Arnold Risk-Assessment Tool and revise the bail schedule to account for new risk-assessment scores. (*Id.*, Ex. 1). The fourteen County Judges seek clarification that these rule changes do not conflict with the Order of Preliminary Injunction. The County Judges' position that there is no conflict between the Rules as written and the court's Order is correct.

As explained at length in the court's Memorandum and Opinion issued with the Order on April 28, 2017, the County Rules as written did not require that bail settings operate to detain without due process those whose indigence makes them unable to pay the financial condition up front. (*See, e.g.*, Docket Entry No. 302 at 79–80, 127–28, 163–64). Rather, the court found a consistent custom and practice by the Harris County Hearing Officers, County Judges, and County

---

[1] County Criminal Court at Law Judge No. 16 has not joined the other County Judges' motions and does not join this one. In addition, County Criminal Court at Law Judge No. 14 does not join this motion. (*See* Docket Entry No. 347).

1

Sheriff to interpret the Rules to achieve that result. The court ordered relief narrowly directed to enjoin that practice. (Docket Entry No. 304). The new County Rules as written do not require bail settings to detain indigent misdemeanor arrestees,[2] and they do not conflict with the court's Order. The court appreciates that, in fact, the County Judges in their Rules have made provision for the Sheriff to fulfill his obligations under the court's Order and under Texas law.

SIGNED on June 30, 2017, at Houston, Texas.

Lee H. Rosenthal
Chief United States District Judge

---

[2] Indeed, the approved amended County Rules do not change much. They permit Pretrial Services Officers to set initial bail amounts rather than Assistant District Attorneys, presumably for efficiency. (Docket Entry No. 347, Ex. 1, Rule 2.3). They also now require magistrates to consider *Salerno*'s admonition that "liberty is the norm, and detention prior to trial or without trial is the carefully limited exception." (*Id.*, Rule 9.3, quoting *United States v. Salerno*, 481 U.S. 739, 755 (1987)). But in contrast to the defendants' testimony at the injunction hearing describing a post-July-1 set of Rule reforms that would include a revised bail schedule with a range of nonfinancial conditions of release and suggestions for pretrial supervision, the proposed bail schedule follows the old schedule by adopting a sliding scale of financial bail from $500 for low-level and first-time offenses to $5,000 for more serious and repeat offenses (repeat offenses now designated by a risk score rather than recounting a defendant's criminal history). (*Id.*, Rule 9.1); *see, e.g.*, Hearing Tr. 4-1:35, 53; 6-1:152–55. Like the old schedule, unsecured bail is presumed for certain classes of low-level offenses, but secured money bail is the standard recommendation for most categories of misdemeanor arrestees. (Docket Entry No. 347, Ex. 1, Rule 9.1). In sum, the changes to the written policy do not contradict the court's Order because the court's Order was consistent with the former written policy, and the approved changes are hardly different.