IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| MARANDA LYNN ODONNELL, et al. ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Case No. 16-cv-01414 |
| ) | (Consolidated Class Action) |
| HARRIS COUNTY, TEXAS, et al. ) | The Honorable Lee H. Rosenthal |
| ) | U.S. District Judge |
| Defendants. ) | |
| ) | |

**MOTION TO CONTINUE**

Plaintiffs Maranda ODonnell, Loetha McGruder, and Robert Ryan Ford (collectively, the "Plaintiffs") on behalf of themselves and the certified class move this Court to continue the status conference currently scheduled for March 6, 2018, and the related March 2, 2018 deadline for related submissions, until after the Fifth Circuit rules on the impending petitions for panel rehearing or rehearing en banc. In support of this motion, the Plaintiffs aver as follows:

1.  On February 14, the Fifth Circuit issued its decision in *ODonnell, et al. v. Harris County, et al.*, No. 17-20333, affirming in part, reversing in part, dismissing in part, and vacating in part this Court's preliminary injunction memorandum and order.

2.  On February 15, this Court issued an order setting a status conference for February 28. Dkt. 383. On February 19, at the request of Plaintiffs' counsel, this Court re-set the status conference for March 6 to accommodate counsel for Plaintiffs' scheduling conflicts, and requiring the parties to file an agreed revised preliminary injunction, or a redlined version showing disputed provisions, on March 2. Dkt. 385.

3. Pursuant to Rule 40, a petition for panel rehearing may be filed within 14 days after entry of judgment. FRAP 40(a)(1).

4. On February 22, Defendant Harris County filed a motion in the Fifth Circuit to extend the deadline to March 14 to seek a petition for panel or en banc rehearing. *See ODonnell, et al. v. Harris County, et al.*, No. 17-20333. In addition, Plaintiffs intend to petition the Fifth Circuit panel for rehearing on the narrow issue of the Fifth Circuit's decision to dismiss the Defendant Sheriff Ed Gonzalez.

5. Plaintiffs request a continuance of the March 2 and March 6 deadlines while the Fifth Circuit considers the parties' impending petitions because the Fifth Circuit's rulings on the parties' petitions for rehearing or rehearing en banc will affect the parties' proposals and any disputes between those proposals that will be raised at the subsequent status conference before this Court.

6. On February 23, Plaintiffs' counsel conferred with Defendants' counsel about seeking a continuance of the status conference and the accompanying submission deadline. Defendant Judge Fields and Defendant Judge Jordan are unopposed to a continuance, and Defendant Sheriff did not respond.

7. Defendant Judges, however, are opposed to this motion to continue and instead state that they intend to cross-move for this Court to "(i) stay the injunction currently in force, and (ii) enter the revised injunction set forth by the Fifth Circuit" – all before the parties have completed their interlocutory appellate proceedings before the Fifth Circuit, and without conferring as ordered by this Court or submitting the Court-ordered proposal for a new order. Ex. 1 (February 23 e-mail from Michael Kirk). Defendant Harris County and Hearing Officers

stated that they agree with the Defendant Judges' position. Ex. 2 (February 23 e-mail from Phil Morgan).

8. Plaintiffs are opposed to the proposal of the Defendant Judges, Defendant Harris County, and Defendant Hearing Officers. This Court should not enter a revised preliminary injunction until all parties have completed interlocutory appellate proceedings before the Fifth Circuit, the Fifth Circuit has finally decided which parties remain subject to injunctive relief and the scope of the remaining issues, and the parties have conferred per this Court's order (Dkt. 385).

9. The scenario Defendants contemplate would result in an interim revised preliminary injunction subject to further revisions once the parties have completed their proceedings before the Fifth Circuit. Such a process would disrupt the post-arrest system in Harris County and waste the parties' and judicial resources. As the Fifth Circuit explicitly contemplated, the current preliminary injunction order should remain in place to protect "a stable status quo," Opinion at 22, while this Court considers all relevant information—including the parties' proposals and the Fifth Circuit's determination of which parties and issues remain in the case—in crafting a new order. (Although Plaintiffs have told Defendants that they plan to seek rehearing concerning whether the Sheriff may be enjoined or must be dismissed, Defendants have not informed Plaintiffs of which of the issues addressed in the Fifth Circuit opinion they plan to challenge in their rehearing petition.)

10. If this Court denies Plaintiffs' request for a continuance and prefers to maintain next week's scheduled status conference and the accompanying deadline to submit a red-line version of the parties' proposals for a revised preliminary injunction, then the Plaintiffs request

the opportunity to submit a brief explaining any provisions in the revised order with which Defendants' disagree.

11. For all of the foregoing reasons, Plaintiffs respectfully request that this Court continue the March 6 status conference, and the accompanying submission deadline, until a date subsequent to the Fifth Circuit's ruling on the impending petitions.

Dated:  February 26, 2018

Respectfully submitted,

By:  /s/ Neal S. Manne
Lexie G. White
Texas Bar No. 24048876
lwhite@susmangodfrey.com
Neal S. Manne
State Bar No. 12937980
nmanne@susmangodfrey.com
SUSMAN GODFREY L.L.P.
1000 Louisiana Street, Suite 5100
Houston, Texas 77002
Telephone:  (713) 651-9366
Facsimile:  (713) 654-6666

Michael Gervais
mgervais@susmangodfrey.com
SUSMAN GODFREY, LLP
1301 Avenue of the Americas
New York, New York 10019
Telephone: (212) 336-8330

Susanne Pringle
Texas Bar No. 24083686
springle@fairdefense.org
Texas Fair Defense Project
314 E. Highland Mall Blvd.
Suite 180
Austin, Texas 78752
Telephone:  (512) 637-5220
Facsimile:  (512) 637-5224

Alec George Karakatsanis
alec@civilrightscorps.org

Elizabeth Rossi*
elizabeth@civilrightscorps.org
Civil Rights Corps
601 17th Street Pennsylvania Avenue
NW, Suite 900
Washington, DC 20006
Telephone: (202) 681-2721

*Admitted solely to practice law in Maryland; not admitted in the District of Columbia. Practice is limited pursuant to D.C. App. R. 49(c)(3).

*Attorneys for Plaintiffs*

**CERTIFICATE OF SERVICE**

I hereby certify that on the 26th day of February, 2018, I electronically filed the foregoing with the clerk of the court for the U.S. District Court, Southern District of Texas, using the electronic case filing system of the Court. The electronic case filing system sent a "Notice of Electronic Filing" to the attorneys of record who have consented in writing to accept this Notice as service of this document by electronic means.

*Michael Gervais*
Michael Gervais