**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| MARANDA LYNN ODONNELL, *et al.*, On behalf of themselves and all others similarly situated, | § § § § | |
| Plaintiffs, | § § | |
| VS. | § § | CIVIL ACTION NO. H-16-1414 |
| HARRIS COUNTY, TEXAS, *et al.*, | § § § | |
| Defendants. | § | |

**ORDER GRANTING CONTINUANCE**

**I.     Background**

On February 14, 2018, the Fifth Circuit affirmed in part, reversed in part, vacated in part, and remanded this court's preliminary injunction, (Docket Entry No. 302), and memorandum and opinion, (Docket Entry No. 304). *ODonnell v. Harris Cty., Texas*, No. 17-20333, 2018 WL 851776 (5th Cir. Feb. 14, 2018). In light of the Fifth Circuit's opinion, the court set a status conference on February 28 and ordered the parties to confer and submit either an agreed proposed modified order or a redlined version showing any disputed provisions by February 26. (Docket Entry No. 383). The court granted a request to reset the status conference and written submission deadline due to scheduling conflicts, moving the written submission deadline to March 2 and the status conference to March 6. (Docket Entry No. 385).

On February 22, Harris County and the Hearing Officers asked the Fifth Circuit for a two-week extension to file a rehearing petition. *ODonnell*, No. 17-20333, Doc. 514358620. The Fifth Circuit granted the motion and extended the deadline to March 14. *Id.*, Doc. 514362384. On February 28, the plaintiffs filed a petition for panel rehearing on the issue of defendant Sheriff Ed Gonzalez's dismissal. *Id.*, Doc. 514367674.

The plaintiffs move to continue the status conference and written submission deadline until the Fifth Circuit rules on petitions for panel rehearing or rehearing en banc. (Docket Entry No. 389). Some of the defendants, Harris County Criminal Courts at Law Judges 1–13 and 15,[1] oppose the plaintiffs' motion and cross-moved to stay the injunction, (Docket Entry No. 304), and enter a modified injunction in light of the Fifth Circuit's ruling. (Docket Entry No. 390). The plaintiffs have filed a reply brief in support of their motion to continue. (Docket Entry No. 391).

The plaintiffs' motion to continue is granted. The cross-motion to stay the injunction or promptly enter a modified injunction is denied. The reasons for the rulings are explained below.

## II.     The Parties' Contentions

The plaintiffs argue that because the Fifth Circuit's rulings on any rehearing petitions may affect the parties' modified injunction order proposals, entering an interim revised injunction that would likely be revised after appellate proceedings conclude would "disrupt the post-arrest system in Harris County and waste the parties' and judicial resources." (Docket Entry No. 389 at 2–3). The defendants respond that vacatur should not be postponed because the plaintiffs do not seek further review of the Fifth Circuit's holding that the injunction must be vacated. (Docket Entry No. 390 at 2). The defendants argue that rehearing on the issue of the defendant Sheriff Ed Gonzalez's dismissal will not affect the Fifth Circuit's holding that the current injunction must be vacated and replaced. *Id.* According to the defendants, they are "*100 percent certain*—not simply 'likely'—to succeed on the merits of their claim that the injunction must be vacated and replaced with a new

---

[1] The plaintiffs represent that the defendants Judge Mike Fields and Judge Darrell Jordan do not oppose a continuance and that the defendant Sheriff Ed Gonzalez did not respond to the motion. (Docket Entry No. 389 at 2). The other defendants, Harris County and the Hearing Officers, are in accord with the Criminal Courts at Law Judges 1–13 and 15's position. (Docket Entry No. 389-2 at 2). For the purposes of this order, the defendants who oppose the plaintiffs' motion to continue will be referred to  as "the defendants."

injunction that tracks the Fifth Circuit's modified injunction" because they "*have already prevailed on this issue before a unanimous panel of the Fifth Circuit*," and because the plaintiffs' panel rehearing petition is limited to the narrow issue of the defendant Sheriff Ed Gonzalez's dismissal. *Id.* at 2, 5. The defendants ask this court to promptly enter their proposed injunction. (Docket Entry No. 390 at 4–5); (Docket Entry No. 390-1).

The plaintiffs respond that the Fifth Circuit did not set a revised injunction deadline and that its order staying vacatur pending issuance of a revised injunction, "so as to maintain a stable status quo," *ODonnell*, No. 17-20333, 2018 WL 851776, at *13, recognizes the risk of multiple revisions. (Docket Entry No. 391 at 1–2). The plaintiffs ask this court to wait until the Fifth Circuit resolves the rehearing petitions before requiring the parties to litigate, and this court to decide, the precise language of the modified injunction. *Id.* at 2. The plaintiffs point out that the Fifth Circuit "expressly declined to impose [an] injunction itself," and that the parties dispute several aspects of the Fifth Circuit's opinion that impact the careful drafting required to modify the order. *Id.* at 3–8.

## III.    Analysis

The Fifth Circuit's opinion requires a modified preliminary injunction order. But the Fifth Circuit's stay of vacatur to maintain the "status quo" underscores the caution and care modifying the injunction requires. The defendants are correct that the plaintiffs' panel rehearing petition does not challenge the vacatur of the injunction. 5TH CIR. R. 40.2 ("A petition for rehearing is intended to bring to the attention of the panel claimed errors of fact or law in the opinion. It is not used for reargument of the issue previously presented . . . ."); *ODonnell*, No. 17-20333, Doc. 514367674 (petitioning for panel rehearing on Sheriff Ed Gonzalez's dismissal). The defendants incorrectly assume, however, that this makes it important or wise for this court to act before the Fifth Circuit decides the parties' rehearing petitions.

The precise scope of the Fifth Circuit's decisions on the rehearing petitions cannot be

3

predicted with certainty.  It would be premature to issue a modified injunction or to stay the current injunction at this point.  The Fifth Circuit could have ordered that result; instead, it stayed vacatur.

## IV.     Conclusion

The plaintiffs' motion to continue is granted.  (Docket Entry No. 389).  The defendants' cross-motion for stay of the preliminary injunction and entry of a modified injunction is denied. (Docket Entry No. 390).  The status conference and written submission deadline will be continued until the Fifth Circuit decides the rehearing petitions and the parties confer on how to modify the injunction in light of those rulings and the prior ruling and order.

SIGNED on March 2, 2018, at Houston, Texas.

Lee H. Rosenthal
Chief United States District Judge