UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF TEXAS, HOUSTON DIVISION

| | |
|---|---|
| MARANDA LYNN ODONNELL, et al.<br><br>Plaintiffs,<br><br>v.<br><br>HARRIS COUNTY, TEXAS, et al.<br><br>Defendants. | Case No. 16-cv-01414<br>(Consolidated Class Action)<br>The Honorable Lee H. Rosenthal<br>U.S. District Judge |

## **PROPOSED ORDER**

It is hereby ORDERED that the Harris County Criminal Court at Law Judges implement the following post-arrest policies to be applied to all class members. Consistent with this order, Harris County and the Harris County Sheriff must comply with such post-arrest procedures:

1. All misdemeanor arrestees must be released on a personal bond (i.e. unsecured bond) as soon as practicable after arrest, except arrestees who fall within the following categories, who may be detained for up to 48 hours for an individualized hearing:

    a.  Individuals arrested for violating a protective order issued pursuant to Article 17.292 of the Texas Code of Criminal Procedure, Section 6.504 of the Texas Family Code, or other similar provision of state law;

    b.  Individuals arrested and charged pursuant to Section 22.01 of the Texas Penal Code with assaulting a family member;[1]

    c.  Individuals arrested and charged with any new offense while on any form of pretrial release; and

    d.  Individuals arrested for not appearing at a court date while on any form pretrial release in an open case;

    e.  Misdemeanor arrestees who do not appear competent to execute the affidavit hereinafter called for in this order may be evaluated under the procedures set out in Article 16.22 of the Texas Code of Criminal Procedure. If competence is found, the misdemeanor arrestee is covered by the relief the court orders, with

---

[1] A "family member" is anyone who resides in the arrestee's household or with whom the arrestee has a dating relationship.

1

       the exception that the 48-hour period begins to run from the finding of competence rather than from the time of arrest.

2. Any person arrested for the reasons described in Section 1(a)–1(d) may be kept in custody pending an individualized hearing before a judicial officer.[2] Any decision maker who makes decisions about conditions of release, including the Harris County Hearing Officers, must have complete discretion to release any misdemeanor arrestee prior to an individualized hearing. Secured money bail must not be imposed as a condition of release prior to an individualized hearing.

3. Any arrestee who is not promptly released on a personal bond after arrest must receive an individualized hearing as soon as practicable but no later than 48 hours after arrest. Nothing in this provision is intended to conflict with any provision of Texas law or local rules.

4. At the individualized hearing, the decision-maker may consider the full range of available conditions of release, including secured money bail, unsecured money bail, and nonfinancial conditions.

5. Before a decision-maker may require secured money bail as a condition of release at an individualized hearing, the following procedures must be provided, and the following findings must be made:

    a. The County must provide notice to the arrestee that financial information will be collected through an affidavit, and must explain to the arrestee the nature and significance of the financial information to be collected using the language required in Docket Entry No. 363.[3]

    b. The County must determine the arrestee's ability to pay money bail using an affidavit that asks the arrestee to state, under penalty of perjury, the amount of money she can afford to pay within 24 hours of arrest from any lawful source.

    c. The arrestee must be given an opportunity to be heard concerning both her ability to afford money bail and what nonfinancial conditions of release, if any, are necessary. Additionally, the arrestee must have an opportunity at the hearing to present evidence and make argument concerning those issues, and to contest any evidence or argument offered by the government concerning those issues.

---

[2] Although individuals who fall within categories 1(a)-(d) *may* be detained for up to 48 hours for an individualized hearing on conditions of release, detention is not mandatory. Employees of the District Attorney's Office, Pretrial Services, the Sheriff's Office, or other government agencies may recommend that a decision maker release any arrestee on a personal bond prior to an individualized hearing. Such recommendations do not infringe judicial officers' authority to make decisions about conditions of release. They simply preserve the possibility of expeditious release on unsecured bond prior to an individualized hearing for arrestees who fall within categories 1(a)-(d) if a judicial officer decides that release prior to an individualized hearing is appropriate.

[3] The purpose of the explanation is to provide the notice due process requires: that the misdemeanor arrestee's state constitutional right to release by sufficient sureties (which includes, for example, personal bond or non-financial conditions of release), and her federal constitutional rights to pretrial liberty and against wealth-based detention are at stake in the proceedings. The affidavit must give the misdemeanor arrestee an opportunity to declare under penalty of perjury the maximum amount of money she would be able to pay up front within 24 hours of arrest. The question is neither the arrestee's immediate ability to pay with cash on hand, nor what assets the arrestee could eventually produce after a period of pretrial detention. The question is what amount the arrestee could reasonably pay within 24 hours of his or her arrest, from any source, including the contribution of family and friends.

    d. If the decision-maker decides to require money bail as a condition of release, the order to pay money bail must be accompanied by substantive findings, on the record and reviewable by a higher court. Those on the record findings must state either (1) that the arrestee has the ability to pay the amount required within 24 hours of arrest, or (2) that alternative conditions of release were considered, that no less-restrictive condition or combination of conditions could reasonably assure appearance and the safety of a particular person or the community, and that imposition of unaffordable[4] money bail is necessary to satisfy the government's interests. No arrestee may be kept in jail due to her inability to pay the cost of a non-financial condition of release, including but not limited to, a supervision fee, a fee for electronic monitoring, or the cost of an interlock device.[5]

    e. Nothing in provisions 5(a)-(d) is intended to conflict with any requirement of Texas law.

6. The County must provide any arrestee who remains in jail after the individualized hearing with an adversarial bail review hearing before a County Criminal Court at Law Judge within one business day.

7. The Sheriff must not enforce any order requiring secured money bail that is not accompanied by a record showing that the procedures and findings described in Section 5(a)-(d) were provided.

8. The County and the Sheriff must not enforce any directive or requirement to pay money bail if issued prior to the individualized hearing.

9. If an arrestee is in the County's custody 48 hours after arrest and no conditions of release have yet been determined, the Sheriff must release the arrestee on a personal bond. The County must implement procedures to ensure release by the 48th hour.

**REPORTING:**

1. The County must make weekly[6] public reports to this Court that include:

    a. A list of all misdemeanor arrestees kept in jail for longer than 48 hours after arrest without an individualized assessment of conditions of release.

    b. A list of all misdemeanor arrestees who were required to pay a secured financial condition of release, a copy of the arrestees' financial affidavit, and a copy of the on-the-record findings.

---

[4] A money bail amount is "unaffordable" if the arrestee cannot pay the amount within 24 hours of arrest, considering all available sources, including the contributions of family and friends.

[5] An arrestee lacks the ability to pay for a non-financial condition of release if payment would constitute a substantial hardship. Substantial hardship includes, but is not limited to, when an arrestee's her income is at or below 125% of the federal poverty line.

[6] After a reasonable period of time, the County may move the district court to authorize monthly reports in lieu of weekly reports.

    c. A list of all misdemeanor arrestees who were detained prior to an individualized hearing and the basis for their detention pursuant to provisions 5(a)-(d).

2. For purposes of ensuring transparency and effective monitoring, the County must produce additional relevant data to Class counsel upon reasonable request and at the direction of the district court and consistent with the County's ongoing discovery obligations.

3. For any algorithm-based assessment tool the County uses to make post-arrest decisions, including to determine conditions of release, the County must inform Class counsel of the definitions of each "risk level"[7] or other output. The County must also provide other information about the development and implementation of the tool that is relevant to understanding how the tool works in practice.

Ordered this ___ day of _____, 2018.

                                                                                                             Hon. Lee H. Rosenthal District Judge

---

[7] For example, County policymakers could choose to calibrate the tool to define "high risk" as a person with a 95% chance of returning to court without any supervision, or County officials could choose to calibrate the tool to label "high risk" a person with a 20% chance of returning to court without any supervision. These discretionary decisions must be disclosed.

4