UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF TEXAS, HOUSTON DIVISION

| | |
|---|---|
| MARANDA LYNN ODONNELL, et al. ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> HARRIS COUNTY, TEXAS, et al. ) <br> ) <br> Defendants. ) <br> ) <br> ) | Case No. 16-cv-01414 <br> (Consolidated Class Action) <br> The Honorable Lee H. Rosenthal <br> U.S. District Judge |

**[PROPOSED] ORDER ~~OF PRELIMINARY INJUNCTION~~**

~~The Court entered its Memorandum and Opinion (ECF No. 302) and its Order of Preliminary Injunction on April 28, 2017. On June 1, 2018, the Fifth Circuit vacated the preliminary injunction and remanded to this Court with instructions to revise the injunction in accordance with the principles set forth in the Fifth Circuit's opinion. Case No. 17-20333, Document 00514497059 (June 1, 2018). In accordance with the Fifth Circuit's opinion and order, it is hereby ORDERED that:~~

~~(1) Harris County is enjoined from imposing prescheduled bail amounts as a condition of release on arrestees who attest that they cannot afford such amounts without providing an adequate process for ensuring that there is individual consideration for each arrestee of whether another amount or condition provides sufficient sureties.~~

~~(2) The County must gather information about an arrestee's ability to pay a prescheduled financial condition of release by an affidavit, and must explain to arrestees the nature and significance of the affidavit and process.~~

- ~~The purpose of the explanation is to provide the notice due process requires that a misdemeanor defendant's state constitutional right to be~~

~~bailable by sufficient sureties is at stake in the proceedings. Attached at Exhibit A is the disclaimer to be read to the defendant.[1]~~

- ~~The County may administer either the form of the affidavit currently used to determine eligibility for appointed counsel or the adapted form that Dr. VanNostrand testified was prepared for Pretrial Services to be administered by July 1, 2017, if they comply with the below guidelines. The current affidavit is attached hereto as Exhibit B. Completed affidavits must be delivered to the Harris County Sheriff's Office before a declarant's probable cause hearing.~~

- ~~The affidavit must give the misdemeanor arrestee sufficient opportunity to declare under penalty of perjury, after the significance of the information has been explained, the maximum amount of financial security the arrestee would be able to post or pay up front within 24 hours of arrest. The affidavit should ask the arrestee to provide details about their financial situation sufficient to help the County make reliable determinations regarding the amount of bail that would provide sufficient sureties, including:~~

    1) ~~arrestee and spouse's income from employment, real property, interest and dividends, gifts, alimony, child support, retirement, disability, unemployment payments, public assistance, and other sources;~~

    2) ~~arrestee and spouse's employment history for the prior two years and gross monthly pay;~~

    3) ~~arrestee and spouse's present cash available and any financial institutions where cash is held;~~

    4) ~~assets owned, e.g., real estate and motor vehicles;~~

    5) ~~money owed to arrestee and spouse;~~

    6) ~~dependents of arrestee and spouse, and their ages;~~

    7) ~~estimation of itemized monthly expenses;~~

    8) ~~taxes and legal costs;~~

    9) ~~expected major changes in income or expenses; and~~

---

[1] ~~Both the disclaimer and affidavit will be available in the five most common languages.~~

2

          10) ~~indicate that the arrestee has additional information to provide to his or her appointed public defender or the court to help explain the inability to pay~~

- ~~The question is neither the arrestee's immediate ability to pay with cash on hand, nor what assets the arrestee could eventually produce after a period of pretrial detention. The question is what amount the arrestee could reasonably pay within 24 hours of his or her arrest, from any source, including the contributions of family and friends.~~

- ~~The purpose of this requirement is to provide a better, easier, and faster way to get the information needed to determine a misdemeanor defendant's ability to pay. The Hearing Officers and County Judges testified that they presently do not know who has the ability to pay. The affidavit can be completed within 24 hours after arrest.~~

It is hereby ORDERED that the Harris County Criminal Court at Law Judges implement the following post-arrest policies to be applied to all class members. Consistent with this order, Harris County and the Harris County Sheriff must comply with such post-arrest procedures:

1. All misdemeanor arrestees must be released on a personal bond (i.e. unsecured bond) as soon as practicable after arrest, except arrestees who fall within the following categories, who may be detained for up to 48 hours for an individualized hearing:

    a. Individuals arrested for violating a protective order issued pursuant to Article 17.292 of the Texas Code of Criminal Procedure, Section 6.504 of the Texas Family Code, or other similar provision of state law;

    b. Individuals arrested and charged pursuant to Section 22.01 of the Texas Penal Code with assaulting a family member;[2]

    c. Individuals arrested and charged with any new offense while on any form of pretrial release; and

    d. Individuals arrested for not appearing at a court date while on any form pretrial release in an open case;

    e. Misdemeanor ~~defendants~~arrestees who do not appear competent to execute ~~an~~the affidavit hereinafter called for in this order may be evaluated under the procedures set out in ~~the Texas Code of Criminal Procedure~~ Article 16.22~~.~~ of the Texas Code of Criminal Procedure. If competence is found, the misdemeanor ~~defendant~~arrestee is covered by the relief the court orders, with the exception that the 48-hour period begins to run from the finding of competence rather than from the time of arrest. ~~As under Article 16.22, nothing in this order prevents~~

---

[2] A "family member" is anyone who resides in the arrestee's household or with whom the arrestee has a dating relationship.

3

~~the misdemeanor arrestee from being released on secured bail or unsecured personal bond pending the evaluation.~~

(3) ~~Misdemeanor defendants who are not subject to: (1) formal holds preventing their release from detention; (2) pending mental health evaluations to determine competency; or (3) pretrial preventive detention orders for violating a condition of release for a crime of family violence, have a constitutionally protected state-created liberty interest in being bailable by sufficient sureties before trial.~~

(4) ~~If a misdemeanor defendant has executed an affidavit showing an inability to pay prescheduled money bail and has not been released either: (1) on an unsecured personal bond with nonfinancial conditions of release; or (2) on a secured money bond for which the defendant could pay a commercial surety's premium, as indicated on the affidavit, then the defendant is entitled to a hearing within 48 hours of arrest in which an impartial decision-maker conducts an individual assessment of whether another amount of bail or other condition provides sufficient sureties.~~

- ~~The County will continue providing public defenders to represent defendants who consent to representation for the hearing.~~

2. <u>Any person arrested for the reasons described in Section 1(a)–1(d) may be kept in custody pending an individualized hearing before a judicial officer.</u>[3] <u>Any decision maker who makes decisions about conditions of release, including the Harris County Hearing Officers, must have complete discretion to release any misdemeanor arrestee prior to an individualized hearing. Secured money bail must not be imposed as a condition of release prior to an individualized hearing.</u>

3. <u>Any arrestee who is not promptly released on a personal bond after arrest must receive an individualized hearing as soon as practicable but no later than 48 hours after arrest. Nothing in this provision is intended to conflict with any provision of Texas law or local rules.</u>

- <u>At the</u> ~~hearing, the arrestee or the arrestee's counsel must have an opportunity to describe evidence the arrestee's favor, and to respond to evidence described or presented by law enforcement.~~

4. ~~If~~<u>individualized hearing,</u> the decision-maker ~~declines to lower~~<u>may consider the full range of available conditions of release, including secured money bail, unsecured money</u> bail ~~from~~<u>,</u> <u>and nonfinancial conditions.</u>

---

[3] <u>Although individuals who fall within categories 1(a)-(d) *may* be detained for up to 48 hours for an individualized hearing on conditions of release, detention is not mandatory. Employees of the District Attorney's Office, Pretrial Services, the Sheriff's Office, or other government agencies may recommend that a decision maker release any arrestee on a personal bond prior to an individualized hearing. Such recommendations do not infringe judicial officers' authority to make decisions about conditions of release. They simply preserve the possibility of expeditious release on unsecured bond prior to an individualized hearing for arrestees who fall within categories 1(a)-(d) if a judicial officer decides that release prior to an individualized hearing is appropriate.</u>

5. Before a decision-maker may require secured money bail as a condition of release at an individualized hearing, the ~~prescheduled amount~~ following procedures must be provided, and the following findings must be made:

   a. The County must provide notice to ~~an amount~~ the arrestee ~~is able to pay, then the decisionmaker must provide written factual findings~~ that financial information will be collected through an affidavit, and must explain to the arrestee the nature and significance of the financial information to be collected using the language required in Docket Entry No. 363.[4]

   b. The County must determine the arrestee's ability to pay money bail using an affidavit that asks the arrestee to state, under penalty of perjury, the amount of money she can afford to pay within 24 hours of arrest from any lawful source.

   c. The arrestee must be given an opportunity to be heard concerning both her ability to afford money bail and what nonfinancial conditions of release, if any, are necessary. Additionally, the arrestee must have an opportunity at the hearing to present evidence and make argument concerning those issues, and to contest any evidence or ~~factual~~ argument offered by the government concerning those issues.

   d. If the decision-maker decides to require money bail as a condition of release, the order to pay money bail must be accompanied by substantive findings, on the record ~~explaining the reason~~ and reviewable by a higher court. Those on the record findings must state either (1) that the arrestee has the ability to pay the amount required within 24 hours of arrest, or (2) that alternative conditions of release were considered, that no less-restrictive condition or combination of conditions could reasonably assure appearance and the safety of a particular person or the community, and that imposition of unaffordable[5] money bail is necessary to satisfy the government's interests. No arrestee may be kept in jail due to her inability to pay the cost of a non-financial condition of release, including but not limited to, a supervision fee, a fee for electronic monitoring, or the ~~decision, and the~~ cost of an interlock device.[6]

   e. Nothing in provisions 5(a)-(d) is intended to conflict with any requirement of Texas law.

---

[4] The purpose of the explanation is to provide the notice due process requires: that the misdemeanor arrestee's state constitutional right to release by sufficient sureties (which includes, for example, personal bond or non-financial conditions of release), and her federal constitutional rights to pretrial liberty and against wealth-based detention are at stake in the proceedings. The affidavit must give the misdemeanor arrestee an opportunity to declare under penalty of perjury the maximum amount of money she would be able to pay up front within 24 hours of arrest. The question is neither the arrestee's immediate ability to pay with cash on hand, nor what assets the arrestee could eventually produce after a period of pretrial detention. The question is what amount the arrestee could reasonably pay within 24 hours of his or her arrest, from any source, including the contribution of family and friends.

[5] A money bail amount is "unaffordable" if the arrestee cannot pay the amount within 24 hours of arrest, considering all available sources, including the contributions of family and friends.

[6] An arrestee lacks the ability to pay for a non-financial condition of release if payment would constitute a substantial hardship. Substantial hardship includes, but is not limited to, when an arrestee's her income is at or below 125% of the federal poverty line.

5

- 6. The County must provide ~~the~~any arrestee <ins>who remains in jail after the individualized hearing</ins> with ~~a formal~~an adversarial bail review hearing before a County ~~Judge.~~ <ins>Criminal Court at Law Judge within one business day.</ins>

- 7. The ~~Harris County~~ Sheriff ~~is therefore authorized to decline to~~ <ins>must not</ins> enforce ~~orders~~<ins>any order</ins> requiring ~~payment of prescheduled~~<ins>secured money</ins> bail ~~amounts as a condition of release for said defendants if the orders are~~<ins>that is</ins> not accompanied by a record showing that the ~~required individual assessment was made~~<ins>procedures</ins> and ~~an opportunity for formal review was~~<ins>findings described in Section 5(a)-(d) were</ins> provided.

    - ~~All nonfinancial conditions of release ordered by the Hearing Officers, including protective orders, drug testing, alcohol intake ignition locks, or GPS monitoring, will remain in effect.~~

    - ~~The purpose of this requirement is to provide timely protection for the state-created liberty interest in being bailable by sufficient sureties and to prevent the automatic imposition of prescheduled bail amounts without an adequate process for ensuring that there is individualized consideration of whether another amount or condition provides sufficient sureties.~~

   ~~(5)   To enforce the 48-hour timeline, the County must make a weekly report to the district court of misdemeanor defendants identified above for whom a timely individual assessment has not been held.~~

    - ~~The County must also notify the defendant's counsel and/or next of kin of the delay.~~

    - ~~A pattern of delays might warrant further relief from the district court. Because the court recognizes that the County might need additional time to comply with this requirement, the County may propose a reasonable timeline for doing so. The purpose of this requirement is to give timely protection to the state-created liberty interest in being bailable by sufficient sureties by enforcing federal standards indicating that 48 hours is a reasonable timeframe for completing the administrative incidents to arrest. The 48-hour requirement is intended to address the endemic problem of misdemeanor arrestees being detained until case disposition and pleading guilty to secure faster release from pretrial detention.~~

   ~~(6)   For misdemeanor defendants who are subject to formal holds and who have executed an affidavit showing an inability to pay the prescheduled financial condition of release, the Sheriff must treat the limitations period on their holds as beginning to run the earliest of: (1) after the probable cause hearing; or (2) 24 hours after arrest. The purpose of this requirement is to ensure that misdemeanor defendants are not prevented from or delayed in addressing their holds because they are indigent and therefore cannot pay a prescheduled financial condition of release.~~

~~(7) No relief is ordered against the Hearing Officers or against the County Judges in their judicial or legislative capacities.~~

~~This Order will take effect on June 28, 2018 Pursuant to the Fifth Circuit's Opinion and Order, the Court's April 28, 2017 preliminary injunction will cease to have effect on that date. This Order expires on entry of final judgment in this case, unless the Court orders otherwise. Any party may seek modification of this Order, by written motion served on all parties and counsel and on a showing of good cause.~~

~~SIGNED on June ___, 2018, at Houston, Texas~~

_____

8. The County and the Sheriff must not enforce any directive or requirement to pay money bail if issued prior to the individualized hearing.

9. If an arrestee is in the County's custody 48 hours after arrest and no conditions of release have yet been determined, the Sheriff must release the arrestee on a personal bond. The County must implement procedures to ensure release by the 48th hour.

**REPORTING:**

1. The County must make weekly[7] public reports to this Court that include:

    a. A list of all misdemeanor arrestees kept in jail for longer than 48 hours after arrest without an individualized assessment of conditions of release.

    b. A list of all misdemeanor arrestees who were required to pay a secured financial condition of release, a copy of the arrestees' financial affidavit, and a copy of the on-the-record findings.

    c. A list of all misdemeanor arrestees who were detained prior to an individualized hearing and the basis for their detention pursuant to provisions 5(a)-(d).

---

[7] After a reasonable period of time, the County may move the district court to authorize monthly reports in lieu of weekly reports.

7

2. For purposes of ensuring transparency and effective monitoring, the County must produce additional relevant data to Class counsel upon reasonable request and at the direction of the district court and consistent with the County's ongoing discovery obligations.

3. For any algorithm-based assessment tool the County uses to make post-arrest decisions, including to determine conditions of release, the County must inform Class counsel of the definitions of each "risk level"[8] or other output. The County must also provide other information about the development and implementation of the tool that is relevant to understanding how the tool works in practice.

Ordered this ___ day of _____, 2018. _____

_____

_____
Hon. Lee H. Rosenthal

~~Chief United States~~ District Judge

---

[8] For example, County policymakers could choose to calibrate the tool to define "high risk" as a person with a 95% chance of returning to court without any supervision, or County officials could choose to calibrate the tool to label "high risk" a person with a 20% chance of returning to court without any supervision. These discretionary decisions must be disclosed.