# Exhibit 1

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | |
|---|---|
| MARANDA LYNN ODONNELL, et al. ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Case No. 16-cv-01414 |
| ) | (Consolidated Class Action) |
| HARRIS COUNTY, TEXAS, et al. ) | The Honorable Lee H. Rosenthal |
| ) | U.S. District Judge |
| ) | |
| Defendants. ) | |
| ) | |
| ) | |

**[PROPOSED] ORDER OF PRELIMINARY INJUNCTION**

The Court entered its Memorandum and Opinion (ECF No. 302) and its Order of Preliminary Injunction on April 28, 2017. On June 1, 2018, the Fifth Circuit vacated the preliminary injunction and remanded to this Court with instructions to revise the injunction in accordance with the principles set forth in the Fifth Circuit's opinion. Case No. 17-20333, Document 00514497059 (June 1, 2018). In accordance with the Fifth Circuit's opinion and order, it is hereby ORDERED that:

(1) Harris County is enjoined from imposing prescheduled bail amounts as a condition of release on arrestees who attest that they cannot afford such amounts without providing an adequate process for ensuring that there is individual consideration for each arrestee of whether another amount or condition provides sufficient sureties.

(2) ~~Pretrial Services officers, as County employees and subject to its policies, must~~The County must gather information about ~~verify~~ an arrestee's ability to pay a prescheduled financial condition of release by an affidavit, and must explain to arrestees the nature and significance of the ~~verification~~ affidavit and process.

• The purpose of the explanation is to provide the notice due process requires that a misdemeanor defendant's state constitutional right to be

Formatted: DocID

bailable by sufficient sureties is at stake in the proceedings. Attached at Exhibit A is the disclaimer to be read to the defendant.[1]

- Pretrial Services The County may administer either the form of the affidavit currently used to determine eligibility for appointed counsel or the adapted form that Dr. VanNostrand testified was prepared for Pretrial Services to be administered by July 1, 2017, if they comply with the below guidelines. The current affidavit is attached hereto as Exhibit B.Pretrial Services must deliver Completed affidavits must be delivered to the Harris County Sheriff's Office before a declarant's probable cause hearing.

- The affidavit must give the misdemeanor arrestee sufficient opportunity to declare under penalty of perjury, after the significance of the information has been explained, the maximum amount of financial security the arrestee would be able to post or pay up front within 24 hours of arrest. The affidavit should ask the arrestee to provide details about their financial situation sufficient to help the County make reliable determinations regarding the amount of bail that would provide sufficient sureties, including:

  1) arrestee and spouse's income from employment, real property, interest and dividends, gifts, alimony, child support, retirement, disability, unemployment payments, public-assistance, and other sources;

  2) arrestee and spouse's employment history for the prior two years and gross monthly pay;

  3) arrestee and spouse's present cash available and any financial institutions where cash is held;

  4) assets owned, e.g., real estate and motor vehicles;

  5) money owed to arrestee and spouse;

  6) dependents of arrestee and spouse, and their ages;

  7) estimation of itemized monthly expenses;

  8) taxes and legal costs;

  9) expected major changes in income or expenses; and

---

[1] Both the disclaimer and affidavit will be available in the five most common languages.

HOU-6556334-1

**Formatted:** DocID

10) indicate that the arrestee has additional information the arrestee wishes to provide to his or her appointed public defender or the court to help explain the inability to pay

- The question is neither the arrestee's immediate ability to pay with cash on hand, nor what assets the arrestee could eventually produce after a period of pretrial detention. The question is what amount the arrestee could reasonably pay within 24 hours of his or her arrest, from any source, including the contributions of family and friends.

- The purpose of this requirement is to provide a better, easier, and faster way to get the information needed to determine a misdemeanor defendant's ability to pay. The Hearing Officers and County Judges testified that they presently do not know who has the ability to pay. The affidavit can be completed within 24 hours after arrest; the current process of verifying references by phone extends for days after arrest.

- Misdemeanor defendants who do not appear competent to execute an affidavit may be evaluated under the procedures set out in the Texas Code of Criminal Procedure Article 16.22. If competence is found, the misdemeanor defendant is covered by the relief the court orders, with the exception that the 48-hour period begins to run from the finding of competence rather than from the time of arrest. As under Article 16.22, nothing in this order prevents the misdemeanor arrestee from being released on secured bail or unsecured personal bond pending the evaluation.

(3) Misdemeanor defendants who are not subject to: (1) formal holds preventing their release from detention; (2) pending mental-health evaluations to determine competency; or (3) pretrial preventive detention orders for violating a condition of release for a crime of family violence, have a constitutionally protected state-created liberty interest in being bailable by sufficient sureties before trial.

(4) If a misdemeanor defendant has executed an affidavit showing an inability to pay prescheduled money bail and has not been released either: (1) on an unsecured personal bond with nonfinancial conditions of release; or (2) on a secured money bond for which the defendant could pay a commercial surety's premium, as indicated on the affidavit, then the defendant is entitled to a hearing within 48 hours of arrest in which an impartial decision-maker conducts an individual assessment of whether another amount of bail or other condition provides sufficient sureties.

- The County will continue providing public defenders to represent defendants who consent to representation for the hearing.

- At the hearing, the arrestee or the arrestee's counsel must have an opportunity to describe evidence in his or her the arrestee's favor, and to

3

Formatted: DocID

respond to evidence described or presented by law enforcement.

- If the decision-maker declines to lower bail from the prescheduled amount to an amount the arrestee is able to pay, then the decisionmaker must provide written factual findings or factual findings on the record explaining the reason for the decision, and the County must provide the arrestee with a formal adversarial bail review hearing before a County Judge.

- The Harris County Sheriff is therefore authorized to decline to enforce orders requiring payment of prescheduled bail amounts as a condition of release for said defendants if the orders are not accompanied by a record showing that the required individual assessment was made and an opportunity for formal review was provided.

- All nonfinancial conditions of release ordered by the Hearing Officers, including protective orders, drug testing, alcohol intake ignition locks, or GPS monitoring, will remain in effect.

- The purpose of this requirement is to provide timely protection for the state-created liberty interest in being bailable by sufficient sureties and to prevent the automatic imposition of prescheduled bail amounts without an adequate process for ensuring that there is individualized consideration of whether another amount or condition provides sufficient sureties.

(5)  To enforce the 48-hour timeline, the County must make a weekly report to the district court of misdemeanor defendants identified above for whom a timely individual assessment has not been held.

- The County must also notify the defendant's counsel and/or next of kin of the delay.

- A pattern of delays might warrant further relief from the district court. Because the court recognizes that the County might need additional time to comply with this requirement, the County may propose a reasonable timeline for doing so. The purpose of this requirement is to give timely protection to the state-created liberty interest in being bailable by sufficient sureties by enforcing federal standards indicating that 48 hours is a reasonable timeframe for completing the administrative incidents to arrest. The 48-hour requirement is intended to address the endemic problem of misdemeanor arrestees being detained until case disposition and pleading guilty to secure faster release from pretrial detention.

(6)  For misdemeanor defendants who are subject to formal holds and who have executed an affidavit showing an inability to pay the prescheduled financial condition of release, the Sheriff must treat the limitations period on their holds as beginning to run the earliest of: (1) after the probable cause hearing; or (2) 24

Formatted: DocID

4

hours after arrest. The purpose of this requirement is to ensure that misdemeanor defendants are not prevented from or delayed in addressing their holds because they are indigent and therefore cannot pay a prescheduled financial condition of release.

(7)     No relief is ordered against the Hearing Officers or against the County Judges in their judicial or legislative capacities.

This Order will take effect on June 28, 2018 Pursuant to the Fifth Circuit's Opinion and Order, the Court's April 28, 2017 preliminary injunction will cease to have effect on that date. This Order expires on entry of final judgment in this case, unless the Court orders otherwise. Any party may seek modification of this Order, by written motion served on all parties and counsel and on a showing of good cause.

SIGNED on June __, 2018, at Houston, Texas

_____
Lee H. Rosenthal
Chief United States District Judge

**Formatted:** DocID

5

HOU-6556334-1

Exhibit A

PRETRIAL SERVICES DISCLAIMER TO MISDEMEANOR DEFENDANTS

I am [First Name] from Harris County Pretrial Services. There are two separate reasons I am talking with you today. First, I will be interviewing you to gather information that the court will use when making decisions about eligibility for release on a personal bond, money bail, and appropriate conditions of release. Second, I will be asking you to complete a financial affidavit, which will be considered by the court in determining your ability to pay money bail or post bond, the amount of money bail, and assessing alternatives to imposing money bail, including a personal bond. You will be asked to state the amount of money you can afford to pay within twenty-four hours of arrest, from any source, including the contribution of family and friends.

The financial affidavit will also be used to determine your eligibility for appointed counsel. You have the right to refuse the interview, the financial affidavit, or both. The information gathered during the interview, along with the financial affidavit, will go to the court, the District Attorney, and your attorney can receive a copy. Other criminal justice or law enforcement agencies may also request a copy of your answers to the affidavit and answers to other questions that I ask in the interview.

Do you want to participate in the interview, complete the affidavit, or both?

# Exhibit B



# HARRIS COUNTY PRETRIAL SERVICES
## DEFENDANT REPORT

| Defendant Name: | | | | | | |
|---|---|---|---|---|---|---|
| Date: | | SPN: | | DOB: | | Age: |
| Court: | | Cause: | | Offense: | | |
| Court: | | Cause: | | Offense: | | |
| Court: | | Cause: | | Offense: | | |
| Court: | | Cause: | | Offense: | | |
| Special Needs: | | | | | | |

### AFFIDAVIT OF FINANCIAL CONDITION

**This affidavit will be used to assess alternatives to imposing secured money bail and determine eligibility for appointment counsel.**

| Defendant Status: | | | | |
|---|---|---|---|---|
| Type of Bond (circle one, if any) | CASH | PERSONAL | PRETRIAL | SURETY/BONDSMAN |

| Number of people in family or household that rely on you for financial support [not including yourself | | | |
|---|---|---|---|
| Name | Age | Dependent | Relationship |
| | | | |
| | | | |
| | | | |

| I live at (address): | | | |
|---|---|---|---|
| How long at this address: | | How long at last address: | |
| Address type (house, apartment, etc) | | Own, Rent, Other: | |

| My employment status is: | |
|---|---|
| Employer's name: | |
| Employer's address: | |
| Employer's telephone number: | Supervisor's name: |
| Job or occupation: | How long employed: |
| If not employed, my last job was: | |

| Monthly Income | | Necessary Monthly Living Expenses | | Nonexempt Assets | |
|---|---|---|---|---|---|
| Your Salary | | Rent/Mortgage and Insurance | | Cash on Hand | |
| Spouse's Salary / Other Household income | | Car Payment and Insurance | | Value of Stocks, Bonds, and Investments | |
| SSI/SSDI | | Utilities | | Amount in Savings Account | |
| TANF | | Cell Phone | | Amount in Checking Account | |
| Social Security Check | | Clothes/Food | | Value of Real Property (Land) | |
| Child Support | | Day Care / Child Care | | | |
| Other Government Check | | Health Insurance | | | |
| Government Housing | | Medical Expenses | | | |
| Other Income | | Credit Cards | | | |
| | | Court-Ordered Monies | | | |
| | | Child Support | | | |
| TOTAL INCOME | | TOTAL NECESSARY EXPENSES | | TOTAL ASSETS | |

| What is the most money you could reasonably pay to get out of jail within 24 hours after your arrest, including any contributions from family and friends? | |
|---|---|

I have been advised of my right to representation by counsel in the trial of the charge pending against me. If I am asking the court to appoint counsel for me, then I certify that I am without means to employ counsel of my own choosing. I swear under penalty of perjury that the above information is true, correct, and complete. The information listed above is accurate and I will immediately notify the court of any changes in my financial situation. **I understand that all information in this affidavit is subject to verification and that falsifying this information is a criminal offense.**

| I am asking the court to appoint counsel for me. | |
|---|---|

Sworn to and subscribed before me on the date shown.

_____    _____
Defendant Signature                    Date

| Defendant refused to provide data? | |
|---|---|

_____
Deputy District Clerk / Peace Officer / Pretrial Services Agent

**Defendant**: XXXXXXXXXXXXXXXXXXXXXX   **JPIN**: 0000000   **SPN**: 00000000
**Interviewed By**: XXXXXXXXXXXX   **Interview Location**: XXXXXXXXXXXXXXXXXXXXXXX

PAGE 3 OF 4
**Printed**: 8/3/2017 5:50:23 PM