IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MARANDA LYNN ODONNELL, et al. | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Case No. 4:16-cv-01414 |
| | ) | (Consolidated Class Action) |
| HARRIS COUNTY, TEXAS, et al., | ) | The Honorable Lee H. Rosenthal |
| | ) | U.S. District Judge |
| Defendants. | ) | |
| | ) | |

**HARRIS COUNTY DISTRICT ATTORNEY'S STATEMENT IN SUPPORT OF THE FIELDS/JORDAN PROPOSAL**

Introduction. The Harris County District Attorney's Office (the DAO) is a non-party but deeply interested observer in this bail reform litigation. As the State's lawyers in the prosecution of criminal cases we are charged with the maintenance of public safety and to do justice on behalf of all participants in the criminal justice system. We filed an amicus curiae brief (Doc. 206) at an earlier stage in this litigation setting forth our general views in support of the plaintiff's arguments. At various times since then our office engaged in "shuttle diplomacy" between the various factions in an effort to find a common ground that minimized disruption to our core interests in public safety and justice. Fifteen months later it appears that many of the legal issues are resolved and the matter returned to this Court for implementation of "the details."

Statement of Concerns. Simply put, during the implementation period of this Court's initial order, the DAO has been troubled by a disturbingly high rate of failures to appear by defendants before they have made even one appearance in court after release. Many were released on unsecured bonds that lacked even rudimentary conditions of pretrial supervision that might both assist and encourage attendance and awareness of the consequences of a failure to appear. Part may have been attributable to the 24-hour window of operations which triggered non-judicial release and part to a failure of the County to provide adequate pretrial services to defendants as opposed to the courts and the purported bond schedules.

This triggered serious public safety concerns because some of these unsupervised, un-magistrated defendants became serial absconders, picking up new offenses such as DWIs along the way. A defendant who is re-released without ever making any appearance before a magistrate to receive individualized conditions or restrictions on release is enabled in his anti-social misconduct and presents an increasingly more dangerous threat to public safety.

We also recognize that while the federal constitution tolerates risk-based detention and that most risk-assessment tools incorporate detention as an option if supported by circumstances, in the Texas misdemeanor arena it just is not there. The risk-assessment tool used by the Harris County courts does not include detention and

is simply an adjunct to the County bail bond schedule.  Nonetheless, on occasion, the State may seek a financial condition that appears a barrier to release.  We acknowledge our duty to seek that outcome sparingly and only upon articulable, necessary facts presented to a magistrate.  In the end it is a judicial call because judges, not prosecutors, set bail and conditions.  Cf. *United States v. McConnell*, 842 F.2d 105, 110 (5th Cir. 1988) (concluding that, under the Bail Reform Act of 1984, the "court must explain its reasons for concluding that the particular financial requirement is a necessary part of the conditions for release" when setting a bond that a detainee cannot pay).  It is still our philosophical position that the default should be release on an unsecured bond in the vast majority of cases.

<u>Why we support the Fields/Jordan proposal.</u>  We have reviewed the proposed order by the two county criminal court at law judges (Doc. 401-1) and indeed participated to an extent in its development through meetings with them and other actors in this litigation.  The proposal identifies those categories of offenses and offenders which we agree to be the most problematic and need the most judicial attention.  See Proposed Order, Sections 1(a)–1(d).

The proposal comports with our perspective and the Fifth Circuit's conclusion that 48 hours is the constitutionally maximal period of time for defendants to be detained without an individualized hearing, so that they may be seen by magistrates

who can make informed assessments. It requires that Pretrial Services provide the defendants the necessary interviews, evaluations and supervision plans. The proposal appears orderly and weighted in favor of liberty, due process and equal protection. It addresses our major public safety concerns with the earlier implementation.

        Respectfully submitted,

        /S/ Kim Ogg_____
        KIM OGG
        State Bar No. 15230200
        Fed ID: 635102
        District Attorney, Harris County, Texas
        1320 Prairie Street, 5th Floor
        Houston, TX 77002
        713-274-5800

## CERTIFICATE OF SERVICE

I hereby certify that all interested parties have been served this date, June 12, 2018, by email notice via electronic filing (ECF).

        /S/ Kim Ogg_____
        KIM OGG