United States District Court
Southern District of Texas

**ENTERED**

June 18, 2018

David J. Bradley, Clerk

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| MARANDA LYNN ODONNELL, *et al.*, | § | |
| On behalf of themselves and all others | § | |
| similarly situated, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | CIVIL ACTION NO. H-16-1414 |
| VS. | § | |
| | § | |
| HARRIS COUNTY, TEXAS, *et al.*, | § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM AND OPINION**

The Fifth Circuit affirmed in part and vacated in part this court's memorandum and opinion and preliminary injunction on appeal and again after motions for reconsideration were filed and fully briefed. *ODonnell v. Harris Cty., Texas*, 882 F.3d 528 (5th Cir. 2018), *opinion withdrawn and superseded on reh'g sub nom. ODonnell v. Harris Cty.*, No. 17-20333, 2018 WL 2465481 (5th Cir. June 1, 2018). On remand, this court invited the parties to submit proposed amended preliminary injunction orders consistent with the Fifth Circuit's opinions and remand orders. The parties did so, identifying significant areas of disagreement. (Docket Entry Nos. 401, 403). The parties also appeared at a hearing on June 14, 2018, and presented oral argument in support of their positions. (Docket Entry No. 413).

Based on the Fifth Circuit rulings, the law, the evidence in the record, and the parties' proposals and arguments, this court attaches an amended preliminary injunction order as a tentative ruling. The order is tentative so that the parties may review and comment. The comments are to be limited to substantive issues that are most significant. The parties must first confer in a cooperative effort to agree, if possible. The comments are due by **Monday, June 25, 2018, by 12:00p.m. CST**.

1

This memorandum and opinion explains the court's approach to the two disputed issues identified at the hearing held on June 14, 2018.  The first issue is whether a judicial officer must make a finding that detention of a misdemeanor arrestee resulting from imposing secured money bail, instead of ordering release on a personal bond, unsecured money bail, or secured money at a lower bail amount, is necessary to provide "sufficient sureties."  The term "sufficient sureties" means both protecting the misdemeanor arrestee's constitutionally protected rights and reasonably assuring appearance at hearings and trial and public safety.  At the hearing, the parties appeared to agree on this point.  Based on that agreement, section (6) of the tentative amended preliminary injunction order includes the following language:

> **The factual findings must state either: (1) that the arrestee has the ability to pay the prescheduled or other secured financial condition of release within 24 hours of arrest, or (2) that alternative conditions of release were considered, that no less-restrictive condition or combination of conditions could reasonably assure appearance and public safety, and that imposing the prescheduled or other secured financial condition of release is necessary to satisfy the government's interests.**

This requirement is not unduly burdensome on the County, is consistent with the Fifth Circuit's orders, and will not lessen the County's ability to satisfy its legitimate interests.

The second issue is what to do with the seven categories of misdemeanor arrestees to whom the presumption of a personal bond applies.  This issue remains contested.  The initial bail schedule, which is based on the Arnold Risk Assessment and which the plaintiffs provided at the June 14 hearing, shows that there are twenty offense categories in which a misdemeanor arrestee may be placed.  The initial bail schedule provides three considerations for each category of misdemeanor arrestee.  The first consideration is whether a presumption of pretrial release on a personal bond applies.  For thirteen of the twenty offense categories, no presumption applies.  For the other seven categories, the presumption is release on personal bond with no financial conditions.  The second

consideration is whether an initial bail amount is set that, if paid, allows an arrestee to be released before his or her individualized hearing, up to 48 hours after arrest. For the thirteen categories to which no presumption of pretrial release on a personal bond applies, no initial bail amount is set. For the other seven categories, to which the presumption of pretrial release on a personal bond applies, the schedule provides an initial bail amount ranging from $500 to $2,000. The third consideration is the recommended bail amount that should be set at the individualized hearing, held up to two days later, if a personal bond is not used.

Arrestees who fall into one of the seven offense categories who are presumed eligible for release on personal bond are routinely released, but the timing differs for those who have money and those who do not. Arrestees in one of the seven categories who can promptly pay the initial bail amount are released as soon as they pay. Arrestees who cannot pay must wait until their initial hearings, when they are routinely released on personal bond. The plaintiffs ask the court to enjoin the County from holding misdemeanor arrestees who: (1) fall into one of the seven categories; and (2) who cannot pay the initial bail amounts, until they appear for an individualized hearing before a judicial officer, up to 48 hours after arrest.

The plaintiffs argue that it is an equal protection violation to allow misdemeanor arrestees to be detained because of their indigent status for up to 48 hours while they await their hearings, while another arrestee within one of the same seven categories who can pay the initial bail amount is released immediately. The plaintiffs cite the Fifth Circuit's opinions to argue that there is no link in the record evidence between financial conditions of release and appearance at hearings or law-abiding behavior during pretrial release. The link is even weaker for misdemeanor arrestees who are presumptively entitled to release on personal bond and who routinely will be released with no financial conditions. As a result, the plaintiffs argue, the County's wealth-based discrimination is

not narrowly tailored and violates heightened scrutiny.

The Fifth Circuit agreed that the County's bail system violated the Equal Protection clause.

The Circuit held:

> Heightened scrutiny of the County's policy is appropriate. . . . [W]e discern no error in the court's conclusion that the County's policy failed to meet the tailoring requirements of intermediate scrutiny. In other words, we will not disturb the court's finding that, although the County had a compelling interest in the assurance of a misdemeanor detainee's future appearance and lawful behavior, its policy was not narrowly tailored to meet that interest.

*ODonnell*, No. 17-20333, 2018 WL 2465481, at *9. The Circuit reached its conclusion after reviewing this court's factual findings:

> The court's thorough review of empirical data and studies found that the County had failed to establish any "link between financial conditions of release and appearance at trial or law-abiding behavior before trial." For example, both parties' experts agreed that the County lacked adequate data to demonstrate whether secured bail was more effective than personal bonds in securing a detainee's future appearance. Notably, even after analyzing the incomplete data that were available, neither expert discerned more than a negligible comparative impact on detainees' attendance.

*Id.* at *10. The Circuit vacated the preliminary injunction for overbreadth, holding:

> [T]he equitable remedy necessary to cure the constitutional infirmities arising under both clauses is the same: the County must implement the constitutionally-necessary procedures to engage in a case-by-case evaluation of a given arrestee's circumstances, taking into account the various factors required by Texas state law (only one of which is ability to pay). These procedures are: notice, an opportunity to be heard and submit evidence within 48 hours of arrest, and a reasoned decision by an impartial decisionmaker.

*Id.* at *10.

The tentative amended preliminary injunction order is tailored as the Fifth Circuit ordered. It allows the County to impose secured money bonds on misdemeanor arrestees after an individualized hearing held within 48 hours of arrest. The Fifth Circuit did not address, however, what should be done with the misdemeanor arrestees who will be presumptively released on a

personal bond, and are subject to no other reason for detention, as they wait for up to 48 hours for an individualized hearing, while arrestees in one of those categories are promptly released if they pay the initial bail amount. Whether the Circuit even had the opportunity to speak to this disparity is unclear, given that the defendants' counsel represented that the current initial bail schedule was not adopted until after the preliminary injunction was entered.

The County's policy discriminates on the basis of wealth. Those within one of the seven categories who can afford to pay the initial bail amounts are released. They may have to return for an individualized hearing, but those who can pay are apparently generally not required to do so. Those who cannot afford to pay secured money bail amounts are detained until their hearing, for up to 48 hours, when they are routinely released on personal bond under the presumption. The plaintiffs concede that if Harris County detained all misdemeanor arrestees until their individualized hearings, there would be no equal protection violation. The problem is that, under the current system, those who are able to pay secured money bail go free immediately, while those who cannot pay are detained for up to 48 hours, even if they are presumed to be releasable, and routinely are released, on a personal bond.

The plaintiffs do not ask, and this court does not order, that all misdemeanor arrestees be released until their individualized hearing. The plaintiffs' proposed approach, to order release on personal bond before the individualized hearing, is limited to those who presumptively will be released on personal bond and are subject to no other basis for detention.

The Fifth Circuit addressed the process at, and the timing of, the individualized hearing as it impacted those who were able to pay a secured money bond and those who were unable to do so and consigned to detention until their cases were resolved. The Circuit did not address the differential treatment of impecunious and wealthier arrestees within one of the seven presumptively-

releasable-on-personal-bond categories.   The following language is included in the tentative amended preliminary injunction order to address this issue:

**(7)     All misdemeanor arrestees in the custody of Harris County:**

- **who have been deemed eligible for release at a live (including videolink) probable cause and bail-setting hearing (that is, those who are not subject to formal holds, such as a federal immigration detainer or an outstanding warrant from another county or municipal authority; who are not subject to a pending finding of mental competency; and who are not subject to family violence detention procedures governed by Texas Code of Criminal Procedure Articles 17.152–153);**

- **who have executed an affidavit or declaration of financial condition in accordance with Section (3) showing an inability to pay the prescheduled or other secured financial conditions of release;**

- **who have not been granted release by a Hearing Officer either: (1) on an unsecured personal bond with nonfinancial conditions of release; or (2) on a secured money bond for which the defendant could pay a commercial surety's premium, as indicated on the affidavit or declaration;**

- **who are awaiting a hearing in accordance with Section (6) within 48 hours of arrest; and**

- **who are entitled to a presumption of a personal bond under the initial bail schedule,**

**must be released either: (a) after paying the prescheduled or other secured bail amount; or (b) on a personal bond with nonfinancial conditions of release, until their hearing under Section (6).**

- **The purpose of this requirement is to address and prevent the problem of misdemeanor arrestees who will presumptively be released on a secured bond from being detained longer than those able to pay secured money bail while awaiting their hearing under Section (6).**

The full tentative order is attached.  Comments after the parties confer to attempt agreement must be filed by **Monday, June 25, 2018, by 12:00p.m.  CST**.

SIGNED on June 18, 2018, at Houston, Texas.

Lee H. Rosenthal
Chief United States District Judge