IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MARANDA LYNN ODONNELL, *et al.*, On behalf of themselves and all others similarly situated, | § § § § § | |
| Plaintiffs, | § § | CIVIL ACTION NO. H-16-1414 |
| VS. | § § | |
| HARRIS COUNTY, TEXAS, *et al.*, | § § § | |
| Defendants. | § | |

**TENTATIVE ORDER OF PRELIMINARY INJUNCTION AMENDED
PURSUANT TO THE FIFTH CIRCUIT'S OPINIONS AND
ORDERS ENTERED ON FEBRUARY 14, 2018 AND JUNE 1, 2018**

The following relief is ordered against the defendants, including Harris County and its final policymakers for pretrial bail in misdemeanor cases, and their officers, agents, servants, employees, and attorneys. FED. R. CIV. P. 65(d)(2). The injunction is also binding on those "who are in active concert or participation" with the parties or the parties' officers, agents, servants, employees, or attorneys. *Id.*

(1) The Fifth Circuit held that "[t]he fundamental source of constitutional deficiency in the due process and equal protection analyses is the same: the County's mechanical application of the secured bail schedule without regard for the individual arrestee's personal circumstances. . . . [T]he equitable remedy necessary to cure the constitutional infirmities arising under both clauses is the same: the County must implement the constitutionally-necessary procedures to engage in a case-by-case evaluation of a given arrestee's circumstances, taking into account the various factors required by Texas state law (only one of which is ability to pay). These procedures are: notice, an opportunity to be heard and submit evidence within 48 hours of arrest, and a reasoned decision by an impartial decisionmaker." *ODonnell v. Harris Cty.*, No. 17-20333, 2018 WL 2465481, at *10 (5th Cir. June 1, 2018).

(2) Harris County is enjoined from imposing prescheduled or other secured bail amounts as a condition of pretrial release on misdemeanor arrestees who attest that they cannot afford to pay these amounts, unless the County provides each arrestee a

1

process adequate to ensure that each arrestee receives individual consideration of: (1) that arrestee's ability to pay; and (2) whether: (a) another amount of secured bail; (b) release on unsecured bond with nonfinancial conditions; or (c) on one or more nonfinancial conditions of relief provides sufficient sureties. "Sufficient sureties" includes both the misdemeanor arrestee's interest in pretrial freedom and the County's interest in reasonably assuring appearance at hearings and trial and the lack of new criminal activity.

(3) The County must use an affidavit or declaration to timely gather information about each arrestee's ability to pay a prescheduled amount of secured money bail or to pay another amount of secured money bail. The county may use either the form of the affidavit currently used to determine eligibility for appointed counsel or the adapted form that was prepared for Pretrial Services for use by July 1, 2017. The affidavit or declaration must be in a language and presented in a way that each arrestee is able to read or otherwise understand.

(4) The County must explain to each misdemeanor arrestee the nature and significance of the affidavit or declaration of financial condition, the process used to determine whether secured or unsecured money bail will be required, and, if so, in what amount. The explanation must specifically include that the affidavit or declaration of financial condition will be used to assess alternatives to imposing secured money bail or other financial conditions of release. The purpose of the explanation is to provide the notice that due process requires: that the misdemeanor arrestee's constitutionally protected state-created constitutional right to be bailable by sufficient sureties is at stake. The disclaimer must be in a language and presented in a way each arrestee is able to read or understand.

- The affidavit or declaration must permit the arrestee to declare under penalty of perjury, after the significance of the information has been explained, the maximum amount of financial security the arrestee would be able to post or pay up front within 24 hours of arrest. The affidavit or declaration must ask each misdemeanor arrestee to provide enough details and information about his or her financial situation to allow the County to make timely and reliable determinations as to whether the prescheduled or a lower amount of secured financial condition of pretrial release is needed to provide sufficient sureties.

- The question is neither each misdemeanor arrestee's immediate ability to pay with cash on hand, nor what assets the arrestee could eventually produce after a period of pretrial detention. The question is what amount the arrestee could reasonably pay within 24 hours of his or her arrest, from any source, including the contributions of family and friends. If a commercial surety will put up the principal of the bond on behalf of an arrestee for a 10 percent premium, the secured condition of release may be no more than 10 times the amount declared on the affidavit or declaration of financial condition.

- The purpose of this requirement is to provide those determining and setting the conditions of release for each misdemeanor arrestee a better, easier, and faster way to get the information needed to determine each misdemeanor defendant's ability to pay. The Hearing Officers and County Judges testified that they presently do not know who has the ability to pay. The affidavit or declaration is to be completed within 24 hours of each arrest.

- The completed affidavit or declaration for each misdemeanor arrestee must be delivered to the Harris County Sheriff's Office before each affiant's or declarant's individualized hearing in accordance with Section (6).

(5) Misdemeanor arrestees who: (a) are not subject to formal holds, such as a federal immigration detainer or an outstanding warrant from another county or municipal authority; (b) who are not subject to a pending finding of mental competency; and (c) who are not subject to family-violence detention procedures governed by Texas Code of Criminal Procedure Articles 17.152–153, have a constitutionally protected state-created liberty interest in being bailable by sufficient sureties before trial.

(6) All misdemeanor arrestees in the custody of Harris County:

- who have been deemed eligible for release at a live (including videolink) probable cause and bail-setting hearing (that is, those who are not subject to formal holds, such as a federal immigration detainer or an outstanding warrant from another county or municipal authority; who are not subject to a pending finding of mental competency; and who are not subject to family violence detention procedures governed by Texas Code of Criminal Procedure Articles 17.152–153);

- who have executed an affidavit or declaration of financial condition in accordance with Section (3) showing an inability to pay the prescheduled or other secured financial conditions of release; and

- who have not been granted release by a Hearing Officer either: (1) on an unsecured personal bond with nonfinancial conditions of release; or (2) on a secured money bond for which the defendant could pay a commercial surety's premium, as indicated on the affidavit or declaration,

are entitled to a hearing within 48 hours of arrest.

- In this hearing, an impartial decisionmaker must conduct an individual assessment of whether the prescheduled or other amount of secured money bail, or other financial condition of release, is needed and adequate to provide sufficient sureties or whether nonfinancial conditions of release will reasonably assure appearance and public safety.

- Detention is not mandatory. The decisionmaker may decide that release prior to an individualized hearing is appropriate.

- The purpose of this requirement is to provide each misdemeanor arrestee timely protection for the state-created liberty interest in being bailable by sufficient sureties and to prevent the automatic imposition of prescheduled or other secured money bail unless each misdemeanor arrestee has received adequate process to ensure individualized consideration of whether any secured financial condition of release is needed to provide sufficient sureties.

- The County must continue providing public defenders to represent misdemeanor defendants who have not knowingly, intelligently, and voluntarily waived their right to representation for the hearing.

- At the hearing, each misdemeanor arrestee's or the arrestee's counsel must have the opportunity to present evidence and make arguments concerning the arrestee's ability to afford the prescheduled or other secured financial condition of release, to respond to any evidence presented, and to respond to any argument made by the prosecution or by law enforcement.

- If the decisionmaker declines to lower secured bail from the prescheduled amount to an amount the arrestee is able to pay, or to impose alternative conditions of release, including an unsecured personal bond with nonfinancial conditions of release, then the decisionmaker must either provide written factual findings or state the factual findings on the record explaining the reasons for the decisions, and the County must timely provide that arrestee with a formal adversarial bail review hearing before a County Judge.

- The factual findings must state either: (1) that the arrestee has the ability to pay the prescheduled or other secured financial condition of release within 24 hours of arrest, or (2) that alternative conditions of release were considered, that no less-restrictive condition or combination of conditions could reasonably assure appearance and public safety, and that imposing the prescheduled or other secured financial condition of release is necessary to satisfy the government's interests.

- The Harris County Sheriff is enjoined from enforcing any order requiring payment of secured prescheduled bail amounts or other financial conditions of release for misdemeanor arrestees if the order is not accompanied by a record adequate to show showing that the Hearing Officer provided the required individual assessment and that there was an opportunity for formal review.

- All nonfinancial conditions of release ordered by the Hearing Officers,

including protective orders, drug testing, alcohol-intake ignition locks, or GPS monitoring, will remain in effect.

(7) All misdemeanor arrestees in the custody of Harris County:

- who have been deemed eligible for release at a live (including videolink) probable cause and bail-setting hearing (that is, those who are not subject to formal holds, such as a federal immigration detainer or an outstanding warrant from another county or municipal authority; who are not subject to a pending finding of mental competency; and who are not subject to family violence detention procedures governed by Texas Code of Criminal Procedure Articles 17.152–153);

- who have executed an affidavit or declaration of financial condition in accordance with Section (3) showing an inability to pay the prescheduled or other secured financial conditions of release;

- who have not been granted release by a Hearing Officer either: (1) on an unsecured personal bond with nonfinancial conditions of release; or (2) on a secured money bond for which the defendant could pay a commercial surety's premium, as indicated on the affidavit or declaration;

- who are awaiting an hearing in accordance with Section (6) within 48 hours of arrest; and

- who are entitled to a presumption of a personal bond under the initial bail schedule,

must be released either: (a) after paying a prescheduled or other secured bail amount; or (b) on a personal bond with nonfinancial conditions of release, until their hearing under Section (6).

- The purpose of this requirement is to address and prevent the problem of misdemeanor arrestees who will presumptively be released on a secured bond from being detained longer than those able to pay secured money bail while awaiting their constitutionally protected hearing under Section (6).

(8) All misdemeanor arrestees in the custody of Harris County:

- who are not subject to formal holds, such as a federal immigration detainer or an outstanding warrant from another county or municipal authority; who are not subject to a pending finding of mental competency; and who are not subject to family violence detention procedures governed by Texas Code of Criminal Procedure Articles 17.152–153, and

5

- who have not appeared at a live (including videolink) probable-cause and bail-setting hearing within 48 hours of arrest

must promptly be released by the Harris County Sheriff on an unsecured personal bond.

- By "promptly," this court means on the same time frame of release that a misdemeanor arrestee who is able to pay a secured money bail would receive. Verification of references must not delay release under this Order.

- If the City of Houston Police Department has detained a misdemeanor arrestee for more than 48 hours after arrest, the Sheriff must promptly release that arrestee on unsecured or nonfinancial conditions when the Sheriff takes custody of that arrestee. That is, the Sheriff must release the arrestee on the same time frame as if the arrestee paid a secured bond amount when the Sheriff took custody of the arrestee.

(9) The County must implement procedures to ensure the release of each misdemeanor arrestee who is eligible for release by the 48th hour. The bail amount set by Assistant District Attorneys according to the County Judges' bail schedule will remain the bail required of the misdemeanor defendant, but the Sheriff must require it on an unsecured, rather than a secured, basis. In absentia hearings "on the papers" will not satisfy this Section's 48-hour requirement.

(10) To enforce the 48-hour time limit, the County must make a weekly report to this court of any misdemeanor arrestee identified above for whom a timely individual assessment has not been held. The County must also promptly notify the arrestee's counsel, designated individual, or next of kin, of the delay. A pattern of delays may warrant further relief from this court.

- Because this court recognizes that the County might need additional time to comply with this requirement, the County may propose a reasonable timeline for doing so. After a reasonable period of time, the County may move the court to authorize monthly reports in lieu of weekly reports.

- The purpose of this requirement is to give timely protection to the state-created liberty interest in being bailable by sufficient sureties by enforcing federal standards that establish 48 hours as a reasonable timeframe for completing the administrative incidents to arrest. The 48-hour requirement is intended to address and prevent the endemic problem of misdemeanor arrestees being detained longer than those able to pay secured money bail, which can last until case disposition, or can pressure misdemeanor arrestees to plead guilty to secure faster release from pretrial detention.

(11) All misdemeanor arrestees in the custody of Harris County:

- who are subject to formal holds, and

- who have executed an affidavit or declaration of financial condition in accordance with Section (3) showing an inability to pay the prescheduled financial condition of release,

must be deemed by the Harris County Sheriff to have satisfied their bond conditions for purposes of the hold at the earlier of: (1) their live (including videolink) probable cause and bail-setting hearing; or (2) 24 hours after arrest. The limitations period and the deadline on holds begins to run from the time the Sheriff deems the bond conditions satisfied.

- The purpose of this requirement is to ensure that misdemeanor arrestees are not prevented from, or delayed in, addressing their holds because they are indigent and therefore cannot pay a prescheduled or other secured financial condition of release.

(12) Misdemeanor arrestees in the custody of Harris County who, after being informed of the purpose of the affidavit or declaration of financial condition under Section (3), nevertheless refuse to execute the affidavit or declaration, are not covered by the relief this court orders.

(13) Misdemeanor arrestees in the custody of Harris County, who do not appear mentally competent to execute an affidavit or declaration of financial condition in accordance with Section (3), may be evaluated under the procedures governed by Texas Code of Criminal Procedure Article 16.22. If competence is found, the misdemeanor arrestee is covered by the relief this court orders, with the exception that the 48-hour deadline begins to run from the finding of competence rather than from the time of arrest. As under Article 16.22, nothing in this order prevents a misdemeanor arrestee from being released on secured bail or unsecured personal bond pending the evaluation.

(14) If a misdemeanor arrestee appears before a County Judge at a Next Business Day Setting under County Rules of Court Rule 4.3.1, instead of a probable cause hearing before a Hearing Officer, the same procedures for release will apply as to hearings before a Hearing Officer under Sections (6) and (8) of this Order.

(15) This Order applies to misdemeanor arrestees who are rearrested on misdemeanor charges only or on warrants for failing to appear while released before trial on bond (either secured or unsecured).

(16) The County Judges need not amend the County Rules of Court as written. If they choose to amend the County Rules of Court, they must not create or implement rules or policies that conflict with this Order. The County Judges must not promulgate or implement any policy, written or unwritten, that permits the setting of secured

      financial conditions that operate to detain, rather than release, indigent misdemeanor arrestees before trial, or that otherwise conflict with this Order.

(17)    This court does not order relief against the Hearing Officers or against the County Judges in their judicial capacities, but rather does so in their rulemaking capacities.

This Order will take effect in 30 days, on July XX, 2018. Before that date, Harris County and the Harris County Sheriff must deliver a copy of this Order to all Harris County Pretrial Services personnel; all jail supervisors and booking personnel employed by the Harris County Sheriff; the Harris County District Attorney; and the Harris County Chief Public Defender.

This Order expires on entry of final judgment in this case, unless this court orders otherwise. Any party may seek modification of this Order by written motion served on all parties and counsel and on a showing of good cause.

      SIGNED on June 18, 2018, at Houston, Texas.

                                                DRAFT ONLY

                                                _____
                                                    Lee H. Rosenthal
                                           Chief United States District Judge