**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

_____

| | | |
|---|---|---|
| | ) | |
| MARANDA LYNN ODONNELL, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | No. 4:16-CV-01414 |
| vs. | ) | (Consolidated Class Action) |
| | ) | Honorable Lee H. Rosenthal |
| HARRIS COUNTY, TEXAS, et al., | ) | U.S. District Judge |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

**DEFENDANTS FOURTEEN JUDGES, HARRIS COUNTY, AND HEARING**
**OFFICERS' BRIEF IN SUPPORT OF THEIR PROPOSED SCHEDULING ORDER**

Defendants Judges of Harris County Criminal Courts at Law 1–13 and 15, Harris County, and the Hearing Officers (collectively, "Defendants") respectfully submit this brief in support of their proposed scheduling order (attached as Exhibit A). Part I of this brief addresses the schedule for discovery and a merits trial. Part II addresses the summary judgment briefing schedule.

**I.    Schedule for Discovery and Merits Trial**

Defendants recognize that the Court suggested at the status conference last week that trial on Plaintiffs' claims for permanent injunctive relief should take place during the Fall of 2018. Nevertheless, for the reasons stated below, we respectfully submit that a trial should not take place until a record is developed that reflects the _new_ reformed bail system, as opposed to the bail system in place prior to entry of the 2017 preliminary injunction or the bail system imposed by this Court's 2017 preliminary injunction. The process of developing that record cannot begin until, at the earliest, after the current preliminary injunction is vacated, and we respectfully submit that a minimum of six months operation under the reformed system is necessary to develop an adequate record. With a reasonable period for expert analysis of the data generated by operation of the

revised system, the preparation of expert reports, and expert discovery, trial can reasonably be scheduled for next March.

Wholly apart from the need for experience under the reformed system, we respectfully submit that it is not reasonable to prepare for and conduct a trial on the merits of Plaintiffs' claims for permanent injunctive relief in September, as Plaintiffs propose. Given the complexity of the issues and the need for extensive expert analysis and discovery, three months is simply not enough time. And given that the County will be operating under a preliminary injunction, holding a trial after a reasonable time for discovery and trial preparation will not prejudice Plaintiffs.

*First*, as this Court has recognized, Plaintiffs filed this suit when Harris County was on the cusp of implementing a host of changes to its pretrial bail system. Among these changes are the following:

- **Harris County has adopted the Laura and John Arnold Foundation Public Safety Assessment ("the Arnold Tool"), a nationally validated risk-assessment tool, and it has implemented a new bail schedule based on the Arnold Tool.** The Arnold Tool and new bail schedule allow Pretrial Services officers to better identify, and judicial officers to better evaluate, which arrestees should be released on personal bond shortly after arrest. The new bail schedule even identifies a number of arrestees who are presumptively entitled to release on personal bond. *See* Memorandum and Opinion Setting Out Findings of Fact and Conclusions of Law 117–19 (Apr. 28, 2017), Doc. 302 ("PI Mem.").

- **Harris County has implemented a program that provides arrestees with counsel even at their probable cause and bail hearings before Hearing Officers.** The presence of public defenders at these early hearings helps ensure that arrestees are able to request release on personal bond or secured money bail they can afford, and it helps ensure that Hearing Officers consider all arguments in support of the arrestees' request for a particular bail amount or type. *See* PI Mem. at 122.

- **In August, Harris County will open a new joint processing center with the City of Houston that promises to substantially shorten the time between when arrestees are arrested and when they appear before a Hearing Officer.** *See* PI Mem. at 121–22. Once the new joint processing center comes online, Harris County's process for bringing many arrestees before Hearing Officers—and the time for arrestees to appear before Hearing Officers—should be quicker than the process before the complaint was filed. Moreover, the new infrastructure is anticipated to expedite both booking and release. And Houston Police Department arrestees will now be brought directly to the new processing center.

- **Harris County has greatly expanded its "early presentment" policy.** This Court found during the preliminary injunction phase that "early presentments are rare." PI Mem. at 61. However, since this Court entered the preliminary injunction, Harris County has greatly expanded the number of arrestees who receive early presentment, generally allowing arrestees who are presumptively entitled to a personal bond under the new bail schedule to be eligible for early presentment.

- **Harris County and the County Judges have adopted the procedural protections required by the model injunction set out in the Fifth Circuit's opinion to the extent possible under this Court's injunction and will fully adopt these procedures if possible under the revised injunction.**

Defendants expect that these reforms will have a significant—and significantly positive—effect on the pretrial bail system in Harris County. They will permit Harris County and the judicial officers to better identify and evaluate those arrestees eligible for pretrial release on personal bond, to better ensure Hearing Officers and County Judges have before them the necessary information and argument to make bail decisions, and to more quickly present arrestees who are not released via early presentment before magistrates for individualized assessment.

During the past year, the bail system has been operating under this Court's April 2017 preliminary injunction, which requires the release within 24 hours of almost all arrestees who cannot afford secured money bail. Accordingly, Harris County has never operated under a system that includes the new reforms but does not also require release of arrestees within 24 hours of arrest. While Defendants have attempted to apply the Arnold Tool and the new bail schedule during the period in which the preliminary injunction has been in effect, application of these reforms has necessarily been skewed, both by the truncated 24-hour limitation imposed by the preliminary injunction and by the reality that regardless of the decision made by the Hearing Officer, the arrestee would be released at the 24-hour mark pursuant to the Court's order. Under the new timetable outlined by the Fifth Circuit, there will be sufficient time for those arrestees who are not released via early presentment to receive an individualized hearing and for the Sheriff to initiate the release process following that hearing, with arrestees leaving the jail before (and sometimes

well before) the 48-hour mark. As the Fifth Circuit emphasized, the 24-hour requirement imposed a "heavy administrative burden," the County often could not meet the analogous state law requirement for determination of probable cause, and "[i]mposing the same requirement for bail would only exacerbate such issues." *ODonnell v. Harris County*, 2018 WL 2465481, at *8 (5th Cir. June 1, 2018). Similarly, the impact of the public defenders has been circumscribed and obscured by the limited 24-hour period before virtually all arrestees are automatically entitled to pretrial release. Moreover, the new inmate processing center has not yet been opened, and all of the procedural protections required by the Fifth Circuit are not yet in place. If this Court adopts a new preliminary injunction that does not deviate substantively from the Fifth Circuit's model injunction, Harris County and the County Judges will begin operating the bail system that would be in effect absent permanent injunctive relief. We respectfully submit that the Court cannot assess the constitutionality of *that* system without a record demonstrating how it operates.

*Second*, the facts on which the Court based its preliminary injunction cannot provide the basis for Plaintiffs' requested relief. Where, as here, the current system differs from the system that was in place at the time the complaint was filed, it is settled that courts must evaluate the constitutionality of the system currently in place, not the older, now-defunct system. In *Pugh v. Rainwater*, 572 F.2d 1053, 1058 (5th Cir. 1978) (en banc), the Fifth Circuit held that a "record before the Court contain[ing] only evidence of practices under criminal procedures which predate the adoption of the current Florida rule" could not support the entry of injunctive relief. The Court explained that any attack on the previous practices was moot, and "adjudication of the merits of a constitutional challenge addressed to [the new rule] should await presentation of a proper record reflecting application [of the new rule] by the courts of the State of Florida." *Id*. at 1058–59. The "proper record" required by *Rainwater* cannot be developed and presented until the County has

- 4 -

the opportunity to operate under the reformed bail system. This Court's new preliminary injunction likely will not take effect until sometime in July or August, or only about two months before trial could commence under Plaintiffs' proposal.[1]

*Third*, even apart from the fact that there currently exists no evidence regarding how the current bail system will operate in the absence of this Court's injunction, Plaintiffs have made clear that they will seek during the permanent injunction trial an injunction that will significantly alter the Harris County bail system. Plaintiffs apparently intend to seek an injunction that will require the near-immediate release of most misdemeanor arrestees, and that will additionally require strict scrutiny before the County may impose, for a small number of arrestees, secured money bail in excess of what the arrestee can afford. They further apparently intend to rest their case for this far-reaching injunctive relief based on an analysis of the effects secured money bail has on failure-to-appear rates and public safety. And this relief, of course, will have substantial effects on the administration of justice in Harris County, and would replace the democratic will of Texas and Harris County voters with the decision of a federal court.

Defendants must be afforded an adequate opportunity to conduct discovery and prepare for trial on Plaintiffs' far-reaching requested injunction. A trial in September or October, as Plaintiffs have requested, would require the parties to conduct both fact and expert discovery, and prepare for trial, as well as brief and argue Plaintiffs' pending summary judgment motion and their own cross-motion, in 90 to 120 days. In counsel's experience, this is a far more compressed timeframe than that followed in the mine-run of federal cases, and the factual and legal questions presented

---

[1] Moreover, as the Fifth Circuit recognized, it will take the County some "additional time to comply" with the proposed injunction's reporting requirement, *see ODonnell*, 2018 WL 2465481, at *12, because it will require certain adjustments and changes to the County's data tracking and reporting mechanisms.

in this case and the far-reaching relief that Plaintiffs seek are far more complex than those arising in a mine-run case. Even setting aside counsel's obligations in other pending cases, three or four months is not sufficient for Defendants to adequately prepare for trial. Significant preparation could not reasonably have begun until this time, both because the parties do not yet know what the system will look like under the revised preliminary injunction and because the parties have been devoting significant resources to conducting the preliminary injunction hearing, appealing that injunction, briefing a number of related issues in both this Court and the Fifth Circuit, and complying with ongoing discovery obligations.

## II.     Summary Judgment Briefing Schedule

Defendants and Plaintiffs have agreed to a briefing schedule for pretrial summary judgment motions. On June 8, 2018, Plaintiffs filed a Motion and Memorandum in Support of Motion for Partial Summary Judgment, Doc. 400. In the ordinary course, this motion would be submitted for this Court's consideration within 21 days of its filing, i.e., on June 29, 2018. *See* Local Rule 7.3. Defendants (with Plaintiffs' consent) respectfully request what is effectively a seven-day extension of time, to July 6, 2018, both to respond to Plaintiffs' motion and to file their own cross-motion for summary judgment. Defendants and Plaintiffs propose that Plaintiffs then have until August 3, 2018, to respond to Defendants' motion for summary judgment and to reply in support of their own motion, and that Defendants have until August 17, 2018, to reply in support of their motion. We respectfully submit that this timeframe is reasonable in light of their other pressing deadlines in this case, which included preparing for last week's status conference, and reviewing and commenting on the Court's draft revised preliminary injunction. Plaintiffs do not object to this briefing schedule for the summary judgment motions.

## CONCLUSION

For the foregoing reasons, we respectfully submit that the Court should enter the proposed scheduling order attached as Exhibit A.

Date: June 21, 2018

Respectfully submitted,

*/s/ Charles J. Cooper*
Charles J. Cooper
District of Columbia Bar No. 248070
ccooper@cooperkirk.com
Michael W. Kirk
District of Columbia Bar No. 424648
William C. Marra
District of Columbia Bar No. 1019098
COOPER & KIRK, PLLC
1523 New Hampshire Ave., NW
Washington, D.C. 20036
Telephone: (202) 220-9600

*/s/ Sheryl A. Falk*
Sheryl A. Falk
Attorney-in-Charge
Texas State Bar No. 06795350
sfalk@winston.com
Robert L. Green
Texas State Bar No. 24087625
Corinne Stone
Texas State Bar No. 24102541
WINSTON & STRAWN LLP
1111 Louisiana St., 25th Floor
Houston, TX 77002
Telephone: (713) 651-2600

*Counsel for Defendants Fourteen Judges of Harris County Criminal Courts at Law*

**Office of the Harris County Att'y**

*/s/* Melissa Spinks
Melissa Spinks
Texas Bar No. 24029431
1019 Congress, 15th Floor
Houston, Texas 77002
Tel: 713-274-5101
melissa.spinks@cao.hctx.net

HUSCH BLACKWELL LLP

*/s/ Mike Stafford*
Mike Stafford
State Bar No. 18996970
Katharine D. David
State Bar No. 24045749
Philip J. Morgan
State Bar No. 24069008
Benjamin Stephens
State Bar No. 24098472
1800 Bering Drive, Suite 750
Houston, Texas 77057
Phone: (713) 647-6800
mike.stafford@huschblackwell.com
kate.david@huschblackwell.com
phil.morgan@huschblackwell.com
ben.stephens@huschbalckwell.com

*Counsel for Harris County, Texas, Eric Stewart Hagstette, Joseph Licata III, Ronald Nicholas, Blanca Estela Villagomez, and Jill Wallace*

**CERTIFICATE OF SERVICE**

I hereby certify that on June 21, 2018, I electronically filed the foregoing document with the Clerk of Court through the CM/ECF system for service this day via transmission of Notice of Electronic Filing generated by ECF to all counsel of record.

/s/ Charles J. Cooper
Charles J. Cooper