IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| MARANDA LYNN ODONNELL, et al. ) | |
| Plaintiffs, ) | |
| v. ) | Case No. 16-cv-01414 |
| HARRIS COUNTY, TEXAS, et al. ) | (Consolidated Class Action) |
| ) | The Honorable Lee H. Rosenthal |
| Defendants. ) | U.S. District Judge |

### Harris County and the Hearing Officers' Response to the Court's Tentative Preliminary Injunction

On June 18, 2018, this Court issued a Memorandum and Opinion accompanied by a Tentative Preliminary Injunction. (ECF No. 414.) The Court invited comment on significant substantive issues. Harris County and the Hearing Officers incorporate the comments and objections set forth by Defendant Judges 1-13 and 15. In addition, Harris County and the Hearing Officers offer the following comments:

**A. Only one hearing is required within 48-hours of arrest.**

After conferring with the parties, Harris County does not anticipate that this will be a controversial point: The Fifth Circuit required only one hearing within 48-hours of arrest. The Fifth Circuit found that "the district court's 24-hour requirement is too strict under federal constitutional standards," and, following the reasoning of *County of Riverside v. McLaughlin*, 500 U.S. 44 (1991), held "that the federal due process right entitles detainees to a hearing within 48 hours." *ODonnell v. Harris Cnty., Tex.*, No. 17-20333, 2018 WL 2465481, at *8 (5th Cir. June 1, 2018).

The hearings before the Hearing Officer that the Court evaluated during the preliminary injunction have undergone dramatic changes and now provide significantly more procedural safeguards—*more* than the Fifth Circuit required. This first appearance before the Hearing Officer, generally occurring within 24-hours of arrest (with new the outside window being 48-hours per the Fifth Circuit), now satisfies the standard for the "individualized assessment" of bail.

The most notable change is the addition of a public defender. To be clear, the Fifth Circuit did not require that counsel be present at the initial bail setting. Nor does the Sixth Amendment require counsel at these hearings. Nevertheless, Harris County, going beyond what the law requires, provides public defenders at this very early stage. The presence of the public defender alleviates the tension between allowing the accused to present argument to the Hearing Officer and risking self-incrimination in a recorded proceeding. Now the public defender can speak for, and advocate on behalf of, the accused.

In addition, a financial affidavit is available to all arrestees who wish to execute it. The Fifth Circuit discussed that an infirmity with the old system was that "the Hearing Officer and County Judges . . . [did not] know who has the ability to pay."*ODonnell*, 2018 2465481 at *12. The affidavit remedies this issue. The accused, fully informed of the significance of the affidavit, now has the ability to provide sworn financial information shortly after booking for the Hearing Officers' and County Criminal Court at Law Judges' consideration.

Next, Pretrial Services has greatly expanded the early presentment process. At the time of the preliminary injunction, this program was only in place at few outlying jails. The early presentment process now applies to virtually all misdemeanor arrestees countywide who are identified as "presumptive PB" under the current bail schedule. This group of people is

considered by a Hearing Officer for a personal bond before the 15.17 hearing. Ironically, the decision to identify some misdemeanor arrestees as "presumptive PB" so that this group can be evaluated by a judicial officer for expeditious release, which is a significant benefit to many, is the only aspect of the pretrial system that Plaintiffs now claim is unconstitutional. As discussed below, Plaintiffs are ultimately incorrect that the process as it currently exists is unconstitutional.

In sum, various stakeholders have revamped the 15.17 hearing since the preliminary injunction hearing and it now unquestionably qualifies as the "individualized assessment" of bail that is required to occur within 48-hours of arrest. Harris County does not understand anything in the Fifth Circuit opinion or the Court's Tentative Injunction to require two separate hearings. In other words, so long as Harris County provides the accused with an "individualized assessment" of bail within 48-hours of arrest, it is complying with the United States Constitution.

But Paragraphs (6) and (7) of the Court's Tentative Injunction discuss a "probable cause and bail-setting hearing" and a "hearing within 48-hours of arrest." (ECF No. 414.) It is unclear whether the Court is requiring two hearings. Two hearings in this compressed period would unduly strain the system and be counterproductive because it would likely slow down release for most arrestees. The Fifth Circuit discussed the "heavy administrative burden of a 24-hour requirement" to bring the accused before a Hearing Officer, which is why the Fifth Circuit expanded the period to 48-hours. *See ODonnell*, 2018 WL 2465481 at *8. Requiring two hearings within 48-hours would only serve to increase the administrative burden.

After conferring with all the parties, Harris County believes that no party contends that two hearings are necessary within 48-hours (assuming that the first hearing meets the requirements of an "individualized assessment of bail"). To the extent that the Court is requiring

two hearings, such a requirement is inconsistent both with the letter of the Fifth Circuit's opinion, which required only one hearing with 48-hours, as well as the Fifth Circuit's reasoning.

## B. The Fifth Circuit expressly found that no right to be free from "any form of wealth-based detention" exists—Plaintiffs' request for automatic release conflicts with the Fifth Circuit's order.

Based on the conference with counsel, Harris County anticipates that the Plaintiffs will re-urge that those arrestees identified as "presumptive PB" on the bail schedule must be *automatically* released—a notion this Court called "troublesome."[1] The Fifth Circuit found that this court's preliminary injunction was overbroad because "it amounts to the outright elimination of secured bail for indigent misdemeanor arrestees." *See ODonnell*, 2018 WL 2465481 at *11. The court commented that such a finding would **only** make sense "if one assumes a fundamental substantive due process right to be free from any form of wealth-based detention." *Id.* The court then concluded by noting: "no such right is in view." *Id.*

The legal merits of Plaintiffs' theory are beyond the scope of this brief. It suffices to say that the automatic release of some arrestees is plainly inconsistent with the Fifth Circuit's order and settled law. *See Preiser v. Rodrigeuz,* 411 U.S. 475 (1973). It belies logic to argue that the initial preliminary injunction was overbroad and legally unsound because it mandated the release of all arrestees, but an injunction mandating release of "most" arrestees would not be as equally overbroad. Yet that is precisely Plaintiffs' argument.

---

[1] Mr. Karakatsanis: Well, my proposal is that you could say to the person, 'You're free to pay $500,' just like the judges have been . . . or 'If you can't afford or don't want to pay the $500, you have to agree to the standard conditions, and here are the conditions of your release,' and they could require them as a matter of the bail schedule. There is nothing about their local that requires—

The Court: You have converted the presumption into a right, in effect, and that's troublesome.

*See* Trans., June 14, 2018 Status Conference, 31:1–10.

Furthermore, the bail schedule has never been a central issue in this case. At the motion to dismiss stage this Court noted "the facial validity of the bail schedule or the amounts of bail is not what the plaintiffs challenge." *See ODonnell v. Harris Cnty., Tex.*, 227 F. Supp. 3d 706, 750 (S.D. Tex. 2016); *see also ODonnell v. Harris Cnty., Tex.*, 481 F. Supp. 2d at 1142 (noting at the preliminary injunction stage that "[t]he plaintiffs here do not challenge the bail schedules as per se unconstitutional."). Plaintiffs, however, are now complaining of the facial validity of the bail schedule; they are effectively making new arguments.

If this Court were to require release of groups of people, the Court would be granting relief outside of the scope of Plaintiffs' request for preliminary injunction. Had this Court's preliminary injunction invalidated bail schedules altogether that issue would have been appealed and properly ruled upon. But the Fifth Circuit did not pass on the constitutionality of bail schedules because that question was not before them. And nothing in the Fifth Circuit's opinion can be construed as condemning bail schedules. Because the Fifth Circuit did not find bond schedules impermissible, this Court should not award preliminary injunctive relief that effectively does so.

Moreover, bail schedules are constitutional. *See Terrell v. City of El Paso*, 481 F. Supp. 2d 757, 766–67 (W.D. Tex. 2007) ("[d]espite the broad use of bond schedules across the country, the Court has not been able to find any opinions since *Ackies* finding the use of bond schedules unconstitutional."); *Woods v. City of Michigan City, Ind.*, 940 F.2d 275, 285 (7th Cir. 1991) ("Setting bail from a master bond schedule is not unconstitutional per se."). The Fifth Circuit was clear that all the law requires is that a person be afforded an individualized assessment of bail within 48-hours of arrest. Nothing in the Fifth Circuit opinion implies that *prior to* the individualized assessment a jurisdiction cannot allow a person who has the means to post what

the courts have deemed a sufficient financial security to ensure appearance (i.e., sufficient surety) via a bail schedule. *See, e.g.*, *Cnty. of Riverside*, 500 U.S. at 58 (discussing the flexibility that localities must have in implementing the broad constitutional pronouncement that probable cause hearings must occur within 48-hours after arrest).

### C. **Harris County objects to requiring the Sheriff to release arrestees.**

The Fifth Circuit's proposed order specifically did not enjoin the Sheriff from enforcing judicial orders on bail. Rather, the Fifth Circuit, after first recognizing that the Sheriff is "legally obligated to execute all lawful process and cannot release prisoners committed to jail by a magistrate's warrant," *see ODonnell*, 2018 WL 2465481 at *4, set forth an model injunction stating: "The Harris County Sheriff is therefore **authorized** to decline to enforce orders requiring payment of prescheduled bail amounts as a condition of release . . . if the orders are not accompanied by a record showing that the required individual assessment was made any an opportunity for formal review was provided." *Id.* at *12. The Fifth Circuit was careful to use the word "authorize"—the Fifth Circuit did not "require" the Sheriff to release people.

The Court's Tentative Injunction as to the Sheriff is inconsistent with the Fifth Circuit's opinion and analysis on this point. Harris County proposes the following change to Section (6):

- The Harris County Sheriff is ~~enjoined from enforcing~~ <u>authorized to decline to enforce</u> any order requiring payment of secured prescheduled bail amounts.

In addition, because the Fifth Circuit required that the individualized assessment of bail occur no later than 48-hours after arrest, for consistency, Section (11) should be amended as follows:

- Must be deemed by the Harris County Sheriff to have satisfied their bond conditions for purposes of the hold at the earlier of: (1) their ~~live (including videolink) probable cause and bail setting hearing~~ <u>individualized assessment of bail</u>; or (2) ~~24~~ <u>48</u> hours after arrest.

**D. Harris County requests an exception for people who, for medical reasons, cannot be physically present at the 48-hour hearing.**

Paragraph (5) of the Court's orders identifies all the arrestees who have a "state-created liberty interest in being bailable by sufficient sureties before trial." No exception is made for those people who are in the hospital or suffering some other medical emergency. Paragraph (6) then states that "all misdemeanor arrestees in the custody of Harris County" are entitled to enumerated procedural protections. But a person who is suffering a medical condition or is in the hospital cannot be brought before a Hearing Officer. Harris County requests an exception to the Court's order for the 48-hour hearing requirement for people who are suffering a medical condition or who have other similar, exigent reasons why they physically cannot be brought to the Hearing Officer.

**E. Harris County requests that the Court take into consideration that the Joint Processing Center is opening August 18, 2018.**

To the extent that the Court agrees that only one hearing is required within 48-hours, then it will be possible to implement the substance of the injunction (i.e., an individualized assessment of bail within 48-hours of arrest) without any delay. In fact, as noted above, this is already occurring.

If, however, the Court is in fact requiring two hearings within 48-hours—which would require major operational changes (and which no party contends is required or even feasible)—Harris County would request that the Court delay implementation of the Court's injunction until August 18, 2018, when the Joint Processing Center opens. Otherwise, Harris County is going to be required to make significant operational changes in late July or early August to implement the Court's Tentative Injunction, to only then make another set of major operational changes with opening the Joint Processing Center. Harris County proposes that the Court's current injunction

would remain in effect through the opening of the Joint Processing Center. After conferring, no party objected to this modification (if even necessary). Even the Plaintiffs have recognized that multiple changes to a complex criminal justice system would be disruptive and should be avoided. (*See* ECF No. 389) (arguing that no new injunction should issue until all appellate proceedings have concluded because that could "result in an interim revised preliminary injunction subject to further revisions" and "such a process would disrupt the post-arrest system"); (*see also* ECF No. 392) (granting Plaintiffs' motion to continue). To be clear, this request to delay implementation of the substance of the injunction**only** applies if this Court is going to require two hearings within 48-hours of arrest.

Finally, Harris County requests that the *reporting requirement only* not start until the Joint Processing Center opens August 18, 2018, which is about two weeks after the effective date of the Court's injunction. Numerous systems and data processes are changing with the opening of the Joint Processing Center. For example, the Sheriff's Office will be shifting to a new data system. County data and IT resources are going to be devoted to getting these new critical systems online and ensuring that these new systems integrate with other county data systems. It will be unduly burdensome to write data programs for old systems for only two weeks of reporting. The benefit, however, is that these new systems should provide for better data reporting going forward.

**F. Section 13 is not consistent with Texas law.**

Section 13 discusses "competency" under article 16.22 of the Texas Code of Criminal Procedure. "Competency" has a very specific legal definition. Article 16.22 is broader than just "competency" in that it concerns "mental illness or intellectual disability." The spirit of Section 13 is to exempt those persons who, for whatever reason (i.e., mental illness, mental competency,

or intellectual disability), cannot complete the affidavit or meaningfully participate in the bail setting process. Therefore, Harris County requests a small revision to Section 13 that more accurately reflects article 16.22 and the goal of that Section:

- Misdemeanor arrestees in the custody of Harris County, who do not appear mentally ~~competent~~ <u>able to understand or</u> to execute an affidavit or declaration of financial condition in accordance with Section (3), may be evaluated under the procedures governed by Texas Code of Criminal Procedure Article 16.22. If <u>no issue of mental</u> competence <u>or intellectual disability</u> is found, the misdemeanor arrestee is covered by the relief this court orders, with the exception that the 48-hour deadline begins to run from the finding of <u>sufficient mental</u> competence <u>or intellectual ability to execute the affidavit or meaningfully participate in the bail setting process</u> rather than from the time of arrest. As under Article 16.22, nothing in this order prevents a misdemeanor arrestee from being released on secured bail or unsecured personal bond pending the evaluation.

**G. Harris County and the Hearing Officers incorporate the objections of Judges 1-13 and 15.**

Harris County and the Hearing Officers incorporate and join in the objections of Judges 1-13 and 15 as if fully set forth herein.

## Conclusion

Harris County and the Hearing Officers maintain that their proposed injunction should be entered. (ECF No. 403.) However, to the extent the Court deviates from that injunction, per the Court's invitation, Harris County and the Hearing Officers have provided their substantive objections and comments.

Respectfully submitted:

**HUSCH BLACKWELL LLP**

By: */s/ Mike Stafford*
  Mike Stafford
  State Bar No. 18996970
  Katharine D. David
  State Bar No. 24045749
  Philip J. Morgan
  State Bar No. 24069008
  Benjamin Stephens
  State Bar No. 24098472
  1800 Bering Drive, Suite 750
  Houston, Texas 77057
  Phone: (713) 647-6800
  Fax:  (713) 647-6884
  mike.stafford@huschblackwell.com
  kate.david@huschblackwell.com
  phil.morgan@huschblackwell.com

**Office of the Harris County Att'y**

*/s/ Melissa Spinks*
Melissa Spinks
Texas Bar No. 24029431
1019 Congress, 15th Floor
Houston, Texas 77002
Tel: 713-274-5101
Fax: 713-755-8924
melissa.spinks@cao.hctx.net

*Counsel for Harris County, Texas, Eric Stewart Hagstette, Joseph Licata III, Ronald Nicholas, Blanca Estela Villagomez, and Jill Wallace*

## **Certificate of Service**

    I certify that on the 25th day of June, 2018, I electronically filed the foregoing document with the clerk of court for the U.S. District Court, Southern District of Texas, using the electronic case filing system of the court.

                                        *s/ Philip J. Morgan*
                                        Philip J. Morgan