United States District Court
Southern District of Texas
**ENTERED**
June 25, 2018
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| MARANDA LYNN ODONNELL, *et al.*, § <br> On behalf of themselves and all others § <br> similarly situated, § <br> § <br> Plaintiffs, § <br> § <br> VS. § <br> § <br> HARRIS COUNTY, TEXAS, *et al.*, § <br> § <br> Defendants. § | CIVIL ACTION NO. H-16-1414 |

### AMENDED SCHEDULING AND DOCKET CONTROL ORDER

At the amended preliminary injunction order hearing on June 14, 2018, the court ordered the parties to confer and submit proposed scheduling and docket control orders. (Docket Entry No. 415 at 78–79). The parties submitted proposals. (Docket Entry Nos. 417, 418). The amended scheduling and docket control below is ordered for the following reasons.

**I.     The Parties' Scheduling Proposals and Arguments**

The parties agree on the summary judgment schedule but not on the discovery and merits trial schedule. The disparity begins with the proposed date for the close of fact discovery. The plaintiffs propose that fact discovery close on July 27, 2018. The defendants propose January 31, 2019, six months later.

The defendants argue that the additional time is needed so that a record can be developed reflecting the post-preliminary injunction bail system. (Docket Entry No. 417 at 1). The defendants assert that "courts must evaluate the constitutionality of the system currently in place, not the older, now-defunct system." *Id.* at 4 (citing *Pugh v. Rainwater*, 572 F.2d 1053, 1058 (5th Cir. 1978)).

"The process of developing that record cannot begin until, at the earliest, after the current preliminary injunction is vacated, and we respectfully submit that a minimum of six months operation under the reformed system is necessary to develop an adequate record." *Id.* The defendants point to the changes it has made or will make—including adopting the Arnold Tool, providing arrestees with counsel, opening a joint processing center, expanding the early presentment policy, and adopting procedural protections consistent with the Fifth Circuit's opinion—as factors that will impact the record. *Id.* at 2–3.

The plaintiffs argue that the issues left to be litigated are limited and that the need for discovery is minimal, in part because an extensive factual record was already created during the preliminary injunction hearing. (Docket Entry No. 418 at 2). The plaintiffs argue that the relevant practices to be enjoined "are the ones that existed when Plaintiffs sued," not the ones currently in place, as the defendants argue. *Id.* at 3. The plaintiffs challenge the defendants' reliance on *Rainwater*, noting that the challenge in *Rainwater* was moot because the Florida promulgated a new rule, and arguing that the defendants have not met their burden to prove mootness. *Id.* at n.3 (citing *Parents Involved in Cmty. Sch. v. Seattle Sch. Dist. No. 1*, 551 U.S. 701, 719 (2007) and *Knox v. Serv. Employees Int'l Union, Local 1000*, 567 U.S. 298, 299 (2012)). The plaintiffs assert that "[t]he main dispute to be resolved by the evidence at trial is whether automatic secured money bonds satisfy heightened scrutiny because they provide unique benefits that serve compelling interests better than alternatives." *Id.* at 5. The plaintiffs argue that the defendants' changes to their system will not answer that question and that the defendants are attempting to relitigate facts and issues already decided. *Id.*

**II.     Analysis**

In *Rainwater*, the Fifth Circuit held that because a challenge to Florida's procedures was rendered moot by Florida's adoption of a new Rule of Criminal Procedure, the Circuit's "review must be in the light of the Florida rule as it now stands, not as it stood when the judgment below was entered." 572 F.2d at 1058. The Circuit found that the record on appeal was inadequate because it contained only evidence of practices predating the rule's adoption. *Id.* *Rainwater* cited two Supreme Court cases, *Kremens v. Bartley*, 431 U.S. 119 (1977) and *Diffenderfer, et al. v. Central Baptist Church of Miami, Florida, et al.*, 404 U.S. 412 (1972). In *Kremens*, challenges to Pennsylvania's statutes governing voluntary admission and commitment of minors to state mental institutions were mooted by a new statute passed after the lower court's judgment. 431 U.S. at 127. In *Diffenderfer*, a challenged Florida statute was repealed pending appeal, necessitating review of the lower court's judgment in light of post-repeal Florida law. 404 U.S. at 414. The Court noted that the case was not "capable of repetition, yet evading review." *Id.* (citing *S. Pac. Terminal Co. v. Interstate Commerce Comm'n*, 219 U.S. 498, 515 (1911).

The legal challenges in *Rainwater*, *Kremens*, and *Diffenderfer* were rendered moot by factors other than a court-ordered preliminary injunction. Similar factors are not present here. The steps taken by the County to improve its bail system are commendable. (Docket Entry No. 417 at 2–3). But the County has not made clear that it would adopt, and continue to implement, the procedural protections necessary to prevent further constitutional violations absent an injunction. The County makes no such assurances in its response to the plaintiffs' proposed scheduling order. (Docket Entry No. 419 at 4–5). Rather, the County continues to defend the legality of its practices, as evidenced by its intent to defend the merits of its practices in summary judgment proceedings, showing that

3

there is still a live controversy. (Docket Entry No. 417 at 6); *Knox*, 567 U.S. at 307 ("The voluntary cessation of challenged conduct does not ordinarily render a case moot because a dismissal for mootness would permit a resumption of the challenged conduct as soon as the case is dismissed. And here, since the [defendant] continues to defend the legality of the [challenged action], it is not clear why the [defendant] would necessarily refrain from [committing the challenged action] in the future." (citation omitted)). The proper inquiry at the trial will be whether the plaintiffs' challenges of the County's practices—as they were before the preliminary injunction was entered—actually succeed on their merits. *Dresser-Rand Co. v. Virtual Automation Inc.*, 361 F.3d 831, 847 (5th Cir. 2004). But additional discovery, including discovery as to the post-amended preliminary injunction order bail system, will assist this court in fashioning a permanent injunctive remedy, if appropriate.

The plaintiffs' proposed schedule is unworkable. Even if no further discovery was necessary, the plaintiffs' proposal does not provide a sufficient amount of time between the summary judgment briefing and the merits trial. Further, because one of the trial questions identified by the plaintiffs is whether secured money bail serves government interests better than alternative conditions of release, allowing additional discovery—particularly appearance rates after the amended preliminary injunction order is entered—will be helpful in answering questions about the efficacy of secured money bail, even if it does not impact liability. Though the plaintiffs are correct that evidence from the preliminary injunction hearing can "become[] part of the trial record and need not be repeated at trial," FED. R. CIV. P. 65(a)(2), "the findings of fact and conclusions of law made by a court granting a preliminary injunction are not binding at trial on the merits." *Dennis Melancon, Inc. v. City of New Orleans*, 703 F.3d 262, 268 (5th Cir. 2012) (quotation and citation omitted).

The defendants' proposed schedule affords an additional six months to the discovery process. That time period is too long. To afford sufficient time for additional discovery and for the resolution of the parties' summary judgment motions without undue delay, the amended scheduling and docket control order is as follows:

1. July 6, 2018 — **THE DEFENDANTS TO RESPOND TO THE PLAINTIFFS' SUMMARY JUDGMENT MOTION AND TO FILE THEIR OWN PRETRIAL MOTION FOR SUMMARY JUDGMENT**

2. August 3, 2018 — **THE PLAINTIFFS TO REPLY IN SUPPORT OF THEIR MOTION FOR SUMMARY JUDGMENT AND RESPOND TO THE DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

3. August 17, 2018 — **THE DEFENDANTS TO REPLY IN SUPPORT OF THEIR MOTION FOR SUMMARY JUDGMENT**

4. August 22, 2018 at 9:00 a.m. — **ORAL ARGUMENT ON THE SUMMARY JUDGMENT MOTIONS**

5. September 14, 2018 — **COMPLETION OF FACT DISCOVERY**
Written discovery requests are not timely if they are filed so close to this deadline that under the Federal Rules of Civil Procedure the response would not be due until after the deadline.

**EXPERTS ON MATTERS OTHER THAN ATTORNEY'S FEES**

6a. September 28, 2018 — The plaintiff (or the party with the burden of proof on an issue) will designate expert witnesses in writing and provide the report required by Rule 26(a)(2) of the Federal Rules of Civil Procedure.

6b. October 12, 2018 — The opposing party will designate expert witnesses in writing and provide the report required by Rule 26(a)(2) of the Federal Rules of Civil Procedure.

7. October 19, 2018 — **COMPLETION OF EXPERT DISCOVERY**

5

| | | |
|---|---|---|
| 8. | November 2, 2018 | **JOINT PRETRIAL ORDER AND MOTION IN LIMINE DEADLINE** |

The Joint Pretrial Order will contain the pretrial disclosures required by Rule 26(a)(3) of the Federal Rules of Civil Procedure. Plaintiff is responsible for timely filing the complete Joint Pretrial Order. Failure to file a Joint Pretrial Order timely may lead to dismissal or other sanction in accordance with the applicable rules.

9.  November 16, 2018     **MOTION IN LIMINE RESPONSES DEADLINE**

10. November 26, 2018     **DOCKET CALL**

Docket Call will be held at 2:00 p.m. in Courtroom 11-B, United States Courthouse, 515 Rusk, Houston, Texas. No documents filed within 7 days of the Docket Call will be considered. Pending motions may be ruled on at docket call, and the case will be set for trial as close to the docket call as practicable.

11. December 3, 2018      **MERITS TRIAL**

12. Additional orders relating to disclosures, discovery, or pretrial motions:

Any party wishing to make any discovery motions should arrange for a pre-motion conference with the court before the preparation and submission of any motion papers. That includes a motion to compel, to quash, or for protection. Email Mrs. Eddins at Lisa_Eddins@txs.uscourts.gov or fax her at 713-250-5213 to arrange for a pre-motion conference. Notify your adversary of the date and time for the conference.

SIGNED on June 25, 2018, at Houston, Texas.

_____
Lee H. Rosenthal
Chief United States District Judge