**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS, HOUSTON DIVISION**

|  |  |  |
|---|---|---|
| MARANDA LYNN ODONNELL, et al. | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Case No. 16-cv-01414 |
| | ) | (Consolidated Class Action) |
| HARRIS COUNTY, TEXAS, et al. | ) | The Honorable Lee H. Rosenthal |
| | ) | U.S. District Judge |
| Defendants. | ) | |
| | ) | |

## PLAINTIFFS' RESPONSE TO DEFENDANTS' BRIEF OBJECTING TO THIS COURT'S TENTATIVE INJUNCTION

There is a lot to take issue with in the Fourteen Judges' brief objecting to this Court's tentative injunction, including continued misstatements of the Fifth Circuit's holding and other binding precedent that Plaintiffs have corrected before.  Plaintiffs have already requested a status conference to the extent the Court considers any of those arguments.

Plaintiffs write briefly to address just one of Defendants' assertions.  The Fourteen Judges have stated repeatedly in recent oral argument and filings (and do so again several times in their most recent filing) that Plaintiffs have not brought a substantive due process claim and only brought a procedural due process claim.  This assertion is false, and repeating it will not make it true.  Plaintiffs have asserted a right to bodily liberty that is "fundamental" at every stage of this case, including in their earliest briefs, e.g., Dkt. 1 at 17 n.9; Dkt. 188 at 14, in their proposed conclusions of law, Dkt. 268 at 6 ("Strict scrutiny applies for a second reason: pretrial liberty is a fundamental right, and when the government infringes on a fundamental right, the constitutionality of the infringement must be assessed under strict scrutiny"), and in several oral arguments, e.g. Dkt. 279 at 15.  This Court agreed with those arguments and cited the relevant case law in its

1

memorandum decision denying Defendants' motions to dismiss.  *See* Dkt. 125 at 32 n.19 (citing and quoting *Salerno*, *Foucha v. Louisiana*, 504 U.S. 71, 80 (1992), *Zadvydas v. Davis*, 533 U.S. 678, 690 (2001), and *Lopez-Valenzuela v. Arpaio*, 770 F.3d 772, 781 (9th Cir. 2014) (en banc), for the proposition that bodily liberty lies at the "core" of protected substantive due process and that, therefore, "the level of review for due-process challenges to pretrial detention is functionally similar to that for equal-protection challenges.").  Summing up Plaintiffs' claims and this Court's prior holding at closing argument in the preliminary injunction hearing on March 23, 2017, Plaintiffs argued: "We believe that strict scrutiny applies for a couple reasons. One, there is a line of cases about *Salerno* and how it is a fundamental right and if you infringe on it, you have to have really good reasons for doing it. And two is the separate line of cases [in which] wealth-based detention [i]s something that requires careful scrutiny." Dkt. 279 at 69.

The Fourteen Judges misstate the Fifth Circuit's order in the same way.  They cite to the Fifth Circuit's uncontroversial statement that there is no "absolute" right to be free from "wealth-based detention" to argue that there is no substantive due process right to bodily liberty and no right against wealth-based detention. This claim is frivolous. First, it contradicts the Supreme Court's holding in *Salerno* and a mountain of Supreme Court precedent establishing the right to bodily liberty as the very "core" of due process.  *See supra.*  The Fourteen Judges may want that precedent reversed, but misstating governing law is not the way to challenge it.  Contrary to assertions by the Fourteen Judges in nearly every significant filing that they have made in this case, Plaintiffs do not contend that federal law requires the release of any, let alone every, arrestee. That is not what this case is about.  Second, the Fifth Circuit's observation that the right against wealth-based detention is not "absolute" is merely a restatement of *Bearden* and an uncontroversial acknowledgment that the individual's interest can be overcome by sufficiently

weighty government interests.  As Plaintiffs have explained numerous times, *see, e.g.*, Dkt. 418 at 3 n.3, both the right against wealth-based detention and the "fundamental" right to bodily liberty can be overcome with the appropriate finding of necessity.  Neither is "absolute."  The former is, in *Bearden*'s words, a "converge[nce]" of equal protection and substantive due process.  *Bearden v. Georgia*, 461 U.S. 660, 665 (1983).  The latter is, in Justice Rehnquist's words, a "general rule of substantive due process."  *United States v. Salerno*, 481 U.S. 739, 749 (1987). The Fifth Circuit's acknowledgment that there is no "absolute" right explains only why this Court's first injunction, which *required release* in every case, was too broad given Plaintiffs' federal claims. But the fact that there is no "absolute" right to release does not mean that there is no right at all. If it did, then there would be no protection for free speech or the right to bear arms.  Defendants' persistence in mischaracterizing Plaintiffs' arguments to defend their unconstitutional system is, as this Court noted, one reason permanent injunctive relief is necessary.  *See* Dkt. 423 at 3–4.

Similarly, the Fourteen Judges' claim that this case is only about procedural due process must be corrected for another reason: by definition, Plaintiffs' equal protection claim is not about procedures. As every court to consider the issue has held in the past fifty years, the Equal Protection Clause forbids wealth-based detention absent a finding that it is necessary.  That has been binding precedent in this circuit for many decades.  *See, e.g., Frazier v. Jordan*, 457 F.2d 726, 728 (5th Cir. 1972).  No matter what procedures Defendants apply, they may not detain a person solely because of her indigence absent a finding of necessity.  This Court's tentative order is correct under either line of federal constitutional precedent to require a finding of necessity at an individualized hearing prior to wealth-based pretrial detention.

And, finally, Defendants use their misstatements to wrongly assert that this Court's tentative order prohibits them from imposing wealth-based pretrial detention.  As Plaintiffs and

3

this Court have explained in clear terms, this Court's memorandum opinion permits Defendants to detain arrestees after an individualized hearing, but it does not permit Defendants to discriminatorily detain "Presumptive PB" arrestees who are indigent *solely because of their inability to pay* predetermined amounts of money *prior* to an individualized hearing.  This Court's conclusion is mandated by applying the Fifth Circuit's equal protection holding to the facts.

<div style="margin-left:45%;">Respectfully Submitted,</div>

*/s/ Alec Karakatsanis*
*/s/ Elizabeth Rossi*
*/s/ Charles Gerstein*
Alec George Karakatsanis
alec@civilrightscorps.org
Elizabeth Rossi*
elizabeth@civilrightscorps.org
Charles Gerstein
charlie@civilrightscorps.org
Civil Rights Corps
910 17th Street NW, Suite 200
Washington, DC 20006
Telephone: (202) 681-2721

*/s/ Susanne Pringle*
Susanne Pringle
Texas Bar No. 24083686
springle@fairdefense.org
Texas Fair Defense Project
314 E. Highland Mall Blvd.
Suite 180
Austin, Texas 78752
Telephone: (512) 637-5220
Facsimile: (512) 637-5224

*Attorneys for Plaintiffs*

*/s/ Neal S. Manne*
Neal S. Manne
Texas Bar No. 12937980
nmanne@susmangodfrey.com
Lexie G. White
Texas Bar No. 24048876
lwhite@susmangodfrey.com
SUSMAN GODFREY L.L.P.
1000 Louisiana Street, Suite 5100
Houston, Texas 77002
Telephone: (713) 651-9366
Facsimile: (713) 654-6666

*/s/ Michael Gervais*
Michael Gervais
mgervais@susmangodfrey.com
SUSMAN GODFREY L.L.P.
1301 Avenue of the Americas
New York, New York 10019
Telephone: (212) 336-8330

---

* Admitted solely to practice law in Maryland; not admitted in the District of Columbia. Practice is limited pursuant to D.C. App. R. 49(c)(3).

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on the 25th day of June, 2018, I electronically filed the foregoing with the clerk of the court for the U.S. District Court, Southern District of Texas, using the electronic case filing system of the Court.  The electronic case filing system sent a "Notice of Electronic Filing" to the attorneys of record who have consented in writing to accept this Notice as service of this document by electronic means.

*/s/ Elizabeth Rossi*
Elizabeth Rossi