IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| MARANDA LYNN ODONNELL, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Case No. 4:16-cv-01414 |
| ) | (Consolidated Class Action) |
| HARRIS COUNTY, TEXAS, et al., ) | The Honorable Lee H. Rosenthal |
| ) | U.S. District Judge |
| Defendants. ) | |
| ) | |

## HARRIS COUNTY AND THE HEARING OFFICERS' REQUEST FOR CLARIFICATION

Harris County and the Hearing Officers request clarification on four points of the Court's Amended Preliminary Injunction.

**1. Who is required to issue the bonds described in Sections 7 and 8?**

Injunctions must be specific. *See* Fed. R. Civ. P. 65(d); *see also CBS Broadcasting Inc. v. FilmOn.Com, Inc.*, 814 F.3d 91, 98 (2nd Cir. 2016) (discussing that "an injunction is sufficiently clear and unambiguous if it leaves no doubt in the minds of those to whom it was addressed precisely what acts are forbidden.") (internal quotations omitted). Section 7 of the Amended Preliminary Injunction identifies a group of arrestees that "must promptly be released by the County on a personal bond with nonfinancial conditions of release." (ECF No. 427.) Section 8 likewise identifies a group of arrestees who "must promptly be released by the County on an unsecured personal bond." (*Id.*) The order does not identify "who" must issue the personal bond.

If the Court is ordering the Hearing Officers to grant personal bonds, this relief violates § 1983. *See* 42 U.S.C. § 1983 (limiting the availability of injunctive relief against judicial

officers). And it would be inconsistent with section 18 of the Court's order which unequivocally states, "This court does not order relief against the Hearing Officers." (ECF No. 427.)

The Sheriff also lacks the authority to issue personal bonds. Article 17.03 of the Texas Code of Criminal Procedure only empowers judicial officers to grant personal bonds. *See* Tex. Code Crim. Proc. Art. 17.03 ("[A] *magistrate* may, in the *magistrate's* discretion, release the defendant on personal bond.") (emphasis added). Section 7 of the Court's order specifically states that arrestees under this section must be released on a "personal bond," and section 8 uses the term "unsecured personal bond." It is unclear whether the Court is ordering the Sheriff to grant personal bonds as contemplated in article 17.03 of the Texas Code of Criminal Procedure, which the Sheriff cannot do, or whether the Court is ordering the issuance of some other form of unsecured bond.

The lack of clarity as to who is being ordered to issue the personal bonds described in Sections 7 and 8 is compounded by the fact that the Court implies that conditions can be added to the personal bond issued under these sections. Section 7 requires release "on a personal bond *with nonfinancial conditions*," and Section 8 states that the Sheriff is authorized to "release the arrestee on unsecured or *nonfinancial conditions*." (*Id.*) Yet when the Sheriff requested clarification concerning the prior injunction, the Court correctly stated that Texas law did not permit the Sheriff to add nonfinancial conditions to bonds. (ECF No. 325, p. 3) ("Texas law does not provide discretion to officers with custody of these defendants to impose additional conditions of pretrial release.").

The reality is that the Court lacks the ability to effectuate the relief ordered in Sections 7 and 8. The Court cannot require the Hearing Officers to issue personal bonds, and the Sheriff lacks the statutory authority to issue personal bonds or impose nonfinancial conditions.

Nevertheless, the Court's order appears to require someone to issue a personal bond (or some other unsecured form of bond), and Harris County and the Hearing Officers, while believing that this aspect of the Court's order has no basis in law, recognize that they have a duty to implement the order. Therefore, Harris County and the Hearing Officers request identification of "who" must issue the personal bonds discussed in Sections 7 and 8.

2. **Can Pretrial Services calculate the initial bail amount?**

The post-arrest process has changed since April 2017. (*See, e.g.*, ECF No. 430.) Assistant District Attorneys no longer affix an initial bail amount. Rather, Pretrial Services, after completing the Arnold PSA and determining where an arrestee falls on the bail schedule, if the person is eligible, calculates the initial bail amount. *See* Harris County Criminal Courts at Law, Rules of Court, Rule 2.3.1 (Amended December 7, 2017). To comport with the current system, Harris County requests clarification that it is permissible for Pretrial Services to calculate the initial bail.

3. **When does Harris County's notification obligation begin for arrestees identified in Sections (11) and (12) in the event the arrestee is unable to provide contact information?**

Section 10 of the Court's order requires Harris County to promptly notify "the arrestee's counsel, designated individual, or next of kin" if an individualized bail determination has not been made within 48 hours. (ECF No. 427.) But arrestees listed in Sections (11) or (12) are unlikely to be able to provide such information during the regular booking and interview process. Harris County requests clarification that, for those unable to provide information, that the period in which to promptly notify "the arrestee's counsel, designated individual, or next of kin" starts when Harris County receives information about the person's counsel, designated individual, or next of kin.

4. **Whether an "evaluation" or "assessment" is required under Section 11?**

"Evaluation" and "assessment" are terms of art. An evaluation is generally understood to be a thorough, clinical review done by a mental health or medical professional. By comparison, an assessment is more akin to an early screening that does not necessarily need to be conducted by a mental health professional. Article 16.22 contemplates an "assessment." It does not contemplate a full, medical "evaluation." Therefore, Harris County requests clarification that those arrestees identified in Section (11) who "do not appear mentally able to understand or to execute an affidavit or declaration of financial condition in accordance with Section (3)" may be *assessed* under the procedures in article 16.22, and do not have to have a full evaluation (unless the early assessment or other factors indicate that a full evaluation is needed). Specifically, Harris County requests that the second sentence of Section (11) read (or be understood to mean): "If the *assessment* results in a finding that no mental illness or intellectual disability exists . . . ."

Respectfully submitted:

**H**USCH **B**LACKWELL **LLP**

By: */s/ Mike Stafford*
    Mike Stafford
    State Bar No. 18996970
    Katharine D. David
    State Bar No. 24045749
    Philip J. Morgan
    State Bar No. 24069008
    Benjamin Stephens
    State Bar No. 24098472
    1800 Bering Drive, Suite 750
    Houston, Texas 77057
    Phone: (713) 647-6800
    Fax:  (713) 647-6884
    mike.stafford@huschblackwell.com
    kate.david@huschblackwell.com
    phil.morgan@huschblackwell.com
    ben.stephens@huschblackwell.com

**Office of the Harris County Att'y**

*/s/ Melissa Spinks*
Melissa Spinks
Texas Bar No. 24029431
1019 Congress, 15th Floor
Houston, Texas 77002
Tel: 713-274-5101
Fax: 713-755-8924
melissa.spinks@cao.hctx.net

*Counsel for Harris County, Texas, Eric Stewart Hagstette, Joseph Licata III, Ronald Nicholas, Blanca Estela Villagomez, and Jill Wallace*

**<u>Certificate of Service</u>**

      I certify that on the 11th day of July, 2018, I electronically filed the foregoing document with the clerk of court for the U.S. District Court, Southern District of Texas, using the electronic case filing system of the court.

                                          *<u>s/ Philip J. Morgan</u>*
                                          Philip J. Morgan