IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| MARANDA LYNN ODONNELL, et al., ) | |
| ) | |
| Plaintiffs, ) | Case No. 4:16-cv-01414 |
| ) | (Consolidated Class Action) |
| v. ) | The Honorable Lee H. Rosenthal |
| ) | U.S. District Judge |
| HARRIS COUNTY, TEXAS, et al., ) | |
| ) | |
| Defendants. ) | |
| ) | |

## HARRIS COUNTY AND THE HEARING OFFICERS' REPLY REGARDING THEIR REQUEST FOR CLARIFICATION

Harris County and the Hearing Officers sought clarification on four points in the Court's Amended Preliminary Injunction, including Section 10. (ECF No. 439.) In response, Plaintiffs also sought clarification of Section 10. (ECF No. 440.) Harris County and the Hearing Officers address Plaintiffs' requested modification:

Plaintiffs conflate the notification of "counsel, designated individual, or next of kin" with the reporting requirements. The Court's Amended Preliminary Injunction requires a weekly report regarding the arrestees who do not have a timely hearing. The reporting requirement's purpose is to monitor implementation of the Court's order.

The Fifth Circuit opinion also requires notification to the next of kin, which the Amended Preliminary Injunction largely tracks.[1] The notification requirement serves a different, more practical purpose than the reporting requirement—notifying someone on the outside (be it the arrestee's counsel, designative individual, or next of kin) that the accused is in jail. This information serves at least two purposes. (*Compare* ECF No. 440) (questioning what purpose

---

[1] The Court's modification of the Fifth Circuit's requirement of notifying "next of kin" to include "counsel, designated individual, or next of kin" is a sensible modification that will serve arrestees much better in practice.

would be served by notifying next of kin stating that "it is unclear what an arrestee's 'next of kin' would do with the information provided."). First, it informs family and friends of the arrestee's whereabouts. Second, it allows the family and friends to begin the process of securing release if the arrestee has not already made contact with them.

Plaintiffs' counsel suggests that they should be notified. (*Id.*) (seeking clarification "that the County *must* notify Plaintiffs' counsel") (emphasis added). But they do not represent the accused in their underlying criminal cases. Rather, they represent the accused (assuming they are members of the class, which would not always be the case) only in this civil proceeding. Requiring Harris County to notify Plaintiffs' counsel is of no benefit to the accused in their underlying state criminal case, redundant of the weekly reporting requirement, and serves no purpose. Therefore, the Court should not amend the order to require that Plaintiffs' counsel be notified in individual cases.

## **Conclusion**

The Court will receive a weekly report of those who do not get their hearing within 48-hours. Because Plaintiffs' counsel do not represent the accused in their underlying criminal cases, and offer no aid to the accused directly, no purpose is served by requiring that Harris County notify Plaintiffs' counsel instead of or in addition to "the arrestee's counsel, designated individual, or next of kin." Plaintiffs' request for modification should be denied.


        Respectfully submitted:
        **HUSCH BLACKWELL LLP**

By: */s/ Mike Stafford*
    Mike Stafford
    State Bar No. 18996970
    Katharine D. David
    State Bar No. 24045749
    Philip J. Morgan
    State Bar No. 24069008
    Benjamin Stephens
    State Bar No. 24098472
    1800 Bering Drive, Suite 750
    Houston, Texas 77057
    Phone: (713) 647-6800
    Fax:  (713) 647-6884
    mike.stafford@huschblackwell.com
    kate.david@huschblackwell.com
    phil.morgan@huschblackwell.com
    ben.stephens@huschblackwell.com

**Office of the Harris County Att'y**

*/s/ Melissa Spinks*
Melissa Spinks
Texas Bar No. 24029431
1019 Congress, 15th Floor
Houston, Texas 77002
Tel: 713-274-5101
Fax: 713-755-8924
melissa.spinks@cao.hctx.net

*Counsel for Harris County, Texas, Eric Stewart Hagstette, Joseph Licata III, Ronald Nicholas, Blanca Estela Villagomez, and Jill Wallace*

### Certificate of Service

I certify that on the 13th day of July, 2018, I electronically filed the foregoing document with the clerk of court for the U.S. District Court, Southern District of Texas, using the electronic case filing system of the court.

*/s/ Philip J. Morgan*
Philip J. Morgan

3