United States District Court
Southern District of Texas
**ENTERED**
July 13, 2018
David J. Bradley, Clerk

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| MARANDA LYNN ODONNELL, *et al.*, | § | |
| On behalf of themselves and all others | § | |
| similarly situated, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | CIVIL ACTION NO. H-16-1414 |
| VS. | § | |
| | § | |
| HARRIS COUNTY, TEXAS, *et al.*, | § | |
| | § | |
| Defendants. | § | |

**ORDER OF CLARIFICATION**

Harris County and the Hearing Officers requested clarification of the Amended Preliminary Injunction Order issued on June 29, 2018. The plaintiffs responded, and Harris County and the Hearing Officers replied. (Docket Entry Nos. 427, 439, 440, 441). The court clarifies the Order, as stated below.

Harris County and the Hearing Officers request clarification on whether Sections (7) and (8) require the Sheriff to release a misdemeanor arrestee on a "personal bond," as contemplated in Article 17.03. (Docket Entry No. 439 at 2; TEX. CODE. CRIM. P. art. 17.03). Sections (7) and (8) require release on an unsecured bond with the nonfinancial conditions that are routinely required. (*See, e.g.*, Docket Entry No. 316-2). The Sheriff is not required to impose additional nonfinancial conditions of pretrial release on persons released under the Order.

Harris County and the Hearing Officers request clarification on who must issue unsecured bonds under Sections (7) and (8). (Docket Entry No. 439 at 1–3). The answer is the Sheriff. As the court clarified after the original Preliminary Injunction Order, the Sheriff is authorized to use the Peace Officer's Unsecured Bail Bond to effectuate the Amended Preliminary Injunction Order.

1

(Docket Entry Nos. 316-2, 325).  The Sheriff has been releasing qualified misdemeanor arrestees on unsecured bonds under the original Preliminary Injunction Order, and he or she is authorized to continue to do so under the Amended Preliminary Injunction Order.

Harris County and the Hearing Officers request clarification on whether Pretrial Services can calculate the initial bail amount.  (Docket Entry No. 439 at 3).  The answer is yes.

Harris County and the Hearing Officers request clarification on when the County's notification obligation under Section (10) begins for misdemeanor arrestees who fall within either the mental-illness or intellectually-disability exception or the medical-condition exception in Sections (11) and (12), in the event that the misdemeanor arrestee is unable to provide contact information.  *Id.*  The requirement begins as soon as the County has received information, through good-faith efforts, about the arrestee's counsel, designated individual, or next of kin.

The plaintiffs ask the court to modify Section (10) so that the County must promptly notify the plaintiffs' counsel in the event that a hearing and individual assessment has not been held for a misdemeanor arrestee identified in Sections (8), (11), and (12), within 48 hours of arrest.  (Docket Entry No. 440 at 2).  The plaintiffs' modification request is granted as to misdemeanor arrestees whose hearing and individual assessment is delayed beyond 48 hours after arrest, and who have not yet had counsel appointed to represent them.  For those arrestees, the County must promptly notify the plaintiffs' counsel, as well as the arrestee's designated individual or next of kin.

Harris County and the Hearing Officers request clarification on the term "evaluation" in Section (11).  (Docket Entry No. 439 at 4).  "Evaluation" refers to the assessment contemplated by Article 16.22.  Tex. Code. Crim. P. art. 16.22(b).  Section (11) does not require additional procedures beyond those in Article 16.22.

The court appreciates Harris County's, the Hearing Officers', and the plaintiffs' thoughtful

2

requests and their commitment to ensuring timely compliance with the court's Amended Preliminary

Injunction Order.

      SIGNED on July 13, 2018, at Houston, Texas.

                       Lee H. Rosenthal
               Chief United States District Judge