IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MARANDA LYNN ODONNELL, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | Case No. 4:16-cv-01414 |
| | ) | (Consolidated Class Action) |
| v. | ) | The Honorable Lee H. Rosenthal |
| | ) | U.S. District Judge |
| HARRIS COUNTY, TEXAS, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## Notice of Compliance

On February 23, 2018, the Fifth Circuit set forth what was required to remedy the Equal Protection and Due Process violations identified by this Court. *ODonnell v. Harris Cnty., Tex.*, 882 F.3d 528 (5th Cir. 2018). The Fifth Circuit's opinion on rehearing did not change the relevant constitutional analysis. *ODonnell v. Harris Cnty., Tex.*, 892 F.3d 147 (5th Cir. 2018).

The Fifth Circuit held:

> the equitable remedy necessary to cure the constitutional infirmities arising under both clauses is the same: the County must implement the constitutionally-necessary procedures to engage in a case-by-case evaluation of a given arrestee's circumstances, taking into account the various factors required by Texas state law (only one of which is ability to pay). These procedures are: notice, an opportunity to be heard and submit evidence within 48 hours of arrest, and a reasoned decision by an impartial decision-maker.

*Id.* at 165. In addition, for those unable to pay the bail at the individualized assessment of bail, "an adversarial bail review hearing" must be provided. *Id.*

Defendants are in full compliance with the Fifth Circuit's requirements. In fact, Defendants are providing more procedural protections than required.

The central focus is on the 15.17 hearing before the Hearing Officers, where the first individualized assessment of bail occurs. These hearings have changed since the preliminary injunction hearing in March of 2017. The changes made to the 15.17 hearing, processes, and procedures are *permanent* changes. (*Compare* ECF No. 423, p. 3) (noting "the County has not made clear that it would adopt, and continue to implement, the procedural protections necessary to prevent further constitutional violations absent an injunction").

The County provides notice that the "misdemeanor defendant's state constitutional right to be bailable by sufficient sureties is at stake." Currently, Defendants, through Pretrial Services, provide the required notice prior to the hearing. The Public Defender also discusses with the accused their rights.

Defendants provide each arrestee "an opportunity to be heard and submit evidence within 48 hours of arrest." As the Court is aware, Harris County voluntarily began funding Public Defenders at the 15.17 hearings in July of 2017. This is a formal change in policy that Harris County intends to continue funding. Moreover, Defendants recently provided numerous video examples of recent hearings that unquestionably demonstrate that the accused's position is heard in these hearings. (ECF No. 426, Ex. C.)

The Hearing Officers provide "a reasoned decision" in each case, as well as explain their "case-specific" reasons for the bail setting.

Finally, the County Criminal Court at Law Judges provide an opportunity for an adversarial bail review hearing. Though the Fifth Circuit did not specify a time for this hearing, the County Criminal Court at Law Judges provide the opportunity for this hearing the next business day.

Defendants are in full compliance with the law. No live controversy exists as to Plaintiffs' Due Process and Equal Protection claims.

Respectfully submitted:
**HUSCH BLACKWELL LLP**

By: */s/ Mike Stafford*
     Mike Stafford
     State Bar No. 18996970
     Katharine D. David
     State Bar No. 24045749
     Philip J. Morgan
     State Bar No. 24069008
     Benjamin Stephens
     State Bar No. 24098472
     1800 Bering Drive, Suite 750
     Houston, Texas 77057
     Phone: (713) 647-6800
     Fax:  (713) 647-6884
     mike.stafford@huschblackwell.com
     kate.david@huschblackwell.com
     phil.morgan@huschblackwell.com
     ben.stephens@huschblackwell.com

**Office of the Harris County Att'y**

*/s/ Melissa Spinks*
Melissa Spinks
Texas Bar No. 24029431
1019 Congress, 15th Floor
Houston, Texas 77002
Tel: 713-274-5101
Fax: 713-755-8924
melissa.spinks@cao.hctx.net

*Counsel for Harris County, Texas, Eric Stewart Hagstette, Joseph Licata III, Ronald Nicholas, Blanca Estela Villagomez, and Jill Wallace*

3

*/s/ Sheryl A. Falk*

Charles J. Cooper
Attorney-in-Charge
District of Columbia Bar No. 248070
ccooper@cooperkirk.com
Michael W. Kirk
District of Columbia Bar No. 424648
William C. Marra
District of Columbia Bar No. 1019098
COOPER & KIRK, PLLC
1523 New Hampshire Ave., NW
Washington, D.C. 20036
Telephone: (202) 220-9600
Sheryl A. Falk
Texas State Bar No. 06795350
sfalk@winston.com
Robert L. Green
Texas State Bar No. 24087625
Corinne Stone
Texas State Bar No. 24102541
WINSTON & STRAWN LLP
1111 Louisiana St., 25th Floor
Houston, TX 77002
Telephone: (713) 651-2600

**Counsel for Defendants Fourteen
Judges of Harris County Criminal
Courts at Law**

## Certificate of Service

I certify that on the 24th day of July, 2018, I electronically filed the foregoing document with the clerk of court for the U.S. District Court, Southern District of Texas, using the electronic case filing system of the court.

*/s/ Mike Stafford*

Mike Stafford

4