# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS, HOUSTON DIVISION

| | |
|---|---|
| MARANDA LYNN ODONNELL, et al. ) | |
| Plaintiffs, ) | |
| v. ) | Case No. 16-cv-01414 |
| ) | (Consolidated Class Action) |
| HARRIS COUNTY, TEXAS, et al. ) | The Honorable Lee H. Rosenthal |
| ) | U.S. District Judge |
| Defendants. ) | |

## PLAINTIFFS' NOTICE CONCERNING STAY RULING

On August 14, 2018, a motions panel of the Fifth Circuit issued a stay, over a dissent, of four provisions of this Court's revised preliminary injunction pending full resolution of the merits of the Fourteen Judges' appeal of those provisions. That non-dispositive interlocutory decision has no bearing on the parties' arguments at summary judgment. The Court should proceed as planned with summary judgment arguments on August 22.

The motions panel ruling was limited to the Fourteen Judges' likelihood of success on the merits of their challenge regarding whether wealth-based detention is tolerable *prior* to an individualized bail hearing. The merits panel (once it receives full briefing and argument) will likewise be addressing the policies applied to arrestees prior to a bail hearing. As Plaintiffs have explained, *see* Dkt. 400 at 2, their partial summary judgment motion concerns different issues: the substantive findings and procedural safeguards required *at an individual bail hearing*. The divided motion panel's non-dispositive ruling does not purport to reach those issues.[1]

---

[1] It is worth noting that the motions panel's conclusions on the issues that it reached contradict both Supreme Court and Fifth Circuit precedent (including the *ODonnell I* panel opinion). For example, the panel suggested that wealth-based detention receives only rational-basis review so long as it is limited to 48 hours before an individualized hearing. The majority cited no binding authority to support that conclusion, and it is plainly wrong. *See, e.g.*, *Frazier v. Jordan*, 457 F.2d 726, 72x (5th Cir. 1972) ("Since the difference in treatment is one defined by wealth, the alternative fine

Although a great deal of litigation has now taken place at the preliminary injunction stage, the preliminary injunction proceedings are just that: preliminary. The merits panel will soon make a final decision on the issues raised in the preliminary appeals, but the rest of this case is proceeding in this Court. As the Defendants have argued and as this Court noted, the preliminary injunction decisions have not addressed Plaintiffs' claims concerning the fundamental right to pretrial liberty, Dkt. 420 at 12-13; Dkt. 426 at 7, and the motions panel ruling does not address any of Plaintiffs' federal claims concerning what findings and procedures are required at an individualized hearing at which pretrial release and detention is determined. The parties' summary judgment arguments on those questions are ripe for argument on August 22.

This Court's charge is exactly the same after the non-dispositive motions panel ruling as before: decide the issues properly before the Court based on applicable Supreme Court and Fifth Circuit precedent and make appropriate factual findings and conclusions of law that are dispositive of the important issues raised in this case.

|  |  |
|---|---|
|  | Respectfully Submitted, |
| /s/ Alec Karakatsanis | /s/ Neal S. Manne |
| /s/ Elizabeth Rossi | Neal S. Manne |
| /s/ Charles Gerstein | Texas Bar No. 12937980 |
| Alec George Karakatsanis | nmanne@susmangodfrey.com |
| alec@civilrightscorps.org | Lexie G. White |

---

creates a 'suspect' classification which must be tested by the compelling state interest test. We must therefore decide whether imprisonment of an indigent defendant who cannot immediately avail himself of the fine option … is 'necessary to promote a compelling governmental interest.'" (citations omitted)). Likewise, the only citation to the majority's claim, Op. at 8, that "some wealth-based detention is permissible" is to a portion of *ODonnell I* that holds no such thing. No other circuit or Supreme Court precedent is cited, including the contrary decisions in *Bearden* and *Frazier*. The majority further claims, Op. at 11, that "rational basis" review applies when a person is incarcerated for up to 48 hours due solely to inability to pay because such jailing is mere "disparate impact." This assertion is bewildering and plainly wrong. As Plaintiffs explained at page 19 of their merits brief in *ODonnell I,* this "disparate impact" theory was explicitly rejected by binding Supreme Court precedent.

- 3 -

Elizabeth Rossi\*
elizabeth@civilrightscorps.org
Charles Gerstein
charlie@civilrightscorps.org
Civil Rights Corps
910 17th Street NW, Suite 200
Washington, DC 20006
Telephone: (202) 681-2721

*/s/ Susanne Pringle*
Susanne Pringle
Texas Bar No. 24083686
springle@fairdefense.org
Texas Fair Defense Project
314 E. Highland Mall Blvd.
Suite 180
Austin, Texas 78752
Telephone: (512) 637-5220
Facsimile: (512) 637-5224

*Attorneys for Plaintiffs*

Texas Bar No. 24048876
lwhite@susmangodfrey.com
Joseph S. Grinstein
Texas Bar No. 24002188
jgrinstein@susmangodfrey.com
SUSMAN GODFREY L.L.P.
1000 Louisiana Street, Suite 5100
Houston, Texas 77002
Telephone: (713) 651-9366
Facsimile: (713) 654-6666

*/s/ Michael Gervais*
Michael Gervais
mgervais@susmangodfrey.com
SUSMAN GODFREY L.L.P.
1301 Avenue of the Americas
New York, New York 10019
Telephone: (212) 336-8330

---

\* Admitted solely to practice law in Maryland; not admitted in the District of Columbia. Practice is limited pursuant to D.C. App. R. 49(c)(3).

## CERTIFICATE OF SERVICE

On this 15th day of August, 2018, I electronically filed the foregoing with this Court using the Court's electronic-case-filing system.  That system sent a "Notice of Electronic Filing" to the attorneys of record who have consented in writing to accept this notice as service of this document by electronic means.

>*/s/ Elizabeth Rossi*
>Elizabeth Rossi