IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS, HOUSTON DIVISION

| | |
|---|---|
| MARANDA LYNN ODONNELL, et al. ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v.  ) | Case No. 16-cv-01414 |
| ) | (Consolidated Class Action) |
| HARRIS COUNTY, TEXAS, et al. ) | The Honorable Lee H. Rosenthal |
| ) | U.S. District Judge |
| Defendants. ) | |
| ) | |

**PROPOSED ORDER**

Pursuant to the Court's informal procedures for resolving discovery disputes, Plaintiffs submitted a letter to the Court on August 7, 2018 raising several discovery issues. Harris County and the Hearing Officers and the County Criminal Court at Law Judges 1-13 and 15 separately responded. The Court held a telephonic hearing on August 13, 2018, indicating the Court's rulings and requesting the parties draft an order reflecting the Court's rulings. Subsequently, Harris County moved for protection regarding the deposition of Commissioner Steve Radack on August 15, 2018.

It is hereby ORDERED that:

1. Plaintiffs are permitted to depose the following individuals in person:
    a. County Commissioner Steve Radack
    b. County Commissioner Rodney Ellis
    c. Aldo Martinez
    d. Jennifer Gaut
    e. Erin Epley
    f. Hearing Officer Villagomez
    g. Hearing Officer Wallace
    h. Hearing Officer Hagstette
    i. County Criminal Court at Law Judge Natalie Fleming
    j. County Criminal Court at Law Judge Jay Karahan
    k. Marie Van Nostrand
    l. Alex Bunin

2. Over Harris County's objections, Plaintiffs are permitted to depose Commissioners Radack and Ellis. After deposing Commissioner Radack and Commissioner Ellis, Plaintiffs may seek leave

      of the Court to depose County Judge Ed Emmett, which may be granted on a showing of good cause.

3. Plaintiffs are permitted to depose the following individuals by video-conference or telephone:[1]
    a. Bo Zeerip
    b. Jacob Sills
    c. John Clark
    d. Roseanne Scotti
    e. Tim Murray
    f. Tim Schnacke
    g. Spurgeon Kennedy
    h. Mike Jones
    i. Margie Enquist
    j. Penny Stinson
    k. Insha Rahman

4. The County must inform Plaintiffs by Friday, August 17, of the corporate representative or representatives it will make available for a Rule 30(b)(6) deposition and the date on which the deposition will take place.

5. The County must respond to any discovery requests arising out of the deposition of the County's corporate representatives by September 14, 2018, which is the close of fact discovery. The County may seek leave from the Court for an extension of that deadline on a showing of good cause.

6. The Court denies Harris County's Motion for Protective Order filed on August 15, 2018.

DATED this _____ day of _____, 2018.

                                                   _____
                                                   Hon. Lee H. Rosenthal
                                                   U.S. District Judge

---

[1] Defendants believe it is completely appropriate to attend any depositions in person if they desire and proposed including a provision authorizing them to do so. Plaintiffs' position is that this issue was not raised or addressed at the August 13 hearing, and, as such, it is inappropriate to include a provision in this proposed order deciding it. Plaintiffs are opposed to Defendants' seeking to take in-person examinations where the Court has not authorized them to do so.