IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MARANDA LYNN ODONNELL, et al. | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Case No. 4:16-cv-01414 |
| | ) | (Consolidated Class Action) |
| HARRIS COUNTY, TEXAS, et al., | ) | The Honorable Lee H. Rosenthal |
| | ) | U.S. District Judge |
| Defendants. | ) | |
| | ) | |

### Harris County's Motion for Protective Order

Harris County, Texas, for itself and on behalf of County Commissioner Steve Radack, files its motion for protective order pursuant to Federal Rule of Civil Procedure 26(c), seeking to quash the requested deposition of Harris County Commissioner Steve Radack.

### Background

Plaintiffs lack any legitimate basis to depose Commissioner Radack, a high-ranking Harris County official. *See Guynes v. Galveston Cnty.*, 861 S.W.2d 861, 863 (Tex. 1993) (noting that Commissioners Court is "the administrative head of county government"). To date, Plaintiffs have only offered two justifications: (i) to "discover facts about the pre-trial system in Harris County which is complex and has a number of different stakeholders, including pre-trial services [sic], the District Attorney's Office, the Public Defender's, and others" (*see* Ex. A, Ltr. E. Rossi to C.J. Rosenthal, 8/7/2018), and (ii) to discuss public statements made during Commissioners Court concerning the first preliminary injunction that the Fifth Circuit characterized as "sweeping" and "overbroad" and, more importantly, is no longer in effect. Neither basis is sufficient.

The parties have already submitted pre-motion letters to this Court regarding this matter, and this Court has indicated that it will allow the deposition of County Commissioner Radack to proceed. Harris County files this formal motion for protective order in order to preserve its ability to seek mandamus or other available relief. (*See id.*); (*see also* Ex. B, Ltr. K. David to C.J. Rosenthal, 8/10/2018.)

## <u>Argument</u>

Depositions of high-ranking government officials are disfavored and are typically severely limited. *See, e.g., Salter v. Upjohn Co.*, 593 F.2d 649, 651 (5th Cir. 1979); *Simms v. Nat'l Football League*, No. 3:11-cv-0248, 2013 WL 9792709, at *3 (N.D. Tex. July 10, 2013). "To determine whether to permit the deposition of a high-level executive, federal courts have considered the following factors: (1) whether the moving party can demonstrate that the executive possesses personal or superior and unique knowledge; and (2) whether the information could be obtained from lower-level employees or through less burdensome means, such as written interrogatories." *Pan Am. Life Ins. Co. v. La. Acquisitions Corp.*, No. 13-5027, 2015 WL 4168435, at *4 (E.D. La. July 9, 2015). Plaintiffs have not met and cannot meet this burden.

"While granting a protective order and quashing a deposition is the exception rather than the rule, the burden a deposition would place on a high ranking government official must be given special scrutiny." *Marisol A. v. Giuliani*, No. 95 CIV. 10533, 1998 WL 132810, at *2 (S.D.N.Y. Mar. 23, 1998). "[A]s a general rule, courts have held that depositions of high-ranking government officials should not be a routine part of litigation unless the party seeking the deposition can demonstrate that there is some reason to believe that it will produce or lead to admissible evidence." *Estate of Turnbow v. Ogden City*, No. 1:07CV114, 2008 WL 2004328, at *2 (D. Utah May 9, 2008) (citing *In re Office of Inspector Gen. R.R. Ret. Bd.*, 933 F.2d 276, 278

(5th Cir. 1991) and *Olivieri v. Rodriguez*, 122 F.3d 406, 409-10 (7th Cir. 1997)). A party seeking a deposition can meet this standard when the official is shown to have exclusive first-hand knowledge directly relevant to the claims being litigated. *See id.*; *Bogan v. City of Boston*, 489 F.3d 417, 423 (1st Cir. 2007) ("Depositions of high ranking officials may be permitted where the official has first-hand knowledge related to the claim being litigated . . . where it is shown that other persons cannot provide the necessary information.").

This rule allows "high-level public servants to spend their valuable time performing their duties rather than preparing for and testifying in depositions, unless the individual has some relevant personal knowledge about the subject matter." *Kline v. Berry*, No. 10-1802 (RWR), 2012 WL 2376982, at *5 (D.D.C. June 25, 2012).

- *Commissioner Radack does not possess personal, let alone superior or unique, knowledge regarding the remaining issues.*

The fundamental questions in this case are about judicial policies and practices. Plaintiffs have represented to the Court that only two issues remain: (1) whether money bail can be used prior to an individualized assessment of bail and (2) whether, to set an unaffordable bail, a judicial officer must make a finding, supported by clear and convincing evidence, that pretrial detention is necessary. (ECF No. 400, p. 2.)

The Fifth Circuit recently resolved the first question as a matter of law. *See ODonnell v. Harris Cnty., Tex.*, 18-20466 (5th Cir. Aug. 14, 2018) (staying portions of the Amended Preliminary Injunction and holding that using money bail prior to an individualized assessment of bail passed rational basis review). And Plaintiffs admit that the second question is a pure question of law. (ECF No. 466) (arguing that "no fact in dispute is relevant to the purely legal disagreements between the parties about what federal law required at a bail hearing."). Thus, no

fact questions remain, and, as such, there is no need for any additional discovery (and certainly no need for a deposition of a high-ranking government official).

Putting aside that only legal questions remain, Plaintiffs cannot justify deposing Commissioner Radack on any topic related to setting money prior to an individualized assessment of bail or what the Constitution requires to set bail. Commissioner Radack lacks personal knowledge regarding these specific topics. (*See* Ex. C, Dec. S. Radack.) And no serious dispute exists that other people within Harris County, namely various judicial officers (i.e., the Hearing Officers or County Criminal Court at Law Judges)—five of which the Plaintiffs will be deposing—most certainly have *superior* knowledge about the bail setting process.

- *Plaintiffs have never argued that Commissioners Court is the relevant policymaking body, and Commissioner Radack's testimony as an individual would be immaterial to this case.*

The parties have devoted hundreds of pages of briefing in this Court and the Fifth Circuit on why Harris County cannot be liable under § 1983. Not once have Plaintiffs argued or even suggested that Commissioners Court is the relevant policymaking body. And for good reason: Commissioners Court has no control over the bail setting policies or practices at issue in this case.

Furthermore, Commissioner Radack's testimony, if allowed, would be of no relevance or importance because a single Commissioner alone cannot bind the County. Nor can any individual County Commissioner (such as Commissioner Radack) make policy on his or her own. *See Meyers v. JDC/Firethorne, Ltd*., 548 S.W.3d 477, 488-89 (Tex. 2018) ("individual commissioners have no authority to bind the county by their separate action") (quoting *Canales v. Laughlin,* 147 Tex. 169, 214 S.W.2d 451, 455 (1948)). Thus, Commissioner Radack's

4

testimony would literally serve no purpose, other than distracting the County and its counsel from the important legal issues in this case.

- *Plaintiffs have not even attempted to secure discovery through less intrusive means.*

Plaintiffs have not sought written discovery about any topic on which Commissioner Radack, or any Commissioner, may have unique or superior knowledge.[1] Furthermore, Plaintiffs own stated basis for taking this deposition is to "discover facts about the pre-trial system in Harris County." Yet this type of subject-matter scope is precisely the kind of discovery that would be appropriate for a Rule 30(b)(6) deposition, which would allow Harris County to identify and present a person who would have actual and useful knowledge about that subject matter and could bind the County. While Plaintiffs have noticed Rule 30(b)(6) depositions of Harris County, the Sheriff's Office, and the Office of Court Management, they have not availed themselves of a 30(b)(6) deposition regarding the "facts about the pre-trial system."

- *The only plausible basis for this deposition is to harass.*

Plaintiffs cannot show that Commissioner Radack has *any* relevant first-hand knowledge about the pre-trial system in Harris County, let alone exclusive knowledge that cannot be obtained elsewhere. Indeed, Plaintiffs will be deposing, among others, three Hearing Officers, two County Criminal Court at Law Judges, one Pretrial Services Officer, the Chief Public Defender, an Assistant Public Defender, and a former prosecutor.[2] Plaintiffs will also depose County Commissioner Ellis. Between these people, Plaintiffs can gather all the possible information they may need about the working of the pretrial system.

---

[1] Plaintiffs have, however, sought significant discovery in this case. Harris County has produced gigabytes of data and tens of thousands of pages of documents.

[2] This is in addition to the three 30(b)(6) depositions, at which Defendants is providing seven witnesses, and the twelve additional expert depositions.

The only possible motivation for this deposition is to harass Commissioner Radack. When the parties conferred on the impropriety of these depositions, Plaintiffs stated that Commissioner Radack made public statements during Commissioners Court. It would create a dangerous precedent to allow Commissioners or the County Judge to be deposed on things said during court. *See Dep't of the Interior & Bureau of Indian Affairs v. Klamath Water Users Protective Ass'n*, 532 U.S. 1, 8-9, 121 S.Ct. 1060 (2001) (discussing the deliberative process privilege that "rests on the obvious realization that officials will not communicate candidly among themselves if each remark is a potential item of discovery and front page news," and is designed to "enhance the quality of agency decisions by protecting open and frank discussion among those who make them within the Government.").

The Texas Constitution recognizes that "freedom of legislative or parliamentary speech and debate is a great and vital privilege of Anglo-American liberties." Tex. Const. art. III, § 21, Interpretive Commentary. The Texas Constitution states, "[n]o member shall be questioned in any other place for words spoken in debate in either House." Tex. Const. art. III, § 21. Cases interpreting similar speech and debate clauses recognize that they shall be liberally construed to protect legislative activities. *See Alliance for Global Justice v. Dist. of Columbia*, 437 F. Supp. 2d 32, 35 (D.D.C. 2006). The purpose of this clause is to promote a lively, healthy debate among policymakers. Allowing a county commissioner to deposed on something said in open court would have a severe chilling effect. *See New York Times Co. v. Sullivan*, 376 U.S. 254, 270 (1964) ("[D]ebate on public issues should be uninhibited, robust, and wide-open.").

Furthermore, what Commissioner Radack may have said about the prior preliminary injunction has no relevance to the issues moving forward. The Fifth Circuit held that the first preliminary injunction was legally defective, and, in fact, this injunction has since been

replaced.[3] And to the extent that Commissioner Radack has any knowledge as to the efficacy of the injunction, Defendants have produced reams of data showing that the injunction was a disaster, and, more to the point, the efficacy of the injunction will be the topic of expert opinion. Plaintiffs have no legitimate basis to depose Commissioner Radack about the injunction, they can depose Defendants' expert.

- *At the very least, the Court should defer ruling on whether to allow this deposition until after Plaintiffs have taken the other twelve depositions they have requested.*

Plaintiffs are planning to take twelve individual depositions and numerous 30(b)(6) depositions of various current and former county employees and judicial officers. At the very least, the parties should revisit the need for Commissioner Radack's deposition once Plaintiffs have completed the extensive depositions. *See Estate of Levingston v. Cnty. of Kern*, 320 F.R.D. 520, 525 (E.D. Cal. 2017) (granting a sheriff's protective order because he was a high ranking official and plaintiffs had failed to seek discovery from lower level employees). It was highly premature for Plaintiffs to even request this deposition, and it was error for the Court to allow it.

## Conclusion

Harris County respectfully requests that this Court grant its request for protective order and deny Plaintiffs' attempt to depose Commissioner Radack.

---

[3] Plaintiffs have never even attempted to defend or justify the overbreadth of the first preliminary injunction.

7

Respectfully Submitted,

**HUSCH BLACKWELL LLP**

By: */s/ Mike Stafford*
Mike Stafford
State Bar No. 18996970
Katharine D. David
State Bar No. 24045749
Philip J. Morgan
State Bar No. 24069008

Benjamin Stephens
State Bar No. 24098472
1800 Bering Drive, Suite 750
Houston, Texas 77057
Phone: (713) 647-6800
Fax: (713) 647-6884
mike.stafford@huschblackwell.com
kate.david@huschblackwell.com
phil.morgan@huschblackwell.com
ben.stephens@huschblackwell.com

**Office of the Harris County Att'y**

*/s/ Melissa Spinks*
Melissa Spinks
Texas Bar No. 24029431
1019 Congress, 15th Floor
Houston, Texas 77002
Tel: 713-274-5101
Fax: 713-755-8924
melissa.spinks@cao.hctx.net

***Counsel for Harris County, Texas, Eric Stewart Hagstette, Joseph Licata III, Ronald Nicholas, Blanca Estela Villagomez, and Jill Wallace***

AUS-6586140-1

## <u>CERTIFICATE OF SERVICE</u>

I certify that on the 15th of August, 2018, I electronically filed the foregoing document with the clerk of court for the U.S. District Court, Southern District of Texas, using the electronic case filing system of the court.

*/s/ Katharine D. David*
Katharine D. David

AUS-6586140-1