# Exhibit B

# HUSCH BLACKWELL

**KATE D. DAVID**
1800 Bering Drive, Suite 750
Houston, TX 77057
Direct: 713.525.6258
Fax: 713.647.6884
kate.david@huschblackwell.com

August 10, 2018

The Honorable Lee H. Rosenthal, District Judge
United States Courthouse
515 Rusk Street, Room 11535
Houston, Texas 77002

      Re:    Case No. 16-cv-01414; *ODonnell et al. v. Harris County, Texas, et al*;
             In the U.S. District Court for the Southern District of Texas, Houston Division

Dear Chief Judge Rosenthal:

This letter responds to Plaintiffs' pre-motion letter of August 7, 2018.

### A.    Plaintiffs lack any justification for deposing two Commissioners and the County Judge.

Plaintiffs state that, in part, they need to exceed the allowable number of depositions so that they can "discover facts about the pre-trial system in Harris County which is complex and has a number of different stakeholders, including pre-trial services [sic], the District Attorney's Office, the Public Defender's, and others." What Plaintiffs conveniently leave out of the "and others" is that they seek to depose two County Commissioners and the County Judge. (*See* Pls.' Ltr., 8/7/18, Ex. 1.) Plaintiffs have no basis whatsoever to depose these high-ranking county officials.

Not once have Plaintiffs ever argued that Harris County Commissioners Court is the relevant policymaking body in this case. And rightfully so; Commissioners Court has no control over the bail setting policies or practices at issue in this case. Nor do these officials have "unique or superior" personal knowledge of any relevant or material facts. (And what knowledge they do possess was likely transmitted through counsel, so it would be privileged.) Nor would these official's testimony be of any relevance or importance because neither a single Commissioner nor the County Judge alone can bind the County. These depositions serve no purpose.

Depositions of high-ranking officials is disfavored and is typically severely limited. *See, e.g.*, *Salter v. Upjohn Co.*, 593 F.2d 649, 651 (5th Cir. 1979); *Simms v. Nat'l Football League*, No. 3:11-cv-0248, 2013 WL 9792709, at *3 (N.D. Tex. July 10, 2013). "To determine whether to permit the deposition of a high-level executive, federal courts have considered the following factors: (1) whether the moving party can demonstrate that the executive possesses personal or

# HUSCH BLACKWELL

August 10, 2018
Page 2

superior and unique knowledge; and (2) whether the information could be obtained from lower-level employees or through less burdensome means, such as written interrogatories." *Pan Am. Life Ins. Co. v. La. Acquisitions Corp.*, No. 13-5027, 2015 WL 4168435, at *4 (E.D. La. July 9, 2015). Plaintiffs cannot meet their burden.

The fundamental questions in this case are about judicial policies and practices. Plaintiffs have represented to the Court that only two issues remain: (1) whether money bail can be used prior to an individualized assessment of bail and (2) whether, to set an unaffordable bail, a judicial officer must make a finding, supported by clear and convincing evidence, that pretrial detention is necessary. (ECF No. 400, p. 2.) Neither the Commissioners nor County Judge likely have any personal knowledge regarding these topics. And no serious dispute exists that other people within Harris County, namely various judicial officers (i.e., the Hearing Officers or County Criminal Court at Law Judges)—five of which the Plaintiffs will be deposing—would most certainly have superior knowledge about the bail setting process.

Moreover, Plaintiffs are seeking to depose, among others, three Hearing Officers, two County Criminal Court at Law Judges, one Pretrial Services Officer, an Assistant Public Defender, and a former prosecutor. Between these people, Plaintiffs can gather all the possible information they may need about the working of the pretrial system. Adding two Commissioners and the County Judge to this list is unnecessary.

The only possible motivation for these depositions is to harass county officials. When the parties conferred on the impropriety of these depositions, Plaintiffs stated that these people made public statements during Commissioners Court. It would create a dangerous precedent to allow Commissioners or the County Judge to be deposed on things said during court. The Court should not permit these depositions. In the event that Court does not put a stop to Plaintiffs' through this pre-motion phase, Harris County requests permission, upon service of a proper deposition notice, to formally seek protection in order to create a robust record for any later review of this issue.

### B.     <u>Twenty-seven depositions is not proportionate to this case.</u>

As a preliminary matter, the parties are still conferring on this issue. After the meet and confer call, the parties discussed making additional proposals to potentially resolve this issue. Plaintiffs without any further conference filed their letter. Despite Plaintiffs' actions, the parties are still conferring.

As to the substance of Plaintiffs' request, Plaintiffs submitted numerous declarations at the preliminary injunction hearing. While such testimony may be considered at a preliminary injunction hearing, that does not mean that these declarations, which are rank hearsay, are admissible at a trial on the merits. Plaintiffs overlook that Harris County and the other Defendants did not have an opportunity to cross-examine any of the declarants. In fact, the Court limited each side to just two live experts. As the parties start to develop the factual record for a trial on the merits, Harris County and the other Defendants should have an opportunity to meaningfully cross-examine any witnesses that Plaintiffs intend to call at trial.

August 10, 2018
Page 3

Plaintiffs try to give the appearance that their request is reasonable, asking for leave to merely conduct numerous "short telephonic depositions" as if these depositions are perfunctory and routine. Nothing could be further from the truth. Harris County and other Defendants must prepare for each deposition and are entitled to fully cross-examine each witness, many of whom are experts.

In short, nothing in Plaintiffs' letter justifies twenty-seven depositions.

C. **In light of all the facts, Harris County's agreement to respond to discovery on an expedited timeline is more than reasonable.**

Harris County responded to Plaintiffs' request to depose a corporate representative on "the meaning of **all** terms that appear in **any** spreadsheet [Harris County] produced during the course of this litigation" by requesting clarification on exactly what was requested, because as written this topic is overbroad. Many spreadsheets have been produced in this case, each containing numerous data elements. The Plaintiffs initially pushed back claiming that their request was proper. But in later conversations, the Plaintiffs agreed to discuss clarifying the scope, given that Harris County would likely have to identify seven or eight, possibly more, different people to cover such a broad topic. Indeed, as of the date of Plaintiffs' letter, Plaintiffs stated after a call, "Plaintiffs agreed to let the County know whether there are spreadsheets or variables within spreadsheets that we do not intend to ask questions about." (Ex. A, Email E. Rossi to P. Morgan, 8/7/18.) Harris County understands this to mean that the parties are still conferring on the scope of the Harris County 30(b)(6) depositions, which in turn will determine what people Harris County will designate as corporate representatives.

Moreover, Plaintiffs first sought 30(b)(6) deposition dates on July 26, demanding depositions in the following two weeks. What makes Plaintiffs' request unreasonable is that counsel is fully aware that Harris County's counsel has a preliminary injunction hearing set in another similar bail case in Dallas County (involving many of Plaintiffs' counsel). So Plaintiffs' demand was effectively for a deposition the week of July 30—the very next week. Putting aside that the time between July 26 and July 30th was devoted to ensuring that the Court's Amended Preliminary Injunction was carried out, it is patently unreasonable to give less than seven days' notice for a 30(b)(6) deposition, particularly on such broad topics, which is effectively what Plaintiffs did here.

It is also worth noting that Harris County's counsel did not object to other Defendants presenting their 30(b)(6) witnesses, and Plaintiffs were able to schedule some depositions the week of August 2nd.

August 10, 2018
Page 4

Much of this, however, is beside the point. Harris County agreed, even though Plaintiffs' timeline was unreasonable, to produce documents on an expedited timeline in the event that any depositions were taken after August 14.[1] Specifically, Harris County stated, "the County will agree to make good faith efforts to respond to any non-unduly burdensome and reasonable requests that directly arise from the depositions on a timeline that is shorter than permitted under the Federal Rules." This a reasonable compromise.

The disagreement is that Harris County cannot commit to producing documents by a date certain. The depositions are not yet scheduled. If, for example, a deposition cannot occur until September 3, and Plaintiffs then serve a broad discovery request, the parties will be right back here arguing about the timeline for production if Harris County is required to respond by September 14 (i.e., the close of discovery).[2] Harris County's commitment to make good faith efforts to respond on an expedited timeline is more than sufficient.

Sincerely,

*/s/ Kate David*

Kate David

KD/tgs
Attachment
HOU-6575469

---

[1] The Court issued the current scheduling order on June 25, 2018. (ECF No. 423.) If Plaintiffs wanted these depositions prior to August 14, they should not have waited a month to start requesting dates.

[2] Harris County is making every effort to schedule these depositions as soon as possible. August 24 has been offered for a deposition of Pretrial Services representatives. Plaintiffs have not yet confirmed whether this date is acceptable. Plaintiffs have also alluded to the possibility of demanding that all Harris County 30(b)(6) deponents be presented on the same date. While no rules require this, Harris County will try to accommodate Plaintiffs' request. However, coordinating seven or eight schedules (possibly more depending on whether Plaintiffs agree to narrow the scope), will be difficult.

## Morgan, Phil

| | |
|---|---|
| **From:** | Elizabeth Rossi <elizabeth@civilrightscorps.org> |
| **Sent:** | Tuesday, August 07, 2018 10:18 AM |
| **To:** | Morgan, Phil |
| **Cc:** | Alec Karakatsanis; Chuck Cooper; David, Kate; Elizabeth Barton; Falk, Sheryl A.; Jimenez, Victoria (CAO); Joseph S. Grinstein; Lexie White; Michael Gervais; Michael W. Kirk; Moore, Nita; Murray Fogler; Neal S. Manne; Spinks, Melissa (CAO); Stafford, Mike; Stephens, Ben; Stone, Cori; Taylor Biddle; Washington, Chival; Will Marra; allanvanfleet@gmail.com; bruce.powers@cao.hctx.net; charlie@civilrightscorps.org; springle@fairdefense.org |
| **Subject:** | Re: Meet and confer today |

Phil,

I'd like to clarify some of what you wrote:

1. Plaintiffs will consider proposing alternative language regarding the County's need to respond before the close of fact discovery to discovery requests arising from a 30b6 deposition. Plaintiffs did not commit to sending such language. We have now conferred on this matter.

2. Plaintiffs agreed to let the County know whether there are spreadsheets or variables within spreadsheets that we do not intend to ask questions about.

3. I don't know what you mean by "FTA spreadsheets." You identified numerous spreadsheets that you and counsel for the Judges informed me were produced by OCM, and the County designated OCM to be deposed tomorrow on those spreadsheets.

4. You did not state on the call that you were offering August 24, and I did not state our position on your proposal below. But we will get back to you.

Thanks,
Elizabeth

On Tue, Aug 7, 2018 at 11:05 AM Morgan, Phil <Phil.Morgan@huschblackwell.com> wrote:

> Elizabeth,
>
> To summarize today's call:
>
> 1. Plaintiffs are going to send language about potential additional discovery.

1

2. Plaintiffs are going to internally consider whether they can better identify the specific spreadsheets or even specific data elements from the District Clerk's office that they want to ask questions about and advise accordingly.

3. Plaintiffs agree that the they will take the County 30(b)(6) on the FTA spreadsheets on August 8.

4. Plaintiffs are not yet willing to commit to deposing representatives of Pretrial Services on August 24 as part of the Harris County 30(b)(6).  Plaintiffs are also not sure whether they will insist that the County make all 30(b)(6) deponents available on one day, even there is no rule requiring this. Please be advised that we will try and accommodate Plaintiffs' request to do the remainder of the Harris County 30(b)(6) deposition in one day, but given the breadth of the topics, that is going to be difficult and will mostly likely result in pushing the depositions into early to mid-September.

Please let me know if you have any questions.

Sincerely,

Phil

**Philip J. Morgan
Attorney**

**HUSCH BLACKWELL LLP**
1800 Bering Drive, Suite 750
Houston, TX 77057
Direct:  713.525.6262
Fax:  713.647.6884
Phil.Morgan@huschblackwell.com
huschblackwell.com
View Bio | View VCard

---

**From:** Morgan, Phil
**Sent:** Monday, August 06, 2018 11:19 AM
**To:** 'Elizabeth Rossi'
**Cc:** Stafford, Mike; David, Kate; Stephens, Ben; Washington, Chival; Spinks, Melissa (CAO); bruce.powers@cao.hctx.net; Jimenez, Victoria (CAO); Chuck Cooper; Michael W. Kirk; Will Marra; Elizabeth Barton; Falk, Sheryl A.; Stone, Cori; Moore, Nita; allanvanfleet@gmail.com; Murray Fogler; Neal S. Manne; Lexie White; Alec Karakatsanis; Taylor Biddle; charlie@civilrightscorps.org; Joseph S. Grinstein; springle@fairdefense.org; Michael Gervais
**Subject:** RE: Meet and confer today

Elizabeth,

9am works well.  Please use the following dial in:

**Toll-Free Phone Number:**    (866) 677-2133

**Participant Passcode**:    20370857

Phil

**Philip J. Morgan**
**Attorney**

**HUSCH BLACKWELL LLP**
1800 Bering Drive, Suite 750
Houston, TX 77057
Direct:  713.525.6262
Fax:  713.647.6884
Phil.Morgan@huschblackwell.com
huschblackwell.com
View Bio | View VCard

**From:** Elizabeth Rossi [mailto:elizabeth@civilrightscorps.org]
**Sent:** Sunday, August 05, 2018 6:47 PM
**To:** Morgan, Phil
**Cc:** Stafford, Mike; David, Kate; Stephens, Ben; Washington, Chival; Spinks, Melissa (CAO); bruce.powers@cao.hctx.net; Jimenez, Victoria (CAO); Chuck Cooper; Michael W. Kirk; Will Marra; Elizabeth Barton; Falk, Sheryl A.; Stone, Cori; Moore, Nita; allanvanfleet@gmail.com; Murray Fogler; Neal S. Manne; Lexie White; Alec Karakatsanis; Taylor Biddle; charlie@civilrightscorps.org; Joseph S. Grinstein; springle@fairdefense.org; Michael Gervais
**Subject:** Re: Meet and confer today

Phil,

I won't be able to confer tomorrow, but I can talk at 9 am CST or 4 pm CST on Tuesday.  Does one of those times work?

Thanks,

Elizabeth

3

Elizabeth Rossi

Attorney

Civil Rights Corps

910 17th Street NW, 2nd Floor

Washington, DC 20006
elizabeth@civilrightscorps.org
202-681-2721
http://www.civilrightscorps.org/

*Admitted solely to practice law in Maryland; not admitted in the District of Columbia. Practice is limited pursuant to D.C. App. R. 49(c)(3).*

On Fri, Aug 3, 2018 at 5:02 PM, Morgan, Phil <Phil.Morgan@huschblackwell.com> wrote:

Elizabeth,

Also as a follow-up to our call, please let us know what time Monday you would like to discuss what you are really wanting to focus on in the County 30(b)(6) deposition. It seemed as if Plaintiffs were willing to narrow or at least clarify the request. We are available today to discuss too.

Phil

**Philip J. Morgan**
**Attorney**

**HUSCH BLACKWELL LLP**
1800 Bering Drive, Suite 750
Houston, TX 77057
Direct:  713.525.6262
Fax:  713.647.6884
Phil.Morgan@huschblackwell.com
huschblackwell.com
View Bio | View VCard

**From:** Morgan, Phil
**Sent:** Friday, August 03, 2018 3:34 PM
**To:** 'Elizabeth Rossi'
**Cc:** Stafford, Mike; David, Kate; Stephens, Ben; Washington, Chival; Spinks, Melissa (CAO); bruce.powers@cao.hctx.net;

4

Jimenez, Victoria (CAO); Chuck Cooper; Michael W. Kirk; Will Marra; Elizabeth Barton; Falk, Sheryl A.; Stone, Cori; Moore, Nita; allanvanfleet@gmail.com; Murray Fogler; Neal S. Manne; Lexie White; Alec Karakatsanis; Taylor Biddle; charlie@civilrightscorps.org; Joseph S. Grinstein; springle@fairdefense.org; Michael Gervais
**Subject:** RE: Meet and confer today

Elizabeth,

For clarity, how is our proposal in No. 3 insufficient. We are trying to craft something to prevent Plaintiffs from abusing our agreement to provide expedited discovery, if needed. If you would like to propose a modification, please do so. We are trying to work with you on that.

Phil

**Philip J. Morgan**
**Attorney**

**HUSCH BLACKWELL LLP**
1800 Bering Drive, Suite 750
Houston, TX 77057
Direct:  713.525.6262
Fax:  713.647.6884
Phil.Morgan@huschblackwell.com
huschblackwell.com
View Bio | View VCard

**From:** Elizabeth Rossi [mailto:elizabeth@civilrightscorps.org]
**Sent:** Friday, August 03, 2018 3:30 PM
**To:** Morgan, Phil
**Cc:** Stafford, Mike; David, Kate; Stephens, Ben; Washington, Chival; Spinks, Melissa (CAO); bruce.powers@cao.hctx.net; Jimenez, Victoria (CAO); Chuck Cooper; Michael W. Kirk; Will Marra; Elizabeth Barton; Falk, Sheryl A.; Stone, Cori; Moore, Nita; allanvanfleet@gmail.com; Murray Fogler; Neal S. Manne; Lexie White; Alec Karakatsanis; Taylor Biddle; charlie@civilrightscorps.org; Joseph S. Grinstein; springle@fairdefense.org; Michael Gervais
**Subject:** Re: Meet and confer today

Counsel,

Below is a summary of the meet and confer this afternoon between Plaintiffs, the County, and the 14 Judges:

1) The County and 14 Judges object to our request to take depositions in excess of the number permitted by the federal rules. We will raise this issue with Judge Rosenthal in a pre-motion letter.

2) The Judges might agree to the admissibility and authenticity of the 12 declarations Plaintiffs identified, if Plaintiffs agree to the authenticity and admissibility of the declarations submitted by the Hearing Officers and Judges at the preliminary injunction hearing. Nicole responded this afternoon to state that the Judges are not in a position to stipulate at this point.

Nicole, Could you let us know when you'll be in a position to speak to this issue?  Assuming we were willing to stipulate to admissibility of certain of your declarations, when could you give us a list of the ones of ours that they will stipulate to?

Phil, Can the County confirm that, if the Fourteen Judges agree to admissibility, that they will also stipulate?  Otherwise, there is no point trying to reach agreement.

3) Phil stated that "the County will agree to make good faith efforts to respond any non-unduly burdensome and reasonable requests that directly arise from the depositions on a time line that is shorter than permitted under the Federal Rules."  This is insufficient for Plaintiffs and we will ask the Court to require the County to respond to appropriate discovery requests prior to the close of fact discovery.   We will raise this issue with Judge Rosenthal in a pre-motion letter.

4) The felony judges will accept service of the 30(b)(6) deposition on the Office of Court Management.

Best,
Elizabeth



Elizabeth Rossi

Attorney
Civil Rights Corps
910 17th Street NW, 2nd Floor
Washington, DC 20006
elizabeth@civilrightscorps.org
202-681-2721
http://www.civilrightscorps.org/

*Admitted solely to practice law in Maryland; not admitted in the District of Columbia. Practice is limited pursuant to D.C. App. R. 49(c)(3).*



On Fri, Aug 3, 2018 at 3:03 PM, Morgan, Phil <Phil.Morgan@huschblackwell.com> wrote:
>
> Elizabeth,
>
>
>
> As a follow up to our call, as it relates to item 3 below, the County will agree to make good faith efforts to respond any non-unduly burdensome and reasonable requests that directly arise from the depositions on a time line that is shorter than permitted under the Federal Rules.
>
>
>
> Phil
>
>
>
> Philip J. Morgan

6

> Attorney
>
> HUSCH BLACKWELL LLP
> 1800 Bering Drive, Suite 750
> Houston, TX 77057
> Direct:  713.525.6262
> Fax:  713.647.6884
> Phil.Morgan@huschblackwell.com
> huschblackwell.com
> View Bio | View VCard
>
> From: Elizabeth Rossi [mailto:elizabeth@civilrightscorps.org]
> Sent: Friday, August 03, 2018 11:41 AM
> To: Stafford, Mike; David, Kate; Morgan, Phil; Stephens, Ben; Washington, Chival; Spinks, Melissa (CAO); bruce.powers@cao.hctx.net; Jimenez, Victoria (CAO); Chuck Cooper; Michael W. Kirk; Will Marra; Elizabeth Barton; Falk, Sheryl A.; Stone, Cori; Moore, Nita; allanvanfleet@gmail.com; Murray Fogler; Neal S. Manne; Lexie White; Alec Karakatsanis; Taylor Biddle; charlie@civilrightscorps.org; Joseph S. Grinstein; springle@fairdefense.org; Michael Gervais
> Subject: Meet and confer today
>
>
>
> Counsel,
>
>
>
> We can use the following dial-in for the meet and confer today at 1:30 pm CST:
>
>
>
> Dial-in: 712-775-7031 Access code: 281-229-968
>
>
>
> The issues are:
>
>
>
> 1) Seeking leave from the Court to conduct additional depositions
>
> 2) Whether Defendants will stipulate to the authenticity and admissibility of the declarations submitted during the PI hearing
>
> 3) A date for the 30(b)(6) deposition of the person who can speak to the information in the County's spreadsheets.  If that person is unavailable next week, whether the County will agree to respond to new discovery requests before the end of the fact discovery period, even if that means it would be shorter than the permitted number of days to respond under the Federal Rules.
>
> 4) Whether the Judges will accept service of the 30(b)(6) depo notice on behalf of the Office of Court Management.
>

7

```
>
>
> Thanks,
>
> Elizabeth
>
>
> Elizabeth Rossi
>
>
>
> Attorney
>
> Civil Rights Corps
>
> 910 17th Street NW, 2nd Floor
>
> Washington, DC 20006
> elizabeth@civilrightscorps.org
> 202-681-2721
> http://www.civilrightscorps.org/
>
>
>
> *Admitted solely to practice law in Maryland; not admitted in the District of Columbia. Practice is limited pursuant to D.C. App. R. 49(c)(3).*
```

--

Elizabeth Rossi

Attorney
Civil Rights Corps
910 17th Street NW, 2nd Floor
Washington, DC 20006
elizabeth@civilrightscorps.org
202-681-2721
http://www.civilrightscorps.org/

*Admitted solely to practice law in Maryland; not admitted in the District of Columbia. Practice is limited pursuant to D.C. App. R. 49(c)(3).*