IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MARANDA LYNN ODONNELL, *et al.*, | ) | |
| | ) | |
| Plaintiffs, | ) | Case No. 4:16-cv-01414 |
| | ) | (Consolidated Class Action) |
| v. | ) | The Honorable Lee H. Rosenthal |
| | ) | U.S. District Judge |
| HARRIS COUNTY, TEXAS, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**<u>Opposed Motion to Stay New Discovery Pending Investiture of Newly Elected Officials</u>**

Harris County and Judges 1-13 and 15 (collectively, "Defendants") respectfully request a stay of (i) any new discovery, (ii) consideration of new controversies until February 1, 2019, and (iii) postponement of the November 13, 2018 pre-motion hearing. Defendants are not requesting that the weekly reporting requirement be stayed or that any currently pending discovery be stayed. The Sheriff does not oppose; Judge Fields does not oppose a stay through January 1, 2019, and expresses no opinion on a stay thereafter; Judge Jordan has not yet indicated his position; and Plaintiffs oppose.

Plaintiffs' opposition is bewildering given that after the 2016 election they fully supported a short postponement to allow the new officials to join the case. *See* Trans. Motion Hearing, 11/28/2016, 138:17–139:7) ("We were offering that as a –to be clear, I mean, we think that, as the Court, I think, stated really well at the beginning of the hearing, the political landscape is changing. There has been elections. There is one new county court at law judge who also campaigned on this issue. There is a new DA. There is a new sheriff, both of whom campaigned on this issue . . . . And so we were saying, look, we could spill a lot of ink and fight

back and forth in the next month over this question. But it might be very different when the new sheriff comes in and takes a different position about prospective release.").

## Argument

As forecast by the Court, the results of the recent election have the potential to change this lawsuit dramatically. *See* Trans. Scheduling Conference, 9/6/18 (noting that "on the practical side of things, we've got the November election coming" and discussing that the election might impact the case). Of the sixteen judicial defendants in this case, fifteen will be replaced on January 1. (Only Judge Jordan will remain in office). And because the judges are sued only in their official capacity, the new judges will be substituted in as parties. *See* Fed. R. Civ. P. 25(d). Likewise, to the extent that Commissioners Court has any role in this case (it does not), there will be two new Democratic members of Commissioners Court, a majority.

This is not the first time that an election has affected this case. As the Court discussed at a post-election hearing in December 2016:

> Court: We are standing on uncertain sand—on sand here as opposed to firm ground. We have had an election. January 1 we will have a whole new slate of plates. Like you, I read the papers. I note that this precise issue was the subject of the campaign, and the person opposed to the current system won as the District Attorney. The sheriff has already made clear, sheriff elect, that he intends to negotiate. . . . The point is, that we have a number of people whose political approach to these issues, not legal, political, may influence the shape of the issues that are before me for legal analysis and decision under the applicable law. . . . I am happy to do my job, but if the facts are going to change in a way that impacts injunctive relief, declaratory relief, if what the custom is, prospectively, will look a whole lot different from what I has been, I need to understand the best way, from my case management view, to take advantage of a political willingness of the policymakers to fashion a solution rather than have one imposed upon them.

(*See* Trans. Motion Hearing, 11/28/2016, 7:2–8:5.) Ultimately, the Court postponed the preliminary injunction hearing to allow the new stakeholders to join the case. (*Id.* at 147:2–16.) Just as with the last election, the scope and breadth of the issues in dispute could change based

on the political views of the newly elected office holders. And just as with the last election, it makes sense for the parties to put their pencils down and see what effect, if any, the significant substitution of parties may have on this case. Specifically, there is no need to take depositions or conduct written discovery during the next two months.[1]

Plaintiffs will suffer no prejudice by staying new discovery for a few months. The parties have completed fact discovery, with the exception of discovery regarding the weekly reports that the Court specifically allowed. And the Court has already indicated that it is not going to rule on the substantive issues until the Fifth Circuit rules on the current appeal.

Furthermore, Defendants are in full compliance with the Fifth Circuit's order and the Court's Amended Preliminary injunction (excluding the four stayed provisions). Indeed, what is evident from the weekly reports is that the post arrest system is functioning extraordinarily well. A very high percentage of misdemeanor arrestees are receiving a timely, individualized assessment of bail. (*See* ECF No. 527.) Between October 27 and November 4, only 1.4% of misdemeanor arrestees did not have a timely hearing for no identifiable reason.[2] (An additional 11.25% of arrestees did not have a timely hearing, but they were identified as having either mental health or medical issues, or in such a state that they could not be brought to the hearing safely).

## Conclusion

Defendants requests that the Court stay this case until February 1, 2019, not allow any new discovery or consider any new controversies, and postpone the November 13, 2018 pre-

---

[1] Plaintiffs have requested several depositions that go to the issue of whether there were instructions from County Criminal Court at Law Judges to the Hearing Officers. The existence or non-existence of instructions from these officials is irrelevant given that they will no longer be in office.

[2] Only one person during this period was arrested by the Harris County Sheriff's Office and did not receive a timely hearing for no identifiable reason. The others whose hearings were delayed were arrested by other law enforcement agencies over which Harris County lacks control.

motion hearing. That will allow the newly elected officials to take office, get up to speed on the issues in this case, and make informed and thoughtful decisions about how to proceed. At that time, there will also be a greater sense of clarity regarding what, if any, issues remain.

Respectfully submitted:

**Husch Blackwell LLP**

By: */s/ Mike Stafford*
    Mike Stafford
    State Bar No. 18996970
    Katharine D. David
    State Bar No. 24045749
    Philip J. Morgan
    State Bar No. 24069008
    Benjamin Stephens
    State Bar No. 24098472
    600 Travis, Suite 2350
    Houston, Texas 77002
    Ph: (713) 647-6800
    Fax:  (713) 647-6884
    mike.stafford@huschblackwell.com
    kate.david@huschblackwell.com
    phil.morgan@huschblackwell.com
    ben.stephens@huschblackwell.com

**Office of the Harris County Att'y**

By:/s/ *Melissa Spinks*
    Melissa Spinks
    Texas Bar No. 24029431
    1019 Congress, 15th Floor
    Houston, Texas 77002
    Ph: 713-274-5101
    Fax: 713-755-8924
    melissa.spinks@cao.hctx.net

*Counsel for Harris County, Texas, Eric Stewart Hagstette, Joseph Licata III, Ronald Nicholas, Blanca Estela Villagomez, and Jill Wallace*

By: */s/ Nicole J. Moss*
Charles J. Cooper
District of Columbia Bar No. 248070
ccooper@cooperkirk.com
Michael W. Kirk
District of Columbia Bar No. 424648
mkirk@cooperkirk.com
Nicole J. Moss
nmoss@cooperkirk.com
William C. Marra
wmarra@cooperkirk.com
COOPER & KIRK, PLLC
1523 New Hampshire Ave., NW
Washington, D.C. 20036
Ph: (202) 220-9600
Fax: (202) 220-9601

Sheryl A. Falk
State Bar of Texas No. 06795350
sfalk@winston.com
Robert L. Green
State Bar of Texas No. 24087625
rlgreen@winston.com
Corinne Stone
State Bar of Texas No. 240102541
cstone@winston.com
WINSTON & STRAWN LLP
1111 Louisiana St., 25th Floor
Houston, TX 77002
Ph: (713) 561-2600
Fax: (713) 651-2700

*Counsel for Defendants Fourteen Judges of Harris County Criminal Courts at Law*

**Certificate of Conference**

I certify that I conferred with Plaintiffs' counsel and they are unopposed to the relief requested.

                                                  */s/ Mike Stafford*
                                                  Mike Stafford

**Certificate of Service**

I certify that on the 9th day of November, 2018, I electronically filed the foregoing document with the clerk of court for the U.S. District Court, Southern District of Texas, using the electronic case filing system of the court.

                                                  */s/ Mike Stafford*
                                                  Mike Stafford

DocID: 4814-9834-4570.1