

# ADMINISTRATIVE ORDER NUMBER 2019-01

## ORDER AMENDING LOCAL RULE

Pursuant to TEXAS GOV'T CODE §75.403 (giving Harris County Criminal Court at Law judges authority to adopt, by a two-thirds vote, local rules for practice and procedure before those courts), the Harris County Criminal Courts at Law voted to adopt rules listed as follows, effective January 17, 2019.

Signed on 1/17/19.

_____
Hon. Darrell Jordan
Presiding Judge, Harris County Criminal Courts at Law

## AMENDED LOCAL RULE 9.1

The Harris County Criminal Court at Law Judges hereby implement the following post-arrest policies to be applied to all persons arrested for a misdemeanor offense.

The "Initial Bail Schedule" in Local Rule 9.1 is hereby rescinded. To the extent Amended Local Rule 9.1 conflicts with any other local rule, the amended Local Rule 9 controls. Amended Local Rule 9.1 is intended to remedy the constitutional violations identified by the federal district court in *ODonnell v. Harris County*, 251 F. Supp. 3d 1052 (S.D. Tex. 2017), and the Fifth Circuit in *ODonnell v. Harris County*, 892 F.3d 147 (5th Cir. 2018).

1. Secured money bail must not be required as a condition of pretrial release prior to an individualized determination of ability to pay and, if the person cannot pay, consideration of alternatives and a finding that detention is necessary to meet a compelling government interest in either public safety or flight from prosecution.

2. All misdemeanor arrestees must be released on a personal bond (i.e. unsecured bond) or on non-financial conditions as soon as practicable after arrest,[1] except arrestees who fall within the following categories, who may be detained for up to 48 hours for an individualized hearing:[2]

    a. Individuals arrested for violating a protective order issued pursuant to Article 17.292 of the Texas Code of Criminal Procedure, Section 6.504 of the Texas Family Code, or other similar provision of state law;

    b. Individuals arrested and charged pursuant to Section 22.01 of the Texas Penal Code against a person described in Section 22.01(b)(2), or individuals arrested pursuant to Section 22.07(c)(1);

    c. Individuals arrested for DWI-2nd where a person was convicted for a first DWI offense within 5 years;

    d. Individuals arrested and charged with any new offense while on any form of pretrial release;

    e. Individuals arrested for not appearing at a court date while on any form pretrial release in an open case; and

---

[1] If necessary to assure community safety or the safety of the arrestee herself, a person arrested for DWI-1st or DUI-1st may be detained for up to 8 hours prior to release on a personal bond to allow time for the person to become sober and be safely released.

[2] The term "release" as used herein refers to release in the pending case for which the new arrest occurred. Thus, if a person has other pending lawful holds (e.g. from another case, parole, or from another jurisdiction), "release" would mean release to that other hold rather than release from custody.

    f.    Individuals arrested while on any form of community supervision following a conviction for a Class B misdemeanor or above.

3. Any person arrested for the reasons described in Section 2(a)–2(f) may be kept in custody pending an individualized hearing before a judicial officer.[3] Any decision maker who makes decisions about conditions of release, including the Harris County Hearing Officers, must have complete discretion to release any misdemeanor arrestee prior to an individualized hearing. Secured money bail must not be imposed as a condition of release prior to an individualized hearing.

4. Secured money bail must not be used as a condition of pretrial release at any time in the pretrial period for any misdemeanor arrestee other than those persons arrested for the reasons described in Section 2(a)–2(f).

5. Any arrestee who is not promptly released on a personal bond after arrest must receive an individualized hearing as soon as practicable but no later than 48 hours after arrest. Nothing in this provision is intended to conflict with any provision of Texas law or local rules.

6. If a person falls within a carve-out category set forth in provision 2(a)–(f), and is also not physically located in the jail such that an in-person hearing is not practicable, conditions of release must be determined within 48 hours of arrest in absentia, and an in-person hearing must be conducted as soon as practicable thereafter. A judicial officer may travel to the physical location of the arrestee to conduct the hearing in-person; however, a hearing conducted using audio-visual equipment will satisfy the requirement for an in-person hearing.

7. At the individualized hearing, the decision-maker may consider the full range of available conditions of release, including secured money bail, unsecured money bail, and nonfinancial conditions.

8. Public defenders staffing the magistration hearings must provide representation to all arrestees at the hearing to determine conditions of release, unless the arrestee executes a knowing and voluntary waiver of representation. Arrestees may retain an attorney of their choosing to represent them at the hearing.

9. Before a decision-maker may require secured money bail as a condition of release at an individualized hearing, the following procedures must be provided, and the following findings must be made:

    a. In every case, notice must be provided to the arrestee that financial information will be collected through an affidavit, and must explain to the arrestee the nature and

---

[3] Although individuals who fall within categories 2(a)-(e) *may* be detained for up to 48 hours for an individualized hearing on conditions of release, detention is not mandatory. Employees of the District Attorney's Office, Pretrial Services, the Sheriff's Office, or other government agencies may recommend that a judicial officer release any arrestee on a personal bond prior to an individualized hearing. The decision to release a person who falls within these categories must be made by a judicial officer. Such recommendations do not infringe judicial officers' authority to make decisions about conditions of release. They simply preserve the possibility of expeditious release on unsecured bond prior to an individualized hearing for arrestees who fall within categories 2(a)-(e) if a judicial officer decides that release prior to an individualized hearing is appropriate.

significance of the financial information to be collected.[4] The language required is as follows:

> I am [First Name] from Harris County Pretrial Services. I am here to interview you and report your answers to the Court. What you tell me will be used to make decisions about your release from jail. I will ask you to provide financial information which will be used to decide whether a lawyer will be appointed in your defense. Also, you will need to state the amount of money that you can afford to pay for a bond within 24 hours of your arrest. I will then also ask you to sign a paper with the financial information that you provided. Your answers must be truthful under penalty of law. False answers may be used against you. The information will be shared with the Court, the District Attorney and possibly other agencies. You may refuse to complete the interview, provide me with the financial information, or both. You will be allowed to talk to an attorney before your bail hearing. You may decide to participate in an interview after speaking with your lawyer. Do you agree to go forward with both the interview and providing financial information?

b. In every case, the arrestee's ability to pay money bail must be determined using an affidavit, provided to the arrestee after arrest and prior to the individualized hearing, that asks the arrestee to state, under penalty of perjury, the amount of money she can afford to pay within 24 hours of arrest from any lawful source.

c. The arrestee must be given an opportunity to be heard concerning both her ability to afford money bail and what nonfinancial conditions of release, if any, are necessary. Additionally, the arrestee must have an opportunity at the hearing to present evidence and make argument concerning those issues, and to contest any evidence or argument offered by the government concerning those issues.

d. If the decision-maker decides to require money bail as a condition of release, the order to pay money bail must be accompanied by substantive findings, on the record and reviewable by a higher court. The findings must be made by clear and convincing evidence. Those on the record findings must state either (1) that the arrestee has the ability to pay the amount required within 24 hours of arrest, or (2) that alternative conditions of release were considered, that no less-restrictive condition or combination of conditions could reasonably assure appearance or another compelling government interest, and that imposition of unaffordable[5] money bail is necessary to satisfy the government's interests. If an arrestee earns income equal to or less than 125% of the federal poverty line, she may not be assessed any fee associated with a personal bond or an unsecured bond, or the cost of a non-financial condition of release, including but not limited to, a supervision fee, a fee for electronic monitoring,

---

[4] The purpose of the explanation is to provide the notice due process requires: that the misdemeanor arrestee's federal constitutional rights to pretrial liberty and against wealth-based detention are at stake in the proceedings. The affidavit must give the misdemeanor arrestee an opportunity to declare under penalty of perjury the maximum amount of money she would be able to pay up front within 24 hours of arrest. The question is neither the arrestee's immediate ability to pay with cash on hand, nor what assets the arrestee could eventually produce after a period of pretrial detention. The question is what amount the arrestee could reasonably pay within 24 hours of his or her arrest.

[5] A money bail amount is "unaffordable" if the arrestee cannot pay the amount within 24 hours of arrest.

    or the cost of an interlock device. No arrestee may be kept in jail due to her inability to pay a fee or cost associated with a condition of release.[6] The findings and procedures required in (2) of this paragraph must be made if the court imposes an order of pretrial detention, either through an unattainable financial condition or directly through an order of pretrial detention.

   e. Nothing in provisions 8(a)-(d) is intended to conflict with any requirement of Texas law.

10. Any arrestee who remains in jail after the individualized hearing must be provided with an adversarial bail review hearing before a County Criminal Court at Law Judge within one business day.

11. Anyone who is released with pre-trial conditions is entitled to have an individualized hearing, if requested, to determine appropriate conditions of the person's release from custody. If the judicial officer imposes conditions of release at that individualized hearing, the judicial officer must provide written findings, on the record, providing a statement of why the conditions imposed are the least restrictive necessary to meet a specific government interest in court appearance or community safety.

12. The Sheriff must not enforce any order requiring secured money bail that was imposed prior to an individualized hearing. All arrestees shall be treated in accordance with Provision 1 and released on a personal bond, or Provision 2, and afforded an individualized hearing.

13. The Sheriff must not enforce any order requiring secured money bail that is not accompanied by a record showing that the procedures and findings described in Section 8(a)-(d) were provided. By General Order of the Judges, if an order to pay secured money bail is unaccompanied by the required record, the Sheriff must deliver to the arrestee a General Order Bond ("GOB") issued by the Court and release the arrestee.[7]

14. Any directive or requirement to pay money bail must not be enforced if issued prior to the individualized hearing.

15. If an arrestee is in the Sheriff's custody 40 hours after arrest and no conditions of release have been determined, the Sheriff must present the arrestee to a judicial officer for an individualized hearing. If the person does not appear before a judicial officer within 48 hours of arrest, by General Order of the Judges, the Sheriff must deliver to the arrestee the General Order Bond issued by the Court and release the arrestee.

16. The Judges' Court Coordinators or the District Clerk's Office will be responsible for monitoring the jail population and informing the Sheriff's Office of any arrestee who, to avoid violation of this Rule, must be presented to a judicial officer or released pursuant to a General Order Bond.

---

[6] An arrestee lacks the ability to pay for a non-financial condition of release if payment would constitute a substantial hardship. Substantial hardship includes, but is not limited to, when an arrestee's income is at or below 125% of the federal poverty line.

[7] The General Order Bond is a judicial release order, requiring the Sheriff, pursuant to judicial order, to release the arrestee from Harris County custody. The bond is pre-approved by the Judges or the Presiding Judge.

4

ADOPTED BY VOTE OF THE HARRIS COUNTY CRIMINAL COURT AT LAW JUDGES ON JANUARY 16, 2019

ATTEST: _____

HON. DARRELL JORDAN, PRESIDING JUDGE