## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| MARANDA LYNN ODONNELL, et al, | § | |
|     Plaintiffs, | § | |
| | § | |
| v. | § | No. 4:16-cv-01414 |
| | § | |
| HARRIS COUNTY, TEXAS, et al., | § | |
|     Defendants. | § | |

---

### BRIEF OF AMICUS CURIAE PROFESSIONAL BONDSMEN OF HARRIS COUNTY IN OPPOSITION TO THE PROPOSED CONSENT DECREE

---

**COMES NOW**, The Professional Bondsmen of Harris County, Amicus Curiae and files the following brief in opposition to the Proposed Consent Decree filed by the parties and in support thereof submits the following:

# TABLE OF CONTENTS

**TABLE OF AUTHORITIES.** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . iii

**STATEMENT OF INTEREST..** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

**NATURE AND STAGE OF THE PROCEEDINGS.** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

**STATEMENT OF THE ISSUES.** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

**SUMMARY OF ARGUMENT.** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

**ARGUMENT.** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

**I.     This Court's Power is Limited Under Rule 54(c) of the Federal Rules of Civil
        Procedure to Fashion a Remedy to Which The Parties Are Entitled.** . . . . . . . . . . . . . 3

**II.    The Proposed Consent Decree Would Rewrite the Texas Code of Criminal Procedure**
        . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4
        **A.    Texas Law Regarding Bail.** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4
        **B.     The Proposed Consent Decree Violates Texas Law** . . . . . . . . . . . . . . . . . . . 6

**III.   The Proposed Consent Decree Goes Far Beyond What is Necessary to Protect
        the Rights of Indigent Misdemeanor Defendants.** . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

**CONCLUSION.** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

## TABLE OF AUTHORITIES

**Cases**

**Caudillo v. State,**
    541 S.W.2d 617 (Tex. Crim. App. 1976). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

**Ex parte Brown,**
    959 S.W.2d 369, 372 (Tex. App.– Fort Worth 1989, no pet.). . . . . . . . . . . . . . . . . . . . . 5

**Ex parte Willman,**
    695 S.W.2d 752 (Tex. App.—
    Houston [1st Dist.] 1985, no writ) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

**Font v. Carr,**
    867 W.W.2d 873 (Tex. App.–
    Houston [1st Dist.] 1993, no writ) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

**Hartley v. State,**
    382 S.W.2d 483 (Tex. Crim. App. 1964).. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

**Professional Bondsmen of Texas v. Carey,**
    762 S.W.2d 691 (Tex. App.–
    Amarillo 1988, pet. denied). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5, 7

**Smith v. Decker,**
    312 S.W.2d 632 (Tex. 1958) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

**Walker v. City of Calhoun,**
    901 F.3d 1245 (11th Cir. 2018). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

**Statutes, Rules and Periodicals**

FED. R. CIV. P. 54 (c). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

TEX. CODE CRIM. PRO. art. 14.06. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

TEX. CODE CRIM. PRO. art. 15.17 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

TEX. CODE CRIM. PRO. art. 17.15 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4, 5, 8, 9

TEX. CODE CRIM. PRO. art. 17.43. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

TEX. CODE CRIM. PRO. art. 22.01. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

TEX. CODE CRIM. PRO. art. 22.02. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

TEX. CODE CRIM. PRO. art. 22.13. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6, 9

TEX. CODE CRIM. PRO. art. 22.16. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6, 9

TEX. CODE CRIM. PRO. art. 23.05. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

TEX. CODE CRIM. PRO. art. 28.01 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

TEX. CODE CRIM. PRO. art.17.25. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8, 9

TEX. CODE CRIM. PRO. arts. 17.01-17.04. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7-9

TEX. CODE CRIM. PRO. arts. 22.03-22.08 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6, 10

TEX. CODE CRIM. PRO. ch. 14. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

TEX. OCC. CODE ANN.§1704.201. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7, 8

**Texas Atty Gen. Opinion JM-363 (1985).** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

## STATEMENT OF INTEREST

As noted in the accompanying motion, the Professional Bondsmen of Harris County is a non-profit professional organization of bail bondsmen and insurers. The members of the association are bondsmen licensed by the Harris County Bail Bond Board. Amicus has a strong interest in this case because its outcome will continue to have a large impact on the business practices of its members. Amicus believes that the proposed Consent Decree as submitted to the court is over broad and seeks to addresses areas that are not supported by the current pleadings and which was not authorized relief in the underlying case. Amicus contacted counsel for plaintiffs and defendants. Neal Manne, on behalf of plaintiffs, and Murray Fogler, on behalf of Harris County Sheriff Ed Gonzalez, has stated their clients are not opposed to the relief sought by the motion. Amicus has attempted to contact counsel for Harris County and the judges on multiple occasions without success. Therefore, Harris County and the judges should be considered opposed.

## NATURE AND STAGE OF THE PROCEEDINGS

The Court has issued two preliminary injunctions in this matter. The first preliminary injunction was reversed as overly broad by the Fifth Circuit. The second preliminary injunction was partially stayed by the Fifth Circuit. Thereafter, there was an election and change in judges. The newly elected judges dismissed the appeal to the Fifth Circuit relating to the second preliminary injunction. Also, the plaintiffs filed a motion to vacate the opinion from the Fifth Circuit which stayed portions of the second preliminary injunction. This motion was denied. The Fifth Circuit held that the opinion issued on the motion for stay would remain in effect and would govern the trial courts' in the district. The parties have now submitted a proposed Consent Decree in an attempt to settle the litigation regarding misdemeanor bonds.

**STATEMENT OF THE ISSUES**

The questions addressed in this brief are whether the trial court may enter the proposed Consent Decree in this matter, and whether the proposed Consent Decree is improper because it seeks relief that was not plead or that the trial court is not authorized to enter. Amicus maintains that the proposed Consent Decree will not resolve this litigation in any fair way; but instead, violates Texas law in numerous respects and will cause further litigation in the future. There is already litigation pending over the propriety of Amended Local Rule 9.1 under Cause No. 2019-11296; *Sharon McCleveland d/b/a Set 'Em Free Bail Bond, et. al. v. Hon. Alex Salgado, et al.,* In the 234th Judicial District Court of Harris County, Texas.

**SUMMARY OF ARGUMENT**

It is important to clarify at the outset what this lawsuit is and what it is not. What this lawsuit involves is a class action lawsuit filed on behalf of indigent misdemeanor arrestees who challenge Harris County's bail *practices*. Plaintiffs allege that they are detained solely because they lack the means to post secured money bail in violation of their equal protection and due process rights. This Court, to the extent it determines that plaintiffs have meritorious claims, has fairly wide discretion to remedy the constitutional violations of Harris County's bail *practices*.

What this litigation does not involve is a facial or as applied challenge to Texas *law*. Neither this court not the Fifth Circuit Court of Appeals has ruled, or even hinted, that Articles I, sections 11-11c of the Texas Constitution, chapter 17 of the Texas Code of Criminal Procedure, or any other Texas statute or common law regarding bail violations plaintiffs' federal constitutional rights, nor have plaintiffs requested such relief. To the extent that plaintiff wish to change Texas *law*, their remedy lies with the Texas Legislature, not this court.

But that is exactly what the proposed consent decree would do. Should this court enter the proposed consent decree, it would essentially rewrite chapters 17 and 22 of the Texas Code of Criminal Procedure and Texas common law. In addition to circumventing the Texas Legislature, the proposed Consent Decree runs afoul of the Fifth Circuit Court of Appeals, which has twice (three times, if you count the order denying the motion to vacate) rejected injunction that, in its words, "amount[ ] to the outright elimination of secured bail for misdemeanor arrestees." With great power comes great responsibility, and amicus humbly asks this Court to exercise its great power responsibly and limit its relief to the issues before it.

## ARGUMENT

### I. This Court's Power is Limited Under Rule 54(c) of the Federal Rules of Civil Procedure to Fashion a Remedy to Which The Parties Are Entitled

Rule 54(c) of the Federal Rules of Civil Procedure states, in pertinent part, that a final judgment"should grant the relief to which each party is entitled, even if the party has not demanded that relief in its pleadings." FED. R. CIV. P. 54 (c). The plaintiffs in this class action compromise the following class:

> All Class A and Class B misdemeanor arrestees who are detained by Harris County from the date of this order through the final resolution of this case, for whom a secured financial condition of release has been set and who cannot pay the amount necessary for release on the secured money bail because of indigence.

[Doc. 303 at 1].

Paragraph 10 of the proposed Consent Decree states as follows:

> This Consent Decree is tailored to remedy the systemic and longstanding constitutional violations found by the Court in this litigation; to safeguard arrestees' equal protection and due process rights, including the fundamental interest in pretrial liberty and the right against wealth-based detention; to promote court appearance and public safety; to require investments necessary for new systems to function efficiently in a large jurisdiction; and to promote transparency, rigorous analysis, and

accountability throughout the pretrial process so that constitutional practices will endure. It is crafted to protect against a reversion to the prelitigation system of mass, non-individualized pretrial detention of misdemeanor arrestees without lawful justification.

Proposed Consent Decree p. 11.

Plaintiffs did not plead a claim for substantive due process regarding the constitutionality of bail generally, nor did they seek to invalidate a state statute which would have invited participation by the Texas Attorney General's office. As discussed below, however, the consent decree is overly broad as it requires Harris County to violate state law concerning bail and requires implementation of measures that go far beyond protecting indigent misdemeanor arrestees from any alleged wealth-based pre-trial detention.

## II. The Proposed Consent Decree Would Rewrite the Texas Code of Criminal Procedure

### A. Texas Law Regarding Bail

As this court correctly noted in its April 28, 2017 Memorandum [Doc. 302 at 51 - 52], TEX. CODE CRIM. PRO. art. 17.15 sets the rules for fixing the amount of bail. It authorizes the court, judge, magistrate, or officer taking the bail, exercising their individual discretion, to set bail by the following rules:

(1) The bail shall be sufficiently high to give reasonable assurance that the undertaking will be complied with;

(2) The power to require bail is not to be so used as to make it an instrument of oppression;

(3) The nature of the offense and circumstances under which it was committed are to be considered;

(4) The ability to make bail is to be regarded, and proof may be taken upon this point; and

> (5) The future safety of a victim of the alleged offense and the community shall be considered.

Tex. Code Crim. Pro. art. 17.15. Article 17.25 requires the magistrate, "after a full examination of the testimony," to make an order that the accused execute a bail bond with sufficient surety, conditioned on his appearance before the proper court, "if the case be one where bail may properly be granted and ought to be required." Case law has consistently stated that the decision regarding a proper bail amount lies within the sound discretion of the trial court. *See, e.g., Ex parte Brown*, 959 S.W.2d 369, 372 (Tex. App.– Fort Worth 1989, no pet.). However, this discretion does not include the power to set differential amounts (i.e., one amount for a PR bond and a different amount for a surety bond) for bonds depending on whether the arrestee posts a cash bond or a surety bond. *See Professional Bondsmen of Texas v. Carey*, 762 S.W.2d 691, 693 (Tex. App.– Amarillo 1988, pet. denied); *see also* Texas Atty Gen. Opinion JM-363 (1985). Once an arrestee fails to appear for court, the trial court has the discretion to require that any future bond be limited to a cash bond. TEX. CODE CRIM. PRO. art. 23.05. If a county has a personal bond office, the bond office may gather information about the accused and provide a report to the trial court recommending that the arrestee be released on a PR bond. TEX. CODE CRIM. PRO. art. 17.43. Individuals released through a PR bond office may be charged a fee in the amount of 3% of the bond or $20.00 whichever is higher. *Id.*

Chapter 14 of the Texas Code of Criminal Procedure authorizes arrest without a warrant in certain circumstances. TEX. CODE CRIM. PRO. ch. 14. An arrestee detained without a warrant must within 48 hours of arrest be taken before a magistrate for the magistrate to perform the duties set out in article 15.17 of the Texas Code of Criminal Procedure. *Id.* at art. 14.06. Article 15.17 states the magistrate shall allow the person arrested reasonable time and opportunity to consult counsel and

shall, after determining whether the person is currently on bail for a separate criminal offense, admit the person arrested to bail if allowed by law. *Id.* at 15.17. If the arrestee is charged with an offense that involves a misdemeanor punishable by fine only, the magistrate may release the arrestee without bond and order the accused to appear at a later date. *Id.* at (b).

Further, Chapter 22 of the Texas Code of Criminal Procedure sets out the rules regarding what the trial court must do if the arrestee fails to appear. Article 22.01 states that whenever the defendant fails to appear, the trial court "shall" issue a judicial declaration as provided by article 22.02. TEX. CODE CRIM. PRO. art. 22.01. Article 22.02 states that the name of the defendant will be called distinctly from the courthouse door and if the defendant does not appear within a reasonable time, a judgment nisi (or conditional judgment) "shall" be entered. *Id.* at art. 22.02. Articles 22.03-22.08 set out the rules regarding serving citation regarding the judgment nisi. *Id.* at articles 22.03-22.08. The defenses to the bond forfeiture are set out in article 22.13 of the Texas Code of Criminal Procedure. In *Hartley v. State*, 382 S.W.2d 483 (Tex. Crim. App. 1964), the Texas Court of Criminal Appeals held that no other defenses other that those set out in article 22.13 would exonerate a bond. *Id.* Claims for remittitur can be submitted based upon article 22.16 of the Texas Code of Criminal Procedure (mandatory and discretionary remittitur before judgment). TEX. CODE CRIM. PRO. art. 22.16.

### B. The Proposed Consent Decree Violates Texas Law

In the proposed Consent Decree an arrestee is not taken before a magistrate unless they fall within seven categories of misdemeanors. The remaining 85% of misdemeanor arrestees do not see a magistrate. Instead, they are released on a PR or General Order bond sent at $100.00.

The proposed Consent Decree violates Texas constitutional and statutory law in numerous ways. First, section 30, which incorporates Amended Local Rule 9, requires that all misdemeanor arrestees[1] will be granted a personal bond (also called a "PR bond" or "personal recognizance bond") without an individual determination of the amount of the bond to be set. Tex. Code Crim. Pro. arts. 17.01, 17.02, 17.03, 17.04. 17.05 and 17.25 require a detainee be individually magistrated to determine the amount of bail.

Second, section 30 requires that all misdemeanor arrestees[2] be released on a PR bond. This violates Tex. Code Crim. Pro. Arts. 17.03 and 17.04, which allows release on a PR bond only if a magistrate, in the exercise of his or her discretion, concludes that a personal bond is appropriate.

Third, section 30 prefers PR bonds to other forms of bond, in violation of Articles 17.01, 17.02, 17.03, 17.04, and 17.15 and Texas common law, which require an individualized assessment of the amount of the bond and prohibit differential amounts. *See Professional Bondsmen of Tex. v. Carey*, 762 S.W.2d 691, 693 (Tex. App.—Amarillo 1988, no writ).

Fourth, section 30 prohibits use of secured money bail as a condition of pretrial release at any time in the pretrial period for any misdemeanor arrestee.[3] TEX. OCC. CODE ANN. §1704.201 requires the sheriff to accept or approve a bail bond executed by a license holder in the county in which the license holder is licensed if (1) the bond is for a county or district case; (2) the bond is executed in accordance with chapter 1704 of the Occupations Code and the local county bail bond board rules;

---

[1] The only exclusions are (I) individuals who violate a protective order; (ii) certain assaults; (iii) 2nd DWIs; (iv) individual's arrested while on pretrial release; (v) failure to appear while on pretrial release; and (vi) individuals arrested while on community supervision following conviction of a Class B misdemeanor or greater.

[2] Again, excluding only the detainees identified in footnote 1.

[3] Again, excluding only the detainees identified in footnote 1.

and (3) a bail bond is required as a condition of release of the defendant for whom the bond is executed. Section 30/Amended Local Rule 9.1 violates Tex. Occ. Code Ann. §1704.201 because it requires the sheriff to reject an otherwise valid bond. For example, if a warrant is issued for a defendant's arrest and he is apprehended in another county, that defendant is entitled, pursuant to Article 15.17, to an individual hearing before a magistrate in the county of arrest (or, if more expeditious, before a magistrate in any other county), who may require a cash or surety bond. Also, section 30/Amended Local Rule 9.1 violates Tex. Occ. Code Ann. §1704.201 because it requires the sheriff to reject an otherwise valid surety bond in favor of PR bonds and "General Order Bonds", a creature unknown under Texas law. The sheriff has a ministerial duty to accept bonds that comply with Texas law. Section 30/Amended Local Rule 9.1 § 4 would prohibit the sheriff from accepting otherwise valid surety bonds, in violation of Tex. Occ. Code Ann. §1704.201.

Fifth, section 30 outlines the putative requirements for a bail hearing. It requires a factual determination by clear and convincing evidence, in violation of Tex. Const. Art. I, Sections 11b (violation of condition of release) and 11c (violation of protective order involving family violence). It also violates Tex. Code Crim. Pro. Arts. 17.01, 17.02, 17.03, 17.04, 17.15, and 17.25, which provide that the magistrate has discretion to determine the amount of the bail.

Sixth, section 30 fails to consider funds available from the detainee's family. *See, e.g., Ex parte Willman*, 695 S.W.2d 752, 754 (Tex. App.—Houston [1st Dist.] 1985, no writ) (rejecting excessive bond claim because defendant failed to establish that he had exhausted his funds and those of his family).

Seventh, section 30 provides for a least restrictive means analysis, which violates Tex. Code Crim. Pro. Arts. 17.01, 17.02, 17.03, 17.04, 17.15, and 17.25 and Texas common law which prohibit differential bail amounts or the preference of one form of bond or another.

Eighth, section 30 authorizes the sheriff to refuse to enforce any surety bonds that do not comply with the proposed Consent Decree, even if those surety bonds were validly issued in another county. Such action by the sheriff would be in violation of Tex. Occ. Code Ann. §1704.201. Moreover, the proposed Consent Decree provides for a "General Order Bond" in a preapproved form which has is arbitrarily set at $100.00 and does not contain an individualized determination of the amount of bail required by Tex. Code Crim. Pro. Arts. 17.01, 17.02, 17.03, 17.04, 17.15, and 17.25.

Further, the proposed Consent Decree attempts to change the law in Texas regarding the requirements that a court must follow when the arrestee fails to appear for court. Chapter 22 of the Texas Code of Criminal Procedure requires that any time there is a failure to appear, the trial court is required to issue a judgment nisi. The resolution of the failure to appear is governed by any defenses claimed in article 22.13 and any claim for remittitur set out in article 22.16 of the Texas Code of Criminal Procedure. The proposed Consent Decree states that a bond cannot be forfeited unless the arrestee was given actual notice of the hearing where he failed to appear. This is a change to Texas law as well. In Texas, when a bond states that the defendant is required to appear "instanter" then the arrestee is subject to call of the court at any time with or without any additional requirement of notice. *Caudillo v. State*, 541 S.W.2d 617 (Tex. Crim. App. 1976). The proposed Consent Decree sets out additional proof requirements before a bond may be forfeited that are not

currently required by Texas law. The proposed Consent Decree violates Chapter 22 because it states that a trial court attempts to change Texas law regarding forfeitures.

The proposed Consent Decree seeks to turn the process of setting bail on its head. The task of the trial court is to set bail. Thereafter, the defendant may decide whether to post a surety bond, a cash bond or to seek a PR bond. The PR bond department is required after bail is set to review candidates and make reports to the trial court on whether certain defendants should be granted a PR bond and whether they will likely appear for court. The trial court may not restrict the type of bond that may be filed except in a few circumstances. In the present case, the proposed Consent Decree seeks to exclude the private surety bail bondsmen from posting any bonds for 85% of the misdemeanor arrestees. This violates Texas law and also violates the directives give to this Court by the Fifth Circuit's opinions which held, in part, that the Court's first and second preliminary injunction were improperly attempting to put the private surety bond system out of business. Bondsmen have a protected property interest under the Texas Constitution in their bail bond license. *See Smith v. Decker*, 312 S.W.2d 632, 633 (Tex. 1958) (issuing injunction in favor of bail bondsmen enjoining sheriff from enforcing unconstitutional statute infringing on their state constitutional right to earn a living writing bail bonds); *see also Font v. Carr*, 867 W.W.2d 873, 875 (Tex. App.–Houston [1st Dist.] 1993, no writ) (affirming that "[t]he right to earn a living by writing bail bonds is a property right protected by the Texas Constitution" in affirming the denial of a prosecutor's motion for summary judgment on immunity grounds where prosecutor urged sheriff to deny bail bondsmen's bonds on ground other than the authorized by law).

**III.  The Proposed Consent Decree Goes Far Beyond What is Necessary to Protect the Rights of Indigent Misdemeanor Defendants**

The proposed Consent Decree seeks a great deal of relief to which the plaintiffs are not entitled and which they did not plead and which has nothing whatsoever to do with securing the release of indigent misdemeanor arrestee from pretrial detention with out having to post a surety bond, including the following:

- *Waiver of appearance*- Pursuant to section 65, the judge may waive the defendant's appearance at a subsequent hearing for any reason or no reason, in violation of TEX. CODE CRIM. PRO. art. 28.01 which states that a defendant's presence is *required* during any pretrial proceeding;

- *Unlimited delay*- Section 65 also authorizes a defendant to reschedule court hearings without end, increasing the risk to the bondsman (for those who choose to post a surety bond) that the defendant ultimately fails to appear for trial;

- *Unrestrained discretion to refuse arrest warrant for failure to appear*- Section 67-68 allows the court to refuse to issue an arrest warrant to a defendant who fails to appear, thus putting an increased financial burden on bondsmen for those few remaining misdemeanor cases which qualify for surety bonds;

- *Open Hours Court*- It is unclear whether the proposed consent decree requires that a new, open hours court be established or whether the existing criminal court at law judges will simply open their courtrooms to act as the open hours court. If the former, this would violate state law as only the legislature can create a court.

- *Website, Email and Text Message Notifications*- These may be desirable as a matter of public policy (and incidentally, insuring that the defendant receives notice of settings is exactly the sort of thing that the state has traditionally delegated to

bondsmen) but plaintiffs allege no claims relating to failures to appear, and it is not clear why this should be included in the proposed Consent Decree.

• *Imposes Obligations to Office Holders Who are Not Proper Parties.* The proposed Consent Decree seeks to compel certain actions on the part of the Sheriff even though the Fifth Circuit has held that he is not a proper party to this litigation.

## CONCLUSION

The Fifth Circuit declined to find a substantive du process right and expressly declined to eliminate secured bail for indigent misdemeanor arrestees, a decree in accordance with *Walker v. City of Calhoun*, 901 F.3d 1245 (11th Cir. 2018), which expressly affirmed the constitutionality of bail schedules coupled with a hearing within 48 hours. Since the plaintiffs plead a claim alleging procedural due process violations because individuals claiming poverty did not have an opportunity to seek a deviation from the bail schedule used by the county, the remedy is a hearing to give the arrestees that opportunity. This is not the remedy that is set out in the proposed Consent Decree. Instead, the parties seek to simply release 85 percent of all misdemeanor arrestees irrespective of whether they are claiming poverty and irrespective of whether they are seeking a PR bond. They do not see a magistrate or a judge to set bail. They are all given a PR bond in the amount of $100.00. The bond amount is arbitrary and does not take into consideration any of the factors required to be considered by the court. Further, the proposed Consent Decree takes all discretion away regarding the release of these individuals. The policy states that they have to be released on a PR bond even if they want to post a surety bond. Further, the proposed Consent Decree seeks to address appearance rates, causes of appearance rates, studies for addressing appearance rates to improve them and other matters to which the plaintiffs are not entitled to in this litigation. The proposed

Consent Decree seeks to change the law in Harris County regarding missing court and setting hearings, even though their pleadings did not address any alleged constitutional violations in these areas. This court may remedy the constitutional violations it finds, but it should refrain from changing Texas law, particularly when that relief has not been sought by the pleadings and is not relief to which plaintiffs are entitled.

Respectfully submitted,

    */s/ Kevin Pennell*
Kevin Pennell
Texas Bar Number: 24046607
Fed. ID. No. 583414
E-mail: kevin@pennellfirm.com
**PENNELL LAW FIRM PLC**
19 Briar Hollow Lane, Suite 110
Houston, Texas 77027
Telephone: (713) 965-7568
Facsimile: (713) 583-9455

**COUNSEL FOR AMICUS CURIAE THE PROFESSIONAL BONDSMEN OF HARRIS COUNTY**