**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| **MARANDA LYNN ODONNELL, et al,** | § | |
| **Plaintiffs,** | § | |
| | § | |
| **v.** | § | **No. 4:16-cv-01414** |
| | § | **(Consolidated Class Action)** |
| | § | |
| **HARRIS COUNTY, TEXAS, et al.,** | § | **The Honorable Lee H. Rosenthal** |
| **Defendants.** | § | **U.S. District Judge** |

**BRIEF OF AMICUS CURIAE EQUAL JUSTICE NOW
IN OPPOSITION TO THE PROPOSED CONSENT DECREE**

TO THE HONORABLE U.S. DISTRICT JUDGE:

**EQUAL JUSTICE NOW** is an advocate for equal justice for all citizens that submits this amicus curiae brief in opposition to the proposed Consent Decree and settlement in the above-styled and numbered cause and in support thereof would respectfully show the Court the following:

**I.      STATEMENT OF INTEREST:**

Equal Justice Now is an advocate for equal justice for all citizens. Its mission is to preserve the constitutional rights of citizens in the criminal justice system. Equal Justice Now also seeks to bring to light, the immediate objective is to stop funding of expensive and ineffective bail legislation or proposals. The members of the association are citizens of the United States. Amicus has a strong interest in this case because its organization has attempted to demonstrate that the changes that are being made to the Criminal Justice System in Harris County are not preserving the constitutional rights of citizens to bail or making the public safer. Instead, the changes are likely going to jeopardize citizens' rights and public safety.

Amicus has filed a motion for leave to file this brief. Amicus has contacted the parties of the case and there was no objection to filing this brief.

## II.     QUESTION INVOLVED IN THIS CASE:

The question in this case involves the constitutionally mandated procedures that must be put in place by Harris County to protect the rights of the poor.  The Court held that the procedures in place at the time suit was filed were constitutionally defective.  However, in reviewing the proposed Consent Decree, it appears that the new procedures to be mandated will not preserve the constitutional rights of the citizens of Harris County and will do substantial harm to the public safety.  Even if pendulum may have swung too far in one direction under the old system, the proposed Consent Decree will deny citizens their constitutional right to bail and will do untold damage to public safety swinging the pendulum too far in the opposite direction. These procedures outlined in the proposed Consent Decree are not constitutionally mandated.

It appears that there are several purposes behind the proposed Consent Decree.  First, the parties wish to attribute any additional spending needed as required by the Court.  Second, it appears that the parties are attempting to set up a system that requires release in direct violation of the decisions from the Fifth Circuit in this case.  The proposed Consent Decree will do untold damage to public safety.  It should be denied as drafted.

## III.     STATEMENT OF THE ISSUES:

Public policy changes to practice should be debated and implemented at the ballot box. In the present case, the plaintiffs have sued alleging that the Harris County procedures were constitutionally defective because they failed to protect the poor.  The Fifth Circuit has ruled that the remedy for this procedural defect must also be procedural.  Therefore, requiring an individual's hearing before a magistrate in setting bail would satisfy the constitutional minimum

requirements. However, the proposed Consent Decree goes much further to mandate social change. Further, the proposed Consent Decree goes much further than allegedly setting out the minimum requirements required by the constitution to ensure protections for the poor, but instead effectively mandates the release of all misdemeanor arrestees (except for a small portion estimated to be 15%).

In reviewing the proposed Consent Decree, it would be fair to say that the document is not intended to provide assurances that the minimum constitutional requirements are met regarding the poor, but instead, to grant excessive authority to the government that is not adequately limited to preserve the constitutional rights of citizens or to provide for public safety. Public safety will deteriorate further if the proposed Consent Decree is adopted.

## IV.    SUMMARY

Equal Justice Now would like to point out several examples where the policies set out in the proposed Consent Decree are jeopardizing public safety, causing further harm to defendant's themselves and even worse consequences. Individuals are being released on Personal Recognizance Bonds ("PRB") without any investigation regarding whether they are poor. Further, when many of these individuals fail to appear in court, they are not held to account for their actions. They are simply released on a new PRB. It appears that the County believes that it has no choice. The rights of arrestees cannot be elevated above the rights of citizens to be protected in the community.

Equal Justice Now has identified multiple examples of situations under this new system and some are set out below. The referenced examples demonstrate that the new system being utilized is more broken. It appears that Harris County is no longer looking after protecting alleged victims or public safety. When someone is released without supervision and without

accountability, the court is setting up a recipe for disaster. The saplings growing from the seeds planted are already, or likely in the future to create increased crime and eroding public safety.

## V. ARGUMENT

### A. Introduction

In Section III of the proposed Consent Decree the parties set out their intent and recitals. Paragraph 14 states, in part, state the intent as follows:

> [T]o inform implementation of cost-effective, nonfinancial programs aimed at achieving misdemeanor arrestees' appearance at trial and law-abiding behavior before trial through the least restrictive means necessary.

Proposed Consent Decree, p.11.

Generally, the purpose of a Consent Decree is to remedy the constitutional violations found and to ensure that new procedures are established which can be enforced by contempt should the county violate the new procedures and fail to implement the new procedures.

This litigation appears to have morphed into a political battle of wills. The Proposed Consent Decree does not appear to seek law-abiding behavior of arrestees and seems to be fostering a climate whereby the defendants are not accountable for their actions. In this litigation up until the proposed Consent Decree, the plaintiffs contended that this litigation was about protecting the poor. However, the proposed Consent Decree does not set out new procedures that seek to accomplish such a purpose. In fact, the new procedures apply to all arrested except for certain categories. Even the carve-out categories are not tied to poverty. The new procedures appear to usurp the authority of the Texas Legislature or the vote of the citizens of this State. Since the purpose of this litigation has now changed through the proposed Consent Decree, the proposed changes are political in nature and not constitutionally mandated.

The proposed Consent Decree is causing and will continue to cause adverse results relating to public safety as highlighted below.

**B.     The Case of Jamal Washington, Jr.**

According to public records, on July 24, 2019, Jamal Washington, Jr. was arrested regarding an incident that took place on June 9, 2019.   He was charged with Criminal Trespass. *See* Cause No. 2270263; The State of Texas v. Washington; In the County Criminal Court at Law No. 7 Harris County, Texas.  At the time of his arrest, Mr. Washington had a substantial criminal history dating back to 2005 including multiple violent offenses for assault and robbery as well as felony convictions for assault and possession of a controlled substance.   Mr. Washington has been the subject of multiple investigations involving incidents of masturbation/indecent exposure on the Metropolitan Transit Authority buses.  *See*  Cause No. 2246029; State of Texas v. Washington; In the County Criminal Court at Law No. 7 Harris County, Texas; *see also* Cause No. 2270262; State of Texas v. Washington; In the County Criminal Court at Law No. 7 Harris County, Texas; Cause No. 2210188; State of Texas v. Washington; In the County Criminal Court at Law No. 4 Harris County, Texas; Cause No. 2166370; State of Texas v. Washington; In the County Criminal Court at Law No. 6 Harris County, Texas; Cause No. 2132083; State of Texas v. Washington; In the County Criminal Court at Law No. 8 Harris County, Texas; Cause No. 211687; State of Texas v. Washington; In the County Criminal Court at Law No. 8 Harris County, Texas; Cause No. 2109031; State of Texas v. Washington; In the County Criminal Court at Law No. 4 Harris County, Texas; Cause No. 2024086; State of Texas v. Washington; In the County Criminal Court at Law No. 12 Harris County, Texas.

At the time of Washington's arrest, he had two open misdemeanor cases and one open felony case. The two misdemeanor charges were for Criminal Trespass and Indecent Exposure. *See* Cause No. 2220828; State of Texas v. Washington; In the County Criminal Court at Law No. 7 Harris County, Texas; Cause No. 2246029; State of Texas v. Washington; In the County Criminal Court at Law No. 7 Harris County, Texas. The felony charge was for failing to Register as a Sex Offender. *See* Cause No. 1620448; State of Texas v. Washington; In the 183rd Judicial District Court of Harris County, Texas. In an allegedly improved system, this should not happen.

Notwithstanding this substantial criminal history, the defendant was not taken before a magistrate or judge. His substantial criminal history was apparently not reviewed. No claim of poverty was every reviewed. No consideration was given to the effect on public safety in releasing Washington. Instead, Washington was given a "General Order Bond" and released without seeing a judge or magistrate with no special conditions and no supervision. The bond was set at the arbitrary amount of $100.00 as all General Order Bonds are even though 17.15 of the Texas Code of Criminal Procedure requires that bail be set by a magistrate after reviewing certain factors.

The elected officials in Harris County would claim to the voters that this result was mandated by this Court. In reviewing the proposed Consent Decree, this Court has the opportunity to do what none of the parties have done and that is to determine whether this document will jeopardize public safety.

### C.    The Case of Deonte Ramel Thomas

According to public records, on March 26, 2019, Deonte Thomas was arrested for Driving While Intoxicated- 2nd Offense. *See* Cause No. 2253064; The State of Texas v. Thomas;

In the County Criminal Court at Law No. 14 in Harris County, Texas. On the date of the offense, Thomas had a pending charge in Harris County and another pending charge in another county. The Harris County charge was for possession of a controlled substance. *See* Cause No. 2253063; The State of Texas v. Thomas; In the County Criminal Court at Law No. 14 in Harris County, Texas. The Fort Bend County charge was also for DWI-2nd. *See* Cause No. 18-CCR-204777; The State of Texas v. Thomas; In the County Court at Law No. 3 in Fort Bend County, Texas. Thomas had two cases pending for DWI-2nd because at the time of filing Thomas only one conviction for a previous DWI.

The question of whether Thomas should be released from jail was referred to a magistrate. The magistrate set bail at $5,000.00 but released Thomas on a PRB on March 27, 2019. Conditions were placed on the bond.

On June 29, 2019, Thomas was arrested on a new charge of DWI-2nd. *See* Cause No. 2266534; The State of Texas v. Thomas; In the County Criminal Court at Law No. 14 in Harris County, Texas. Consequently, Thomas had 3 new cases pending alleging DWI-2nd Offense. On July 11, 2019, Thomas was arrested on an additional charge of DWI-2nd. *See* Cause No. 2268937; The State of Texas v. Thomas; In the County Criminal Court at Law No. 14 in Harris County, Texas. This was his fourth case pending alleging DWI-2nd Offense.

If this is the result that is required by the proposed Consent Decree, then the system is not working. Public safety was not considered in the release of this individual.

**D.      The Case of Ralph Waites**

According to public records, on May 21, 2019, Ralph Waites was arrested for Theft. *See* Cause No. 2260770; The State of Texas v. Waites; In the County Criminal Court No. 14 in Harris County, Texas. Waites had a substantial criminal history. Waites had been previously

charged with Aggravated Assault and multiple past charges for Theft.  *See* Cause No. 1257250; The State of Texas v. Waites; In the 183rd Judicial District Court of Harris County, Texas; *see also* Cause No. 2263376; The State of Texas v. Waites; In the County Criminal Court No. 14 in Harris County, Texas; Cause No. 2260770; The State of Texas v. Waites; In the County Criminal Court No. 14 in Harris County, Texas;  Cause No. 1616791; The State of Texas  v. Waites; In the 208th Judicial District Court of Harris County, Texas;  1616089; The State of Texas  v. Waites; In the 208th Judicial District Court of Harris County, Texas; Cause No. 1588121; The State of Texas v. Waites; In the 351st Judicial District Court of Harris County, Texas; Cause No. 1736011; The State of Texas v. Waites; In the County Criminal Court No. 15 in Harris County, Texas; Cause No. 1653046; The State of Texas v. Waites; In the County Criminal Court No. 12 in Harris County, Texas.

Waites was not taken before a magistrate.  He was given a $100.00 General Order Bond and released.  Eight days later, on May 29, 2019, Waites was arrested again for evading arrest. *See* Cause No. 2262000; The State of Texas v. Waites; In the County Criminal Court No. 14 in Harris County, Texas.  One week later, Waites was arrested again for evading arrest.  Cause No. 2263377; The State of Texas v. Waites; In the County Criminal Court No. 14 in Harris County, Texas.  On June 8, 2019 Waites was taken before a Magistrate and bond was set at $1,000.00 and was given a PRB.

On July 14, 2019, Waites was arrested for Criminal Trespass.  *See* Cause No. 226883; The State of Texas v. Waites; In the County Criminal Court No. 14 in Harris County, Texas. Waites was taken before a magistrate and was given a $1,000.00 personal bond.

Someone must review these matters from the viewpoint of public safety and/or the victim. Surely this is not the desired outcome.

**E.      The Case of Pamela Turner**

According to public records, on May 14, 2019, the Associated Press reported that a police officer shot and killed Pamela Turner at a Houston-area apartment complex after she hit him with his Taser during a struggle, shocking him, police said.

*See* https://www.apnews.com/8816f819dc2948eca957d2aa7ffbd6f7.   The officer, who is Hispanic and an 11-year veteran of the police force, was patrolling the apartment complex and tried to arrest Turner because he knew Turner had outstanding warrants.   Turner had three outstanding misdemeanor warrants for two separate incidents, according to Harris County court records. She was accused of criminal mischief and assault on April 25, 2019 after a manager at her apartment complex told police that Turner scratched her face and broke her glasses during a confrontation over an eviction notice.  *See* Cause No. 2257233; The State of Texas v. Turner; In the County Criminal Court No. 1 in Harris County, Texas; Cause No. 225732; The State of Texas v. Turner; In the County Criminal Court No. 1 in Harris County, Texas.  In both of these cases, Turner did not see a magistrate and she was given a General Order Bond in the amount of $100.00 and was released.

On May 2, 2019, court records show, Turner was again accused of criminal mischief for damaging the back window of a woman's car.  *See* Cause No. 258164; The State of Texas v. Turner; In the County Criminal Court No. 1 in Harris County, Texas.  On that day, Turner was ordered to undergo a mental illness assessment.   However, before the assessment could be completed, Turner was released on May 4, 2019 pursuant to a General Order bond in the amount of $100.00 without seeing a Magistrate.  Turner was ordered to appear for a bond review hearing on May 7, 2019 presumably because of the mental health assessment.  She failed to appear and the bonds were forfeited.

This case demonstrates several problems with the proposed Consent Decree. First, Harris County did not follow its own policy regarding arrestees with suspected mental health issues. Turner was not subject to release pursuant to a General Order Bond. Second, this situation demonstrates that problems arise when an arrestee is subject to several provisions of the proposed Consent Decree and magistrate judges are not making decisions of release or which part of the policy governs a specific situation. In this case, Harris County failed Turner and her family. An individual with a history of mental illness was arrested and did not receive the care needed, but instead she was released. She was not released to the custody of any family member, she was just released. She was not stable when she was released. Because of her issues, she did not appear for court. Turner was not stable when she again came into contact with the police. Turner was killed during the attempt to arrest her pursuant to the outstanding warrants. The use of the General Order Bond process must be considered a significant contributing cause of her death along with Harris County's failure to follow their own policy that they all seek to have adopted in the proposed Consent Decree.

F.  **The Case of Alex Guajardo**

According to public records, on May 6, 2019, Alex Guajardo was arrested for a DWI-2nd. *See* Cause No. 2258815; The State of Texas v. Guajardo; In the County Criminal Court No. 4 in Harris County, Texas. Guajardo was taken before a magistrate on May 7, 2019 and bail was set in the amount of $2,000.00 and was granted a PRB.

On July 31, 2019, Guajardo was arrested for Assault- Family Member. *See* Cause No. 2271361; The State of Texas v. Guajardo; In the County Criminal Court No. 4 in Harris County, Texas. On August 1, 2019 the trial court entered a protective order for the family member and set bail at $5,000.00. The court's order states that the Public Safety Assessment was not

available at that time. Nevertheless, the trial court released Guajardo on a PRB.

On August 4, 2019, Guajardo was arrested for Capital Murder for killing his pregnant wife and unborn child. Guajardo's wife was the family member subject to the protective order. Cause No. 1641261; The State of Texas v. Guajardo; In the 263rd Judicial District Court of Harris County, Texas.

Investigators said Guajardo allegedly stabbed his pregnant wife, 20-year-old Caitlynne Guajardo, 20 times. *See* https://www.khou.com/article/news/crime/pasadena-police-chief-blames-pr-bond-for-brutal-death-of-pregnant-woman/285-e2a880f2-4938-4598-baca-586fefabb151. The article reports that Guajardo called 911 and confessed to the murder. *Id.* Additionally, Guajardo reported to investigators that he intentionally stabbed his wife's belly to make sure that if she lived no one else could raise his child. *Id.*

Guajardo was denied bond for the charge of Capital Murder. Amazingly, on August 11, 2019, a General Order bond was entered in his Assault Family Violence case and on August 12, 2019, a General Order bond was entered in his DWI-2nd case. Guajardo would have been released yet again but for the no bond on his Capital Murder charge. This cannot be the desired result that is mandated by the proposed Consent Decree.

## VI.    Common Sense Alternatives To Proposed Consent Decree

Equal Justice Now believes the cause of these issues must be traced back to the policy sought to be codified in the proposed Consent Decree. The Court identified certain procedural deficiencies. The proposed Consent Decree does not alleviate the issues found. Instead, the proposed Consent Decree seeks to implement a new social policy that does not guarantee constitutional protections for the poor, nor to protect the public, but instead, seeks to compel release of all misdemeanor defendants no matter their criminal history. This is the worst result

for public safety and this Court should reject the proposed Consent Decree on that basis alone, however several other basis have been preserved and presented by this and other Amicus filers.

Equal Justice Now maintains  there are common sense alternatives to the proposed Consent Decree that would ensure that the poor are protected as required by the United States Constitution and which would build on the current system without attempting to legislate a new system without any change in the law being adopted by the Texas Legislature.  These protections would include making a determination for all who claim poverty and taking them before a magistrate within 48 hours of arrest.  This would ensure that a magistrate would be considering all factors, including public safety, before any defendant is released on any bond.

## CONCLUSION

This Court should reject  an apparent effort by Harris County, its political subdivisions, the CCCL Judges, and the Sheriff to bypass the constitutional rights of the citizens of Harris County and nor allow them to concede in the Consent Decree matters that go far beyond the original intent of this lawsuit and are beyond the jurisdiction of this Court.  The Consent Decree intimates collusion and bad faith one-sided negotiations.

In furtherance of the arguments set forth herein, Equal Justice Now supports the arguments put forth by the Harris County Deputies' Organization, Fraternal Order of Police Lodge #39 in their Amici Curiae filed in this case on August 20, 2019 (Doc. 629), including, but not limited to those set forth in Sections IV-A, i. and ii; B-ii; Ci through iv.

This Court should reject the proposed Consent Decree as drafted by the parties.

Respectfully Submitted,

/s/    *Alan N. Magenheim*
Alan N. Magenheim
MAGENHEIM & ASSOCIATES
State Bar No. 12816200
3701 Kirby Drive, Suite 913
Houston, Texas 77098

ATTORNEY FOR EQUAL JUSTICE NOW

## CERTIFICATE OF SERVICE

I hereby certify that on the 22nd day of August 2019, I electronically filed the foregoing

with the Clerk of the Court for the United States District Court for the Southern District of Texas

using the electronic case filing system of the Court.  The electronic case filing system sent a

"Notice of Electronic Filing" to the attorneys of record who have consented in writing to accept

this Notice as service of this document by electronic means.

*/s/ Alan N. Magenheim*
_____
Alan N. Magenheim