**NOTICE TO MISDEMEANOR ARRESTEES ABOUT CONSENT DECREE AND SETTLEMENT AGREEMENT IN *ODONNELL v. HARRIS COUNTY*, 16-cv-1414-LHR**

*ODonnell et al. v. Harris County et al.* is a class action lawsuit that was filed in federal court in 2016 claiming that the bail practices for misdemeanor arrestees in Harris County were unconstitutional. The parties have reached a settlement that they believe is fair to both sides. If you are a Class A or Class B misdemeanor arrestee currently subject to Harris County's bail practices, then you are a member of the class. This notice explains the proposed consent decree and settlement, which are attached to this Notice as Exhibit 1 (Consent Decree) and Exhibit 2 (Settlement Agreement), and how you can tell the Court if you think the agreement is unfair.

First, the consent decree gets rid of the prior secured bail schedule and requires that Harris County and the other Defendants follow a new local rule that ends the practice of jailing people because they are too poor to pay predetermined amounts of money. The rule makes sure that people charged with most offenses will be released promptly after arrest on a personal bond without having to see a judge. For those people falling into several categories of offenses, the rule ensures that they will have a prompt individualized bail hearing that meets strict constitutional standards. The rule ensures that no class member can be detained prior to trial unless the government makes a determination that such detention is necessary because no alternative conditions are sufficient to serve its interests in public safety or to prevent flight from prosecution. The rule ensures that such a determination can only be made after an adversarial hearing, notice, representation by counsel, the ability to present and confront evidence, and findings on the record by clear and convincing evidence. To read the rest of the provisions of the rule, please see Exhibit 1 to this Notice.

Second, the consent decree includes a number of provisions designed to ensure that Harris County invests in support services, logistics, technology, and systems to ensure that the new bail practices function properly and are enduring, and that the system does not revert to unconstitutional customs and practices. These provisions include infrastructure investments to technology systems, investments in lawyers for indigent arrestees, investigative and social work services to assist indigent defense counsel, improved systems on court notification, new policies regarding nonappearance in court, and studying and investing in practices that mitigate nonappearance.

Third, the consent decree requires the County to collect and analyze a wide range of data that will enable the public and the court to evaluate the improvements and whether they are protecting the rights of class members.

Fourth, the consent decree puts in place a Court Monitor, who will scrutinize the County's compliance with the terms of the consent decree and report back to the federal court, class counsel, and the public.

In addition to the consent decree, the parties have agreed to a settlement to resolve the Plaintiffs' remaining claims. As part of the settlement agreement, the County agrees not to oppose Plaintiffs' attorneys' fees requests in the amounts provided in the agreement, attached to this Notice as Exhibit 2. The amounts arrived at are $150,424.50 in costs and expenses and $4,540,399.90 in fees, which represents thousands of hours of work over more than four years of investigation and litigation of this important case. Some of the Plaintiffs' lawyers have agreed to donate their fees, in an amount of $2,161,262, to the County to support implementation of the Consent Decree and provide other services to indigent misdemeanor arrestees.

The court will hold a hearing on the fairness of the settlement on October 21, 2019 at 9:00 a.m., at the United States Courthouse, 515 Rusk Street, Houston, TX 77002, Courtroom 11-B. Misdemeanor arrestees can write to the Court about their opinions on the fairness of the proposed

consent decree, settlement agreement, or the lawyers' request for payment. Comments MUST include the case name and number, *ODonnell et al. v. Harris County et al.*, 16-cv-1414-LHR, at the top of the first page. No later than October 11, 2019, comments must be filed with the court at the following address: Clerk of the Court United States District Court, Southern District of Texas, 515 Rusk Street, Houston, TX 77002. If you have questions, want additional information about the case, or want to share your experiences or views on the issues addressed in the case, please write the lawyers for the class at SUSMAN GODFREY L.L.P., 1000 Louisiana Street, Suite 5100, Houston, Texas 77002.