**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS, HOUSTON DIVISION**

| | |
|---|---|
| MARANDA LYNN ODONNELL, et al. | ) |
| Plaintiffs, | ) |
| v. | ) Case No. 16-cv-01414 |
| | ) (Consolidated Class Action) |
| HARRIS COUNTY, TEXAS, et al. | ) The Honorable Lee H. Rosenthal |
| | ) U.S. District Judge |
| Defendants. | ) |

**JOINT MOTION FOR FINAL APPROVAL OF PROPOSED CONSENT DECREE AND SETTLEMENT AGREEMENT AND MEMORANDUM IN SUPPORT OF MOTION**

The Parties jointly move this Court for final approval of the Consent Decree and Settlement Agreement ("the proposed settlement") negotiated by Plaintiffs, Harris County, the Harris County Criminal Court at Law Judges, and the Harris County Sheriff (collectively, "the Parties"). In response to the Court's suggestions in its Order granting preliminary approval of the settlement, Dkt. 651, the Parties have modified the Consent Decree, and Plaintiffs have resolved the discrepancy between Plaintiffs' fee petition and Counsel Neal Manne's declaration. A clean version of the revised Consent Decree, which the parties jointly ask the Court to enter, is attached as Exhibit 1. A clean version of Mr. Manne's amended declaration, which the Parties ask be substituted in place of Dkt. 617-7 and Dkt. 618-5, and considered in support of Plaintiffs' fee petition (Dkt. 618) and in support of this Motion, is attached as Exhibit 2. Redline versions of the documents showing the specific changes the Parties made are submitted as Exhibit 3 (redlined Consent Decree) and Exhibit 4 (redlined Amended Declaration of Neal Manne). Section I below lists and describes the specific changes made to the Consent Decree and Mr. Manne's Declaration.

1

The Parties did not modify the Settlement Agreement, Dkt. 617-2, which the Parties ask the Court to accept.

In this Motion for Final Approval, the Parties incorporate in full their prior briefing relating to preliminary approval of the proposed settlement, including: the Parties' Joint Motion and Memorandum in Support of Joint Motion for Preliminary Approval of Proposed Consent Decree and Settlement Agreement and for Approval of Class Notice (Dkt. 617), Plaintiffs' Unopposed Rule 54(d)(2) Motion to Authorize Compensation of Class Counsel's Attorneys' Fees and Litigation Expenses (Dkt. 618), Plaintiffs' Response to Amici (Dkt. 648), Defendants' Response to Amici (Dkt. 647), and Declaration of Judge Darrell Jordan (Dkt. 649). For all of the reasons set forth in the Parties' prior filings, in this Motion and Memorandum, and in the Court's Order preliminarily approving the proposed settlement (Dkt. 651), the Parties move this Court to approve the Consent Decree and Settlement Agreement.

## I. Changes to the Consent Decree and Settlement Agreement

### A. Consent Decree

In its Order preliminarily approving the proposed settlement agreement, the Court asked the Parties to consider making several changes to the Consent Decree. The Parties have conferred and agreed to implement each of the changes, as described below and as reflected in the redline version (Exhibit 3) and clean version (Exhibit 1) of the Consent Decree:

- In Section 65(c), the Parties added the phrase "consistent with Texas law." *See* Dkt. 651 at 34–35.

- The Parties amended Section 68(a)(ii) to clarify that lack of actual notice constitutes good cause for nonappearance and to make clear that the provision is consistent with Texas state law. *See* Dkt. 651 at 35.[1]

---

[1] Notice is a basic requirement of due process. Considering the historical practice of failing to provide arrestees with adequate notice of court settings before issuing arrest warrants for nonappearance, *see* Dkt. 617 at 23 (describing testimony of Judge Jordan, former Judge Fields, and Dr. Stephen Demuth), the Parties agree that the Consent Decree

- The Parties fixed typographical errors in Section 7(o) and Section 30 (Rule 9.12.8), as identified by the Court, *see* Dkt. 651 at 11 n.2, as well as a typographical error identified by the Parties in Section 17(g).

- The Parties changed each instance of the word "shall" to either "must," "may," or "will," as appropriate, to resolve any ambiguity created by use of the word "shall." *See* Dkt. 651 at 11 n.2.

### B. Fee Petition

The Court identified discrepancies in the fees for which Plaintiffs' counsel petitioned as compared to the fees set forth in the Settlement Agreement. First, the Court noted that Civil Rights Corps is seeking a lesser amount of fees in its fee petition, Dkt. 618 (seeking $3,716,531.00), than the amount the County agreed not to oppose in the Settlement Agreement, Dkt. 617-2 (agreeing not to oppose a petition by Civil Rights Corps for fees of $3,725,231.00). The reason for the discrepancy is that, subsequent to the Settlement Agreement being signed, CRC attorneys exercised additional billing discretion. Because the County has agreed to and approved a greater amount of fees than Plaintiffs now seek, the Parties agree that there is no need to amend either the Settlement Agreement or the fee petition. Plaintiffs ask that the Court order the lesser amount requested in their formal fee petition to the Court. *See* Dkt. 618.

Second, the Court noted that the value of Susman Godfrey's work on this case as stated in Neal Manne's Declaration, submitted in support of the preliminary-approval motion and Plaintiffs' fee petition, exceeded the fee amount Harris County agreed to pay and Susman Godfrey agreed to forgo, as stated in the Settlement Agreement and proposed notice. *See* Dkt. 617-7 (Declaration of Neal Manne, stating that Susman Godfrey attorneys and paralegals billed $2,165,012.50); Dkt. 618-5 (same); Dkt. 617-2 (Settlement Agreement, stating that Harris County agrees to pay, and

---

must explicitly state that actual notice of a court setting is required before an arrest warrant for nonappearance may issue.

Susman Godfrey agrees to forgo, $2,161,262); Dkt. 617-3 (Proposed Notice, stating the lower figure). The discrepancy arose because of the time that elapsed between the date the fee amounts in the Settlement Agreement were determined and the date Mr. Manne signed his Declaration. As of July 27, 2019, when the Commissioners Court voted to approve the Settlement Agreement, the value of Susman Godfrey's time spent working on this lawsuit was $2,161,262. By July 31, 2019, when Mr. Manne signed the declaration submitted as Dkt. 617-7 and Dkt. 618-5, the value of the firm's work totaled $2,165,012.50. Mr. Manne is submitting an amended declaration that reflects the lesser amount of fees accrued as of July 27, 2019 and that is consistent with the amount set forth in the Settlement Agreement. *See* Exhibit 5 ¶ 3 (Amended Declaration of Neal Manne). Mr. Manne's Amended Declaration is otherwise identical to the one previously submitted.

## II. The Proposed Settlement Is Fair, Reasonable, and Adequate to the Class and Merits Final Approval

### A. The Legal Standard

A proposed settlement or consent decree must be "fair, reasonable, and adequate." Fed. R. Civ. P. 23(e); *United States v. City of New Orleans*, 731 F.3d 434, 438–39 (5th Cir. 2013) (the "fair, adequate, and reasonable" standard applies to consent decrees as well as settlement agreements). The Court must analyze the same factors regardless of whether the parties are seeking preliminary or final approval of a settlement. Fed. R. Civ. P. 23(e); *see Jones v. Singing River Health System*, 2016 WL 6106518, at * 5 (S.D. Miss. Jan. 20, 2016) (explaining that preliminary approval requires a preliminary analysis of the ultimate factors of fairness, reasonableness, and adequacy); *see also Cope v. Duggins*, 2001 WL 333102, at *1 (E.D. La. Apr. 4, 2001).

In its Order granting preliminary approval of the proposed settlement, the Court set forth the legal standard that applies under Rule 23(e) to motions for preliminary or final approval, which the Parties re-state here:

4

Under the 2018 amendments to Rule 23(e)(2), courts look to whether:

(A) the class representatives and class counsel have adequately represented the class;

(B) the proposal was negotiated at arm's length;

(C) the relief provided for the class is adequate, taking into account:

(i) the costs, risks, and delay of trial and appeal;

(ii) the effectiveness of any proposed method of distributing relief to the class, including the method of processing class-member claims;

(iii) the terms of any proposed award of attorney's fees, including timing of payment; and

(iv) any agreement required to be identified under Rule 23(e)(3); and

(D) the proposal treats class members equitably relative to each other.

FED. R. CIV. P. 23(e)(2); *see also* 4 NEWBERG ON CLASS ACTIONS § 13:14 (5th ed. 2019) (in adopting the 2018 amendments to Rule 23(e), "Congress essentially codified [the] prior practice").

Common-law criteria preceded the Rule 23 factors. In *Reed v. General Motors Corp.*, 703 F.2d 170, 172 (5th Cir. 1983), the Fifth Circuit laid out six factors for courts to consider in determining the fairness, reasonableness, and adequacy of a proposed class settlement: (1) evidence that the settlement was obtained by fraud or collusion; (2) the complexity, expense, and likely duration of the litigation; (3) the stage of the litigation and available discovery; (4) the probability of plaintiffs' prevailing on the merits; (5) the range of possible recovery and certainty of damages; and (6) the opinions of class counsel, class representatives, and absent class members. *All Plaintiffs v. All Defendants*, 645 F.3d 329, 334 (5th Cir. 2011) (quoting *In re Katrina Canal Breaches Litig.*, 628 F.3d 185, 194–95 (5th Cir. 2010)).

Because the Rule 23 and case-law factors overlap, courts in this circuit often combine them in analyzing class settlements. *See Hays v. Eaton Grp. Attorneys, LLC*, No. 17-88-JWD-RLB, 2019 WL 427331, at *9 (M.D. La. Feb. 4, 2019); *Al's Pals Pet Care v. Woodforest Nat'l Bank, NA*, No. H-17-3852, 2019 WL 387409, at *3 (S.D. Tex. Jan. 30, 2019); *see also* FED. R. CIV. P. 23(e)(2) Committee Notes to 2018 amendments ("The goal of this amendment [to Rule 23(e)(2)] is not to displace any [circuit case-law] factor, but rather to focus the court and the lawyers

> on the core concerns of procedure and substance that should guide the decision whether to approve the proposal.").
>
> "A presumption of fairness, adequacy, and reasonableness may attach to a class settlement reached in arm's-length negotiations between experienced, capable counsel after meaningful discovery." *Erica P. John Fund, Inc. v. Halliburton Co.*, No. 02-CV-1152-M, 2018 WL 1942227, at *4 (N.D. Tex. Apr. 25, 2018) (quoting *In re Heartland Payment Sys., Inc. Customer Data Sec. Breach Litig.*, 851 F. Supp. 2d 1040, 1063 (S.D. Tex. 2012)). This presumption reflects the strong public interest in settling class actions. *Kincade v. Gen. Tire & Rubber Co.*, 635 F.2d 501, 507 (5th Cir. Jan. 1981) ("Particularly in class action suits, there is an overriding public interest in favor of settlement." (quoting *Cotton v. Hinton*, 559 F.2d 1326, 1331 (5th Cir. 1977))); *Hays*, 2019 WL 427331, at *8 ("Because the public interest strongly favors the voluntary settlement of class actions, there is a strong presumption in favor of finding the settlement fair, reasonable[,] and adequate." (quoting *In re Oil Spill by Oil Rig Deepwater Horizon in Gulf of Mex.*, 910 F. Supp. 2d 891, 930–31 (E.D. La. 2012))).

Memorandum and Opinion Preliminarily Approving the Proposed Consent Decree and Settlement Agreement and Approving and Directing Issuance of Class Notice, Dkt. 651 at 13–15.

### B. Applying the Factors

The Parties have already explained why all of the factors weigh strongly in favor of approval. The Court has considered in detail each of those arguments, the objections of numerous amici to the Parties' arguments for approval, and the Parties' responses to amici, finding that each of the factors weighs in favor of approval. The Court's analysis is summarized below:

(1) Adequacy of class counsel: Class counsel has "ably and diligently represented" the class "in a case filled with legal and factual complexities." Dkt. 651 at 15. (2) Arm's-length negotiations: "There has [not] been, and could not be, any suggestion of fraud or collusion in this case. The proposed class settlement was the product of rigorous, hard-fought negotiations conducted at arm's-length." *Id.* at 16; *see also id.* at 18 ("The high-quality representation on all sides, the lack of any evidence of fraud or collusion, the parties' adverse posture, and the six months of negotiations required to produce this settlement amply satisfy the *Reed* factor requiring

6

the absence of collusion. This weighs heavily in favor of preliminarily approving the proposed consent decree and settlement agreement."). (3) Duration, costs, risks, and delay of trial and appeal: "By reaching a favorable settlement before additional summary judgment motions and the permanent injunction trial, the plaintiffs avoided expense and delay and ensured recovery for the class." *Id.* at 19 (citations, quotations, and alterations omitted). (4) Stage of proceedings: "The parties, and the court, have ample factual and legal information with which to evaluate the merits of their competing positions and to make a reasoned judgment about the desirability of settling the case on the terms proposed." *Id.* (citations and quotations omitted). (5) Probability of success: In the absence of fraud or collusion, this factor is "the most important *Reed* factor." *Id.* at 20. The proposed consent decree "provides the critical relief the plaintiffs have long sought"—swift pretrial release for the vast majority of misdemeanor arrestees and elimination of the County's secured money bail schedule—and also "provides other relief" that "meets, supports, and implements the relief the class would likely recover were this case to proceed to trial and appeal." *Id.* at 21. (6) The range and certainty of recovery: The settlement falls within a reasonable range of recovery, considering Plaintiffs' likelihood of prevailing on the merits. *Id.* at 22–23. (7) The opinions of the participants: Class counsel strongly endorses the settlement, as do counsel for all parties. "Class counsels' opinions as to the benefits of the proposed consent decree are consistent with the court's own analysis of the proposed consent decree and settlement agreement under the *Reed* and Rule 23(e)(2) factors." *Id.* at 23. (8) Equitable treatment of class members: "All class members are entitled to the same relief." *Id.* at 24. Considering each of these factors, the Court rightly held "[a]ll of the Rule 23(e)(2) and *Reed* factors weigh in favor of preliminarily approving the proposed consent decree and settlement agreement." *Id.*

The Court also reviewed in detail all of the concerns raised by amici and the Parties' arguments in response to amici, and correctly concluded that none of amici's "contentions [] support denying preliminary approval." *Id.* at 26–27. For all of the reasons the Parties have already set forth and those set forth in the Court's Order granting preliminary approval, the Court should grant final approval of the Consent Decree and Settlement Agreement, which now reflect the Court's suggested changes, as described in Part I of this brief.[2]

### III. Conclusion

The Consent Decree and Settlement Agreement are fair, reasonable, and adequate. Following the fairness hearing on October 28, the Court should issue final approval.

Date: September 27, 2019

Respectfully Submitted,

*/s/ Alec Karakatsanis*
*/s/ Elizabeth Rossi*
Alec George Karakatsanis
alec@civilrightscorps.org
Elizabeth Rossi
elizabeth@civilrightscorps.org
Civil Rights Corps
1601 Connecticut Ave NW, Suite 800
Washington, DC 20009
Telephone: (202) 681-2721

*/s/ Neal S. Manne*
Neal S. Manne
Texas Bar No. 12937980
nmanne@susmangodfrey.com
Lexie G. White
Texas Bar No. 24048876
lwhite@susmangodfrey.com
Joseph S. Grinstein
Texas Bar No. 24002188
jgrinstein@susmangodfrey.com
SUSMAN GODFREY L.L.P.
1000 Louisiana Street, Suite 5100
Houston, Texas 77002
Telephone: (713) 651-9366
Facsimile: (713) 654-6666

*/s/ Michael Gervais*
Michael Gervais
mgervais@susmangodfrey.com
SUSMAN GODFREY L.L.P.

---

[2] In determining whether a settlement agreement is fair to the class, the Court must also consider the views of class members who object. *See* Fed. R. Civ. P. 23(e)(5); *Turner v. Murphy Oil USA, Inc.*, 472 F. Supp. 2d 830, 853–54 (E.D. La. 2007). Because the due date for objectors (October 11) post-dates the filing deadline for this brief, the Parties cannot address this factor at this time, but they will be prepared to do so, if needed, at the fairness hearing scheduled for October 28, 2019.

1900 Avenue of the Stars, #1400
Los Angeles, CA 90067
Telephone: (310) 789-3100

*Attorneys for Plaintiffs*

VINCE RYAN, HARRIS COUNTY ATTORNEY

*/s/ Melissa L. Spinks*
Melissa L. Spinks
Assistant County Attorney
Federal I.D. 1312334
State Bar No. 24029431
1019 Congress, 15th Floor
Houston, Texas 77002
Telephone: (713) 274-5132
Facsimile: (713) 755-8924
melissa.spinks@cao.hctx.net

*ATTORNEY FOR HARRIS COUNTY*

G. Allan Van Fleet, P.C.
Texas Bar No. 20494700
6218 Elm Heights LN, Suite 201
Houston, TX 77081-2409
(713) 826-1954
allanvanfleet@gmail.com

*ATTORNEY FOR DEFENDANTS COUNTY CRIMINAL COURTS AT LAW JUDGES*

*/s/ Victoria Jimenez*
OF COUNSEL, VINCE RYAN
Harris County Attorney

VICTORIA L. JIMENEZ
Assistant County Attorney
Federal I.D. No. 2522937
State Bar No. 24060021
1861 Old Spanish Trail
Houston, Texas 77054
Telephone: (832) 927-5211
Facsimile: (713) 755-8924
E-mail: victoria.jimenez@cao.hctx.net

*/s/ Murray Fogler*
Murray Fogler
FOGLER, BRAR, FORD,
O'NEIL & GRAY, LLP
2 Houston Center
909 Fannin St, Suite 1640
Houston, Texas 77010
(713) 481-1010
(713) 574-3224 (Fax)
*Attorneys for Defendant Sheriff Ed Gonzalez*

## CERTIFICATE OF SERVICE

I hereby certify that on the 27th day of September 2019, I electronically filed the foregoing with the clerk of the court for the U.S. District Court, Southern District of Texas, using the electronic case filing system of the Court. The electronic case filing system sent a "Notice of Electronic Filing" to the attorneys of record who have consented in writing to accept this Notice as service of this document by electronic means.

*/s/ Elizabeth Rossi*
Elizabeth Rossi