IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **MARANDA LYNN ODONNELL, et al.** | § | CIVIL ACTION NO. |
| | § | 4:16-cv-01414 |
| **v.** | § | |
| | § | |
| **HARRIS COUNTY, TEXAS, et al.,** | § | |

## HARRIS COUNTY DISTRICT ATTORNEY'S STATEMENT OF INTENT TO APPEAR AND SUPPLEMENTAL AMICUS BRIEF

The Harris County District Attorney submits this statement of her intent to appear at the final fairness hearing scheduled for October 28, 2019 because the Proposed Settlement binds not only the parties to this lawsuit but also "those who are in active concert or participation with the Parties or the Parties' officers, agents, servants, employees, or attorneys." *See* Docket Entry No. 657-1 at ¶ 16 (amended proposed consent decree, filed September 27, 2019).

The Proposed Settlement outlines new and long-awaited bail reform directly affecting many who have not been involved in this lawsuit or the settlement process. For a systemic change to be effective, all involved must understand what is being changed and why. That is why the District Attorney sent a letter to Klein Independent School District Police Department Chief David Kimberly, the President of the

1

Houston Area Police Chiefs Association, inviting police officials and other criminal justice and public safety leaders to attend the fairness hearing and to express their concerns about the Proposed Settlement, a letter that was thereafter emailed to area police chiefs.  *See* Exhibit 1 (letter to Kimberly).  The concerns of local area law enforcement chiefs have never been presented publicly, other than through various media outlets in coverage focusing only on individual offenders and their crimes.

A recent *Houston Chronicle* article suggested the District Attorney's letter was intended to generate "a courtroom full of police officers." *District Attorney Kim Ogg summons police chiefs to oppose historic bail settlement,* HOUSTON CHRON. (Oct. 12, 2019).[1]  The newspaper article failed to mention, however, that the District Attorney's letter was a response to a request by the President of the Houston Area Police Chiefs' Association for more information and an explanation of the fairness hearing.  *See* Exhibit 2 (Houston Area Police Chiefs Association statement).

Although District Attorney representatives participated in numerous settlement meetings, *see* Exhibit 3 (record of District Attorney participation in *O'Donnell* settlement meetings), no Harris County law enforcement officials other

---

[1] The *Chronicle* article is accessible here: https://www.houstonchronicle.com/news/houston-texas/houston/article/District-Attorney-Kim-Ogg-summons-police-chiefs-14517578.php?utm_campaign=CMS%20Sharing%20Tools%20(Mobile)&utm_source=share-by-email&utm_medium=email

than defendant Harris County Sheriff Ed Gonzalez were present at any of the settlement meetings to which the District Attorney was invited. The lack of inclusion of police chiefs in the settlement process led to a vigorous discussion on August 21, 2019, which ultimately led to the District Attorney's notification to the Houston Area Police Chiefs Association of the fairness hearing.

Because of the breadth of the Proposed Settlement, the District Attorney believes that *all* affected parties should have been accorded an opportunity to express their perspectives on the serious changes to the Harris County criminal justice system mandated by these new rules.[2]

And although the District Attorney acknowledges and appreciates that the Court considered the nonparties' amicus briefing *after* the Proposed Settlement was finalized and has expressed its willingness to receive "robust public comment"

---

[2] Discussions with stakeholders and comments from the public are fundamental norms of transparent rulemaking. *See, e.g.,* 5 U.S.C. § 553(c) (Administrative Procedure Act: "After notice required by this section, the agency shall give interested persons an opportunity to participate in the rule making through submission of written data, views, or arguments with or without opportunity for oral presentation."); TEX. GOV'T CODE §§ 22.004(b) and 74.024(d) (statutory public comment periods for rules of procedure and rules of judicial administration); Nathan L. Hecht, Martha G. Newton, and Kennon L. Wooten, *How Texas Court Rules are Made*, at 7-8 (www.txcourts.gov/media/1374851/How-Court-Rules-Are-Made.pdf) ("When the Court adopts a new statewide rule or makes substantive amendments to an existing statewide rule, it almost always invites public comment.") As noted above, however, this did not happen in the development of the Proposed Settlement.

3

before ruling on the parties' motion for final approval,[3] these opportunities for public comment are poor substitutes for the hands-on discussion with and input from law enforcement officials regarding the Proposed Settlement that should have occurred *before* finalization.

The Proposed Settlement imposes federal supervision on the Harris County system in a manner that requires the participation and cooperation of many who have not been included in the settlement process. The District Attorney has consistently raised concerns about a proposed process which elevates the interests of arrested defendants at the expense of victims, witnesses, and public safety and does not provide for appropriate funding for the mandated changes. Many aspects of the Proposed Settlement have already been implemented and are not working, causing serious risks to public safety. This Court can remedy these concerns by rejecting the Proposed Settlement until all affected parties have been provided notice and an opportunity to work through the operational concerns required to successfully implement this much-needed bail reform.

---

[3] *See* Docket Entry No. 651, at 21 ("If this court grants the motion for final approval, it will do so after providing ample opportunities for, and receiving, robust public comment.").

Respectfully submitted,

*/s/    Kim Ogg*

KIM OGG
State Bar No. 15230200
FED ID: 635102
District Attorney, Harris County, Texas
500 Jefferson, Suite 600
Houston, TX 77002
(713) 274-5800

## CERTIFICATE OF SERVICE

I hereby certify that all interested parties have been served this date, October 17, 2019, by email notice via electronic case filing (ECF).

*/s/ Kim Ogg*

KIM OGG