United States Courts
Southern District of Texas
FILED

OCT 21 2019

David J. Bradley, Clerk of Court

RESPONSE TO

MEMORANDUM AND OPINION PRELIMINARILY APPROVING THE PROPOSED CONSENT DECREE AND SETTLEMENT AGREEMENT AND APPROVING AND DIRECTING ISSUANCE OF CLASS NOTICE

My name is Doug Smith, and while I am not one of the amici's listed on pages 6 and 7 of subject agreement, I am an individual citizen who has concerns about the agreement and if possible, I would like to appear at the hearing on October 25 to voice my concerns, because I think citizens should be heard, in addition to all of the amicis.

In addition to not being an amici, I am also not an attorney. I am sure there are legal forms that should be used in this case, but I only learned about this last Wednesday and since responses must be submitted on Monday, this is only option I have, and I hope it can be accepted.

Let me say at the beginning, I am in favor of bail reform. As a person who has had personal experience in helping relatives with bail, there is no question in my mind that the prior system was too punitive. Languishing in jail for a minor offense and not begin able to "make bail" leads to many lives being ruined. It leads to people pleading guilty to an offence that may be questionable, in order to eliminate the possibility of losing their jobs, cars and a place to live. Once you have a criminal record, finding a job or place to live becomes very difficult.

A great example of improved criminal procedures is the marijuana diversion program instituted by Harris County District Attorney Kim Ogg, where thousands of people have completed the diversion program and eliminated having a criminal offence in their records.

I am an officer in the Alief Super Neighborhood Council and as such, attend monthly meetings where the local Houston Police Captain presents a report on crime statistics and shares additional information relating to these statistics. I also attend monthly PIP meetings at the local police headquarters where additional information is shared with interested citizens.

One of the issues I have repeatedly heard at these meetings is that officers are arresting criminals, only to have them released on a personal recognizance bond to return to the neighborhood and commit another crime, and be released again on another bond. This has happened for some offenders many times.

Why can't the agreement being considered contain a provision that no bond will be allowed if the offender is already out on a bond when the crime is committed? Page 2 of the agreement speaks to "implement the relief sought by requiring policies and practices designed to protect the safety of the community" Arresting the same person multiple times requires extensive police time to complete the required paper work and transport the arrestee to jail, and it is definitely a threat to the safety of the community when this happens, since the officers could be focused on other crime issues. A change to "no bond" if the arrestee is already out on a bond would go a long way in correcting this issue.

Page 10 in the 3rd paragraph states that a warrant can be issued only if the judge finds that the arrestee had actual notice of the hearing and that there was no good cause for failing to appear. From my experience having received traffic tickets, the date set for a court appearance is on the ticket, and I would assume the arrestees in question would receive similar information, making this provision moot.

On page 26 the statement is made that "The proposed consent decree's representation requirement and policies are designed to increase court appearances and to protect misdemeanor arrestees from arbitrary wealth-based detention." I fail to understand how this can be the case, particularly the increase in court appearances.

On page 29 the statement is made that: " The court found no "reasonable basis for [the] belief that for misdemeanor defendants, release on secured money bail provides incentives for, or produces, better pretrial behavior than release on unsecured or nonfinancial conditions." I found this a surprising statement, and in checking with people in the bonding business, the failure to show for scheduled court dates under the old system was approximately 16%, while under the new system the failure to show rate approximately 49%, a 200% increase.

Please contact me if there will be an opportunity for me to appear on the 25th.

Respectfully Submitted


Doug Smith

todoug@gmail.com

832-723-1652