IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| MARANDA LYNN ODONNELL, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>HARRIS COUNTY, TEXAS, et al.<br><br>Defendants. | Case No. 16-cv-01414<br>(Consolidated Class Action)<br>The Honorable Lee H. Rosenthal<br>U.S. District Judge |

## DECLARATION OF JUDGE DARRELL JORDAN IN SUPPORT OF FINAL APPROVAL OF PROPOSED CONSENT DECREE

### Introduction

1. My name is Darrell William Jordan. I was elected by the citizens of Harris County, Texas to serve as Judge of Harris County Criminal Court at Law No. 16. On January 1, 2017, I began my term as Judge of Court No. 16. Today I am the Presiding Judge of the Harris County Criminal Courts at Law ("CCCL").

2. I have previously testified in this litigation about my experience with the Harris County misdemeanor bail and pretrial system as a judge and defense counsel. I testified live at the preliminary injunction, and I submitted a sworn declaration regarding missed appearances by persons released on personal bonds. I also submitted a declaration in support of preliminary approval of the proposed Consent Decree.

3. I submit this additional Declaration to support of final approval of the proposed Consent Decree to address some of the issues raised by those objecting to the Consent Decree, notably District Attorney Kim Ogg.

**The Proposed Consent Decree does not require that repeat offenders receive PR bonds.**

4. DA Ogg continues to assert that under the Consent Decree, the CCCL Judges must release misdemeanor defendants on personal (PR) bonds, even though they are charged with new offences while on bond. This is not true; DA Ogg knows it is not true; and her unfounded assertions were refuted in this Court's thorough opinion granting preliminary approval to the Consent Decree.

1

5. As I stated in my declaration in support of preliminary approval of the Consent Decree, in revised Rule 9, the CCCL judges exercising their administrative powers, agreed that most misdemeanor defendants should be given personal bonds and that their constitutional rights and public safety demanded that they be given personal bonds promptly.

6. However, we recognized certain types of cases in which we want defendants to appear before a magistrate to determine what non-monetary conditions should attach to their bonds. These include violence against a family member or even threatening such violence. We expect many of those arrestees will additionally also be released pretrial, conditioned on staying away from the victim and perhaps including monitoring. Other categories of arrestees who must see a judge for an individualized determination of conditions of release include repeat DUI defendants, who should have to have locking devices installed on their cars.

7. The "carve-outs" include persons who are arrested while out on bond in any other case or while on probation or parole. The magistrate should first consider appropriate non-monetary conditions for repeat offenders. These non-monetary conditions apply to rich and poor alike. You don't remain in jail if you are poor; you can't buy your way out of conditions if you are rich.

8. Nevertheless, under the Consent Decree, based on federal constitutional law, if the magistrate or CCCL judge is convinced by clear and convincing evidence that non-monetary conditions will not suffice to protect the public from further crimes by a repeat offender, then the magistrate or CCCL judge (making a proper record), may set a bond that the defendant cannot pay. That defendant will remain in jail until his trial.[1]

9. DA Ogg knows this well. She and her staff participated in crafting the revised Rule 9, and she signed off on it after the CCCL judges voted to adopt it. To this day, she purports to support Rule 9, but not other parts of the Consent Decree.

### Conclusion

I urge the Court to order final approval of the proposed Consent Decree.

I declare under penalty of perjury that the foregoing is true and correct to the best of my ability.

_____  
Hon. Darrell Jordan

10/21/19  
Date

---

[1] I emphasize that this is permitted under the Consent Decree, and that Plaintiffs never argued the U.S. Constitution requires more. Texas law does not allow misdemeanor defendants to be held in jail without bail – the sole exception being committing violence against a family member while under a protective order for such domestic violence. All other misdemeanor defendants must be given a bond.