IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MARANDA LYNN ODONNELL, et al. | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Case No. 16-cv-01414 (Consolidated Class Action) |
| HARRIS COUNTY, TEXAS, et al. | ) ) | The Honorable Lee H. Rosenthal U.S. District Judge |
| Defendants. | ) ) ) | |

**DECLARATION OF JUDGE FRANKLIN BYNUM
SUPPORTING FINAL APPROVAL OF CONSENT DECREE**

**Introduction**

1. My name is Franklin Bynum. I am the Judge of the Harris County Criminal Court at Law ("CCCL") # 8.

2. I provide this Declaration to address the assertion by District Attorney Kim Ogg that the Consent Decree provisions for reducing non-appearance allow misdemeanor defendants to reset hearings at will and *ad infinitum*. It is simply not true.

3. I was the representative of the CCCL judges who negotiated most intently with Plaintiffs' counsel over these provisions. I also was the principal drafter of the "Reducing Non-Appearance" section of Defendants' Response to Amicus Brief.

**The non-appearance procedures in the proposed Consent Decree do not allow misdemeanor defendants to perpetually reset their cases.**

4. The Consent Decree distinguishes between "regular" settings and "required" settings:

> First setting:
>
> Section 17(g). "First appearance" or "first setting" refers to the first scheduled court appearance for a misdemeanor arrestee in a particular case. (The term "misdemeanor arrestee" is defined in Section 17(k).)
>
> Section 17(q). "Regular setting" or "regular appearance" refers to any setting that is not a required appearance for a misdemeanor arrestee. ("Required appearance" is defined in Section 17(r).)
>
> Section 17(r). "Required setting" or "required appearance" refers to trial settings, bond violation hearings, suppression hearings, or plea settings for any misdemeanor arrestee; or any pretrial hearing before a Harris County Criminal Court at Law Judge in a case where a misdemeanor arrestee has had prior sufficient notice, as required by Section 65(b) of the Consent Decree, that the appearance is required.

5. A misdemeanor defendant who is not in custody may request a resetting of a "regular" hearing. Section 66(a). Under the proposed Consent Decree, such requests must be granted – *but only twice during the course of the case*. Section 66(b). This "two-bites" limitation was important not only in my negotiations with Plaintiffs' counsel, but also in the deliberations among the CCCL judges who approved the new non-appearance procedures. Additionally, judges retain discretion to convert any regular appearance to a required appearance, for which different rescheduling policies apply. Section 56(b).

6. The Consent Decree does not require the judges to provide misdemeanor defendants with two opportunities to reschedule either first appearances or required appearances. If a defendant misses either of those

appearances the court may issue an arrest warrant for nonappearance upon a finding of notice and good cause. Section 68. If the defendant later appears and seeks to reschedule a *required* appearance, the court has discretion to recall the warrant and reinstate the bond *or not*. Section 69(b). If the defendant later appears and seeks to reschedule a *first appearance*, the warrant will be recalled—but again, defendants can take advantage of this rescheduling policy only twice. Section 69(a).

7.  Misdemeanor defendants cannot perpetually reschedule their appearances under the proposed Consent Decree; any suggestion to the contrary is grievously false. Moreover, in my experience as a judge and as a public defender, misdemeanor defendants want to conclude their cases quickly and want to appear in court to resolve their case. Every day, my courtroom is full of people who appear to resolve their case—in most cases, they only hear that the District Attorney's Office is not ready. The trope that defendants in criminal cases do not regularly appear to resolve their cases belies my many years of experience working in this courthouse. For nearly everyone I see every day, their misdemeanor case is the most stressful and important matter in their life. If the District Attorney's Office cared about each case as much as the person charged, the cases would be resolved dramatically faster.

8.  I and many of my colleagues have been applying these non-appearance procedures for many months. The new procedures have not reduced the rate that cases are resolved in my court.

**Conclusion**

I urge the Court to grant final approval of the proposed Consent Decree.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on October 21, 2019.

_____
Judge Franklin Bynum