UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF TEXAS, HOUSTON DIVISION

| | |
|---|---|
| MARANDA LYNN ODONNELL, et al.,  )<br>)<br>Plaintiffs,  )<br>)<br>v.  )<br>)<br>HARRIS COUNTY, TEXAS, et al.  )<br>)<br>Defendants.  )<br>) | Case No. 16-cv-01414<br>(Consolidated Class Action)<br>The Honorable Lee H. Rosenthal<br>U.S. District Judge |

### [PROPOSED] ORDER

Having considered Plaintiffs' Motion to Strike Morales Objection (Dkt. 669) and for Other Miscellaneous Relief, it is **HEREBY ORDERED** that the Motion is **GRANTED** as follows:

1. The deadline for filing objections was October 11, 2019. The deadline was set forth in the Court's Order granting preliminary approval of the Settlement Agreement and Consent Decree (Dkt. 651) and in the Notice (Dkt. 651-1) that was broadly published consistent with due process and this Court's detailed instructions (*see* Dkt. 659, Dkt. 659-1).

2. Gilbert Morales filed objections on October 18, 2019. Mr. Morales did not acknowledge the untimeliness of his purported objection let alone provide any basis for excusing it.

3. Gilbert Morales's objections are hereby stricken because they are untimely.

4. The objections are further stricken because:

    a. Mr. Morales has not provided any evidence that he has standing to object. Specifically, he has not provided any evidence that he was a class member when

1

       he filed the objection or that he is aggrieved by the proposed agreement even if he were a class member.

   b. Morales identifies no reason the settlement is not fair and reasonable to the class. His vague objections instead appear to suggest that he believes the proposed agreement provides *too much* relief to the class.

   c. Morales and his counsel raise materially the same objections as other amici (and copy portions of those amici's arguments verbatim), including amici representing interests associated with commercial bail bond companies, who Mr. Morales' counsel also represents. Under these circumstances, and in the absence of any explanation of this from Morales or his counsel, the Court finds that the purported objection is not made in good faith.

5. Even if the Court were to consider Mr. Morales's objections as coming from a class member, the Court would have rejected the objection for all of the reasons this Court has previously explained in rejecting the similar arguments of the other amici.

6. Because the objections are stricken, Plaintiffs' request to depose Mr. Morales, or in the alternative to require him to testify live and under oath at the fairness hearing, is denied as moot.

7. As with other members of the public who wish to comment on the consent decree, Mr. Morales may speak on his own behalf at the fairness hearing, or through counsel.

Ordered this ___ day of _____, 2019.

_____
Hon. Lee H. Rosenthal District Judge