United States District Court
Southern District of Texas
**ENTERED**
October 25, 2019
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| MARANDA LYNN ODONNELL, *et al.*, § <br> on behalf of themselves and all others § <br> similarly situated, § <br> § <br> Plaintiffs, § <br> § <br> VS. § <br> § <br> HARRIS COUNTY, TEXAS, *et al.*, § <br> § <br> Defendants. § | CIVIL ACTION NO. H-16-1414 |

**ORDER GRANTING MOTION TO STRIKE GILBERT MORALES'S OBJECTION
AND DENYING MR. MORALES PERMISSION TO SPEAK AT THE FINAL
FAIRNESS HEARING**

On October 18, 2019, one week after the court's October 11 deadline for nonduplicative written objections to the proposed settlement and consent decree, a self-described class member, Gilbert Morales, filed an objection. (Docket Entry No. 651 at 52; Docket Entry No. 669). The plaintiffs moved to strike Mr. Morales's written objection on October 23. (Docket Entry No. 694). The plaintiffs also asked to depose Mr. Morales before the final fairness hearing or to subpoena and cross-examine him at the hearing. (*Id.* at 2).

After careful review of Mr. Morales's objection, the motion, the record, and the applicable law, the court strikes Mr. Morales's objection because it is untimely, because it does not satisfy Federal Rule of Civil Procedure 23(e)(5)(A), and because it duplicates other written objections. FED. R. CIV. P. 23(e)(5)(A). The plaintiffs' request to depose or cross-examine Mr. Morales is denied as moot.

Neither Mr. Morales nor his attorney may speak at the final fairness hearing. Mr. Morales cannot speak as a class objector because his objection does not comply with Rule 23(e)(5)(A).

FED. R. CIV. P. 23(e)(5)(A).  He may not speak as a nonparty objector because he simply repeats arguments that other speakers made in previous objections.

I.  **The Legal Standard for Granting a Motion to Strike an Untimely Objection to a Proposed Class Settlement**

The court has broad discretion to consider or reject late objections.  *Farber v. Crestwood Midstream Partners L.P.*, 863 F.3d 410, 417 (5th Cir. 2017) (the Fifth Circuit lacked jurisdiction over an appeal when "a nonparty, non-intervenor, waived his right to appeal by filing an untimely, procedurally deficient objection" to a class settlement); *id.* at n.12 (collecting cases holding that unnamed class members waive their right to appeal a class settlement by failing to file a timely objection).

II.  **Discussion**

Mr. Morales does not acknowledge, or explain, his objection's untimeliness.  (Docket Entry No. 669).  In addition to being late, Mr. Morales's objection does not satisfy Rule 23(e)(5)(A) because it does not "state whether it applies only to [Mr. Morales], a specific subset of the class, or to the entire class."  FED. R. CIV. P. 23(e)(5)(A).  Mr. Morales claims that the court lacks the power to approve the proposed consent decree and argues that it violates Texas law; is unfair to crime victims; bypasses the political process; would "make it more difficult for courts to resolve cases";[1] and would "exclude" bail bondsmen from posting bonds for 85% of misdemeanor arrestees.  (Docket Entry No. 669 at 6–7, 16).  Almost as an afterthought, he states that the proposed consent decree "is not fair to class members."  (*Id.* at 7).  Rule 23(e)(5)(A) requires more than this bare assertion.  FED. R. CIV. P. 23(e)(5)(A).  Mr. Morales does not satisfy the rule by

---

[1] Mr. Morales does not explain this assertion, though he, like the Professional Bondsmen of Harris County, goes on to challenge the proposed consent decree's provisions on failures to appear and rescheduling court hearings.  (*Compare* Docket Entry No. 631-2 at 13, 15, *with* Docket Entry No. 669 at 17, 19).

2

suggesting, in effect, that the proposed settlement provides "*too much* relief for the class." (Docket Entry No. 694 at 7). The court strikes the objection and precludes Mr. Morales from speaking at the final fairness hearing (personally or through his attorney) as an objecting class member.

In addition, Mr. Morales may not speak as a nonparty objector because he repeats previous objectors' arguments—often verbatim. (*Compare* Docket Entry No. 631-2 at 13–14, *with* Docket Entry No. 669 at 17; *compare* Docket Entry No. 631-2 at 14, *with* Docket Entry No. 669 at 16). The Professional Bondsmen of Harris County's amicus brief made essentially all of Mr. Morales's arguments except the contentions that the parties no longer oppose each other and that the proposed consent decree is unfair to crime victims, claims that Commissioner Steve Radack made in his amicus brief. (Docket Entry No. 634-1 at 4, 10; Docket Entry No. 669 at 7, 10; *compare* Docket Entry No. 631-2, *with* Docket Entry No. 669). Both the Professional Bondsmen and Commissioner Radack will speak at the final fairness hearing. (Docket Entry No. 692 at 2). Mr. Morales has not identified any distinct perspective or argument. Others will adequately represent his concerns at the hearing.

### III. Conclusion

The court grants the plaintiffs' motion to strike and denies as moot their request to depose or cross-examine Mr. Morales. (Docket Entry No. 694). Mr. Morales's written objection is stricken, and neither Mr. Morales nor his lawyer may speak at the final fairness hearing.

SIGNED on October 25, 2019.

_____
Lee H. Rosenthal
Chief United States District Judge