IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MARANDA LYNN ODONNELL, et al. | § | CIVIL ACTION NO. |
| | § | 4:16-cv-01414 |
| v. | § | |
| | § | |
| HARRIS COUNTY, TEXAS, et al., | § | |

## HARRIS COUNTY DISTRICT ATTORNEY'S SUBMISSION OF WRITTEN STATEMENT IN LIEU OF ORAL PRESENTATION

The Harris County District Attorney submits the following written statement for the Court's consideration in lieu of an oral presentation at the October 28, 2019 fairness hearing. The District Attorney will be present at the hearing and available to answer any questions the Court may have.

She will be joined by key attorneys from the Office of District Attorney, including First Assistants David Mitcham and Vivian King, Misdemeanor Division Chief Nathan Beedle, Bond Forfeiture Division Chief Michael Butera, and Intake Bureau Chief Jim Leitner, who supervises the Probable Cause Court where bond hearings take place. They will also be present and available should the Court have any questions they are uniquely situated to answer.

The Harris County District Attorney also gives notice of an out-of-state engagement which requires her departure from Court by 10:45 a.m. She respectfully requests leave of this Court to be excused at that time if the hearing is ongoing.

### STATEMENT OF KIM OGG

My name is Kim Ogg. I am the elected Harris County District Attorney.

I would like to bring the Court's attention to the current, on-the-ground, operational reality of how personal recognizance (PR) bonds are currently working in Harris County misdemeanor courts.

The judicial trend toward PR bonds began in earnest on January 1, 2018, following Hurricane Harvey. On that date, there were 18,890 open cases in Harris County's sixteen misdemeanor courts. At the close of last week, there were 29,947 open cases, a *59 percent* increase in the misdemeanor dockets. Given the thousands of misdemeanor cases my Administration has diverted pre-charge since January 1, 2017, the reason for the exponential increase in the county court dockets is clear.

Simply put, people are not showing up to court. It is not uncommon for the State to move for bond forfeiture on twenty to thirty defendants at a court setting and for none to have those bonds forfeited or revoked.

If past is prologue, the proposed Consent Decree will either cement this trend or exacerbate it further.

I am prepared to provide examples of how this alarming trend has negatively impacted public safety, but that has been addressed in previous filings. The pendency of cases where defendants have failed to appear (FTA) has ballooned the caseload. Criminal cases are remaining in scheduling limbo far too long. Our misdemeanor prosecutors are trying manage exploding dockets and it is inhibiting their ability to effectively and efficiently resolve cases for victims and defendants. When cases become too old, they become more difficult to prosecute.

I want to make very clear that I am an advocate of bail reform. Mass, wealth-based, non-individualized, pre-trial detention is antithetical to due process and our core values as a society. To support these beliefs with action, once in office, I took unprecedented action to :

(1) agree that bail was a critical stage of a proceeding which required representation of counsel – I advocated for the presence and funding of the Public Defender; and

(2) direct our prosecutors in March 2017, prior to any court order or passage of any Local Rule, to agree at the bail hearings to PR bonds on *every* category of misdemeanor offense that did not endanger the public and where the defendant was not a flight risk.

However, I have also consistently expressed concern about the public safety threat to victims and the public in domestic violence, drunken driving, and assaultive misdemeanor crimes and historically have not agreed to PR bonds for offenders charged in these types of cases, although exceptions exist. I have instead instructed

prosecutors in those cases to present evidence-based reasons for requesting cash bail and conditions of bail.

Major changes made by the county criminal courts at law to their bail practices were not explained by the parties to law enforcement and other impacted stakeholders who were not included in meetings held by the parties. Misinformation, however, has been prolific and legitimate safety concerns have been minimized and mischaracterized, leaving the public confused, angry and fearful about the current bail situation.

What I want this Court to know is that I filed my second amicus brief (Document No. 641) outlining my concerns about the public safety impact of the agreed Consent Decree in this Court because this Court is a neutral ground where the interests of liberty and safety are to be balanced and where I could make a record of my concerns without fear of mischaracterization.

As the proposed Consent Decree itself recognizes, the maximization of personal liberty cannot come at the expense of court appearances and public safety. But that is exactly what is happening.

I fear continued failure to include prosecutors and law enforcement agencies in the implementation of this Consent Decree will ensure continued operational concerns.

Respectfully submitted,

*/s/   **Kim Ogg***

KIM OGG
State Bar No. 15230200
FED ID: 635102
District Attorney, Harris County, Texas
500 Jefferson, Suite 600
Houston, TX 77002
(713) 274-5800

## CERTIFICATE OF SERVICE

I hereby certify that all interested parties have been served this date, October 27, 2019, by email notice via electronic case filing (ECF).

*/s/ **Kim Ogg***

KIM OGG