United States District Court
Southern District of Texas
**ENTERED**
May 07, 2020
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MARANDA LYNN ODONNELL, *et al.*, on behalf of themselves and all others similarly situated, | § § § § | |
| Plaintiffs, | § § | |
| VS. | § § | CIVIL ACTION NO. H-16-1414 |
| HARRIS COUNTY, TEXAS, *et al.*, | § § | |
| Defendants. | § § | |

**ORDER**

On May 6, 2020, the parties asked the court to extend several deadlines in the consent decree from May 19, 2020, (180 days after the decree was entered)[1] to September 21, 2020, in light of the COVID-19 pandemic. (Docket Entry No. 715).

The Supreme Court established a two-prong test for deciding whether to modify a consent decree. "First, the party seeking modification must show that 'a significant change either in factual conditions or in law' . . . 'make[s] compliance with the decree substantially more onerous [or] . . . unworkable because of unforeseen obstacles[,] . . . or [that] enforcement of the decree without modification would be detrimental to the public interest.'" *League of United Latin Am. Citizens v. City of Boerne*, 659 F.3d 421, 437 (5th Cir. 2011) (quoting *Rufo v. Inmates of Suffolk Cty. Jail*, 502 U.S. 367, 384 (1992)). Second, the court must "consider whether the proposed modification is suitably tailored to the changed circumstance." *Id.* (quoting *Rufo*, 502 U.S. at 383).

---

[1] One deadline, Section 52's deadline to study the primary causes of nonappearance at court hearings, was originally set for 180 days after the consent decree's entry "or as soon as practicable taking into account the County's procurement processes."

To call COVID-19 a significant change in factual conditions is an understatement. The pandemic complicates countless government functions and makes it harder for the parties to implement the consent decree. A four-month extension is suitably tailored to the obstacles COVID-19 creates. For these reasons, the court grants the deadline extension requests as modifications to the consent decree under Federal Rule of Civil Procedure 60(b)(5).

The consent decree deadlines extended to **September 21, 2020**, are as follows:

1. Section 41(a)'s deadline to establish a process for private appointed counsel.

2. Section 41(b)'s deadline to retain an expert to evaluate systems of indigent defense.

3. Section 43's deadline to develop a written plan with policies and procedures on representation at bail hearings.

4. Section 48(b)'s deadline to update court notification forms.

5. Section 52's deadline to study the primary causes of nonappearance at court hearings.

6. Section 57's deadline to develop and maintain a website.

7. Section 72's deadline to report on processes used to evaluate local processes concerning court appearances.

8. Section 91's deadline to submit a public meeting plan to the Court Monitor.

SIGNED on May 7, 2020, at Houston, Texas.

_____
Lee H. Rosenthal
Chief United States District Judge