UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

MARANDA LYNN ODONNELL, ET AL.   §
       *Plaintiffs*,   §
  §
  §
v.   §
  §
HARRIS COUNTY, TEXAS, ET AL.   §     Case No. 16-cv-01414
  §
       *Defendants*.   §
  §
  §
  §
  §
  §

**MEMORANDUM IN SUPPORT OF THE ATTORNEY GENERAL OF TEXAS'S
MOTION TO INTERVENE**

**TABLE OF CONTENTS**

I.    INTRODUCTION ................................................................................................... 1

II.   ARGUMENT............................................................................................................ 2

      A.   The Court should permit the Attorney General to intervene under Federal Rule of Civil Procedure 24(a)(2). ........................................................................ 2

      B.   The Attorney General has important interests that relate to the subject of this action. .. 2

      C.   Disposition of this action will impair the Attorney General's interests.......................... 4

      D.   The parties cannot show that they adequately represent the Attorney General's interests. ...................................................................................................... 4

      E.   The request to intervene is timely................................................................ 6

III.  Alternatively, the Court should permit the Attorney General to intervene under Federal Rule of Civil Procedure 24(b)(1)(B)............................................................ 7

IV.   CONCLUSION........................................................................................................ 9

## TABLE OF AUTHORITIES

**Cases**

*Addington v. Texas*,
　441 U.S. 418 (1979) ............................................................................................ 10

*Alfred L. Snapp & Son, Inc. v. Puerto Rico ex rel. Barez*,
　458 U.S. 592 (1982) ............................................................................................ 10

*City of Safety Harbor v. Birchfield*,
　529 F.2d 1251 (5th Cir. 1976) ........................................................................... 11

*Daves v. Dallas County*,
　64 F.4th 616 (5th Cir. 2023) (*en banc*) ............................................... 8, 11, 12

*Entergy Gulf States La., LLC v. EPA*,
　817 F.3d 198 (5th Cir. 2016) ............................................................................. 12

*Ford v. Huntsville*,
　242 F.3d 235 (5th Cir. 2001) ......................................................................... 9, 12

*Heaton v. Monogram Credit Card Bank of Ga.*,
　297 F.3d 416 (5th Cir. 2002) ............................................................................. 14

*In re Fraser*,
　75 F. Supp. 2d 572 (E.D. Tex. 1999) ................................................................ 10

*In re Lease Oil Antitrust Litig.*,
　570 F.3d 244 (5th Cir. 2009) ............................................................................... 9

*Int'l Mortg. & Inv. Corp. v. Von Clemm*,
　301 F.2d 857 (2d Cir. 1962) .............................................................................. 13

*Jansen v. City of Cincinnati*,
　904 F.2d 336 (6th Cir. 1990) ............................................................................. 14

*John Doe No. 1 v. Glickman*,
　256 F.3d 371 (5th Cir. 2001) ............................................................................. 11

*Kelly v. Robinson*,
　479 U.S. 36 (1986) ............................................................................................. 10

*League of United Latin Am. Citizens, Dist. 19 v. City of Boerne*,
　659 F.3d 421 (5th Cir. 2011) ............................................................................. 12

*Marketfare (St. Claude), L.L.C. v. United Fire & Cas. Co.*,
　2011 WL 3349821 (E.D. La. Aug. 3, 2011) ..................................................... 15

*Nuesse v. Camp*,
　385 F.2d 694 (D.C. Cir. 1967) ........................................................................... 11

*ODonnell v. Harris County*,
　892 F.3d 147 (5th Cir. 2018) ................................................................... 8, 10, 11

*Park & Tilford v. Schulte*,
　160 F.2d 984 (2d Cir. 1947) .............................................................................. 11

*Sierra Club v. City of San Antonio*,
　115 F.3d 311 (5th Cir. 1997) ............................................................................. 10

*Sierra Club v. Espy*,
　18 F.3d 1202 (5th Cir. 1994) ............................................................................. 13

*Stadin v. Union Elec. Co.*,
　309 F.2d 912 (8th Cir. 1962) ............................................................................. 11

*United States v. LULAC*,

793 F.2d 636 (5th Cir. 1986) ........................................................................................ 15

*Wal-Mart Stores, Inc. v. Tex. Alcoholic Beverage Comm'n*,
834 F.3d 562 (5th Cir. 2016) ........................................................................................ 9

*Younger v. Harris*,
401 U.S. 37 (1971)......................................................................................................... 8

**Statutes**

Fed. R. Civ. P. 24(a) ............................................................................................ 1, 9, 13, 15
Fed. R. Civ. P. 24(b) ....................................................................................................... 1
Fed. R. Civ. P. Rule 24(a)(2) ........................................................................................ 8
Fed. R. Civ. P. Rule 24(b)(1)(B)................................................................................... 8
Senate Bill 6 (2021 Tex. Sess. Law Serv. 2nd Called Sess. Ch. 11 ............................ 8, 11, 12, 13
Senate Bill 9 (2025 Tex. Sess. Law Serv. Ch. 339 ...................................................... 8, 11, 13, 14
Tex. Code Crim. Proc. Art. 17.15................................................................................. 10
Tex. Code Crim Proc., Art. 17.03................................................................................. 8

**Constitutional Provisions**

Tex. Const. Art. I, § 11 ................................................................................................. 10
Tex. Const. Art. IV, § 22 .............................................................................................. 9

## I.    INTRODUCTION

In *Daves v. Dallas County*, 64 F.4th 616, 631 (5th Cir. 2023) (*en banc*), the Fifth Circuit expressly overruled its decision in *ODonnell v. Harris County*, 892 F.3d 147 (5th Cir. 2018) (*ODonnell I*) that had foreclosed abstention under *Younger v. Harris*, 401 U.S. 37 (1971). *Daves* unambiguously held that "this case should [not] have been adjudicated in federal court." *Daves*, 64 F.4th at 631. It further held that the passage of Senate Bill 6 (2021 Tex. Sess. Law Serv. 2nd Called Sess. Ch. 11 ("S.B. 6")) rendered claims, such as this, moot. This case should have been dismissed in light of *Daves*.

Since *Daves*, the 89th Texas Legislature passed Senate Bill 9 (2025 Tex. Sess. Law Serv. Ch. 339 ("S.B. 9")), which amends Article 17.03 of the Texas Code of Criminal Procedure, effective September 1, 2025, regarding bail practices for certain misdemeanors. *See* Enrolled S.B. 9, §7 (2025), available at the following link: https://capitol.texas.gov/BillLookup/Text.aspx?LegSess=89R&Bill=SB9. Because the bail procedures in this case are governed by state law and implicate both SB 6 and the newly passed SB 9, the State of Texas has a vested interest in the outcome of this case and in ensuring public safety. Accordingly, the Attorney General of Texas seeks to intervene to defend the bail procedures and ensure compliance with state law. The State's interest is unrepresented in this case. Mandatory intervention under Fed. R. Civ. P. Rule 24(a)(2) is therefore appropriate; alternatively, intervention should be allowed under Fed. R. Civ. P. Rule 24(b)(1)(B). Moreover, the Consent Decree entered in this case (Dkt. No. 708) derogates from state law. Accordingly, the Attorney General respectfully asks the Court to grant the motion to intervene.

## II.    ARGUMENT

**A.    The Court should permit the Attorney General to intervene under Federal Rule of Civil Procedure 24(a)(2).**

Under the Federal Rules of Civil Procedure, a non-party must be allowed to intervene (1) when it has an interest regarding the action and (2) disposing of the action may practically "impair or impede" that interest, (3) unless the parties "adequately represent" that interest.  Fed. R. Civ. P. 24(a)(2). The Attorney General may intervene as of right in this matter because he satisfies all three requirements.

**B.    The Attorney General has important interests that relate to the subject of this action.**

The Fifth Circuit has said before that courts may not define the requisite interest for intervention purposes "too narrowly." *Ford v. Huntsville*, 242 F.3d 235, 240 (5th Cir. 2001). The Attorney General has a "direct, substantial, legally protectable interest." *In re Lease Oil Antitrust Litig.*, 570 F.3d 244, 250 (5th Cir. 2009) (quotation omitted). And that interest is related to "the subject of the action" — requisite bail procedures designed to protect the public and ensure the operation of the State's criminal justice system.  Fed. R. Civ. P. 24(a). An interest "is sufficient if it is of the type that the law deems worthy of protection, even if the intervenor does not have an enforceable legal entitlement or would not have standing to pursue her own claim." *Wal-Mart Stores, Inc. v. Tex. Alcoholic Beverage Comm'n*, 834 F.3d 562, 566 (5th Cir. 2016) (quotation omitted).

The Attorney General of Texas has an interest in defending and enforcing state laws, ensuring the orderly operation of the State's criminal justice system, and promoting public safety. *See* Tex. Const. Art. IV, § 22 (providing that the Attorney General "shall represent the State in all suits and pleas in the Supreme Court of the State … and perform such other duties as may be required by law").  "The Attorney General is the State's attorney; he is authorized to prosecute and

2

defend all actions in which the state is interested." *In re Fraser*, 75 F. Supp. 2d 572, 584 (E.D. Tex. 1999).

The State of Texas unquestionably has a *parens patriae* interest in the well-being of its citizens. *Alfred L. Snapp & Son, Inc. v. Puerto Rico ex rel. Barez*, 458 U.S. 592, 607 (1982) ("[A] State has a quasi-sovereign interest in the health and well-being—both physical and economic— of its residents in general."). That includes an interest in keeping the public safe from crime. *See, e.g.*, *Addington v. Texas*, 441 U.S. 418, 426 (1979).

The State of Texas also has a sovereign interest in enforcing its laws. *Alfred L. Snapp & Son, Inc.*, 458 U.S. 592  at 601 ("the power to create and enforce a legal code" is one "easily identified" example of sovereign interest). As the Fifth Circuit put it, "[t]he state *qua* state has an important sovereign interest" in ensuring that its statutory schemes are "properly enforced." *Sierra Club v. City of San Antonio*, 115 F.3d 311, 315 (5th Cir. 1997). Like every sovereign, Texas has an interest in overseeing its criminal justice system. *See Kelly v. Robinson*, 479 U.S. 36, 49 (1986) (noting "the States' interest in administering their criminal justice systems free from federal interference"). Texas state law creates the liberty interest that forms the basis of this action. *See ODonnell I*, 892 F.3d at 153, 158 (citing Tex. Const. Art. I, § 11 and Tex. Code Crim. Proc. Art. 17.15).

Thus, the Attorney General has an important interest in public safety, in implementing the State's criminal justice system, and in enforcing state laws. This suit implicates each of those interests. Local officials, like the defendants, cannot represent the State's interests because local governments are "not endowed with the same prerogatives in representing the interests of its residents as is the state in protecting the interests of its citizens, *particularly where, as here, city and state level interests may be in conflict*." *City of Safety Harbor v. Birchfield*, 529 F.2d 1251,

3

1256 n.7 (5th Cir. 1976) (emphasis added).

### C.   Disposition of this action will impair the Attorney General's interests.

The Attorney General must also show "that disposing of the action may as a practical matter impair or impede" his interests.  Fed. R. Civ. P. 24(a)(2). This case implicates state law -- not only SB 6 but also SB 9.  Thus, it affects the Attorney General's institutional and legal interests. *See Nuesse v. Camp*, 385 F.2d 694, 700 (D.C. Cir. 1967) (noting "a state official directly concerned in effectuating the state policy has an 'interest' in a legal controversy involving the Comptroller which concerns the nature and protection of the state policy").  The Attorney General has already expressed an interest in this case and articulated his objection to the relief sought.  *See* Dkt. 689.

### D.   The parties cannot show that they adequately represent the Attorney General's interests.

The next question is whether the existing parties adequately represent the Attorney General's interests. There are three scenarios when inadequate representation exists—namely, when the party sought to be replaced (1) may be colluding with the opposing party, (2) takes a position adverse to the would-be intervenor, or (3) fails to diligently pursue the would-be intervenor's interests. *Stadin v. Union Elec. Co.*, 309 F.2d 912, 919 (8th Cir. 1962). "'The potential intervener need only show that the representation *may* be inadequate.'" *John Doe No. 1 v. Glickman*, 256 F.3d 371, 380 (5th Cir. 2001) (citation omitted) (emphasis added).

Here, there is no question that the defendants are inadequately representing the Attorney General's interests.  Since *Daves* expressly overruled *ODonnell I* and held that plaintiffs' claims are moot and this case should not have been heard, defendants have done nothing.  Accordingly, this case satisfies this prong under any of the classic bases for finding inadequate representation.

First, the defendants' inaction since *Daves* raises the possibility of collusion between the plaintiffs and the defendants. At the very least, it raises an *inference* of collusion, which is itself

4

sufficient to support intervention. *See Park & Tilford v. Schulte*, 160 F.2d 984, 988 (2d Cir. 1947) (permitting intervention to avoid "even the appearance of any concerted action"). Second, the defendants' inaction in light of *Daves*, and apparent unwillingness to act, even when notified that the Consent Decree violates state law, translates to their taking a position adverse to the Attorney General's interests. The Fifth Circuit has recognized that taking a position opposed to the would-be intervenor's interests results in inadequate representation. *See, e.g.*, *League of United Latin Am. Citizens, Dist. 19 v. City of Boerne*, 659 F.3d 421, 435 (5th Cir. 2011); *Ford v. Huntsville*, 242 F.3d 235, 240-41 (5th Cir. 2001).

Third, the State's sovereign interests are distinct from and, thus, inadequately represented by the parties. This is not a case where "the would-be intervenor has the same ultimate objective as a party to the lawsuit." *Entergy Gulf States La., LLC v. EPA*, 817 F.3d 198, 203 (5th Cir. 2016) (citation omitted). Since SB 6 was passed and *Daves* was decided, no party has moved to terminate a Consent Decree that has been rendered moot.  The State's interest in enforcing State laws runs counter to the parties' *de facto* acquiescence in the continued existence of a jurisdictionally infirm Consent Decree.

Fourth, on May 30, 2025, four Harris County's Criminal Court at Law Judges – Judges Paula Goodhart, Jessica Padilla, Leslie Johnson and Linda Garcia – notified counsel for defendant and the Consent Decree Monitor that the Consent Decree violates SB 6, which, among others, bars standing orders relating to bail that are inconsistent with its requirements.  *See* Ex. A.  While counsel for plaintiffs and the Monitor responded on July 11, 2025, and on July 25, 2025, respectively, neither addressed *Daves*. *See* Exs. B & C.  Meantime, defendants' counsel remained conspicuously silent, refraining from commenting on the identified conflict between the Consent Decree and state law and the implications of *Daves*.

Defendants have done nothing since they were notified that the Consent Decree conflicts with SB 6, nor are they likely to take any action once SB 9 takes effect, notwithstanding that the Consent Decree also conflicts with SB 9.  To illustrate, SB 9 amends Article 17.03 of the Texas Code of Criminal Procedure to bar release on unsecured or personal bond for any person arrested and charged with certain misdemeanors.  *See* S.B. 9, §7 (2025), available at the following link: https://capitol.texas.gov/BillLookup/Text.aspx?LegSess=89R&Bill=SB9.  However, Art. 9.5 of the Consent Decree provides that "[a]ny judicial officer who makes decisions about conditions of release … must have complete discretion to release on a personal bond any misdemeanor arrestee prior to an individualized hearing."  Dkt. 708 ¶30, Rule 9.5.  The Attorney General has an interest in enforcing state laws and in ensuring compliance with SB 6 and SB 9.

Fifth, the defendants are failing to diligently pursue the Attorney General's interests. Even if the defendants have not colluded with the plaintiffs and even if they have not affirmatively taken an adverse position (by simply refusing to take any position at all), the defendants' representation is still inadequate. Where an existing party and the would-be intervenor have a unity of interests, representation is still inadequate where the existing party fails to diligently pursue those interests. *Int'l Mortg. & Inv. Corp. v. Von Clemm*, 301 F.2d 857, 861 (2d Cir. 1962) (noting existing parties "have shown a conspicuous disinterest in asserting the rights of" the would-be intervenor).  Here, the defendants have shown that they intend to do nothing.

E.   **The request to intervene is timely.**

Finally, this motion to intervene is "timely." Fed. R. Civ. P. 24(a). Rule 24's timeliness inquiry "is contextual; absolute measures of timeliness should be ignored." *Sierra Club v. Espy*, 18 F.3d 1202, 1205 (5th Cir. 1994). "The requirement of timeliness is not a tool of retribution to punish the tardy would-be intervenor, but rather a guard against prejudicing the original parties by the failure to apply sooner." *Sierra Club v. Espy*, 18 F.3d 1202, 1205 (5th Cir.1994). The Fifth

6

Circuit considers four factors in determining whether a motion to intervene was timely: (1) the length of time during which the would-be intervenor actually knew or reasonably should have known of its interest in the case before it sought to intervene; (2) the prejudice that existing parties to the litigation may suffer as a result of the would-be intervenor's failure to apply for intervention sooner (3) the prejudice that the would-be intervenor may suffer if intervention is denied; and (4) whether unusual circumstances militate for or against a determination that the application is timely. *Heaton v. Monogram Credit Card Bank of Ga.*, 297 F.3d 416, 422–23 (5th Cir. 2002).

The Attorney General has sought to intervene at the earliest possible moment.  He may not have been able to intervene earlier—*i.e.*, before the defendants abandoned their duty to defend against this action. *See Jansen v. City of Cincinnati*, 904 F.2d 336, 341 (6th Cir. 1990) (noting the intervenors "were not aware … that their interest was inadequately represented by the City until the City responded to the plaintiffs' summary judgment motion").  As stated above, the Attorney General has already expressed an interest in this case and opposed the relief sought.  *See* Dkt. 689.

Additionally, as shown above, on May 30, 2025, four Harris County Criminal Court at Law judges identified conflicts between the Consent Decree and SB 6.  *See* Ex. A.  The Attorney General afforded defendants ample time to respond before intervening.  Furthermore, this lawsuit also implicates a new state law, SB 9, which takes effect on September 1, 2025.

Finally, granting intervention now will not result in prejudice to any party. None of the parties will be prejudiced by the Attorney General intervening now as compared to if intervention had been sought earlier.  Accordingly, this motion should be granted under Fed. R. Civ. P. Rule 24(a)(2).

### III.    Alternatively, the Court should permit the Attorney General to intervene under Federal Rule of Civil Procedure 24(b)(1)(B).

If the Court does not grant the Attorney General intervention as of right— which it

7

should—it should grant for permissive intervention because the Attorney General's position and this suit have a common question of law or fact. *See* Fed. R. Civ. P. 24(b)(1)(B) ("On timely motion, the court may permit anyone to intervene who … (B) has a claim or defense that share with the main action a common question of law or fact.").

To obtain permissive intervention under Rule 24, the Attorney General must demonstrate that: (1) the motion to intervene is timely; (2) its claim or defense has a question of law or fact in common with the existing action; and (3) intervention will not delay or prejudice adjudication of the existing parties' rights. *Id*.; *see United States v. LULAC*, 793 F.2d 636, 644 (5th Cir. 1986) ("Although the court erred in granting intervention as of right, it might have granted permissive intervention under Rule 24(b) because the intervenors raise common questions of law and fact.").

The Attorney General satisfies each of these factors.  First, as stated above, the Attorney General's motion is timely. *See supra* Part I.D. Second, granting the Motion will not cause any delay or prejudice to the existing parties' rights. Third, the Attorney General shares common questions of law and fact with the main action. As this Court is aware, this lawsuit is premised on state-created liberty interest and state-prescribed bail procedures. State judges utilize similar bail procedures across the State. The plaintiffs' lawsuit calls those procedures into question everywhere they are used. Only the Attorney General will provide a state-wide perspective and an adversarial presentation.

In considering whether to grant permissive intervention, the Court may also consider "(1) whether an intervenor is adequately represented by other parties; and (2) whether intervention is likely to contribute significantly to the development of the underlying factual issues." *Marketfare (St. Claude), L.L.C. v. United Fire & Cas. Co.*, Nos. 06–7232, 06–7641, 06–7639, 06–7643, 06–7644, 2011 WL 3349821, at *2 (E.D. La. Aug. 3, 2011) (citation omitted).

These factors provide additional support for granting permissive intervention in this case. As already discussed, the Attorney General has a significant interest in protecting the public and overseeing the state criminal justice system. *See supra* Part I.A. These interests will not be adequately represented by the defendants, *see supra* Part I.C, and the Attorney General's ability to address these interests will contribute significantly to the just and equitable resolution of the constitutional questions presented. Moreover, the Attorney General will raise additional legal issues that the parties are unwilling to raise. Thus, even if the Court concludes that the Attorney General is not entitled to intervene as of right, it should grant his request for permissive intervention.

## IV.    CONCLUSION

The Court should grant the Attorney General's motion to intervene as of right or to intervene permissively and grant him all the same rights and responsibilities as a party to the lawsuit.

August 26, 2025.                              Respectfully submitted,

**KEN PAXTON**
Attorney General

**BRENT WEBSTER**
First Assistant Attorney General

**RALPH MOLINA**
Deputy First Assistant Attorney General

**AUSTIN KINGHORN**
Deputy Attorney General for Civil Litigation

**KIMBERLY GDULA**
Chief, General Litigation Division

*/s/ Joe Nwaokoro*
**JOE NWAOKORO**
Texas Bar No. 24032916

9

Southern Dist. No. 30168
Assistant Attorney General
General Litigation Division
Office of the Attorney General
P.O. Box 12548, Capitol Station
Austin, Texas 78711-2548
Phone: (512) 475-4072
Fax: (512) 320-0667
Joe.Nwaokoro@oag.texas.gov

COUNSEL FOR THE ATTORNEY GENERAL
OF TEXAS

**CERTIFICATE OF SERVICE**

I certify that on August 26, 2025, this document was filed electronically via the Court's CM/ECF system, causing electronic service upon all counsel of record.

/s/ Joe Nwaokoro
**JOE NWAOKORO**
Assistant Attorney General

**CERTIFICATE OF CONFERENCE**

I hereby certify that on August 19, 2025, I conferred with counsel for Plaintiffs and Defendants via email regarding the substance of the foregoing motion. Plaintiffs stated that they are opposed to the extent it is based on the Fifth Circuit's decision in *Daves v. Dallas County*, 64 F.4th 616, 631 (5th Cir. 2023) (*en banc*), but are unopposed for the limited purpose of filing a Rule 60(b) motion based on a change in state law. Defendant Harris County is opposed. Other defendants did not respond and are presumed to be opposed.

/s/ Joe Nwaokoro
**JOE NWAOKORO**
Assistant Attorney General

10