UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MARANDA LYNN ODONNELL, ET AL. | § § § | |
| *Plaintiffs,* | § § | |
| v. | § § | |
| HARRIS COUNTY, TEXAS, ET AL. | § § | Case No. 16-cv-01414 |
| *Defendants.* | § § § § § § | |

**MEMORANDUM IN SUPPORT OF THE ATTORNEY GENERAL OF TEXAS'S CORRECTED MOTION TO VACATE CONSENT DECREE**

## I.   INTRODUCTION

As a threshold issue, the Consent Decree was grounded on the Fifth Circuit's decision in *ODonnell I*. The Fifth Circuit's decision in *Daves v. Dallas County*, 64 F.4th 616, 631-35 (5th Cir. 2023) (*en banc*), reversing *ODonnell I*, ruling that the Court should have abstained under *Younger v. Harris*, 401 U.S. 37 (1971), concluding that "this case should not have been adjudicated in federal court," holding that this case has been rendered moot by S.B. 6, and balking at "federal court involvement to the point of ongoing interference and 'audit' of state criminal procedures," mandates vacating a Consent Decree that should never have been entered. Alternatively, state law has changed since the Consent Decree was entered; accordingly, it should be vacated.

## II. ISSUES TO BE RULED ON AND STANDARDS OF REVIEW

1. Whether the Consent Decree should be vacated and Plaintiff's claims dismissed in the wake of *Daves* and intervening changes in Texas law. As noted above, the Fifth Circuit held in *Daves* that *ODonnnell I* was wrongly decided and the Court should have abstained. *Daves*, 64 F.4th 616 at 631-35. It further ruled that the case was rendered moot by S.B. 6.

2. Whether the Consent Decree should be vacated light of intervening changes in Texas law. Rule 60(b)(5) allows a party to seek relief from a consent judgment when "applying it prospectively is no longer equitable." Fed. R. Civ. P. 60(b)(5).

## III. ARGUMENT

**A. *Daves* mandates vacating the Consent Decree.**

As shown above, in *Daves* the Fifth Circuit frowned upon the intrusion of federal courts in state criminal procedures "to the point of ongoing interference and 'audit' of state criminal procedures" and held that the Court should not have exercised jurisdiction. *Daves,* 64 F.4th at 631. Additionally, *Daves* requires dismissal for mootness. *Id.* at 635.

Because the Court exercised jurisdiction and entered the Consent Decree under *ODonnell I*, which has since been reversed, there is no longer a basis for the Court continuing to exercise jurisdiction or maintain the Consent Decree. *Daves* clearly and unambiguously determined that plaintiffs' claims in this case are moot and should not be decided by federal courts under *Younger* and its progeny. Thus, the Consent Decree should never have been entered. *Daves* mandates one outcome: termination of the Consent Decree and dismissal of plaintiffs' claims.

A court without jurisdiction lacks authority to act. *See Already, LLC v. Nike, Inc.*, 568 U.S. 85, 91 (2013). "If an intervening circumstance deprives the plaintiff of a 'personal stake in the outcome of the lawsuit,' at any point during litigation, the action can no longer proceed and must

be dismissed as moot." *Genesis HealthCare Corp. v. Symczyk*, 569 U.S. 66, 72 (2013) (citation omitted). Therefore, under *Daves*, separate from *Younger* abstention, the Court lost jurisdiction for mootness after the passage of S.B. 6. Since *Daves*, the 89th Texas Legislature has passed Senate Bill 9 (2025 Tex. Sess. Law Serv. Ch. 339 ("S.B. 9")), which amended Article 17.03 of the Texas Code of Criminal Procedure, effective September 1, 2025, regarding bail practices for certain misdemeanors, thereby reinforcing the mootness argument. *See* Enrolled S.B. 9, §7 (2025), available at the following link: https://capitol.texas.gov/BillLookup/Text.aspx?LegSess=89R&Bill=SB9 (last accessed August 19, 2025).

Accordingly, the Court should abstain from further exercise of jurisdiction in light of *Daves*. Further, *Daves* held that plaintiffs' claims are moot. Hence, the Consent Decree should be vacated.

**B. The Consent Decree is no longer equitable to apply prospectively because state law has changed.**

Rule 60(b)(5) allows a party to seek relief from a consent judgment when "applying it prospectively is no longer equitable." Fed. R. Civ. P. 60(b)(5). A judgment is no longer equitable "if 'a significant change either in factual conditions or in law' renders continued enforcement 'detrimental to the public interest.'" *Horne v. Flores*, 557 U.S. 433, 447 (2009) (citation omitted). A court has the "power to revoke or modify its mandate, if it is satisfied that what it has been doing has been through changing circumstances into an instrument of wrong." *United States v. Swift & Co.*, 286 U.S. 106, 114-115 (1932).

Here, as *Daves* observed, the Texas legislature has enacted legislation relating to bail practices – S.B. 6. And since *Daves*, the Texas legislature has passed S.B. 9, which governs bail

3

practices for certain misdemeanors. With these changes in state law, continued enforcement of the Consent Decree is detrimental to the public interest – the will of Texas citizens as expressed through their elected representatives. Thus, enforcement is no longer equitable.

### C. The Consent Decree conflicts with state law.

As discussed in the Motion to Intervene, on May 30, 2025, four Harris County Criminal Court at Law Judges – Judges Paula Goodhart, Jessica Padilla, Leslie Johnson, and Linda Garcia – identified provisions of the Consent Decree that violate S.B. 6. *See* Ex. A. For example, paragraph 30 of the Consent Decree requires Harris County Criminal Court at Law Judges to comply with and implement Local Rule 9 ("Rule 9") regarding bail practices. Dkt. 708 ¶30. Rule 9, therefore, amounts to a standing order. However, S.B. 6, which was passed after entry of the Consent Decree, amended Section 17.028(d) of the Texas Code of Criminal Procedure to bar standing bail orders that are inconsistent with its provisions. *See* Tex. Code Crim. P. § 17.028(d).

Rule 9.2 of the Consent Decree states that, except for situations described in Rule 9.4.1-9.4.6, "all misdemeanor arrestees will have unsecured bail amounts set initially at no more than $100 and be promptly released on a personal bond with or without other nonfinancial conditions as soon as practicable after arrest." *See* Dkt. 708 ¶30, Rule 9.2. This provision conflicts with Section 17.028(d) of the Texas Code of Criminal Procedure, which bars a judge from adopting a bail schedule or entering a standing order related to bail that "authorizes a magistrate to make a bail decision for a defendant without considering each of the factors in Article 17.15(a)." *See* Tex. Code Crim. P. § 17.028(d)(2). Thus, while Art. 17.15(a) of the Texas Code of Criminal Procedure requires considering each of the seven enumerated factors for each arrestee, Rule 9.2 provides for a blanket, across-the-board unsecured bail set initially at no more than $100 and

4

prompt release on a personal bond without considering any of the seven factors.

Additionally, Rule 9.5 states in part: "Any judicial officer who makes decisions about conditions of release … must have complete discretion to release on a personal bond any misdemeanor arrestee prior to an individualized hearing." Dkt. 708 ¶30, Rule 9.5. However, as shown above, S.B. 9 has amended Art. 17.03 of the Texas Code of Criminal Procedures to expressly bar release on personal bond for certain misdemeanors.

Further, the Attorney General adopts, reasserts, and incorporates by reference as if fully restated here the arguments made in its Written Statement of Intent to Appear at the Final Fairness Hearing, including threat to public safety, conflict with state law, and preclusion of individualized assessments. *See* Dkt. 689. The subsequent passage of S.B. 6 and S.B. 9 has made those concerns acute. Because the Consent Decree conflicts with Texas law, it is invalid and should be vacated.

**D. The motion to vacate is timely.**

Courts construe Rule 60(b)(5) motions liberally, and delay is evaluated in the context of the specific facts of each case. *See McCorvey v. Hill*, 385 F.3d 846, 849 n.4 (5th Cir. 2004) (holding that a thirty-year delay was not "unreasonable" under Rule 60(b)(5) as a matter of law). Here, as stated above, on May 30, 2025, four Harris County Criminal Court at Law judges notified the Consent Decree Monitor and counsel for Harris County that the Consent Decree violates state law. *See* Ex. A. Counsel for plaintiffs and the Monitor responded on July 11, 2025, and on July 25, 2025, respectively. *See* Exs. B & C. This motion is timely in light of this recent identification and subsequent responses.

Additionally, as noted above, the Consent Decree also conflicts with S.B. 9, which takes effect on September 1, 2025. Moreover, neither plaintiffs nor defendants will be prejudiced by the Attorney General filing this motion at this time.

5

## IV. CONCLUSION

For the above reasons, the Attorney General respectfully requests that the Court dissolve or terminate the Consent Decree.

Respectfully submitted,

KEN PAXTON
Attorney General of Texas

BRENT WEBSTER
First Assistant Attorney General

RALPH MOLINA
Deputy First Assistant Attorney General

AUSTIN KINGHORN
Deputy Attorney General for Civil Litigation

KIMBERLY GDULA
Chief – General Litigation Division

/s/Joe Nwaokoro
JOE NWAOKORO
Attorney-in-charge
Texas Bar No. 24032916
Southern Dist. No. 30168
Assistant Attorney General
General Litigation Division
P.O. Box 12548, Capitol Station
Austin, Texas 78711-2548
(512) 463-2120 | FAX: (512) 320-0667
Joe.Nwaokoro@oag.texas.gov

COUNSEL FOR THE ATTORNEY GENERAL
OF TEXAS

### CERTIFICATE OF SERVICE

I certify that on this 26th day of August 2025, a true and correct copy of the foregoing document was filed and served via the Court's CM/ECF system to all counsel of record.

/s/ *Joe Nwaokoro*
Joe Nwaokoro
Assistant Attorney General