# EXHIBIT A

**From:** Goodhart, Judge Paula (CCL)
**Sent:** Friday, May 30, 2025 1:08 PM
**To:** 'Brandon Garrett' <bgarrett@law.duke.edu>; 'sgthompson@central.uh.edu' <sgthompson@central.uh.edu>
**Cc:** CTY Criminal Judges (CCL) <CTYCriminalJudgesCCL@ccl.hctx.net>; Wells, Ed (CCL) <Ed_Wells@ccl.hctx.net>; Cherry, Sylvia (CCL) <Sylvia_Cherry@ccl.hctx.net>; Fombonne, Jonathan (CAO) <Jonathan.Fombonne@harriscountytx.gov>; Stott, Cory (CCL) <Cory_Stott@ccl.hctx.net>
**Subject:** Request for Modification


Good afternoon,

Please find attached a request to modify the federal consent decree in *Maranda Lynn Odonnell, et al. v. Harris County Texas et al*..

We look forward to your response.



The Honorable Paula Goodhart

Presiding Judge, Harris County Criminal Court at Law No. 2

---

1201 Franklin St., 8th Floor, Houston, Texas 77002

832-927-3125 | www.ccl.hctx.net

  

The Harris County Court at Law judges in office on August 1, 2019, consented to a federal decree in *Maranda Lynn Odonnell, et al. v. Harris County Texas et al*. to address constitutional violations alleged in that litigation. The Consent Decree was intended to create and enforce transparent constitutional pretrial practices and systems to ensure misdemeanor arrestees' rights to due process and equal protection.[1] It also ensured that judges would enter written factual findings to support detention decisions.[2] The parties and judge hoped that policies set in place by the Decree would produce meaningful, lasting reform to the county's system of pretrial detention and safeguard against constitutional violations.

The Decree required the judges to create a local rule requiring all class A and class B misdemeanor arrestees, apart from certain "carve out" situations, to be released without any judicial review despite the mandates of TEX. CODE CRIM. P. art. 17.15. The judges created General Order Bonds to effectuate the Decree.

The Texas Legislature thereafter enacted TEX. CODE CRIM. P. art. 17.028. Article 17.028 requires every class A and class B misdemeanor arrestee to have an individualized bail hearing within 48 hours of arrest:

> (a) without unnecessary delay, but not later than 48 hours after a defendant is arrested, a magistrate **shall** order, *after individualized consideration of all circumstances and of the factors required by Article 17.15(a),* that the defendant be:
> (1) granted personal bond with or without conditions;
> (2) granted surety or cash bond with or without conditions; or
> (3) denied bail in accordance with the Texas Constitution and other law.

TEX. CODE CRIM. P. art. 17.028(a) (added by Acts 2021, 87th Leg., 2nd C.S., ch. 11 (S.B. 6), § 5, eff. Jan. 1, 2022) (emphasis added). The statute also prohibits bail schedules and standing orders related to bail that are inconsistent with its requirements.

The Consent Decree and Local Rule 9 are in direct conflict with clear, unambiguous, and mandatory Texas law. Arrestees are being released in violation of state law, supported by an illegal standing order.

Our oath as Texas judges requires us to faithfully execute the duties of our office and to preserve, protect and defend the Constitution and laws of the United States and Texas. Local Rule 9.8, incorporated in the Decree, specifically states that "nothing in this provision is intended to conflict with any provision of Texas law or local rules." Executing the Consent Decree, whether actively or by acquiescence, violates our oath of office and our own local rules in light of the Legislature's clear mandate. Such open disregard of state law—in addition to being flat wrong—could expose the judiciary to ethical violations and potentially compromise judicial immunity.

The undersigned judges requested legal guidance from the federal monitors to no avail. On April 30, 2025, we met virtually with Jonathan Fombonne of the Harris County Attorney's Office and requested a legal opinion addressing the federal Decree's direct conflict with state law. We have yet to receive a response.

We therefore formally request to invoke Section 32 of the Consent Decree and seek to modify its language. Specifically, we ask to amend Rule 9 and the Decree as follows to conform with State law:

---

[1] Consent Decree, p.1, Sec. 2.
[2] Consent Decree, p.11, Sec. 10.

1

9.2   To the extent Local Rule 9 conflicts with any other local rule, Local Rule 9 controls. ~~Except for situations described in Local Rule 9.4.1-9.4.6, all misdemeanor arrestees will have unsecured bail amounts set initially at no more than $100 and be promptly released on a personal bond with or without other non-financial conditions as soon as practicable after arrest. Consistent with Texas law, a judicial officer is not required to sign a personal bond prior to the person's release.~~

9.4   <u>Subject to Texas law, A</u>~~a~~ll misdemeanor arrestees must be <u>considered for</u> release~~d~~ on a personal bond or on non-financial conditions as soon as practicable after arrest, except those who fall within the following categories, who may be detained for up to 48 hours for an individualized hearing:

9.5   Any person arrested for the reasons described in Local Rule 9.4.1-9.4.6 may be kept in custody pending an individualized hearing before a judicial officer. Any judicial officer who makes decisions about conditions of release, including the Harris County Criminal Law Hearing Officers, must<u>—subject to Article 17.03 of the Texas Code of Criminal Procedure and other Texas law—</u>have complete discretion to release on a personal bond any misdemeanor arrestee prior to an individualized hearing.

<u>For all misdemeanor arrestees to whom Local Rules 9.4.1-9.4.6 do not apply, a criminal law hearing officer or judge shall review and consider: (1) the public safety report; (2) factors required for setting the amount of bail listed in Article 17.15 of the Texas Code of Criminal Procedure; and (3) unsecured bail and release on a personal bond with or without other non-financial conditions. A criminal law hearing officer or judge shall devote a defined portion of each shift to such review and consideration, which shall occur as soon as practicable after arrest and shall not result in a decision contrary to Texas law.</u>

9.18  If an arrestee is in the Sheriff's custody 40 hours after arrest and no conditions of release have been determined, the Sheriff must present the arrestee to a judicial officer for a bail hearing. ~~If the person does not appear before a judicial officer within 48 hours of arrest, by general order of the judges, the Sheriff must deliver to the arrestee a "General Order Bond" issued by one or more of the CCCL Judges and release the arrestee.~~

Respectfully submitted,

Paula Goodhart – Judge, Harris County Criminal Court at Law #2

Leslie Johnson – Judge, Harris County Criminal Court at Law #3

Jessica Padilla – Judge, Harris County Criminal Court at Law #14

Linda Garcia – Judge, Harris County Criminal Court at Law #16