UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| MARANDA LYNN ODONNELL, *et al.*, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>HARRIS COUNTY, TEXAS, *et. al.*,<br><br>Defendants. | CIVIL ACTION NO. 4:16-cv-01414<br>(Consolidated Class Action) |

**MOTION FOR LEAVE TO FILE A SURREPLY**

Plaintiffs request leave to file a brief Surreply addressing new arguments the Attorney General of Texas raised for the first time in his Reply Brief in support of his Motion to Intervene. Dkt. 752 ("Reply"). The proposed Surreply is attached. *See* Exhibit 1.

The Attorney General seeks to intervene for purposes of filing a motion to vacate the Consent Decree on the basis of *Younger* abstention, mootness, and purported conflicts between the Consent Decree and state law. Dkt. 740. Plaintiffs oppose intervention for the purpose of raising *Younger* and mootness arguments because a motion to vacate on those grounds is both untimely and futile. Dkt. 751 at 17–18. In his Reply, the Attorney General asserts for the first time that Rule 60(b)(5), Rule 60(b)(6), and Rule 12(h)(3) provide non-futile bases for raising *Younger* and mootness. Dkt. 752 at 13–16. Plaintiffs have not had an opportunity to respond.

A surreply is appropriate when, as here, the moving party raises new legal arguments in a Reply brief. *ENGlobal U.S. Inc. v. Native American Servs. Corp.*, 2017 WL 3840262, at *2 (S.D. Tex. Sept. 1, 2017) (granting leave to file a surreply to address new legal arguments). The Attorney

General opposes a Surreply, asserting that Plaintiffs can just "respond separately to the Motion to Vacate." Reply at 13 n.3. That puts the cart before the horse because, unless and until the Attorney General is granted permission to intervene, there is no Motion to Vacate before the Court. In the interest of providing the Court with a complete record, Plaintiffs respectfully request the Court grant this Motion to file the attached Surreply, which is less than three pages.

Date: September 26, 2025

Respectfully Submitted,

/s/ *Jeremy D. Cutting*
Alec George Karakatsanis
alec@civilrightscorps.org
Elizabeth Rossi
elizabeth@civilrightscorps.org
Jeremy D. Cutting
cody@civilrightscorps.org
CIVIL RIGHTS CORPS
1601 Connecticut Ave NW, Suite 800
Washington, DC 20009
Telephone: (202) 681-2721

Neal S. Manne
Texas Bar No. 12937980
nmanne@susmangodfrey.com
Joseph S. Grinstein
Texas Bar No. 24002188
SUSMAN GODFREY L.L.P.
1000 Louisiana Street, Suite 5100
Houston, Texas 77002
Telephone: (713) 651-9366

Dustin Rynders
Texas Bar No. 24048005
dustin@texascivilrightsproject.org
Travis Fife
Texas Bar No. 24126956
travis@texascivilrightsproject.org
TEXAS CIVIL RIGHTS PROJECT
2100 Travis Street
Houston, TX 77002
Telephone: (512) 474-5073

**CERTIFICATE OF CONFERENCE**

I certify that on September 25–26, 2025, I conferred with counsel for the represented parties, counsel for the proposed intervenor, and the four unrepresented parties via email. The Attorney General is opposed. The County and the Twelve Judges represented by Attorney Allan Van Fleet are unopposed. The Sheriff and the Four Judges who are unrepresented did not respond by time of this filing to counsel's email requesting their position on the Motion for Leave.

*/s/ Jeremy D. Cutting*
Jeremy D. Cutting

**CERTIFICATE OF SERVICE**

I certify that on September 26, 2025, a true and correct copy of this document was properly served on counsel of record via electronic filing in accordance with the USDC, Southern District of Texas Procedures for Electronic Filing. I further certify that I served a copy of the foregoing on the following unrepresented parties by email per the Parties' agreement:

The Honorable Paula Goodhart
Harris County Criminal Court at Law No. 2

The Honorable Leslie Johnson
Harris County Criminal Court at Law No. 3

The Honorable Jessica Padilla
Harris County Criminal Court at Law No. 14

The Honorable Linda Garcia
Harris County Criminal Court at Law No. 16

*/s/ Neal S. Manne*
Neal Manne