UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| MARANDA LYNN ODONNELL, *et al.*, on behalf of themselves and all others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> HARRIS COUNTY, TEXAS, *et. al.*, <br><br> Defendants. | CIVIL ACTION NO. 4:16-cv-1414 <br> (Consolidated Class Action) |

## PLAINTIFFS' SURREPLY IN RESPONSE TO THE TEXAS ATTORNEY GENERAL'S MOTION TO INTERVENE

For the first time in Reply, the Attorney General identifies Rule 60(b)(5), Rule 60(b)(6), and—inexplicably—Rule 12(h)(3), as the procedural basis by which this Court could vacate the consent decree on *Younger* and mootness grounds. The Attorney General also newly argues that the Court should measure the timeliness of his *Younger* and mootness arguments from the denial of certiorari in *Daves II*, January 8, 2024. Plaintiffs respectfully submit this Surreply to explain why his arguments—raised for the first time in reply—are unpersuasive and do not change the timeliness or futility of the Attorney General's motion.

The Attorney General's new timeliness argument is easily rejected. He still does not address why the Attorney General did not intervene seven years ago, when he knew his interest was unrepresented; why the Attorney General did not intervene following the *en banc* decision in *Daves II*, despite raising the same issues in *Russell* just 14 days after the *en banc* decision; or why the Attorney General did not intervene after the *Daves II* mandate issued on April 25, 2023, and

he saw that no party had challenged the Consent Decree on that basis. And of course, even if the Attorney General's argument were accepted at face value, and the relevant date were January 8, 2024, he does not explain why the Court should deem a delay of over 20 months timely.[1]

The Attorney General's failure to timely assert *Younger* and mootness as bases for vacating the consent order is alone fatal. But even if these arguments were timely asserted, intervention would still be futile because a motion to vacate on these grounds pursuant to Rule 60(b)(5), Rule 60(b)(6), or Rule 12(h)(3) will necessarily fail.

Starting with Rule 60(b)(5). The Attorney General argues under Rule 60(b)(5) that it is "no longer equitable" to enforce the Consent Decree because of *Daves II*'s *Younger* and mootness holdings. Reply Br. (Dkt. 752) at 13. But Rule 60(b)(5) is not a vehicle to "challenge the legal conclusions on which a prior judgment or order rests." *Horne v. Flores*, 557 U.S. 433, 447 (2009) (citation omitted); *see also In re Westcott*, 135 F.4th 243, 248–49 (5th Cir. 2025). And while a consent decree *may* be modified under Rule 60(b)(5) "when the statutory or decisional law has changed to make legal what the decree was designed to prevent," that is not what happened here. *Rufo v. Inmates of Suffolk Cnty. Jail*, 502 U.S. 367, 388 (1992). *Daves II* did not make it legal to detain poor people pretrial solely because they cannot pay arbitrary amounts of cash.

The Attorney General's arguments also fail under Rule 60(b)(6). A movant raising the catchall provision of Rule 60(b)(6) must show "extraordinary circumstances" justifying the reopening of a final judgment. *Gonzalez v. Crosby*, 545 U.S. 524, 535 (2005). "[C]hanges in decisional law," such as *Daves II*'s abstention and mootness holdings, "do not constitute the

---

[1] Although not a new argument, Plaintiffs wish to correct the Attorney General's wrong assertion that Plaintiffs concede a conflict between S.B. 6 and the Consent Decree. Reply Br. at 5 n. 1. Plaintiffs do no such thing. *See, e.g.*, Pls.' Resp. Br. (Dkt. 751) at 13 (observing that the legislation's lead sponsor emphasized that it was crafted to avoid conflict with the Harris County reforms).

'extraordinary circumstances' required for granting Rule 60(b)(6) relief." *Hess v. Cockrell*, 281 F.3d 212, 216 (5th Cir. 2002). As the Supreme Court has explained, "[i]t is hardly extraordinary that subsequently, after petitioner's case was no longer pending, this Court arrived at a different interpretation." *Gonzalez*, 545 U.S. at 536. So too here.[2]

The Attorney General fares no better in arguing that the Court should vacate the Consent Decree under Rule 12(h)(3) for lack of subject matter jurisdiction. Reply Br. at 13–14. To start, the appropriate procedural mechanism for such an argument is a motion under Rule 60(b)(4). *See Espinosa v. United Student Aid Funds, Inc.*, 553 F.3d 1193, 1199 (9th Cir. 2008) ("After a judgment . . . is finalized, and the time for appeal has run, the judgment can only be reconsidered in the limited circumstances provided by Rule 60(b)."). The Attorney General has forfeited his ability to assert it in the future by failing to cite that provision. But even a Rule 60(b)(4) motion would fail. Courts reserve relief under Rule 60(b)(4) "only for the exceptional case in which the court that rendered judgment lacked even an 'arguable basis' for jurisdiction." *U.S. Aid Funds, Inc. v. Espinosa*, 559 U.S. 260, 271 (2010) (citation omitted); *see, e.g.*, *Callon Petroleum Co. v. Frontier Ins. Co.*, 351 F.3d 204, 208–09 (5th Cir. 2003) (affirming dismissal of Rule 60(b)(4) motion because district court had diversity jurisdiction, even though abstention "would have been proper" had it been timely raised). "[A] void judgment is one which, *from its inception*, was a

---

[2] Even as the Attorney General asserts fact-dependent bases for intervention (whether the Consent Decree is "equitable," and whether "extraordinary circumstances" exist), he claims that if he is permitted to intervene, the Court could decide his motion to vacate "as a matter of law." Reply Br. at 16. That is wrong. Rule 60(b)(5) requires a fact-intensive inquiry. *See League of United Latin Am. Citizens, Dist. 19 v. City of Boerne*, 659 F.3d 421, 439–40 (5th Cir. 2011) (remanding "to develop a sufficient record in order to decide whether . . . modification of the consent decree is appropriate"). And whether abstention and/or mootness would have stripped this Court of jurisdiction in an imaginary world where *Daves II* was decided before the Parties settled this case is also a fact-dependent inquiry. If this Court permits intervention to allow the Attorney General to raise abstention and mootness, Plaintiffs will seek leave to conduct sufficient discovery to ensure the Court has an ample evidentiary record on which to consider the Parties' arguments.

complete nullity and without legal effect." *Borne v. River Pars. Hosp., L.L.C.*, 548 F. App'x 954, 957 (5th Cir. 2013) (emphasis added). The Attorney General does not contend that the Consent Decree and final judgment were void "from [their] inception." *Id.* Nor does he contest that this Court had jurisdiction when it issued the decree.[3]

    For these reasons, and the reasons set forth in Plaintiffs' response brief, the Court should deny the Attorney General's intervention motion as untimely, and if not untimely, then futile.

---

[3] The Attorney General's reliance on *Brown v. Philadelphia Hous. Auth.*, 350 F.3d 338 (3d Cir. 2003), is misplaced. *Brown* held that it lacked subject matter jurisdiction to consider the appeal of a district court's denial of a motion to vacate because the appellees were no longer residents of the housing facility that was subject to the consent decree. In fact, the court noted that they were not residents at the time the consent decree was entered, and thus the district court may have lacked subject matter jurisdiction to enter the consent decree in the first place. *Id.* at 343. There is no question about Plaintiffs' standing here; *Brown* is thus irrelevant. The Attorney General also cites dicta from *Brown* about the general applicability of Rule 60(b), specifically, that changes in law subsequent to entry of the consent decree in that case "gave broader and more comprehensive protection to [plaintiffs] than had been available under the [c]onsent [d]ecree," and as a result "the [c]onsent [d]ecree no longer had force or utility." *Id.* at 348 n. 6. Here, the situation is the opposite: changes in Texas law have made the Consent Decree *more* necessary, not less.

4

Date: September 29, 2025                                                  Respectfully Submitted,


*/s/ Jeremy D. Cutting*
Alec George Karakatsanis                                                  Neal S. Manne
alec@civilrightscorps.org                                                 Texas Bar No. 12937980
Elizabeth Rossi                                                           nmanne@susmangodfrey.com
elizabeth@civilrightscorps.org                                            Joseph S. Grinstein
Jeremy D. Cutting                                                         Texas Bar No. 24002188
cody@civilrightscorps.org                                                 SUSMAN GODFREY L.L.P.
CIVIL RIGHTS CORPS                                                        1000 Louisiana Street, Suite 5100
1601 Connecticut Ave NW, Suite 800                                        Houston, Texas 77002
Washington, DC 20009                                                      Telephone: (713) 651-9366
Telephone: (202) 681-2721


Dustin Rynders
Texas Bar No. 24048005
dustin@texascivilrightsproject.org
Travis Fife
Texas Bar No. 24126956
travis@texascivilrightsproject.org
TEXAS CIVIL RIGHTS PROJECT
2100 Travis Street
Houston, TX 77002
Telephone: (512) 474-5073

5

# CERTIFICATE OF SERVICE

I certify that on September 29, 2025, a true and correct copy of this document was properly served on counsel of record via electronic filing in accordance with the USDC, Southern District of Texas Procedures for Electronic Filing. I further certify that I served a copy of the foregoing on the following unrepresented parties by email per the Parties' agreement:

The Honorable Paula Goodhart
Harris County Criminal Court at Law No. 2

The Honorable Leslie Johnson
Harris County Criminal Court at Law No. 3

The Honorable Jessica Padilla
Harris County Criminal Court at Law No. 14

The Honorable Linda Garcia
Harris County Criminal Court at Law No. 16

*/s/ Jeremy D. Cutting*
Jeremy D. Cutting