UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| MARANDA LYNN ODONNELL, *et al.*, § <br> § <br> *Plaintiffs*, § <br> § <br> v. § <br> § <br> HARRIS COUNTY, TEXAS, *et al.*, § <br> § <br> *Defendants*. § <br> § § § § | Case No. 4:16-cv-01414 |

### THE ATTORNEY GENERAL'S SUPPLEMENTAL BRIEF
### ON *YOUNGER* ABSTENTION

The Attorney General respectfully submits this Brief pursuant to this Honorable Court's Order of September 30, 2025, seeking the parties' input on (1) whether he has waived the application of the *Younger* doctrine, and (2) whether any part of his motion to intervene depends on a waiver of the *Younger* doctrine.

### I.   INTRODUCTION

In *Daves v. Dallas County*, 64 F. 4th 616, 620 (5th Cir. 2023) (*en banc*) (*Daves II*), the Fifth Circuit held that *Younger* and its progeny require "federal courts to abstain from revising state bail bond procedures on behalf of those being criminally prosecuted, when state procedures allow the accused adequate opportunities to raise their federal claims," and expressly overruled its abstention ruling in *Odonnell v. Harris Cnty.*, 882 F.3d 528 (5th Cir. 2018), *withdrawn and superseded on panel reh'g*, 892 F.3d 147 (5th Cir. 2018) (*ODonnell I*). *Odonnell I* formed the

basis for this Court's exercise of jurisdiction. *Daves II* sets a precedent that this Court should follow.

In *Little v. Doguet*, 71 F.4th 340 (5th Cir. 2023), the Fifth Circuit applied *Daves II* to a similar case that challenged bail practices in Louisiana. The court concluded that the *Younger* conditions were met, vacated and remanded for the district court to dismiss that lawsuit, and noted the plaintiffs' concession that "[g]iven the analogous remedies technically available in Louisiana and Texas and the breadth of *Daves II*'s *Younger* reasoning ... *Daves* requires a remand of this case for dismissal." *Id*. at 348. Civil Rights Corps, one of the lawyers for the plaintiffs in this case, was also one of the lawyers for the plaintiffs in *Little*. *Id*. at 342. As in *Little*, *Daves II*'s *Younger* analysis applies here and warrants vacatur of the Consent Decree.

## II.  SUMMARY OF THE ATTORNEY GENERAL'S RESPONSE

1. Whether the Attorney General waived the application of the *Younger* doctrine.

    Answer: No.

2. Whether any part of the Attorney General's motion to intervene depends on a waiver of the *Younger* doctrine.

    Answer: No.

## III.  ARGUMENT

**1.  Whether the Attorney General waived the application of the *Younger* doctrine.**

No. The Attorney General has not waived the application of the *Younger* doctrine. A state may waive a *Younger* abstention claim when it "voluntarily submit[s] to federal jurisdiction even though it might have had a tenable claim for abstention." *Ohio Civil Rights Comm'n v. Dayton Christian Sch., Inc.*, 477 U.S. 619, 626 (1986) (collecting cases). "[I]n each of these cases [where

2

waiver was found] the State *expressly* urged [the Supreme] Court or the District Court to proceed to an adjudication of the constitutional merits." *Id*. (emphasis added). "When a '[s]tate voluntarily chooses to submit to a federal forum, principles of comity do not demand that the federal court force the case back into the State's own system.'" *Daves v. Dallas County*, 22 F.4th 522, 545 (5th Cir. 2022) (*citing Ohio Bureau of Emp. Servs. v. Hodory*, 431 U.S. 471, 480 (1977)) (*Daves I*).

Thus, although *Younger* can be waived, it is only waived when the state has voluntarily and expressly stated its preference. *See RTM Media, LLC v. City of Houston*, 584 F.3d 220, 229 n. 15 (5th Cir. 2009) (for a state to waive *Younger*, "it must do so *explicitly*") (citation omitted) (emphasis added). "A state may waive *Younger* only by express statement, not through failure to raise the issue." *Boardman v. Estelle*, 957 F.2d 1523, 1535 (9th Cir. 1992).

The Attorney General has not waived *Younger* abstention because he has not sought a final resolution on the merits of the constitutional issues raised in this case. He has not asked the Court to move on to the merits of Plaintiffs' claims. Supreme Court precedent indicates that a waiver occurs when the state has "expressly urged" the Court to "proceed to an adjudication of the constitutional merits." *Dayton Christian*, 477 U.S. at 626. The Attorney General has not done that. To the contrary, he has specifically asked the Court to allow his intervention and vacate the Consent Decree based on the *Younger* doctrine and *Daves II*'s *Younger* analysis. Dkts. 740 & 741. Accordingly, there is no consent to adjudicate the merits or waiver here.

Plaintiffs baldly argue in their Sur-Reply brief that the Attorney General's alleged "failure to timely assert *Younger* and mootness as bases for vacating the consent order is alone fatal." Dkt. 755 at 2. Tellingly, they cite no authority for this ostensible waiver-by-default proposition, and none of the cases cited above found that a state waived *Younger* abstention because its intervention was allegedly untimely. The suggested waiver-by-default argument runs counter to the Supreme

Court's – and the Fifth Circuit's – precedent that a waiver of the *Younger* doctrine be *express* and require *voluntary submission* to federal jurisdiction. *Dayton Christian*, 477 U.S. at 626. It also runs counter to the Fifth Circuit's "rejection of any bright-line rule for when waiver blocks an issue and when waiver has been evaded," *Daves*, 22 F.4th at 546, and the principle that *Younger* may not be waived "through failure to raise the issue." *Boardman,* 957 F.2d at 1535. Because *Younger* waiver requires a voluntary, affirmative action, there is no waiver-by-inaction.

Furthermore, to voluntarily and expressly submit to federal jurisdiction, a state must have been a party to the suit. It is illogical to imply waiver of the *Younger* doctrine when the state has not even been party to a suit. Therefore, the Attorney General's purportedly seeking to intervene and raising his *Younger* argument late does not constitute waiver.

Even if the Attorney General waived *Younger*, the Court can address a jurisdictional question *sua sponte* at any time. "[F]ederal courts are duty-bound to examine the basis of subject matter jurisdiction sua sponte, even on appeal." *Union Planters Bank Nat. Ass'n v. Salih*, 369 F.3d 457, 460 (5th Cir. 2004); *see also Liberty Mut. Ins. Co. v. Ward Trucking Corp.,* 48 F.3d 742, 750 (3d Cir. 1995) (citations omitted) ("[F]ederal courts have an ever-present obligation to satisfy themselves of their subject matter jurisdiction and to decide the issue *sua sponte*…."). Thus, the *Younger* argument is not waived; even assuming it is waived (it is not), the Court can still raise *Younger sua sponte,* especially in light of *Daves II*.

**2. Whether any part of the Attorney General's motion to intervene depends on a waiver of the *Younger* doctrine.**

No. While the Attorney General's motion to intervene to vacate the consent decree pursuant to Rules 60(b)(5) and (6) relies, in part, on the application of the *Younger* doctrine, none of his

4

bases for intervention depend on a purported *waiver* of the *Younger* doctrine.[1] As discussed above, the Attorney General has not waived the application of the *Younger* doctrine.

Rule 60(b)(5) provides that a Consent Decree may be modified when applying it "prospectively is no longer equitable." That occurs where there is a "significant change either in factual conditions or in law" that "renders continued enforcement 'detrimental to the public interest.'" *Horne v. Flores*, 557 U.S. 433, 447 (2009) (quoting *Rufo v. Inmates of Suffolk Cnty. Jail*, 502 U.S. 367, 384 (1992)). A consent decree may be modified based on a change in "statutory or decisional law." *Rufo*, 502 U.S. at 388. *Daves II's Younger* analysis and overruling of *Odonnell I* heralds a significant change in decisional law that renders prospective application of the Consent Decree inequitable.

Furthermore, even assuming for the sake of argument that the Attorney General waived *Younger* (he did not), the undisputed change in state law (S.B. 6 and S.B. 9) constitutes an independent basis for vacatur under Rule 60(b)(5) for two reasons. First, as *Daves II* observed, bail procedures implicated in this case were changed by S.B. 6 and would therefore render this case moot. *Daves*, 64 F.4th at 633. Second, as the Attorney General pointed out, the Consent Decree conflicts with S.B. 6 and S.B. 9. Continued enforcement of the Consent Decree is "detrimental to the public interest," *Horne*, 557 U.S. 433, as it requires Harris County judicial officers to violate state law (S.B. 6 and S.B. 9). Plaintiffs observe that the "legislation's lead sponsor emphasized that it was crafted to avoid conflict with the Harris County reforms," Dkt. 755 at 2 n.1, but offer no meaningful rebuttal to the conflict between S.B. 6 and the Consent Decree that the Attorney General identified. That the lead sponsor sought to avoid conflict hardly means

---

[1] Plaintiffs' Sur-Reply weaves a strawman argument and devotes time to arguing Rule 60(b)(4) notwithstanding that the Attorney General identified Rules 12(b)(5) and (6) as the procedural bases for seeking vacatur.

that none exists; moreover, the Consent Decree should conform to state law, not the other way round, consistent with this Court's mandate that it "must comply with Texas law." Dkt. 707 at 37.

The Attorney General's motion to intervene pursuant to Rule 60(b)(6) does not hinge on an alleged waiver of *Younger* for the same reasons above. While the Attorney General asserts that *Daves II*'s *Younger* analysis constitutes an extraordinary circumstance for relief under 60(b)(6), his argument does not rest entirely on *Younger*. The undisputed change in state law (S.B. 6 and S.B. 9), coupled with the contempt threat that judicial officers face for complying with state law and honoring their oath of office, "renders continued enforcement 'detrimental to the public interest.'" *Horne*, 557 U.S. at 447 (citation omitted). Therefore, the change in law constitutes an extraordinary circumstance that forms an independent basis for vacatur under Rule 60(b)(6).

Further, Rule 60(b)(6) provides courts with "a grand reservoir of equitable power to do justice in a particular case," *Harrell v. DCS Equipment Leasing Corp.*, 951 F.2d 1453, 1458 (5th Cir. 1992), and "should be liberally construed in order to do substantial justice." *Seven Elves, Inc. v. Eskenazi*, 635 F.2d 396, 405 (5th Cir. 1981). If intervention is denied, Harris County judicial officers would face the same threat of contempt for complying with S.B. 6 that Plaintiffs have made regarding complying with S.B. 9. Dkt. 752, Ex. A.

### IV.   CONCLUSION

For these reasons and those set forth in the Motion to Intervene and Omnibus Reply, the Attorney General respectfully requests that the Court grant his Motion to Intervene and vacate the Consent Decree.

October 14, 2025.                                              Respectfully submitted,

                                                         **KEN PAXTON**
                                                         Attorney General

**BRENT WEBSTER**
First Assistant Attorney General

**RALPH MOLINA**
Deputy First Assistant Attorney General

**AUSTIN KINGHORN**
Deputy Attorney General for Civil Litigation

**KIMBERLY GDULA**
Chief, General Litigation Division

*/s/ Joe Nwaokoro*
**JOE NWAOKORO**
Texas Bar No. 24032916
Southern Dist. No. 30168
Assistant Attorney General
General Litigation Division
Office of the Attorney General
P.O. Box 12548, Capitol Station
Austin, Texas 78711-2548
Phone: (512) 475-4072
Fax: (512) 320-0667
Joe.Nwaokoro@oag.texas.gov

COUNSEL FOR THE ATTORNEY GENERAL OF TEXAS

### CERTIFICATE OF SERVICE

I certify that on October 14, 2025, this document was filed electronically via the Court's CM/ECF system, causing electronic service upon all counsel of record.

*/s/ Joe Nwaokoro*
**JOE NWAOKORO**
Assistant Attorney General