UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| MARANDA LYNN ODONNELL, *et al.*, on behalf of themselves and all others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> HARRIS COUNTY, TEXAS, *et. al.*, <br><br> Defendants. | § § § § § § § § § § § § § § § § CIVIL ACTION NO. 4:16-cv-01414 <br> (Consolidated Class Action) |

**SUPPLEMENTAL BRIEF OF PLAINTIFFS, HARRIS COUNTY, AND SHERIFF ED GONZALEZ IN RESPONSE TO COURT ORDER, DKT. 756**

The Court requested supplemental briefing on two questions: "(1) whether the Attorney General waived the application of the *Younger* doctrine; and (2) whether any part of the Attorney General's motion to intervene depends on a waiver of the *Younger* doctrine." Dkt. 756. The answer to the first question is: Yes, the Attorney General waived *Younger*. And the answer to the second question is: No, waiver provides an additional ground to deny this part of the Attorney General's motion to intervene as futile, but the motion does not rise or fall on the question of waiver. Regardless of whether the Court determines the Attorney General waived *Younger*, his motion should be denied because it does not meet Rule 24's requirements.

**1) Whether the Attorney General waived *Younger*.**

The Attorney General waived *Younger*. Undersigned counsel is aware of no case that directly addresses the circumstances here: A state entity or official seeking to intervene to assert a discretionary abstention doctrine after watching the other state (and local) government defendants in the case first abandon that defense, then affirmatively waive that defense, and subsequently

negotiate a consent decree and spend years implementing it. Although the facts are unique, straightforward application of *Younger*, waiver, and intervention principles demonstrates that the Court can properly find waiver.

To begin with, the *Younger* abstention doctrine "is not jurisdictional" and therefore it "can be waived." *Daves v. Dallas County*, 22 F.4th 522, 545 (5th Cir. 2022) (Daves I). Waiving *Younger* does not require an express statement. *See Cradle of Liberty Council, Inc. v. City of Philadelphia*, No. 08-cv-2429, 2010 WL 68874, at *4 (E.D. Penn. Jan. 6, 2010) (citing *Robinson v. Kansas*, 295 F.3d 1183, 1187 n.6, *abrogated on other grounds by Muscogee (Creek) Nation v. Pruitt*, 669 F.3d 1159, 1167 n.4 (10th Cir. 2012) (finding waiver); *Walnut Properties, Inc. v. City of Whittier*, 861 F.2d 1102, 1106 (9th Cir. 1988) (same)). The Supreme Court has held that a government entity waives *Younger* when it "voluntarily chooses to submit to a federal forum[.]" *Ohio Bureau of Emp. Servs. v. Hodory*, 431 U.S. 471, 480 (1977); *see also Matter of Entrust Energy, Inc.*, 101 F.4th 369, 392 (5th Cir. 2024) (discussing *Hodory*). Under that standard, a court can find waiver where a defendant's "consistent conduct over an extended period implicitly indicates a willingness to submit to a federal forum." *Norton v. Town of Islip*, 239 F. Supp. 2d 264, 275 (E.D.N.Y. 2003), *aff'd*, 77 F. App'x 56 (2d Cir. 2003).

Courts consistently reject attempts—even by parties—to assert *Younger* after entry of a consent decree. One way of thinking about these circumstances is that the affirmative decision by state and local officials to enter a consent decree "waives" *Younger* abstention. In *Chisom v. Jindal*, 890 F. Supp. 2d 696 (E.D. La. 2012), for example, state defendants attempted to raise *Younger* in a dispute over the interpretation of a consent decree to which they were a party. The court rejected the argument, holding that "the State, in signing the Consent Judgment [and] submitting to the continuing jurisdiction of this Court, has waived its right to argue for *Younger* abstention." *Id.* at

2

721 (citing *Felder v. Estelle*, 693 F.2d 549, 553 (5th Cir. 1982)). But another, perhaps more straightforward, application of precedent is that *Younger* abstention simply does not apply after the decision by state and local entities to enter into a consent decree. As another court put it, "even if abstention had been appropriate initially in this litigation, there is no authority that supports abstention after the entry of a final judgment in federal court." *Off. of Child Advoc. v. Lindgren*, 296 F. Supp. 2d 178, 194 (D.R.I. 2004) (denying motion to vacate consent decree on *Younger* abstention grounds); *see also Se. Pa. Transp. Auth. v. Pa. Pub. Util. Comm'n*, 210 F. Supp. 2d 689, 707 (E.D. Pa. 2002) (granting motion to enforce consent decree over state agency's *Younger* objections because "[t]he Consent Decree [] is a final judgment on the merits," meaning "*Younger* abstention [was] therefore inapplicable."), *aff'd sub nom. Nat'l R.R. Passenger Corp. v. Pa. Pub. Util. Comm'n*, 342 F.3d 242 (3d Cir. 2003). *Younger* abstention is available only if, at the time the plaintiffs invoke federal jurisdiction, the federal court litigation would interfere with ongoing state-court proceedings that were adequate to resolve the plaintiffs' federal claims. The doctrine, even if it is not waived, is not available simply because a government entity does not like the form of relief issued in a case over which the federal court validly exercised jurisdiction.[1]

The Attorney General's status as a putative intervenor does not change the force of this authority. An intervenor "has no right to relitigate issues already decided." *Sierra Club v. Espy*, 18 F.3d 1202, 1205 n.2 (5th Cir. 1994). That is because the would-be intervenor "must accept the

---

[1] Plaintiffs' counsel is aware of one case in which a defendant was permitted to raise *Younger* after entry of a consent decree, but that was because the parties to the agreement explicitly agreed in advance that such a defense would not be waived by bargaining for a provision in the consent decree allowing the defendants to raise "any . . . defense" after the expiration of a "one-year 'cease fire'" during which "no defenses could be raised." *Joseph A. ex rel. Corrine Wolfe v. Ingram*, 275 F.3d 1253, 1266 (10th Cir. 2002). In other words, the parties specifically contemplated that, after a year had passed, defendants would not be deemed to have waived the defense and could challenge the consent decree by raising defenses that they had never litigated before in the case. No such "clear reservation of defenses" exists in this Consent Decree. *Id.* at 1266.

proceedings as he finds them." *Id.* (quoting *In re Geisser*, 554 F.2d 698, 705 n.6 (5th Cir. 1977)); *see also Puffer v. Allstate Ins. Co.*, 675 F.3d 709, 718 (7th Cir. 2012) (Intervenor-Plaintiffs "stand in plaintiff's shoes[.]"); *In re Fontainebleau Las Vegas Holdings, LLC*, No. 09-cv-23683, 2010 WL 11721026, at *3 (S.D. Fla. July 27, 2010) ("[W]here intervention is sought after a final order has issued, as here, the intervenors should occupy the position of the parties . . . and are confined to raising those issues on rehearing that the parties presented to the Court."). Here, the Parties indisputably waived *Younger* by entering into the Consent Decree.[2] *See United States v. Armour & Co.*, 402 U.S. 673, 681 (1971) ("The parties waive their right to litigate the issues involved in the case and thus save themselves the time, expense, and inevitable risk of litigation."); *Chisom*, 890 F. Supp. 2d at 721. Therefore, the proceedings that the Attorney General "must accept," were he to intervene, include waiver.[3]

Yet even if the Attorney General were not bound by other state and local government Defendants' waiver, this Court could find that the Attorney General himself affirmatively waived *Younger*. The Attorney General participated in these proceedings for years as a nonparty prior to final judgment, Pls.' Resp., Dkt. 751 at 9–11, including after the new slate of CCCL Judges abandoned their predecessors' *Younger* defense, *id.* at 20–22. At no point did the Attorney General raise *Younger* abstention. *See Hodory*, 431 U.S. at 480 (observing that even if the State did not raise *Younger* because it "believe[d] that the District Court was correct in its analysis of abstention," that behavior supported waiver). He even submitted a brief and delivered an oral

---

[2] By agreeing to the Decree, the Parties intended "to resolve Plaintiffs' claims and remedy the constitutional violations." Consent Decree, Dkt. 708 at 1, ¶ 2. And by urging the Court to enter it, the Parties voluntarily sought a final judgment on the merits and submitted to the continuing jurisdiction of the federal court. *Id.* at 50, ¶¶ 134–35.

[3] It is worth noting that the Sheriff was sued as a state actor. Memo. and Op., Dkt. 125 at 62–64. Thus, the Sheriff's waiver is arguably a direct waiver by the State of Texas, yet another reason that the Attorney General—another state agent—cannot now re-raise *Younger*.

4

statement in this Court objecting to the Consent Decree, but never mentioned *Younger*. Thus, the Attorney General knowingly and intentionally abandoned his *Younger* defense no later than 2019, waiving his right to later use it to object. *See, e.g.*, *Silvercreek Mgmt., Inc. v. Banc of Am. Sec., LLC*, 534 F.3d 469, 473 (5th Cir. 2008) (finding party who objected to class action settlement waived "due process objection" where it "did not press [due process objection] in the district court" even though it had presented other objections); *cf. Farber v. Crestwood Midstream Partners L.P.* 863 F.3d 410, 417 (5th Cir. 2017) (holding that an unnamed class member who had not intervened "knowingly and voluntarily" "waived his right to appeal" entry of a class action settlement where he did not properly object to the settlement and knew the named plaintiffs were not pressing his arguments before the district court). The fact that a Fifth Circuit panel had previously rejected *Younger* in *ODonnell I* does not negate the waiver where the Attorney General chose not to preserve a challenge to that precedent. *Cf. Bousley v. United States*, 523 U.S. 614, 623 (1998) (rejecting defendant's request to excuse procedural default where defendant argued that raising the defense earlier would have conflicted with binding precedent).

*Daves I* further supports a finding of waiver. The defendants in *Daves* raised *Younger* in the district court and properly preserved it for appeal, despite the Fifth Circuit's then-binding decision in *ODonnell v. Harris County*, 892 F.3d 147 (5th Cir. 2018). *Daves I*, 22 F.4th at 546–47. Unlike the *Daves* defendants, the Attorney General here chose not to assert *Younger* prior to final judgment, despite being faced with the same precedent, and has not attempted to assert it until years after it was affirmatively waived. But intervention is not a means to evade compliance with basic principles of waiver. *Cf. Hutchinson v. Pfeil*, 211 F.3d 515, 519 (10th Cir. 2000) ("Appellate intervention is not a means to escape the consequences of noncompliance with traditional rules of appellate jurisdiction and procedure."). The Attorney General's choice constitutes waiver.

5

Applying these principles, and to the extent waiver is a relevant concept after the entry of a consent decree, this Court should properly find that the Attorney General waived *Younger* either because he must assume Defendants' waiver or because he waived it himself.

**2) Whether any part of the Attorney General's motion to intervene depends on a waiver of *Younger*.**

The waiver question is not dispositive of the Attorney General's motion to intervene. Although waiver could justify dismissal of the portion of the Attorney General's motion that seeks to re-litigate *Younger*, this Court does not have to reach the question of waiver to deny that part of the motion because it fails on other grounds. And even if the Court finds the defense is not waived, the Court must still apply each of the Rule 24 factors to decide whether to grant *any* portion of the Attorney General's motion to intervene.[4]

The Court can deny the Attorney General's motion without reaching the question of waiver. The Attorney General's motion to intervene to re-litigate *Younger* fails because it is untimely, Pls.' Resp., Dkt. 251 at 17–21; Pls.' Surreply, Dkt. 755 at 1–2; Harris Cty. Resp., Dkt. 748 at 12–15,[5] and because it fails Rule 24's other requirements, Harris Cty. Resp. at 15–18.[6] Compliance with Rule 24 is a threshold requirement for intervention. *See Louisiana v. Burgum*, 132 F.4th 918, 922 (5th Cir. 2025) ("Failure to satisfy any one requirement precludes intervention of right.") (quotation omitted); *see, e.g.*, *N.A.A.C.P. v. New York*, 413 U.S. 345, 360, 365 (1973) (denying intervention where would-be intervenors "failed to protect their interest in timely

---

[4] As explained in their briefs, Plaintiffs oppose the Attorney General's proposed intervention for purposes of asserting *Younger* abstention and mootness, but take no position on his intervention for purposes of asserting alleged conflicts between the Consent Decree and state law. Harris County and the Sheriff oppose the Attorney General's request to intervene in its entirety.

[5] Because the Sheriff joined Harris County's brief in full, Sheriff's Joinder, Dkt. 750, citations to Harris County's Response also reflect the position of the Sheriff.

[6] It also fails because it is futile on grounds unrelated to waiver. Pls.' Surreply at 2–4.

fashion" without considering intervenors' claim that they "would be deprived of the protections afforded by [sections 4 and 5 of the Voting Rights Act]"). Thus, if the Court agrees, it need not address waiver.[7]

If the Court reaches the waiver question and finds that the Attorney General waived *Younger*, it could dismiss the motion to intervene to re-litigate *Younger* as futile. *See In re Deepwater Horizon*, 546 F. App'x 502, 504 (5th Cir. 2023) (per curiam) (denying motion where, "[b]ased on [the intervenor's] waiver," intervention "would be futile"); *cf. State Farm Mut. Auto. Ins. Co. ex rel. Holley v. United States*, No. 02-cv-1799, 2003 WL 1873089, at *3 (E.D. La. Apr. 10, 2003) ("[T]he Fifth Circuit has affirmed denials of motions to intervene when the amended complaint in intervention asserts only claims that are time barred.") (citing cases).

Nevertheless, the Parties' prior arguments on untimeliness and other grounds are equally strong or stronger bases for denying his motion. Thus, if the Court reaches the waiver question and finds that the Attorney General did not waive *Younger* (and that the other state and local Defendants' waiver is not imputed to him as a putative intervenor), it should *still* deny the motion to intervene for the reasons stated in the Parties' previously filed briefs.

The Court should deny the Attorney General's motion to intervene to assert *Younger* because it does not comply with Rule 24 or, in the alternative, deny the motion as futile.

---

[7] Untimeliness is a broader concept than waiver. *Compare Hodory*, 431 U.S. at 480 (state waives *Younger* where it "voluntarily chooses to submit to a federal forum"), *with Stallworth v. Monsanto Co.*, 558 F.2d 257, 263–66 (5th Cir. 1977) (outlining four factors courts must consider when assessing timeliness, including the length of delay and prejudice to the parties). Put differently, in many circumstances, intervention will be denied as untimely even though a putative intervenor did not affirmatively waive the claim they are attempting to assert.

Date: October 14, 2025                                    Respectfully Submitted,

/s/ Jeremy D. Cutting
Alec George Karakatsanis                                  Neal S. Manne
alec@civilrightscorps.org                                 Texas Bar No. 12937980
Elizabeth Rossi                                           nmanne@susmangodfrey.com
elizabeth@civilrightscorps.org                            Joseph S. Grinstein
Jeremy D. Cutting                                         Texas Bar No. 24002188
cody@civilrightscorps.org                                 Abbey E. McNaughton
CIVIL RIGHTS CORPS                                        Texas Bar No. 2411675
1601 Connecticut Ave NW, Suite 800                        SUSMAN GODFREY L.L.P.
Washington, DC 20009                                      11000 Louisiana Street, Suite 5100
Telephone: (202) 681-2721                                 Houston, Texas 77002
                                                          Telephone: (713) 651-9366

Dustin Rynders                                            Morgan McCollum
Texas Bar No. 24048005                                    (*pro hac vice* forthcoming)
dustin@texascivilrightsproject.org                        mmccollum@susmangodfrey.com
Travis Fife                                               SUSMAN GODFREY L.L.P.
Texas Bar No. 24126956                                    One Manhattan West
travis@texascivilrightsproject.org                        New York, NY 10001
TEXAS CIVIL RIGHTS PROJECT                                Telephone: (212) 336-8330
2100 Travis Street
Houston, TX 77002
Telephone: (512) 474-5073

*Attorneys for Plaintiffs*

CHRISTIAN MENEFEE                                         /s/ Murray Fogler
Harris County Attorney                                    Murray Fogler
                                                          Fogler, O'Neil & Gray LLP
/s/ Jonathan Fombonne                                     909 Fannin St, Suite 1640
Jonathan Fombonne                                         2 Houston Center
Deputy County Attorney and First Assistant                Houston, TX 77002
Seth Hopkins                                              Telephone: (713) 481-1010
Special Assistant County Attorney                         mfogler@foglerbrar.com
Rachel Fraser
Assistant County Attorney                                 *Attorney for Defendant Sheriff Ed*
1019 Congress, 15th Floor                                 *Gonzalez*
Houston, Texas 77002
Telephone: (713) 274-5141
Seth.Hopkins@cao.hctx.net

*Attorneys for Defendant Harris County*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 14th day of October, 2025, I electronically filed the foregoing with the clerk of the court for the U.S. District Court, Southern District of Texas, using the electronic case filing system of the Court. The electronic case filing system sent a "Notice of Electronic Filing" to the attorneys of record who have consented in writing to accept this Notice as service of this document by electronic means.

I further certify that, on this 14th day of October, 2025, I served a copy of the foregoing on Defendant-Judges Paula Goodhart, Jessica Padilla, Linda Garcia, and Leslie Johnson, via email as agreed to in writing.

*/s/ Jeremy D. Cutting*
Jeremy D. Cutting
