UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MARANDA LYNN ODONNELL, ET AL. | § § | |
| *Plaintiffs*, | § § | |
| v. | § § | Case No. 4:16-cv-01414 |
| HARRIS COUNTY, TEXAS, ET AL. | § § | |
| *Defendants*. | § § § § | |

## MEMORANDUM IN SUPPORT OF THE ATTORNEY GENERAL OF TEXAS'S AMENDED MOTION TO VACATE CONSENT DECREE

Intervenor, Ken Paxton, the Attorney General of Texas, files this memorandum of law in support of his Motion to Vacate Consent Decree pursuant to Federal Rules of Civil Procedure 60(b)(5) and 60(b)(6), and would respectfully show as follows:

### I.    INTRODUCTION

The Fifth Circuit's holding in *Daves v. Dallas County*, 64 F.4th 616, 631-35 (5th Cir. 2023) (*en banc*), that this case has been rendered moot by Senate Bill 6 (S.B. 6) mandates vacating the Consent Decree.  Additionally, as the Court recognized in its Memorandum and Opinion, Dkt. 764, Senate Bill 9 (S.B. 9) has also been recently passed.  These new laws conflict with the Consent Decree.  To comply with the Court's Memorandum and Opinion, Dkt. 773, and Scheduling Order, Dkt. 773, limiting the scope of intervention, this amended motion omits but does not waive the Attorney General's *Younger* abstention argument.

## II.    ARGUMENT

### A.    *Daves* mandates vacating the Consent Decree for mootness.

In *Daves,* the Fifth Circuit declared the case "moot by virtue of intervening state law" and rejected plaintiffs' arguments that "Dallas County's bail practices allegedly remain[ed] unconstitutional irrespective of S.B.6." *Daves*, 64 F.4th at 635.  The court reasoned that "S.B. 6 is heavily procedural in nature, just like the alleged claims of these plaintiffs.  Thus, both the provisions of S.B. 6 and their implementation are alleged to raise constitutional issues beyond the scope of this case and the circumstances of the plaintiffs who filed it.  The case is moot." *Id*.  That analysis applies here.  The passage of S.B.6 and S.B. 9, which are also procedural in nature, like the plaintiffs' claims, renders this case moot.

Mootness is jurisdictional.  *North Carolina v. Rice*, 404 U.S. 244, 246 (1971); *Robinson v. Ferguson*, 849 F. App'x 77, 79 (5th Cir. 2021).  A court without jurisdiction lacks authority to act.  *See Already, LLC v. Nike, Inc.*, 568 U.S. 85, 91 (2013). "If an intervening circumstance deprives the plaintiff of a 'personal stake in the outcome of the lawsuit,' at any point during litigation, the action can no longer proceed and must be dismissed as moot." *Genesis HealthCare Corp. v. Symczyk*, 569 U.S. 66, 72 (2013) (citation omitted).  Thus, under Fifth Circuit precedent, the Court lost jurisdiction for mootness after the passage of S.B. 6 and S.B. 9 and should vacate on this independent basis.

Instructively, in *Brown v. Philadelphia Housing Authority*, 350 F.3d 338, 347 (3d Cir. 2003), the Third Circuit ordered vacatur of a 29-year-old consent decree for mootness, based on a change in law and lack of jurisdiction, pursuant to a Rule 60(b) motion to vacate.  *Id*.  The court noted that ordinarily, "having held that the case was moot and that we lacked subject matter jurisdiction, we would proceed no further," but proceeded to offer guidance on when a consent

decree challenged under Rule 60(b) should be set aside.  *Id*. at 348 n.6.  Thus, in the court's analysis, the inquiry ends once the court determines that the case is moot or that it lacks jurisdiction.  Similarly, the inquiry here should end as *Daves* has determined that the case is moot following the passage of S.B. 6, and this Court is bound by that determination.

Additionally, federal district courts are to dispose of moot cases in the manner "'most consonant to justice'... in the view of the nature and character of the conditions which have caused the case to become moot." *U.S. Bancorp Mortg. Co. v. Bonner Mall Partnership*, 513 U.S. 18, 24 (1994) (citation omitted); *see also  Hall v. Louisiana*, 884 F.3d 546, 553 (5th Cir. 2018).  "The principal condition to which we have looked is whether the party seeking relief from the judgment below caused the mootness by voluntary action."  Under that rubric, the Attorney General did not cause mootness by his action; thus, the Consent Decree should be vacated pursuant to Rule 60(b)(5) and 60(b)(6).

**B.      The Consent Decree is no longer equitable to apply prospectively because state law has changed.**

Rule 60(b) of the Federal Rules of Civil Procedure provides that:

> On motion and upon such terms as are just, the court may relieve a party ... from a final judgment, order, or proceeding for the following reasons: ... (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment.

Fed. R. Civ. P. 60(b).  Rule 60(b)(5) allows a party to seek relief from a consent judgment when "applying it prospectively is no longer equitable." *Id*.  A judgment is no longer equitable "if 'a significant change either in factual conditions or in law' renders continued enforcement 'detrimental to the public interest.'"  *Horne v. Flores*, 557 U.S. 433, 447 (2009) (quoting *Rufo v.*

3

*Inmates of Suffolk Cnty. Jail*, 502 U.S. 367, 384 (1992)). A consent decree may be modified based on a change in "statutory or decisional law." *Rufo*, 502 U.S. at 388. "[S]ubsequent changes in either statutory or decisional law" justify modification, and a court "errs when it refuses to modify an injunction or consent decree in light of such changes." *Agostini v. Felton*, 521 U.S. 203, 215 (1997) (emphasis added).

Here, as *Daves* observed, since the Consent Decree was entered, the Texas legislature enacted legislation relating to bail practices – S.B. 6. And since *Daves*, the Texas legislature has passed S.B. 9, which governs bail practices for certain misdemeanors. With these changes in state law, continued enforcement of the Consent Decree is detrimental to the public interest – the will of Texas citizens as expressed through their elected representatives. Thus, enforcement is no longer equitable. Under Supreme Court precedent, these changes in law cannot be ignored. *See Rufo*, 502 U.S. at 388; *Agostini*, 521 U.S. at 215.

### C.    The Consent Decree conflicts with state law.

In approving the Consent Decree, the Court emphasized that it must comply with state law: "The [consent] decree *must comply with Texas law*, but it does not have to repeat every state-law requirement." Dkt. 707 at 37 (emphasis added). The Court cautioned that "the absence of an explicit requirement to follow state law does not equate to an implicit command to violate it." *Id*. To avoid any doubt whatsoever, the Court reiterated that "the proposed consent decree *does not require officials to violate state statutes*." *Id*. at 39 (emphasis added).

The parties could not have contemplated that the proposed Consent Decree would conflict with state law, risking rendering it illegal. A consent decree cannot require the parties to take illegal actions. *United States v. City of Miami*, 664 F.2d 435, 441 (5th Cir. 1981) (*en banc*) (Concurring opinion of Rubin, J.) (the court cannot approve "a decree that violates Constitution,

4

statute, or jurisprudence"). The Supreme Court has held that "[a] consent decree must of course be modified if, as it later turns out, one or more of the obligations placed upon the parties has become impermissible under federal law." *Rufo*, 502 U.S. at 388. That also applies when a consent decree requires a violation of state law. *See Imprisoned Citizens Union v. Ridge*, 169 F.3d 178, 189 (3d Cir. 1999) (opinion of Alito, J) (If a consent decree conflicts with later legislative action, then absent a finding of a "current and ongoing violation of federal law, the law demands nothing less than the immediate termination of the consent decree.").

However, as discussed in prior filings, Dkts. 742 and 752, the Consent Decree violates state law. For example, paragraph 30 of the Consent Decree requires Harris County Criminal Court at Law Judges to comply with and implement Local Rule 9 ("Rule 9") regarding bail practices. Dkt. 708 ¶30. Rule 9, therefore, amounts to a standing order. S.B. 6 amended Section 17.028(d) of the Texas Code of Criminal Procedure to bar standing bail orders that are inconsistent with its provisions. *See* Tex. Code Crim. P. § 17.028(d).

Further, Rule 9.2 of the Consent Decree states that, except for situations described in Rule 9.4.1-9.4.6, "all misdemeanor arrestees will have unsecured bail amounts set initially at no more than $100 and be promptly released on a personal bond with or without other nonfinancial conditions as soon as practicable after arrest." *See* Dkt. 708 ¶30, Rule 9.2. This provision conflicts with Section 17.028(d) of the Texas Code of Criminal Procedure, which bars a judge from adopting a bail schedule or entering a standing order related to bail that "authorizes a magistrate to make a bail decision for a defendant without considering each of the factors in Article 17.15(a)." *See* Tex. Code Crim. P. § 17.028(d)(2). Thus, while Art. 17.15(a) of the Texas Code of Criminal Procedure requires considering each of the seven enumerated factors for each arrestee, Rule 9.2 provides for

a blanket, across-the-board unsecured bail set initially at no more than $100 and prompt release on a personal bond without considering any of the seven factors.

Additionally, Rule 9.5 states in part: "Any judicial officer who makes decisions about conditions of release … must have complete discretion to release on a personal bond any misdemeanor arrestee prior to an individualized hearing."  Dkt. 708 ¶30, Rule 9.5.  However, as shown above, S.B. 9 has amended Art. 17.03 of the Texas Code of Criminal Procedures to expressly bar release on personal bond for certain misdemeanors.

Thus, continued enforcement of the Consent Decree is "detrimental to the public interest," *Horne*, 557 U.S. 433, as it requires Harris County judicial officers to violate state law (S.B. 6 and S.B. 9).  Plaintiffs have claimed that the "legislation's lead sponsor emphasized that it was crafted to avoid conflict with the Harris County reforms," Dkt. 755 at 2 n.1, but offered no meaningful rebuttal to the conflict between the Consent Decree and state law that the Attorney General identified. That the lead sponsor sought to avoid conflict hardly means that none exists; moreover, the Consent Decree should conform to state law, not the other way round.

Accordingly, it is no longer equitable to enforce the Consent Decree given changes in state law.  Moreover, Harris County judicial officials are now threatened with contempt for complying with the state law.  *See* Dkts. 742 & 752, Ex. A.  These present significant changes and extraordinary circumstances that warrant vacatur under Rules 60(b)(5) and 60(b)(6).

**D.    The motion to vacate is timely.**

The Attorney General filed his amended motion within the time prescribed in the Scheduling Order, Dkt. 773, so it is timely.

## III.   CONCLUSION

For the above reasons, the Attorney General respectfully requests that the Court dissolve or terminate the Consent Decree.

Respectfully submitted,

KEN PAXTON
Attorney General of Texas

BRENT WEBSTER
First Assistant Attorney General

RALPH MOLINA
Deputy First Assistant Attorney General

AUSTIN KINGHORN
Deputy Attorney General for Civil Litigation

KIMBERLY GDULA
Chief – General Litigation Division

*/s/Joe Nwaokoro*
JOE NWAOKORO
Attorney-in-charge
Texas Bar No. 24032916
Southern Dist. No. 30168
Assistant Attorney General
General Litigation Division
P.O. Box 12548, Capitol Station
Austin, Texas 78711-2548
(512) 463-2120 | FAX: (512) 320-0667
Joe.Nwaokoro@oag.texas.gov

COUNSEL FOR THE ATTORNEY GENERAL
OF TEXAS

<u>**CERTIFICATE OF SERVICE**</u>

I certify that on this <u>December 11, 2025</u>, a true and correct copy of the foregoing document

was filed and served via the Court's CM/ECF system to all counsel of record.

*/s/ Joe Nwaokoro*　　　　
Joe Nwaokoro
Assistant Attorney General
