UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **MARANDA LYNN ODONNELL, *et. al.*, on behalf of themselves and all others similarly situated, Plaintiffs,** | § § § § | |
| **v.** | § § | **CIVIL ACTION NO. 4:16-cv-1414** |
| **HARRIS COUNTY, TEXAS, *et. al.*, Defendants.** | § § § | |

## <u>DEFENDANTS' APPENDIX</u>

Sept. 12, 2025 letter from Neal Manne at Susman Godfrey, LLP ................................. Appendix A

Appellees' Unopposed Motion to Vacate Stay Opinion, No. 18-20466, filed Jan. 8, 2019 before the Fifth Circuit Court of Appeals ................................................................................. Appendix B

Bill Analysis, S.B. 9 ................................................................................................... Appendix C

Bill Analysis, S.B. 6 ................................................................................................... Appendix D

PSRS Information for District and County Court Judges ............................................. Appendix E

S.B. 9 Overview ......................................................................................................... Appendix F

Rules .......................................................................................................................... Appendix G

# APPENDIX A

SUSMAN GODFREY L.L.P.

A REGISTERED LIMITED LIABILITY PARTNERSHIP

1000 LOUISIANA
SUITE 5100
HOUSTON, TEXAS 77002
(713) 651-9366
FAX (713) 654-6666
WWW.SUSMANGODFREY.COM

| SUITE 1400 | SUITE 3000 | ONE MANHATTAN WEST |
| 1900 AVENUE OF THE STARS | 401 UNION STREET | NEW YORK, NEW YORK 10001-8602 |
| LOS ANGELES, CALIFORNIA 90067-6029 | SEATTLE, WASHINGTON 98101-2683 | (212) 336-8330 |
| (310) 789-3100 | (206) 516-3880 | |

NEAL MANNE
DIRECT DIAL (713) 653-7827

E-MAIL NMANNE@SUSMANGODFREY.COM

September 12, 2025

*Via email: jonathan.fombonne@harriscountytx.gov*
Jonathan Fombonne
Office of the Harris County Attorney
1019 Congress, 15th Floor
Houston, TX 77002

*Via email: bgarrett@law.duke.edu*
Brandon Garrett
Duke University School of Law
210 Science Drive
Durham, NC 27708

Re:     Consent Decree Violations Related to Senate Bill 9

Dear Mr. Fombonne and Mr. Garrett,

We write to bring to the County's attention apparently intentional violations of the Consent Decree by the County's Criminal Law Hearing Officers and to ask that the County remind all Hearing Officers that the Consent Decree remains binding unless and until the federal court rules otherwise. Violations of a federal Consent Decree can justify a contempt finding. *United States v. Hinds Cty. Bd. of Sups.*, 128 F.4th 616, 636 (5th Cir. 2025). A knowing violation can constitute a criminal offense. *See* 18 U.S.C. § 401(3); *United States v. Landerman*, 109 F.3d 1053, 1068 (5th Cir. 1997) (affirming criminal contempt conviction). The Monitor reminded all Parties on September 2, 2025, of their obligation to comply with the entirety of the Consent Decree unless and until the federal court modifies it.

As you are aware, Senate Bill 9 took effect on September 1, 2025. In addition to other changes, Senate Bill 9 amended Article 17.03 to require cash bail for certain

APPENDIX A

Jonathan Fombonne
Brandon Garrett
September 12, 2025
Page 2

enumerated offenses, including three misdemeanors: terroristic threat Class A, unlawful possession of a weapon, and violating certain protective orders. Article 17.03 as amended by S.B. 9 is inconsistent with L.R. 9.2, 9.3, 9.10, and 9.12 as codified in the federal court Consent Decree issued in the *ODonnell* litigation. *ODonnell v. Harris County*, No. 16-cv-01414, Dkt. 708 ¶ 30 (S.D. Tex. Nov. 21, 2019). Rule 9 states that any judicial officer considering bail must "consider the full range of available conditions of release" and have "complete discretion to release any misdemeanor arrestee on a personal bond," L.R. 9.10, and may impose an unaffordable condition of release only if "necessary to reasonably assure the safety of the community or to reasonably protect against flight from prosecution," L.R. 9.12.7; *see also* L.R. 9.2 (requiring prompt release on GOB for the majority of arrestees); L.R. 9.3 (prohibiting cash bail unless the bail order follows a bail hearing that meets the requirements of L.R. 9.12).

In just the past twelve days since Senate Bill 9 went into effect, we have identified seven cases involving five different Hearing Officers stating that they denied a personal bond for an individual charged with one of the aforementioned misdemeanor offenses based at least in part on Tex. Crim. Proc. art. 17.03. We have attached the bail orders for these cases. In many of these examples, the bail order explicitly says a personal bond is prohibited under Senate Bill 9. For example, two say "PR prohib. Per 17.03(b-2)(1)(B)," and another one similarly says, "Offense not eligible for PTRB/Art. 17.03/ TX C.C.P."

We include two representative findings below:

1. Bail order in *State v. Alleman*, SPN 03302622, Cause No. 258108101010. In Ms. Alleman's case, the hearing officer set a $500 secured bond, resulting in Ms. Alleman's detention.

Jonathan Fombonne
Brandon Garrett
September 12, 2025
Page 3

CAUSE NO. **258108101010**

Reasons for the bail decision and evidence relied upon: "

[MAND]: PR prohib. per 17.03(b-2)(1)(B).

[AFC]: lives in Katy, unemployed. Indigent.

[FLIGHT]: -

[HOLD]: -

[CHRI]: No CCH other than this allegation.

[ALLEGED]: Sep. 1, 2025 Def is CW's sister-in-law, same household. While CW recovering from surgery, CW's husband was taking CW to bathroom. Def threatened to push CW down the stairs because the hallway light was on.

[NOTE]: Defendant expressed intent to return to the residence to get her possessions, even after repeatedly being admonished that doing so would violate her protective order.

[CTZN]: US

I certify that the procedures and findings required by Local Rule 9 were provided and that I have explained the reasons and evidence relied on for my decision to Defendant and/or counsel, ☐ orally, ☒ in writing, ☐ or both.

Pursuant to Texas Code of Criminal Procedure art 17.022 and Texas Government Code § 72.038, I hereby certify that in setting this bail that I considered each factor of Texas Code of Criminal Procedure art. 17.15(a), and I certify that I considered the information in the Public Safety Report System. I hereby authorize the Harris County District Clerk to enter the required certification in the Public Safety Report System on my behalf.

September 01, 2025 21:50 PM
**Date and Time**

**Magistrate (Judge or Hearing Officer)**

**Interpreter (if applicable)**

Magistrate <u>Chris_Ainsworth</u> - Magistrate SPN <u>02620288</u>

2.  Bail order in *State v. Gonzalez*, SPN: 01897516, Cause No. 258192801010. In Mr. Gonzalez's case, the hearing officer set a $1000 secured bond, resulting in Mr. Gonzalez's detention. When Mr. Gonzalez appeared in court two days later, the State dismissed the case for lack of probable cause.

CAUSE NO. **258192801010**

Reasons for the bail decision and evidence relied upon: 17.03 per SB9. On bond for PCS in 495th. CW=dad. Threatened murder-suicide. MOEP, Cond. Unemployed. Indigent.

I certify that the procedures and findings required by Local Rule 9 were provided and that I have explained the reasons and evidence relied on for my decision to Defendant and/or counsel, ☐ orally, ☐ in writing, ☒ or both.

Pursuant to Texas Code of Criminal Procedure art 17.022 and Texas Government Code § 72.038, I hereby certify that in setting this bail that I considered each factor of Texas Code of Criminal Procedure art. 17.15(a), and I certify that I considered the information in the Public Safety Report System. I hereby authorize the Harris County District Clerk to enter the required certification in the Public Safety Report System on my behalf.

September 07, 2025 23:14 PM
**Date and Time**

**Magistrate (Judge or Hearing Officer)**

**Interpreter (if applicable)**

Magistrate <u>Sharon_Chu</u> - Magistrate SPN <u>02343756</u>

Jonathan Fombonne
Brandon Garrett
September 12, 2025
Page 4

Our case review is manual and time-intensive, and there may be additional Senate Bill 9-related violations. We understand that the County is creating a weekly report to track potential violations of Local Rule 9 related to S.B. 9, which will assist all Parties and the Monitors in their ongoing review of potential violations.

Senate Bill 9's prohibition on personal bonds means that poor people who cannot afford secured bail will be detained pretrial even when detention is not necessary and less restrictive alternatives would suffice. It thus requires the exact constitutional violations that the Consent Decree was designed to remedy through Local Rule 9.

To protect the Plaintiff class going forward, we ask the County to remind the Hearing Officers to follow the binding order of the federal court, including in circumstances such as the application of Art. 17.03 where the Hearing Officers may encounter a conflict between what state law and the Consent Decree require.

We can be available to discuss further,

Sincerely,

Neal Manne

Neal Manne

cc:    Sandra Thompson            sguerrat@central.uh.edu
       Allan Van Fleet            allanvanfleet@gmail.com
       Judge Paula Goodhart       paula_goodhart@ccl.hctx.net
       Judge Jessica Padilla      jessica_padilla@ccl.hctx.net
       Judge Linda Garcia         linda_garcia@ccl.hctx.net
       Judge Leslie Johnson       leslie_johnson@ccl.hctx.net
       Murray Fogler              mfogler@foglerlaw.com

# APPENDIX B

# UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

MARANDA LYNN ODONNELL,

*Plaintiff-Appellee*,

*v.*

ALEX SALGADO; RONNISHA BOWMAN; ERICA HUGHES; SHANNON BALDWIN;
DAVID M. FLEISCHER; KELLEY ANDREWS; ANDREW A. WRIGHT; FRANKLIN BYNUM;
TORIA J. FINCH; LEE HARPER WILSON; SEDRICK T. WALKER, II;
CASSANDRA Y. HOLLEMAN; RAUL RODRIGUEZ; AND TONYA JONES,

*Defendants-Appellants*.

LOETHA SHANTA MCGRUDER; ROBERT RYAN FORD,

*Plaintiffs-Appellees*,

*v.*

HARRIS COUNTY, TEXAS, ET AL.

*Defendants*,

ALEX SALGADO; RONNISHA BOWMAN; ERICA HUGHES; SHANNON BALDWIN;
DAVID M. FLEISCHER; KELLEY ANDREWS; ANDREW A. WRIGHT; FRANKLIN BYNUM;
TORIA J. FINCH; LEE HARPER WILSON; SEDRICK T. WALKER, II;
CASSANDRA Y. HOLLEMAN; RAUL RODRIGUEZ; AND TONYA JONES,

*Appellants*.

On Appeal from the United States District Court for the Southern District of Texas,
Case No. 4:16-cv-001414

## APPELLEES' UNOPPOSED MOTION TO VACATE STAY OPINION

SETH P. WAXMAN
DANIEL S. VOLCHOK
ARPIT K. GARG
WILMER CUTLER PICKERING
  HALE AND DORR LLP
1875 Pennsylvania Avenue N.W.
Washington, D.C. 20006
(202) 663-6000

January 8, 2019

ALEC KARAKATSANIS
  *Counsel of Record*
ELIZABETH ROSSI
CHARLES GERSTEIN
CIVIL RIGHTS CORPS
910 17th Street N.W., Second Floor
Washington, D.C. 20006
(202) 681-2721
alec@civilrightscorps.org

**ADDITIONAL COUNSEL LISTED ON INSIDE COVER**    APPENDIX B

NEAL S. MANNE
LEXIE G. WHITE
JOSEPH S. GRINSTEIN
SUSMAN GODFREY LLP
1000 Louisiana Street, Suite 5100
Houston, TX 77002
(713) 651-9366

MICHAEL GERVAIS
SUSMAN GODFREY LLP
1900 Avenue of the Stars, Suite 1400
Los Angeles, CA 90067
(310) 789-3130

SUSANNE PRINGLE
TEXAS FAIR DEFENSE PROJECT
314 E. Highland Mall Boulevard
Suite 108
Austin, TX 78752
(512) 637-5220

# CERTIFICATE OF INTERESTED PERSONS

The following listed persons and entities as described in the fourth sentence of Circuit Rule 28.2.1 have an interest in the outcome of this case. These representations are made so that members of the Court may evaluate possible recusal.

| Plaintiffs-Appellees | Counsel |
|---|---|
| Maranda Lynn ODonnell<br>Robert Ryan Ford<br>Loetha Shanta McGruder | Alec Karakatsanis<br>Elizabeth Rossi<br>Charles Gerstein<br>CIVIL RIGHTS CORPS<br><br>Seth P. Waxman<br>Daniel S. Volchok<br>Arpit K. Garg<br>WILMER CUTLER PICKERING HALE AND<br>    DORR LLP<br><br>Neal S. Manne<br>Lexie Giselle White<br>Joseph S. Grinstein<br>Michael Gervais<br>SUSMAN GODFREY LLP<br><br>Susanne Ashley Pringle<br>TEXAS FAIR DEFENSE PROJECT |

| Defendants-Appellants | Counsel |
|---|---|
| Alex Salgado<br>Ronnisha Bowman<br>Erica Hughes<br>Shannon Baldwin<br>David M. Fleischer<br>Kelley Andrews<br>Andrew A. Wright | G. Allan Van Fleet<br>VAN FLEET LLP<br><br>Vince Ryan<br>Robert Soard<br>HARRIS COUNTY ATTORNEY'S OFFICE |

| | |
|---|---|
| Franklin Bynum<br>Toria J. Flinch<br>Lee Harper Wilson<br>Sedrick T. Walker, II<br>Cassandra Y. Holleman<br>Raul Rodriguez<br>Tonya Jones<br>(*current Fourteen Judges for Harris County Criminal Courts at Law*) | |
| Paula Goodhart<br>Bill Harmon<br>Natalie C. Fleming<br>John Clinton<br>Margaret Harris<br>Larry Standley<br>Pam Derbyshire<br>Jay Karahan<br>Judge Analia Wilkerson<br>Dan Spjut<br>Judge Diane Bull<br>Judge Robin Brown<br>Donald Smyth<br>Jean Hughes<br>(*former Fourteen Judges for Harris County Criminal Courts at Law*) | Charles J. Cooper<br>Michael W. Kirk<br>Brian W. Barnes<br>Nicole J. Moss<br>Haley N. Proctor<br>William C. Marra<br>COOPER & KIRK, PLLC<br><br>John R. Keville<br>Sheryl Anne Falk<br>Robert Lawrence Green, III<br>Corinne Stone<br>WINSTON AND STRAWN LLP |

| Defendants | Counsel |
|---|---|
| Judge Mike Fields<br>(*Judge for Harris County Criminal Court at Law*) | Bruce Powers<br>HARRIS COUNTY ATTORNEY'S OFFICE |
| Judge Darrell William Jordan<br>(*Judge for Harris County Criminal Court at Law*) | G. Allan Van Fleet<br>VAN FLEET LLP<br><br>Mark Anthony Correro<br>CORRERO & LEISURE, P.C. |
| Harris County, Texas<br>Eric Stewart Hagstette<br>Joseph Licata, III<br>Ronald Nicholas | Katharine D. David<br>Michael A. Stafford<br>Philip J. Morgan<br>Benjamin R. Stephens |

| Blanca Estella Villagomez<br>Jill Wallace<br>(*County and Hearing Officers*) | GARDERE WYNNE SEWELL LLP<br><br>John Odam<br>Melissa Spinks<br>HARRIS COUNTY ATTORNEY'S OFFICE |
|---|---|
| Sheriff Ed Gonzalez | Victoria Lynn Jimenez<br>HARRIS COUNTY ATTORNEY'S OFFICE<br><br>Murray Jules Fogler<br>FOGLER, BRAR, FORD, O'NEIL & GRAY,<br>L.L.P. |

| **Other Interested Parties** | **Counsel** |
|---|---|
| State of Texas<br>State of Arizona<br>State of Nebraska | Ken Paxton<br>Jeffrey C. Mateer<br>Kyle D. Hawkins<br>Joseph D. Hughes<br>TEXAS ATTORNEY GENERAL |
| Texas Baptists Christian Life<br>Commission<br>Texas Catholic Conference of Bishops<br>Archbishop Joseph A. Fiorenza<br>Rabbi Samuel E. Karff<br>The Right Reverend C. Andrew Doyle<br>Reverend Michael Rinehart | Jonathan Marcus<br>Paul M. Kerlin<br>SKADDEN, ARPS, SLATE, MEAGHER, &<br>FLOM LLP |

/s/  Alec Karakatsanis

ALEC KARAKATSANIS

# TABLE OF CONTENTS

Page

CERTIFICATE OF INTERESTED PERSONS ..........................................................i

TABLE OF AUTHORITIES ...................................................................................v

INTRODUCTION ...................................................................................................1

BACKGROUND .....................................................................................................1

ARGUMENT ..........................................................................................................4

I.     Well-Established Equitable Principles Require Vacatur Of An Adverse Judgment That A Losing Party Is Unable To Challenge Due To The Opposing Party's Unilateral Action ..............................................................................................4

II.    Equity Requires Vacatur Of The Motions Panel's Stay Opinion ..............................................................................................5

CONCLUSION .......................................................................................................9

CERTIFICATE OF COMPLIANCE

CERTIFICATE OF SERVICE

# TABLE OF AUTHORITIES

Page(s)

## CASES

*AMA Discount, Inc. v. Seneca Specialty Insurance Co.*, 697 F. App'x 354 (5th Cir. 2017) ........................................................................7

*Arizonans for Official English v. Arizona*, 520 U.S. 43 (1997)................................5

*Azar v. Garza*, 138 S. Ct. 1790 (2018) ................................................5, 8

*Camreta v. Greene*, 563 U.S. 692 (2011) ........................................................4, 7, 8

*Daves v. Dallas County*, ___ F. Supp. 3d ___, 2018 WL 4510136 (N.D. Tex. Sept. 20, 2018) ................................................................8

*Little v. Frederick*, 2018 WL 6036911 (W.D. La. Aug. 28, 2018)...........................8

*Mattern v. Eastman Kodak Co.*, 104 F.3d 702 (5th Cir. 1997) ................................6

*Northshore Development, Inc. v. Lee*, 835 F.2d 580 (5th Cir. 1988) ........................8

*ODonnell v. Goodhart*, 900 F.3d 220 (5th Cir. 2018) ................................3

*ODonnell v. Harris County*, 892 F.3d 147 (5th Cir. 2018) ................................1, 2

*Sossamon v. Lone Star State of Texas*, 560 F.3d 316 (5th Cir. 2009) ......................5

*Staley v. Harris County*, 485 F.3d 305 (5th Cir. 2007) ............................................5

*Trevino v. Davis*, 861 F.3d 545 (5th Cir. 2017)...........................................6

*U.S. Bancorp Mortgage Co. v. Bonner Mall Partnership*, 513 U.S. 18 (1994).................................................................................1, 4, 5

*United States v. Bear Marine Services*, 696 F.2d 1117 (5th Cir. 1983)...................7

*United States v. Munsingwear, Inc.*, 340 U.S. 36 (1950) ....................................4, 6

*Whole Woman's Health v. Cole*, 790 F.3d 563 (5th Cir. 2015)................................6

# INTRODUCTION

Appellees move this Court to vacate the motions panel's stay opinion in this appeal. Vacatur is warranted because after the motions panel granted a stay pending appeal, the individuals who were appellants at the time (i.e., the ones who sought the stay) were voted out of office, and yesterday their successors withdrew the appeal. These circumstances, while unusual, are akin to a case that becomes moot while on appeal—which requires vacatur of the district-court opinion "when mootness results from unilateral action of the party who prevailed below," *U.S. Bancorp Mortgage Co. v. Bonner Mall Partnership*, 513 U.S. 18, 25 (1994). Similarly here, the now-ousted appellants "prevailed" in securing the stay (and more importantly the stay opinion), and the new appellants' unilateral action has now deprived appellees of the opportunity to have the adverse stay opinion set aside by a merits panel. Equity thus requires vacatur of the stay opinion.

Appellants do not oppose this motion.

# BACKGROUND

This is the second appeal in this litigation. Like the first appeal, this one challenges a preliminary injunction prohibiting Harris County's elected criminal judges from authorizing bail practices that violate the Fourteenth Amendment. In the prior appeal, this Court "largely affirmed the district court's determinations that constitutional violations occurred." *ODonnell v. Harris County*, 892 F.3d 147, 163

(5th Cir. 2018) (opinion on rehearing). In particular, this Court held that wealth-based detention resulting from Harris County's use of secured bail triggers "heightened scrutiny" under the Fourteenth Amendment. *Id.* at 161. It also affirmed the district court's factual findings that Harris County "failed to establish any 'link between financial conditions of release and appearance at trial or law-abiding behavior before trial,'" and accordingly concluded that "although the County had a compelling interest in the assurance of a misdemeanor detainee's future appearance and lawful behavior, its policy was not narrowly tailored to meet that interest." *Id.* at 162. This Court therefore held that "Harris County's use of secured bail violated equal protection." *Id.* at 162-163.

This Court, however, vacated the preliminary injunction, deeming it "overbroad." *ODonnell*, 892 F.3d at 163. The case was remanded for the district court to "craft a … more finely tuned" injunction. *Id.* at 164.

On remand the district court issued a narrower preliminary injunction. ROA.11878-11910. The court ruled that, under *ODonnell*, wealth-based detention prior to an individualized bail hearing that results from Harris County's use of secured bail is unconstitutional. It thus ordered defendants to permit release on unsecured bail until the individualized hearing, at which point defendants could try to show that the wealth-based detention of that individual was necessary.

Appellants—who are fourteen of the sixteen elected judges responsible for misdemeanor bail policy in Harris County—again appealed and sought an emergency stay pending appeal.  ECF 00514574856, *ODonnell v. Goodhart*, No. 18-20466 (5th Cir. July 27, 2018).  Less than three weeks later, following abbreviated briefing and an oral argument, a divided motions panel granted that stay in a published opinion.  900 F.3d 220 (Aug. 14, 2018) ("Stay Ruling").  The motions panel concluded that prehearing release violated *ODonnell*'s mandate and was not required under the Fourteenth Amendment.

Following the Stay Ruling, the appeal was fully briefed—with appellees devoting a significant portion of their briefing to why the Stay Ruling fundamentally misread *ODonnell* and was irreconcilable with that decision.  *See* Appellee Br. 25-32, 38-45, *ODonnell v. Goodhart*, No. 18-20466 (5th Cir. Oct. 24, 2018), ECF 00514696493.  (Appellees recognized, of course, that any errors by the motions panel were understandable given that its ruling was made on a highly expedited basis and with abbreviated briefing.)

On November 6, 2018, the fourteen judges who filed this appeal and sought the stay lost re-election.  And on January 7, 2019, their successors withdrew this appeal, reflecting their agreement with the revised preliminary injunction (as it is consistent with their policy views).

- 3 -

# ARGUMENT

I. **WELL-ESTABLISHED EQUITABLE PRINCIPLES REQUIRE VACATUR OF AN ADVERSE JUDGMENT THAT A LOSING PARTY IS UNABLE TO CHALLENGE DUE TO THE OPPOSING PARTY'S UNILATERAL ACTION**

In *U.S. Bancorp*, the Supreme Court explained that the longstanding practice of vacating the judgment below if a case becomes moot on appeal reflects an "equitable tradition of vacatur." 513 U.S. at 25. Under that tradition, "[a] party who seeks review of the merits of an adverse ruling, but is frustrated by the vagaries of circumstance, ought not in fairness be forced to acquiesce in the judgment." *Id.* "The equitable remedy of vacatur ensures that 'those who have been prevented from obtaining the review to which they are entitled are not treated as if there had been a review.'" *Camreta v. Greene*, 563 U.S. 692, 712 (2011) (quoting *United States v. Munsingwear, Inc.*, 340 U.S. 36, 39 (1950)).

The equitable interests explicated in these cases extend beyond fairness in the specific litigation. Another "point of vacatur is to prevent an unreviewable decision 'from spawning any legal consequences,' so that no party is harmed by … a 'preliminary' adjudication." *Camreta*, 563 U.S. at 713 (quoting *Munsingwear*, 340 U.S. at 40-41). "Vacatur then rightly strips the decision below of its binding effect and clears the path for future relitigation." *Id.* (citations and quotation marks omitted).

Ordinarily, vacatur is not automatic, as equitable factors may counsel otherwise. *See U.S. Bancorp*, 513 U.S. at 23-25. This Court has accordingly held that it should "look at the equities of the individual case" to determine whether to vacate. *Staley v. Harris County*, 485 F.3d 305, 312 (5th Cir. 2007) (en banc). Both the Supreme Court and this Court, however, have identified situations in which vacatur is *required*. Of relevance here, "[v]acatur is in order when mootness occurs through … the unilateral action of the party who prevailed in the lower court." *Arizonans for Official English v. Arizona*, 520 U.S. 43, 71-72 (1997) (quotation marks omitted); *accord Sossamon v. Lone Star State of Texas*, 560 F.3d 316, 326 n.15 (5th Cir. 2009) ("When … a party who prevailed below makes the case moot by his unilateral action, a 'vacatur *must* be granted.'" (emphasis added) (quoting *U.S. Bancorp*, 513 U.S. at 23)), *aff'd sub nom. Sossamon v. Texas*, 563 U.S. 277 (2011). The Supreme Court reiterated this point just last Term, explaining that "[i]t would certainly be a strange doctrine that would permit a plaintiff to obtain a favorable judgment, take voluntary action that moots the dispute, and then retain the benefit of the judgment." *Azar v. Garza*, 138 S. Ct. 1790, 1792 (2018) (per curiam).

## II. EQUITY REQUIRES VACATUR OF THE MOTIONS PANEL'S STAY OPINION

The cases just discussed require vacatur of the Stay Ruling.

- 5 -

To begin with, the posture here is very much akin to mootness pending appeal, because this Court's precedent treats the relationship between a merits panel and a motions panel as analogous to that of an appellate court and a district court. For example, "a merits panel is not bound by a motions panel," *Trevino v. Davis*, 861 F.3d 545, 548 n.1 (5th Cir. 2017), just as it is not bound by the ruling below. To the contrary, just as a merits panel reviews and may overturn the district court's ruling, "a panel hearing the merits of an appeal may *review* a motions panel ruling, *and overturn it where necessary*." *Mattern v. Eastman Kodak Co.*, 104 F.3d 702, 704 (5th Cir. 1997) (emphasis added), *abrogated on other grounds by Burlington Northern & Santa Fe Railway Co. v. White*, 548 U.S. 53 (2006).

There are multiple reasons why the motions panel is treated like a district court in this regard. For one thing, just as a district-court judgment is "only preliminary" "in the statutory scheme," *Munsingwear*, 340 U.S. at 40, a motions panel makes only a preliminary assessment of the merits (i.e., likelihood of success). For another, the motions panel must act "during an abbreviated proceeding," *Whole Woman's Health v. Cole*, 790 F.3d 563, 580 (5th Cir.), *modified on other grounds*, 790 F.3d 598 (5th Cir. 2015), *rev'd and remanded on other grounds sub nom. Whole Woman's Health v. Hellerstedt*, 136 S. Ct. 2292 (2016)—whereas "[t]he merits panel has the benefit of full briefs … oral argument … [and] the opportunity to consider events that took place after the motions panel"

ruled, *United States v. Bear Marine Services*, 696 F.2d 1117, 1119 (5th Cir. 1983); *cited by AMA Discount, Inc. v. Seneca Specialty Insurance Co.*, 697 F. App'x 354, 355 (5th Cir. 2017) (per curiam).  "With this perspective, the merits panel may conclude that the initial decision … was, or was later rendered, improvident." *Bear Marine*, 696 Fed. at 1119.

The analogy between a district-court judgment and a motions-panel ruling extends to the equitable principles that, as discussed, require vacatur.  Just as mootness pending appeal deprives the losing party of its right to have an adverse district-court judgment overturned, so the unilateral withdrawal of the appeal has deprived appellees of their only opportunity to have the adverse motions-panel ruling set aside—an opportunity they fully sought to avail themselves of by devoting much of their merits brief to addressing the motions panel's errors.  Because appellees "have been prevented from obtaining the review to which they are entitled," "vacatur [is necessary to] ensure[ that they] are not treated as if there had been a review."  *Camreta*, 563 U.S. at 712 (quotation marks omitted).

Any other result would have perverse implications.  If vacatur is not required here, an appellant could—after successfully acquiring a stay pending appeal with a favorable opinion—strategically withdraw the appeal and yet benefit from the appeal by leveraging that opinion in future litigation.  As the Supreme Court

recently recognized, such a "strange" result cannot be countenanced. *Azar*, 138 S. Ct. at 1792.

Finally, another equitable rationale for vacatur—to "prevent an unreviewable decision from spawning any legal consequences," *Camreta*, 563 U.S. at 713 (quotation marks omitted)—is particularly salient here because the Stay Ruling is published. In this circumstance, there is a credible risk that courts, especially district courts in this circuit, will rely on the Stay Ruling, notwithstanding the fact that "a motions panel decision is not binding precedent," *Northshore Development, Inc. v. Lee*, 835 F.2d 580, 583 (5th Cir. 1988). Indeed, undersigned counsel are litigating multiple cases in this circuit on similar issues, and district courts are already referring to the Stay Ruling. *See, e.g.*, *Daves v. Dallas County*, ___ F. Supp. 3d ___, 2018 WL 4510136, at *1 (N.D. Tex. Sept. 20, 2018) (citing *ODonnell* and the Stay Ruling as having equal precedential weight); *Little v. Frederick*, 2018 WL 6036911, at *11 n.112 (W.D. La. Aug. 28, 2018) (citing portions of the Stay Ruling that appellees contend are incorrect), *report and recommendation adopted*, 2018 WL 5993879 (W.D. La. Nov. 14, 2018). Vacatur is accordingly required here to ensure that "no party is harmed by … a preliminary adjudication." *Camreta*, 563 U.S. at 713 (quotation marks omitted).

## CONCLUSION

The Court should vacate the Stay Ruling.

January 8, 2019

Respectfully submitted,

/s/  Alec Karakatsanis

SETH P. WAXMAN
DANIEL S. VOLCHOK
ARPIT K. GARG
WILMER CUTLER PICKERING
    HALE AND DORR LLP
1875 Pennsylvania Avenue N.W.
Washington, D.C.  20006
(202) 663-6000

NEAL S. MANNE
LEXIE G. WHITE
JOSEPH S. GRINSTEIN
SUSMAN GODFREY LLP
1000 Louisiana Street, Suite 5100
Harris County, TX  77002
(713) 651-9366

MICHAEL GERVAIS
SUSMAN GODFREY LLP
1900 Avenue of the Stars, Suite 1400
Los Angeles, CA  90067
(310) 789-3130

ALEC KARAKATSANIS
    *Counsel of Record*
ELIZABETH ROSSI
CHARLES GERSTEIN
CIVIL RIGHTS CORPS
910 17th Street N.W., Second Floor
Washington, D.C.  20006
(202) 681-2721
alec@civilrightscorps.org

SUSANNE PRINGLE
TEXAS FAIR DEFENSE PROJECT
314 E. Highland Mall Boulevard
Suite 108
Austin, TX  78752
(512) 637-5220

## CERTIFICATE OF COMPLIANCE

This motion complies with the type-volume limitation of Federal Rule of Appellate Procedure (FRAP) 27(d)(2)(A) and Circuit Rule 27.4 because—according to the word-count feature of the word-processing program with which it was prepared (Microsoft Word)—the motion contains 1,811 words, excluding the portions exempted by FRAP 32(f).  Pursuant to FRAP 27(d)(1)(E) and Circuit Rule 27.4, this motion complies with the typeface requirements of FRAP 32(a)(5) and the type-style requirements of FRAP 32(a)(6) because it has been prepared in a proportionally spaced typeface using Microsoft Word 2016 in 14-point Times New Roman font.

/s/  Alec Karakatsanis
ALEC KARAKATSANIS

## CERTIFICATE OF SERVICE

I electronically filed the foregoing on January 8, 2019, using the Court's appellate CM/ECF system, which effected service on all counsel of record.

/s/  Alec Karakatsanis
ALEC KARAKATSANIS

# APPENDIX C

## BILL ANALYSIS

Senate Research Center
S.B. 9
By: Huffman
Criminal Justice
6/13/2025
Enrolled

## AUTHOR'S / SPONSOR'S STATEMENT OF INTENT

BACKGROUND:

In 2021, the legislature passed S.B. 6 addressing the release practices surrounding habitual and violent offenders to better protect the safety of victims, law enforcement, and our communities. The legislation represents one of the largest overhauls to Texas' bail system; drastically increasing the amount of information available to judges when setting bail and the amount of statewide data tracked on bail outcomes. Now that the reforms have been implemented, cleanup language is necessary to clarify legislative intent, ensure that the new systems are running efficiently, and further increase the safety of our communities.

SUMMARY:

Specifically, S.B. 9 requires hearing officers to make oral or written findings of fact and conclusions of law, on the record, within 24 hours of issuing a "no probable cause" finding.

The bill mandates that the presiding judge, rather than a criminal law hearing officer, be the proper authority for setting the initial bond for:

- a defendant that is on parole at the time he/she is charged with a new offense;
- a defendant who has been previously convicted of two or more felony offenses;
- a defendant charged with violent felony offenses such as murder, capitol murder, aggravated sexual assault, aggravated kidnapping, or aggravated assault; and
- a defendant charged with a felony and is also detained with a concurrent immigration hold.

The bill also amends the list of offenses that a defendant may not be released on a personal bond, adding:

- unlawful possession of a firearm;
- violation of a family violence protective order;
- terroristic threat; and
- murder as a result of manufacturing or delivery of fentanyl.

The bill adjusts the reporting requirement for "charitable bail organization" to be sent to the Office of Court Administration and increases transparency by requiring additional data submissions.

The bill clarifies that a magistrate is not authorized to adjust the amount or conditions of a bond set by the judge of a district court.

S.B. 9 establishes that a bond for a jailable felony offense may not be set until the defendant has gone before a hearing officer or judge.

The bill creates a new avenue for appeal when a prosecutor considers a bail amount insufficient for a defendant who is charged with a felony and is out on bond for another felony offense. This new appeal aligns the timeline for a state appeal for insufficient bond to an accelerated 20-day timeline, which requires a prioritization from the appellate court.

APPENDIX C

For a secondary offense committed in a different county under Article 17.027 of the Texas Code of Criminal Procedure, the bill clarifies the timelines for notification of a new offense to be given within the next business day

S.B. 9 amends current law relating to the confinement or release of defendants before trial or sentencing, including regulating charitable bail organizations, and the conditions of and procedures for setting bail and reviewing bail decisions.

## RULEMAKING AUTHORITY

Rulemaking authority is expressly granted to the Supreme Court of Texas in SECTION 20 of this bill.

## SECTION BY SECTION ANALYSIS

SECTION 1. Amends Chapter 16, Code of Criminal Procedure, by adding Article 16.24, as follows:

Art. 16.24. REPORTING OF CONDITIONS OF PRETRIAL INTERVENTION PROGRAM. Requires the attorney representing the state, or the attorney's designee who is responsible for monitoring the defendant's compliance with the conditions of the program, as soon as practicable but not later than the 10th business day after the date a defendant enters a pretrial intervention program, to enter information relating to the conditions of the program into the appropriate database of the statewide law enforcement information system maintained by the Department of Public Safety of the State of Texas (DPS) or modify or remove information, as appropriate.

SECTION 2. Amends Article 17.021, Code of Criminal Procedure, by amending Subsection (b) and adding Subsections (c-1), (h), (h-1), and (i), as follows:

(b) Requires that the public safety report system:

(1)-(4) makes no changes to these subdivisions;

(5) provide, in summary form, the criminal history of the defendant, including information regarding:

(A)-(B) makes no changes to these paragraphs;

(C)-(E) makes nonsubstantive changes to these paragraphs;

(F) whether the defendant is currently on community supervision, parole, or mandatory supervision for an offense;

(G) whether the defendant is currently released on bail or participating in a pretrial intervention program and any conditions of that release or participation;

(H) outstanding warrants for the defendant's arrest that have been entered into the National Crime Information Center database or the Texas Crime Information System established under Section 411.0541 (Texas Crime Information System), Government Code, including a warrant issued under Article 42A.751 (Violation of Conditions of Community Supervision; Detention and Hearing) of this code or Section 508.251 (Issuance of Warrant or Summons), Government Code; and

(I) any current protective orders, as defined by Section 72.151 (Definitions), Government Code, for which the defendant is the subject; and

(6) makes no changes to this subdivision.

Makes nonsubstantive changes to this subsection.

(c-1) Requires the Office of Court Administration of the Texas Judicial System (OCA), on request by an attorney representing the state, to provide to the attorney access to the public safety report system for the purpose of allowing the attorney to access a bail form submitted to OCA under Section 72.038 (Bail Form), Government Code.

(h) Requires that the public safety report system be configured to allow a county or municipality to integrate the jail records management systems used by the county with the public safety report system.

(h-1) Authorizes OCA to provide grants to reimburse counties and municipalities for costs related to integrating the systems described by Subsection (h). Provides that OCA is not required to provide a grant under this subsection unless OCA is appropriated money for that purpose. Provides that this subsection expires August 31, 2027.

(i) Authorizes OCA to modify the public safety report system to incorporate technological advances to the system's features regarding notices and to any other processes OCA determines will enhance the system's availability to protect the public.

SECTION 3. Amends Article 17.022, Code of Criminal Procedure, by adding Subsection (g) to authorize a magistrate, in the manner described by 17.022 (Public Safety Report), to order, prepare, or consider a public safety report in setting bail for a defendant who is not in custody at the time the report is ordered, prepared, or considered.

SECTION 4. Amends the heading to Article 17.027, Code of Criminal Procedure, to read as follows:

Art. 17.027. RELEASE ON BAIL OF DEFENDANT CHARGED WITH FELONY OFFENSE.

SECTION 5. Amends Article 17.027, Code of Criminal Procedure, by amending Subsection (a) and adding Subsections (a-1), (a-2), (a-3), (c), and (d), as follows:

(a) Provides that, notwithstanding any other law:

(1) if a defendant is taken before a magistrate for, rather than charged with, committing an offense punishable as a felony while released on bail, rather than on bail in a pending case, for another offense punishable as a felony and the subsequent offense was committed in the same county as the previous offense, the defendant is authorized to be released on bail only by certain courts; and

(2) if a defendant is taken before a magistrate for committing an offense punishable as a felony while released on bail, for another offense punishable as a felony and the subsequent offense was committed in a different county than the previous offense, electronic notice of the charge is required to be given, rather than promptly given, to the individual designated to receive electronic notices for the county in which the previous offense was committed, not later than the next business day after the date the defendant is taken before the magistrate, for purposes of the court specified by Subdivision (1), rather than specified by Subdivision (1) for purposes of reevaluating the bail decision, determining whether any bail conditions were violated or taking any other applicable action such as an action described by Subsection (a-1).

Makes conforming and nonsubstantive changes to this subsection.

(a-1) Requires a court before which the case for the previous offense is pending, if a defendant is taken before a magistrate for committing an offense punishable as a felony while released on bail in a pending case for another offense punishable as a felony, to consider whether to revoke or modify the terms of the previous bond or to otherwise reevaluate the previous bail decision.

(a-2) Prohibits a magistrate appointed under Chapter 54 (Masters; Magistrates; Referees; Associate Judges), Government Code, from releasing on bail a defendant who:

> (1) is charged with committing an offense punishable as a felony if the defendant:

>> (A) was released on bail, parole, or community supervision for an offense punishable as a felony at the time of the instant offense;

>> (B) has previously been finally convicted of two or more offenses punishable as a felony and for which the defendant was imprisoned in the Texas Department of Criminal Justice; or

>> (C) is subject to an immigration detainer issued by United States Immigration and Customs Enforcement; or

> (2) is charged with committing an offense under Section 19.02 (murder), Section 19.03 (capital murder), Section 20.04 (aggravated kidnapping), or Section 22.021 (aggravated sexual assault) of the Penal Code.

(a-3) Requires that an order granting bail signed by a magistrate appointed under Chapter 54, Government Code, include the names of each individual who appointed the magistrate and state that the magistrate was appointed by those individuals.

(c) Requires the local administrative district judge for each county to designate an individual to receive electronic notices under Subsection (a)(2). Requires the county to ensure that the name and contact information of the individual designated to receive notices under this subsection are included in the public safety report system developed under Article 17.021 (Public Safety Report System).

(d) Requires an individual designated under Subsection (c) who receives an electronic notice under Subsection (a) to promptly provide the notice to the court specified by Subsection (a)(1), to the district clerk, and to the attorney representing the state and the defendant's attorney, if known, in the pending case for the offense for which the defendant was initially released on bail. Provides that a notice provided under this subsection does not constitute an ex parte communication.

SECTION 6. Amends Chapter 17, Code of Criminal Procedure, by adding Article 17.029, as follows:

> Art. 17.029. REVIEW OF BAIL DECISION. (a) Provides that this article applies only to a bail decision:

>> (1) regarding a defendant charged with or arrested for an offense punishable as a felony; and

>> (2) that was made under Article 17.028 (Bail Decision) by the magistrate of a court that does not have jurisdiction to try the offense with which the defendant is charged.

> (b) Provides that, notwithstanding any other law, a district judge in any county in which the offense for which the person was arrested will be tried or in any county in which the charge for that offense will be filed has jurisdiction to modify a bail decision to which this article applies, regardless of whether the defendant has

been previously indicted or an information has been previously filed for the offense for which the defendant was arrested.

(c) Requires the local administrative judge for each county to establish a procedure for the district clerk to notify each district judge in the county that the district clerk received a request to review a bail decision under this article.

(d) Requires a district judge to review a bail decision as soon as practicable but not later than the next business day after the date a request to review the bail decision is filed with the district clerk by an attorney representing the state.

(e) Requires a district judge reviewing a bail decision under this article to comply with Article 17.09 (Duration; Original and Subsequent Proceedings; New Bail) and consider the facts presented and the rules established by Article 17.15(a) (relating to the regulation of bail amounts and conditions) in setting the defendant's bail.

(f) Requires a district judge, if the judge modifies a bail decision under this article to increase the amount of bail or to require additional conditions of bail for a defendant who is not in custody, to issue a summons for the defendant to appear before the judge and give the defendant a reasonable opportunity to appear before issuing a warrant for the defendant's arrest.

SECTION 7. Amends Articles 17.03(a) and (b-2), Code of Criminal Procedure, as follows:

(a) Authorizes a magistrate, except as otherwise provided by Chapter 17 (Bail), rather than by Subsection (b) (relating to certain circumstances when a defendant is authorized to be released on personal bond) or (b-1) (relating to prohibiting a magistrate from releasing on bond a defendant who is civilly committed as a sexually violent predator), in the magistrate's discretion, to release the defendant on personal bond without sureties or other security.

(b-2) Prohibits a defendant, except as provided by certain provisions of the Penal Code, from being released on personal bond if the defendant:

(1) is charged with an offense involving violence or an offense under certain sections of the Penal Code; or

(2) while released on bail, parole, or community supervision for an offense involving violence, is charged with committing certain offenses, rather than certain offenses including an offense under Section 22.07 (Terroristic Threat), Penal Code.

Makes nonsubstantive changes to this subsection.

SECTION 8. Amends Articles 17.071(a), (f), (h), and (k), Code of Criminal Procedure, as follows:

(a) Defines "office."

(f) Requires a charitable bail organization, not later than the 10th day of each month, to submit to OCA and to the sheriff of each county in which the organization files an affidavit under Subsection (e) (relating to filing an affidavit designating the individuals authorized to pay bonds on behalf of the charitable bail organization), a report that includes the following information for each defendant for whom the organization paid a bail bond in the preceding calendar month:

(1)-(2) makes no changes to these subdivisions;

(3) each charge for which the bond was paid;

(4) the category of offense for each charge for which the bond was paid;

(5) the amount of the bond paid;

(6)-(7) makes nonsubstantive changes to these subdivisions; and

(8) whether a bond forfeiture has occurred in connection with the charge for which the bond was paid.

Makes nonsubstantive changes to this subsection.

(h) Requires OCA, if OCA has reason to believe that a charitable bail organization may have paid one or more bonds in violation of Article 17.071 (Charitable Bail Organizations), to report that information to the sheriff of the county in which the suspected violation occurred. Authorizes the sheriff of that county, rather than a county, to suspend a charitable bail organization from paying bail bonds in the county for a period not to exceed one year if the sheriff determines the organization has paid one or more bonds in violation of this article and the organization has received a warning from the sheriff in the preceding 12-month period for another payment of bond made in violation of this article. Makes a nonsubstantive change.

(k) Requires OCA, not later than December 1 of each year, to prepare and submit, to the governor, lieutenant governor, speaker of the house of representatives, and presiding officers of the standing committees of each house of the legislature with primary jurisdiction over the judiciary, a report regarding the information submitted to OCA under Subsections (f), rather than (f-1) (relating to requiring a sheriff who receives certain reports from charitable bail organizations to provide copies to OCA), and (h) for the preceding state fiscal year. Makes a conforming change.

SECTION 9. Amends Section 3, Article 17.09, Code of Criminal Procedure, as follows:

Sec. 3. Authorizes a judge or magistrate, provided that whenever, during the course of the action, and regardless of whether the defendant has been previously released under Article 17.151 (Release Because of Delay), the judge or magistrate in whose court such action is pending finds that the bond is defective, excessive or insufficient in amount, or that the sureties, if any, are not acceptable, or for any other good and sufficient cause, to either in term-time or in vacation, order the accused to be rearrested, and require the accused to give another bond in such amount as the judge or magistrate may deem proper.

SECTION 10. Amends Chapter 17, Code of Criminal Procedure, by adding Article 17.092, as follows:

Art. 17.092. REDUCTION IN AMOUNT OR CONDITIONS OF BOND PROHIBITED IN CERTAIN CIRCUMSTANCES. Prohibits a magistrate described by Articles 2A.151(5)-(14) (relating to certain individuals who are considered magistrates within the Code of Criminal Procedure) from reducing the amount or conditions of bond set by the judge of a district court, including the judge of a district court in another county.

SECTION 11. Amends Article 17.21, Code of Criminal Procedure, as follows:

Art. 17.21. BAIL IN FELONY. (a) Creates this subsection from existing text and makes no further changes.

(b) Requires a magistrate, notwithstanding Subsection (a) (relating to requiring the court, in certain cases, to fix the amount of bail, and authorizing the sheriff or other peace officer to discharge the accused from custody), before releasing on bail a defendant charged with an offense punishable as a felony, to ensure that the

defendant has appeared before the magistrate and the magistrate has considered the public safety report prepared under Article 17.022 for the defendant.

SECTION 12. Amends Chapter 27, Code of Criminal Procedure, by adding Article 27.20, as follows:

Art. 27.20. CONFINEMENT BEFORE SENTENCING ON PLEA OF GUILTY OR NOLO CONTENDERE FOR CERTAIN OFFENSES. Requires the court, if a defendant is adjudged guilty after entering a plea of guilty or nolo contendere for an offense listed in Article 42A.054(a) (relating to offenses for which a defendant adjudged guilty is ineligible for judge-ordered community supervision) punishable as a felony of the second degree or any higher category of offense and for which the defendant is not eligible for community supervision under Article 42A.055 (Jury-Recommended Community Supervision) as provided by Article 42A.056 (Limitation on Jury-Recommended Community Supervision), to order that the defendant be taken into custody and confined until the defendant is sentenced.

SECTION 13. Amends Article 42.01, Code of Criminal Procedure, by adding Section 17, to require that the judgment, in addition to the information described by Section 1 (relating to the contents of a judgment), reflect affirmative findings entered pursuant to Article 42.0195.

SECTION 14. Amends Chapter 42, Code of Criminal Procedure, by adding Article 42.0195, as follows:

Art. 42.0195. FINDING REGARDING FAILURE TO APPEAR. Requires the judge, in the disposition of a criminal case involving any offense punishable as a Class B misdemeanor or any higher category of offense, to make an affirmative finding of fact and enter the affirmative finding in the judgment or dismissal order in the case if the judge determines that the defendant wilfully failed to appear after the defendant was released from custody for the offense. Requires that the affirmative finding include the number of times the defendant failed to appear for the offense.

SECTION 15. Amends Article 44.01, Code of Criminal Procedure, by amending Subsections (a) and (g) and adding Subsections (f-1) and (f-2), as follows:

(a) Entitles the state to appeal an order of a court in a criminal case if the order:

(1)-(4) makes no changes to these subdivisions;

(5)-(6) makes nonsubstantive changes to these subdivisions; or

(7) grants bail, in an amount considered insufficient by the prosecuting attorney, to a defendant who is charged with an offense under any of certain sections of the Penal Code and is charged with an offense punishable as a felony and was released on bail for an offense punishable as a felony at the time the instant offense was committed.

(f-1) Requires a court of appeals, in an appeal filed under Subsection (a)(7), to conduct a de novo review of all issues presented, expedite the appeal, and issue an order not later than the 20th day after the date the appeal is filed.

(f-2) Authorizes a court of appeals, in an appeal filed under Subsection (a)(7), to affirm or modify the bail amount set by the court or reject the bail amount set by the court and remand the case to the court, with or without guidance, for modification of the bail amount.

(g) Requires the defendant, if the state appeals pursuant to this article and the defendant is on bail, to be permitted to remain at large on the existing bail. Entitles the defendant, if the defendant is in custody, to reasonable bail, as provided by law, unless the appeal is from an order which would grant bail in an amount considered insufficient by the

prosecuting attorney, in which event the defendant is required to be held in custody during the pendency of the appeal. Makes nonsubstantive changes.

SECTION 16. Amends Article 56A.051(a), Code of Criminal Procedure, to entitle a victim, guardian of a victim, or close relative of a deceased victim to certain rights within the criminal justice system, including, when requested, the right to be informed in the manner provided by Article 56A.0525 by the office of the attorney representing the state concerning whether the defendant has fully complied with any conditions of the defendant's bail, and to make nonsubstantive changes.

SECTION 17. Amends Section 72.038, Government Code, by adding Subsections (b-1) and (c-1) and amending Subsection (c), as follows:

(b-1) Requires a person who, under the authority of a standing order related to bail, releases on bail a defendant who is charged with an offense punishable as a Class B misdemeanor or any higher category of offense, to complete the form required under this section.

(c) Requires the person setting bail, an employee of the court that set the defendant's bail, or an employee of the county in which the defendant's bail was set to, on completion of the form required under this section, promptly but not later than 48, rather than 72, hours after the time the defendant's bail is set provide the form electronically to OCA through the public safety report system.

(c-1) Requires OCA to provide to the elected district attorney in each county an electronic copy of the form submitted to OCA under Subsection (c) for each defendant whose bail is set in the county for an offense involving violence, as defined by Article 17.03 (Personal Bond), Code of Criminal Procedure. Requires an elected district attorney to provide an e-mail address to OCA for the purpose of receiving a form as provided by this subsection.

SECTION 18. Amends Section 51A.003(b), Human Resources Code, as follows:

(b) Requires that the notice adopted under Section 51A.003 (Notice to Victims) include certain information in both English and Spanish; including information regarding the legal rights of a victim, including information regarding the ability of the victim to provide information to the local prosecutor that will be helpful to a magistrate setting bail if the person committing the offense is arrested. Makes nonsubstantive changes.

SECTION 19. Repealer: Article 17.071(f-1) (relating to requiring a sheriff who receives a report from a charitable bail organization containing certain information about a defendant whose bail was paid to provide a copy of that report to OCA), Code of Criminal Procedure.

SECTION 20. Requires the Supreme Court of Texas, as soon as practicable but not later than October 1, 2025, to adopt rules necessary to implement Article 44.01(f-1), Code of Criminal Procedure, as added by this Act.

SECTION 21. Makes application of this Act prospective.

SECTION 22. (a) Effective date, except as provided by this section: September 1, 2025.

(b) Effective date, Articles 16.24, 17.021(c-1), (h), and (h-1), Articles 17.027(c) and (d), Code of Criminal Procedure, and Section 72.038(c-1), Government Code: January 1, 2026.

(c) Effective date, Articles 17.021(b), 17.027(a) and (a-1), Code of Criminal Procedure: April 1, 2026.

# APPENDIX D

**BILL ANALYSIS**

Senate Research Center                                                        S.B. 6
                                                                          By: Huffman
                                                                         Jurisprudence
                                                                            9/7/2021
                                                                            Enrolled

**AUTHOR'S / SPONSOR'S STATEMENT OF INTENT**

The current bail system in Texas allows for the continual release of habitual and violent offenders on multiple felony personal bonds. S.B. 6 seeks to address the release practices surrounding habitual and violent offenders and aims to better protect the safety of their victims, law enforcement officers, and communities as a whole.

Currently, Texas's bail system as a whole lacks transparent and readily available information. Without this information, it is difficult: (1) to study the effectiveness of the system; (2) for our judges and magistrates who are setting bond; and (3) to properly assess the risk of defendants within the system. S.B. 6 would allow defendants to receive thorough individual assessments, as well as increase data reporting to create a more accountable system.

S.B. 6 amends current law relating to rules for setting the amount of bail, to the release of certain defendants on a monetary bond or personal bond, to related duties of certain officers taking bail bonds and of a magistrate in a criminal case, to charitable bail organizations, and to the reporting of information pertaining to bail bonds.

**RULEMAKING AUTHORITY**

This bill does not expressly grant any additional rulemaking authority to a state officer, institution, or agency.

**SECTION BY SECTION ANALYSIS**

SECTION 1. Authorizes this Act to be cited as the Damon Allen Act.

SECTION 2. Amends Article 1.07, Code of Criminal Procedure, as follows:

> Art. 1.07. RIGHT TO BAIL. Requires any person to be eligible for bail unless denial of bail is expressly permitted by the Texas Constitution or by other law. Prohibits this provision from being construed to prevent bail after indictment found upon examination of the evidence, in such manner as may be prescribed by law. Deletes existing text requiring all prisoners to be bailable unless for capital offenses when the proof is evident. Makes nonsubstantive changes.

SECTION 3. Amends Article 15.17(a), Code of Criminal Procedure, as follows:

> (a) Requires the magistrate, if applicable, to inform the arrested person that the person is authorized to file the affidavit described by Article 17.028(f). Requires the magistrate to allow the person arrested reasonable time and opportunity to consult counsel and, after determining whether the person is currently on bail for a separate criminal offense and whether the bail decision is subject to Article 17.027, to admit the person arrested to bail if allowed by law.

SECTION 4. Amends Article 17.02, Code of Criminal Procedure, as follows:

> Art. 17.02. DEFINITION OF "BAIL BOND". Requires that any cash funds deposited under this article be receipted for by the officer receiving the funds and, on order of the

APPENDIX D

court, be refunded in the amount shown on the face of the receipt less the administrative fee authorized by Section 117.055 (County Expenses Paid From Fees), Local Government Code, if applicable, after the defendant complies with the conditions of the defendant's bond, to certain persons.

SECTION 5. Amends Chapter 17, Code of Criminal Procedure, by adding Articles 17.021, 17.022, 17.023, 17.024, 17.027, and 17.028, as follows:

Art. 17.021. PUBLIC SAFETY REPORT SYSTEM. (a) Requires the Office of Court Administration of the Texas Judicial System (OCA) to develop and maintain a public safety report system that is available for use for purposes of Article 17.15.

(b) Requires that the public safety report system:

(1) state the requirements for setting bail under Article 17.15 and list each factor provided by Article 17.15(a);

(2) provide the defendant's name and date of birth or, if impracticable, other identifying information, the cause number of the case, if available, and the offense for which the defendant was arrested;

(3) provide information on the eligibility of the defendant for a personal bond;

(4) provide information regarding the applicability of any required or discretionary bond conditions;

(5) provide, in summary form, the criminal history of the defendant, including information regarding any:

(A) previous misdemeanor or felony convictions;

(B) pending charges;

(C) previous sentences imposing a term of confinement;

(D) previous convictions or pending charges for offenses that are offenses involving violence as defined by Article 17.03 (Personal Bond), or offenses involving violence directed against a peace officer; and

(E) previous failures of the defendant to appear in court following release on bail; and

(6) be designed to collet and maintain the information provided on a bail form submitted under Section 72.038, Government Code.

(c) Requires OCA to provide access to the public safety report system to the appropriate officials in each county and each municipality at no cost. Prohibits this subsection from being construed to require OCA to provide an official or magistrate with any equipment or support related to accessing or using the public safety report system.

(d) Prohibits the public safety report system from:

(1) being the only item relied on by a judge or magistrate in making a bail decision;

(2) including a score, rating, or assessment of a defendant's risk or making any recommendation regarding the appropriate bail for the defendant; or

(3) including any information other than the information listed in Subsection (b).

(e) Requires OCA to use the information maintained under Subsection (b)(6) to collect data from the preceding state fiscal year regarding the number of defendants for whom bail was set after arrest, including the number for each category of offense, the number of personal bonds, and the number of monetary bonds.

(f) Requires OCA, not later than December 1 of each year, to submit a report containing the data described by Subsection (e) to the governor, lieutenant governor, speaker of the Texas House of Representatives (house), and presiding officers of the standing committees of each house of the legislature with primary jurisdiction over the judiciary.

(g) Requires the Department of Public Safety of the State of Texas (DPS) to assist OCA in implementing the public safety report system established under this article and to provide criminal history record information to OCA in the electronic form necessary for OCA to implement this article.

(h) Provides that any contract for goods or services between OCA and a vendor that may be necessary or appropriate to develop the public safety report system is exempt from the requirements of Subtitle D (State Purchasing and General Services), Title 10 (General Government), Government Code. Provides that this subsection expires September 1, 2022.

Art. 17.022. PUBLIC SAFETY REPORT. (a) Requires a magistrate considering the release on bail of a defendant charged with an offense punishable as a Class B misdemeanor or any higher category of offense to order that:

(1) the personal bond office established under Article 17.42 (Personal Bond Office) for the county in which the defendant is being detained, if a personal bond office has been established for that county, or other suitably trained person including judicial personnel or sheriff's department personnel, use the public safety report system developed under Article 17.021 to prepare a public safety report with respect to the defendant; and

(2) the public safety report prepared under Subdivision (1) be provided to the magistrate as soon as practicable but not later than 48 hours after the defendant's arrest.

(b) Prohibits a magistrate from, without the consent of the sheriff, ordering a sheriff or sheriff's department personnel to prepare a public safety report under this article.

(c) Authorizes a magistrate, notwithstanding Subsection (a), to personally prepare a public safety report, before or while making a bail decision, using the public safety report system developed under Article 17.021.

(d) Requires the magistrate to:

(1) consider the public safety report before setting bail; and

(2) promptly but not later than 72 hours after the time bail is set, submit the bail form described by Section 72.038, Government Code, in accordance with that section.

(e) Provides that, in the manner described by this article, a magistrate is authorized, but is not required, to order, prepare, or consider a public safety report

in setting bail for a defendant charge only with a misdemeanor punishable by fine only or a defendant who receives a citation under Article 14.06(c) (relating to authorizing a peace officer who is charging a person with committing an offense that is a Class A or B misdemeanor, if the person resides in the county where the offense occurred, instead of taking the person before a magistrate, to issue a citation to the person that contains written notice of the time and place the person is required to appear before a magistrate of this state, the name and address of the person charged, and the offense charged). Requires that the report, if ordered, be prepared for the time and place for an appearance as indicated in the citation.

(f) Authorizes a magistrate to set bail for a defendant charged only with an offense punishable as a misdemeanor without ordering, preparing, or considering a public safety report if the public safety report system is unavailable for longer than 12 hours due to a technical failure at OCA.

Art. 17.023. AUTHORITY TO RELEASE ON BAIL IN CERTAIN CASES. (a) Provides that this article applies only to a defendant charged with an offense that is punishable as a felony or is a misdemeanor punishable by confinement.

(b) Authorizes a defendant to whom this article applies, notwithstanding any other law, to be released on bail only by a magistrate who is:

(1) any of the following:

(A) a resident of this state;

(B) a justice of the peace serving under Section 27.054 (Exchange of Benches) or 27.055 (Special and Temporary Justices), Government Code; or

(C) a judge or justice serving under Chapter 74 (Court Administration Act), Government Code; and

(2) in compliance with the training requirements of Article 17.024.

(c) Provides that a magistrate is not eligible to release on bail a defendant described by Subsection (a) if the magistrate:

(1) has been removed from office by impeachment, by the Supreme Court of Texas, by the governor on address to the legislature, by a tribunal reviewing a recommendation of the State Commission on Judicial Conduct (SCJC), or by the legislature's abolition of the magistrate's court; or

(2) has resigned from office after having received notice that formal proceedings by SCJC have been instituted as provided by Section 33.022 (Investigations and Formal Proceedings), Government Code, and before final disposition of the proceedings.

Art. 17.024. TRAINING ON DUTIES REGARDING BAIL. (a) Requires OCA, in consultation with the court of criminal appeals, to develop or approve training courses regarding a magistrate's duties, including duties with respect to setting bail in criminal cases. Requires that the courses developed include:

(1) an eight-hour initial training course that includes the content of the applicable training course described by Article 17.0501; and

(2) a two-hour continuing education course.

(b) Requires OCA to provide for a method of certifying that a magistrate has successfully completed a training course required under this article and has demonstrated competency of the course content in a manner acceptable to OCA.

(c) Provides that a magistrate is in compliance with the training requirements of this article if:

> (1) not later than the 90th day after the date the magistrate takes office, the magistrate successfully completes the course described by Subsection (a)(1);

> (2) the magistrate successfully completes the course described by Subsection (a)(2) in each subsequent state fiscal biennium in which the magistrate serves; and

> (3) the magistrate demonstrates competency as provided by Subsection (b).

(c-1) Provides that, notwithstanding Subsection (c), a magistrate who is serving on April 1, 2022, is considered to be in compliance with Subsection (c)(1) if the magistrate successfully completes the training course not later than December 1, 2022. Provides that this subsection expires May 1, 2023.

(d) Authorizes any course developed or approved by OCA under this article to be administered by the Texas Justice Court Training Center, the Texas Municipal Courts Education Center, the Texas Association of Counties, the Texas Center for the Judiciary, or a similar entity.

Art. 17.027. RELEASE ON BAIL OF DEFENDANT CHARGED WITH FELONY OFFENSE COMMITTED WHILE ON BAIL. (a) Provides that, notwithstanding any other law:

> (1) if a defendant is charged with committing an offense punishable as a felony while released on bail in a pending case for another offense punishable as a felony and the subsequent offense was committed in the same county as the previous offense, the defendant is authorized to be released on bail only by:

>> (A) the court before whom the case for the previous offense is pending; or

>> (B) another court designated in writing by the court described by Paragraph (A); and

> (2) if a defendant is charged with committing an offense punishable as a felony while released on bail for another pending offense punishable as a felony and the subsequent offense was committed in a different county than the previous offense, electronic notice of the charge is required to be promptly given to the court specified by Subdivision (1) for purposes of reevaluating the bail decision, determining whether any bail conditions were violated, or taking any other applicable action.

(b) Prohibits this article from being construed to extend any deadline provided by Article 15.17 (Duties of Arresting Officer and Magistrate).

Art. 17.028. BAIL DECISION. (a) Requires a magistrate, without unnecessary delay but not later than 48 hours after a defendant is arrested, to order, after individualized consideration of all circumstances and of the factors required by Article 17.15(a), that the defendant be granted personal bond with or without conditions, be granted surety or cash

bond with or without conditions, or be denied bail in accordance with the Texas Constitution and other law.

(b) Requires the magistrate, in setting bail under this article, to impose the least restrictive conditions, if any, and the personal bond or cash or surety bond necessary to reasonably ensure the defendant's appearance in court as required and the safety of the community, law enforcement, and the victim of the alleged offense.

(c) Provides that, in each criminal case, unless specifically provided by other law, there is a rebuttable presumption that bail, conditions of release, or both bail and conditions of release are sufficient to reasonably ensure the defendant's appearance in court as required and the safety of the community, law enforcement, and the victim of the alleged offense.

(c-1) Prohibits Subsections (b) and (c) from being construed as requiring the court to hold an evidentiary hearing that is not required by other law.

(d) Prohibits a judge from adopting a bail schedule or entering a standing order related to bail that is inconsistent with this article or that authorizes a magistrate to make a bail decision for a defendant without considering each of the factors in Article 17.15(a).

(e) Requires a defendant who is denied bail or who is unable to give bail in the amount required by any bail schedule or standing order related to bail to be provided with the warnings described by Article 15.17.

(f) Requires a defendant who is charged with an offense punishable as a Class B misdemeanor or any higher category of offense and who is unable to give bail in the amount required by a schedule or order described by Subsection (e), other than a defendant who is denied bail, to be provided with the opportunity to file with the applicable magistrate a sworn affidavit in a certain form. Sets forth the required language of the affidavit.

(g) Requires a defendant filing an affidavit under Subsection (f) to complete a form to allow a magistrate to assess information relevant to the defendant's financial situation. Requires that the form be the form used to request appointment of counsel under Article 26.04 (Procedures for Appointing Counsel) or a form promulgated by OCA that collects, at a minimum and to the best of the defendant's knowledge, the information a court is authorized to consider under Article 26.04(m).

(g-1) Requires the magistrate making the bail decision under Subsection (a), if applicable, to inform the defendant of the defendant's right to file an affidavit under Subsection (f) and to ensure that the defendant receives reasonable assistance in completing the affidavit described by Subsection (f) and the form described by Subsection (g).

(h) Authorizes a defendant described by Subsection (f) to file an affidavit under Subsection (f) at any time before or during the bail proceeding under Subsection (a). Provides that a defendant who files an affidavit under Subsection (f) is entitled to a prompt review by the magistrate on the bail amount. Authorizes the review to be conducted by the magistrate making the bail decision under Subsection (a) or to occur as a separate pretrial proceeding. Requires the magistrate to consider the facts presented and the rules established by Article 17.15(a) and to set the defendant's bail. Requires the magistrate, if the magistrate does not set the defendant's bail in an amount below the amount required by the schedule or order described by Subsection (e), to issue written findings of fact supporting the bail decision.

(i) Requires the judges of the courts trying criminal cases and other magistrates in a county to report to OCA each defendant for whom a review under Subsection (h) was not held within 48 hours of the defendant's arrest. Requires the magistrate or an employee of the court or of the county in which the defendant is confined, if a delay occurs that will cause the review under Subsection (h) to be held later than 48 hours after the defendant's arrest, to provide notice of the delay to the defendant's counsel or to the defendant, if the defendant does not have counsel.

(j) Authorizes the magistrate to enter an order or take other action authorized by Article 16.22 (Early Identification of Defendant Suspected of Having Mental Illness or Intellectual Disability) with respect to a defendant who does not appear capable of executing an affidavit under Subsection (f).

(k) Prohibits this article from being construed to require the filing of an affidavit before a magistrate considers the defendant's ability to make bail under Article 17.15.

(l) Authorizes a written or oral statement obtained under this article or evidence derived from the statement to be used only to determine whether the defendant is indigent, to impeach the direct testimony of the defendant, or to prosecute the defendant for an offense under Chapter 37 (Perjury and Other Falsification), Penal Code.

(m) Authorizes a magistrate, notwithstanding Subsection (a), to make a bail decision regarding a defendant who is charged only with a misdemeanor punishable by fine only or a defendant who receives a citation under Article 14.06(c) without considering the factor required by Article 17.15(a)(6).

SECTION 6. (a) Amends Article 17.03, Code of Criminal Procedure, as effective September 1, 2021, by amending Subsection (b) and adding Subsections (b-2) and (b-3), as follows:

(b) Deletes existing text authorizing only the court before whom the case is pending to release on personal bond a defendant who is charged with an offense under Section 19.03 (Capital Murder), Section 20.04 (Aggravated Kidnapping), Section 22.021 (Aggravated Sexual Assault), Section 22.03 (Deadly Assault on Law Enforcement or Corrections Officer, Member or Employee of Board of Pardons and Paroles, or Court Participant), Section 22.04 (Injury to a Child, Elderly Individual, or Disabled Individual), Section 29.03 (Aggravated Robbery), Section 21.02 (Continuous Sexual Abuse of Young Child or Disabled Individual), or Section 20A.03 (Continuous Trafficking of Persons). Makes nonsubstantive changes.

(b-2) Prohibits a defendant, except as provided by Articles 15.21 (Release on Personal Bond If Not Timely Demanded), 17.033 (Release on Bond of Certain Persons Arrested Without a Warrant), and 17.151 (Release Because of Delay), from being released on personal bond if the defendant:

(1) is charged with an offense involving violence; or

(2) while released on bail or community supervision for an offense involving violence, is charged with committing:

(A) any offense punishable as a felony; or

(B) an offense under the following provisions of the Penal Code:

(i) Section 22.01(a)(1) (relating to providing that a person commits an offense if the person intentionally, knowingly, or recklessly causes bodily injury to another);

(ii) Section 22.05 (Deadly Conduct);

(iii) Section 22.07 (Terroristic Threat); or

(iv) Section 42.01(a)(7) (relating to providing that a person commits an offense if the person intentionally or knowingly discharges a firearm in a public place other than a public road or a sport shooting range) or (8) (relating to providing that a person commits an offense if the person intentionally or knowingly displays a firearm or other deadly weapon in a public place in a manner calculated to alarm).

(b-3) Defines "controlled substance" and "offense involving violence" for purposes of Article 17.03.

(b) Effective date, this section: the 91st day after the last day of the legislative session if this Act does not receive a vote of two-thirds of all the members elected to each house. Provides that if this Act receives a vote of two-thirds of all the members elected to each house, this section has no effect.

SECTION 7. (a) Amends Article 17.03, Code of Criminal Procedure, by amending Subsection (b) and adding Subsections (b-2) and (b-3), as follows:

(b) Deletes existing text authorizing only the court before whom the case is pending to release on personal bond a defendant who is charged with an offense under Section 19.03, Section 20.04, Section 22.021, Section 22.03, Section 22.04, Section 29.03, Section 21.02, or Section 20A.03. Makes nonsubstantive changes.

(b-2) Prohibits a defendant, except as provided by Articles 15.21, 17.033, and 17.151, from being released on personal bond if the defendant:

(1) is charged with an offense involving violence; or

(2) while released on bail or community supervision for an offense involving violence, is charged with committing:

(A) any offense punishable as a felony; or

(B) an offense under the following provisions of the Penal Code:

(i) Section 22.01(a)(1) (assault);

(ii) Section 22.05 (deadly conduct);

(iii) Section 22.07 (terroristic threat); or

(iv) Section 42.01(a)(7) or (8) (disorderly conduct involving firearm).

(b-3) Defines "controlled substance" and "offense involving violence" for purposes of this article.

(b) Effective date, this section: upon passage if this Act receives a vote of two-thirds of all the members elected to each house. Provides that if this Act does not receive a vote of two-thirds of all the members elected to each house, this section has no effect.

SECTION 8. Amends Chapter 17, Code of Criminal Procedure, by adding Article 17.0501, as follows:

Art. 17.0501. REQUIRED TRAINING. Requires DPS to develop training courses that relate to the use of the statewide telecommunications system maintained by DPS and that are directed to each magistrate, judge, sheriff, peace officer, or jailer required to obtain criminal history record information under Chapter 17 (Bail), as necessary to enable the person to fulfill those requirements.

SECTION 9. Amends Chapter 17, Code of Criminal Procedure, by adding Article 17.071, as follows:

Art. 17.071. CHARITABLE BAIL ORGANIZATIONS. (a) Defines "charitable bail organization." Provides that the term does not include:

(1) a person accepting donations with respect to a defendant who is a member of the person's family, as determined under Section 71.003 (Family), Family Code; or

(2) a nonprofit corporation organized for a religious purpose.

(b) Provides that this article does not apply to a charitable bail organization that pays a bail bond for not more than three defendants in any 180-day period.

(c) Prohibits a person from acting as a charitable bail organization for the purpose of paying a defendant's bail bond in a county unless the person:

(1) is a nonprofit organization exempt from federal income taxation under Section 501(a), Internal Revenue Code of 1986, as an organization described by Section 501(c)(3) of that code; and

(2) has been issued a certificate under Subsection (d) with respect to that county.

(d) Requires a county clerk to issue to a charitable bail organization a certificate authorizing the organization to pay bail bonds in the county if the clerk determines the organization is a nonprofit organization described by Subsection (c)(1) and is current on all filings required by the Internal Revenue Code.

(e) Requires a charitable bail organization to file in the office of the county clerk of each county where the organization intends to pay bail bonds an affidavit designating the individuals authorized to pay bonds on behalf of the organization.

(f) Requires a charitable bail organization, not later than the 10th day of each month, to submit, to the sheriff of each county in which the organization files an affidavit under Subsection (e), a report that includes certain information for each defendant for whom the organization paid a bail bond in the preceding calendar month.

(f-1) Requires a sheriff who receives a report under Subsection (f) to provide a copy of the report to OCA.

(g) Prohibits a charitable bail organization from paying a bail bond for a defendant at any time the organization is considered to be out of compliance with the reporting requirements of this article.

(h) Authorizes the sheriff of a county to suspend a charitable bail organization from paying bail bonds in the county for a period not to exceed one year if the sheriff determines the organization has paid one or more bonds in violation of this article and the organization has received a warning from the sheriff in the preceding 12-month period for another payment of bond made in violation of this article. Requires the sheriff to report the suspension to OCA.

(i) Provides that Chapter 22 (Forfeiture of Bail) applies to a bail bond paid by a charitable bail organization.

(j) Prohibits a charitable bail organization from accepting a premium or compensation for paying a bail bond for a defendant.

(k) Requires OCA, not later than December 1 of each year, to prepare and submit, to the governor, lieutenant governor, speaker of the house, and presiding officers of the standing committees of each house of the legislature with primary jurisdiction over the judiciary, a report regarding the information submitted to OCA under Subsections (f-1) and (h) for the preceding state fiscal year.

SECTION 10. (a) Amends Article 17.15, Code of Criminal Procedure, as follows:

Art. 17.15. New heading: RULES FOR SETTING AMOUNT OF BAIL. (a) Creates this subsection from existing text. Provides that the amount of bail and any conditions of bail to be required in any case in which the defendant has been arrested are to be regulated by the court, judge, magistrate, or officer taking the bail in accordance with Articles 17.20, 17.21 (Bail in Felony), and 17.22 and are governed by the Constitution and the following rules:

1. Requires that bail and any conditions of bail, rather than the bail, be sufficient to give reasonable assurance that the undertaking will be complied with. Makes a nonsubstantive change.

2. Makes nonsubstantive changes to this rule.

3. Provides that the nature of the offense and the circumstances under which the offense was committed are to be considered, including whether the offense is an offense involving violence as defined by Article 17.03 or involves violence directed against a peace officer.

4. Requires that the ability to make bail be considered, and authorizes proof to be taken on this point. Makes nonsubstantive changes.

5. Requires that the future safety of a victim of the alleged offense, law enforcement, and the community be considered.

6. Requires that the criminal history record information for the defendant, including information obtained through the statewide telecommunications system maintained by DPS and through the public safety report system developed under Article 17.021, be considered, including any acts of family violence, other pending criminal charges, and any instances in which the defendant failed to appear in court following release on bail.

7. Requires that the citizenship status of the defendant be considered.

(a-1) Provides that notwithstanding any other law, the duties imposed by Subsection (a)(6) with respect to obtaining and considering information through the public safety report system do not apply until April 1, 2022. Provides that this subsection expires June 1, 2022.

(b) Requires a magistrate, for purposes of determining whether clear and convincing evidence exists to deny a person bail under Section 11d, Article I, Texas Constitution, to consider all information relevant to the factors listed in Subsection (a).

(c) Defines "family violence" for Article 17.15.

(b) Effective date, Article 17.15(a), Code of Criminal Procedure, as amended by this Act, and Article 17.15(c), as added by this Act: upon passage or the 91st day after the last day of the legislative session.

SECTION 11. Amends Article 17.20, Code of Criminal Procedure, as follows:

Art. 17.20. BAIL IN MISDEMEANOR. (a) Creates this subsection from existing text and makes nonsubstantive changes.

(b) Requires the sheriff, peace officer, or jailer, before taking bail under this article, to obtain the defendant's criminal history record information through the statewide telecommunications system maintained by DPS and through the public safety report system developed under Article 17.021.

(c) Authorizes a sheriff, peace officer, or jailer, notwithstanding Subsection (b), to make a bail decision regarding a defendant who is charged only with a misdemeanor punishable by fine only or a defendant who receives a citation under Article 14.06(c) without considering the factor required by Article 17.15(a)(6).

(d) Provides that if the defendant is charged with or has previously been convicted of an offense involving violence as defined by Article 17.03, the sheriff, officer, or jailer are prohibited from setting the amount of the defendant's bail but are authorized to take the defendant's bail in the amount set by the court.

SECTION 12. Amends Article 17.22, Code of Criminal Procedure, as follows:

Art. 17.22. MAY TAKE BAIL IN FELONY. (a) Creates this subsection from existing text. Authorizes the sheriff or other peace officer, or a jailer licensed under Chapter 1701 (Law Enforcement Officers), Occupations Code, who has the defendant in custody, in a felony case, if the court before which the case is pending is not in session in the county where the defendant is in custody, to take the defendant's bail in the amount set by the court or magistrate, or if no amount has been set, then in any amount that the officer considers reasonable and that is in compliance with Article 17.15. Deletes existing text authorizing the sheriff or other peace officer, or a jailer licensed under Chapter 1701, Occupations Code, who has the defendant in custody, in a felony case, if the court before which the same is pending is not in session in the county where the defendant is in custody, to take the defendant's bail bond in such amount as may have been fixed by the court or magistrate, or if no amount has been fixed, then in such amount as such officer may consider reasonable.

(b) Requires the sheriff, peace officer, or jailer, before taking bail under this article, to obtain the defendant's criminal history record information through the statewide telecommunications system maintained by DPS and through the public safety report system developed under Article 17.021.

(c) Prohibits the sheriff, officer, or jailer, if the defendant is charged with or has previously been convicted of an offense involving violence as defined by Article 17.03, from setting the amount of the defendant's bail but authorizes those individuals to take the defendant's bail in the amount set by the court.

SECTION 13. Amends Chapter 17, Code of Criminal Procedure, by adding Articles 17.51, 17.52, and 17.53, as follows:

Art. 17.51. NOTICE OF CONDITIONS. (a) Requires the clerk of the court, as soon as practicable but not later than the next business day after the date a magistrate issues an order imposing a condition of release on bond for a defendant or modifying or removing

a condition previously imposed, to send a copy of the order to the appropriate attorney representing the state and to the sheriff of the county where the defendant resides.

(b) Authorizes a clerk of the court to delay sending a copy of the order under Subsection (a) only if the clerk lacks information necessary to ensure service and enforcement.

(c) Requires the clerk of the court, if an order described by Subsection (a) prohibits a defendant from going to or near a child care facility or school, to send a copy of the order to the child care facility or school.

(d) Authorizes the copy of the order and any related information to be sent electronically or in another manner that can be accessed by the recipient.

(e) Requires the magistrate or the magistrate's designee to provide written notice to the defendant of the conditions of release on bond and of the penalties for violating a condition of release.

(f) Requires the magistrate to make a separate record of the notice provided to the defendant under Subsection (e).

(g) Requires OCA to promulgate a form for use by a magistrate or a magistrate's designee in providing notice to the defendant under Subsection (e). Requires that the form include the relevant statutory language from the provisions of this chapter under which a condition of release on bond is authorized to be imposed on a defendant.

Art. 17.52. REPORTING OF CONDITIONS. Requires a chief of police or sheriff who receives a copy of an order described by Article 17.51(a), or the chief's or sheriff's designee, to, as soon as practicable but not later than the 10th day after the date the copy is received, enter information relating to the condition of release into the appropriate database of the statewide law enforcement information system maintained by DPS or modify or remove information, as appropriate.

Art. 17.53. PROCEDURES AND FORMS RELATED TO MONETARY BOND. Requires OCA to develop statewide procedures and prescribe forms to be used by a court to facilitate:

(1) the refund of any cash funds paid toward a monetary bond, with an emphasis on refunding those funds to the person in whose name the receipt described by Article 17.02 was issued; and

(2) the application of those cash funds to the defendant's outstanding court costs, fines, and fees.

SECTION 14. Amends Article 66.102(c), Code of Criminal Procedure, to require that information in the computerized criminal history system relating to an arrest include, for an offender released on bail, whether a warrant was issued for any subsequent failure of the offender to appear in court. Makes nonsubstantive changes.

SECTION 15. Amends Section 27.005, Government Code, by amending Subsection (a) and adding Subsection (c), as follows:

(a) Provides that, for purposes of removal under Chapter 87 (Removal of County Officers From Office; Filling of Vacancies), Local Government Code, "incompetency" in the case of a justice of the peace includes the failure of the justice to successfully complete:

(1) within one year after the date the justice is first elected:

(A) creates this paragraph from existing text and makes a nonsubstantive change;

(B) the course described by Article 17.024(a)(1), Code of Criminal Procedure;

(2) each following year, a 20-hour course in the performance of the justice's duties, including not less than 10 hours of instruction regarding substantive, procedural, and evidentiary law in civil matters; and

(3) each following state fiscal biennium, the course described by Article 17.024(a)(2), Code of Criminal Procedure.

Makes nonsubstantive changes.

(c) Authorizes a course described by Subsection (a)(1)(A) to include a course described by Subsection (a)(1)(B).

SECTION 16. Amends Subchapter C, Chapter 71, Government Code, by adding Section 71.0351, as follows:

Sec. 71.0351. BAIL AND PRETRIAL RELEASE INFORMATION. (a) Requires the clerk of each court setting bail in criminal cases, as a component of the official monthly report submitted to OCA under Section 71.035, to report:

(1) the number of defendants for whom bail was set after arrest, including the number for each category of offense, the number of personal bonds, and the number of surety or cash bonds;

(2) the number of defendants released on bail who subsequently failed to appear;

(3) the number of defendants released on bail who subsequently violated a condition of release; and

(4) the number of defendants who committed an offense while released on bail or community supervision.

(b) Requires OCA to post the information in a publicly accessible place on OCA's Internet website without disclosing any personal information of any defendant, judge, or magistrate.

(c) Requires OCA, not later than December 1 of each year, to submit a report containing the data collected under this section during the previous state fiscal year to the governor, lieutenant governor, speaker of the house, and presiding officers of the standing committees of each house of the legislature with primary jurisdiction over the judiciary.

SECTION 17. Amends Subchapter C, Chapter 72, Government Code, by adding Section 72.038, as follows:

Sec. 72.038. BAIL FORM. (a) Requires OCA to promulgate a form to be completed by a magistrate, judge, sheriff, peace officer, or jailer who sets bail under Chapter 17, Code of Criminal Procedure, for a defendant charged with an offense punishable as a Class B misdemeanor or any higher category of offense. Requires OCA to incorporate the completed forms into the public safety report system developed under Article 17.021, Code of Criminal Procedure.

(b) Requires that the form:

(1) state the cause number of the case, if available, the defendant's name and date of birth, and the offense for which the defendant was arrested;

(2) state the name and the office or position of the person setting bail;

(3) require the person setting bail to:

> (A) identify the bail type, the amount of the bail, and any conditions of bail;

> (B) certify that the person considered each factor provided by Article 17.15(a), Code of Criminal Procedure; and

> (C) certify that the person considered the information provided by the public safety report system; and

(4) be electronically signed by the person setting the bail.

(c) Requires the person setting bail, an employee of the court that set the defendant's bail, or an employee of the county in which the defendant's bail was set, on completion of the form required under this section, to promptly but not later than 72 hours after the time the defendant's bail is set provide the form electronically to OCA through the public safety report system.

(d) Requires OCA to publish the information from each form submitted under this section in a database that is publicly accessible on OCA's Internet website. Provides that any identifying information or sensitive data, as defined by Rule 21c, Texas Rules of Civil Procedure, regarding the victim of an offense and any person's address or contact information is required to be redacted and is prohibited from being published under this subsection.

SECTION 18. (a) Amends Section 411.083(c), Government Code, as follows:

(c) Authorizes DPS to disseminate criminal history record information under Subsection (b)(8) (relating to requiring DPS to grant access to criminal history record information to OCA) only to the extent necessary for OCA to perform a duty imposed by law, including the development and maintenance of the public safety report system as required by Article 17.021, Code of Criminal Procedure, or to compile court statistics or prepare reports. Authorizes OCA to disclose criminal history record information obtained from DPS under Subsection (b)(8):

> (1) in a public safety report prepared under Article 17.022, Code of Criminal Procedure; or

> (2) creates this subdivision from existing text and makes no further changes.

(b) Effective date, this section: the 91st day after the last day of the legislative session.

SECTION 19. Amends Section 117.055, Local Government Code, by amending Subsection (a) and adding Subsections (a-1) and (a-2), as follows:

(a) Requires the clerk, except as provided by Subsection (a-1), to compensate the county for the accounting and administrative expenses incurred in handling the registry funds that have not earned interest, including funds in a special or separate account, to at the time of withdrawal, deduct from the amount of the withdrawal a fee in an amount equal to five percent of the withdrawal but prohibits the amount from exceeding $50. Makes a nonsubstantive change.

(a-1) Prohibits a clerk from deducting a fee under Subsection (a) from a withdrawal of funds generated by the collection of a cash bond or cash bail bond if in the case for which the bond was taken:

    (1) the defendant was found not guilty after a trial or appeal; or

    (2) the complaint, information, or indictment was dismissed without a plea of guilty or nolo contendere being entered.

(a-2) Requires the clerk, on the request of a person to whom withdrawn funds generated by the collection of a cash bond or cash bail bond were disbursed, to refund to the person the amount of the fee deducted under Subsection (a) if:

    (1) subsequent to the deduction, a court makes or enters an order or ruling in the case for which the bond was taken; and

    (2) had the court made or entered the order or ruling before the withdrawal of funds occurred, the deduction under Subsection (a) would have been prohibited under Subsection (a-1).

SECTION 20. Repealer: Article 17.03(f) (relating to the definition of "controlled substance"), Code of Criminal Procedure.

SECTION 21. Requires OCA, as soon as practicable but not later than April 1, 2022, to create the public safety report system developed under Article 17.021, Code of Criminal Procedure, as added by this Act, and any related forms and materials and to provide to the appropriate officials in each county access to the system, forms, and materials at no cost. Requires OCA, if those items are made available before April 1, 2022, to notify each court clerk, judge or other magistrate, and office of an attorney representing the state.

SECTION 22. (a) Requires OCA, as soon as practicable but not later than April 1, 2022, to:

    (1) promulgate the forms required by Articles 17.028(g) and 17.51(g), Code of Criminal Procedure, as added by this Act, and by Section 72.038, Government Code, as added by this Act; and

    (2) develop or approve and make available the training courses and certification method as described by Article 17.024, Code of Criminal Procedure, as added by this Act, and develop the procedures and prescribe the forms required by Article 17.53, Code of Criminal Procedure, as added by this Act.

(b) Requires OCA, if the items described by Subsection (a) of this section are made available before April 1, 2022, to notify each court clerk, judge or other magistrate, and office of an attorney representing the state.

SECTION 23. Makes application of Section 117.055, Local Government Code, as amended by this Act, prospective.

SECTION 24. Makes application of this Act prospective.

SECTION 25. (a) Effective date, except as provided by Subsection (b) or (c) of this section or another provision of this Act: January 1, 2022.

(b) Effective date, Article 17.15(b), Code of Criminal Procedure: June 1, 2022, contingent upon approval by the voters of the constitutional amendment relating to requiring a judge or magistrate to impose the least restrictive conditions of bail that may be necessary and authorizing the denial of bail under some circumstances to a person accused of a violent or sexual offense or of continuous trafficking of persons.

(c) Effective date, Articles 17.021 and 17.024, Code of Criminal Procedure, and Sections 4, 17, 19, 20, and 21 of this Act: the 91st day after the last day of the legislative session.

# APPENDIX E

# Public Safety Report System (PSRS) Information for District and County Court Judges

**What does the Public Safety Report System (PSRS) do?**

The PSRS serves three primary functions – 1) generates a public safety report with respect to a defendant for magistrates to consider before setting bail for defendants charged with a Class B misdemeanor or higher category offense, 2) provides the bail form that must be completed by magistrates, judges, sheriffs, peace officers and jailers who set bail under Chapter 17, Code of Criminal Procedure, for a defendant charged with a Class B misdemeanor or higher category offense, and 3) provides a system/process for the bail form to be submitted to OCA. (Code of Crim. Proc. Arts. 17.021, 17.022; Gov't Code Sec. 72.038)

**When do I have to consider a public safety report generated by the PSRS or submit a bail form?**

Art. 17.022(d) of the Code of Criminal Procedure requires a magistrate setting bail for a defendant charged with a Class B misdemeanor or higher category offense to consider a public safety report generated by the PSRS and to promptly, but no later than 72 hours after setting bail, submit a bail form (Sec. 72.038, Gov't Code) to OCA using the PSRS.

The following is a guide outlining when a judge is required to consider the public safety report generated by the PSRS and whether a judge needs to complete and submit a bail form using the PSRS:

| Activity | Must I Consider a Public Safety Report? | Am I required to submit a bail form? |
|---|---|---|
| Performing a 15.17 hearing and setting bail after arrest on a warrant (no indictment, information, or complaint filed) | Yes | Yes |
| Performing a 15.17 hearing and setting bail after warrantless arrest | Yes | Yes |
| Determining bail after a 15.17 hearing performed by another magistrate because the judge is the only judge authorized to set bail (b/c of pending felony) | Yes | Yes |
| Setting a new bail after surety surrender on previous bail | No | Yes |
| Bond modification - type of bond or amount of bond | No | Yes |
| Bond revocation without new bond | No | No |
| Issuing a capias | No | No |

APPENDIX E

| | | |
|---|---|---|
| Arrest warrant following indictment (new charges) | No | Yes (at time of arrest) |
| Arrest warrant following indictment (no new charges and no change to originally set bail) | No | No |
| Arrest warrant following indictment (with change to originally set bail) | No | Yes (at time of arrest) |
| Warrant for violation of parole/probation (community supervision) | No | Yes (if bail taken after arrest) |
| Issuing an arrest warrant based on probable cause affidavit | No | No |

**Are there training requirements?**

Required Judicial Education - 8-Hour Course Regarding Duties of Magistrates:

**Only judges who are in compliance with the judicial education requirements Art. 17.024, Code of Criminal Procedure may set bail for a defendant who has been charged with a Class B misdemeanor or higher category offense.  Art. 17.024 requires the completion of an 8-hour judicial education course** on the duties of a magistrate, including duties with respect to setting bail in criminal cases. After the initial 8-hour training, judges will need to take a 2-hour judicial education course on the duties of a magistrate in each subsequent state fiscal biennium in which the judge serves. (Please note that all Justices of the Peace must take this training regardless of whether they set bail.)

The Texas Center for the Judiciary will provide training for district and statutory county court judges and the Texas Association of Counties will provide training for constitutional county judges.

Training Required to View/Access Criminal History Information:

In order to generate a public safety report, the Public Safety Report System will be used to access criminal history information from the National Law Enforcement Telecommunications System (NLETS) and the Texas Law Enforcement Telecommunications System (TLETS). This criminal history information will be maintained by the PSRS until the purpose for the information is served, or at a maximum of 120 hours. Training requirements regarding access to criminal history will depend on a user's activity in the PSRS.

Criminal Justice Practitioner Training:

All judges or court staff who access or view hard or electronic copies of criminal history reports are required to obtain and maintain a Criminal Justice Practitioner (CJP) certification. CJP certification can be obtained after a 2-hour self-paced online course provided by the Department of Public Safety (DPS). Recertification is required after two years.

<u>Texas Law Enforcement Telecommunications System (TLETS) Mobile Access Training</u>:

The public safety reports generated by the PSRS will contain full and summary criminal history information on defendants pulled from NLETS and TLETS.  Users who prepare public safety reports for judges will need their own individual TLETS user ID so that they can query NLETS and TLETS to obtain a defendant's criminal history. New users have six months to complete the training after initial access to the PSRS is granted. Recertification is required after two years.

For information on how to request access to CJP certification training or TLETS Mobile Access Training or to confirm whether a user's certification is still valid, please email DPS at TCIC.Training@DPS.Texas.gov.

Additional information regarding the PSRS is available at: https://www.txcourts.gov/programsservices/public-safety-report-system/.

# APPENDIX F

# Senate Bill 9
## 89th Texas Legislature



Senate Bill 9 (SB 9), recently passed by the 89th Texas Legislature, addresses the release on bail of habitual and violent offenders. SB 9 also creates new processes related to bail reviews and appeals. This overview does **NOT** summarize every section of SB 9. To read in full, click here.

## Key Changes

1. **The Public Safety Report System Will Include More Information**

    The Public Safety Report System (PSRS) developed by OCA will include the following additional information: (1) whether the defendant is on community supervision, parole, or mandatory supervision in another case; (2) whether the defendant is released on bail in another case or participating in a pretrial intervention program; (3) whether an outstanding warrant for the defendant's arrest has been entered into the NCIC or TCIC database; and (4) whether the defendant is subject to an active protective order. This information will appear as part of a defendant's criminal history, if applicable. *See Section 2 of the bill amending Article 17.021(b), Code of Criminal Procedure.*

2. **Prosecutors Will Have Limited Access To The Public Safety Report System**

    Prosecutors will have limited access to the Public Safety Report System. Now, prosecutors will be able to view completed bail forms in the system. *See Section 2 of the bill adding Subarticle (c-1) to Article 17.021, Code of Criminal Procedure.*

3. **There Is No Obligation To Prepare A Public Safety Report If The Defendant Is Not In Custody**

    A magistrate may, but is not obligated to, prepare a public safety report when setting or recommending bail for a defendant who is <u>not</u> in custody at the time the report is ordered, prepared, or considered. *See Section 3 of the bill adding Article 17.022(g), Code of Criminal Procedure*.

4. **There Is A NEW Procedure For Notifying The Appropriate Court When A Defendant Commits A Felony While On Bail For A Felony Committed In Another County**

    The local administrative district judge for each county must designate a person to receive electronic notices from another county when a defendant released on bail for a felony offense commits a subsequent felony. Each county must ensure that the name and contact information of the designated person is included in the Public Safety Report System developed by OCA in accordance with Article 17.021. Upon receiving notice from a county, the designated person must promptly notify the court before whom the case is pending, the district clerk, the attorney representing the state, and the defendant's attorney, if known. The court before whom the case is pending must determine whether the defendant violated

APPENDIX F

# Senate Bill 9
# 89th Texas Legislature



any bail conditions, and if so, whether to revoke or modify the terms of the defendant's bond. *Section 5 of the bill amending Article 17.027(a)(2), Code of Criminal Procedure, and adding Subarticles (a-1), (c), and (d).*

**5.  There Is A Change To The Procedure For Releasing On A Bail A Defendant Charged With Committing A Felony While On Bail For A Previous Felony**

The bill clarifies that Article 17.027 of the Code of Criminal Procedure applies when a defendant is taken before a magistrate for committing a felony while on bail for another felony and reduces the time a magistrate has to notify a court in another county when one of its defendants commits a felony while on bail for a felony committed in that county. The magistrate must notify the other court no later than **the next business day** after the defendant's appearance before the magistrate. *See Section 5 of the bill amending Article 17.027(a)(2), Code of Criminal Procedure.*

**6.  Chapter 54 Magistrates May Not Release On Bail Certain Defendants**

A magistrate appointed under Chapter 54 of the Government Code may **<u>not</u>** release on bail a defendant who is charged with committing a felony offense if the defendant:

- was released on bail, parole, or community supervision for another felony offense when the new felony offense was committed;
- is finally convicted of two or more felonies for which the defendant was imprisoned;
- is subject to a federal immigration detainer; or
- is charged with murder, including capital murder, aggravated kidnapping, or aggravated sexual assault.

*See Section 5 of the bill amending Article 17.027, Code of Criminal Procedure, by adding Subarticle (a-2).*

**7.  Chapter 54 Magistrates Must Include The Name of the Appointing Authority On The Bail Order**

A magistrate appointed under Chapter 54 of the Government Code must include in an order granting bail the name of each individual who appointed the magistrate and state that the magistrate was appointed by those individuals. *See Section 5 of the bill amending Article 17.027, Code of Criminal Procedure, by adding Subarticle (a-3).*

**8.  Magistrates Are Prohibited From Reducing The Bail Amount Or Conditions Of Bond Set By A District Court**

Magistrates described by Article 2A.151(5) – (14), Code of Criminal Procedure, may not reduce the bail amount or conditions of bond set by the judge of a district court, including

# Senate Bill 9
## 89th Texas Legislature



amounts or conditions set by the judge of a district court in another county. *See Section 10 of the bill adding Article 17.092, Code of Criminal Procedure.*

9.  **Reviewing Or Modifying Bail After Defendant Is Released Because Of Delay ("Speedy Trial" Violation)**

    During the course of the action, the judge or magistrate before whom the action is pending may require the accused to give another bond, even if the defendant is currently on bail or bond because of delay, in violation of Art. 17.151, Code of Criminal Procedure. However, the judge or magistrate must make certain findings before requiring the defendant to do so. If the judge or magistrate finds that the bond is defective, excessive or insufficient in amount, or that the sureties, if any, are unacceptable, or for any other good and sufficient cause, the judge or magistrate may order the defendant's rearrest and require the defendant to give another bond. *See Section 9 of the bill amending Article 17.09, Code of Criminal Procedure.*

10.  **Defendant's Appearance And PSR Are Required Before Releasing A Defendant Charged With A Felony**

    If the defendant is charged with a felony offense, the magistrate must ensure the defendant's appearance before the magistrate and consider a public safety report prepared for the defendant before releasing the defendant on bail, even if the magistrate is releasing the defendant on a bail or bond fixed by the court in which the felony is pending. *See Section 11 of the bill amending Article 17.21, Code of Criminal Procedure.*

11.  **There Is A NEW Procedure For The Review Of A Bail Decision Made Under Article 17.028, Code Of Criminal Procedure, By A Court that Does NOT Have Jurisdiction To Try The Offense For Which The Defendant Is Charged Or Arrested**

    If a district court did not make the initial bail decision for a person charged with a felony offense, the bail decision may be reviewed by any district judge in the county. The local administrative district judge for each county must establish a procedure for the district clerk to notify each district judge in the county when the district clerk receives a request to review the bail decision. A district judge must review the bail decision as soon as possible but no later than the **next business day** after the request for the review is filed with the district clerk. The reviewing judge must comply with Article 17.09, Code of Criminal Procedure, and the rules for setting bail and must consider the facts presented. If the reviewing judge increases the bail amount or require additional conditions of bail for a defendant who is <u>not</u> in custody, the judge must issue a summons to appear and give the defendant a reasonable

# Senate Bill 9
## 89th Texas Legislature



opportunity to appear before issuing a warrant for the defendant's arrest. *See Section 6 of the bill adding Article 17.029, Code of Criminal Procedure.*

### 12. Restrictions On The Use Of Personal Bond

A defendant may not be released on personal bond if the defendant is charged with: murder under Section 19.02(b)(4), Penal Code; violating certain court orders or conditions of bond in a family violence, child abuse or neglect, sexual assault or abuse, indecent assault, stalking, or trafficking case under Section 25.07, Penal Code; unlawful possession of a firearm under Section 46.04(a), Penal Code; or terroristic threat under Section 22.07, Penal Code, if the offense is punishable as a Class A misdemeanor or higher category. (*Please note that the bill removes the requirement that the defendant must have committed the terroristic threat while released on bail or community supervision for an offense involving violence.*) The bill also removes a magistrate's authority to grant a personal bond if the defendant commits a felony offense, a Class A misdemeanor assault, a deadly conduct offense, or certain disorderly conduct offenses while on parole for an offense involving violence. *See Section 7 of the bill amending Article 17.03 (b-2), Code of Criminal Procedure.*

### 13. Confinement Before Sentencing Is NOW Mandatory Under Certain Circumstances

If the defendant enters a plea of guilty or nolo contendere to an offense listed in Article 42A.054(a), Code of Criminal Procedure, and the court adjudges the defendant guilty of that offense, the court must confine the defendant prior to sentencing if the offense is one for which a jury cannot recommend community supervision. *See Section 12 of the bill adding Article 27.20, Code of Criminal Procedure.*

### 14. A Court Must Make And Enter An Affirmative Finding In The Judgment Or Dismissal Order If The Defendant Fails To Appear After Being Released From Custody For The Offense

If the court determines that the defendant **willfully** failed to appear after being released from custody for a Class B misdemeanor or higher category of offense, the court must make and enter an affirmative finding of the fact in the judgment or dismissal order in the case. The affirmative finding must include the number of times the defendant failed to appear for the offense. *See Sections 13 and 14 of the bill adding Section 17 to Article 42.01 and Article 42.0195, Code of Criminal Procedure.*

# Senate Bill 9
## 89th Texas Legislature



### 15. The State Is Now Entitled To Appeal An Order Granting Bail In An Amount the State Considers Insufficient

The attorney for the state is entitled to appeal an order granting bail if the state believes the bail amount is insufficient. ***However, this right is limited to certain cases***. The case must involve a murder, a capital murder, certain aggravated assaults, an aggravated kidnapping, an aggravated robbery, an aggravated sexual assault, an indecency with a child, or a trafficking of persons or continuous trafficking of persons offense, or the defendant must have committed a felony while on bail for a previous felony. The court of appeals will conduct a *de novo* review of the bail decision and issue an order no later than the 20th day after the appeal is filed. The court of appeals can affirm or modify the bail amount or reject and remand the case for modification of the bail amount. If the defendant is in custody, he or she will remain in custody during the pendency of the appeal. If the defendant is on bail, the defendant is entitled to remain on the existing bail during the pendency of the appeal. The Texas Supreme Court must adopt rules to implement the state's right of appeal under the bill no later than October 1, 2025. *See Sections 15, which amends Article 44.01, Code of Criminal Procedure, and 20 of the bill.*

**Questions?**
Email: bail@txcourts.gov

# APPENDIX G



# RULES OF COURT
## Harris County Criminal Courts at Law
As amended through September 30, 2025

APPENDIX G

Harris County Criminal Courts at Law
*Rules of Court*

# Contents

RULE 1.      GENERAL PROVISIONS ................................................................................. 4

RULE 2.      PROCEDURE FOR THE FILING OF CASES .................................................... 4

RULE 3.      TRANSFER OF CASES .................................................................................... 7

RULE 4.      INITIAL SETTINGS ......................................................................................... 8

RULE 5.      ADDING CASES TO THE DAILY DOCKET .................................................... 14

RULE 6.      DOCKETING OF MISDEMEANOR INDICTMENTS ....................................... 15

RULE 7.      DOCKETING OF APPEALS FROM NON-RECORD MUNICIPAL COURTS, JUSTICE OF THE PEACE COURTS, MUNICIPAL COURTS OF RECORD, AND ADMINISTRATIVE LICENSE REVOCATION HEARINGS PURSUANT TO CHAPTERS 524 AND 724 TEXAS TRANSPORTATION CODE .................................. 15

RULE 8.      DOCKETING OF CASES: JUDGE RECUSAL OR DISQUALIFICATION ........... 16

RULE 9.      BAIL POLICIES .............................................................................................. 17

RULE 10.     REFUND OF CASH BONDS .......................................................................... 24

RULE 11.     BOND FORFEITURE REINSTATEMENTS, DISMISSALS, AND JUDGMENTS ................................. 24

RULE 12.     APPROVAL OF PERSONAL BONDS .............................................................. 25

RULE 13.     SIGNING OF PLEADINGS ............................................................................. 25

RULE 14.     PREPARATION OF JUDGMENTS .................................................................. 25

RULE 15.     PETITION FOR OCCUPATIONAL DRIVER'S LICENSE ................................... 25

RULE 16.     ATTORNEY OF RECORD ............................................................................... 26

RULE 17.     JUVENILE DEFENDANTS ............................................................................. 27

RULE 18.     COUNTY CRIMINAL COURT MANAGEMENT PROGRAM ........................... 27

RULE 19.     CODE OF JUDICIAL CONDUCT .................................................................... 29

RULE 20.     COURT REPORTERS ..................................................................................... 30

RULE 21.     SATISFACTION OF JUDGMENT: ORDER PERMITTING PARTIAL PAYMENT ON FINES AND COSTS      30

Harris County Criminal Courts at Law
*Rules of Court*

RULE 22.    RELEASE OF CLERK'S RECORD TO COUNSEL ........................................................... 30

RULE 23.    ALTERNATIVE PLAN FOR THE APPOINTMENT OF COUNSEL TO INDIGENT DEFENDANTS UNDER THE FAIR DEFENSE ACT ................................................................................................... 31

RULE 24.    ASSOCIATE JUDGES .......................................................................................................... 47

RULE 25.    DISASTER PLAN .................................................................................................................. 48

RULE 26.    SLIDING-SCALE FEE SCHEDULE FOR GLOBAL POSITIONING SYSTEM ...................... 49

disqualification in the referral order. The Presiding Judge of these courts shall issue an order directing the clerk to assign a judge to preside over the case using its computerized random assignment program. The judges, coordinators, and clerks shall then proceed as with any other case transfer.

    8.1.1.    After a transfer pursuant to Rule 8.1, the clerk shall take the next case that would have otherwise been assigned to the receiving court and instead assign it to the recusing court.

8.2.  **INVOLUNTARY RECUSAL OR DISQUALIFICATION.** Immediately after declining to grant a motion to recuse or disqualify, a judge shall sign an order referring the case to the Presiding Judge of the Second Administrative Judicial Region and direct a member of the Office of County Court Management to transmit the referral order to the regional Presiding Judge. The Presiding Judge of the Second Administrative Judicial Region shall assign a judge in the manner provided by Rule 9.2.4, Regional Rules of Administration of the Second Administrative Judicial Region of Texas. The judge assigned to rule on the motion shall sign an order granting or denying the motion using the form of order promulgated by the region. The order shall be filed with the clerk of the court. If the motion is granted, the district clerk shall use the computerized random assignment program to determine the court to which the case will be assigned. The judge assigned to rule on the motion shall sign an order transferring the case to the randomly selected court. The judges, coordinators, and clerks shall then proceed as with any other case transfer.

## RULE 9.    BAIL POLICIES

9.1.    Pursuant to *ODonnell v. Harris County*, 251 F. Supp. 3d 1052 (S.D. Tex. 2017), and the Fifth Circuit in *ODonnell v. Harris County*, 892 F.3d 147 (5th Cir. 2018), the Harris County Criminal Court at Law Judges ("CCCL Judges") order these policies be applied to all persons arrested for a misdemeanor offense. This rule is designed to vindicate the federal constitutional rights at issue in *ODonnell v. Harris County* arising from the federal Due Process and Equal Protection Clauses. To the extent other provisions of federal or Texas law provide greater protections, nothing in this Rule should be construed to limit those greater protections.[1]

9.2.    To the extent Local Rule 9 conflicts with any other local rule, Local Rule 9 controls. Except for situations described in Local Rule 9.4.1-9.4.6, all misdemeanor arrestees will have unsecured bail amounts set initially at no more than $100 and be promptly released[2] on a

---

[1] For example, Texas law provides greater protections through the Texas Constitution's right to bail clause, Tex. Const. art. 1 § 11, and through statutory protections relating to the timing of post-arrest proceedings, *see, e.g.*, Tex. Code of Crim. Pro. 15.17 (requiring arrestees be taken before a magistrate "without unnecessary delay"); Tex. Gov't Code § 54.858 ("The criminal law hearing officer shall be available, within 24 hours of a defendant's arrest, to determine… all matters pertaining to bail."); Texas Code of Criminal Procedure 17.033(a) ("[A] person who is arrested without a warrant and who is detained in jail must be released on bond, in an amount not to exceed $5,000, not later than the 24th hour after the person's arrest if the person was arrested for a misdemeanor and a magistrate has not determined whether probable cause exists to believe that the person committed the offense. If the person is unable to obtain a surety for the bond or unable to deposit money in the amount of the bond, the person must be released on personal bond.").

[2] The term "release" as used herein refers to release from custody in the pending case for which the new arrest occurred. Thus, if a person has other pending lawful holds (e.g. from another case, parole, or from another jurisdiction), "release" would mean release to that other hold rather than release from custody.

Harris County Criminal Courts at Law
*Rules of Court*

personal bond with or without other non-financial conditions as soon as practicable after arrest. Consistent with Texas law, a judicial officer is not required to sign a personal bond prior to the person's release.

9.3.    Secured money bail must not be required as a condition of pretrial release prior to a bail hearing[3] that meets the requirements of Local Rule 9.12, including an individualized determination of ability to pay and, if the person cannot pay, consideration of alternatives and a finding that detention is necessary to meet a compelling government interest in reasonably assuring public safety or reasonably protecting against flight from prosecution.

9.4.    All misdemeanor arrestees must be released on a personal bond or on non-financial conditions as soon as practicable after arrest,[4] except those who fall within the following categories, who may be detained for up to 48 hours for an individualized hearing:

        9.4.1    Individuals arrested and charged under Penal Code § 25.07;

        9.4.2    Individuals arrested and charged under Penal Code § 22.01, against a person described in Penal Code § 22.01(b)(2) , or individuals arrested and charged under Penal Code § 22.07(c)(1) and (§ 22.012) ;

        9.4.3    Individuals arrested and charged under Penal Code § 49.04 and who the State gives notice may be subject to Penal Code § 49.09(a) for a conviction that became final within the past five years;

        9.4.4    Individuals arrested and charged with any new offense while on any form of pretrial release;

        9.4.5    Individuals arrested on a capias issued after a bond forfeiture or bond revocation; and

        9.4.6    Individuals arrested while on any form of community supervision for a Class A or B misdemeanor or a felony offense.

---

[3] "Bail hearing" refers to any legal proceeding that occurs before any judicial officer, including CCCL Judges and Harris County Criminal Law Hearing Officers, at which conditions of release are determined or that might result in pretrial detention or a requirement to pay secured money bail as a condition of release.

[4] If necessary to assure community safety or the safety of the arrestee, a person arrested for violating Penal Code § 49.04(a) (driving while intoxicated) or Alc. Bev. Code § 106.141(c) (driving under the influence as a minor, third offense) may be detained for up to 8 hours after arrest, including past the time they would have otherwise been released, to allow time for the person to become sober and be safely released.

Harris County Criminal Courts at Law
*Rules of Court*

9.5    Any person arrested for the reasons described in Local Rule 9.4.1-9.4.6 may be kept in custody pending an individualized hearing before a judicial officer.[5] Any judicial officer who makes decisions about conditions of release, including the Harris County Criminal Law Hearing Officers, must have complete discretion to release on a personal bond any misdemeanor arrestee prior to an individualized hearing.

9.6    Secured money bail must not be imposed as a condition of release prior to a bail hearing that meets the requirements of Local Rule 9.12.

9.7    Secured money bail must not be used as a condition of pretrial release at any time in the pretrial period for any misdemeanor arrestee other than those persons arrested for the reasons described in Local Rule 9.4.1-9.4.6.

9.8    Any arrestee who is not promptly released on a personal bond after arrest must receive a bail hearing that meets the requirements of Local Rule 9.12 as soon as practicable but no later than 48 hours after arrest. Nothing in this provision is intended to conflict with any provision of Texas law or local rules.

9.9    If a person falls within a carve-out category set forth in Local Rule 9.4.1-9.4.6 and cannot be physically brought to an in-person hearing, a bail hearing must be conducted within 48 hours of arrest in absentia, and an in-person bail hearing must be conducted as soon as practicable thereafter. A judicial officer may travel to the physical location of the arrestee to conduct the bail hearing in-person; a bail hearing conducted using audio-visual equipment will satisfy the requirement for an in-person bail hearing.

9.10    At the bail hearing, the judicial officer may consider the full range of available conditions of release, including secured money bail, unsecured money bail, and nonfinancial conditions. Any judicial officer has complete discretion to release any misdemeanor arrestee on a personal bond.

9.11    Arrestees subject to a bail hearing must be represented by the Harris County Public Defender or other court-appointed counsel. Arrestees may retain a private attorney to represent them at the bail hearing.

---

[5] Although individuals who fall within Local Rule 9.4.1-9.4.6. *may* be detained for up to 48 hours for a bail hearing, detention is not mandatory. Employees of the District Attorney's Office, Pretrial Services, the Sheriff's Office, or other government agencies may recommend that a judicial officer release any arrestee on a personal bond prior to a bail hearing. The decision to release a person who falls within these categories must be made by a judicial officer. Such recommendations do not infringe judicial officers' authority to make decisions about conditions of release. They simply preserve the possibility of expeditious release on unsecured bond prior to a bail hearing for arrestees who fall within Local Rule 9.4.1-9.4.6. if a judicial officer decides that release prior to a bail hearing is appropriate.

9.12    Before a judicial officer may require secured money bail as a condition of release at a bail hearing, the following procedures must be provided, and the following findings must be made:

9.12.1    Arrestees must be represented by counsel at bail hearings. Indigent arrestees are entitled to representation by the Public Defender's Office or other court-appointed counsel. At bail hearings under Local Rule 4.2, arrestees must be represented by the Harris County Public Defender as described in Local Rule 4.2.2.2.

9.12.2    In every case, notice must be provided to the arrestee that financial information will be collected through an affidavit, and the County must explain to the arrestee the nature and significance of the financial information to be collected. The language required is as follows:

9.12.3    **I am [First Name] from Harris County Pretrial Services. I am here to interview you and report your answers to the Court. What you tell me may be used to make decisions about your release from jail and whether a lawyer will be appointed in your defense. Also, you will need to state the amount of money that you can afford to pay at the time of the hearing that will be held after we talk. This is the amount of money you could pay without suffering any hardship in your ability to meet your basic needs, like food, clothing, shelter, phone, medical care, and transportation for you and any dependents. If you cannot afford to pay any money without hardship, please let me know. I will then also ask you to sign a paper with the financial information that you provided. Your answers must be truthful under penalty of law. False answers may be used against you. The information will be shared with the Court, the District Attorney and possibly other agencies. You may refuse to complete the interview, or you may refuse to provide me with the financial information. You will be allowed to talk to an attorney before your bail hearing. You may speak to the attorney before you decide whether to participate in this interview. Do you agree to go forward with the interview and to provide financial information?** The judicial officer must provide adequate notice to every arrestee appearing for a hearing concerning pretrial release and detention of the rights at stake in the hearing and the procedural protections and substantive findings required when determining conditions of pretrial release or detention. The judicial officer may satisfy this requirement by providing a general oral notice to a group of arrested individuals. The judicial officer must provide notice that includes the following in all material respects:

- The purpose of this hearing is to determine the least-restrictive pretrial conditions necessary to serve the government's interest in reasonably assuring public safety and reasonably protecting against flight from prosecution.

Harris County Criminal Courts at Law
*Rules of Court*

- Your federal constitutional rights to pretrial liberty and against wealth-based detention are at issue in this hearing because I will be considering conditions of release and whether pretrial detention is necessary.

- I am required to consider whether alternatives to pretrial detention could serve the government's interests in reasonably assuring public safety and reasonably protecting against flight from prosecution. I cannot order you detained before trial—and I cannot require you to pay an amount of money bail that you cannot afford—if there are any conditions of release that would be adequate to reasonably assure public safety and reasonably protect against flight from prosecution.

- Your lawyer will be able to present or proffer evidence and to argue on your behalf at this hearing about any factors relevant to release, detention, and the availability of alternative conditions.

- Before requiring secured money bail as a condition of release, I will review the financial information that was collected through an affidavit so that I can determine whether you can afford to pay money bail and if so how much. Before I am permitted to require money bail, I must make a finding on the record as to whether you can afford to pay that amount today.

- You will have an opportunity to challenge the government's arguments and evidence relating to the bail decision. You will also have an opportunity during this hearing to make legal arguments and to present or proffer evidence about any factors relevant to release, detention, and the availability of alternative conditions. This is not an opportunity to try your case—the issue before the court is determining appropriate conditions of pretrial release or whether you must be detained as a last resort pending your trial.

- If I require conditions of release or pretrial detention, I will explain my decision on the record.

- I cannot order that you be detained or require you to pay an unaffordable amount of money bail as a condition of release unless I make a finding by clear and convincing evidence that no other condition or combination of conditions is adequate to reasonably assure public safety or to reasonably protect against flight from prosecution. I must identify and explain the reasons for my decision and the evidence and information I relied on in making that decision on the record, so that you can challenge the decision at a later date. Requiring unaffordable money bail or ordering you detained must be the last resort, and I will order detention after this hearing only if I make a finding that there are no alternatives for reasonably assuring the safety of the community and reasonably protecting against your flight from prosecution.

- After the hearing today, you will have an opportunity to have the bail decision, including any conditions of release, reviewed by another judge within one business day if you remain detained after today's hearing. If you are released, you will also be entitled to a hearing before another judge if you want to challenge conditions of release.

> 9.12.4   In every case in which a judicial officer is contemplating secured money bail as a condition of release, the arrestee must be asked, under penalty of perjury, the amount of money she can afford to pay from any lawful source at the time of the hearing.

Harris County Criminal Courts at Law
*Rules of Court*

9.12.5   The arrestee must be given an opportunity to be heard concerning any factors relevant to release, detention, and the availability of alternative conditions. Additionally, the arrestee must have an opportunity at the hearing to present evidence and make argument concerning those issues, and to contest any evidence or argument offered by the government concerning those issues. The arrestee must have access to all of the evidence and information considered at the bail hearing, including any criminal history from the National Crime Information Center ("NCIC") and Texas Crime Information Center ("TCIC").

9.12.6   If the judicial officer requires money bail as a condition of release, the money bail order must be accompanied by substantive findings on the record that are reviewable by a higher court. The findings must be that, by clear and convincing evidence: (1) the arrestee has the ability at the time of the hearing to pay the amount required, or (2) that the arrestee does not have the ability to pay the amount required, but alternative conditions of release were considered, no less-restrictive condition or combination of conditions could reasonably assure the safety of the community or reasonably protect against flight from prosecution, and imposition of unaffordable money bail is necessary to reasonably assure the safety of the community or to reasonably protect against flight from prosecution. These findings and procedures must be provided if the court imposes an order of pretrial detention, either through an unattainable financial condition or directly through an order of pretrial detention.

9.12.7   An arrestee who meets any of the following, may not be assessed any fee associated with a personal bond or an unsecured bond, or the cost of a non-financial condition of release, including but not limited to, a supervision fee, a fee for electronic monitoring, or the cost of an interlock device:

   a.   Is eligible for appointment of counsel;

   b.   Has been homeless in the past six months;

   c.   Has income at or below 200% of the federal poverty guidelines; Is a full-time student;

   d.   Is, or within the past six months has been, homeless;

   e.   Is incarcerated, or residing in a mental health or other treatment program; or

Harris County Criminal Courts at Law
*Rules of Court*

f.  Is or has dependents who are eligible to receive food stamps, Medicaid, Temporary Assistance for Needy Families, Supplemental Security Income, Social Security Disability Income, public housing, or any other federal or state public assistance program based on financial hardship.

9.12.8  No arrestee may be incarcerated due to inability to pay a fee or cost associated with a condition of release.

9.13    At any bail hearing in the assigned County Criminal Court at Law, the arrestee shall be provided with the same substantive and procedural protections as described in Local Rule 9.12. Specifically, the court is required to afford the arrestee counsel under Local Rule 9.12.1 and to make findings under Local Rule 9.12.6 if the court imposes or continues an order of detention or money bail set at an unaffordable amount. Any arrestee who remains in jail after a Local Rule 4.2 hearing that meets the requirements of Local Rule 9.12 must be provided with a bail hearing the next business day before a CCCL Judge under Local Rule 4.3. The bail hearing before a CCCL Judge must occur before a plea can be accepted by the court. If a person is subject to a hold or has a concurrently pending felony case, the person may waive the bail hearing before a CCCL Judge without being brought into the courtroom. For every other arrestee, waiver of the bail hearing before a CCCL Judge may not be accepted unless the person is present in court, appears before the CCCL Judge, is informed by the judge of her rights as set forth in Local Rule 9.12.3, and makes a knowing, intelligent, and voluntary waiver of the bail hearing before the CCCL Judge on the record.

9.14    Upon an arrestee's request at any subsequent time prior to trial, the CCCL Judge shall provide a prompt bail hearing on the record to review conditions of bail. Prior to the bail hearing, the CCCL Judge must approve and assure timely access to supportive defense services such as investigators, experts, or social workers and to discovery of any information that may be considered by the CCCL Judge at the hearing. If the CCCL Judge imposes or continues conditions of release after the hearing, the CCCL Judge must provide written factual and legal findings that the conditions imposed are the least restrictive necessary to reasonably assure public safety or to reasonably protect against flight from prosecution.

9.15    The Sheriff must not enforce any order requiring secured money bail that was imposed prior to an individualized hearing. All arrestees shall be treated in accordance with Local Rule 9.2 and released on a personal bond, or Local Rule 9.12, and afforded an individualized hearing.

9.16    The Sheriff must not enforce any order requiring secured money bail that is not accompanied by a record showing that the procedures and findings described in Local Rule 9 were provided. By General Order of the CCCL Judges, if an order to pay secured money bail is unaccompanied

by the required record, the Sheriff must deliver to the arrestee a General Order Bond ("GOB") issued by one or more of the CCCL Judges and release the arrestee.[6]

9.17    Any directive or requirement to pay money bail must not be enforced if issued prior to the bail hearing.

9.18    If an arrestee is in the Sheriff's custody 40 hours after arrest and no conditions of release have been determined, the Sheriff must present the arrestee to a judicial officer for a bail hearing. If the person does not appear before a judicial officer within 48 hours of arrest, by general order of the judges, the Sheriff must deliver to the arrestee a "General Order Bond" issued by one or more of the CCCL Judges and release the arrestee.

9.19    The District Clerk's Office will electronically provide to the Sheriff's Office, on an hourly basis, a list of all misdemeanor arrestees who have been in custody 40 hours or more from the recorded arrest date and time, and have not received a bail hearing or a General Order Bond.

## RULE 10. REFUND OF CASH BONDS

**10.1.**    Unless a notice of appeal is given, cash bond deposits will be refunded to depositors other than the defendant upon final disposition of the criminal proceeding. If a notice of appeal is given, refunds will not be given until a replacement bond has been duly filed with the district clerk.

**10.2.**    In the event the criminal proceeding is reversed and remanded to the trial court, no refund or assignment will be granted until a replacement bond has been duly filed with the district clerk.

## RULE 11. BOND FORFEITURE REINSTATEMENTS, DISMISSALS, AND JUDGMENTS

**11.1.**    All bond reinstatement orders, bond forfeiture dismissal orders, and agreed judgments, wherein payments of costs of judgments are involved, shall be presented in person by the bonding agency only to the judge of the court wherein the forfeiture occurred

**11.2.**    The total amount of the costs on bond reinstatements with costs, dismissals with costs, and in the case of agreed judgments the total amount of judgment and costs, will be delivered to the court along with the order of judgment by the bonding company.

**11.3.**    Money orders, cashier's checks, and firm checks, payable to the Harris County district clerk, are the only tender that will be accepted. Cash payments may be made in advance and a receipt obtained from the district clerk and presented with the order or judgment.

**11.4.**    All bonding agencies shall be required to obtain the future setting date from the court coordinator prior to presenting orders of reinstatement and costs. All future settings shall be seven days from the date of the reinstatement order.

---

[6] The General Order Bond is a judicial release order, requiring the Sheriff, pursuant to judicial order, to release the arrestee from Harris County custody. The bond is pre-approved by the Judges or the Presiding Judge.