**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **MARANDA LYNN ODONNELL,** *et. al.*, | § | |
| **on behalf of themselves and all others** | § | |
| **similarly situated, Plaintiffs,** | § | |
| | § | |
| **v.** | § | **CIVIL ACTION NO. 4:16-cv-1414** |
| | § | |
| **HARRIS COUNTY, TEXAS,** *et. al.*, | § | |
| **Defendants.** | § | |

**MOTION FOR EXPEDITED RULING ON**
***YOUNGER* ABSTENTION AND TO STAY ENFORCEMENT OF THE**
**CONSENT DECREE FOR ACTS TAKEN UNDER STATE LAW**

TO THE HONORABLE JUDGE OF THIS COURT:

Defendant Judges Paula Goodhart, Jessica Padilla, Leslie Johnson, and Linda Garcia
(the "Judges") file this Motion asking the Court to hear and consider their *Younger*
abstention argument (Dkt. 793 at 20-22) on an expedited basis. The Judges respectfully
maintain that application of *Younger* can be considered as a matter of law and without
awaiting additional discovery.

Delaying a decision on abstention prolongs federal preemption of Texas'
legislatively enacted bail-reform policies and procedures, prolongs federal control over
state criminal proceedings, and prolongs Plaintiffs' interference with pending cases and
continued threats against the Judges should they exercise discretion, or act in compliance
with state law. The Judges also request a partial stay to cease any threatened or actual
enforcement of the Consent Decree for acts taken in compliance with current Texas state

1

law—law that this Court must presume adequately protects the constitutional rights of arrestees in Harris County, as it does in every other county in the state of Texas.

## I.  The Fifth Circuit has made clear that abstention applies here.

The Fifth Circuit has expressly concluded that "neither *ODonnell I* nor this case should have been adjudicated in federal court," overruling its prior dismissal of the *Younger* abstention argument in *ODonnell I. Daves v. Dall. Cty.*, 64 F.4th 616, 631 (5th Cir. 2023) (en banc) (*Daves II*). *Daves II* explains it was "imperative" to reconsider abstention because several cases, including this case (which the Fifth Circuit noted makes "broad changes to misdemeanor bail bond procedures"), rejected *Younger* abstention. *Id.* at 631. There is no reason to delay the Court's consideration of *Younger* abstention until August of this year or later. Considering the Fifth Circuit's analysis and clear conclusion in *Daves II*, and considering judicial economy, the Judges respectfully request that this Court expedite its ruling on their *Younger* abstention argument.

## II.  No discovery or other delay is necessary to rule on *Younger* abstention.

Important to the analysis in *Daves II* was that, by abstaining, "much time and money, as well as judicial resources, will be saved on litigation in federal court." *Id.* at 623. The same is true here.

This Court granted Plaintiffs' request for months of fact discovery, additional briefing, and an August 27, 2026 hearing (if necessary) on the motions to vacate the consent decree. Dkt. 773. None of the reasons Plaintiffs gave for discovery relate in any way to the abstention argument. Dkt. 770. For example, Plaintiffs claimed the need for discovery as to whether the purpose of the Consent Decree has been achieved. *Id.* at 2. Such facts are

2

immaterial to the legal questions raised by *Younger* abstention. The questions Plaintiffs seek answers to in discovery relate to the impact of the Consent Decree, not whether the Court should abstain.

Non-abstention discovery is extensive. The Plaintiffs have served the Judges with written discovery requests seeking documents dating back to 2019, necessitating that county court administration employees search for and obtain thousands of emails and documents over a six-year period. *See* Exhibit 1 at RFP 2 (Plaintiffs' discovery requests to the Judges). While the Judges have conferred with Plaintiffs about limiting these requests (for example, limiting Interrogatory 1 to the time period of January 1, 2023 to the present), it has taken and will take time and significant effort to review and provide complete responses.

The parties are also conducting discovery relating to the data reviewed by the Court's Monitor. The Monitor has filed hundreds of pages in each report filed in this case over the years (*see*, *e.g.,* Dkt. 739-1 (Monitor's Eighth Report)). As the Monitor reported last March, there were over 42,000 misdemeanor arrestees in 2024 alone (an admitted understatement of the over 52,000 misdemeanor cases filed, since many of those individuals were arrested multiple times). Dkt. 739-1 at 20. In 2024, the Monitor reports that arrestees in 80% of misdemeanor cases were released on a GOB (80% of 52,851, or 42,280). *Id*. at 32. Statements made and data relied upon by the Court Monitors may need to be reviewed and vetted for non-abstention issues, but have no role in an abstention analysis.

Discovery and the consideration of evidence are wholly untethered to a decision under *Younger*, based on the clear and final dictates of *Daves II*. *See Daves II*, 64 F.3d at 620 ("revis[ing] by federal decree the Texas state court procedures for felony and misdemeanor pretrial bail, should never have been brought in federal court"). The Fifth Circuit has already instructed that *Younger*

> …requires federal courts to abstain from revising state bail bond procedures on behalf of those being criminally prosecuted, when state procedures allow the accused adequate opportunities to raise their federal claims.

*Id*. The Judges therefore ask that the Court expedite any necessary responsive briefing and consider the abstention argument, rather than hold the issue until after the parties undergo further discovery and evidentiary proceedings that are unnecessary to a ruling on abstention.

**III.    Staying enforcement of the Consent Decree for acts taken in compliance with post-Decree amendments to state law is warranted.**

**A. A strong presumption of constitutionality applies to Texas' bail-reform statutes enacted after the Consent Decree.**

Texas' bail-reform laws in S.B. 6 and S.B. 9 did not exist when the Consent Decree issued, and their constitutionality has not been challenged in this case—such a challenge falls well beyond the parameters of this litigation.

This Court must presume Texas' bail-reform laws are constitutional, and that Texas court procedures afford adequate remedies for arrestees to raise constitutional claims. *See Hernandez v. Paxton*, No. EP-25-CV-220-KC, 2025 WL 2265467, 2025 U.S. Dist. LEXIS 154969, at *7 (W.D. Tex. 2025) ("federal courts should 'assume that state court procedures will afford an adequate remedy, in the absence of unambiguous authority to the contrary'")

(quoting *Thomas v. State*, 294 F. Supp. 3d 576, 594 (N.D. Tex. 2018) and *Pennzoil Co. v. Texaco, Inc.*, 481 U.S. 1, 15 (1987)), *adopted*, 2018 U.S. Dist. LEXIS 39743, 2018 WL 1254926 (Mar 12, 2018) and citing *Moore v. Sims*, 442 U.S. 415, 425-26 (1979) ("Certainly, abstention is appropriate unless state law clearly bars the interposition of the constitutional claims").

And as the Fifth Circuit has recognized, "Texas courts afford state statutes a strong presumption of constitutionality under the Texas Constitution." *Miller v. Raytheon Co.*, 716 F.3d 138, 148 (5th Cir. 2013). The Texas Supreme Court has made clear that courts must presume "the Legislature 'understands and correctly appreciates the needs of its own people'" and therefore directs its laws "to problems made manifest by experience, and that its discriminations are based upon adequate grounds." *Enron Corp. v. Spring Indep. Sch. Dist.*, 922 S.W.2d 931, 934 (Tex. 1996); *see also Abbott v. Anti-Defamation League*, 610 S.W.3d 911, 923 (Tex. 2020) (Texas courts "presume that public officials act in good faith and without invidious bias in formulating policy") (citing *Miller v. Johnson*, 515 U.S. 900, 915 (1995), a voting rights case stating that the "good faith of a state legislature must be presumed" and courts "must be sensitive to the complex interplay of forces that enter a legislature's redistricting calculus"); *Abbott v. Perez*, 585 U.S. 579, 603 (2018) (discussing presumption of legislative good faith in redistricting matter). Texas courts also presume that local government officials act in good faith. *See, e.g., Kimbrough v. Walling*, 371 S.W.2d 691, 692 (Tex. 1963) ("[t]he law presumes that officers of municipal corporations act within the limits of their authority; that they act in good faith; and that they act in the best interests of the municipality they represent"); *Melton v. Wichita Falls*, 799 S.W.2d

5

778, 780 (Tex. App.—Fort Worth 1990, no writ) ("[t]he law presumes that city officials act within the limits of their authority, in good faith, and in the best interest of the city they serve").

Presuming the Texas Legislature's good faith in enacting S.B. 6 and S.B. 9, that Texas procedure affords adequate remedies to address constitutional violations, and following *Daves II*, the Court should stay any enforcement of the Consent Decree against the parties based on actions taken that are consistent with current Texas law.

### B. The Judges have been threatened with contempt if they follow state law.

Plaintiffs' counsel, and now the Court Monitor, have threatened the Judges with contempt if they follow Texas' newly enacted bail-reform laws. There is no question that judges in Harris County are required under the Consent Decree to violate the state law that they have sworn to uphold, or else be held in contempt of federal court. It is a situation easily remedied by a swift decision on *Younger* abstention, and a predicament that should be stayed until a decision issues in this case.

Texas Law does not permit the Judges to release misdemeanor arrestees on a General Order Bond **without considering factors required by Texas Code of Criminal Procedure 17.15(a)**. Texas Code of Criminal Procedure Article 17.028(d)(2) expressly bars the adoption of a bail schedule, or using a standing order inconsistent with Texas Code of Criminal Procedure Article 17. Yet, Plaintiffs' counsel and the Monitor have adopted the position that the Judges may not consider 17.15(a) factors in determining whether a non-carve out arrestee should have a bail hearing. As they would have it, **the Consent**

6

**Decree does not allow any Harris County Judge** to consider the circumstances or impose conditions on non-carveout misdemeanor arrestees, even if there is evidence they could be a threat to the victim or public safety. The Plaintiffs and Monitor would sacrifice Texas' strong public policy of protecting public safety via an individualized review before making bail decisions, to their theory of immediate release regardless of the circumstances.

This is a flagrant, facial violation of Texas law—one that Plaintiffs' counsel has already acknowledged. In their September 12, 2025 correspondence to the Monitor and Harris County, Plaintiffs' counsel concluded that the Consent Decree and Local Rule 9 directly conflict with Texas Code of Criminal Procedure Article 17.03, and proposed that **"intentional violations of the Consent Decree"** may be occurring as a result of hearing officers complying with the newly enacted law. Dkt. 793-2 at Appendix A, p.1 (emphasis added). Plaintiffs' counsel asked that judicial officers be **reminded that they face criminal contempt** for knowing violations of the Consent Decree—even though they might be attempting to comply with state law. *Id*. at pp.1, 4 (emphasis added). They further stated that County weekly reports "will assist all Parties and the Monitors in their ongoing review of potential violations." *Id*.

Most recently, the Monitor's March 3, 2026 Ninth Report posits that the Judges may not consider article 17.15(a) factors in assessing bail for a non-carve out arrestee—that is, they are barred from reviewing the facts and circumstances to determine whether a GOB is sufficient. *See* Dkt. 799-1 at 24 ("[A] GOB cannot be revoked, under Local Rule 9 and the Consent Decree, absent a [sic] on-the-record findings, such as of a willful violation, such that the bond is forfeited"). And, while the Monitor has noted "errors" in judicial

determinations within Harris County's bail system in prior reports, for the first time in the Corrected Ninth Report, the Monitor took the extraordinary step of singling out case numbers and certain Judges as having committed "serious" violations. Dkt. 799-1 at 23-24. Although the Monitor's Ninth Report says that similar criticisms over bail hearings in other unidentified courts exist, only situations involving the Judges were reported as "serious." *Id*.

Given the presumption of constitutionality of Texas' new bail laws, and the recent accusation that judicial officers in Harris County would commit a "willful violation" of the Consent Decree by following state law, a partial stay of the Consent Decree is warranted to pause further threats of federal contempt from opposing counsel or the Monitor while this Court has the continued merit of the Consent Decree under consideration.

## CONCLUSION AND PRAYER

Recent events show that resolution of *Younger* sooner, rather than later, and a partial stay are critical to avoiding further interference in Texas criminal proceedings and preventing further threats against elected state officials.

The Judges therefore ask that the Court grant this Motion, set an expedited response deadline for this Motion and for the Judges' *Younger* abstention argument (Dkt. 793 at 20-22), and: (i) issue an order partially staying enforcement of the Consent Decree against parties for acts taken in compliance with Texas law pending resolution of the *Younger* abstention argument, and (ii) issue an expedited ruling on *Younger* abstention. The Judges ask for all other relief to which they are entitled, at equity or law.

8

Respectfully submitted,

**GREER, HERZ & ADAMS, L.L.P.**

By:   /s/ *Joseph R. Russo, Jr.*
      Joseph R. Russo, Jr.
      Federal I.D. No. 22559
      State Bar No. 24002879
      jrusso@greerherz.com
      Angie Olalde
      Fed. ID No. 690133
      State Bar No. 24049015
      aolalde@greerherz.com
      One Moody Plaza, 18th Floor
      Galveston, Texas 77550
      (409) 797-3200 (Telephone)
      (866) 456-0170 (Fax)

**ATTORNEYS FOR DEFENDANTS HON.
PAULA GOODHART, HON. JESSICA
PADILLA, HON. LESLIE JOHNSON, AND
HON. LINDA GARCIA**

9

## CERTIFICATE OF CONFERENCE

The below-signed counsel has conferred with counsel for the other parties in this case. The Attorney General is NOT OPPOSED to this Motion, and the remaining parties are OPPOSED to this Motion.

*/s/ Joseph R. Russo, Jr.*

## CERTIFICATE OF SERVICE

I certify that on April 16, 2026, a true and correct copy of the foregoing document was delivered to all counsel of record via the CM/ECF system and served by electronic notice to all parties of record.

*/s/ Joseph R. Russo, Jr.*