EXHIBIT

1

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

|  |  |  |
|---|---|---|
| MARANDA LYNN ODONNELL, et al. | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | Case No. 16-cv-01414 |
| v. | ) | (Class Action) |
| | ) | The Honorable Lee H. Rosenthal |
| HARRIS COUNTY, TEXAS, et al. | ) | U.S. District Judge |
| | ) | |
| Defendants. | ) | |
| | ) | |

## PLAINTIFFS' FIRST REQUESTS FOR PRODUCTION TO FOUR COUNTY CRIMINAL COURT AT LAW JUDGES

TO:     Defendants County Criminal Court at Law Judges Paula Goodhart, Jessica Padilla, Leslie Johnson, and Linda Garcia, by and through their counsel of record:

> Joseph R. Russo
> Greer, Herz & Adams, L.L.P.
> One Moody Plaza, 18th Floor
> Galveston, Texas 77550
> JRusso@greerherz.com

In accordance with Federal Rules of Civil Procedure 26 and 34, Plaintiffs request that Defendants County Criminal Court at Law Judges Paula Goodhart, Jessica Padilla, Leslie Johnson, and Linda Garcia identify and produce the documents and items requested below for inspection and copy and deliver copies to counsel for Plaintiffs within thirty (30) days from the date of service of these discovery requests. This request is continuing in nature as provided by Rule 26(e) of the Federal Rules of Civil Procedure.

(Signature on following page)

1

Date: December 16, 2025

Alec George Karakatsanis
alec@civilrightscorps.org
Elizabeth Rossi
elizabeth@civilrightscorps.org
Jeremy D. Cutting
cody@civilrightscorps.org
CIVIL RIGHTS CORPS
1601 Connecticut Ave NW, Suite 800
Washington, DC 20009
Telephone: (202) 681-2721


*/s/ Travis Walker Fife*
Dustin Rynders
Texas Bar No. 24048005
dustin@texascivilrightsproject.org
Travis Fife
Texas Bar No. 24126956
travis@texascivilrightsproject.org
Kirsten Budwine
Texas Bar No. 24140263
kirsten@texascivilrightsproject.org
TEXAS CIVIL RIGHTS PROJECT
2100 Travis Street
Houston, TX 77002
Telephone: (512) 474-5073

Respectfully Submitted,

Neal S. Manne
Texas Bar No. 12937980
nmanne@susmangodfrey.com
Joseph S. Grinstein
Texas Bar No. 24002188
Abbey E. McNaughton
Texas Bar No. 2411675
SUSMAN GODFREY L.L.P.
11000 Louisiana Street, Suite 5100
Houston, Texas 77002
Telephone: (713) 651-9366


Morgan McCollum
(admitted *pro hac vice*)
mmccollum@susmangodfrey.com
SUSMAN GODFREY L.L.P.
One Manhattan West
New York, NY 10001
Telephone: (212) 336-8330

2

## **INSTRUCTIONS**

1.      Unless the particular request indicates otherwise, the relevant time period to which each request refers is from January 1, 2023 to the present.

2.      Each category of documents or things in these requests extends to any documents or things in your possession, custody, or control. A document or thing shall be deemed to be in your possession, custody, or control if it is in your physical custody, or if it is in the physical custody of any other person and you (a) own such document or thing in whole or in part; (b) have a right by contract, statute, or otherwise to use, inspect, examine, or copy such document or thing in whole or in part; (c) have an understanding, express or implied, that you may use, inspect, examine, or copy such document or thing in whole or in part; or (d) as a practical matter, have been able to use, inspect, examine, or copy such document or thing in whole or in part.

3.      If any portion of any document is responsive to any document request, produce the entire document. If the document contains both privileged and unprivileged material, produce the document with the privileged material redacted, together with a statement concerning the privilege asserted as required by paragraph 4 of these Instructions.

4.      With respect to any document that is not produced, whether in whole or in part, on the grounds of any privilege, provide a privilege log contemporaneously with your responses to these Requests containing the following information: (a) The date of the document; (b) The author of the document; (c) The recipient(s) of the document, if any (To/CC/BCC fields); (d) The subject matter of the document; (e) The nature of the document (letter, memorandum, notes, etc.); (f) The privilege(s) claimed; (g) A description of the privilege(s) so as to explain the basis for withholding the document or thing in sufficient detail so as to enable the claim of privilege to be adjudicated, if necessary; (h) Whether the document or thing has been redacted; and (i) The number of pages.

5.      These document requests seek production of all documents described, including all drafts, of whatever date, and all non-identical copies or originals. In the event that multiple copies of a document exist, produce every copy on which appear any notations or markings of any sort that do not appear on any other copy.

6.      If any document or thing or any part of any document or thing that you are requested to produce or identify herein was at one time in existence, but has been lost, discarded, or destroyed, identify in writing each document or thing and provide the following information: (a) the date or approximate date it was lost, discarded, or destroyed; (b) the circumstances and manner in which it was lost, discarded, or destroyed; (c) the reason(s) for disposing of the document (if discarded or destroyed); (d) the identity of all persons authorizing the document and/or having knowledge of the document; (e) the identity of the person(s) who lost, discarded, or destroyed the document; (f) the identity of any persons having knowledge of the contents thereof; and (g) a detailed summary of the nature and contents of the document, including the author(s) of the document(s), the name of the person(s) to whom the document(s) was (were) delivered or addressed, including indicated or blind copy recipients, the date of the document(s), and a description of the subject matter thereof, including any attachment or appendices, and the number of pages.

7.      Whenever appropriate, the singular form of a word should be interpreted also in the plural, and the plural form of a word should be interpreted also in the singular.

8.      If you have no documents responsive to a request, please state this in your response to the specific request.

9.      If you object to any of the requests for documents and things set forth below, you must fully set forth your objections in writing. If objection is made to part of any request for any document and thing, the part should be specified. If you object to any request or part of any request, you must produce all documents to which your objection does not apply.

10.     Pursuant to Federal Rule of Civil Procedure 26(e)(1), this Request for Production shall be deemed continuing so as to require further and supplemental production if you obtain or discover additional documents between the time of initial production and the time of hearing OR trial.

11.     Each Request for Production shall be construed independently, and no Request for Production shall limit the scope of any other Request for Production.

## **DEFINITIONS**

1.      "All" means "any and all," and the word "any" shall be understood to include and encompass "all."

2.      "And" and "or" shall be construed conjunctively or disjunctively, whichever makes the request more inclusive.

3.      Any pronoun shall be construed to refer to the masculine, feminine, or neuter gender and singular or plural, as in each case is most appropriate.

4.      "Bail" means the security given by the accused that he will appear and answer before the proper court the accusation brought against him, and includes a bail bond or a personal bond.

5.      "Bail hearing" refers to any legal proceeding at which conditions of release are determined, or that might result in pretrial detention or a requirement to pay secured bail as a condition of release, in any Class A or Class B misdemeanor case to be prosecuted in the Harris County Criminal Courts at Law.

6.      "Bail review hearing" refers to a hearing that takes place in the courtroom of a County Criminal Court at Law Judge that is transcribed on the record or otherwise recorded, that is adversarial in that both the State and the Defendant are represented (or the Defendant has waived representation), and that involves an opportunity for both the State and Defendant to present documentary evidence and witness testimony.

7.      "Hearing Officer" refers to Harris County Criminal Law Hearing Officers, also called "magistrates," who primarily preside over the hearings required by Texas Code of Criminal Procedure art. 15.17.

4

8. "Joint Processing Center" refers to the facility located at 700 N. San Jacinto St., Houston, TX 77002, where individuals arrested in Harris County are processed and booked.

9. "Pretrial Services" or "PTS" refers to the Harris County department that synthesizes information into a report that the judiciary can rely on when making release and detention decisions and provide supervision services to individuals released on bond conditions.

10. "Magistration" refers to the legal proceeding that occurs in the Joint Processing Center, is presided over by a Hearing Officer, and is required by Article 15.17 of the Code of Criminal Procedure.

11. "County Criminal Court at Law Judges" or "CCCL Judges" refers to the judges sitting in the Harris County Criminal Courts at Law.

12. "Communication" when used herein means any form of information exchange, or attempted exchange, by any media in any manner, whether oral or written, including without limitation: correspondence, electronic mail ("email"), social media messages or posts, online discussion board posts and messages, face-to-face conversation, meeting or conference, telexes, facsimile transmissions, recordings in any medium of oral communication, telephone and message logs, and notes or memoranda relating to any written, electronic or oral communication, tweets, blogs or text messages, whether sent through the phone or computer itself or an application like Microsoft Teams, Signal, or WhatsApp. The word "communication" includes internal communications.

13. "Document" shall have the full meaning ascribed under the Federal Rules of Civil Procedure and shall mean, without limitation, any written, recorded, or graphic material of any kind within your possession, custody, or control, whether in paper or electronic form. The term includes, but is not limited to, all agreements; contracts; letters; telegrams; communications; facsimile transmissions; memoranda; reports; records; studies; instructions; specifications; handwritten or typewritten notes; notebooks; scrapbooks; diaries; calendars; plans; drawings; sketches; diagrams; minutes of meetings, conferences, and telephone or other conversations; photocopies; charts; graphs; descriptions; drafts; ledgers; financial statements or reports; invoices; bills; microfilm, microfiche, tape, disk, or diskette recordings; computer records and computer printouts; and emails, electronic intraoffice or interoffice messages, chats, or text messages, whether sent through the phone or computer itself or an application like Microsoft Teams, Signal, or WhatsApp.

14. "Include" or "including" denotes a portion of a larger whole and is used without limitation.

15. "Relating to" shall mean in whole or in part, constituting, containing, referring to, discussing, dealing with, describing, reflecting, or pertaining to in any way whatsoever.

16. "Unsecured bail" or "unsecured bond" refers to release that is conditioned on a promise to pay a specific amount of money if the person does not appear for a court proceeding and the judge forfeits the bond.

5

17.     "Secured bail amount" or "secured financial condition" refers to a requirement to make a cash payment, either in full or with the use of a bonding company or bail fund, prior to being released as a condition of being released.

18.     "The Sheriff" refers to Harris County Sheriff Ed Gonzalez in his official capacity.

19.     "The County" refers to Harris County and all of its agents and employees, including but not limited to the Harris County Criminal Law Hearing Officers.

## **REQUESTS FOR PRODUCTION**

**REQUEST FOR PRODUCTION NO. 1:**

All documents identified or relied upon in Your responses to Plaintiffs' Interrogatories. This request is continuing in nature under Federal Rule of Civil Procedure 26(e), meaning You have an obligation to supplement Your response should Plaintiffs serve subsequent interrogatories.

**REQUEST FOR PRODUCTION NO. 2:**

All documents or communications reflecting instructions, guidelines, policies, advisories, requests, or suggestions from any CCCL Judge or anyone acting on behalf of any CCCL Judge (e.g. a Court Coordinator or Staff Attorney), to any Criminal Law Hearing Officer, employee of the Office of Court Management, employee of Pretrial Services, employee of the District Attorney's Office, or other government official regarding the post-arrest process, from November 21, 2019 to the present.

**REQUEST FOR PRODUCTION NO. 3:**

All documents or communications pertaining to or otherwise supporting the Four CCCL Judges' proposed modification to the Consent Decree sent to the Monitors via letter in May of 2025, Dkt. 742-2, and partially reproduced in the Four CCCL Judges' Motion to Vacate, Dkt. 793 at 24.

## **CERTIFICATE OF SERVICE**

I certify that on December 16, 2025, a true and correct copy of this document was properly served on counsel of record via email per the Parties' agreement.

*/s/ Travis Walker Fife*
Travis Walker Fife