# EXHIBIT A

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **MARANDA LYNN ODONNELL**, *et. al.*, on behalf of themselves and all others similarly situated, Plaintiffs, | § § § § | |
| **v.** | § § | **CIVIL ACTION NO. 4:16-cv-1414** |
| **HARRIS COUNTY, TEXAS**, *et. al.*, Defendants. | § § § | |

**DEFENDANT JUDGES' REQUESTS FOR ADMISSION,**
**INTERROGATORIES AND REQUESTS FOR PRODUCTION TO PLAINTIFFS**

TO: Plaintiffs, by and through their counsel of record.

Pursuant to Rules 33, 34 and 36 of the Federal Rules of Civil Procedure, Defendants, Judges Paula Goodhart, Jessica Padilla, Leslie Johnson and Linda Garcia, serve these requests for admission, interrogatories and requests for production. Please serve Your Responses, including verified responses to the interrogatories and copies of all requested documents, electronically stored information, or tangible things must be served within 30 days, to the undersigned counsel.

1

Respectfully submitted,

**GREER, HERZ & ADAMS, L.L.P.**

By:    /s/ *Joseph R. Russo, Jr.*
Joseph R. Russo, Jr.
Federal I.D. No. 22559
State Bar No. 24002879
jrusso@greerherz.com
Angie Olalde
Fed. ID No. 690133
State Bar No. 24049015
aolalde@greerherz.com
One Moody Plaza, 18th Floor
Galveston, Texas 77550
(409) 797-3200 (Telephone)
(866) 456-0170 (Fax)

**ATTORNEYS FOR DEFENDANTS HON.
PAULA GOODHART, HON. JESSICA
PADILLA, HON. LESLIE JOHNSON, AND
HON. LINDA GARCIA**

## CERTIFICATE OF SERVICE

I certify that on the 11th day of February, 2026, a true and correct copy of the foregoing document was delivered to all counsel of record via email.

*/s/ Joseph R. Russo, Jr.*

2

**DEFENDANT JUDGES' REQUESTS FOR ADMISSION, INTERROGATORIES AND REQUESTS FOR PRODUCTION TO PLAINTIFFS**

**DEFINITIONS**

These terms have the following meanings, unless the context requires otherwise:

1. "Bail Assessment" shall mean any proceeding before a hearing officer, magistrate or other judge wherein such official is to, among other things, consider the terms of pretrial release of an arrestee.

2. "Court Monitors" means the Court-appointed monitors Professor Brandon Garrett and Sandra Guerra Thompson (Dkt. 714), their agents, employees, and representatives.

3. "DCCCL Judges" shall mean Judge Alex Salgado, Judge Shannon Baldwin, Judge David M. Fleischer, Judge Kelley Andrews, Judge Andrew A. Wright, Judge Erika Ramirez, Judge Toria J. Finch, Judge Juanita A. Jackson, Judge Sedrick T. Walker, II, Judge Ashley Guice, Judge Raul Rodriguez, and Judge Tonya Jones.

4. "Defendants" shall mean any person or entity that has been a Defendant in this case since filed by Plaintiffs and includes without limitation, Harris County, each person having capacity as Harris County Sheriff, each person serving in an official capacity as judge of any Harris County Criminal Court at Law .

5. "GOB" shall mean the General Conditions of Release and Supervision order that, under the Consent Decree, is issued without an arrestee being seen by a magistrate or hearing officer.

6. "Local Rule" shall refer to the Harris County Criminal Courts at Law Local Rules of Court.

7. "Plaintiffs," "You" or "Your" shall mean the plaintiffs in this lawsuit, and their agents, representatives, experts, and other persons acting or purporting to act on their behalf.

8. "RCCCL Judges" shall mean Defendants Judge Paula Goodhart, Judge Jessica Padilla, Judge Leslie Johnson and Judge Linda Garcia.

9. "Senate Bill 6" or "S.B. 6" refers to Senate Bill 6 adopted in the Second Special Session of the 87th Texas Legislature (2021) amending various articles of the Texas Code of Criminal Procedure.

10. "Senate Bill 9" or "S.B. 9" refers to Senate Bill 9 adopted by the 89th Texas Legislature (2025) amending various articles of the Texas code of Criminal Procedure and Texas Government Code.

11. "Senate Bill 8" or "S.B. 8" refers to Senate Bill 8 adopted by the 89th Texas Legislature (2025) amending Chapter 752, Subchapter D, of the Texas Government Code.

12. "Lawsuit" shall mean this litigation, as captioned in these discovery requests.

13. "Document" means all documents, electronically stored information, or tangible things. The term is synonymous with and equal in scope to the terms "documents," "electronically stored information," and "tangible things" in Federal Rule of Civil Procedure 34(a)(1). The term includes, but is not limited to, written communications such as emails, letters, or messages (whether digital, voice or printed), charts, photographs, memoranda, reports, notes, audits, drafts, instructions, lists, logs, or summaries. A draft or nonidentical copy of a document, electronically stored information, or a tangible thing is a separate "Document."

14. "Electronically stored information" means electronic information that is stored in a medium from which it can be retrieved and examined. It includes, but is not limited to, all electronic files that are electronically stored.

   (1)    "Electronic file" includes, but is not limited to, the following: voicemail messages and files; e-mail messages and files; text messages and files; deleted files; temporary files; system-history files; Internet- or web-browser-generated information stored in textual, graphical, or audio format, including history files, caches, and cookies; computer-activity logs; and metadata.

   (2)    "Electronic information system" refers to a computer system or network that contains electronic files and electronic storage.

   (3)    "Electronic storage" refers to electronic files contained on magnetic, optical, or other storage media, such as hard drives, flash drives, DVDs, CDs, tapes, cartridges, floppy diskettes, smart cards, and integrated-circuit cards (e.g., SIM cards).

   (4).    "Tangible thing" means a physical object that is not a document or electronically stored information.

15. "Communication" means the transmittal or exchange of information in the form of facts, ideas, inquiries, or otherwise, whether face-to-face, oral, written, by telephone, mail, text message, electronic mail, personal delivery, or otherwise.

16. "Relating" means concerning, referring, describing, evidencing, connected with, commenting on, responding to, showing, describing, analyzing, or constituting, whether directly or indirectly or in whole or in part.

17. "Possession" includes "constructive possession" and means information or documents that you either physically possess or have access to, or which You may obtain through authorization or release.

18. The words "and" and "or" shall each be individually interpreted in every instance as meaning "and/or" and shall not be interpreted disjunctively to exclude any information otherwise within the scope of any specification.

19. The words "any" and "all" shall be construed conjunctively or disjunctively as required by the context within the scope of the request so as not to exclude any information that might be deemed inside the request by any other construction.

## SCOPE AND INSTRUCTIONS

1. Unless otherwise noted, the relevant period is January 1, 2022 to present.

2. These discovery requests are continuing in nature. If further information comes into the possession of, or is brought to Your attention or that of Your representatives or attorneys, supplementation of Your response(s) is required.

3. Produce electronically stored information in native format or as agreed upon by You and the requesting party. For any electronically stored information produced:

   a. Produce a discovery log that details the type of information, the source of the information, the discovery request to which the information corresponds, and the information's electronic ID number.

   b. Write all of the electronically stored information to reasonably usable storage media such as a CD, DVD, or flash drive or, if more expedient, transfer using a secure transfer link.

4. For electronically stored information, identify every source containing potentially responsive information that You are not searching or producing.

5. Defined terms include any version of that term, including but not limited to font or formatting changes in capitalization, italicization, bolding, and underlining.

6. The singular of any noun or pronoun includes the plural as determined from the context of the request, and vice versa. Similarly, the masculine of any pronoun includes the feminine as determined from the context of the request, and vice versa.

7. If You claim any privilege or immunity in connection with any of these discovery Requests, You shall state the claim in detail and provide all information that is relevant to the evaluation of the claim of privilege or immunity or to the waiver of the privilege or immunity, specifically including the privilege claimed, the facts upon which You rely to support the claim of privilege, and the scope of said privilege. The information shall be sufficient to allow presentation of the claim to the court and to allow the Requesting Party to contest the claim and urge any waiver of the privilege. The information shall also include, without limitation, the identity of all Documents and of all oral statements and communications relating to the claim or its waiver. Proceed to answer with all requested information for which protection or privilege is not claimed.

8. It is requested that Your counsel discuss with the requesting party's counsel any question(s) regarding perceived ambiguities in, or claims regarding the burdens involved in, or compliance with the discovery sought in these requests in order to resolve any such issues without the necessity of court intervention.

9. "Identify,"

    a. unless otherwise specified, when used in reference to a <u>person</u> means to set forth the following information:

        i. The person's full name;

        ii. The person's present or last known business address and telephone number and in the case of a natural person, also state his home address and telephone number; and

        iii. if employed by a person or entity related to the Litigation, the person's title and length of time working with the person or entity.

    b. unless otherwise specified, when used in reference to a <u>document</u> means to set forth the following information:

        i. the date of the document;
        ii. the identity of all persons who made and received the document or who received copies thereof;
        iii. the type of document; and
        iv. the present location and custodian of the document;

    c. unless otherwise specified, when used in reference to a <u>conversation</u> or <u>communication</u> to set forth the following information:

        i. the date and length of the conversation or communication;
        ii. the identity of all parties to the conversation or communication;
        iii. the identity of all other witnesses to the conversation or communication;
        iv. the place where the conversation took place (if the conversation or communication did not take place in person, set forth the location of each party to and each witness to the conversation or communication);
        v. the general subject matter(s) of the conversation or communication.

If any of the above information is not available, state any other available means of identifying such person.

10. If any document which would be responsive to any discovery request herein was, but is no longer, in your possession or subject to your control, or is no longer in existence, identify each document, in the manner defined herein above, and by additionally stating:

    a. if it is missing or lost; or
    b. if it has been destroyed; or
    c. if it has been transferred voluntarily to others; or
    d. it has been otherwise disposed of; and, in each instance in which it has been destroyed, transferred, or disposed of:

i.      explain the circumstances surrounding such disposition; and
ii.     identify the persons(s) directing or authorizing its destruction or transfer; and
iii.    the date(s) of such direction or authorization; and
iv.     whether the document (or copies) are still in existence, and if so, identify the custodians(s) and its (or their) present locations(s).

## REQUESTS FOR ADMISSION

**REQUEST FOR ADMISSION NO. 1:** Admit that, under the Consent Decree, arrestees with a history of criminal violence have been released with a GOB without a magistrate judge or hearing officer conducting an individualized review of the circumstances.

**ANSWER:**

**REQUEST FOR ADMISSION NO. 2:** Admit that, under the Consent Decree, arrestees who should have been "carved out" from receiving a GOB have been released with a GOB.

**ANSWER:**

**REQUEST FOR ADMISSION NO. 3:** Admit that, under the Consent Decree, arrestees arrested for an offense described under Local Rule 9.4 (carved out from receiving a GOB) are required to be released on a GOB if they have not been brought before a judge, hearing officer or magistrate for a Bail Assessment within 48 hours after their arrest.

**ANSWER:**

**REQUEST FOR ADMISSION NO. 4:** Admit that, under the Consent Decree, a misdemeanor arrestee arrested for an offense NOT described under Local Rule 9.4 (NOT carved out from receiving a GOB) will be released on a GOB even if circumstances surrounding their arrest indicate an intent to reoffend or make contact with a victim.

**ANSWER:**

**REQUEST FOR ADMISSION NO. 5:** Admit that the GOB is a standing order.

**ANSWER:**

**REQUEST FOR ADMISSION NO. 6:** Admit that the Consent Decree mandates the release of persons arrested for certain Class A or B misdemeanor offenses without an individualized consideration of all circumstances and of the factors required by Texas Code of Criminal Procedure Article 17.15(a).

**ANSWER:**

## INTERROGATORIES

**INTERROGATORY NO. 1:** If your response to any request for admission was not an unequivocal "admit," please explain the reasons and factual support for your answer.

**ANSWER:**

**INTERROGATORY NO. 2:** Do you contend that modifications should be made to the Consent Decree to bring it into compliance with Texas law S.B. 6 and S.B. 9 and, if so, state specifically what those modifications are and the reasons and factual support for such modifications, including a description of any discussions of such modifications with the Court Monitors.

**ANSWER:**

**INTERROGATORY NO. 3:** Identify all bases, studies, reports, communications, or other documents that support or refute your contention that the GOB release procedure under the Consent Decree (e.g., releasing most Class A and B misdemeanor arrestees without a magistrate, judge, or hearing officer first conducting an individualized review of the facts and circumstances) protects public safety, including the safety of victims, law enforcement officers, and communities.

**ANSWER:**

**INTERROGATORY NO. 4:** Identify all situations of which you are aware where an arrestee was released on a GOB without a Bail Assessment, but release was not required under the Consent Decree.

**ANSWER:**

**INTERROGATORY NO. 5:** If you contend that the Consent Decree protects arrestees against constitutional violations that are not also protected by current Texas state law, specifically as amended by S.B. 6 or S.B. 9, please identify each such situation, the factual basis for such contention(s), and provide complete descriptions, details and/or examples of any such situations.

**ANSWER:**

## REQUESTS FOR PRODUCTION

**REQUEST FOR PRODUCTION NO 1:** All documents you reviewed or relied on to respond to the interrogatories served with these requests.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 2:** All documents and communications with any Defendant (as defined above) in this matter, or their counsel, in any way related to settlement negotiations in this case between January of 2018 and December 31, 2019.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 3:** All documents and communications with any Defendant (as defined above) in this matter, or their counsel, or the Court Monitors in any way related to the implementation, processes, procedures, operation, value, or violations of the Consent Decree or Local Rule 9, or suggested modifications, changes or problems therewith since November 30, 2019.

**RESPONSE:**

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
### HOUSTON DIVISION

| | | |
|---|---|---|
| **MARANDA LYNN ODONNELL**, *et. al.*, on behalf of themselves and all others similarly situated, Plaintiffs, | § § § § | |
| **v.** | § § | **CIVIL ACTION NO. 4:16-cv-1414** |
| **HARRIS COUNTY, TEXAS**, *et. al.*, Defendants. | § § § | |

### DEFENDANT JUDGES' REQUESTS FOR ADMISSION, INTERROGATORIES AND REQUESTS FOR PRODUCTION TO DCCCL JUDGES

TO: Defendants, DCCCL Judges, by and through their counsel of record.

Pursuant to Rules 33, 34 and 36 of the Federal Rules of Civil Procedure, Defendants, Judges Paula Goodhart, Jessica Padilla, Leslie Johnson and Linda Garcia, serve these requests for admission, interrogatories and requests for production. Please serve Your Responses, including verified responses to the interrogatories and copies of all requested documents, electronically stored information, or tangible things must be served within 30 days, to the undersigned counsel.

1

Respectfully submitted,

**GREER, HERZ & ADAMS, L.L.P.**

By:    /s/ *Joseph R. Russo, Jr.*
       Joseph R. Russo, Jr.
       Federal I.D. No. 22559
       State Bar No. 24002879
       jrusso@greerherz.com
       Angie Olalde
       Fed. ID No. 690133
       State Bar No. 24049015
       aolalde@greerherz.com
       One Moody Plaza, 18th Floor
       Galveston, Texas 77550
       (409) 797-3200 (Telephone)
       (866) 456-0170 (Fax)

**ATTORNEYS FOR DEFENDANTS HON. PAULA GOODHART, HON. JESSICA PADILLA, HON. LESLIE JOHNSON, AND HON. LINDA GARCIA**

## <u>CERTIFICATE OF SERVICE</u>

I certify that on the 11th day of February, 2026, a true and correct copy of the foregoing document was delivered to all counsel of record via email.

*/s/ Joseph R. Russo, Jr.*

2

**DEFENDANT JUDGES' REQUESTS FOR ADMISSION, INTERROGATORIES AND REQUESTS FOR PRODUCTION TO DCCCL JUDGES**

**DEFINITIONS**

These terms have the following meanings, unless the context requires otherwise:

1. "Bail Assessment" shall mean any proceeding before a hearing officer, magistrate or other judge wherein such official is to, among other things, consider the terms of pretrial release of an arrestee.

2. "Court Monitors" means the Court-appointed monitors Professor Brandon Garrett and Sandra Guerra Thompson (Dkt. 714), their agents, employees, and representatives.

3. "DCCCL Judges" "You" or "Your" shall mean Judge Alex Salgado, Judge Shannon Baldwin, Judge David M. Fleischer, Judge Kelley Andrews, Judge Andrew A. Wright, Judge Erika Ramirez, Judge Toria J. Finch, Judge Juanita A. Jackson, Judge Sedrick T. Walker, II, Judge Ashley Guice, Judge Raul Rodriguez, and Judge Tonya Jones.

4. "Defendants" shall mean any person or entity that has been a Defendant in this case since filed by Plaintiffs and includes without limitation, Harris County, each person having capacity as Harris County Sheriff, each person serving in an official capacity as judge of any Harris County Criminal Court at Law .

5. "GOB" shall mean the General Conditions of Release and Supervision order that, under the Consent Decree, is issued without an arrestee being seen by a magistrate or hearing officer.

6. "Local Rule" shall refer to the Harris County Criminal Courts at Law Local Rules of Court.

7. "Plaintiffs," shall mean the plaintiffs in this lawsuit, and their agents, representatives, experts, and other persons acting or purporting to act on their behalf.

8. "RCCCL Judges" shall mean Defendants Judge Paula Goodhart, Judge Jessica Padilla, Judge Leslie Johnson and Judge Linda Garcia.

9. "Senate Bill 6" or "S.B. 6" refers to Senate Bill 6 adopted in the Second Special Session of the 87th Texas Legislature (2021) amending various articles of the Texas Code of Criminal Procedure.

10. "Senate Bill 9" or "S.B. 9" refers to Senate Bill 9 adopted by the 89th Texas Legislature (2025) amending various articles of the Texas code of Criminal Procedure and Texas Government Code.

11. "Senate Bill 8" or "S.B. 8" refers to Senate Bill 8 adopted by the 89th Texas Legislature (2025) amending Chapter 752, Subchapter D, of the Texas Government Code.

12. "Lawsuit" shall mean this litigation, as captioned in these discovery requests.

13. "Document" means all documents, electronically stored information, or tangible things. The term is synonymous with and equal in scope to the terms "documents," "electronically stored information," and "tangible things" in Federal Rule of Civil Procedure 34(a)(1). The term includes, but is not limited to, written communications such as emails, letters, or messages (whether digital, voice or printed), charts, photographs, memoranda, reports, notes, audits, drafts, instructions, lists, logs, or summaries. A draft or nonidentical copy of a document, electronically stored information, or a tangible thing is a separate "Document."

14. "Electronically stored information" means electronic information that is stored in a medium from which it can be retrieved and examined. It includes, but is not limited to, all electronic files that are electronically stored.

    (1)    "Electronic file" includes, but is not limited to, the following: voicemail messages and files; e-mail messages and files; text messages and files; deleted files; temporary files; system-history files; Internet- or web-browser-generated information stored in textual, graphical, or audio format, including history files, caches, and cookies; computer-activity logs; and metadata.

    (2)    "Electronic information system" refers to a computer system or network that contains electronic files and electronic storage.

    (3)    "Electronic storage" refers to electronic files contained on magnetic, optical, or other storage media, such as hard drives, flash drives, DVDs, CDs, tapes, cartridges, floppy diskettes, smart cards, and integrated-circuit cards (e.g., SIM cards).

    (4).    "Tangible thing" means a physical object that is not a document or electronically stored information.

15. "Communication" means the transmittal or exchange of information in the form of facts, ideas, inquiries, or otherwise, whether face-to-face, oral, written, by telephone, mail, text message, electronic mail, personal delivery, or otherwise.

16. "Relating" means concerning, referring, describing, evidencing, connected with, commenting on, responding to, showing, describing, analyzing, or constituting, whether directly or indirectly or in whole or in part.

17. "Possession" includes "constructive possession" and means information or documents that you either physically possess or have access to, or which You may obtain through authorization or release.

18. The words "and" and "or" shall each be individually interpreted in every instance as meaning "and/or" and shall not be interpreted disjunctively to exclude any information otherwise within the scope of any specification.

19. The words "any" and "all" shall be construed conjunctively or disjunctively as required by the context within the scope of the request so as not to exclude any information that might be deemed inside the request by any other construction.

## SCOPE AND INSTRUCTIONS

1. Unless otherwise noted, the relevant period is January 1, 2022 to present.

2. These discovery requests are continuing in nature. If further information comes into the possession of, or is brought to Your attention or that of Your representatives or attorneys, supplementation of Your response(s) is required.

3. Produce electronically stored information in native format or as agreed upon by You and the requesting party. For any electronically stored information produced:

   a. Produce a discovery log that details the type of information, the source of the information, the discovery request to which the information corresponds, and the information's electronic ID number.

   b. Write all of the electronically stored information to reasonably usable storage media such as a CD, DVD, or flash drive or, if more expedient, transfer using a secure transfer link.

4. For electronically stored information, identify every source containing potentially responsive information that You are not searching or producing.

5. Defined terms include any version of that term, including but not limited to font or formatting changes in capitalization, italicization, bolding, and underlining.

6. The singular of any noun or pronoun includes the plural as determined from the context of the request, and vice versa. Similarly, the masculine of any pronoun includes the feminine as determined from the context of the request, and vice versa.

7. If You claim any privilege or immunity in connection with any of these discovery Requests, You shall state the claim in detail and provide all information that is relevant to the evaluation of the claim of privilege or immunity or to the waiver of the privilege or immunity, specifically including the privilege claimed, the facts upon which You rely to support the claim of privilege, and the scope of said privilege. The information shall be sufficient to allow presentation of the claim to the court and to allow the Requesting Party to contest the claim and urge any waiver of the privilege. The information shall also include, without limitation, the identity of all Documents and of all oral statements and communications relating to the claim or its waiver. Proceed to answer with all requested information for which protection or privilege is not claimed.

8. It is requested that Your counsel discuss with the requesting party's counsel any question(s) regarding perceived ambiguities in, or claims regarding the burdens involved in, or compliance with the discovery sought in these requests in order to resolve any such issues without the necessity of court intervention.

9.    "Identify,"

    a.    unless otherwise specified, when used in reference to a <u>person</u> means to set forth the following information:

        i.    The person's full name;

        ii.    The person's present or last known business address and telephone number and in the case of a natural person, also state his home address and telephone number; and

        iii.    if employed by a person or entity related to the Litigation, the person's title and length of time working with the person or entity.

    b.    unless otherwise specified, when used in reference to a <u>document</u> means to set forth the following information:

        i.    the date of the document;

        ii.    the identity of all persons who made and received the document or who received copies thereof;

        iii.    the type of document; and

        iv.    the present location and custodian of the document;

    c.    unless otherwise specified, when used in reference to a <u>conversation</u> or <u>communication</u> to set forth the following information:

        i.    the date and length of the conversation or communication;

        ii.    the identity of all parties to the conversation or communication;

        iii.    the identity of all other witnesses to the conversation or communication;

        iv.    the place where the conversation took place (if the conversation or communication did not take place in person, set forth the location of each party to and each witness to the conversation or communication);

        v.    the general subject matter(s) of the conversation or communication.

If any of the above information is not available, state any other available means of identifying such person.

10.    If any document which would be responsive to any discovery request herein was, but is no longer, in your possession or subject to your control, or is no longer in existence, identify each document, in the manner defined herein above, and by additionally stating:

    a.    if it is missing or lost; or

    b.    if it has been destroyed; or

    c.    if it has been transferred voluntarily to others; or

    d.    it has been otherwise disposed of; and, in each instance in which it has been destroyed, transferred, or disposed of:

i. explain the circumstances surrounding such disposition; and
ii. identify the persons(s) directing or authorizing its destruction or transfer; and
iii. the date(s) of such direction or authorization; and
iv. whether the document (or copies) are still in existence, and if so, identify the custodians(s) and its (or their) present locations(s)

**REQUESTS FOR ADMISSION**

**REQUEST FOR ADMISSION NO. 1:** Admit that, under the Consent Decree, arrestees with a history of criminal violence have been released with a GOB without a magistrate judge or hearing officer conducting an individualized review of the circumstances.

**ANSWER:**

**REQUEST FOR ADMISSION NO. 2:** Admit that, under the Consent Decree, arrestees arrested for an offense described under Local Rule 9.4 (carved out from receiving a GOB) have been released with a GOB without a Bail Assessment.

**ANSWER:**

**REQUEST FOR ADMISSION NO. 3:** Admit that, under the Consent Decree, arrestees arrested for an offense described under Local Rule 9.4 (carved out from receiving a GOB) are required to be released on a GOB if they have not been brought before a judge, hearing officer or magistrate for a Bail Assessment within 48 hours after their arrest.

**ANSWER:**

**REQUEST FOR ADMISSION NO. 4:** Admit that, under the Consent Decree, a misdemeanor arrestee arrested for an offense NOT described under Local Rule 9.4 (NOT carved out from receiving a GOB) are required by the Consent Decree to be released on a GOB even if circumstances surrounding their arrest indicate an intent to reoffend or make contact with a victim.

**ANSWER:**

**REQUEST FOR ADMISSION NO. 5:** Admit that the GOB is a standing order.

**ANSWER:**

**REQUEST FOR ADMISSION NO. 6:** Admit that you believe that the RCCCL and DCCCL must comply with Texas law, specifically as relates to conducting Bail Assessments before determining terms of bail or being released on bond or GOB.

**ANSWER:**

**REQUEST FOR ADMISSION NO. 7:** Admit that the Consent Decree mandates the release of persons arrested for certain Class A or B misdemeanor offenses without an individualized

consideration of all circumstances and of the factors required by Texas Code of Criminal Procedure Article 17.15(a).

**ANSWER:**

**REQUEST FOR ADMISSION NO. 8:** Admit that the Consent Decree does not exclude those arrested for misdemeanor indecent assault being required to be released on a GOB.

**ANSWER:**


## INTERROGATORIES

**INTERROGATORY NO. 1:** If your response to any request for admission was not an unequivocal "admit," please explain the reasons and factual support for your answer.

**ANSWER:**

**INTERROGATORY NO. 2:** Do you contend that modifications should be made to the Consent Decree to bring it into compliance with Texas law S.B. 6 and S.B. 9 and, if so, state specifically what those modifications are and the reasons and factual support for such modifications, including a description of any discussions of such modifications with the Court Monitors.

**ANSWER:**

**INTERROGATORY NO. 3:** Do you contend that the GOB release order required under the Consent Decree protects or improves public safety, including the safety of victims, law enforcement officers, and communities as a whole and if so, identify the bases, studies, reports, communications, or other documents that support or refute that contention.

**ANSWER:**


**INTERROGATORY NO. 4:** Identify all situations of which you are aware where an arrestee was released on a GOB without a Bail Assessment, but release on a GOB should not have been required under the Consent Decree.

**ANSWER:**


**INTERROGATORY NO. 5:** For each of the DCCCL Courts, does an order for bail forfeiture bail and/or bail revocation for a particular arrestee generally indicate that the arrestee failed to appear at the hearing in question, and if not, please explain.

**ANSWER:**

**REQUESTS FOR PRODUCTION**

**REQUEST FOR PRODUCTION NO 1:** All documents you reviewed or relied on to respond to the interrogatories served with these requests.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 2:** All documents and communications with any other party to this case or their counsel, or Defendants (as defined above) in this matter, or their counsel, in any way related to settlement negotiations in this case between January of 2018 and December 31, 2019.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 3:** All documents, communications, and instructions, including any guidelines, policies, advisories, requests, suggestions, research, discussion, draft amendments, meeting agendas, minutes, emails, or letters, regarding the Harris County process of pre-trial detention and/or release, Consent Decree, and/or Local Rule 9 procedures or problems with, modifications, changes or amendments thereto between January 1, 2019 to the present between or among you (or anyone acting on your behalf such as a Court Coordinator or Staff Attorney) with any of the following or their attorneys:

a. RCCCL or other DCCCL Judges;
b. Court Monitors;
c. Public defender's office attorney or personnel;
d. Harris County Criminal Court Hearing Officer;
e. Employees of the Office of Court Management, Pretrial Services, or the District Attorney's Office, and/or
f. Any Harris County Commissioner or a Department Head.

**RESPONSE**

**REQUEST FOR PRODUCTION NO. 4:** Since January of 2019, all documents, materials correspondence, lists, spreadsheets, logs, reports, complaints or communications reflecting, evidencing, tracking or discussing:

a. misdemeanor arrestees who were miscoded or improperly coded as requiring a GOB under the Consent Decree and given pretrial release on a GOB with no Bail Assessment;
b. a Defendant's noncompliance with the Consent Decree;
c. requests for information sent to or sought by Court Monitors;
d. processes or procedures under the Consent Decree, including problems with implementing any processes or procedures;
e. costs associated with the Consent Decree;

f.  whether the Consent Decree conflicts with Texas law or the Fifth Circuit's opinion in *Daves II*; or

g.  subsequent crimes committed by persons released on a GOB.

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **MARANDA LYNN ODONNELL**, *et. al.*, on behalf of themselves and all others similarly situated, Plaintiffs, | § § § § | |
| **v.** | § § | **CIVIL ACTION NO. 4:16-cv-1414** |
| **HARRIS COUNTY, TEXAS**, *et. al.*, Defendants. | § § § | |

**DEFENDANT JUDGES' REQUESTS FOR ADMISSION,**
**INTERROGATORIES AND REQUESTS FOR PRODUCTION TO HARRIS COUNTY**

TO: Defendant, Harris County, by and through their counsel of record.

Pursuant to Rules 33, 34 and 36 of the Federal Rules of Civil Procedure, Defendants, Judges Paula Goodhart, Jessica Padilla, Leslie Johnson and Linda Garcia, serve these requests for admissions, interrogatories and requests for production. Please serve Your Responses, including verified responses to the interrogatories and copies of all requested documents, electronically stored information, or tangible things must be served within 30 days, to the undersigned counsel.

1

Respectfully submitted,

**GREER, HERZ & ADAMS, L.L.P.**

By:    /s/ *Joseph R. Russo, Jr.*
Joseph R. Russo, Jr.
Federal I.D. No. 22559
State Bar No. 24002879
jrusso@greerherz.com
Angie Olalde
Fed. ID No. 690133
State Bar No. 24049015
aolalde@greerherz.com
One Moody Plaza, 18th Floor
Galveston, Texas 77550
(409) 797-3200 (Telephone)
(866) 456-0170 (Fax)

**ATTORNEYS FOR DEFENDANTS HON.
PAULA GOODHART, HON. JESSICA
PADILLA, HON. LESLIE JOHNSON, AND
HON. LINDA GARCIA**

## <u>CERTIFICATE OF SERVICE</u>

I certify that on the 11th day of February, 2026, a true and correct copy of the foregoing document was delivered to all counsel of record via email.

*/s/ Joseph R. Russo, Jr.*

2

**DEFENDANT JUDGES' REQUESTS FOR ADMISSION, INTERROGATORIES AND REQUESTS FOR PRODUCTION TO HARRIS COUNTY**

**DEFINITIONS**

These terms have the following meanings, unless the context requires otherwise:

1. "Bail Assessment" shall mean any proceeding before a hearing officer, magistrate or other judge wherein such official is to, among other things, consider the terms of pretrial release of an arrestee.

2. "Court Monitors" means the Court-appointed monitors Professor Brandon Garrett and Sandra Guerra Thompson (Dkt. 714), their agents, employees, and representatives.

3. "DCCCL Judges" shall mean Judge Alex Salgado, Judge Shannon Baldwin, Judge David M. Fleischer, Judge Kelley Andrews, Judge Andrew A. Wright, Judge Erika Ramirez, Judge Toria J. Finch, Judge Juanita A. Jackson, Judge Sedrick T. Walker, II, Judge Ashley Guice, Judge Raul Rodriguez, and Judge Tonya Jones.

4. "Defendants" shall mean any person or entity that has been a Defendant in this case since filed by Plaintiffs and includes without limitation, Harris County, each person having capacity as Harris County Sheriff, each person serving in an official capacity as judge of any Harris County Criminal Court at Law .

5. "Harris County," "You," or "Your" shall mean Harris County, and its various departments, agents, representatives, experts, Harris County Criminal Law Hearing Officers and other any persons acting or purporting to act on its behalf.

6. "GOB" shall mean the General Conditions of Release and Supervision order that, under the Consent Decree, is issued without an arrestee being seen by a magistrate or hearing officer.

7. "Local Rule" shall refer to the Harris County Criminal Courts at Law Local Rules of Court.

8. "RCCCL Judges" shall mean Defendants Judge Paula Goodhart, Judge Jessica Padilla, Judge Leslie Johnson and Judge Linda Garcia.

9. "Senate Bill 6" or "S.B. 6" refers to Senate Bill 6 adopted in the Second Special Session of the 87th Texas Legislature (2021) amending various articles of the Texas Code of Criminal Procedure.

10. "Senate Bill 9" or "S.B. 9" refers to Senate Bill 9 adopted by the 89th Texas Legislature (2025) amending various articles of the Texas code of Criminal Procedure and Texas Government Code.

11. "Senate Bill 8" or "S.B. 8" refers to Senate Bill 8 adopted by the 89th Texas Legislature (2025) amending Chapter 752, Subchapter D, of the Texas Government Code.

12. "Lawsuit" shall mean this litigation, as captioned in these discovery requests.

13. "Document" means all documents, electronically stored information, or tangible things. The term is synonymous with and equal in scope to the terms "documents," "electronically stored information," and "tangible things" in Federal Rule of Civil Procedure 34(a)(1). The term includes, but is not limited to, written communications such as emails, letters, or messages (whether digital, voice or printed), charts, photographs, memoranda, reports, notes, audits, drafts, instructions, lists, logs, or summaries. A draft or nonidentical copy of a document, electronically stored information, or a tangible thing is a separate "Document."

14. "Electronically stored information" means electronic information that is stored in a medium from which it can be retrieved and examined. It includes, but is not limited to, all electronic files that are electronically stored.

    (1)    "Electronic file" includes, but is not limited to, the following: voicemail messages and files; e-mail messages and files; text messages and files; deleted files; temporary files; system-history files; Internet- or web-browser-generated information stored in textual, graphical, or audio format, including history files, caches, and cookies; computer-activity logs; and metadata.

    (2)    "Electronic information system" refers to a computer system or network that contains electronic files and electronic storage.

    (3)    "Electronic storage" refers to electronic files contained on magnetic, optical, or other storage media, such as hard drives, flash drives, DVDs, CDs, tapes, cartridges, floppy diskettes, smart cards, and integrated-circuit cards (e.g., SIM cards).

    (4).    "Tangible thing" means a physical object that is not a document or electronically stored information.

15. "Communication" means the transmittal or exchange of information in the form of facts, ideas, inquiries, or otherwise, whether face-to-face, oral, written, by telephone, mail, text message, electronic mail, personal delivery, or otherwise.

16. "Relating" means concerning, referring, describing, evidencing, connected with, commenting on, responding to, showing, describing, analyzing, or constituting, whether directly or indirectly or in whole or in part.

17. "Possession" includes "constructive possession" and means information or documents that you either physically possess or have access to, or which You may obtain through authorization or release.

18. The words "and" and "or" shall each be individually interpreted in every instance as meaning "and/or" and shall not be interpreted disjunctively to exclude any information otherwise within the scope of any specification.

19. The words "any" and "all" shall be construed conjunctively or disjunctively as required by the context within the scope of the request so as not to exclude any information that might be deemed inside the request by any other construction.

## SCOPE AND INSTRUCTIONS

1.      Unless otherwise noted, the relevant period is January 1, 2022 to present.

2.      These discovery requests are continuing in nature. If further information comes into the possession of, or is brought to Your attention or that of Your representatives or attorneys, supplementation of Your response(s) is required.

3.      Produce electronically stored information in native format or as agreed upon by You and the requesting party. For any electronically stored information produced:

a.   Produce a discovery log that details the type of information, the source of the information, the discovery request to which the information corresponds, and the information's electronic ID number.

b.   Write all of the electronically stored information to reasonably usable storage media such as a CD, DVD, or flash drive or, if more expedient, transfer using a secure transfer link.

4.      For electronically stored information, identify every source containing potentially responsive information that You are not searching or producing.

5.      Defined terms include any version of that term, including but not limited to font or formatting changes in capitalization, italicization, bolding, and underlining.

6.      The singular of any noun or pronoun includes the plural as determined from the context of the request, and vice versa. Similarly, the masculine of any pronoun includes the feminine as determined from the context of the request, and vice versa.

7.      If You claim any privilege or immunity in connection with any of these discovery Requests, You shall state the claim in detail and provide all information that is relevant to the evaluation of the claim of privilege or immunity or to the waiver of the privilege or immunity, specifically including the privilege claimed, the facts upon which You rely to support the claim of privilege, and the scope of said privilege. The information shall be sufficient to allow presentation of the claim to the court and to allow the Requesting Party to contest the claim and urge any waiver of the privilege. The information shall also include, without limitation, the identity of all Documents and of all oral statements and communications relating to the claim or its waiver. Proceed to answer with all requested information for which protection or privilege is not claimed.

8.      It is requested that Your counsel discuss with the requesting party's counsel any question(s) regarding perceived ambiguities in, or claims regarding the burdens involved in, or compliance with the discovery sought in these requests in order to resolve any such issues without the necessity of court intervention.

9.  "Identify,"

    a.  unless otherwise specified, when used in reference to a <u>person</u> means to set forth the following information:

        i.  The person's full name;

        ii.  The person's present or last known business address and telephone number and in the case of a natural person, also state his home address and telephone number; and

        iii.  if employed by a person or entity related to the Litigation, the person's title and length of time working with the person or entity.

    b.  unless otherwise specified, when used in reference to a <u>document</u> means to set forth the following information:

        i.  the date of the document;

        ii.  the identity of all persons who made and received the document or who received copies thereof;

        iii.  the type of document; and

        iv.  the present location and custodian of the document;

    c.  unless otherwise specified, when used in reference to a <u>conversation</u> or <u>communication</u> to set forth the following information:

        i.  the date and length of the conversation or communication;

        ii.  the identity of all parties to the conversation or communication;

        iii.  the identity of all other witnesses to the conversation or communication;

        iv.  the place where the conversation took place (if the conversation or communication did not take place in person, set forth the location of each party to and each witness to the conversation or communication);

        v.  the general subject matter(s) of the conversation or communication.

If any of the above information is not available, state any other available means of identifying such person.

10.  If any document which would be responsive to any discovery request herein was, but is no longer, in your possession or subject to your control, or is no longer in existence, identify each document, in the manner defined herein above, and by additionally stating:

    a.  if it is missing or lost; or

    b.  if it has been destroyed; or

    c.  if it has been transferred voluntarily to others; or

    d.  it has been otherwise disposed of; and, in each instance in which it has been destroyed, transferred, or disposed of:

      i.      explain the circumstances surrounding such disposition; and

     ii.      identify the persons(s) directing or authorizing its destruction or transfer; and

    iii.      the date(s) of such direction or authorization; and

    iv.      whether the document (or copies) are still in existence, and if so, identify the custodians(s) and its (or their) present locations(s)

## REQUESTS FOR ADMISSION

**REQUEST FOR ADMISSION NO. 1:** Admit that You received a request from the RCCCL Judges seeking representation in this case no later than December 13, 2023.

**ANSWER:**

**REQUEST FOR ADMISSION NO. 2:** Admit that You declined to consider providing funding for legal representation in this case for the RCCCL Judges on April 23, 2024.

**ANSWER:**

**REQUEST FOR ADMISSION NO. 3:** Admit that absent the Consent Decree the DCCCL Judges and RCCCL Judges can modify by majority vote the Local Rules governing Bail Assessment procedures.

**ANSWER:**

## INTERROGATORIES

**INTERROGATORY NO. 1:** If your response to any request for admission was not an unequivocal "admit," please explain the reasons and factual support for your answer.

**ANSWER:**

**INTERROGATORY NO. 2:** Do you contend that modifications should be made to the Consent Decree to bring it into compliance with Texas law S.B. 6 and S.B. 9 and, if so, state specifically what those modifications are and the reasons and factual support for such modifications, including a description of any discussions of such modifications with the Court Monitors.

**ANSWER:**

**INTERROGATORY NO. 3:** Do you contend that the GOB release order required under the Consent Decree protects or improves public safety, including the safety of victims, law enforcement officers, and communities as a whole and if so, identify the bases, studies, reports, communications, or other documents that support or refute that contention.

**ANSWER:**

**INTERROGATORY NO. 4:** For each year between 2019 and 2026, identify by job title, role or position the number of employees, personnel or staff (full or part time) that were added to your various offices or departments, such as, without limitation, the Harris County Pretrial Services, Public Defender's Office, the Harris County Sheriff's Department, Harris County Justice Innovation Team, the Office of Court Administration, Justice Administration Dept. etc., as a result of your need to implement and/or comply with the terms of the Consent Decree and state the number of employees or staff who had that job title, role or position on January 1, 2018, (or state no one held that job title, role or position on that date).

**ANSWER:**

**INTERROGATORY NO. 5:** Identify the County's annual expenses related to implementation of and compliance with the Consent Decree for each year between 2019 to date, listing, <u>without limitation</u>, the following categories of expenses and amounts spent each year (include the estimated or budgeted expenses for compliance for 2026):

    a.  costs associated with Court Monitors and/or their expenses;
    b.  costs associated with expansion of Harris County Pretrial Services office, personnel and expenses since 2018;
    c.  costs of presentations and training materials and associated vendor or consultant expenses;
    d.  costs of computer or software upgrades, expanded storage and data maintenance necessitated by implementation of the Consent Decree;
    e.  consultant or vendor fees and expenses associated with reports or studies of, (1) Ideas42, (2) relating to Harris County criminal justice or bail reform measures, or (3) regarding actual or exploratory methods to measure, improve, impact or maintain bond forfeiture rates or rates of nonappearances at hearings for arrestees released on bail; and/or
    f.  costs related reports, studies or expenditures of the County Justice Innovation Team.

**ANSWER:**

<b><u>REQUESTS FOR PRODUCTION</u></b>

**REQUEST FOR PRODUCTION NO 1:** All documents you reviewed or relied on to respond to the interrogatories served with these requests.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 2:** All documents and communications with any Defendant (as defined above) in this matter, or their counsel, in any way related to settlement negotiations in this case between January of 2018 and December 31, 2019.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 3:**  All documents, communications, or instructions, (including any guidelines, policies, advisories, requests, suggestions, research, discussion, draft amendments, meeting agendas, or minutes), regarding the Harris County process of misdemeanor pretrial detention and/or release, implementation or compliance with the Consent Decree, and/or Local Rule 9 procedures or problems with, modifications, changes or amendments thereto between January 1, 2019 to the present by, from or between you and any of the following:

    a.  RCCCL or DCCCL Judges;
    b.  Plaintiffs or their counsel
    c.  Court Monitors;
    d.  Public defender's office attorney or personnel;
    e.  Harris County District Attorney's Office; and/or
    f.  Harris County Criminal Court Hearing Officers.

**RESPONSE**


**REQUEST FOR PRODUCTION NO. 4:** All documents or materials requested by, made available or provided to the Court Monitors as part of their functions under the Consent Decree, including data sets, descriptions of cells, fields, or fieldnames, spreadsheets, databases, expense statements, cost estimates, proposals or change requests (and communications relating to such documents or materials).

**RESPONSE**


**REQUEST FOR PRODUCTION NO. 5:** All documents or other materials reflecting or evidencing presentations, training statements or aids, handouts, articles, or Powerpoint or other slides related to implementation of, compliance with, monitoring efforts or modifications related to the Consent Decree.

**RESPONSE**


**REQUEST FOR PRODUCTION NO. 6:** All documents, reports, studies, analyses or other materials reflecting or evidencing costs or expenses incurred by you associated with implementation of and/or compliance with the Consent Decree, including, <u>without limitation:</u>

    a.  costs associated with Court Monitors and/or their expenses;
    b.  costs associated with expansion of Harris County Pretrial Services office, personnel and expenses since 2018;
    c.  costs of presentations and training materials and associated vendor or consultant expenses;
    d.  costs of computer or software upgrades, expanded storage and data maintenance necessitated by implementation of the Consent Decree;

e.  consultant or vendor fees and expenses associated with reports or studies of, (1) Ideas42, (2) relating to Harris County criminal justice or bail reform measures, or (3) regarding actual or exploratory methods to measure, improve, impact or maintain bond forfeiture rates or rates of nonappearance at hearings for arrestees released on bail; and/or

f.  related reports, studies or expenditures of the County Justice Innovation Team.

**RESPONSE**

**REQUEST FOR PRODUCTION NO. 7:** Since January of 2019, all documents, materials correspondence, lists, spreadsheets, logs, reports, complaints or communications reflecting, evidencing, tracking or discussing misdemeanor arrestees who were miscoded or improperly coded as requiring a GOB under the Consent Decree and given pretrial release on a GOB with no Bail Assessment (whether by or between you internally or sent or shared between you and Plaintiffs, other Defendants, Court Monitors, Harris County Court Hearing Officers or the Harris County District Attorney's Office.

**RESPONSE**