# EXHIBIT B

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
### for the

| | | |
|---|---|---|
| Maranda Lynn Odonnell, et al. | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No.   4:16-cv-01414 |
| Harris County, Texas, et al. | ) | |
| | ) | |
| *Defendant* | ) | |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:                                          Brandon L. Garrett

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See attached Exhibit A.

| Place: Greer, Herz and Adams, LLP<br>One Moody Plaza, 18th Floor<br>Galveston, Texas 77550 | Date and Time:<br><br>04/29/2026 9:00 am |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:      04/15/2026

| *CLERK OF COURT* | | |
|---|---|---|
| | OR | |
| _____ | | _____ |
| *Signature of Clerk or Deputy Clerk* | | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* _____
Judges Paula Goodhart, Jessica Padilla, Leslie Johnson, Linda Garcia____ , who issues or requests this subpoena, are:
Angie Olalde and Joseph R. Russo, Jr.

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 4:16-cv-01414

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❑ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

❑ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
      **(i)** is a party or a party's officer; or
      **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2)** *For Other Discovery.* A subpoena may command:
   **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*
   **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*
   **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      **(i)** fails to allow a reasonable time to comply;
      **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
      **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      **(iv)** subjects a person to undue burden.
   **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
      **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

      **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      **(i)** expressly make the claim; and
      **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the

| | | |
|---|---|---|
| Maranda Lynn Odonnell, et al. | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No.  4:16-cv-01414 |
| Harris County, Texas, et al. | ) | |
| | ) | |
| *Defendant* | ) | |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:                                         Brandon L. Garrett

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See attached Exhibit A.

| Place: Greer, Herz and Adams, LLP<br>One Moody Plaza, 18th Floor<br>Galveston, Texas 77550 | Date and Time:<br><br>04/29/2026 9:00 am |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:      04/15/2026

| CLERK OF COURT | | |
|---|---|---|
| | OR | |
| _____ | | _____ |
| *Signature of Clerk or Deputy Clerk* | | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* _____
Judges Paula Goodhart, Jessica Padilla, Leslie Johnson, Linda Garcia       , who issues or requests this subpoena, are:
 Angie Olalde and Joseph R. Russo, Jr.

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.  4:16-cv-01414

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

❐ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____0.00_____ .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

 **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
      **(i)** is a party or a party's officer; or
      **(ii)** is commanded to attend a trial and would not incur substantial expense.

 **(2)** *For Other Discovery.* A subpoena may command:
   **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

 **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

 **(2)** *Command to Produce Materials or Permit Inspection.*
   **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

 **(3)** *Quashing or Modifying a Subpoena.*
   **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      **(i)** fails to allow a reasonable time to comply;
      **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
      **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      **(iv)** subjects a person to undue burden.
   **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
      **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

      **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

 **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
   **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      **(i)** expressly make the claim; and
      **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
### for the

| | | |
|---|---|---|
| Maranda Lynn Odonnell, et al. | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No.  4:16-cv-01414 |
| Harris County, Texas, et al. | ) | |
| | ) | |
| *Defendant* | ) | |

### SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
### OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:                                    Brandon L. Garrett

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See attached Exhibit A.

| Place: Greer, Herz and Adams, LLP<br>One Moody Plaza, 18th Floor<br>Galveston, Texas 77550 | Date and Time:<br><br>04/29/2026 9:00 am |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:    04/15/2026

| *CLERK OF COURT* | | |
|---|---|---|
| | OR | |
| _____ | | _____ |
| *Signature of Clerk or Deputy Clerk* | | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* _____
Judges Paula Goodhart, Jessica Padilla, Leslie Johnson, Linda Garcia    , who issues or requests this subpoena, are:
Angie Olalde and Joseph R. Russo, Jr.

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.  4:16-cv-01414

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❏ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

❏ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ ____0.00____ .

I declare under penalty of perjury that this information is true.

Date: _____                _____
                                              *Server's signature*

                                       _____
                                              *Printed name and title*


                                       _____
                                              *Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2)** *For Other Discovery.* A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*
  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

**EXHIBIT A**

**SUBPOENA TO COURT MONITOR AND DEPUTY MONITOR
TO PRODUCE DOCUMENTS**

**DEFINITIONS**

These terms have the following meanings, unless the context requires otherwise:

1. "Bail Assessment" shall mean any proceeding before a hearing officer, magistrate or other judge wherein such official is to, among other things, consider the terms of pretrial release of an arrestee.

2. "Court Monitor(s)" means Court-appointed monitor Professor Brandon Garrett and/or Court-appointed Deputy Monitor Sandra Guerra Thompson (Dkt. 714), as well as their agents, employees, and representatives.

3. "You" means the recipient of this request for the production of records.

4. "RCCCL Judges" shall mean Defendants Judge Paula Goodhart, Judge Jessica Padilla, Judge Leslie Johnson and Judge Linda Garcia.

5. "Harris County" shall mean Harris County, and its various departments, agents, representatives, experts, Harris County Criminal Law Hearing Officers and other any persons acting or purporting to act on its behalf.

6. "GOB" shall mean the General Conditions of Release and Supervision order that, under the Consent Decree, is or has been issued without an arrestee being seen by a magistrate or hearing officer.

7. "Defendants" shall mean any person or entity that has been a Defendant in this case since filed by Plaintiffs and includes without limitation, Harris County, each person having capacity as Harris County Sheriff, each person serving in an official capacity as judge of any Harris County Criminal Court at Law .

8. "Local Rule" shall refer to the Harris County Criminal Courts at Law Local Rules of Court.

9. "Senate Bill 6" or "S.B. 6" refers to Senate Bill 6 adopted in the Second Special Session of the 87th Texas Legislature (2021) amending various articles of the Texas Code of Criminal Procedure.

10. "Senate Bill 9" or "S.B. 9" refers to Senate Bill 9 adopted by the 89th Texas Legislature (2025) amending various articles of the Texas code of Criminal Procedure and Texas Government Code.

11. "Senate Bill 8" or "S.B. 8" refers to Senate Bill 8 adopted by the 89th Texas Legislature (2025) amending Chapter 752, Subchapter D, of the Texas Government Code.

1

12. "Lawsuit" shall mean this litigation, as captioned in these discovery requests.

13. "Document" means all documents, electronically stored information, or tangible things. The term is synonymous with and equal in scope to the terms "documents," "electronically stored information," and "tangible things" in Federal Rule of Civil Procedure 34(a)(1). The term includes, but is not limited to, written communications such as emails, letters, or messages (whether digital, voice or printed), charts, photographs, memoranda, reports, notes, audits, drafts, instructions, lists, logs, or summaries. A draft or nonidentical copy of a document, electronically stored information, or a tangible thing is a separate "Document."

14. "Electronically stored information" or ESI means electronic information that is stored in a medium from which it can be retrieved and examined. It includes, but is not limited to, all electronic files that are electronically stored.

(1) "Electronic file" includes, but is not limited to, the following: voicemail messages and files; e-mail messages and files; text messages and files; deleted files; temporary files; system-history files; Internet- or web-browser-generated information stored in textual, graphical, or audio format, including history files, caches, and cookies; computer-activity logs; and metadata.

(2) "Electronic information system" refers to a computer system or network that contains electronic files and electronic storage.

(3) "Electronic storage" refers to electronic files contained on magnetic, optical, or other storage media, such as hard drives, flash drives, DVDs, CDs, tapes, cartridges, floppy diskettes, smart cards, and integrated-circuit cards (e.g., SIM cards).

(4). "Tangible thing" means a physical object that is not a document or electronically stored information.

15. "Communication" means the transmittal or exchange of information in the form of facts, ideas, inquiries, or otherwise, whether face-to-face, oral, written, by telephone, mail, text message, electronic mail, personal delivery, or otherwise.

16. "Relating" means concerning, referring, describing, evidencing, connected with, commenting on, responding to, showing, describing, analyzing, or constituting, whether directly or indirectly or in whole or in part.

17. The words "and" and "or" shall each be individually interpreted in every instance as meaning "and/or" and shall not be interpreted disjunctively to exclude any information otherwise within the scope of any specification.

18. The words "any" and "all" shall be construed conjunctively or disjunctively as required by the context within the scope of the request so as not to exclude any information that might be deemed inside the request by any other construction.

2

## SCOPE AND INSTRUCTIONS

1.        These requests are served upon the Court Monitor, Brandon L. Garrett, the Deputy Monitor, Sandra Guerra Thompson, and Dottie Carmichael, Director and Research Scientist because each have contributed to Monitor reporting in the Lawsuit, and the serving parties do not know which person has possession of various requested documents. The serving parties believe a coordinated, single response is appropriate, and are available to discuss this approach, or any other questions about responding.

2.        Unless otherwise noted, the relevant period is January 1, 2022 to present.

3.        These discovery requests are continuing in nature. If further information comes into the possession of, or is brought to Your attention or that of Your representatives or attorneys, supplementation of Your response(s) is required.

4.        Produce electronically stored information in native format or as agreed upon by You and the requesting party. For any electronically stored information produced:

      a.    Produce a discovery log that details the type of information, the source of the information, the discovery request to which the information corresponds, and the information's electronic ID number.

      b.    Write all of the electronically stored information to reasonably usable storage media such as a CD, DVD, or flash drive or, if more expedient, transfer using a secure transfer link.

5.        For electronically stored information, identify every source containing potentially responsive information that You are not searching or producing.

6.        Defined terms include any version of that term, including but not limited to font or formatting changes in capitalization, italicization, bolding, and underlining.

7.        The singular of any noun or pronoun includes the plural as determined from the context of the request, and vice versa. Similarly, the masculine of any pronoun includes the feminine as determined from the context of the request, and vice versa.

8.        If You claim any privilege or immunity in connection with any of these discovery Requests, please contact the requesting party as soon as possible and identify the claim in detail and provide all information that is relevant to the evaluation of the claim of privilege or immunity or to any waiver of the privilege or immunity (e.g., privilege claimed, facts relied upon to support privilege, and the scope of said privilege). Please identify the Documents being withheld, and proceed to answer with all requested information for which protection or privilege is not claimed.

9.        It is requested that You confer with the requesting party's counsel regarding any question(s) regarding perceived ambiguities in, or claims regarding the burdens involved in, or compliance with the discovery sought in these requests in order to resolve any such issues without the necessity of court intervention.

3

10. "Identify,"

    a.    unless otherwise specified, when used in reference to a <u>person</u> means to set forth the following information:

        i.    The person's full name;

        ii.    The person's present or last known business address and telephone number and in the case of a natural person, also state his home address and telephone number; and

        iii.    if employed by a person or entity related to the Litigation, the person's title and length of time working with the person or entity.

    b.    unless otherwise specified, when used in reference to a <u>document</u> means to set forth the following information:

        i.    the date of the document;
        ii.    the identity of all persons who made and received the document or who received copies thereof;
        iii.    the type of document; and
        iv.    the present location and custodian of the document;

    c.    unless otherwise specified, when used in reference to a <u>conversation</u> or <u>communication</u> to set forth the following information:

        i.    the date and length of the conversation or communication;
        ii.    the identity of all parties to the conversation or communication;
        iii.    the identity of all other witnesses to the conversation or communication;
        iv.    the place where the conversation took place (if the conversation or communication did not take place in person, set forth the location of each party to and each witness to the conversation or communication);
        v.    the general subject matter(s) of the conversation or communication.

If any of the above information is not available, state any other available means of identifying such person.

11. If any document which would be responsive to any discovery request herein was, but is no longer, in your possession or subject to your control, or is no longer in existence, identify each document, in the manner defined herein above, and by additionally stating:

    a.    if it is missing or lost; or
    b.    if it has been destroyed; or
    c.    if it has been transferred voluntarily to others; or
    d.    it has been otherwise disposed of; and, in each instance in which it has been destroyed, transferred, or disposed of:

4

      i.      explain the circumstances surrounding such disposition; and

      ii.      identify the persons(s) directing or authorizing its destruction or transfer; and

      iii.      the date(s) of such direction or authorization; and

      iv.      whether the document (or copies) are still in existence, and if so, identify the custodians(s) and its (or their) present locations(s)

## DOCUMENT REQUESTS

### REQUEST FOR PRODUCTION NO 1 (Data):

Please produce in ESI format the documents or materials made available to You to prepare Your Ninth Report of the Court-Appointed Monitor ("Report), including data sets, descriptions of cells, fields, or fieldnames, spreadsheets, databases, and expense or cost statements, estimates, proposals or change requests. This includes the data referenced at page 27 of the Report , which states: "Our data analysis is based on case-level records of all Class A and B misdemeanor cases filed in the Harris County Criminal Courts at Law (CCCL) between January 1, 2015 and December 31, 2025, which was downloaded from the RAD's database on February 10, 2026."

*To assist in Your search and response to this request, the attached Exhibit B lists specific areas to address. Because we do not know what You have reviewed, what has been made available to You, and through what means/format, this list is not exhaustive and is not intended to omit relevant or responsive data of which You are aware, but which is not itemized in Exhibit B. Please reach out to counsel for the RCCCL Judges with any questions regarding this request at Jrusso@greerherz.com, or Aolalde@greerherz.com, or 409-797-3200.*

### RESPONSE:

### REQUEST FOR PRODUCTION NO. 2 (Communications):

Communications received or sent by You on or after January 1, 2023, if any, that:

    (a) relate to the data descried in Request No. 1, including any data You decided to exclude from Your analysis in the Ninth Monitor report,

    (b) specifically reference any of the RCCCL Judges,

    (c) reference or discuss whether the Consent Decree conflicts with Texas law (e.g., S.B. 6 or S.B. 9 or S.B. 8),

    (d) reference or discuss potential threats to public safety under the Consent Decree, including the release of persons under a GOB,

    (e) ask to modify or amend the Local Rules or Consent Decree, and Your response(s) to such request(s), and/or

    (f) seek or provide peer review or peer feedback relating to any publication by You about the Consent Decree.

### RESPONSE:

**REQUEST FOR PRODUCTION NO. 3 (presentations and articles):**

Any presentations, websites or articles You have created or contributed to about the Consent Decree, other than Your reports filed in the Lawsuit. For example, training statements, aids, handouts, publications, or slides, and website addresses.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 4 (costs):**

Documents or data relating to costs for the following items, activities or projects referenced in Your Ninth Report of the Court-Appointed Monitor (Dkt. 799-1) ("Report"):

1. Costs relating to the development and maintenance of the online data portal for the misdemeanor bail process, referenced at p.iv of the Report.

2. Estimated costs relating to the hiring of "staff attorneys to identify GOB eligible cases and also ensure compliance with Rule 9 and the Consent Decree", referenced at pp.iv–v of the Report.

3. Costs relating to bail reform-related changes to magistration staffing and resources, referenced at p.20 of the Report.

4. Estimated and actual costs relating to the non-appearance mitigation plan referenced at p. 21 of the Report;

5. Estimated and actual costs relating to the development of https://myharriscountycase.com, referenced at p.21 of the Report.

6. Estimated and actual costs relating to the development of videos and bail reform-related improvements at the Joint Processing Center, referenced at p.22 of the Report.

7. Costs relating to retaining the National Association of Public Defense for studying Harris County's indigent defense system, referenced at p.22 of the Report.

8. Estimated and actual costs relating to bail reform-related improvements for Pretrial Services, referenced at p.25 of the Report.

9. Estimated and actual costs relating to bail reform at the Public Defender's Office and Office of Managed Assigned Counsel, referenced at p.26 of the Report.

10. Changes in law enforcement transportation costs and time costs due to transporting defendants to the Joint Processing Center, rather than a local jail or substation, referenced at p.35, footnote 12 of the Report.

11. Estimated development, fixed, and ongoing costs for a new court notification system, referenced at p.70 of the Report.

**RESPONSE:**

6

**EXHIBIT B**

1.  Raw and final datasets of case-level records of all Class A and B misdemeanor classes filed in the Harris County Criminal Courts at Law between January 1, 2015 and December 31, 2025 (from Research and Analysis Division), as well as associated code and documentation

2.  Raw and final datasets of case-level records of felonies filed in the Harris County Criminal Courts at Law between January 1, 2015 and December 31, 2025 (from Research and Analysis Division), as well as associated code and documentation

3.  Raw and final datasets relating to probable cause hearings, including bond type, proposed amounts, bond decisions, and reasons for decisions, pretrial supervision types, and pretrial supervision duration, as well as all relevant code and documentation

4.  Raw, imputed, and final datasets of defendant-level records of Class A and B misdemeanor defendants between January 1, 2015 and December 31, 2025, as well as associated code and documentation

5.  Analysis and documentation of ethnicity imputation methods used for imputing the ethnicity of misdemeanor defendants (e.g., "ethnicity information is missing for 64 percent of misdemeanor defendants between 2015 and 2025." Ninth Monitor Report p. 31), including associated accuracy, validation, or quality analyses

6.  Raw and final datasets of carve-out misdemeanor cases between January 1, 2015 and December 31, 2025, including code and documentation implementing the monitor team's logic determining categorizing a case as a carve-out and any associated accuracy, validation, or quality analyses

7.  Raw and final datasets of pretrial detentions and releases for misdemeanor cases between January 1, 2015 and December 31, 2025, as well as associated code and documentation

8.  Raw and final datasets of bond decisions (e.g., whether a person was released on a bond, type and amount of bond approved, bond amount posted) for misdemeanor cases between January 1, 2015 and December 31, 2025, as well as associated code and documentation

9.  Raw and final datasets of bond forfeitures and revocations ("bond failures"), as well as associated code and documentation

10. Any accuracy, validation, or quality analyses or evidence supporting the report's claim that "bond-failure data may be a poor proxy for assessing non-appearance rates"

11. Raw and final datasets of magistration hearings, including data on defendant indigency status, bond type requests, and bond outcomes, as well as associated code and documentation

7

12. Raw and final datasets of misdemeanor case dispositions (including time to disposition) from January 1, 2015 and December 31, 2025, as well as associated code and documentation

13. Raw and final datasets of repeat offenses (case-level and person-level) from January 1, 2015 and December 31, 2025, as well as associated code and documentation

14. Raw and final datasets used in the domestic violence analysis, including associated code and documentation

15. All code and output files for the tables and figures in the Report's Section III, Data Analysis.

16. Raw and final datasets used in the cost study for misdemeanor cases, as well as:

   a) Inclusion and exclusion criteria of cost categories used in the cost analysis
   b) Dates and validation checks for all actual cost data
   c) Dates and validation checks for all estimated cost data
   d) Dates and dollar amounts for secured bonds
   e) Documentation regarding the unavailability of prosecution cost data
   f) Early presentment review data
   g) Final regression models
   h) Multivariate regression diagnostics, with associated code and detailed output
   i) Model estimates with covid controls
   j) Associated code and documentation for data manipulation and regression analyses
   k) Overall cost increases and cost reductions
   l) Raw and final datasets used in the regression analysis of rearrests, as well as:
   m) Inclusion and exclusion criteria of arrests used in the analysis
   n) Final regression models
   o) Multivariate regression diagnostics, with associated code and detailed output
   p) Model estimates with covid controls
   q) Associated code and documentation for data manipulation and regression analyses

17. Raw and final datasets of pre-trial risk assessments for misdemeanor defendants conducted between January 1, 2015 and December 31, 2025, including all associated code and documentation

18. Raw and final datasets, code, and output files pertaining to all tables and figures in the Report's Section 1. "Factors Contributing to Cost Reductions Under the Consent Decree"

19. Data analysis showing that defendants released on affordable or unsecured bonds are engaging in ways to "contest charges" beyond court non-appearance

8