**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

|  |  |  |
|---|---|---|
| MARANDA LYNN ODONNELL, *et al.*, on behalf of themselves and all others similarly situated, | § § § § § | |
| Plaintiffs, | § § | CIVIL ACTION NO. 4:16-cv-01414 (Consolidated Class Action) |
| v. | § § | |
| HARRIS COUNTY, TEXAS, *et. al.*, | § § | |
| Defendants. | § § § | |

**NON-MOVANTS' JOINT STATUS REPORT & REQUEST FOR STATUS CONFERENCE**

Plaintiffs, Harris County, Sheriff Ed Gonzalez, and the twelve Non-Moving Judges (together, "Non-Movants") respectfully submit this Joint Status Report to provide the Court with an update on the Parties' progress in discovery. Non-Movants propose a conference during the week of May 18 (with a preference for May 20) for the purpose of resolving disputes and modifying the scheduling order. As explained below, despite the Parties' efforts, a number of issues and time-consuming discovery tasks remain unresolved as the close of discovery approaches on June 12, 2026. It is apparent the current date for the close of discovery is not practicable, and Non-Movants wish to inform the Court of this fact as promptly as possible. Yet the issues the Parties are working through are not yet ripe for a pre-motion conference.

To aid the Parties in moving forward efficiently, Non-Movants request the Court set a pre-motion conference for the week of May 18 (ideally on May 20) and order the Parties to confer and file pre-motion letters and proposed schedules no later than two days before the conference. The

1

Parties will submit these pre-motion letters jointly where possible.

**A. Discovery Progress**

Since the Court issued its scheduling order requiring motions to vacate be filed by December 11, 2025, and set a six-month discovery period, the Parties have diligently engaged in discovery. Despite their diligence, there remains significant work to be done to complete fact discovery, which is currently scheduled to close on June 12, 2026. Non-Movants provide a brief timeline of the progress thus far:

- Plaintiffs served discovery requests on Judges Paula Goodhart, Leslie Johnson, Jessica Padilla, and Linda Garcia ("the Four Judges") and the Attorney General (together, "Movants") on December 16, 2025.

- The Attorney General sought a two-week extension and provided responses on January 29, 2026.

- The Four Judges sought a one-month extension and responded to Plaintiffs' discovery requests on February 17. In their responses to Plaintiffs' RFPs, they stated that they would produce documents "on a rolling basis." To date, the Four Judges have provided one production of approximately 900 documents.

- On February 5, the Attorney General served discovery requests on Non-Movants.

- On February 11, the Four Judges served discovery requests on Plaintiffs, the County, and the Non-Moving Judges.

- Shortly after February 11, the County, Non-Moving Judges, Plaintiffs, and Sheriff began searching for, compiling, and reviewing thousands of communications and other documents to respond to the Movants' discovery requests.

- On March 31, Plaintiffs requested to confer about modifying the scheduling order to include dates on which the Parties would disclose potential witnesses, experts, and documents they intend to rely on. At that discussion, the Movants stated their intention to rely on evidence gathered during discovery to support their already-filed motions to vacate, and asked that Non-Movants agree to add a deadline for the Movants to file amended motions to vacate supported by evidence.

- On the same day, March 31, Plaintiffs also inquired into the status of the Four Judges' rolling production of documents. Counsel for the Four Judges explained that the RFPs have "required a layered review," which "is taking some time," but that they were working diligently on production.

- On April 2, Plaintiffs asked to confer about the relevance, burdensomeness, and overbreadth of the Movants' RFPs.

- On April 3 and 6, the Parties conferred on disclosure deadlines and the Movants' RFPs.

- On April 6, counsel for the Four Judges circulated proposed search terms for the Four Judges' RFPs 2 and 3 and the Attorney General's RFP 3. In that email, the Four Judges stated they were not modifying their RFPs. Instead, they provided the search protocols as "the initial focus for production."

- On April 13, Plaintiffs agreed to use the proposed search protocols as to communications with the Monitors and communications with the County Criminal Court at Law Judges. Plaintiffs informed the Movants that they would otherwise stand on their objections to the RFPs.

- The County and Non-Moving Judges initially reported that the proposed search protocols garnered over 500,000 hits between them. Even after the Movants agreed to further narrow their suggested search parameters, the County currently has over 100,000 responsive documents to review, and the Non-Moving Judges have tens of thousands more.

- On April 15, Plaintiffs, the County, and the Non-Moving Judges provided responses to the Movants' discovery requests.

- On April 15, in the midst of discovery, the Four Judges requested the Parties' position on a motion "to expedite briefing and its consideration of the Younger abstention argument . . . and to partially stay enforcement of the Consent Decree against parties for acts taken in compliance with Texas law." The next day, April 16, the Four Judges filed their opposed motion. Dkt. 803.

- Also on April 16, the Four Judges emailed three subpoenas to the court-appointed Monitors seeking communications and data related to their work monitoring the implementation of, and compliance with, the Consent Decree. The Monitors have retained outside counsel for purposes of responding to discovery in this case. The Monitors' counsel and Movants are conferring over the scope of those subpoenas, but, as of filing, no documents have been produced.

- On April 22, Plaintiffs served their first discovery requests on the County. Plaintiffs and the County are conferring about ways to narrow those requests, but the County has requested an extension to respond to Plaintiffs' RFPs.

- On May 1, Plaintiffs advised the Parties of their intent to depose four witnesses, and requested availability along with a status update and date of completion for the Parties' document productions, which would need to be completed and reviewed in advance of the depositions. The Four Judges, County, and Non-Moving Judges stated that they could not provide a date certain for completing production. The

Attorney General similarly expressed concern that he would "need to review the parties' production for depos to be meaningful."

- On May 7, Plaintiffs responded in opposition to the Four Judges' motion to expedite a partial decision and to stay enforcement of the Consent Decree. Dkt. 804. The County and Sheriff joined Plaintiffs' response. Dkts. 805, 807. The Non-Moving Judges also responded. Dkt. 806.

- On May 11, the Sheriff stated that he had received potentially responsive documents and hoped to have a timeline for production by May 15.

- As of today, Harris County has produced over 262,000 pages of documents. Plaintiffs have produced over 5,600 pages, including over a thousand spreadsheets relevant to the Parties' implementation of and compliance with the Consent Decree. The Non-Moving Judges have produced approximately 2,300 pages. The Four Judges have produced approximately 1,450 pages.

## B.  Outstanding Issues and Tasks.

As outlined above, there are numerous outstanding issues to resolve and tasks to complete prior to the close of fact discovery, currently scheduled for June 12, 2026.

First, the Parties have significant work left to do to complete document discovery:

- The Four Judges and County are still working to complete production of documents responsive to Plaintiffs' RFPs. At this time, Plaintiffs have not been provided with an expected completion date.

- Non-Movants are currently reviewing tens of thousands of documents to respond to the Movants' RFPs. Progress is ongoing, but it is unclear when the County, Non-Moving Judges, and Sheriff can complete production. Although Plaintiffs believe they could complete production by June 12, 2026, that would not be sufficient time for any party to review those documents prior to depositions under the current schedule.

- The Four Judges' subpoenas to the Monitors will require resolution. Those subpoenas requested documents by April 29. On May 8, the Parties were contacted by outside counsel retained by the Monitors, who stated that "[t]he subpoenas sent to our clients have not been served or accepted." At this time, it is unknown when or if the Monitors will respond to the subpoenas, let alone complete production.

In addition to the time required to complete production, it is possible that the Parties will require the Court to resolve ongoing disputes over the scope of discovery. Similarly, the Monitors may have objections to the subpoenas that they could seek to litigate. Plaintiffs are also considering

whether a protective order is necessary due to the scope of the subpoenas to the Monitors.

Second, no depositions have occurred. That is largely because of the pace of document production. Without the relevant underlying documents, any deposition of fact witnesses would be wasteful. *See, e.g.*, *VeroBlue Farms USA Inc. v. Wulf*, 345 F.R.D. 406, 421 (N.D. Tex. 2021) ("Courts have allowed parties to reopen depositions when new information comes to light that creates the need for further questioning."). Plaintiffs have noticed their intent to take the depositions of Judge Paula Goodhart, two hearing officers, and the Director of the Office of Managed Assigned Counsel, but have not confirmed dates for those depositions due to the need to complete document discovery. It is likely that Plaintiffs will notice additional depositions once they receive and review the Parties' document productions.

Third, the Four Judges' Motion to Expedite and Partially Stay Enforcement of the Consent Decree, Dkt. 803, remains pending. The Court's resolution of that motion will inevitably have an impact of the scheduling order.

Fact discovery is currently set to close on June 12, just over a month away. In light of the number of interrelated issues that the Parties are working through, and time needed to identify any actual impasses and present them to the Court for resolution, Non-Movants respectfully ask that the set a status conference on or around May 20 and order the Parties to submit pre-motion letters at least two days before the status conference.

Date: May 12, 2026

Respectfully Submitted,


Alec George Karakatsanis
alec@civilrightscorps.org
Elizabeth Rossi
elizabeth@civilrightscorps.org
Jeremy D. Cutting
cody@civilrightscorps.org
CIVIL RIGHTS CORPS
1601 Connecticut Ave NW, Suite 800
Washington, DC 20009
Telephone: (202) 681-2721


*/s/ Travis Walker Fife*
Dustin Rynders
Texas Bar No. 24048005
dustin@texascivilrightsproject.org
Sarah Beebe
Texas Bar No. 24069362
sbeebe@texascivilrightsproject.org
Travis Walker Fife
Texas Bar No. 24126956
travis@texascivilrightsproject.org
TEXAS CIVIL RIGHTS PROJECT
1500 McGowen, Suite 220
Houston, TX 77004
Telephone: (512) 474-5073

Neal S. Manne
Texas Bar No. 12937980
nmanne@susmangodfrey.com
Joseph S. Grinstein
Texas Bar No. 24002188
Abbey E. McNaughton
Texas Bar No. 2411675
SUSMAN GODFREY L.L.P.
11000 Louisiana Street, Suite 5100
Houston, Texas 77002
Telephone: (713) 651-9366


Morgan McCollum
(*admitted pro hac vice*)
mmccollum@susmangodfrey.com
SUSMAN GODFREY L.L.P.
One Manhattan West
New York, NY 10001
Telephone: (212) 336-8330


*Attorneys for Plaintiffs*

6

*/s/ Seth Hopkins (signed by permission)*
Seth Hopkins
Assistant County Attorney
1019 Congress, 15th Floor
Houston, Texas 77002
Telephone: (713) 274-5383
Facsimile: (713) 755-8823
Seth.Hopkins@harriscountytx.gov

*Attorney for Defendant Harris County*


(signed by permission)
Allan Van Fleet
G. Allan Van Fleet, P.C.
Texas Bar No. 20494700
6218 Elm Heights LN, Suite 201
Houston, TX 77081-2409
(713) 826-1954
allanvanfleet@gmail.com

*Attorney for Defendants 12 County*
*Criminal Court at Law Judges*


*/s/ Murray J. Fogler (signed by permission)*
Murray J. Fogler
Fogler, Brar, O'Neil & Gray LLP
909 Fannin St, Suite 1640
2 Houston Center
Houston, TX 77002
713-481-1010
Fax: 713-574-3224
mfogler@foglerbrar.com

*Attorney for Defendant Sheriff Ed Gonzalez*

7

**CERTIFICATE OF SERVICE**

I hereby certify that on this 12th day of May, 2026, I electronically filed the foregoing with the clerk of the court for the U.S. District Court, Southern District of Texas, using the electronic case filing system of the Court. The electronic case filing system sent a "Notice of Electronic Filing" to the attorneys of record who have consented in writing to accept this Notice as service of this document by electronic means.

/s/ Travis Walker Fife
Travis Walker Fife