**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **MARANDA LYNN ODONNELL**, *et. al.*, | § | |
| **on behalf of themselves and all others** | § | |
| **similarly situated, Plaintiffs,** | § | |
| | § | |
| **v.** | § | **CIVIL ACTION NO. 4:16-cv-1414** |
| | § | |
| **HARRIS COUNTY, TEXAS**, *et. al.*, | § | |
| **Defendants.** | § | |

**REPLY IN SUPPORT OF FOUR JUDGES' MOTION FOR EXPEDITED RULING ON *YOUNGER* ABSTENTION AND TO STAY ENFORCEMENT OF THE CONSENT DECREE FOR ACTS TAKEN UNDER STATE LAW**

TO THE HONORABLE JUDGE OF THIS COURT:

Defendant Judges Paula Goodhart, Jessica Padilla, Leslie Johnson, and Linda Garcia (the "Judges" or "Four Judges") file this brief Reply in support of their Motion asking the Court to hear and consider their *Younger* abstention argument on an expedited basis.

## I.      Expediting a decision on *Younger* is appropriate.

Plaintiffs contend extensive discovery and fact analysis are required to determine the Judges' *Younger* argument, citing *Rufo*'s general two-step test under Rule 60(b)(5), as well as *LULAC I* and *II*.

In *LULAC I*, a voting rights case, there were several facts at issue in the specific Rule 60(b) argument, because LULAC argued "cumulative voting had failed to achieve the decree's purpose" of alleviating violations of the Voting Rights Act (VRA), and discussed facts in support, including allegations that only one minority candidate ran and won three of four elections since the decree was passed. *League of Un. Latin Am. Citizens, Dist. 19 v.*

1

*City of Boerne*, 659 F.3d 421, 438-39 (5th Cir. 2011). The Fifth Circuit pointed out that several facts were missing, such as whether minority voters supported the candidate in the election she lost, or whether voter dilution caused the loss or caused other minority-preferred candidates from being elected. *Id*. at 439. *LULAC II* contained the same dearth of evidence in that VRA case. *See League of Un. Latin Am. Citizens, Dist. 19 v. City of Boerne*, 675 F.3d 433, 438 (5th Cir. 2012).

*Rufo* considered a post-decree upsurge in jail population—a changed factual condition. *Rufo v. Inmates of Suffolk County Jail*, 502 US 367, 385-87. The Court specifically recognized that:

> A consent decree must of course be modified if, as it later turns out, one or more of the obligations placed upon the parties has become impermissible under federal law. But modification of a consent decree may be warranted when the statutory or decisional law has changed to make legal what the decree was designed to prevent.

*Id*. at 388. Plaintiffs correctly state that *Rufo* explained *clarifications* of the law, in and of themselves, will not always reopen litigation of the merits. They omit, however, the context of that statement—the Court's statement concerned situations when parties or district courts misunderstand the law. *Id*. at 389-90 (citing *Pasadena City Bd. of Ed. v. Spangler*, 427 U.S. 424, 437-38 (1976) which held modification should be ordered when the decree "was contrary to intervening decisional law"). In *Pasadena City Board of Education*, the Court explained that,

> [e]ven had the District Court's decree been unambiguous and clearly understood by the parties to mean what that court declared it to mean in 1974, the "no majority of any minority" provision would, as we have indicated previously, be contrary to the intervening decision of this Court in *Swann, supra*. The ambiguity of the provision itself, and the fact that the parties to

2

the decree interpreted it in a manner contrary to the interpretation ultimately placed upon it by the District Court, is an added factor in support of modification. The two factors taken together make a sufficiently compelling case so that such modification should have been ordered by the District Court.

*Pasadena City Bd. of Ed.*, 427 U.S. at 437-38.

*Daves II* was no mere clarification, it was an about-face from the Fifth Circuit. That case alone warrants the Court's consideration of the Judges' *Younger* argument without onerous discovery and evidentiary proceedings.

## II.　An early *Younger* decision will obviate the unnecessary, extensive discovery Plaintiffs requested, and a partial stay is appropriate considering the Fifth Circuit's mandate in *Daves II.*

Plaintiffs requested discovery on the Rule 60(b) motions, and now attempt to fault the Judges for serving reciprocal discovery requests to avoid a one-sided evidentiary proceeding.　As for discovery from the Monitor, despite serving the County with requests for the data it provided to the Monitor for his Ninth Report (which the Monitor downloaded from the County this past February), the Four Judges were informed the County does not know what the Monitor downloaded, and were directed to the Monitor to obtain that information. The data still has not been produced, despite contact with the Monitor's counsel.

Plaintiffs also argue the Judges 'sat' on their hands for four years. This is not true.[1]

The Judges took office on January 1, 2023. Until that time, all of the Harris County Criminal Court at Law (HCCCL) Judges, who were Democrats, were represented by a

---

[1] The Judges addressed waiver in their motion to vacate, including the procedural history leading up to their predecessors' joinder in settlement. *Younger* was off the table at that point, under then-existing but since-overturned Fifth Circuit case law.

3

single attorney. Faced with the conundrum of now having clients with different positions, counsel for the 12 HCCCL judges withdrew his representation from the Four (Republican) judges in April 2023. The Four Judges went unrepresented, despite their efforts to obtain counsel, while the remaining 12 HCCCL Judges had no gap in representation. It was not until after the Attorney General intervened, in late 2025, that Harris County authorized the Four Judges' retention of counsel.[2]

Nor did the Judges sit idly by in the interim—they raised the issue repeatedly, even to the Monitor, without any result. On May 30, 2025. Their efforts, and the wall of opposition from all other parties and the Monitor, belie Plaintiffs' attempt to characterize any modification or partial stay as 'catastrophic.' Even with a partial stay, the 12 Democrat HCCCL Judges still hold a majority, and under their own procedures, must vote to alter local rules. They may vote to amend Rule 9 to comply with Texas law, but they may also do so in a way that continues many of the procedures that have been in place under the Consent Decree that do not violate Texas law.

A partial stay is consistent with the en banc Fifth Circuit's mandate in *Daves II*, that "revis[ing] by federal decree the Texas state court procedures for felony and misdemeanor pretrial bail, should never have been brought in federal court." *Daves v. Dall. Cty.*, 64 F.4th 616, 620 (5th Cir. 2023) (en banc) (*Daves II*). There is therefore a likelihood of success,

---

[2] The County did not execute counsel's engagement agreement until January 2026. Harris County joined in Plaintiffs' opposition to an expedited consideration of *Younger*, where Plaintiffs criticize the Judges for not arguing *Daves II* earlier, when it was the County that delayed the Judges' retention of counsel to represent them in this case.

and Plaintiffs' contention that a stay would create or perpetuate a constitutional violation refuses to acknowledge changes to Texas law.

The requested partial stay is to ensure elected judicial officers are not threatened with contempt if they conduct an individualized review of a defendant's circumstances, including whether a GOB is appropriate given a defendant's individualized circumstances. The harm here is twofold: it is not only the immediate threat of criminal contempt proceedings against elected judicial officers as a means of chilling judicial review and discretion, but also the harm from requiring the release of arrestees without any individualized review of the circumstances. Public policy on this point—that an individualized review is required—is codified as law by the Texas Legislature, and creates a situation the Court can ignore only by abusing its discretion. *See Local Number 93, International Assoc. of Firefighters, etc. v. Cleveland*, 478 U.S. 501, 526-27 (1986); *see also Railway Employees v. Wright*, 364 U.S. 642, 650-51 (1961) (trial court abused its discretion by refusing to modify consent decree to comply with change in law after decree was entered, stating "parties cannot, by giving each other consideration, purchase from a court of equity a continuing injunction"); *System Federation No. 91 Ry. Emp. Dep't v. Wright*, 364 U.S. 642, 648-650 (1961) (in modifying a consent decree after a change in the law, "discretion is never without limits and these limits are often far clearer to the reviewing court when the new circumstances involve a change in law rather than facts").

**CONCLUSION AND PRAYER**

The Judges ask the Court to set an expedited response and reply deadline to this Motion, and grant this Motion by ordering an expedited submission date and briefing schedule for the Judges' *Younger* abstention argument (Dkt. 793 at 20-22), and that the Court partially stay the Consent Decree to allow judges to conduct individualized reviews of the cases pending before them without threat of criminal contempt charges.. The Judges ask for all other relief to which they are entitled, at equity or law.

Respectfully submitted,

**GREER, HERZ & ADAMS, L.L.P.**

By:   /s/ *Joseph R. Russo, Jr.*
Joseph R. Russo, Jr.
Federal I.D. No. 22559
State Bar No. 24002879
jrusso@greerherz.com
Angie Olalde
Fed. ID No. 690133
State Bar No. 24049015
aolalde@greerherz.com
One Moody Plaza, 18th Floor
Galveston, Texas 77550
(409) 797-3200 (Telephone)
(866) 456-0170 (Fax)

**ATTORNEYS FOR DEFENDANTS HON. PAULA GOODHART, HON. JESSICA PADILLA, HON. LESLIE JOHNSON, AND HON. LINDA GARCIA**

6

## <u>CERTIFICATE OF SERVICE</u>

I certify that on the 14th day of May, 2026, a true and correct copy of the foregoing document was delivered to all counsel of record via the CM/ECF system and served by electronic notice to all parties of record.

<u>/s/ Joseph R. Russo, Jr.</u>