

**OFFICE OF THE
HARRIS COUNTY ATTORNEY**

May 21, 2026

Honorable Lee Rosenthal
515 Rusk Street
Houston, Texas 77002
*Via electronic filing*

**Re: *ODonnell v. Harris County*, No. 4:16-CV-1414, in the Southern District of Texas**

Dear Judge Rosenthal,

Harris County submits this in accordance with the Court's May 14, 2026 order to file a pre-motion letter (Doc.813).  Harris County takes no position on the proposed scheduling order. However, as a record custodian, Harris County advises the Court that it will be impossible to respond to outstanding discovery requests within any of the deadlines proposed by the parties.

Harris County has produced 431,609 pages of documents since the Court ordered discovery. This reflects only a small percentage of the documents requested by the parties. Exhibit 1 is a chart identifying each request for production, the number of hits, the number of documents produced, and the estimated time it will take Harris County to complete production. Unless the requests are modified, Harris County will need to review 329,345 documents (and several million pages) in an endeavor that would likely take until the end of 2027 to complete.

Harris County provided a version of Exhibit 1 to opposing counsel during a productive conference on May 20, 2026. All counsel agreed that the scope of the requests should be reduced, and Harris County offered suggestions that the parties are considering. Harris County will be providing representative samples of some of the larger production sets so the parties can identify their value and potentially further narrow their requests.

The parties have also been working through technical misunderstandings, such as the one identified by the Attorney General's Office in its May 13, 2026 filing advising the Court that Harris County improperly converted spreadsheets "into pdfs and text files of 12,000 to 15,000 pages each, resulting in a deceptively high page count." Doc. 809 at 5. That is not accurate. The Four Judges requested all data provided to the Monitor, and Harris County produced these files in .txt format—the same format made available to the Monitor.

This is the common practice for sharing large data sets. The Monitor imported this data into a database, such as SQL, to convert it back into a readable form. Harris County has explained

this process to counsel for the Four Judges and the Attorney General and suggested they should do the same to read the data sets. Nevertheless, as a courtesy, Harris County is trying to determine whether these files might be available in (or convertible to) an Excel format.

There have been other logistical difficulties that required Harris County to reproduce documents and assist parties with opening documents. It has also taken time to ingest the documents, find document reviewers, and get them familiar with the review software and 10-year history of the case. Many of these documents are privileged or work product. For now, they are being quickly tagged, but if Harris County is required to prepare a privilege log, tens of thousands of documents will need to be reviewed again in more detail.

Finally, Harris County recently discovered that it possesses privileged emails between the Public Defender's Office and its clients. As a result, the County has had to quarantine those documents and coordinate with that office so that they can conduct their own review.

Harris County wants the parties to have the information they need to litigate this case, but the discovery requests go far beyond the boundaries of Rule 26 and the scope of the Court's order permitting discovery (*See* Doc. 764 at 34; Doc. 772). All counsel are working in good faith to limit the scope of discovery, and Harris County will continue to assist in that process.

Sincerely,

JONATHAN FOMBONNE
HARRIS COUNTY ATTORNEY

SETH HOPKINS
Special Assistant County Attorney
HARRIS COUNTY ATTORNEY'S OFFICE

2