# SUSMAN GODFREY L.L.P.

A REGISTERED LIMITED LIABILITY PARTNERSHIP

1000 LOUISIANA
SUITE 5100

HOUSTON, TEXAS 77002

(713) 651-9366

FAX (713) 654-6666

www.susmangodfrey.com

_____

| | | |
|---|---|---|
| SUITE 1400 | SUITE 3000 | ONE MANHATTAN WEST |
| 1900 AVENUE OF THE STARS | 401 UNION STREET | NEW YORK, NEW YORK 10001-8602 |
| LOS ANGELES, CALIFORNIA 90067-6029 | SEATTLE, WASHINGTON 98101-2683 | (212) 336-8330 |
| (310) 789-3100 | (206) 516-3880 | _____ |
| _____ | _____ | |

Neal Manne
Direct Dial (713) 653-7827

E-Mail nmanne@susmangodfrey.com

May 21, 2026

The Honorable Lee H. Rosenthal, District Judge
United States District Court, Southern District of Texas
515 Rusk Avenue, Houston, Texas 77002

Re:    ***ODonnell v. Harris County*, No. 4:16-cv-1414, Scheduling Conference**

Dear Judge Rosenthal:

Plaintiffs submit this letter in accordance with Court Procedure 4 and the Court's order. Dkt. 813. The Parties have conferred multiple times in good faith and agree that a schedule modification is needed but disagree on what changes are required. Plaintiffs propose an additional three months for discovery. *See* Exhibit A. In response, the Movants propose a one-month extension. *See* Exhibit B. The issues for the Court to resolve are:

1) How much additional time is needed for fact discovery?
2) How much additional time is needed for expert discovery?
3) Should the schedule include deadlines for expert reports and other disclosures?

All Parties have been working diligently. *See* Dkt. 808 (Non-Moving Parties' Joint Status Report). But significant work remains. For example, the County has reviewed, at most, 10 percent of the documents responsive to the Movants' search terms, while the Twelve Judges have reviewed about 2,000 out of over 250,000 documents (less than 1 percent). Counsel for the County stated that, at their current pace, he estimates that completing their outstanding production obligations will take roughly another 80 weeks, or *until December 2027*. Counsel for the Twelve Judges also stated that completing their review "will take years." Dkt. 814 at 1. Plaintiffs, too, continue their review. The Parties have orally agreed to narrow the scope of document discovery, but no concrete plan exists yet. It is thus uncertain when document discovery will conclude.

After document production, the Parties will still face months of work. All parties must review the documents, take depositions, and exchange expert reports. The large number of parties

May 21, 2026
Page 2

involved will make scheduling depositions difficult to carry out on a compressed timeline over the summer months.

Given the above, Plaintiffs request two additional months for fact discovery, and one additional month for expert discovery. Plaintiffs also propose adding deadlines for disclosures to provide additional structure. Plaintiffs' schedule will allow the Parties to generate a full record. It recognizes that the Consent Decree was based on a voluminous record, and that a similar, carefully crafted record is required to assess the appropriateness of the proposed modifications to an order that has been in place for over six years. Plaintiffs' and the Movants' proposals follow:

|  | Plaintiffs' Proposal | Movants' Proposal |
|---|---|---|
| Deadline to agree on revised search terms/scope of remaining productions | 6/5 | Omit any deadline |
| Initial witness disclosures | 7/15 | Omit any deadline |
| Close of fact discovery | 8/24 | 7/13 |
| Expert disclosures | 8/24 | Omit any deadline |
| Close of expert discovery | 9/22 | Omit any deadline |
| Movants' amended motions to vacate[1] | 10/6 | 7/13 |
| Non-moving parties' responses | 11/6 | 8/13 |
| Movants' replies | 11/20 | 8/19 |
| Pretrial disclosures | 14 days before hearing | 8 days before hearing |
| Hearing | Between 12/14 - 12/18[2] | 8/27 |

Three main differences distinguish the proposed schedules. (1) The Movants propose completing *all* discovery in under two months. In light of the amount of outstanding work, that is unrealistic. The Movants' suggested timeframe would result in a diminished documentary record, and would not allow the Parties adequate opportunity to review and make meaningful use of documents at depositions. (2) The Movants provide no time for expert discovery. Plaintiffs and the Four Judges have each expressed their intention to rely on expert testimony, and therefore an orderly process for expert discovery is needed. (3) The Movants omit (and presumably oppose) disclosure deadlines. These deadlines are meant to avoid surprise at the evidentiary hearing, and to allow all Parties to prioritize among numerous discovery tasks, such as which witnesses to depose. Excluding these deadlines increases the likelihood of further delay, as a party's late disclosure of evidence could justify an opposing party seeking to reopen discovery. *See, e.g.*, *Cervini v. Cisneros*, No. 1:21-cv-565, 2024 WL 1252891, at *2 (W.D. Tex. Mar. 22, 2024) ("re-opening discovery" as to three late-disclosed witnesses "for a brief period prior to trial").

---

[1] Plaintiffs are unopposed to the Movants filing amended motions so that they may cite to evidence obtained during discovery. If, however, the Movants improperly use the amended motion as an opportunity to raise new legal arguments in support of vacatur, Plaintiffs reserve the right to seek additional discovery. *Cf.* Fed. R. Civ. P. 56(d) (in summary judgment context, court may give non-movant leave to discover unavailable facts that it has not had an opportunity to present).

[2] Plaintiffs' co-lead counsel, Neal Manne, is unavailable from December 1 to 9 and 19 to 31.

May 21, 2026
Page 3

      For good cause shown, Plaintiffs respectfully request that the Court amend the scheduling order by entering the proposed amended schedule attached as Exhibit C.

Respectfully Submitted,

/s/ Neal S. Manne

Alec George Karakatsanis
alec@civilrightscorps.org
Elizabeth Rossi
elizabeth@civilrightscorps.org
Jeremy D. Cutting
cody@civilrightscorps.org
CIVIL RIGHTS CORPS
1601 Connecticut Ave NW, Suite 800
Washington, DC 20009
Telephone: (202) 681-2721

Neal S. Manne
Texas Bar No. 12937980
nmanne@susmangodfrey.com
Joseph S. Grinstein
Texas Bar No. 24002188
Abbey E. McNaughton
Texas Bar No. 2411675
SUSMAN GODFREY L.L.P.
11000 Louisiana Street, Suite 5100
Houston, Texas 77002
Telephone: (713) 651-9366

Dustin Rynders
Texas Bar No. 24048005
dustin@texascivilrightsproject.org
Sarah Beebe
Texas Bar No. 24069362
sbeebe@texascivilrightsproject.org
Travis Fife
Texas Bar No. 24126956
travis@texascivilrightsproject.org
Kirsten Budwine
Texas Bar No. 24140263
kirsten@texascivilrightsproject.org
TEXAS CIVIL RIGHTS PROJECT
2100 Travis Street
Houston, TX 77002
Telephone: (512) 474-5073

Morgan McCollum
mmccollum@susmangodfrey.com
SUSMAN GODFREY L.L.P.
One Manhattan West
New York, NY 10001
Telephone: (212) 336-8330

*Attorneys for Plaintiffs*