United States District Court
Southern District of Texas
**ENTERED**
May 26, 2026
Nathan Ochsner, Clerk

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| MARANDA LYNN ODONNELL, *et al*., on behalf of themselves and all others similarly situated, | § § § § | |
| Plaintiffs, | § § | |
| VS. | § § | CIVIL ACTION NO. H-16-1414 |
| HARRIS COUNTY, TEXAS, *et al.*, | § § | |
| Defendants. | § § | |

**ORDER**

This order addresses two pending issues: (1) the Attorney General's objections to the Monitor's ninth report, (Docket Entry No. 801); and (2) the Four Judges' motion to expedite consideration of the *Younger* issue and to stay the consent decree pending resolution of the motion to vacate based on *Younger*, (Docket Entry No. 803). After careful consideration of the motions, the responses, the replies, the record, and the applicable law, the court overrules the Attorney General's objections and denies the Four Judges' motion.

*First*, the Attorney General is not the appropriate party to object to the court-appointed Monitor's reports. The court granted the Attorney General's motion to intervene "to move to vacate or amend the consent decree based on Senate Bill 6 and Senate Bill 9." *ODonnell v. Harris County*, 808 F. Supp. 3d 738, 764 (S.D. Tex. 2025). The Attorney General's free-standing objections to the Monitor's reports do not fall within the limited purpose for which this court granted his motion to intervene. The Attorney General may make appropriate objections to the Monitor's reports under the relevant Federal Rules and substantive law if and when they are used in the parties' presentations relating to the motions to vacate. *See, e.g.*, FED. R. EVID. 702, 703. The Attorney General's objections, (Docket Entry No. 801), are overruled.

*Second*, the Four Judges' motion to expedite this court's *Younger* ruling rests on a flawed assumption. The Four Judges argue that *Younger* abstention is an easy question of law because *Daves II* is directly controlling. (Docket Entry No. 803 at 2). But *Daves II* is not directly controlling. It addressed a *Younger* argument presented and resolved before final judgment. *Daves v. Dallas County (Daves II)*, 64 F.4th 616, 620–21 (5th Cir. 2023) (en banc). By contrast, the Four Judges move to vacate a final judgment. That is important for two reasons. First, it requires the Four Judges to show under Rule 60(b) that the equities favor vacating or amending the consent decree. *See Rufo v. Inmates of Suffolk Cnty. Jail*, 502 U.S. 367, 383, 391 (1992). Rule 60(b)'s equitable analysis requires an appropriate factual record. Second, *Younger* abstention can be waived, *see ODonnell*, 808 F. Supp. 3d at 758, and "[b]y agreeing to the consent decree, the defendants waived *Younger* abstention," *id.* at 761. *Daves II* did not address how courts should assess attempts under *Younger* to vacate a consent decree to which the moving parties previously agreed. Because *Younger* abstention is itself an equitable "carveout" from federal-court jurisdiction, *Netflix, Inc. v. Babin*, 88 F.4th 1080, 1084–85 (5th Cir. 2023), this court must decide the Four Judges' arguments and the responses in light of the equities presented in this case, which requires an adequate record. In consultation with the parties, the court has entered an amended scheduling order that will allow the parties to present an adequate record to the court. The court denies the Four Judges' motion to expedite its ruling on *Younger* abstention.

*Third*, the court denies the Four Judges' request to stay the consent decree pending the resolution of the motion to vacate. The Four Judges do not address the relevant stay factors. *See Nken v. Holder*, 556 U.S. 418, 434 (2009). On the merits, the Four Judges argue only that state laws are generally presumed constitutional. (*See* Docket Entry No. 803 at 4–5). The Four Judges present this principle, correct as a general statement, untethered from the facts of this case. The court cannot adequately consider, much less grant, the Four Judges' motion because they did not

2

explain how the broad legal principle applies to a consent decree that was entered years before the state statute was enacted to remedy federal constitutional violations. *See Williams v. Lesiak*, 822 F.2d 1223, 1227–28 (1st Cir. 1987) (requiring statute-and-decree specific assessments of motions to vacate or amend a consent decree based on "a state statute adopted long after the court order").

Nor can the court credit the Four Judges' argument that the equities favor a stay because the other parties have threatened to move to enforce the consent decree. (*See* Docket Entry No. 803 at 6–8). A party's threat to move for contempt is not a motion for contempt or a finding of contempt from this court. The Four Judges' concern is at least premature. In addition, the parties agreed to the consent decree, and the equities favor enforcing the parties' agreement until the Four Judges establish a basis for relief under Rule 60(b). *Cf. Trevino v. Cooley Constructors, Inc.*, No. 5:13-CV-00924-DAE, 2014 WL 2611823, at *6 (W.D. Tex. June 9, 2014) ("In all but the most unusual cases, therefore, the interest of justice is served by holding parties to their bargain." (cleaned up)); *Worldwide Detective Agency, Inc. v. Cannon Cochran Mgmt. Servs., Inc.*, 622 F. App'x 383, 386 (5th Cir. 2015) (per curiam) ("When considering [Rule 60(b)] motions, courts are to weigh the equities of relief against 'the great desirability of preserving the principle of the finality of judgments.'" (quoting *Seven Elves, Inc. v. Eskenazi*, 635 F.2d 396, 402 (5th Cir. 1981))).

For these reasons, the court overrules the Attorney General's objections, (Docket Entry No. 801), and denies the Four Judges' motion, (Docket Entry No. 803).

SIGNED on May 26, 2026, at Houston, Texas.

_____
Lee H. Rosenthal
Senior United States District Judge

3