**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| MARANDA LYNN ODONNELL, ET AL.<br>*Plaintiffs*,<br><br>v.<br><br>HARRIS COUNTY, TEXAS, ET AL.<br>*Defendants*. | §<br>§<br>§<br>§<br>§<br>§<br>§ | Case No. 4:16-cv-01414 |

**THE ATTORNEY GENERAL OF TEXAS'S MOTION TO RECONSIDER AND RE-URGE INTERVENTION TO ASSERT *YOUNGER* ABSTENTION IN LIGHT OF THE FIFTH CIRCUIT'S AUGUST 26, 2026 MANDAMUS OPINION**

TO THE HONORABLE LEE H. ROSENTHAL:

Intervenor, Ken Paxton, the Attorney General of Texas, files this Motion to Reconsider and Re-Urge Intervention to Assert *Younger* Abstention in Light of the Fifth Circuit's August 26, 2026 Mandamus Opinion. In *In re Goodhart*, the Fifth Circuit held that *Daves v. Dallas County (Daves II)* controls *Younger* analysis in this case, *Younger* does not depend on factual development, and that a predecessor public official's consent alone does not bar a successor from raising *Younger*. *In re Goodhart*, No. 26-20337, slip op. at 6–9 (5th Cir. Aug. 26, 2026) (per curiam). Those points were central to this Court's decision denying the Attorney General ("Intervenor") leave to intervene and raise *Younger*. Dkt. 764 at 22–31. Because the Fifth Circuit has expressly rejected them, Intervenor respectfully asks the Court to reconsider under Rule 54(b) and allow him to intervene to assert *Younger*.

## I. INTRODUCTION

The Fifth Circuit has said, in two separate decisions, that this litigation should never have been in federal court to begin with. *Daves II* said so first. *In re Goodhart* said so repeatedly. *In re Goodhart*, slip op. at 2, 3, 6, 7 (quoting *Daves II*, 64 F.4th at 631). The panel granted mandamus,

ordered the district court to consider *Younger* "on an expedited basis," and directed it "to follow *Daves II*." *Id.* at 9.

The panel decision substantially undermines the Court's principal grounds for denying Intervenor leave to raise *Younger*. It rejected two of the three grounds this Court relied on: that consent by predecessor officials binds successors, and that abstention requires a developed factual record. *Id.* at 7. Its reasoning also undermines the Court's third ground, that Intervenor personally waived *Younger* through delay or implicit conduct. Reconsideration is warranted on each of these points.

## II. BACKGROUND

On October 30, 2025, this Court granted Intervenor leave to argue that Senate Bills 6 and 9 moot or require amendment of the consent decree, but denied leave to raise *Younger* on several grounds, including: the motion to intervene was untimely under Rule 24(a)(2), Dkt. 764 at 9–25; the original defendants waived *Younger* by entering the consent decree and Intervenor was bound by that waiver, *id.* at 29–30; Intervenor separately waived *Younger* himself through his own delay, *id.* at 30–31; and *Daves II* alone could not justify revisiting a final decree without further factual development under Rule 60(b), *id.* at 21–23.

Four Harris County Criminal Court at Law judges ("Four Judges") later moved to vacate the consent decree on *Younger* and other grounds. After the Court set the *Younger* hearing following the November 3, 2026 election, they petitioned for mandamus. On August 26, 2026, the Fifth Circuit granted the writ, held that *Daves II* governs this case, rejected the consent-based waiver and factual-development rationale the Court relied on to deny Intervenor leave to raise *Younger*, instructing the Court to consider *Younger* on an expedited schedule and to follow *Daves II*. *In re Goodhart*, slip op. at 6–9.

## III. THIS COURT SHOULD RECONSIDER AND GRANT LEAVE TO INTERVENE ON *YOUNGER*

### A. Intervenor Has Met the Standard for Reconsideration

The Court's order denying Intervenor leave to raise *Younger* is interlocutory and may be revised "at any time before the entry of a judgment." Fed. R. Civ. P. 54(b). *See Melancon v. Texaco, Inc.*, 659 F.2d 551, 553 (5th Cir. 1981). Under Rule 54(b), a district court can revise such an order "for any reason it deems sufficient." *Austin v. Kroger Texas, L.P.*, 864 F.3d 326, 336 (5th Cir. 2017).

An intervening appellate decision controlling the legal issue is a recognized basis for reconsideration. *Livingston Downs Racing Ass'n Inc. v. Jefferson Downs Corp.*, 259 F. Supp. 2d 471, 475–76 (M.D. La. 2002). *In re Goodhart* is exactly that. It is a binding, intervening appellate decision. While it is unpublished, its mandate is binding as the law of the case and warrants reconsideration of the Court's ruling barring Intervenor from raising *Younger*.

### B. The Mandamus Decision Undermines the Court's Bases for Denying Intervention

#### *1. Consent-based waiver.*

In denying leave to intervene to raise *Younger*, the Court concluded that the original defendants waived *Younger* by agreeing to the 2019 consent decree and that Intervenor was bound by that waiver. Dkt. 764 at 29–30. The Fifth Circuit rejected the proposition that predecessor consent alone binds successor public officials: "Consent alone is insufficient to support a commitment by a public official that ties the hands of his successor." *In re Goodhart*, slip op. at 7. If the Four Judges are not bound by their predecessors' agreement, then Intervenor, who did not sign the decree and was not even a party, cannot be bound by their consent. Therefore, the Court should not continue to treat predecessor defendants' consent as a basis for denying intervention to raise *Younger*.

***2. Factual-development requirement.***

This Court also reasoned that *Daves II*, standing alone, could not justify reopening or revisiting a final consent decree without additional factual development under Rule 60(b) and *Rufo*. Dkt. 764 at 21–23. The panel disagreed: "*Daves II* does not hinge upon factual development or discovery." *In re Goodhart*, slip op. at 7. The panel made clear that factual development under Rule 60(b) or *Rufo* is irrelevant to *Younger* abstention.

***3. Purported waiver by Intervenor.***

The Court further held that Intervenor waived *Younger* through delay, relying partly on authority suggesting that governmental waiver can arise implicitly through "consistent conduct." Dkt. 764 at 30–31. The Fifth Circuit's analysis undermines that view. In rejecting the argument that the Four Judges waived *Younger* by waiting more than two years to file their motion, the panel applied the governing rule that a governmental party must waive *Younger* "explicitly." *In re Goodhart*, slip op. at 8 (citation omitted). Intervenor was neither a party to the case nor to the consent decree, did not agree to submit the State's claims to federal adjudication, did not expressly urge the Court to adjudicate the merits, and took no action whatsoever amounting to an explicit waiver under Fifth Circuit precedent. *See* Dkt. 760 at 3-4.

**C. Reconsideration Causes No Prejudice**

Reconsideration will not prejudice the parties. The Fifth Circuit has already directed the Court to consider *Younger* on an expedited basis and "to follow *Daves II*." *In re Goodhart*, slip op. at 9. Allowing Intervenor to raise the same *Younger* abstention issue therefore imposes no additional burden on the schedule or on the parties.

## IV. CONCLUSION

For these reasons, and those set out in Intervenor's original motion, Intervenor respectfully requests that the Court (1) reconsider the portions of Dkt. 764 denying leave to intervene to raise *Younger*; (2) grant leave to intervene to assert *Younger* abstention consistent with *In re Goodhart* and *Daves II*; and (3) grant any further relief the Court deems appropriate.

Respectfully submitted,

**KEN PAXTON**
Attorney General of Texas

**BRENT WEBSTER**
First Assistant Attorney General

**RALPH MOLINA**
Deputy First Assistant Attorney General

**AUSTIN KINGHORN**
Deputy Attorney General for Civil Litigation

**KIMBERLY GDULA**
Chief – General Litigation Division

*/s/Joe Nwaokoro*
**JOE NWAOKORO**
Attorney-in-charge
Texas Bar No. 24032916
Southern Dist. No. 30168
Assistant Attorney General
General Litigation Division
P.O. Box 12548, Capitol Station
Austin, Texas 78711-2548
Tel :(512) 463-2120 | Fax: (512) 320-0667
Joe.Nwaokoro@oag.texas.gov

***COUNSEL FOR THE ATTORNEY GENERAL OF TEXAS***

**CERTIFICATE OF CONFERENCE**

I hereby certify that on August 28, 2026, Intervenor conferred with all parties' counsel, counsel for Plaintiffs, Harris County, Sheriff and 12 Judges oppose the relief requested in this motion. Counsel for the Four Judges does not oppose.

*/s/ Joe Nwaokoro*
**JOE NWAOKORO**
Assistant Attorney General

**CERTIFICATE OF SERVICE**

I certify that on this August 28 2026, a true and correct copy of the foregoing document was filed and served via the Court's CM/ECF system to all counsel of record.

*/s/ Joe Nwaokoro*
**JOE NWAOKORO**
Assistant Attorney General