SUSMAN GODFREY L.L.P.

A REGISTERED LIMITED LIABILITY PARTNERSHIP

1000 LOUISIANA
SUITE 5100
HOUSTON, TEXAS 77002
(713) 651-9366
FAX (713) 654-6666
www.susmangodfrey.com

SUITE 1400
1900 AVENUE OF THE STARS
LOS ANGELES, CALIFORNIA 90067-6029
(310) 789-3100

SUITE 3000
401 UNION STREET
SEATTLE, WASHINGTON 98101-2683
(206) 516-3880

ONE MANHATTAN WEST
NEW YORK, NEW YORK 10001-8602
(212) 336-8330

Neal Manne
Direct Dial (713) 653-7827

E-Mail nmanne@susmangodfrey.com

August 31, 2026

The Honorable Lee H. Rosenthal, District Judge
United States District Court, Southern District of Texas
515 Rusk Avenue, Houston, Texas 77002

Re: ***ODonnell. v. Harris County*, No. 4:16-cv-1414, Disputes to be Resolved at the August 31, 2026, Scheduling Conference**

Dear Judge Rosenthal:

Plaintiffs write to provide their views on the appropriate schedule moving forward in light of the Fifth Circuit's Mandamus Opinion, *In re Goodhart*, No. 26-20337, 2026 WL 2517641 (5th Cir. Aug. 26, 2026).

The Fifth Circuit's decision is egregiously wrong. Plaintiffs have filed a motion in the Fifth Circuit seeking to stay the mandate, and if the Fifth Circuit denies Plaintiffs' motion, Plaintiffs anticipate seeking emergency relief from the United States Supreme Court on or before September 2, 2026. Nonetheless, unless the Fifth Circuit or Supreme Court say otherwise, Plaintiffs will work as quickly as possible to implement the Fifth Circuit's decision.

The Parties seek the Court's assistance in resolving the following issues:

**Depositions:** Movants and Nonmovants agree that the depositions of Judge Paula Goodhart and Judge Leslie Johnson may proceed, but disagree over the examinations' scope. In its mandamus decision, the Fifth Circuit stated that "other factors, such as changed circumstances or a change in law" are relevant to "whether to vacate or modify a consent decree" under Rule 60. *Goodhart*, 2026 WL 2517641, at *4 (citing and then quoting *Rufo v. Inmates of Suffolk Cty. Jail*, 502 U.S. 367, 383–90, 392 (1992)); *see also id.* (observing that "a decision that clarifies the law will not, in and of itself, provide a basis for modifying a decree"). That is, the Fifth Circuit left open the question of whether, even if *Younger* abstention applies as a matter of law, the other Rule 60(b)

factors justify vacatur or modification. *See* Dkt. 804 at 11–15. The panel also questioned whether Movants had met their burden to prove that their years of inaction did not waive *Younger*. These are factual questions which the district court must decide when it makes a ruling on the Rule 60 motion(s) to vacate. Nothing in the Fifth Circuit decision says otherwise. Thus, a full record on the Rule 60 factors and the waiver question is required.

In the interest of time and efficiency, and considering the other evidence adduced in discovery, Plaintiffs propose limiting the depositions of the Judges to the topics below:

1. The process and timing of the Judges' efforts to challenge, vacate, or modify the Consent Decree, including their efforts to retain counsel to represent them on these issues;

2. The alleged relationship between the November 3, 2026 election and the Judges' motion to vacate.

The Four Judges do not oppose the depositions moving forward, but disagree outright with topic (2) because, according to counsel for the Four Judges, "the Fifth Circuit left no argument over the issue of the November election, so we object to it as a separate topic." They also propose revising topic (1) in a way that could be interpreted to bar Nonmovants' ability to obtain important testimony about waiver. The Movants propose the scope of the depositions be limited to "[t]he Judges' efforts to obtain counsel independent of their judicial colleagues who support the consent decree[.]"

**<u>Response Deadlines for Non-Movants:</u>** The parties disagree about the deadline for Non-Movants' responses to the motion(s) to vacate and the impact of the Attorney General's motion to reconsider (Dkt. 861) on the briefing schedule.

Plaintiffs propose a schedule that would permit compliance with a mandate they have asked the Fifth Circuit to stay, understanding this Court intends to proceed with modifying the scheduling order as though the mandate were in effect. If the Fifth Circuit denies Plaintiffs' request to stay the mandate, Plaintiffs will likely seek a stay from the Supreme Court. If the Fifth Circuit or the Supreme Court grants relief, Plaintiffs will ask the Court to restore the November 16 hearing date.

The Four Judges have proposed that the Non-Movants' responses be due September 10, which is seven (7) days after the Judges' depositions (currently scheduled for September 2 and 3). Plaintiffs propose September 28 as their deadline to respond to one or both motions to vacate and the Attorney General's motion to reconsider. That deadline is workable regardless of whether the Court prefers to have full briefing and decide the motion to reconsider prior to briefing on the motion(s) to vacate, or instead prefers to have them briefed simultaneously.

Movants have not proposed a schedule that incorporates responses to both the Four Judges' motion to vacate on the basis of *Younger* abstention and the Attorney General's motion to reconsider. At first, Four Judges' counsel suggested that the motion to reconsider "will not affect or slow the expected Younger schedule" because "the AG can adopt the Four Judges' Younger briefing (apart from their fact-specific waiver issue)." Plaintiffs were amenable to the Four Judges' proposal,

provided counsel for the Attorney General confirmed that "the AG agrees to adopt the arguments raised in [the Four Judges'] brief."

In response, counsel for the Attorney General stated, "As I said on our call, the AG's motion for reconsideration will not touch the expedited Younger track. We're not negotiating constraints on the AG's briefing by email. The Court will set any AG briefing schedule after it rules on intervention. There is no basis to suggest that our position complicates the schedule. We can address logistics with the Court on Monday." In candor, Plaintiffs do not fully understand the Attorney General's position, but it is clear from counsel's email that further attempts to confer would further would be futile.

Plaintiffs are willing to either resolve the Attorney General's motion to reconsider first or have him bound to the arguments raised in the Four Judges' forthcoming amended motion. But Plaintiffs oppose any schedule that would force Non-Movants to respond to the Four Judges' motion, then the Attorney General's motion to reconsider, and then, if his motion is granted, another motion to vacate on the basis of *Younger*. Such a schedule would waste time, unfairly prejudice Plaintiffs, and cause unnecessary confusion.

**Reserving a Potential Hearing Date:** The Parties disagree as to whether a hearing is needed because they disagree as to whether factual disputes are relevant to the Rule 60 motions to vacate. Plaintiffs ask the Court to calendar a hearing five (5) days after the Movants' reply deadline to ensure time on the calendar is available in the event the Court concludes, as the Supreme Court made clear in *Rufo*, that Rule 60 motions require fact-intensive inquiries or that oral argument would aid the Court in resolving the motion.

(*signatures on following page*)

Respectfully Submitted,

/s/ Neal S. Manne

Neal S. Manne
Texas Bar No. 12937980
nmanne@susmangodfrey.com
Joseph S. Grinstein
Texas Bar No. 24002188
Abbey E. McNaughton
Texas Bar No. 2411675
SUSMAN GODFREY L.L.P.
11000 Louisiana Street, Suite 5100
Houston, Texas 77002
Telephone: (713) 651-9366

Morgan McCollum
mmccollum@susmangodfrey.com
SUSMAN GODFREY L.L.P.
One Manhattan West
New York, NY 10001
Telephone: (212) 336-8330

Alec George Karakatsanis
alec@civilrightscorps.org
Elizabeth Rossi
elizabeth@civilrightscorps.org
Jeremy D. Cutting
cody@civilrightscorps.org
CIVIL RIGHTS CORPS
1601 Connecticut Ave NW, Suite 800
Washington, DC 20009
Telephone: (202) 681-2721

Dustin Rynders
Texas Bar No. 24048005
dustin@texascivilrightsproject.org
Sarah Beebe
Texas Bar No. 24069362
sbeebe@texascivilrightsproject.org
Travis Fife
Texas Bar No. 24126956
travis@texascivilrightsproject.org
Kirsten Budwine
Texas Bar No. 24140263
kirsten@texascivilrightsproject.org
TEXAS CIVIL RIGHTS PROJECT
2100 Travis Street
Houston, TX 77002
Telephone: (512) 474-5073

*Attorneys for Plaintiffs*