EXHIBIT
1-E

**From:** Goodhart, Judge Paula (CCL)
**Sent:** Mon, 28 Apr 2025 17:05:57 -0500
**To:** 'Grayson.Coker@senate.texas.gov'
**Subject:** Follow up

Good afternoon Grayson,

As requested, I am providing some follow up information regarding the misdemeanor bail situation in Harris County.

After many conversations with Grant Dorfman when he was at the AG's office, another Harris County judge and I had a zoom meeting with James Lloyd and Kimberly Gdula on 8/12/24. We expressed our concerns about the pervasive practice in Harris County of releasing individuals on a "general order bond" without any judicial review because of the O'Donnell consent decree. We were and are concerned that we are being forced to violate state law daily because of the decree. They expressed interest in either representing us or intervening because of a state interest. Since that meeting, I spoke to Ms. Gdula on 11/19/24, 12/10/24 and 3/17/25. I left numerous messages including on 4/8, 4/15 and 4/23, two days after the deputy was shot by the individual released on 4/16 without an individualized bail hearing on his misdemeanor case. I have not heard from the AG's office since our conversation in March, so I do not know where they stand. We would appreciate their assistance in this matter as the Harris County Commissioners refuse to provide counsel for us to appear in federal court.

Additionally, because of ethical concerns about the current situation, I requested an opinion from the Texas State Bar committee on judicial ethics. They declined to offer an advisory opinion about whether we were violating the Judicial Code of Conduct.

I reviewed the current text of SB9. It does not appear to impact class A and B misdemeanor bail. Currently article 17.028 clearly sets out the requirement that a magistrate shall consider all the factors listed in 17.15(a) in an individualized hearing before determining bail. Additionally, it mandates that a standing order related to bail is prohibited. However, the O'Donnell decree and the current County Criminal Court at Law local rule 9 require most individuals be released without an individualized hearing and the bail document ordering the sheriff to release these individuals is a standing order pre-signed by an associate judge and populated in each case by the sheriff's office. SB9 proposes an amendment to Art. 17.21 (Bail in Felony) that prohibits a sheriff from releasing someone charged with a felony unless they appear before a magistrate and the magistrate has considered the public safety report. Would it be possible to add the same language to Art. 17.20 (Bail in Misdemeanor) so the sheriff would be violating the law if he releases misdemeanor defendants without appearing before a magistrate? The commissioners do not seem concerned with the judges violating state law and hide behind the decree. They may feel differently about the sheriff violating the law.

Harris County judges agreed to the federal consent decree settlement in 2019. When the state law changed and SB6 passed, it conflicted with the settlement and the judges did nothing to remedy the situation despite being told by their staff attorney that the judges' local rule 9 and the

consent decree violated state law. Perhaps some stronger discipline language in the accountability bill would motivate those who signed the settlement to re-think their position.

Thank you for your consideration in this matter. Any assistance you can provide us would be greatly appreciated. I am available to answer any questions you may have and provide additional examples of egregious violations of state law because of the decree.

The Honorable Paula Goodhart
Presiding Judge, Harris County Criminal Court at Law No. 2

1201 Franklin St., 8th Floor, Houston, Texas 77002
832-927-3125 | www.ccl.hctx.net