EXHIBIT
1-G

**From:** Goodhart, Judge Paula (CCL)
**Sent:** Wed, 9 Jul 2025 09:57:15 -0500
**To:** Johnson, Judge Leslie (CCL); Garcia,Judge Linda (CCL); Padilla, Judge Jessica(CCL)
**Subject:** FW: Follow up - legal issues - consent decree
**Attachments:** kp0027.pdf

Leslie,

Here is the email from the County Attorney's Office.

The Honorable Paula Goodhart
Presiding Judge, Harris County Criminal Court at Law No. 2

1201 Franklin St., 8th Floor, Houston, Texas 77002
832-927-3125 | www.ccl.hctx.net

**From:** Fombonne, Jonathan (CAO) <Jonathan.Fombonne@harriscountytx.gov>
**Sent:** Thursday, June 26, 2025 3:00 PM
**To:** Goodhart, Judge Paula (CCL) <Paula_Goodhart@ccl.hctx.net>
**Cc:** Padilla, Judge Jessica (CCL) <Jessica_Padilla@ccl.hctx.net>; Garcia, Judge Linda (CCL) <Linda_Garcia@ccl.hctx.net>; Hopkins, Seth (CAO) <Seth.Hopkins@harriscountytx.gov>
**Subject:** RE: Follow up - legal issues - consent decree

Thank you for your patience. Please see below:

**Questions Presented**

You have asked several questions regarding the consent decree. As we have discussed, the County Attorney's Office can provide you with answers to these questions: (1) What are a judge's obligations to comply with a federal consent decree and corresponding order if it potentially conflicts with state law; (2) are County Criminal Court at Law Judges who were not parties to the consent decree bound by the terms of the *ODonnell* settlement and consent decree?; (3) provide Attorney General authority on whether the County Attorney must represent judges in proceedings before the Commission on Judicial Conduct; and (4) whether a judge retains judicial immunity for personal civil suits for bond decisions made in compliance with a consent decree that might conflict with state law. The County Attorney's Office is unable to opine on any issues related to modification of the consent decree.

## I. A consent decree is an enforceable judicial decree subject to the rules of other judgments and decrees.

"A settlement agreement, once entered into, cannot be repudiated by either party and will be summarily enforced." *United States v. City of New Orleans*, 731 F.3d 434, 439 (5th Cir. 2013) (citing *White Farm Equipment Co. v. Kupcho*, 792 F.2d 526, 530 (5th Cir. 1986)). Consent decrees carry even more weight than settlement agreements because they have been given "due consideration by the district court, and once approved, have the force of a legal judgment." *Id.* (citing *Cavallini v. State Farm Mutual Auto Insurance Co.*, 44 F.3d 256, 268 (5th Cir. 1995)). Even if litigants agreed to change the terms of a consent decree, a federal court could reject the request and refuse to "do their bidding." *Id.* (citing *League of United Latin American Citizens Council No. 4434 v. Clements,* 999 F.2d 831, 845 (5th Cir.1993) (en banc) (citations omitted)).

Thus, a consent decree is "a judicial decree that is subject to the rules generally applicable to other judgments and decrees." *Rufo v. Inmates of Suffolk County Jail*, 502 U.S. 367, 391 (1992). It is an "enforceable, final judgment with the force of res judicata" that "may not lawfully be revised, overturned or refused faith and credit by another Department of Government." *Mi Familia Vota v. Fontes*, 111 F.4th 976, 982 (9th Cir. 2024) (citations and quotations omitted, cleaned up). If a party violates a consent decree, the issuing court can hold him in contempt. *International Association of Firefighters*, 478 U.S. 501, 523, 530 (1986) ("the parties to the decree can be held in contempt of court for failure to comply with its terms").

When parties enter a consent decree, they can agree to terms that are broader than the law requires, and a court interprets a consent decree based on the contract law of the state where the decree is governed. *Allen v. Louisiana*, 14 F.4th 366, 371 (5th Cir. 2021). In *Local No. 93*, a city entered a consent decree to resolve employment discrimination complaints against the fire department. A firefighters' union challenged the decree because it went beyond what was required by Title VII. The Supreme Court examined the legislative history of Title VII and found that "a federal court is not necessarily barred from entering a consent decree merely because the decree provides broader relief than the court could have awarded after a trial." *Local No. 93, Intern. Association of Firefighters, AFL-CIO C.L.C. v. City of Cleveland*, 478 U.S. 501, 525 (1986). See also, *Frew ex rel. Frew v. Hawkins*, 540 U.S. 431, 439 (2004) (State officials can agree to take steps not required by federal law as long as the agreement's purpose was to vindicate federal law.)

As long as the *ODonnell* Consent Decree is in effect, the Harris County Criminal Court at Law Judges are required to follow it under penalty of contempt of court.

## II. Substitution of parties to a federal lawsuit.

Federal Rule of Civil Procedure 25(d) states that "[a]n action does not abate when a public officer who is a party in an official capacity dies, resigns, or otherwise ceases to hold office while the action is pending. The officer's successor is automatically substituted as a party." In *ODonnell*, the Harris County Criminal Court at Law judges were sued in both their official capacities.

Accordingly, County Criminal Court at Law Judges who are not parties to the consent decree but later won those offices by election were automatically substituted as parties.

*Jones v. Gusman*, explains this concept in succinct and relevant fashion. No. 12-859, 2023 WL 11910564 (E.D. La. Sept. 5, 2023). In that case, the Sheriff of Orleans Parish challenged the terms of a consent decree regarding the medical and mental health care of inmates at the Orleans Parish Jail. *Id.* at *1. In denying the Sheriff's motion, the court also specifically rejected the Sheriff's argument that she was not a party to the consent decree because a different person was the duly elected Sheriff of Orleans Parish at the time. *Id.* at *5-6. The Court explained that under Rule 25(d) "even where the party in litigation has actually changed, substituted parties 'must stand in [the] shoes [of predecessor litigants] with respect to all phases of the litigation. The fact that [a predecessor's] litigation may have impaired or adversely affected the rights of [a current party] would not justify [ ] disturbing all prior orders and decrees entered in [the] controversy and unfavorable to [a current party], which were binding on [the predecessor] when made.'" *Id.* at *6 (citing *Deauville Assocs., Inc. v. Murrell*, 180 F.2d 275, 277 (5th Cir. 1950)). As relevant here, the Court ended by stating: "the Sheriff's theory that a 'successor official should not be bound by its predecessor's decisions in a consent decree, especially when their views of the relief differ' lacks merit. There is no legal basis to suggest that the authority of a federal court to enforce its prior orders depends upon the outcome of a local election." *Id.*

## III. Obligation to provide representation in CJC proceedings.

In KP-0027, the Texas Attorney General considered whether the county (through a county attorney or district attorney otherwise) was obligated to represent a county judge in disciplinary proceedings before the State Commission on Judicial Conduct pursuant to Local Government Code 157.901(a). That statute requires the county to represent a county official when they have been sued for an action arising from the performance of public duty. The Attorney General opined that the county was not obligated to represent the judge in CJC proceedings because CJC proceedings did not constitute a suit. Following these statutes the guidance interpreting them, our offices has declined to represent county judges in CJC disciplinary proceedings.

Representation by the Harris County Attorney's office is also governed by Local Government Code 45.201, which provides that the County Attorney's primary duty is to represent "officials of Harris County in all civil matters pending before *the courts of Harris County and any other courts* in which the state, the county, or the officials of the county have matters pending." (emphasis added). Should a CJC decision be appealed to a court, review tribunal, or special court of review, the County Attorney will consider the circumstances under which it is obligated to represent a county judge.

## IV. A judge retains judicial immunity from personal civil suits for bond decisions made in compliance with a consent decree that might conflict with state law.

Judicial immunity is a longstanding concept designed to assure judicial independence:

> Few doctrines were more solidly established at common law than the immunity of judges from liability for damages for acts committed within their judicial

> jurisdiction… This immunity applies even when the judge is accused of acting maliciously and corruptly, and 'it is not for the protection or benefit of a malicious or corrupt judge, but for the benefit of the public, whose interest it is that the judges should be at liberty to exercise their functions with independence and without fear of consequences.'

*Pierson v. Ray*, 386 U.S. 547, 553-54 (1967) (internal citations omitted).

Judicial immunity is absolute immunity from liability in federal civil lawsuits. As the Supreme Court explained in *Dennis*:

> Based on the doctrine expressed in *Bradley v. Fisher*, 13 Wall. 335, 20 L.Ed. 646 (1872), this Court has consistently adhered to the rule that "judges defending against § 1983 actions enjoy absolute immunity from damages liability for acts performed in their judicial capacities. *Pierson v. Ray*, 386 U.S. 547 [87 S.Ct. 1213, 18 L.Ed.2d 288] (1967); *Stump v. Sparkman*, 435 U.S. 349 [98 S.Ct. 1099, 55 L.Ed.2d 331] (1978)."

*Dennis v. Sparks*, 449 U.S. 24, 27, 101 S. Ct. 183, 186, 66 L. Ed. 2d 185 (1980) (internal citations omitted).

Judicial immunity extends not only to judges, but to non-judges when they are act in a judicial or quasi-judicial capacity. *Blakely v. Andrade*, 360 F. Supp. 3d 453, 476-77 (N.D. Tex. 2019). Texas county magistrate judges are entitled to judicial immunity, as are court coordinators and anyone else who performs judicial functions. *Id*. See also, *Brown v. United States Postal Inspection Serv*., 206 F. Supp. 3d 1234, 1253 (S.D. Tex. 2016) (absolute immunity extends to any officer who is an integral part of the judicial process, such as prosecutors, clerks, bailiffs, constables issuing writs, court-appointed receivers and trustees, and sheriffs executing judicial orders).

Judicial immunity covers any decision that a judge makes in performing judicial duties. *Nixon v. Fitzgerald*, 457 U.S. 731, 745-746 (1982). This includes when judges make grave procedural errors. *Mitchell v. McBryde*, 944 F.2d 229, 230 (5th Cir. 1991). It extends even to judges who lack discretion to make their rulings. *Lancaster v. Harris County*, 821 Fed. Appx. 267, 270 (5th Cir. 2020).

A judicial officer's bail decision is a clear judicial function subject to this immunity. The Southern District of Texas explained in *Leverton* that a judge's decision to increase bail is "a judicial act well withing the scope of judicial functions" and that the judge setting bail is "absolutely immune to damages under Section 1983." *Leverton v. Garner*, No. CIV.A. G-05-295, 2006 WL 1350243, at *2 (S.D. Tex. May 15, 2006).

Thus, Harris County judges would retain judicial immunity against civil liability for complying with the *ODonnell* Consent Decree in making bail decisions.

***Jonathan G. C. Fombonne***
Deputy County Attorney & First Assistant
E: jonathan.fombonne@harriscountytx.gov
P: 713.274.5102
C: 346.354.7475

**Office of the Harris County Attorney**
**Christian D. Menefee**
1019 Congress, 15th Floor
Houston, Texas 77002
cao.harriscountytx.gov

*CONFIDENTIAL: ATTORNEY-CLIENT PRIVILEGED; ATTORNEY WORK PRODUCT: Emails and attachments received from the Office of the Harris County Attorney may be protected by the attorney-client privilege, as attorney work-product or by virtue of other privileges or provisions of law. If you are not an intended recipient, please do not read, copy, use, forward, or disclose any such communications or attachments to others; immediately notify the sender by reply email; and delete the email and the reply from your system. Any unauthorized disclosure, copying, distribution, or use of emails from us or any attachments thereto is prohibited.*

---

**From:** Goodhart, Judge Paula (CCL) <Paula_Goodhart@ccl.hctx.net>
**Sent:** Thursday, June 12, 2025 9:40 AM
**To:** Fombonne, Jonathan (CAO) <Jonathan.Fombonne@harriscountytx.gov>
**Cc:** Padilla, Judge Jessica (CCL) <Jessica_Padilla@ccl.hctx.net>; Garcia, Judge Linda (CCL) <Linda_Garcia@ccl.hctx.net>; Hopkins, Seth (CAO) <Seth.Hopkins@harriscountytx.gov>
**Subject:** RE: Follow up - legal issues - consent decree

Good morning,

When can we expect a follow up to our request?

Thank you,

The Honorable Paula Goodhart
Presiding Judge, Harris County Criminal Court at Law No. 2

1201 Franklin St., 8th Floor, Houston, Texas 77002
832-927-3125 | www.ccl.hctx.net

---

**From:** Goodhart, Judge Paula (CCL)
**Sent:** Tuesday, June 3, 2025 10:23 AM
**To:** Fombonne, Jonathan (CAO) <Jonathan.Fombonne@harriscountytx.gov>
**Cc:** Padilla, Judge Jessica (CCL) <Jessica_Padilla@ccl.hctx.net>; Garcia, Judge Linda (CCL) <Linda_Garcia@ccl.hctx.net>; Hopkins, Seth (CAO) <Seth.Hopkins@harriscountytx.gov>
**Subject:** RE: Follow up - legal issues - consent decree

Yes please. It will be appreciated.

The Honorable Paula Goodhart
Presiding Judge, Harris County Criminal Court
at Law No. 2

1201 Franklin St., 8th Floor, Houston, Texas
77002
832-927-3125 | www.ccl.hctx.net

**From:** Fombonne, Jonathan (CAO) <Jonathan.Fombonne@harriscountytx.gov>
**Sent:** Monday, June 2, 2025 10:55 PM
**To:** Goodhart, Judge Paula (CCL) <Paula_Goodhart@ccl.hctx.net>
**Cc:** Padilla, Judge Jessica (CCL) <Jessica_Padilla@ccl.hctx.net>; Garcia, Judge Linda (CCL) <Linda_Garcia@ccl.hctx.net>; Hopkins, Seth (CAO) <Seth.Hopkins@harriscountytx.gov>
**Subject:** RE: Follow up - legal issues - consent decree

Judge Goodhart,

We're endeavoring to provide you a write up this week. Given your email to the monitor from Friday, would you still like to receive this write-up?

Thanks,

Jon

***Jonathan G. C. Fombonne***
Deputy County Attorney & First Assistant
E: jonathan.fombonne@harriscountytx.gov
P: 713.274.5102
C: 346.354.7475

**Office of the Harris County Attorney**
**Christian D. Menefee**
1019 Congress, 15th Floor
Houston, Texas 77002

cao.harriscountytx.gov

*CONFIDENTIAL: ATTORNEY-CLIENT PRIVILEGED; ATTORNEY WORK PRODUCT: Emails and attachments received from the Office of the Harris County Attorney may be protected by the attorney-client privilege, as attorney work-product or by virtue of other privileges or provisions of law. If you are not an intended recipient, please do not read, copy, use, forward, or disclose any such communications or attachments to others; immediately notify the sender by reply email; and delete the email and the reply from your system. Any unauthorized disclosure, copying, distribution, or use of emails from us or any attachments thereto is prohibited.*

**From:** Fombonne, Jonathan (CAO)
**Sent:** Monday, May 12, 2025 3:13 PM
**To:** Goodhart, Judge Paula (CCL) <Paula_Goodhart@ccl.hctx.net>
**Cc:** Padilla, Judge Jessica (CCL) <Jessica_Padilla@ccl.hctx.net>; Garcia, Judge Linda (CCL) <Linda_Garcia@ccl.hctx.net>; Hopkins, Seth (CAO) <Seth.Hopkins@harriscountytx.gov>
**Subject:** RE: Follow up - legal issues - consent decree

Thanks Judge Goodhart. We're looking to get you a write-up in the next couple of weeks.

Also, just to frame the first question as I have written it: What are the judge's obligations to comply with a federal consent decree and corresponding order when it potentially conflicts with state law.

***Jonathan G. C. Fombonne***
Deputy County Attorney & First Assistant
E: jonathan.fombonne@harriscountytx.gov
P: 713.274.5102
C: 346.354.7475

**Office of the Harris County Attorney**
**Christian D. Menefee**
1019 Congress, 15th Floor
Houston, Texas 77002

cao.harriscountytx.gov

*CONFIDENTIAL: ATTORNEY-CLIENT PRIVILEGED; ATTORNEY WORK PRODUCT: Emails and attachments received from the Office of the Harris County Attorney may be protected by the attorney-client privilege, as attorney work-product or by virtue of other privileges or provisions of law. If you are not an intended recipient, please do not read, copy, use, forward, or disclose any such communications or attachments to others; immediately notify the sender by reply email; and delete the email and the reply from your system. Any unauthorized disclosure, copying, distribution, or use of emails from us or any attachments thereto is prohibited.*

---

**From:** Goodhart, Judge Paula (CCL) <Paula_Goodhart@ccl.hctx.net>
**Sent:** Wednesday, May 7, 2025 2:32 PM
**To:** Fombonne, Jonathan (CAO) <Jonathan.Fombonne@harriscountytx.gov>
**Cc:** Padilla, Judge Jessica (CCL) <Jessica_Padilla@ccl.hctx.net>; Garcia, Judge Linda (CCL) <Linda_Garcia@ccl.hctx.net>
**Subject:** Follow up - legal issues - consent decree

Good afternoon Jonathan,

Thank you for meeting with us last week on Teams. At the conclusion of the meeting, you committed to provide us with the following information:

1. The legal authority that holds that when a federal consent decree is in direct conflict with state law, the decree prevails,
2. The federal rule that automatically substituted us as parties to the settlement when we were elected,
3. The Attorney General's memo that you referenced regarding representation, and
4. Your evaluation of whether our judicial immunity is penetrable if we violate state law regarding bail requirements.

When can we expect a response? Please let me know if you need any additional information. Thank you for your time and attention to this matter.

Paula Goodhart

The Honorable Paula Goodhart
Presiding Judge, Harris County Criminal Court at Law No. 2

1201 Franklin St., 8th Floor, Houston, Texas 77002
832-927-3125 | www.ccl.hctx.net