EXHIBIT
2

**From:** Allan Van Fleet <allanvanfleet@gmail.com>
**To:** "Fraser, Rachel (CAO)" <Rachel.Fraser@harriscountytx.gov>, Brandon Garrett <bgarrett@law.duke.edu>, "Carmichael, Dottie" <dottie@tamu.edu>, "Guerra Thompson, Sandra (JAD)" <Sandra.GuerraThompson@jad.hctx.net>, "cody@civilrightscorps.org" <cody@civilrightscorps.org>, "Dougherty, Patrick (HCSO)" <Patrick.Dougherty@sheriff.hctx.net>, "Hopkins, Seth (CAO)" <Seth.Hopkins@harriscountytx.gov>, "Jimenez, Victoria (HCSO)" <Victoria.Jimenez@sheriff.hctx.net>, "Wood, Sarah (PDO)" <Sarah.Wood@pdo.hctx.net>, "Bradley, Suzanne (CAO)" <Suzanne.Bradley@harriscountytx.gov>, "Giordanelli, Michael (OJS)" <Michael.Giordanelli@harriscountytx.gov>
**Cc:** "Genesis_Draper@ccl.hctx.net" <Genesis_Draper@ccl.hctx.net>, "Salgado, Judge Alex (CCL)" <Alex_Salgado@ccl.hctx.net>
**Subject:** RE: Bail Order Issue
**Date:** Tue, 18 Apr 2023 14:09:13 -0500
**Inline-Images:** image001.jpg

---

I have shared this with Presiding Judge Draper and Co-Presiding Judge Salgado.

Please note, however, that I no longer represent Judge Goodhart (Court 2) or Judge Padilla (Court 14).

Best regards,

avf

**G. Allan Van Fleet, P.C.**

2228 Ship's Mechanic Row, Suite 307
Galveston, Texas 77550

6218 Elm Heights Lane, Suite 201
Houston, Texas 77081

713.826.1954
allanvanfleet@gmail.com
Linkedin

**From:** Fraser, Rachel (CAO)
**Sent:** Tuesday, April 18, 2023 1:31 PM
**To:** Allan Van Fleet; Brandon Garrett; Carmichael, Dottie; Guerra Thompson, Sandra (JAD); cody@civilrightscorps.org; Dougherty, Patrick (HCSO); Hopkins, Seth (CAO); Jimenez, Victoria (HCSO); Wood, Sarah (PDO); Bradley, Suzanne (CAO); Giordanelli, Michael (OJS)
**Subject:** FW: Bail Order Issue

Good Afternoon:

Natalie Ware called me earlier today and we spoke over the telephone about the issues below. I am circulating her concerns regarding bail reviews, bail orders and materials being circulated in County Courts regarding the same issue in advance of our Thursday call. Please forward to anybody I may have missed.

Warmest Regards,


PLS_007313

RF

**From:** Rogers, Morgan (MAC) <Morgan.Rogers@mac.hctx.net>
**Sent:** Tuesday, April 18, 2023 12:51 PM
**To:** Fraser, Rachel (CAO) <Rachel.Fraser@harriscountytx.gov>
**Cc:** Ware, Natalie (MAC) <Natalie.Ware@mac.hctx.net>
**Subject:** Bail Order Issue

Hey, Rachel – thank you again for taking the time to meet with us on this issue.

To recap, we have recently learned that attorneys on our list are occasionally receiving appointments to in custody clients who are not present in court for their initial/bail hearing, and the court is nonetheless requiring that a bail order be filed. This was initially brought to our attention via the appointment request process. In these instances, the court coordinator is submitting a request through the FDAMS appointment system for an appointed attorney. In the notes section that allows for an informational note be sent to the eventual appointed attorney, the coordinator is at times writing something like, "Defendant not brought to court. Come by to sign the bail order."

On this bail order, the court is selecting the box **"The Defendant requested a bail hearing be continued to X date"** and is then seeking/requiring the attorney's signature. (Sample attached). We have seen this occur in Courts 2 and 14, although there may be others. At least in Court 2, these bail orders are generated by the coordinator electronically and the attorneys are made to sign via a small electronic pad. This practice prevents the attorney from being able to see what they are signing.

**<u>Why this is an issue:</u>**

1. The client is not present and the attorney is newly appointed, so any indication that the client is requesting a reset is false.
2. A potential consequence to the attorney filing a false document ranges from bar complaint to felony conviction.
3. This improper bail order holds the client in custody on that case in violation of Local Rule 9 (and the O'Donnell Consent Decree) when the individual could be released. By requiring an attorney to sign the document, the attorney is in effect assisting in the holding of their own client in custody.
    1. This is because Local Rule 9.16 states: "The Sheriff must not enforce any order requiring secured money bail that is not accompanied by a record showing that the procedures and findings described in Local Rule 9 were provided. By General Order of the CCCL Judges, if an order to pay secured money bail is unaccompanied by the required record, the Sheriff must deliver to the arrestee a General Order Bond ("GOB") issued by one or more of the CCCL Judges and release the arrestee."

When court staff was asked about the process requiring attorneys to sign a bail order without their clients' presence, we were advised that the courts have been trained to handle this issue in this exact manner. We were also shown a hard copy of PowerPoint slides of that training. (Photos Attached). The PowerPoint explicitly directs the courts, in a situation where the client is not brought to court, to select the box indicating that the Defendant requests a reset of their bail hearing—citing that the failure to file a bail order may result in the person being release. Ashley Guice, General Counsel for the County Courts, acknowledged ownership over the creation of this PowerPoint.

**<u>We have presented to MAC attorneys the following ideas when advocating for their clients under these circumstances:</u>**

1. Refuse to generate the bail order.
2. If the court generates a bail order and requests your signature, ensure you can see what has been generated before determining whether or not to sign.
3. Refuse to sign.
4. Although an option, crossing out the false statement on the bail order before signing will likely result in your client remaining in custody without a hearing, since it is the filing of the bail order that makes the system believe a bail hearing was held (or truthfully reset/waived).

Please let us know if there is any other information that might be helpful in resolving this issue.

Morgan Rogers
Resource Attorney
Harris County Office of Managed Assigned Counsel

1310 Prairie Street, 16th Floor
Houston, TX 77002
Office: 832-927-3923
Cell: 713-588-0270
Email: Morgan.Rogers@mac.hctx.net
Website: https://mac.harriscountytx.gov