**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| MARANDA LYNN ODONNELL, ET AL.<br>Plaintiffs, | §<br>§ | |
| | § | |
| v. | § | Case No. 4:16-cv-01414 |
| | § | |
| HARRIS COUNTY, TEXAS, ET AL.<br>Defendants. | §<br>§ | |

**THE ATTORNEY GENERAL OF TEXAS'S REPLY IN SUPPORT OF THE RENEWED REQUEST FOR *YOUNGER* ABSTENTION AND OBJECTIONS TO NON-MOVANTS' EVIDENCE**

The Attorney General of Texas, Ken Paxton, joins the reply filed contemporaneously by Hon. Paula Goodhart, Hon. Jessica Padilla, Hon. Leslie Johnson, and Hon. Linda Garcia (the "Four Judges") in support of their Renewed Request for *Younger* Abstention (Dkt. 864), which he has joined (Dkt. 865). He files this Reply to address the State's distinct interests, Plaintiffs' contention that he waived *Younger*, and Non-Movants' late and inadmissible evidence, responding to the responses of Harris County (Dkt. 884), the Twelve Judges (Dkt. 883), and Plaintiffs (Dkt. 885).

**KEN PAXTON**
Attorney General of Texas

**BRENT WEBSTER**
First Assistant Attorney General

**RALPH MOLINA**
Deputy First Assistant Attorney General

**WILLIAM WASSDORF**
Deputy Attorney General for Civil Litigation

**KIMBERLY GDULA**
Chief, General Litigation Division

**JOE NWAOKORO**
Attorney-in-Charge
Assistant Attorney General
Texas Bar No. 24032916
Southern Dist. No. 30168
Office of the Attorney General
P.O. Box 12548, Capitol Station
Austin, Texas 78711-2548
Phone: (512) 979-5382 | Fax: (512) 477-2348
Joe.Nwaokoro@oag.texas.gov

**COUNSEL FOR THE ATTORNEY GENERAL OF TEXAS**

**TABLE OF CONTENTS**


TABLE OF CONTENTS ..... ii

TABLE OF AUTHORITIES ..... iii

INTRODUCTION ..... 1

I. Joinder, Adoption, and Incorporation ..... 1

II. *Younger* Applies, and Plaintiffs' Objections to Abstention Fail ..... 2

A. The *Younger* Elements Are Satisfied ..... 2

B. Plaintiffs' *Sprint*-Category and Irreparable-Harm Objections Fail ..... 3

III. Abstention Requires Dismissal, and Rule 60(b) Is No Barrier to Deciding *Younger* Now 4

A. *Younger* Is a Threshold Question That Does Not Depend on the Rule 60(b) Equities ..... 4

B. If Rule 60(b)(5) Governs, It Is Satisfied as a Matter of Law ..... 6

C. Non-Movants' Rule 60(b) Authorities Do Not Displace That Conclusion ..... 8

IV. The Attorney General Has Not Waived *Younger* ..... 9

A. Intervening Is Not an Express Waiver ..... 10

B. No Waiver Passes to the Attorney General from the County Defendants ..... 10

C. The Attorney General's Conduct Shows No Willingness to Submit to the Federal Forum ..... 11

D. Judge Goodhart's Notes Do Not Show Waiver ..... 12

E. Delay Is Not Waiver and Does Not Make the State's *Younger* Request Untimely ..... 13

V. Non-Movants' Evidence Bears Only on the Rule 60(b)(5) Equities, and the Attorney General Objects to It ..... 15

A. The Evidence Does Not Bear on Whether *Younger* Requires Abstention ..... 16

B. Many of the Declarations Are Untimely ..... 16

C. The Challenged Declarations and Ninth Report Are Also Inadmissible ..... 18

CONCLUSION ..... 19

CERTIFICATE OF SERVICE ..... 20

**TABLE OF AUTHORITIES**

**Cases**

*Bice v. La. Pub. Def. Bd.*,
677 F.3d 712 (5th Cir. 2012) .......... 2

*BLOM Bank SAL v. Honickman*,
605 U.S. 204 (2025) .......... 8

*Callon Petroleum Co. v. Frontier Ins. Co.*,
351 F.3d 204 (5th Cir. 2003) .......... 9

*Cooper v. Tex. Alcoholic Beverage Comm'n*,
820 F.3d 730 (5th Cir. 2016) .......... 7

*Cradle of Liberty Council, Inc. v. City of Philadelphia*,
No. 08-CV-2429, 2010 WL 68874 (E.D. Pa. Jan. 6, 2010) .......... 11

*Daves v. Dallas Cnty.* (*Daves I*),
22 F.4th 522 (5th Cir. 2022) .......... 10

*Daves v. Dallas Cnty.* (*Daves II*),
64 F.4th 616 (5th Cir. 2023) .......... passim

*DeSpain v. Johnston*,
731 F.2d 1171 (5th Cir. 1984) .......... 2, 4

*First RepublicBank Fort Worth v. Norglass, Inc.*,
958 F.2d 117 (5th Cir. 1992) .......... 14

*Free v. Abbott Lab'ys, Inc.*,
164 F.3d 270 (5th Cir. 1999) .......... 3

*Frew v. Hawkins*,
540 U.S. 431 (2004) .......... 7

*Garcia v. Fuentes Rest. Mgmt. Servs., Inc.*,
141 F.4th 671 (5th Cir. 2025) .......... 9

*Gonzalez v. Crosby*,
545 U.S. 524 (2005) .......... 8

*Horne v. Flores*,
557 U.S. 433 (2009) .......... 7

*In re Goodhart*,
No. 26-20337, 2026 WL 2517641 (5th Cir. Aug. 26, 2026) .......... passim

*Kelly v. Robinson*,
479 U.S. 36, 49 (1986)........................................................................................ 2

*Moore v. Sims*,
442 U.S. 415 (1979)........................................................................................ 3

*O'Donnell v. Garcia*,
No. 26A296 (U.S. Sept. 2, 2026)........................................................................ 5

*O'Donnell v. Garcia*,
No. 26A296 (U.S. Sept. 8, 2026)........................................................................ 4, 5, 7

*O'Donnell v. Harris Cnty.* (*O'Donnell I*),
892 F.3d 147 (5th Cir. 2018) ........................................................................ 4, 6

*Ohio Bureau of Emp. Servs. v. Hodory*,
431 U.S. 471 (1977)........................................................................................ 10

*O'Neill v. Coughlan*,
511 F.3d 638 (6th Cir. 2008) ........................................................................ 10, 11

*O'Shea v. Littleton*,
414 U.S. 488 (1974)........................................................................................ 2

*RTM Media, L.L.C. v. City of Houston*,
584 F.3d 220 (5th Cir. 2009) ........................................................................ 10, 13

*Rufo v. Inmates of Suffolk Cnty. Jail*,
502 U.S. 367 (1992)........................................................................................ 6, 7

*Sinochem Int'l Co. v. Malaysia Int'l Shipping Corp.*,
549 U.S. 422 (2007)........................................................................................ 6

*Sprint Commc'ns, Inc. v. Jacobs*,
571 U.S. 69, 78 (2013)........................................................................................ 3

*Taita Chem. Co. v. Westlake Styrene Corp.*,
246 F.3d 377 (5th Cir. 2001) ........................................................................ 9

*United States v. Armour & Co.*,
402 U.S. 673 (1971)........................................................................................ 10

*United States v. Olano*,
507 U.S. 725 (1993)........................................................................................ 10, 13

*United Student Aid Funds, Inc. v. Espinosa*,
559 U.S. 260 (2010)........................................................................................ 9

*Wooley v. Maynard*,
430 U.S. 705 (1977) ........ 12

*Younger v. Harris*,
401 U.S. 37 (1971) ........ passim

**Statutes**

28 U.S.C. § 1746(2) ........ 18

Senate Bill 6, Act of Aug. 31, 2021, 87th Leg., 2d C.S., ch. 11 ........ 3

**Rules**

Fed. R. Civ. P. 12(h)(3) ........ 14

Fed. R. Civ. P. 201(b)(2) ........ 5

Fed. R. Civ. P. 26(a)(2) ........ 18

Fed. R. Civ. P. 60(b) ........ passim

Fed. R. Civ. P. 60(b)(4) ........ 14

Fed. R. Civ. P. 60(b)(5) ........ passim

Fed. R. Civ. P. 60(b)(6) ........ 8, 14

Fed. R. Civ. P. 60(c)(1) ........ 4, 13, 14, 15

Fed. R. Evid. 401 ........ 16

Fed. R. Evid. 402 ........ 16

Fed. R. Evid. 602 ........ 18

Fed. R. Evid. 701 ........ 18

Fed. R. Evid. 702 ........ 18, 19

Fed. R. Evid. 703 ........ 19

Fed. R. Evid. 802 ........ 18, 19

## INTRODUCTION

The Fifth Circuit has directed this Court to "follow *Daves II*" and to consider *Younger* abstention on an expedited basis, explaining that *Daves II* "does not hinge upon factual development or discovery." *In re Goodhart*, No. 26-20337, 2026 WL 2517641, at *3, *5 (5th Cir. Aug. 26, 2026) (per curiam). This Court then ordered amended motions on *Younger*. Dkt. 867. The Four Judges filed their Renewed Request (Dkt. 864), and the Attorney General joined it (Dkt. 865) (together, "Movants"). Plaintiffs, Harris County, and the Twelve Judges (collectively, "Non-Movants") respond mostly with arguments about the equities under Rule 60(b)(5). Dkts. 883, 884, 885. Plaintiffs add two objections regarding *Younger* and claim that *Younger* has been waived.

This reply is limited to matters on which the State has a distinct interest. First, the Attorney General agrees with the Four Judges that *Younger* applies and Rule 60(b) is no barrier to deciding it now. Second, Plaintiffs' contention that the Attorney General waived *Younger* fails. He was a non-party until this Court granted limited intervention in October 2025. He sought to assert *Younger* in his motion to intervene and reserved it after the Court declined to hear it. Plaintiffs point to no explicit relinquishment. They concede that *Goodhart* rejected their consent-judgment theory, and they are left with silence, deliberation, and a stray phrase in a personal note. None of that waives *Younger*. Third, the declarations, the expert report, and the Monitor's Ninth Report that Non-Movants rely on go to the Rule 60(b)(5) equities, not to whether *Younger* requires abstention, and much of that material is also untimely and inadmissible.

### I. Joinder, Adoption, and Incorporation

The Attorney General joins and adopts the Four Judges' reply in support of the Renewed Request for *Younger* Abstention, filed contemporaneously with this reply. He also incorporates by reference his prior *Younger* briefing in this matter, including Dkts. 760, 861, and 873.

## II. *Younger* Applies, and Plaintiffs' Objections to Abstention Fail

### A. The *Younger* Elements Are Satisfied

*Younger v. Harris*, 401 U.S. 37 (1971), requires abstention where "(1) the federal proceeding would interfere with an 'ongoing state judicial proceeding'; (2) the state has an important interest in regulating the subject matter of the claim; and (3) the plaintiff has 'an adequate opportunity in the state proceedings to raise constitutional challenges.'" *Bice v. La. Pub. Def. Bd.*, 677 F.3d 712, 716 (5th Cir. 2012) (citation omitted). Plaintiffs do not dispute on the merits that these elements are met. Instead, they argue that Movants did not carry a burden of showing that *Daves II* requires abstention on these facts, and add the two objections addressed in Part II.B. Dkt. 885 at 38–39.

**Interference.** The Consent Decree's monitoring and periodic-reporting regime (Dkt. 708) is the "ongoing federal audit of state criminal proceedings" that *Younger* forecloses. *Daves v. Dallas Cnty.* (*Daves II*), 64 F.4th 616, 631 (5th Cir. 2023) (en banc) (quoting *O'Shea v. Littleton*, 414 U.S. 488, 500 (1974)).

**Important state interest.** Texas's administration of pretrial bail in its own courts is a core sovereign function. *See Kelly v. Robinson*, 479 U.S. 36, 49 (1986) (recognizing "the States' interest in administering their criminal justice systems free from federal interference"). The State also has a strong interest in enforcing its criminal laws, setting bail to secure defendants' appearance, and protecting the community, law enforcement, and victims. *See DeSpain v. Johnston*, 731 F.2d 1171, 1176 (5th Cir. 1984) ("The state has a strong interest in enforcing its criminal laws.").

**Adequate state forum.** Bond-reduction motions, magistrate bail review, examining trials, and state habeas give defendants an adequate opportunity to raise federal claims. A state remedy is inadequate only where state law "clearly bars the interposition of the constitutional claims."

*Moore v. Sims*, 442 U.S. 415, 425–26 (1979); *see Daves II*, 64 F.4th at 632–33. *Daves II* held that Texas provides an adequate forum: "Texas law expressly provides mechanisms for challenging excessive bail. A person may move for bond reduction, as one of the named plaintiffs in this case successfully did." *Daves II*, 64 F.4th at 629. And "it bears repeating that Texas state court procedures do not clearly bar the raising of federal claims regarding bail because Texas requires that bail be set individually in each case rather than on a mechanical, unalterable basis." *Id.* at 633. Senate Bill 6, Act of Aug. 31, 2021, 87th Leg., 2d C.S., ch. 11, further opens that forum. Dkt. 864 at 9–10.

### B. Plaintiffs' *Sprint*-Category and Irreparable-Harm Objections Fail

Plaintiffs raise two objections directed at *Younger* itself (Dkt. 885 at 38–39); both fail as a matter of law. Plaintiffs also call the *Younger* holding of *Daves II* "advisory." *Id.* at 37 n.15. *Goodhart* rejects that characterization, expressly directing this Court to follow *Daves II*. 2026 WL 2517641, at *5.

First, Plaintiffs contend that pretrial-bail proceedings fall outside the "exceptional" categories to which *Younger* applies, *see Sprint Commc'ns, Inc. v. Jacobs*, 571 U.S. 69, 78 (2013), and they rely on this Court's 2016 order denying the motions to dismiss, Dkt. 125. Dkt. 885 at 38–39. That order was interlocutory and was entered years before *Daves II* held, in materially identical bail litigation, that *Younger* required the district court to abstain. *Daves II*, 64 F.4th at 631, 635–36. Bail is set within pending state criminal prosecutions, the first category *Sprint* recognizes. 571 U.S. at 78. Law of the case yields to intervening controlling authority, *Free v. Abbott Lab'ys, Inc.*, 164 F.3d 270, 272 (5th Cir. 1999), and the mandate commands this Court to "follow *Daves II*." *Goodhart*, 2026 WL 2517641, at *5. Whether this litigation falls within *Younger* is therefore a question of law that the Fifth Circuit has already answered for this case. Even Harris County

acknowledges as much, observing that *O'Donnell I* has been "overruled in part by *Daves II*." Br. of Harris County at 2 n.3, *O'Donnell v. Garcia*, No. 26A296 (U.S. Sept. 8, 2026).

Second, Plaintiffs invoke the "great and immediate" irreparable-harm exception. Dkt. 885 at 39 (citing *DeSpain*, 731 F.2d at 1180 n.22). But that exception is narrow and inapplicable here: it is reserved for the extraordinary situation where the state proceeding irreparably injures federal rights, such as a prosecution brought in bad faith or to harass, or one under a statute that is flagrantly and patently unconstitutional. *Younger*, 401 U.S. at 53–54. Plaintiffs allege nothing of that sort. The injury they describe is the consequence of secured money bail, and that injury can be remedied in the state bail process itself, through individualized bail determinations, bond-reduction motions, and habeas review—the mechanisms that *Daves II* held keep Texas's forum open to federal claims. *Daves II*, 64 F.4th at 633. A harm remediable in state courts is not the great and immediate, otherwise-irremediable injury that the exception guards against. *Younger*, 401 U.S. at 46. Nor can Plaintiffs manufacture the exception from the policy consequences of vacatur, an assessment that is evidence-based and dependent on the fact-intensive inquiry that *Goodhart* held is not required. 2026 WL 2517641, at *3.

## III. Abstention Requires Dismissal, and Rule 60(b) Is No Barrier to Deciding *Younger* Now

Non-Movants' central procedural argument is that Rule 60(b) is the exclusive vehicle for relief from the Consent Decree and that *Younger* cannot be decided without the factual development Rule 60(b)(5) requires. *See* Dkt. 884 at 2, 4; Dkt. 885 at 32. Plaintiffs' separate argument that the request is untimely under Rule 60(c)(1) is addressed in Part IV.E.

### A. *Younger* Is a Threshold Question That Does Not Depend on the Rule 60(b) Equities

Non-Movants' filings confirm that abstention and the Rule 60(b)(5) equities are distinct inquiries. Harris County states in its response that once the "threshold question" of *Younger* "is

determined, the Court may consider a motion to vacate or modify the Consent Decree." Dkt. 884 at 5. Its conclusion likewise asks the Court "to deny the motion to abstain under *Younger* and go forward with the Rule 60 hearing set for the week of November 16," Dkt. 884 at 12, thereby treating abstention and the Rule 60 proceeding as separate, sequential steps.

Harris County told the Supreme Court the same, describing the panel's mandate as requiring "a bifurcated ruling that prioritizes *Younger* . . . over the Rule 60(b) equitable factors" and as making it "impossible for the district court to review the Rule 60(b) equities before ruling on the motion to vacate." Br. of Harris County at 2, 7, *O'Donnell v. Garcia*, No. 26A296 (U.S. Sept. 8, 2026).

Plaintiffs likewise argued before the Supreme Court that the Scheduling Order "pulls the *Younger* question out of the November 16 evidentiary hearing—where respondents' Rule 60(b) burden was to be tested." Emergency Appl. at 10-11, *O'Donnell v. Garcia*, No. 26A296 (U.S. Sept. 2, 2026). The County's only bridge between *Younger* and Rule 60(b) is that the equities "bear on the same principles of equity and judicial economy that arise under the *Younger* analysis." Br. of Harris County at 10. But the County cites no authority for that proposition, and *Goodhart* forecloses it because abstention "does not hinge upon factual development or discovery." 2026 WL 2517641, at *3. None of the *Younger* elements depends on the cost or public-safety consequences of a consent decree. The Attorney General requests that the Court take judicial notice of Plaintiffs' and the County's filings with the Supreme Court under Federal Rule of Evidence 201(b)(2).

Abstention is a threshold doctrine of comity, not a merits question about whether to reopen a judgment. A federal court may resolve abstention without first deciding its Article III jurisdiction because it has "leeway 'to choose among threshold grounds for denying audience to a case on the

merits.'" *Sinochem Int'l Co. v. Malaysia Int'l Shipping Corp.*, 549 U.S. 422, 431 (2007) (citation omitted); *see Daves II*, 64 F.4th at 623 (applying *Sinochem* and confirming that a court "need not decide whether the parties present an Article III case or controversy before abstaining under *Younger*"). Where *Younger* applies, the federal court declines to exercise jurisdiction, and the remedy is dismissal. That was *Daves II*'s holding, and the Fifth Circuit has directed this Court to "follow *Daves II*," which "does not hinge upon factual development or discovery." *Goodhart*, 2026 WL 2517641, at *3, *5.

Because the panel directed this Court to decide *Younger* on an expedited basis in this same post-judgment posture, Non-Movants' contention that a final Consent Decree can be revisited only through Rule 60(b)'s fact-bound inquiry is difficult to reconcile with *In re Goodhart*. Plaintiffs read *Goodhart* to leave the Rule 60 framework in place. Dkt. 885 at 34–35, 38. Even on that reading, the framework is satisfied here as a matter of law. If the Court abstains, the case is dismissed.

**B. If Rule 60(b)(5) Governs, It Is Satisfied as a Matter of Law**

Rule 60(b)(5) authorizes relief when "applying [the judgment] prospectively is no longer equitable." A movant meets its burden by showing "a significant change either in factual conditions or in law." *Rufo v. Inmates of Suffolk Cnty. Jail*, 502 U.S. 367, 384 (1992). *Daves II* and *Goodhart* constitute that change. *Daves II* squarely held that "neither *O'Donnell I* nor this case should have been adjudicated in federal court," and it expressly "overrule[d] *O'Donnell I*'s holding against abstention." *Daves II*, 64 F.4th at 631; *see O'Donnell v. Harris Cnty.* (*O'Donnell I*), 892 F.3d 147 (5th Cir. 2018). That is a holding, not dictum. Plaintiffs' characterization of *Daves II*'s *Younger* holding as dicta, Dkt. 885 at 40 n.16, is mistaken. Among Non-Movants, Plaintiffs stand alone in that error as Harris County acknowledges that *O'Donnell I* has been "overruled in part by

*Daves II*." Br. of Harris County at 2 n.3, *O'Donnell v. Garcia*, No. 26A296 (U.S. Sept. 8, 2026).

*In re Goodhart* directs this Court to apply that holding here. A decree whose continued monitoring is the "ongoing federal audit of state criminal proceedings" that comity forbids, *Daves II*, 64 F.4th at 631, is one whose prospective enforcement is "no longer equitable." *Horne* explains that once "a durable remedy has been implemented, continued enforcement of the order is not only unnecessary, but improper," and that a court must ask whether "ongoing enforcement of the original order was supported by an ongoing violation of federal law." *Horne v. Flores*, 557 U.S. 433, 450, 454 (2009). The flexible standard for decrees against state and local governments also requires that responsibility be returned promptly to the State and its officials. *Id.* at 450; *accord Frew v. Hawkins*, 540 U.S. 431, 441–42 (2004).

That determination is one of law and does not depend on a factual record. *Goodhart*, 2026 WL 2517641, at *3. The Fifth Circuit has resolved a Rule 60(b)(5) change-in-decisional-law question "now, on appeal, as wholly an issue of law." *Cooper v. Tex. Alcoholic Beverage Comm'n*, 820 F.3d 730, 740–41 (5th Cir. 2016).

Plaintiffs respond that *Daves II* is not a qualifying change in law, invoking *Rufo*'s caution that a mere clarification of law does not reopen a decree and *Horne*'s rule that Rule 60(b)(5) "may not be used to challenge the legal conclusions on which a prior judgment . . . rests." Dkt. 885 at 36–37 (quoting *Horne*, 557 U.S. at 447). They also argue that *Daves II* did not "make legal what the decree was designed to prevent." Dkt. 885 at 38 (quoting *Rufo*, 502 U.S. at 388). They misread both decisions. *Daves II* did not merely clarify *O'Donnell I*; it overruled its holding against abstention. *Daves II*, 64 F.4th at 631. The clause that Plaintiffs quote describes one circumstance in which *Rufo* allows modification, but it is not the only one. *Rufo* also recognizes modification where "the statutory or decisional law has changed," 502 U.S. at 388, where enforcement without

modification "would be detrimental to the public interest," *id.* at 384, and where the parties based their agreement on a misunderstanding of the governing law. *Id.* at 390. Statutory and decisional law have changed since the Consent Decree, and continued enforcement would be detrimental to the public interest.

*Rufo*'s second step, which asks whether the modification is "suitably tailored to the changed circumstance," 502 U.S. at 391, does not change the result. When the changed circumstance is that comity forbids the federal forum, dissolution is the appropriate response, and the cost, staffing, and public-safety evidence that Plaintiffs and Harris County assemble at that step has no bearing on it.

**C. Non-Movants' Rule 60(b) Authorities Do Not Displace That Conclusion**

Plaintiffs' authorities largely address other provisions of Rule 60(b) and are irrelevant to *Younger*. Plaintiffs cite *BLOM Bank SAL v. Honickman*, 605 U.S. 204, 213–16 (2025), and *Gonzalez v. Crosby*, 545 U.S. 524, 535–36 (2005), for finality and for the "extraordinary circumstances" standard that governs Rule 60(b)(6). Dkt. 885 at 32, 51. That catchall reaches only grounds "not already covered by the preceding five paragraphs," *BLOM Bank*, 605 U.S. at 211, and *Gonzalez* holds only that a change in decisional law is not an extraordinary circumstance under that subsection, 545 U.S. at 536. Neither case addresses Rule 60(b)(5), where a "significant change" in law is the trigger. Plaintiffs' analysis of Rules 60(b)(4), 60(b)(5), and 60(b)(6) is neither relevant to *Younger* nor advances their position. Consistent with his prior pleading, the Attorney General relies principally on Rule 60(b)(5) and invokes Rule 60(b)(6) only in the alternative. Dkt. 760 at 5–6. The Four Judges likewise referenced Rules 60(b)(4), 60(b)(5), and 60(b)(6). Dkt. 864 at 11 n.10.

The Rule 60(b)(4) cases that Plaintiffs cite are equally beside the point. *United Student Aid*

*Funds, Inc. v. Espinosa*, 559 U.S. 260, 270–71 (2010), and *Callon Petroleum Co. v. Frontier Ins. Co.*, 351 F.3d 204, 208 (5th Cir. 2003), address whether a judgment is "void," which requires a jurisdictional or due-process defect. They are irrelevant to the *Younger* inquiry.

Implementing abstention is straightforward. Because *Younger* presents a threshold question of comity, the Court may decide it first and need not reach Rule 60(b) unless it declines to abstain. If the Court abstains, then it should dismiss. If the Consent Decree must be formally dissolved to give effect to that dismissal, then Rule 60(b)(5) provides the vehicle and is satisfied for the reasons above. No evidentiary hearing is required.

## IV. The Attorney General Has Not Waived *Younger*

Harris County and the Twelve Judges do not argue in their responses that the Attorney General waived *Younger*. Dkts. 883, 884. The Twelve Judges "continue to welcome a definitive judicial determination of the viability of the Consent Decree." Dkt. 883 at 2. Plaintiffs recycle their earlier waiver arguments, Dkt. 885 at 62, contending that the Attorney General waived *Younger* twice: "expressly by intervening and accepting the litigation decisions of the original defendants, including their settlement and Consent Decree," and through "nearly seven years of conduct inconsistent with retaining the defense." *Id.* at 63. Plaintiffs bear the burden of proving waiver. The party asserting waiver must prove it, and must do so by a preponderance of the evidence. *Taita Chem. Co. v. Westlake Styrene Corp.*, 246 F.3d 377, 388 (5th Cir. 2001); *Garcia v. Fuentes Rest. Mgmt. Servs., Inc.*, 141 F.4th 671, 677 n.6 (5th Cir. 2025). That is a burden they cannot carry. The Attorney General incorporates his reply in support of reconsideration, which already answered these same arguments. Dkt. 873.

While *Younger* is not jurisdictional and can be waived, the Fifth Circuit has recognized that a State waives it by "voluntarily choos[ing] to submit to a federal forum," *Daves v. Dallas*

*Cnty.* (*Daves I*), 22 F.4th 522, 545 (5th Cir. 2022) (en banc) (quoting *Ohio Bureau of Emp. Servs. v. Hodory*, 431 U.S. 471, 480 (1977)), and that "for a state to waive *Younger* abstention, it must do so explicitly," *RTM Media, L.L.C. v. City of Houston*, 584 F.3d 220, 229 n.15 (5th Cir. 2009) (citing *O'Neill v. Coughlan*, 511 F.3d 638, 642 (6th Cir. 2008)). Waiver is the "intentional relinquishment or abandonment of a known right." *United States v. Olano*, 507 U.S. 725, 733 (1993) (citation omitted). *Goodhart* applied the same analysis and binding Fifth Circuit precedent. 2026 WL 2517641, at *4. Plaintiffs argue that *RTM Media* reflects only cases in which parties expressly urged a merits ruling and that conduct "implicitly indicat[ing] a willingness to submit to a federal forum" suffices. Dkt. 885 at 57. Their argument disregards *Goodhart*, and the Attorney General's conduct fails under either theory.

**A. Intervening Is Not an Express Waiver**

Plaintiffs' argument that the Attorney General waived *Younger* by intervening relies on the statement that an intervenor "must accept the proceedings as he finds them." Dkt. 885 at 63 (citation omitted). By Plaintiffs' account, the Attorney General submitted written testimony opposing the Consent Decree and argued that the Court lacked subject-matter jurisdiction. Dkt. 885 at 12. *United States v. Armour & Co.*, 402 U.S. 673, 682 (1971), on which Plaintiffs rely, relates to a party that consented to a decree. The Attorney General did not.

**B. No Waiver Passes to the Attorney General from the County Defendants**

Plaintiffs concede that *Goodhart* rejected their theory that the official-capacity defendants waived *Younger* expressly by entering the Consent Decree. Dkt. 885 at 58. *Goodhart* explained that "[c]onsent alone is insufficient to support a commitment by a public official that ties the hands of his successor." 2026 WL 2517641, at *4. Plaintiffs claim that *Goodhart* "let the successor judges out" but that its holding "does not require the same result for the Attorney General." Dkt. 885 at

63. That reading inverts *Goodhart*, and Plaintiffs offer no authority for it. If consent alone cannot tie the hands of a successor in the same office, it certainly cannot bind the State, which never consented and was a party to neither the decree nor the lawsuit when the decree was entered. Moreover, *Younger* protects the State's interest in the autonomy of its own courts and criminal process. *Younger*, 401 U.S. at 44; Dkt. 740-1 at 3. Harris County, the Sheriff, and county-court judges had no authority to waive that interest on the State's behalf in a settlement to which the State was not a party. Dkt. 760 at 4.

### C. The Attorney General's Conduct Shows No Willingness to Submit to the Federal Forum

Plaintiffs' conduct argument is that the Attorney General knew the parties were not pressing *Younger*, did not intervene during settlement or implementation, and did not invoke *Daves II* after March 2023 even as he invoked it elsewhere. Dkt. 885 at 63. Each of these is inaction by a non-party; none reflects intentional submission to the federal forum. To the contrary, the Attorney General's conduct that Plaintiffs recount undercuts their argument: he filed amicus briefs urging the Fifth Circuit to vacate the preliminary injunction, Dkt. 885 at 8, 10, and submitted written testimony opposing the Consent Decree and contesting the Court's jurisdiction, *id.* at 12. A sovereign that opposes the federal decree at each available opportunity has not "unequivocally invited" federal adjudication. *See O'Neill*, 511 F.3d at 643.

Plaintiffs' reliance on *Cradle of Liberty* is misplaced. Dkt. 885 at 58. That unpublished district-court opinion addressed defendants who "fully litigate their case in federal court" and then sought to "abandon the federal forum." *Cradle of Liberty Council, Inc. v. City of Philadelphia*, No. 08-CV-2429, 2010 WL 68874, at *4 (E.D. Pa. Jan. 6, 2010). In that case, the court noted that "Defendant City of Philadelphia indeed failed to assert *Younger* abstention before arguing the merits of its case in its June 16, 2008 Motion to Dismiss for Failure to State a Claim." *Id.* *3. The

City of Philadelphia also "entered into a Joint Motion for Stay of the state court action pending this Court's resolution of the Motion to Dismiss. As this Court previously noted, through the Joint Motion, the City at once affirmatively sought to have this Court resolve its case and requested that the state court abstain." *Id*. Not so here. The Attorney General was a non-party until leave to intervene was granted in October 2025 and has opposed the Consent Decree at every turn. Moreover, Non-Movants' authority favors abstention: the *Wooley* principle they invoke "preclude[s] federal courts from exercising equitable jurisdiction" over ongoing state proceedings. Br. of Harris County at 9 (quoting *Wooley v. Maynard*, 430 U.S. 705, 710 (1977)).

Plaintiffs claim that the Attorney General's prompt assertion of *Younger* in *Daves* and *Russell* "highlights his choice not to assert it here." Dkt. 885 at 64. That is a non sequitur. Nothing about a delay in intervening to assert *Younger* amounts to the intentional relinquishment that waiver requires. And the authorities that Plaintiffs cite on conduct-based waiver address litigants who were parties. *See* Dkt. 885 at 56–58. None involves an intervenor; none lends support to the argument that a late intervenor inherits a *Younger* waiver.

**D. Judge Goodhart's Notes Do Not Show Waiver**

Plaintiffs rely on a stray phrase in Judge Goodhart's handwritten notes of a November 19, 2024 call, recording that the Attorney General's office had "dropped [the] ball." Dkt. 885 at 19, 64 (citing Ex. C-3 at 2). Even taking the note at face value, it cannot carry Plaintiffs' burden.

*First*, the phrase is a second-hand shorthand in personal notes. Plaintiffs did not ask Judge Goodhart at her deposition what it meant, who said it, or in what context. *Second*, the surrounding entries record scheduling, follow-up after the holiday, and later repeated voicemails and missed calls. Ex. C-3 at 1–2. The phrase is at least as consistent with a lapse in returning calls as with a decision about *Younger*. *Third*, Plaintiffs' account of the same notes shows that in December 2024

the office was considering whether it could represent the judges or intervene, and that by March 2025 it was "leaning toward intervention." Dkt. 885 at 19. That is deliberation, which is hardly a knowing decision to abandon a defense. Even if the phrase describes inadvertence, inadvertence is the opposite of intentional relinquishment. *See Olano*, 507 U.S. at 733.

In any event, the lone remark does not bind the Attorney General. By Plaintiffs' account, it was recorded as a statement by Ms. Kim Gdula while she was conferring with management about how to respond to the Four Judges' request for representation and intervention. Dkt. 885 at 19. A status report of internal deliberations is neither an authorized decision to surrender the State's sovereign defense nor the intentional relinquishment required by waiver. *See RTM Media*, 584 F.3d at 229 n.15; *Olano*, 507 U.S. at 733.

Harris County's response confirms this point. It argues that *Younger* "cannot be asserted through meetings and emails" but "must be asserted through appropriate filings with this Court." Dkt. 884 at 3. If a *Younger* defense cannot be raised through informal communications, then it cannot be waived through them either. A stray phrase in personal notes of a telephone call is not a filing, and it cannot informally accomplish the waiver that the doctrine, and Non-Movants' standard, requires be made explicit.

**E. Delay Is Not Waiver and Does Not Make the State's *Younger* Request Untimely**

Plaintiffs further contend that the Attorney General failed to present his Rule 60(b) request "within a reasonable time" after *Daves II*; therefore, his request is untimely under Rule 60(c)(1). Dkt. 885 at 52, 63. As an initial matter, Plaintiffs err by converting Rule 60(c)(1)'s reasonable-time inquiry into a test for *Younger*. They cite no authority for importing Rule 60's timeliness requirement into a *Younger* analysis. For Rule 60(c)(1) to apply, a party must have sought relief under Rule 60(b). And, as the Attorney General has previously observed, the Court need not reach

Rule 60 at all to decide whether it should abstain under *Younger*.

Plaintiffs' strained Rule 60(c)(1) argument fails for additional reasons. This Court has already allowed the Attorney General to intervene to seek vacatur or modification of the Consent Decree under Rule 60. Dkt. 764. In doing so, the Court considered Plaintiffs' arguments, including futility: "The plaintiffs argue that intervention would be futile because a motion to vacate on mootness grounds under Rule 60(b)(4), (5), or (6), or Rule 12(h)(3), will necessarily fail." Dkt. 764 at 34. The Court nonetheless granted leave to intervene except as to *Younger*. The thrust of Plaintiffs' argument is to relitigate the intervention order and prematurely deem the Attorney General's yet-to-be-filed amended motion to vacate futile, even as they acknowledge that the panel's mandate and the Scheduling Order are *Younger*-focused. Dkt. 885 at 11; *see* Dkt. 867. The Court would not have allowed intervention to seek vacatur or modification under Rule 60(b) if it had deemed the effort futile. Plaintiffs' logic, if accepted as to *Younger*, is hardly distinct from their arguments regarding timeliness in intervening to raise conflict with Senate Bill 6 and would naturally extend to the forthcoming amended motion to vacate. The Court allowed intervention to seek vacatur under Rule 60(b) based on conflict with state law, including Senate Bill 6. Senate Bill 6 was enacted in 2021, before *Daves II*, confirming that the Attorney General's challenge to the Consent Decree was timely.

Even if Rule 60(c)(1) applied within the context of *Younger* waiver, the rule asks whether a motion was made within a "reasonable time," a fact-specific inquiry that considers, among other things, the reason for the delay and any prejudice. Dkt. 885 at 52 (citing *First RepublicBank Fort Worth v. Norglass, Inc.*, 958 F.2d 117, 119 (5th Cir. 1992)). Such a fact-specific inquiry runs counter to *In re Goodhart*'s mandate to follow *Daves II*, which "does not hinge upon factual development or discovery." 2026 WL 2517641, at *3.

Moreover, Plaintiffs identify no prejudice from the delay, a factor the reasonable-time inquiry considers: *Younger* is a question of law that does not turn on discovery; the Consent Decree has remained in force throughout; and Plaintiffs have fully briefed abstention. *See Norglass*, 958 F.2d at 119. Finally, the Fifth Circuit has rejected the argument that *Younger* is waived solely by "waiting over two years." *In re Goodhart*, 2026 WL 2517641, at *4. That principle applies to the Attorney General. If such delay did not waive *Younger* for the Four Judges, then it cannot waive it for the Attorney General, who was a non-party and had no vehicle to assert *Younger*.

The Attorney General determined that he could not defend the State's interest through the county judges, who are not state employees, and the Four Judges lacked counsel to argue *Younger* until after October 30, 2025. Dkt. 864-1 ¶¶ 5, 19. *Goodhart* recognized that the Four Judges could not "have filed earlier" without independent counsel. 2026 WL 2517641, at *4. The Attorney General sought intervention to assert *Younger* in August 2025, Dkt. 740-1, and moved to re-urge it within two days of *Goodhart*, Dkt. 861. Rule 24 timeliness, which measures the State's clock from the point its interest became unprotected, is addressed in Dkt. 873, Part II, and the Four Judges address Rule 60(c)(1) in their reply.[1]

## V. Non-Movants' Evidence Bears Only on the Rule 60(b)(5) Equities, and the Attorney General Objects to It

Non-Movants rely on declarations (Dkts. 884-2 through 884-9; Dkt. 885, Exs. B-1 through B-12), the expert report of Dr. Jennifer Copp (Dkt. 885, Ex. A), and the Monitor's Ninth Report (Dkt. 799-1). None of it speaks to whether *Younger* requires abstention (Part V.A), much of it is

[1] Plaintiffs contend that Dkt. 873 "seriously misrepresents" this Court's intervention opinion. Dkt. 885 at 63 n.19. The Attorney General's point is narrower. The Court addressed Rule 24 timeliness, *O'Donnell v. Harris Cnty.*, 808 F. Supp. 3d 738, 750 (S.D. Tex. 2025), and, as a separate ground, held that the Attorney General had waived the *Younger* arguments in his motion, *id.* at 758. *Goodhart* bears directly on the second ground, and the timeliness ground is addressed in Part IV.E and in Dkt. 873, Part II.

untimely (Part V.B), and it is independently inadmissible (Part V.C). The Attorney General respectfully requests that the Court decide abstention on the existing record.

### A. The Evidence Does Not Bear on Whether *Younger* Requires Abstention

The declarations, Dr. Copp's report, and the Ninth Report go to the Rule 60(b)(5) "step two" consequences of vacatur and to the merits of bail policy, Dkt. 885 at 36–49, not to any *Younger* element. The Court should decide abstention without this material, and the Attorney General objects to Dr. Copp's report on relevance grounds. *See* Fed. R. Evid. 401, 402.

Plaintiffs also offer the same evidence to invoke the "great and immediate" irreparable-harm exception. Dkt. 885 at 39. As Part II.B explains, that narrow exception turns on whether the state forum leaves federal rights unprotected, and *Daves II* has answered that question for Texas bail procedures. 64 F.4th at 633. Predictions by officials who support the Consent Decree about what vacatur might bring cannot reopen the fact-intensive inquiry that *Goodhart* held *Younger* does not require, 2026 WL 2517641, at *3; otherwise, the exception would swallow *Younger* in every pretrial-detention case. *See Younger*, 401 U.S. at 46.

### B. Many of the Declarations Are Untimely

Fact discovery closed on August 24, 2026. Dkt. 854 at 1. The Attorney General did not oppose Plaintiffs' request to disclose declarations by September 8, but only on the express conditions that the extension "not add new declarants or expand statements" and that Plaintiffs produce declarations "as they are obtained, rather than waiting until September 8." Dkt. 854 at 2. The accommodation ran to Plaintiffs alone; Harris County obtained none.

Two groups of declarations fall outside that window. First, Plaintiffs' supplemental production included declarations executed after the September 8 deadline:

| Declarant (Role) | Executed | Source | Status |
|---|---|---|---|
| Kiki Teal (Harris Health CEO) | Sept. 14, 2026 | Dkt. 885, Ex. B-9 | Executed after Sept. 8; untimely |
| Daniel Ramos (OMB) and Fiscal Impact Statement | Sept. 17, 2026 | Dkt. 885, Ex. B-12 | Executed after Sept. 8; untimely |
| Major Tonya Mills (HCSO) | Sept. 17, 2026 | Dkt. 885, Ex. B-7 | Executed after Sept. 8; untimely |
| Natalie Michailides (Pretrial Services) | Sept. 15, 2026 | Dkt. 885, Ex. B-5 | Executed after Sept. 8; untimely |

Second, the declarations attached to Harris County's response are untimely:

| Declarant (Role) | Executed | Source | Status |
|---|---|---|---|
| Kiki Teal (Harris Health CEO) | Sept. 14, 2026 | Dkt. 884-6 | Untimely |
| Daniel Ramos (OMB) and Fiscal Impact Statement | Sept. 17, 2026 | Dkt. 884-8 | Untimely |
| Major Tonya Mills (HCSO) | Sept. 17, 2026 | Dkt. 884-5 | Untimely |
| Natalie Michailides (Pretrial Services) | Sept. 15, 2026 | Dkt. 884-7 | Untimely |

Plaintiffs' September 4 production, made under the September 8 accommodation the Attorney General agreed to, included the Bates-stamped declarations of Major Matthew Ferguson (Ex. B-6), Sheriff Ed Gonzalez (Ex. B-1), J. Wade Bainum (Ex. B-4), and Genesis Draper (Ex. B-3), along with Amy Lindsey (Ex. B-8), Krishnaveni Gundu (executed Aug. 25, 2026) (Ex. B-11), District Attorney Sean Teare (executed Aug. 21, 2026) (Ex. B-2), and Jannell Robles (Ex. B-10). Three declarants remain independently excludable as new, however: Plaintiffs' August 11 witness list did not include Teal, Ramos, or Teare, *see* Dkt. 853 at 2, and the September 8 accommodation was expressly conditioned on adding no new declarants, Dkt. 854 at 2. The declarations in both

tables above should be excluded as untimely, and the Teal, Ramos, and Teare declarations should also be excluded as new.

**C. The Challenged Declarations and Ninth Report Are Also Inadmissible**

The declarations of Teal, Mills, Ramos, and Michailides are based on projections rather than personal knowledge and are undisclosed expert opinion presented as lay testimony. Teal forecasts "17 additional staff members" at "$4.4 million per year," Teal Decl. ¶¶ 1, 6–8, Dkt. 884-6; Mills, in her position only "since June 2026," projects a 134-inmate daily increase "based on Monitor Report data . . . [not] personal knowledge," Mills Decl. ¶¶ 2, 4, 6–12, Dkt. 884-5; Ramos cites a $32,829,546 figure "based on feedback from . . . subject matter experts," Ramos Decl. ¶ 4, Dkt. 884-8; and Michailides concedes her numbers are "a conservative estimate," Michailides Decl. ¶¶ III.3–.5, Dkt. 884-7. These types of projections are expert opinion under Rule 702, not lay opinion under Rule 701, and the required expert disclosure was never made. *See* Fed. R. Civ. P. 26(a)(2); Fed. R. Evid. 602, 701, 702.

The Draper, Teare, Robles, and Gundu declarations offer predictive and legal opinion built on hearsay, not personal knowledge. Draper relays that she was "told . . . that roughly 28,000 people received GOBs" and calls the Decree "a remarkable success," Draper Decl. ¶¶ 1, 28, 35, 39, Dkt. 884-4; Teare, who has been in office only since January 2025, offers cost and causation conclusions without any methodology, Teare Decl. ¶¶ 6–8, Dkt. 885, Ex. B-2; Robles predicts "unworkable backlogs and delays," Robles Decl. ¶¶ 2, 4, 10, Dkt. 885, Ex. B-10; and Gundu relies on "letters and phone calls" and on the Ninth Report, Gundu Decl. ¶¶ 6–7, 15, 21, 23–24, Dkt. 885, Ex. B-11. *See* Fed. R. Evid. 602, 701, 702, 802. The Ferguson, Draper, and Bainum declarations are also defective because they swear only "to the best of my ability," Dkt. 884-2 at 11; Dkt. 884-4 at 11; Dkt. 884-9 at 18, rather than declaring the contents "true and correct" under

penalty of perjury, as required by 28 U.S.C. § 1746(2). The qualified truthfulness does not meet the statute's unqualified requirement.

The Monitor's Ninth Report carries no weight. The Court reserved the Attorney General's objections under Rules 702 and 703 "if and when" the Report was used, Dkt. 821 at 1, and Non-Movants now invoke it for its cost-savings and public-safety findings. The Report's methodology is seriously flawed, Dkt. 801, and Movants' expert, Dr. Dorothy Lam Morgan, warned that its "reported cost savings should be interpreted with caution" and that stable rearrest rates mask rising offense severity, Dkt. 847-1 at 1–2. A monitor's report is not self-proving; its proponent must lay an independent foundation. *See* Fed. R. Evid. 702, 703, 802. Further, it bears only on the Rule 60(b)(5) equities.

**CONCLUSION**

For the foregoing reasons, and those set forth in the Four Judges' Renewed Request and reply, the Attorney General respectfully requests that the Court abstain under *Younger* and *Daves II* and dismiss the case or dissolve the Consent Decree accordingly; and, to the extent Rule 60(b)(5) provides the governing standard, hold that abstention and the intervening change in law render continued prospective enforcement of the Consent Decree no longer equitable as a matter of law. The Attorney General further requests that the Court sustain his objections, disregard the untimely declarations (Dkts. 884-2 through 884-9 and Dkt. 885, Ex. B-2), the Robles and Gundu declarations (Dkt. 885, Exs. B-10, B-11), the Ninth Report, and the expert report of Dr. Copp, all of which relate only to the Rule 60(b)(5) equities and are, in any event, inadmissible on this record.

September 21, 2026.

Respectfully submitted,

**KEN PAXTON**
Attorney General

**BRENT WEBSTER**
First Assistant Attorney General

**RALPH MOLINA**
Deputy First Assistant Attorney General

**WILLIAM WASSDORF**
Deputy Attorney General for Civil Litigation

**KIMBERLY GDULA**
Chief, General Litigation Division

*/s/ Joe Nwaokoro*
**JOE NWAOKORO**
Attorney-in-Charge
Assistant Attorney General
Texas Bar No. 24032916
Southern Dist. No. 30168
Office of the Attorney General
P.O. Box 12548, Capitol Station
Austin, Texas 78711-2548
Phone: (512) 979-5382 | Fax: (512) 477-2348
Joe.Nwaokoro@oag.texas.gov

***COUNSEL FOR THE ATTORNEY GENERAL OF TEXAS***

**CERTIFICATE OF SERVICE**

I certify that on September 21, 2026, this document was filed electronically via the Court's CM/ECF system, causing electronic service upon all counsel of record.

*/s/ Joe Nwaokoro*
**JOE NWAOKORO**
Assistant Attorney General