**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| MARANDA LYNN ODONNELL, *et al* | § | |
| | § | |
| Plaintiffs, | § | |
| | § | CIVIL ACTION NO. 4:16-CV-01414 |
| | § | |
| v. | § | |
| | § | |
| HARRIS COUNTY, TEXAS, *et al* | § | |
| | § | |
| Defendants. | § | |

**HARRIS COUNTY'S POST-HEARING SUPPLEMENTAL BRIEF**

Harris County files this post-hearing brief, responding to the questions directed by the Court at the September 22, 2026, hearing related to (1) mootness; (2) the limiting principles for Federal Rule of Civil Procedure 60(c); and (3) the order of operations for the court's decision. In addition to the following arguments, Harris County further joins the brief filed by Plaintiffs (Dkt. No. __).

**I. A court should not vacate a consent decree and a final judgment by finding it to be moot.**

A party seeking to modify a consent decree must use Federal Rule of Civil Procedure 60 and show (1) a significant change in factual conditions or law and (2) the proposed modification is suitably tailored to the changed circumstances. *Rufo v. Inmates of Suffolk County Jail*, 502 U.S. 367 (1992). Mootness is the wrong doctrine

to challenge a consent decree, because mootness asks whether a live dispute remains for adjudication—not whether an established judgment should be overturned.

Movants challenge this Consent Decree on mootness because *Daves II* found that any prospective bail relief against Dallas County became moot when Senate Bill 6 attempted to raise Texas bail practices to minimal constitutional standards. *Daves v. Dallas County*, 64 F.4th 616, 634 (5th Cir. 2003). But *Daves II* addressed the distinct question of whether a pending claim becomes moot when the parties obtain a legislative remedy **before** final judgment.

Each mootness case cited in *Daves II* involved a change in law before final judgment. *Daves II* described *Pugh* as "new bail legislation in Florida enacted during the ***pendency of the case***" and expressed concern over "adjudicating" actual controversies and the ability of plaintiffs to "***pursue this litigation***." *Daves*, 64 F.4th at 634 (emphasis added). *Daves II* focused on the appropriateness of imposing a new remedy against Dallas County without testing the effects of Senate Bill 6 and noted that "Plaintiffs are not entitled to have this Court immediately intervene to tinker with the rules that the Legislature has just recently enacted." *Daves*, 64 F.4th at 633.

The opposite is true here, and movants seek to gut an established judgment that the parties have operated under for almost seven years. Mootness asks whether a live dispute remains for adjudication, and there is no live dispute here because the

Consent Decree resolved all claims. Dkt. 708 at 15. Jurisdiction existed at the time the Consent Decree was entered, and while a later change in law might merit a judgment's modification, it cannot retroactively strip jurisdiction that once existed or make the judgment disappear.

Post-judgment challenges based on new legislation must still go through Rule 60(b)(5). For example, in *Horne*, Arizona sought to end a long-standing consent decree over educational funding when the legislature passed a law to increase funding. That consent decree was not challenged on mootness; it was challenged under Rule 60. *Horne v. Flores*, 557 U.S. 433 (2009). *See also*, *Agostini v. Felton*, 521 U.S. 203, 215 (1997); *Frew v. Hawkins*, 540 U.S. 431 (2004) (Texas could only modify a consent decree through Rule 60); *Rufo*, 502 U.S. 397 (1992). The *Daves II* mootness analysis does not apply here, and Federal Rule of Civil Procedure 60 is the operative analysis.

## II. Rule 60(c) bars a motion to vacate where the movants here slept on their rights.

The plain language of Rule 60(c) is clear: "all Rule 60(b) motions[] must be filed 'within a reasonable time.'" *Kemp v. United States*, 596 U.S. 528, 533 (2022) (quoting Fed. R. Civ. P. 60(c)(1)); *see also Coney Island Auto Parts Unlimited, Inc. v. Burton Tr. for Vista-Pro Auto., LLC*, 607 U.S. 155, 158 (2026) ("The structure of Rule 60 confirms what the plain text of subdivision (c)(1) provides.").

"Reasonableness turns on the particular facts and circumstances of the case." *Clark v. Davis*, 850 F.3d 770, 780 (5th Cir. 2017) (quoting *Lairsey v. Advance Abrasives Co.*, 542 F.2d 928, 930 (5th Cir. 1976)). Courts in the Fifth Circuit consider prejudice to the party opposing the motion and whether the movant had some good reason for the failure to take action sooner. *Id*. (citations omitted).

Moreover, "[t]imeliness . . . is measured as of the point in time when the moving party has grounds to make a Rule 60(b) motion, regardless of the time that has elapsed since the entry of judgment." *First RepublicBank Fort Worth v. Norglass, Inc.*, 958 F.2d 117, 120 (5th Cir. 1992) (citation modified). Good reason, or "good cause," that justifies a delay is also "evaluated on a case-by-case basis." *In re Edwards*, 865 F.3d at 208 (citation omitted); *In re Osborne*, 379 F.3d 277, 283 (5th Cir. 2004). But if there is a substantial delay without sufficient "justification," a Rule 60(b) motion is barred. *In re Garcia*, 756 Fed. Appx. 391, 395 (5th Cir. 2018) (per curiam). "Rule 60(b)(4) does not provide a license for litigants to sleep on their rights." *United Student Aid Funds, Inc. v. Espinosa*, 559 U.S. 260, 275 (2010).

Thirty-two months have elapsed between the time the Fifth Circuit applied *Younger* abstention in *Daves II* and when the Four Judges requested vacatur of the consent decree under *Daves II*. As supported by the case law below, Movants have clearly failed to provide sufficient justification for this delay.

**A. Caselaw shows that there must be a strong justification for delay.**

Under caselaw in this circuit, the time limitation of Rule 60(c) has to be supported by a strong justification for any delay. Movants have not provided one. *See* Dkt. No. 886, p. 14 (Four Judges Reply Brief). In fact, they appear to dodge the question altogether, instead arguing that such inquiry is barred by *Younger* and *Goodhart*. *Id*.; Dkt. No. 887, pp. 17-20. This argument, however, stands in direct conflict with Rule 60(c) and caselaw from this circuit.

Where there is no good basis for the delay, courts in the Fifth Circuit have applied the reasonable timeliness limit even when the consequences of denying vacatur are severe. For example, in the habeas context where prisoners are commonly reliant on court-appointed counsel, courts in the Fifth Circuit did not find a good basis for delay based on a failure to obtain counsel. *Clark v. Davis*, 850 F.3d 770, 782 (5th Cir. 2017) ("[The] Rule 60(b) motion did not explain why [movant] did not seek new counsel in the federal district court sooner than he did. The date that the federal district court permitted new counsel to appear should not be the starting point for measuring timeliness of the Rule 60(b)(6) motion in this case.").[1] Similarly, inaction to retain new counsel to file a motion to vacate further shows that

[1] In their Reply (p. 10), the Four Judges attempt to refute Plaintiffs' earlier citation to *Clark v. Davis* and state that the case stands for the proposition that there is a "good-cause exception to Rule 60(c) timeliness". The Four Judges further attempt to analogize their lack of counsel with that of a prisoner beholden to court-appointed counsel. Dkt. No. 886, p. 10. But the Fifth Circuit affirmed the denial of the motion to vacate in *Clark*, stating that the "motion did not explain why he did not seek new counsel . . . sooner than he did." 850 F.3d at 781.

the delay is unreasonable. *See Rizo v. Urgentcare2go.com, LLC*, Case No. 3:25-cv-0888, 2026 WL 2519525, at *2 (N.D. Tex. Aug. 26, 2026) ("In this case, defendants only retained new counsel after five months of alleged near total inaction. Had defendants been exercising diligence and not 'sleep[ing] on their rights,' as required under Rule 60(b), they would have retained responsive counsel far earlier.") (citation omitted); *Pryor v. U.S. Postal Serv.*, 769 F.2d 281, 288-89 (5th Cir. 1985) ("Were this Court to make an exception to finality of judgment each time a hardship was visited upon the unfortunate client of a negligent or inadvertent attorney, even though the result be disproportionate to the deficiency, courts would be unable to ever adequately redraw that line again, and meaningful finality of judgment would largely disappear."). The time limitation of Rule 60(c) has also been held to apply in cases involving life and death. *See Tamayo v. Stephens,* 740 F.3d 986, 991 (5th Cir. 2014) (per curiam) (holding that Rule 60(b) motion filed nearly eight months after relevant Supreme Court decision, and two days before scheduled execution, was not filed within a reasonable time).

The U.S. Supreme Court recently stated in *Coney Island* that if a federal district court erroneously found subject matter jurisdiction, Rule 60(c) time limit still applies. 607 U.S. at 158. In recognizing the unambiguous time limitations of Rule 60(c), the Supreme Court applied the plain terms, "must be filed within a reasonable time" and overturned case law from several circuits, including the Fifth Circuit. *See*

*Jackson v. FIE Corp.*, 302 F.3d 515 (5th Cir. 2002) ("[T]he fact that such a motion is made long after the entry of a default judgment should not be an obstacle to the jurisdictional inquiry."); *Sea-Land Serv., Inc. v. Ceramica Europa II, Inc*., 160 F.3d 849 (1st Cir. 1998); *United States v. One Toshiba Color Television,* 213 F.3d 147 (3d Cir. 2000); *Rodd v. Region Const. Co.,* 783 F.2d 89 (7th Cir. 1986); *V. T. A., Inc. v. Airco, Inc*., 597 F.2d 220 (10th Cir. 1979); *Hertz Corp. v. Alamo Rent-A-Car, Inc*., 16 F.3d 1126 (11th Cir. 1994).

Considering that even a void judgment cannot be vacated if the Rule 60(b) motion was filed within an unreasonable time, there is no basis for why this case falls outside the limits of Rule 60(c). Even accepting Movants' argument that *Younger* effectively voids the final judgement, the renewed request to apply *Younger* is still untimely.

**B. Case law does not support Movants' 32-month delay.**

Because the determination of reasonableness is evaluated on a case-by-case basis, courts in the Fifth Circuit have held a wide variety of delays to be reasonable. But in none of these cases was a delay of over a year found to be reasonable. *See e.g., In re Garcia*, 756 F. App'x 391, 394-95 (5th Cir. 2018) (per curiam) (Rule 60(b) motion not filed within a reasonable time where appellant provided no explanation for five-month delay in filing); *In re Paredes*, 587 Fed. App'x. 805, 824-25 (5th Cir. 2014) (per curiam) (holding that a defendant who had waited thirteen months before

seeking appointment of conflict-free counsel had not filed his Rule 60(b) motion within a reasonable time); *Tamayo v. Stephens*, 740 F.3d 986, 991 (5th Cir. 2014) (per curiam) (holding that the district court did not abuse its discretion in denying a Rule 60(b) motion when the relevant change in law occurred eight months prior, and petitioner filed the motion two days before his execution); *Travelers Ins. Co. v. Liljeberg Enters., Inc.*, 38 F.3d 1404, 1410 (5th Cir. 1994) (holding that a two-month delay was unreasonable); *Goetz v. MSJ P'ship*, Civ. No. H-07-0838, 2008 WL 2038822, at *1 (S.D. Tex. May 12, 2008) (Rosenthal, J.) (Rule 60(b) motion untimely when filed almost a year after court's dismissal order, where plaintiff provided no explanation for the delay); *Taylor v. Davis*, No. 4:17-cv-220, 2020 WL 524805, at *2 (N.D. Tex. Jan. 30, 2020) (Rule 60(b) motion untimely when filed more than one year and three months after the entry of final judgment where petitioner offered no explanation for delay).

On the other hand, in cases where the motion to vacate was found reasonable, the delay did not exceed a few months. *See e.g.*, *First RepublicBank Fort Worth v. Norglass, Inc.*, 958 F.2d 117, 120 (5th Cir. 1992) (citing with approval the Second Circuit finding that a Rule 60(b) motion was brought within a reasonable time when it was filed four months after the grounds for the motion were discovered); *Lairsey v. Advance Abrasives Co.*, 542 F.2d 928, 929 (5th Cir. 1976) (determining that a Rule 60(b) motion was filed within a reasonable time when it was filed four months after

the filing of a notice of appeal); *Congious by & through Hammond v. Shaw*, 2024 WL 3434571, at *4 (N.D. Tex. July 16, 2024) (holding that a four-month delay was reasonable because of the difficulties of evaluating newly discovered evidence and other unique circumstances); *Curley v. JP Morgan Chase Bank NA*, No. 14-2633, 2015 WL 3863499, *1–*2, W.D. La. June 22, 2015) (addressing the merits a Rule 60(b) motion filed within four months); *Coleman v. Cain*, No. 05-799, 2009 WL 3400462, *4 (E.D. La. Oct. 14, 2009) (assuming without deciding that a Rule 60(b) motion brought within about four months was a reasonable time).

Thus, it is not a matter of determining a brightline for when Movants should have filed their renewed request but holding that it is so untimely that it is outside the scope of Rule 60(c). And Movants have failed to provide any good cause for the delay. This is true whether the court construes the motion to vacate under either section of Rule 60(b)(4), (5), or (6). Moreover, while the Fifth Circuit emphasized that "this case should not have been adjudicated in federal court," the consent decree was entered years before the Fifth Circuit held this. *Daves v. Dallas County (Daves II)*, 64 F.4th 616 (5th Cir. 2023) (en banc); *In re Goodhart*, No. 26-20337, 2026 WL 2517641, at *1 (5th Cir. Aug. 26, 2026). There is no basis not to apply Rule 60(c) here when Rule 60's time limit does not even resuscitate void judgments under well-established case law. The Court can and should stop the analysis here.

**III. Order of Operation –**

If the Court decides to abstain at this late post consent decree junction, *Daves II* suggests in the pre-final judgment *Younger* abstention context a Court should dismiss the case. 64 F.4th at 636. In this post-judgment case, the Court would have to alternatively consider vacatur under Rule 60. Harris County agrees with Plaintiffs that such an analysis requires considering timeliness under Rule 60(c)(1), waiver, and *Rufo*'s two-step test, among other issues. Harris County suggests the Court stay any such order for one year to allow it time to plan for change. The County Courts would have to consider changes to Local Rule 9. As we discussed at the September 22 hearing, see tr. pp. 94-97 and our brief, Dkt. 884, additional personnel will need to be hired and trained and, perhaps, even new facilities constructed. For example, the JPC has a capacity of only 200. That space may need to be expanded and construction takes time.

If the court declines to abstain then Harris County suggests the Court proceed to consider whether to vacate or modify the consent decree based, among other factors, change in state law. Harris County suggests the Court set a scheduling conference if abstention were declined.

Date: September 24, 2026

Respectfully submitted,

ABBIE KAMIN
Harris County Attorney

NEAL SARKAR
First Assistant County Attorney

By: /s/ Daniel Hu
**DANIEL DAVID HU**
Attorney-in-Charge
Senior Legal Advisor
State Bar No. 10131415
Fed Bar No. 7959
daniel.hu@harriscountytx.gov
**SETH HOPKINS**
Special Assistant County Attorney
State Bar No. 24032435
seth.hopkins@harriscountytx.gov
**LISA LUZ PARKER**
Division Director
Appellate & Civil Rights Division
State Bar No. 24099248
lisa.parker@harriscountytx.gov
1010 Lamar, 11th Floor
Houston, Texas 77002
Tel: 713-274-5101
**ATTORNEYS FOR HARRIS COUNTY, TEXAS**

## CERTIFICATE OF SERVICE

I hereby certify that on September 24, 2026, a true and correct copy of this Brief was served upon all parties of record via their attorneys of record via CM/ECF system.

/s/ Daniel David Hu
Daniel David Hu